UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO: 05-CV-10849 (RGS)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

HELEN RUNGE                                            \*
                                                       \*
          PLAINTIFF                                    \*
vs.                                                    \*
                                                       \*
KERRY L. BLOOMINGDALE, M.D.,                           \*
WALTER J. KELLY AND SUNBRIDGE                          \*
NURSING AND REHABILITATION CENTER                      \*
                                                       \*
          DEFENDANTS                                   \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**_MOTION OF THE DEFENDANT KERRY L. BLOOMINGDALE, M.D. TO TRANSFER THE CLAIMS AGAINST HIM TO MASSACHUSETTS SUPERIOR COURT FOR THE LIMITED PURPOSE OF CONVENING A MEDICAL MALPRACTICE TRIBUNAL_**

Now comes the defendant Kerry L. Bloomingdale, M.D. (Dr. Bloomingdale) and hereby moves pursuant to Massachusetts G. L. c. 231 §60B that the claims against him be transferred to the Massachusetts Superior Court for the limited purpose of convening a medical malpractice tribunal. In support of this Motion, Dr. Bloomingdale asserts the following:

Massachusetts G. L. c. 231 §60B provides that any "action for malpractice, error or mistake against a provider of healthcare shall be heard by a tribunal" consisting of a Justice of the Superior Court, a physician and an attorney. Dr. Bloomingdale is a "provider of health care" as defined by G. L. c. 231 §60B, since Dr. Bloomingdale is a licensed physician in Massachusetts, and his specialty area of practice is psychiatry. The plaintiff's Complaint has three Counts directed at Dr. Bloomingdale. Count III, entitled "State Law Claim," alleges medical malpractice by Dr. Bloomingdale in the provision of psychiatric care to the plaintiff. Specifically, that Count alleges that the care provided by Dr. Bloomingdale constitutes

"negligence as it deviates from the standard of care owed" by him to the plaintiff. Where a medical malpractice action has been brought in a Court other than the Massachusetts Superior Court, the court in which the action is brought should transfer the case to the Superior Court for the limited purpose of convening a medical malpractice tribunal. *Austin v. Boston University Hospital*, 372 Mass. 654 (1977). *Feinstein v. Massachusetts General Hospital*, 643 F. 2d 880 (1st Cir. 1981).

Count I of the Complaint alleges a "42 U.S.C.§1983" claim against Dr. Bloomingdale and his co-defendants, and Count II alleges a "42 U.S.C.§1985" claim against all the defendants. These two Counts do not set out typical medical malpractice claims. However, these Counts clearly concern Dr. Bloomingdale's role as a psychiatrist in his professional evaluation and recommendations concerning the plaintiff. Count I, at paragraph 51, alleges that Dr. Bloomingdale, "inappropriately medicated" the plaintiff. Count II, at paragraph 54, alleges that Dr. Bloomingdale, inter alia, "overmedicated" the plaintiff. Surely these allegations "directly implicate the professional judgment or competence of a provider," Santos v. Kim, 429 Mass. 130, 133-134 (1999), and should be submitted to a tribunal. While Count III, alleges negligence, Counts I and II appear to allege at least deliberate indifference, and at worst intentional misconduct. Dr. Bloomingdale submits that the claims made against him in Counts I and II should be referred to the tribunal. If the plaintiff cannot meet her tribunal burden of establishing a prima facie case against Dr. Bloomingdale on her negligence claim, surely she has no realistic chance of prevailing on her Sections 1983 and 1985 claims.

WHEREFORE, for the above-stated reasons, the claims against Dr. Bloomingdale should be transferred to the Massachusetts Superior Court for the limited purpose of convening a medical malpractice tribunal.

                                                    For the Defendant,
                                                    Kerry Bloomingdale, M.D.
                                                    By his attorney,

                                                    */s/ James S. Hamrock*
                                                    James S. Hamrock, Jr.
                                                    BBO # 219400
                                                    Hamrock & Tocci
                                                    101 Main Street, 18th Floor
                                                    Cambridge, MA 02142
                                                    (617) 496-5370

## CERTIFICATE OF SERVICE

I, **James Hamrock**, Attorney representing Defendant, *Kerry L. Bloomingdale, M.D.*, hereby certify that I have this **31st day of May, 2005** served the within:

MOTION OF THE DEFENDANT KERRY L. BLOOMINGDALE, M.D. TO TRANSFER THE CLAIMS AGAINST HIM TO MASSACHUSETTS SUPERIOR COURT FOR THE LIMITED PURPOSE OF CONVENING A MEDICAL MALPRACTICE TRIBUNAL

upon the attorney of record, by mailing copies of same, postage paid, as follows:

Glenn Davis, Esq.
Latsha, Davis, Yohe & McKenna, PC
P.O. Box 825
Harrisburg, PA 17108-0825

/s/ James Hamrock
James S. Hamrock, Jr.
BBO # 219400
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142
(617) 496-5370