IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| HELEN A. RUNGE, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | No. 05-10849-RGS |
| | : | (Judge Stearns) |
| WALTER J. KELLY; KERRY L. BLOOMINGDALE, M.D.; and | : | |
| SUNBRIDGE NURSING AND | : | CIVIL ACTION |
| REHABILITATION CENTER, | : | |
|     Defendants | : | JURY TRIAL DEMANDED |

**RESPONSE OF PLAINTIFF, HELEN A. RUNGE, TO MOTION OF DEFENDANT KERRY L. BLOOMINGDALE, M.D., TO TRANSFER CLAIMS AGAINST HIM TO MASSACHUSETTS SUPERIOR COURT FOR THE LIMITED PURPOSE OF CONVENING A MEDICAL MALPRACTICE TRIBUNAL**

      AND NOW, COMES, Plaintiff, Helen A. Runge (hereinafter "Plaintiff" or "Runge") and in response to Defendant Kerry L. Bloomingdale, M.D.'s ("Bloomingdale") Motion pursuant to Massachusetts G.L.c. 231 § 60B that the claims against him be transferred to Massachusetts Superior Court for the limited purpose of convening a medical malpractice tribunal, states as follows:

    Plaintiff's Complaint against the three Defendants, Bloomingdale, Walter J. Kelly, and Sunbridge Nursing and Rehabilitation Center, sets forth five counts or causes of action based on diversity jurisdiction as well upon federal question. Count I, raising a violation of 42 U.S.C. § 1983, and Count II, raising a violation of 42 U.S.C. § 1985, are not within the realm of state court jurisdiction and therefore not subject to Massachusetts G.L.c. 231(60B).

As Bloomingdale admits in his Motion, Counts I and II do not set out typical medical malpractice claims. More precisely, Counts I and II do not set forth medical malpractice claims at all, but rather civil rights violations arising out the acts of the named Defendants.

As admitted in Bloomingdale's Motion, Section 60(B) provides that <u>any action for malpractice, error or mistake against a provider of health care</u> shall be heard by a tribunal (emphasis added). Claims arising out of civil rights act violations, whether federal statute or even state statute based, should not be submitted to a malpractice tribunal. <u>Koltin v. Beth Israel Deaconess Medical Center & another</u>, 817 N.E.2d 809, 811, 62 Mass.App.Ct. 920, 921 (2004). Counts I and II of Runge's Complaint unquestionably allege violations of her civil rights. Contrary to what Bloomingdale asserts, missing in these allegations is an element of medical malpractice, error or mistake which is required to invoke a tribunal appointment under Section 60(B). <u>Id.</u> at 920-921. This Court should not refer this matter to a state court medical malpractice tribunal when the causes of action fail to allege malpractice claims; the only claim intended to be so referred under statute.

The Supreme Judicial Court of Massachusetts in <u>Austin v. Boston University Hospital</u>, 363 N.E.2d 515,519, 372 Mass. 654, 660 (1977), addressing the appropriateness of the appointment of a medical tribunal in a malpractice action in federal district court based on diversity, indicated that it expressed no view on whether a federal court should refer such case to the Superior Court for action in accordance with Section 60B.

99468                                             2

In the case of <u>Feinstein v. Massachusetts General Hospital</u>, 643 F.2d 880 (1981), the United States Court of Appeals affirmed a motion referring a medical malpractice case based on diversity to a medical malpractice panel. That court at page 885 stated:

> The statute's referral procedure and associated provisions were designed to serve these substantive policy objectives by providing for a prompt determination of the likely merits of a claim and requiring that a plaintiff who is unsuccessful before the malpractice tribunal post a bond to cover the defendant's costs . . . .

Key to the court's determination was the fact that the plaintiff had not alleged that he was indigent and therefore should be able to file a bond required by Section 60B. <u>Feinstein</u>, 643 F.2d at 889. Such is not the facts of the case at bar.

Runge has become financially indigent as a result of the actions of Defendants. Even if a malpractice tribunal determined that she was required to post a bond (a result that Runge asserts the facts would not support), Plaintiff would not have the ability to post such bond. A bond generally costing at least $2,000 is out of the financial wherewithal of Runge. Because of this, the purpose of the statute cannot be fulfilled and would be frustrated.

In result, the only purpose to be gained by such appointment of a panel tribunal would be for the significant delay in this litigation. The Plaintiff, being an 89-year old female in questionable health, would be significantly prejudiced by any delay caused by the fruitless appointment of a panel tribunal.

Plaintiff's indigency makes the appointment of a malpractice tribunal unnecessarily burdensome. Such appointment would violate Runge's due process right

and right to a jury trial. This burden, if imposed on Runge, would far outweigh any federal court interest of ensuring the uniformity in outcome when applying a state rule.

Wherefore, for the foregoing reasons, the Motion of Defendant Bloomingdale should be denied.

Respectfully submitted,

Dated:  June 27, 2005                                    **BLAKE J. GODBOUT & ASSOCIATES**


By: /s/ Blake J. Godbout
         Blake J. Godbout, BBO #196380
33 Broad Street, 11th Floor
Boston, MA  02109
(617) 52306677

Glenn R. Davis, Esq.
**LATSHA DAVIS YOHE & MCKENNA,  P.C.**
1700 Bent Creek Boulevard, Suite 140
Harrisburg, PA  17050
(717) 620-2424
*Pro Hac Vice*

*Attorneys for Plaintiff, Helen A. Runge*


### CERTIFICATE OF SERVICE

I, Blake J. Godbout, hereby certify that a true copy of the above document was served upon each party by mailing a copy of same, postage prepaid, to all counsel of record .


/s/ Blake J. Godbout
Blake J. Godbout

99468                                                                4