UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HELEN RUNGE

    *Plaintiff,*

*v.*

WALTER J. KELLEY; KERRY L. BLOOMINGDALE, M.D.; and SUNBRIDGE NURSING AND REHABILITATION CENTER.

    *Defendants.*

Civil Action No. 05-10849-RGS

## ANSWER OF MEDIPLEX OF MASSACHUSETTS, INC. D/B/A SUNBRIDGE CARE AND REHABILITATION FOR RANDOLPH

The Defendant, Mediplex of Massachusetts, Inc. d/b/a SunBridge Care and Rehabilitation for Randolph,[1] hereby responds to the allegations contained in Plaintiff's Complaint as follows:

**I.  Jurisdiction**

The Defendant Mediplex of Massachusetts, Inc. d/b/a SunBridge Care and Rehabilitation for Randolph ("Mediplex" or "Mediplex of Massachusetts, Inc.") disputes the accuracy of the jurisdictional statement contained in the first unnumbered paragraph of the Complaint. No basis is alleged for an action under either the First or Fourteenth Amendments to the Constitution of the United States or 42 U.S.C. §§1983 or 1985, therefore jurisdiction is not proper under 28 U.S.C. §§1331 (federal question) or 1343 (civil rights claims). Defendant Mediplex further denies that it has acted under color of state law or that any allegation of action under color of law is included in the Complaint.

---

[1] The Complaint miss-identifies Mediplex of Massachusetts, Inc. d/b/a SunBridge Care and Rehabilitation for Randolph as "Sunbridge Nursing and Rehabilitation Center."

1

Because the Complaint's only colorable basis for jurisdiction in this Court is 28 U.S.C. §1332, this Court's supplemental jurisdiction over state law claims is limited by 28 U.S.C. §1367(b).

## II.     Venue

Defendant Mediplex does not dispute that a substantial part of the events that form the basis of the Complaint are alleged to have occurred in Massachusetts.

## III.    Parties

1. – 3.    Defendant Mediplex is without sufficient knowledge to either admit or deny paragraphs 1 – 3.

4.    Defendant Mediplex denies paragraph 4 insofar as the entity name is incorrect. The correct entity at the time alleged was Mediplex of Massachusetts, Inc. d/b/a SunBridge Care and Rehabilitation for Randolph.

## IV.     Background

5.    There is no paragraph 5.

6. – 23.    Defendant Mediplex is without sufficient knowledge to either admit or deny the allegations in paragraphs 6 – 23.

24. – 25.    Defendant Mediplex is without sufficient knowledge to either admit or deny the allegations in paragraphs 24 – 25. To the extent an answer is required, Defendant Mediplex denies the allegations contained in paragraphs 24 – 25 of the Complaint.

26. – 27.    Defendant Mediplex is without sufficient knowledge to either admit or deny the allegations in paragraphs 26 – 27.

28. – 32.    Denied.

33. – 38.    Defendant Mediplex is without sufficient information to either admit or deny the allegations contained in paragraphs 33 - 38.

39.    Defendant Mediplex is without sufficient information to either admit or deny the allegations contained in the first three sentences of paragraph 39. The remainder of the allegations contained in paragraph 39 are denied.

40. – 42    Denied.

43.     Defendant Mediplex is without sufficient information to either admit or deny the allegations contained in paragraph 43.

44.     Defendant Mediplex is without sufficient knowledge to either admit or deny paragraph 44.

45.     Defendant Mediplex denies the allegations of the last sentence of paragraph 45.  Defendant Mediplex is without sufficient information to either admit or deny the remaining allegations contained in paragraph 45.

46.     Defendant Mediplex refers the Court to the full text of 42 U.S.C. §1396r, 42 C.F.R. §§483.12, 483.20, and 483.25 which speak for themselves.

47.     Defendant Mediplex is without sufficient knowledge to either admit or deny the allegation in the first sentence of paragraph 47.  The remaining allegations of paragraph 47 are denied.

48.     Defendant Mediplex is without sufficient knowledge to either admit or deny paragraph 48.

49.     Denied.

## COUNT I

50.     Defendant Mediplex incorporates paragraphs 1 – 49 of this Answer as though same were fully set forth at length herein.

51. – 52. (including all subparts)     Denied.

WHEREFORE, Defendant Mediplex of Massachusetts, Inc. requests that this Court dismiss the action with costs.

## COUNT II

53.     Defendant Mediplex incorporates paragraphs 1 – 52 of this Answer as though same were fully set forth at length herein.

54. – 56.     Denied.

WHEREFORE, Defendant Mediplex of Massachusetts, Inc. requests that this Court dismiss the action with costs.

## COUNT III

57.     Defendant Mediplex incorporates paragraphs 1 – 56 of this Answer as though same were fully set forth at length herein.

58.     Denied.

WHEREFORE, Defendant Mediplex of Massachusetts, Inc. requests that this Court dismiss the action with costs.

## COUNT IV

59.     Defendant Mediplex incorporates paragraphs 1 – 58 of this Answer as though same were fully set forth at length herein.

60.     Denied.

WHEREFORE, Defendant Mediplex of Massachusetts, Inc. requests that this Court dismiss the action with costs.

## COUNT V

61.     Defendant Mediplex incorporates paragraphs 1 – 60 of this Answer as though same were fully set forth at length herein.

62.     Denied.

WHEREFORE, Defendant Mediplex of Massachusetts, Inc. requests that this Court dismiss the action with costs.

**V.     Affirmative Defenses**

### FIRST AFFIRMATIVE DEFENSE

Pursuant to Mass.G.L. c. 231, §60B, it is requested that a tribunal be convened within fifteen (15) days to afford the plaintiff an opportunity to present an offer of proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial injury.

**SECOND AFFIRMATIVE DEFENSE**

If the Plaintiff suffered the injuries or damages alleged, such injuries or damages were caused, in whole or in part, by someone for whose conduct Defendant Mediplex of Massachusetts, Inc. was not and is not legally responsible.

**THIRD AFFIRMATIVE DEFENSE**

The amount of recovery for alleged conscious pain and suffering, if any, is limited by the provision set forth in Mass.Gen.L. c. 231, §60H.

**FOURTH AFFIRMATIVE DEFENSE**

The amount of recovery for past and future medical expenses, if any, is limited by the provision set forth in Mass.Gen.L. c. 231, §60G.

**FIFTH AFFIRMATIVE DEFENSE**

The claims contained in the Complaint are barred, in whole or in part, by the doctrine comparative negligence.

**SIXTH AFFIRMATIVE DEFENSE**

Any and all care provided to the Plaintiff was performed in accordance with the applicable standards, Massachusetts Statutes, the Code of Massachusetts Regulations and applicable federal regulations.

**VI.    Jury Demand**

The Defendant demands a jury trial on all issues so triable.

        Defendant,

        Mediplex of Massachusetts, Inc. d/b/a SunBridge Care and Rehabilitation for Randolph

        By its attorneys,

        /s/ Michael Williams
        K. Scott Griggs  (BBO# 555988)
        Robert J. Roughsedge  (BBO# 638180)
        Michael Williams  (BBO# 634062)
        Lawson & Weitzen, LLP
        88 Black Falcon Avenue, Suite 345
        Boston, MA 02210-1736
        Tel: 617.439.4990
        Fax: 617.439.3987