UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

No. 05-10849RGS

| |
|---|
| HELEN RUNGE,<br>　　　　　　　　Plaintiff<br><br>　　　　v.<br><br>WALTER J. KELLY,<br>KERRY L. BLOOMINGDALE, M.D., and<br>SUNBRIDGE NURSING AND<br>REHABILITATION CENTER,<br>　　　　　　　　Defendants |

## DEFENDANT WALTER J. KELLY'S PARTIAL ANSWER
## TO THE PLAINTIFF'S COMPLAINT

The Defendant, Walter J. Kelly, ("Kelly") and has moved this Honorable Court to Dismiss Count I (42 U.S.C. §1983) and Count II (42 U.S.C. §1985) of Plaintiff's Complaint as they relate to Defendant Kelly pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. Defendant's Partial Motion to Dismiss is pending, and thus the Defendant now only responds to Count III, IV, and V of the Complaint, the state law claims, to the extent that they apply to Defendant Kelly.

### I.     Jurisdiction

The Defendant admits that he is a resident of Massachusetts, and denies that he acted under color of state law. The remainder of this section of Plaintiff's Complaint characterizes the allegations in the Complaint, constitutes statements of law, and contains no allegations of fact, therefore no further response is required.

40772.1

## II. Venue

This section of the Complaint constitutes a statement of law and contains no allegations of fact. Therefore, the Defendant need not respond.

## III. Parties

1. The Defendant has insufficient information either to admit or deny the allegations in paragraph 1 of the Complaint.

2. The Defendant admits the allegations in paragraph 2 of the Complaint.

3. The Defendant admits that Kerry L. Bloomingdale, M.D., is a licensed medical practitioner, but has insufficient information either to admit or deny the remainder of allegations in paragraph 3 of the Complaint.

4. The Defendant admits that Sunbridge Nursing and Rehabilitation Center has a business address of 49 Thomas Patten Drive, Randolph, Massachusetts 02368, but has insufficient information either to admit or deny the remainder of allegations in paragraph 4 of the Complaint.

## IV. Background

6.[sic] The Defendant admits that Helen A. Runge, born in 1915, was a lifetime resident of Boston, Massachusetts. Further answering, Defendant Kelly states that Ms. Runge was abducted and taken to North Carolina in late April 2003 to live with her daughter, Dorothy Stanley, and son-in-law, Gilbert Stanley. Defendant denies the remainder of allegations in paragraph 6 of the Complaint.

7. The Defendant admits that Runge was born in South Boston, Massachusetts, to Lithuanian parents and was married for a short period of time, and had one daughter

40772.1

Dorothy Stanley nee Runge as a result of the union. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 7 of the Complaint.

8. Defendant denies that Runge lived and worked in the Boston area until April 2003 as a single person. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 8 of the Complaint.

9. The Defendant admits the allegations in paragraph 9 of the Complaint.

10. Upon information and belief, the Defendant admits the allegations in paragraph 10 of the Complaint.

11. The Defendant has insufficient information either to admit or deny whether Runge always managed her own affairs including her finances. The Defendant admits the remainder of allegations in paragraph 11 of the Complaint.

12. The Defendant admits that Kerr shared office space with Defendant Kelly, but denies the remainder of allegations in paragraph 12 of the Complaint.

13. The Defendant admits that in 2001 Runge contacted Defendant Kelly to provide her with legal assistance as a result of her decision to and in preparation of entering an assisted living facility, Marian Manor. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 13 of the Complaint.

14. The Defendant admits that at the time of the decision to enter Marian Manor, Runge, who was still living in the Hyde Park section of Boston, was 85 years of age. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 14 of the Complaint.

40772.1

15. The Defendant admits that Runge was aware of Marian Manor in South Boston. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 15 of the Complaint.

16. The Defendant admits that after having visited the facility, Runge moved into Marian Manor in July 2001. The Defendant denies the remainder of allegations in paragraph 16 of the Complaint.

17. The Defendant denies the allegations in paragraph 17 of the Complaint.

18. The Defendant has insufficient information either to admit or deny the allegations in paragraph 18 of the Complaint.

19. The Defendant admits the allegations in paragraph 19 of the Complaint.

20. The Defendant denies that Kelly knew of these facts and failed to act on behalf of Runge. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 20 of the Complaint.

21. The Defendant admits that Runge reported the allegations to Bayview and that she called 911. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 21 of the Complaint.

22. The Defendant admits that Defendant Kelly had seen Runge on approximately two occasions in the preceding six months and that Defendant Kelly had no firsthand knowledge of the need for such evaluation. The Defendant denies the remainder of allegations in paragraph 22 of the Complaint.

23. The Defendant admits that before she left Bayview, Runge asked Defendant Kelly what would become of her and her possessions, that Defendant Kelly indicated that he would take care of them, and that Runge made Defendant Kelly aware that her few

40772.1

remaining possessions which were in and decorated her living quarters at Bayview were important to her. The Defendant further admits that he charged Runge for actual work performed. The Defendant denies the remainder of allegations contained in paragraph 23 of the Complaint.

24. The Defendant admits that Runge was discharged from Kearny Hospital and was not returned to Bayview, but rather was taken to and admitted to Sunbridge. The Defendant denies the remainder of allegations contained in paragraph 24 of the Complaint.

25. The Defendant has insufficient information either to admit or deny that Runge had no previous experience with or knowledge of Defendant Sunbridge. The Defendant admits that Runge had questioned Defendant Kelly as to when she could be discharged from Kearny Hospital, questioning options with Defendant Kelly as to where she could then live. The Defendant denies the remainder of allegations in paragraph 25 of the Complaint.

26. The Defendant denies the allegations in paragraph 26 of the Complaint.

27. The Defendant admits that on several occasions Runge requested that Defendant Kelly facilitate her move. The Defendant has insufficient information either to admit or deny that Runge found the living conditions and care at Defendant Sunbridge to be deplorable and unacceptable. The Defendant denies the remainder of allegations in paragraph 27 of the Complaint.

28. The Defendant has insufficient information either to admit or deny that Runge was a private pay resident which allowed Defendant Sunbridge to collect higher daily

40772.1

rates than from its Medical Assistance residents. Defendant denies the remainder of allegations in paragraph 28 of the Complaint.

29. The Defendant denies that Defendant Kelly refused to act on Runge's request that he have her medications stopped or adjusted and that he have her moved to other living accommodations. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 29 of the Complaint.

30. The Defendant denies that when Runge questioned her need to take medication, not only management at the nursing home, but also Defendant Kelly insisted that she take the medication indicating that if she refused to take medication, it would be forced upon her. The Defendant admits that Defendant Kelly was going to seek temporary guardianship in order to obtain court instructions regarding her medication. The Defendant also admits that Dorothy Stanley and her husband advised Defendant Kelly that they felt Runge was being overmedicated by the care providers at Defendant Sunbridge and that the Stanleys indicated that Defendant Kelly should not take any action to appoint a guardian and that they would travel to Boston from North Carolina residence, arriving Wednesday, April 30, to assess the situation. The Defendant denies the remainder of allegations in paragraph 30 of the Complaint.

31. The Defendant admits that on or about April 29, 2003, Runge's daughter, Dorothy Stanley, along with her husband, visited Runge in her room at Defendant Sunbridge. The Defendant denies that Defendant Kelly had advised the staff to not provide records to the family of Runge. In fact, Defendant Kelly told Sunbridge to give them her records. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 31 of the Complaint.

40772.1

32. The Defendant denies that Runge had not been provided with adequate clothing and personal hygiene products and that these alleged actions constitute abuse. Defendant further denies that Runge had not been given money in order to purchase these items or to purchase writing stationary or stamps and that Runge had been denied access to the phone in order to be able to call her daughter. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 32 of the Complaint.

33. The Defendant admits that Dorothy Stanley left him a message in his voicemail to set up a meeting the next day, but denies the remainder of allegations in paragraph 33 of the Complaint. The Defendant further answers that Dorothy Stanley failed to provide a telephone number by which to reach her.

34. The Defendant has insufficient information either to admit or deny the allegations in paragraph 34 of the Complaint.

35. The Defendant admits that at that time there was no adjudication that Runge was incapacitated or lacked the capacity to make such appointments, but the Defendant further answers that there was a medical certification that indicated she could not handle medical or financial decisions. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 35 of the Complaint.

36. The Defendant has insufficient information either to admit or deny the allegations in paragraph 36 of the Complaint.

37. The Defendant has insufficient information either to admit or deny the allegations in paragraph 37 of the Complaint.

40772.1

38. The Defendant admits that Defendant Kelly requested that Defendant Bloomingdale render her medical opinion regarding Runge's competency. To the extent that the allegations suggest that the medical opinion itself was directed by Defendant Kelly, the Defendant denies such allegations. The Defendant denies that Defendant Kelly had no authority to act on Runge's behalf and denies that the medical opinion was a result of a brief and solitary interaction with Runge. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 38 of the Complaint.

39. The Defendant denies that management of Defendant Sunbridge was acting at the direction or in concert with Defendant Kelly in refusing to allow Runge to be discharged. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 39 of the Complaint.

40. The Defendant has insufficient information either to admit or deny the allegations concerning what the staff of Defendant Sunbridge told Dorothy and Gilbert Stanley. However, Defendant further answers stating that Defendant Kelly directed that the visit should be supervised. The Defendant admits that Defendant Kelly had not returned their phone call, but further answers that it was impossible for him to return the call because the Stanleys did not leave a phone number. The Defendant denies that he was orchestrating a scheme to hold Runge at the facility against her will and denies that Defendant Sunbridge had made Defendant Kelly aware that his power of attorney had been revoked by Runge. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 40 of the Complaint.

40772.1

41. The Defendant has insufficient information either to admit or deny the allegations in paragraph 41 of the Complaint.

42. The Defendant has insufficient information either to admit or deny the allegations in paragraph 42 of the Complaint.

43. The Defendant denies that Runge resides at her children's residence in North Carolina today and denies that Defendant Kelly received a phone call advising him of Runge's wellbeing and that she could be contacted at her new residence in North Carolina with her daughter, Dorothy Stanley. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 43 of the Complaint.

44. The Defendant has insufficient information either to admit or deny the allegations in paragraph 44 of the Complaint.

45. The Defendant admits that at no time did Runge authorize Defendant Kelly to act on her behalf as a temporary guardian. The Defendant also admits that on April 30, 2003, the Defendant Kelly contacted Hyde Park Credit Union and Member Service Credit Union, directing both financial institutions to freeze Runge's accounts until the matter could be heard by a court. The Defendant denies that he was not concerned with Runge's medical wellbeing. The Defendant also denies the remainder of allegations in paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint contains conclusions of law no allegations of fact, and therefore the Defendant need not respond. To the extent that allegations of fact are made, they are denied.

47. The Defendant admits that on or about May 2, 2003, three days after Runge had left Defendant Sunbridge's facility, Defendant Kelly filed an ex parte petition seeking to

40772.1

have himself appointed as guardian of Runge, and that he enlisted the aid of Defendant Bloomingdale and Defendant Sunbridge in presenting his petition. The Defendant denies that he misrepresented facts to the court. The Defendant also denies that he had been notified that Runge had made a choice to leave Sunbridge voluntarily and that she was safe and well and living with her daughter in North Carolina. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 47 of the Complaint.

48. The Defendant denies the allegations in paragraph 48 of the Complaint.

49. The Defendant denies the allegations in paragraph 49 of the Complaint.

## COUNT I

### 42 U.S.C. §1983

50.-52. Count I and paragraphs 50-52 are the subject of Defendant's pending Partial Motion to Dismiss, and therefore the Defendant does not respond to these paragraphs.

## COUNT II

### 42 U.S.C. §1985

53.-56. Count II and paragraphs 53-56 are the subject of Defendant's pending Partial Motion to Dismiss, and therefore the Defendant does not respond to these paragraphs.

## COUNT III

### State Law Claim

57. The Defendant repeats and incorporates herein his answers to paragraphs 1 through 56 of the Complaint.

58. The Defendant denies the allegations in paragraph 58 of the Complaint.

40772.1

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment of dismissal, and award him his costs and attorney fees, and for other relief as this Court may deem just and equitable.

## COUNT IV

### State Law Claim

59. The Defendant repeats and incorporates herein his answers to paragraphs 1 through 58 of the Complaint.

60. The Defendant denies the allegations in paragraph 60 of the Complaint.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment of dismissal, and award him his costs and attorney fees, and for other relief as this Court may deem just and equitable.

## COUNT V

### State Law Claim

61. The Defendant repeats and incorporates herein his answers to paragraphs 1 through 60 of the Complaint.

62. The Defendant denies the allegations in paragraph 62 of the Complaint.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment of dismissal, and award him his costs and attorney fees, and for other relief as this Court may deem just and equitable.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff is barred from recovery because this action has not been brought within the applicable statute of limitations.

40772.1

3.  Any damages sustained by plaintiff were caused by individuals for whose conduct Defendant was not responsible.

5.  The Plaintiff lacks the capacity to bring a lawsuit.

6.  This Court lacks jurisdiction.

The Defendant reserves the right to amend the Answer if the pending Partial Motion to Dismiss is denied.

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

Dated: July 18, 2005

Respectfully submitted,

The Defendant,
Walter J. Kelly,
By his attorneys,

*s/ Michele Carlucci*
George C. Rockas, BBO #544009
Michele Carlucci, BBO #655211
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5400

40772.1