**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | | |
|---|---|---|
| **HELEN A. RUNGE,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **No. 05-10849-RGS** |
| | : | **(Judge Stearns)** |
| **WALTER J. KELLY; KERRY L.** | : | |
| **BLOOMINGDALE, M.D.; and** | : | |
| **SUNBRIDGE NURSING AND** | : | **CIVIL ACTION** |
| **REHABILITATION CENTER,** | : | |
| **Defendants** | : | **JURY TRIAL DEMANDED** |

**RESPONSE OF PLAINTIFF, HELEN A. RUNGE, TO MOTION OF DEFENDANT
SUNBRIDGE TO TRANSFER COUNT III TO MASSACHUSETTS SUPERIOR
COURT FOR THE LIMITED PURPOSE OF CONVENING A MEDICAL
MALPRACTICE TRIBUNAL**

AND NOW COMES, Plaintiff, Helen A. Runge (hereinafter "Plaintiff" or

"Runge") and in response to Defendant Sunbridge Nursing and Rehabilitation Center's

("Sunbridge") Motion pursuant to Massachusetts G.L.c. 231 § 60B that Count III against

it be transferred to Massachusetts Superior Court for the limited purpose of convening a

medical malpractice tribunal, states as follows:

Plaintiff's Complaint against the three Defendants, Sunbridge, Kerry L.

Bloomingdale, and Walter J. Kelly sets forth five counts and causes of action based on

diversity jurisdiction as well upon federal question.  It is clear from the instant Motion

that Sunbridge only seeks transfer of Count III; a count which sounds in negligence.

The result of this limited request is that if such transfer is granted by this Court, Counts

I, II, IV and V remain within this Court's jurisdiction since such claims are not subject to Massachusetts G.L.c. 231(60B).

The Motion refers to this Court's action taken June 28, 2005, granting Defendant Bloomingdale's motion to transfer for the limited purpose of convening a medical tribunal. Should this Court grant the instant request, the transfer of Count III should be ordered to be consolidated with the previous Bloomingdale transfer to minimize the time delay caused thereby.

With respect to the Court's prior actions, Runge continues to assert that the appointment of a tribunal is unnecessary. In the case of <u>Feinstein v. Massachusetts General Hospital</u>, 643 F.2d 880 (1981), the United States Court of Appeals affirmed a motion referring a medical malpractice case based on diversity to a medical malpractice panel. That court at page 885 stated:

> The statutes referral procedure and associated provisions were designed to serve the substantive policy objectives by providing for a prompt determination of the likely merits of a claim and requiring the plaintiff who is unsuccessful before the malpractice tribunal post bond to cover the defendant's costs . . . .

Key to the court's determination was the fact that the plaintiff had not alleged that he was indigent and therefore should be able to file a bond required by Section 60B. Such is not the facts of the case at bar.

Runge has become financially indigent as a result of the actions of Defendants. Even if a malpractice tribunal determined that she was required to post a bond (a result that Runge asserts the facts would not support), Plaintiff would not have the ability to post such bond. A bond generally costing at least $2,000 is out of the financial

wherewithal of Runge.  Because of this, the purpose of the statute cannot be fulfilled and would be frustrated.

In result, the only purpose to be gained by such appointment of a panel tribunal would be for the significant delay in this litigation.  The Plaintiff, being an 89-year old female in questionable health, would be significantly prejudiced by any delay caused by the fruitless appointment of a malpractice tribunal.

Plaintiff's indigency makes the appointment of a malpractice tribunal unnecessarily burdensome.  Such appointment would violate Runge's due process right and right to a jury trial.  This burden, if imposed on Runge, would far outweigh any federal court interest of ensuring the uniformity in outcome when applying a state rule.

Wherefore, for the foregoing reasons, the Motion of Defendant Sunbridge should be denied.

Dated:  July 21, 2005                    Respectfully submitted,

                                         **BLAKE J. GODBOUT & ASSOCIATES**

                                         By: /s/ Blake J. Godbout
                                              Blake J. Godbout, BBO #196380
                                         33 Broad Street, 11th Floor
                                         Boston, MA  02109
                                         (617) 523-6677

                                         Glenn R. Davis, Esq.
                                         **LATSHA DAVIS YOHE & MCKENNA,  P.C.**
                                         1700 Bent Creek Boulevard, Suite 140
                                         Harrisburg, PA  17050
                                         (717) 620-2424
                                         *Pro Hac Vice*

                                         *Attorneys for Plaintiff, Helen A. Runge*

100104                                    3

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on this date a true and correct copy of the foregoing was served by first-class United States mail, postage prepaid, upon the following:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02141

George C. Rockas, Esq.
Michele Carlucci, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110-1727

K. Scott Griggs, Esq.
Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210-1736

Dated:July 21, 2005          <u>/s/ Helen Samuels</u>
                             Helen Samuels
                             Legal Secretary