UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELEN RUNGE<br><br>　　*Plaintiff,*<br><br>v.<br><br>WALTER J. KELLEY; KERRY L. BLOOMINGDALE, M.D.; and SUNBRIDGE NURSING AND REHABILITATION CENTER.<br><br>　　*Defendants.* | Civil Action No. 05-10849-RGS |

**MEMORANDUM IN SUPPORT OF THE MOTION OF
DEFENDANT MEDIPLEX OF MASSACHUSETTS, INC. d/b/a
SUNBRIDGE CARE AND REHABILITATION FOR RANDOLPH'S
TO DISMISS COUNTS I AND II OF THE COMPLAINT**

On July 18, 2005, Defendant Walter J. Kelley filed a motion to dismiss Counts I and II of the Complaint. Defendant Mediplex of Massachusetts, Inc. d/b/a SunBridge Care and Rehabilitation for Randolph ("SunBridge") now joins in that motion. Dismissal of these claims is appropriate because the Plaintiff's complaint, which contains lengthy and detailed factual allegations, does not include any allegations setting out a factual basis for her federal civil rights claims under 42 U.S.C. §§1983 and 1985.

**I.　　Section 1983**

To establish a prima facie case under 42 U.S.C. §1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) there was a deprivation of a right protected by either the federal constitution or by a federal statute. The first element involves a fact-specific inquiry wherein the court must examine the relationship

between the challenged action and the government. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

In the typical §1983 case, the under color-of-law inquiry focuses on governmental employees and entities for conduct pursuant to their governmental duties and powers. Tennessee v. Garner, 471 U.S. 1, 5-7 (1985). The Plaintiff's complaint, however, has set forth absolutely no evidence that SunBridge is either a governmental entity or an entity performing a traditional and exclusive sovereign function. In Blum v. Yaretsky, the Supreme Court found that nursing homes are not state actors in part because nursing home services are not a traditional and exclusive sovereign function. 457 U.S. 991, 1002-12 (1982) (Respondents failed to establish "state action" in the nursing homes' decisions to discharge or transfer Medicaid patients to lower levels of care and thus failed to prove that petitioners have violated rights secured by the Fourteenth Amendment). Therefore, the Plaintiff has not, and cannot, prove that SunBridge acted under color of law. Just as an attorney is not a state actor, as Defendant Kelley correctly stated in his motion, neither is a private nursing home. "[T]he plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief" under 42 U.S.C. §1983. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**II.   Section 1985**

The Plaintiff also fails to allege the necessary elements of a claim under §1985(3). As the First Circuit has stated:

> Section 1985(3) proscribes certain enumerated conspiracies. To state a claim under [section] 1985(3) a plaintiff must allege the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or

> property, or (b) a deprivation of a constitutionally protected right or privilege. See Griffin v. Breckenridge, 403 U.S. 88, 102 [(1971)].
>
> In Griffin, the Supreme Court placed a gloss on these four elements, effectively adding a fifth requirement. It construed the statute's references to "equal protection" and "equal privileges and immunities under the laws" to signify that a plaintiff may recover thereunder only when the conspiratorial conduct of which he complains is propelled by "some racial or perhaps otherwise class-based, invidiously discriminatory animus." Id.

Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

The Plaintiff has failed to establish a cognizable class that is allegedly being discriminated against. "The notion of a cognizable class includes two separate and distinct components. The first component focuses on the substantive characteristic defining the class, e.g., race or gender" Aulson, 83 F.3d at 4. "The second component, by contrast, focuses not on the particular defining characteristic of the putative class, but on whether there is any identifiable class at all." Id. at 5. Since the defining characteristic of the class identified by the Plaintiff is elderly women who have been allegedly taken advantage of financially and legally because of their age and gender, the putative class here is nothing "more than just a group of persons who bear the brunt of the same allegedly [illegal] behavior." Id. at 5. The First Circuit has clearly stated that a class "cannot be defined solely on the basis of the harm inflicted." Id, citing Creative Environments, Inc. v. Estabrook, 680 F.2d 822 (1st Cir.), cert. denied, 459 U.S. 989 (1982). Accordingly, the Plaintiff cannot establish a cognizable class for purposes of §1985(3).

Even if the Plaintiff could establish a cognizable class, she cannot point to any evidence establishing a conspiracy "purposefully aimed at depriving th[e] class of its constitutional rights." Baxter v. Conte, 190 F. Supp. 2d 123, 129 (D. Mass. 2001). As the

Supreme Court has stated, "the right must be 'aimed at[;]' its impairment must be a conscious objective of the enterprise." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 275 (1993). The plaintiff has made no such showing here. Accordingly, the Plaintiff cannot establish facts to support a claim under §1985(3).

**III.    Conclusion**

Because the Plaintiff has failed to alleged facts establishing either state action or the existence of a class being discriminated against, she cannot sustain her claims under 42 U.S.C. §§1983 or 1985.  Defendant SunBridge therefore joins in Defendant Kelly's motion to dismiss Counts I and II of the Complaint.

| | |
|---|---|
| Dated: August 1, 2005 | Respectfully submitted, |
| | Mediplex of Massachusetts, Inc. d/b/a SunBridge Care and Rehabilitation for Randolph |
| | By its attorneys, |
| |     /s/  Michael Williams<br>Michael Williams  (BBO# 634062)<br>Lawson & Weitzen, LLP<br>88 Black Falcon Avenue, Suite 345<br>Boston, MA 02210-1736<br>Telephone: 617.439.4990<br>Facsimile: 617.439.3987 |