UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

No. 05-10849RGS

| |
|---|
| HELEN RUNGE,<br>                      Plaintiff<br><br>    v.<br><br>WALTER J. KELLY,<br>KERRY L. BLOOMINGDALE, M.D., and<br>SUNBRIDGE NURSING AND<br>REHABILITATION CENTER,<br>                      Defendants |

**DEFENDANT WALTER J. KELLY'S ASSENTED-TO MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS**

NOW COMES the Defendant, Walter J. Kelly, and requests that this Honorable Court grant him leave to file the attached reply brief in response to Plaintiff's Opposition to Defendants' Partial Motion to Dismiss. As grounds in support thereof, Defendant states:

1. Defendant respectfully seeks the opportunity to respond, in writing, to the legal elements and statements set forth by the Plaintiff in her Opposition to Defendants' Partial Motion to Dismiss.

2. Allowance of this motion will afford the Defendant the opportunity to put before the Court his response to the legal arguments and statements set forth in the Plaintiff's Opposition, as no hearing has been scheduled.

5. The allowance of this Motion will not significantly delay the resolution of this matter.

43130.1

6.      Plaintiff's Opposition to Defendant's Partial Motion to Dismiss was filed on August 16, 2005.

7.      All parties have assented to this motion.

WHEREFORE, the Defendant, Walter Kelly, respectfully requests that this Honorable Court grant Defendant leave to file a reply brief.

Dated:  September 7, 2005                                Respectfully submitted,

                                                        The Defendant,
                                                        Walter J. Kelly,
                                                        By his attorneys,


                                                        _____*s/ Michele Carlucci*_____
                                                        George C. Rockas, BBO #544009
                                                        Michele Carlucci, BBO #655211
                                                        WILSON ELSER MOSKOWITZ
                                                        EDELMAN & DICKER  LLP
                                                        155 Federal Street
                                                        Boston, MA 02110
                                                        (617) 422-5300

43130.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

No. 05-10849RGS

| HELEN RUNGE, |
| Plaintiff |
| |
| v. |
| |
| WALTER J. KELLY, |
| KERRY L. BLOOMINGDALE, M.D., and |
| SUNBRIDGE NURSING AND |
| REHABILITATION CENTER, |
| Defendants |

## DEFENDANT WALTER J. KELLY'S REPLY BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS

NOW COMES the Defendant, Walter J. Kelly, ("Kelly"), pursuant to Fed. R. Civ. P. 12(b)(6), and submits this Reply Brief in response to the Plaintiff's Opposition and in further support of Defendant Kelly's Partial Motion to Dismiss. Defendant Kelly moves this Court to Dismiss Count I (42 U.S.C. §1983) and Count II (42 U.S.C. §1985) of Plaintiff's Complaint as they relate to Defendant Kelly pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. As further grounds in support of this motion, Defendant states the following:

Defendant Kelly moves this Court to dismiss the Plaintiff's §§1983 and 1985 claims for failure to allege state action, an essential element of her civil rights claims, in addition to other grounds. The Plaintiff, in her opposition, states that:

> The First Circuit has employed three tests to determine if a private party may be considered a state actor. They are: the state compulsion test; the nexus/joint action test; and the public function test. Estades-Negroni v. CPC Hospital, 412 F.3d 1 (1st Cir. 2005). The first test is satisfied when 'the state has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [challenged

1

42982.1

> conduct] must in law be deemed to be that of the State.' Id. at 5 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004, 102 S. Ct. 2777, 2786, 73 L.Ed.2d 534 (1982)). 'The nexus/joint action test provides that a private party can be held to be a state actor where an examination of the totality of the circumstances reveals that the state has 'so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in [the challenged activity].' Id. (quoting Bass v. Parkwood Hosp., 180 F.3d 234, 242 (5th Cir. 1999). 'And, in accordance with the public function test, a private party is viewed as a state actor if the plaintiff establishes that, in engaging in the challenged conduct, the private party performed a public function that has been traditionally the exclusive prerogative of the State. Id. (quoting Blum, 457 U.S. at 1005, 102 S. Ct. at 2798).

See Plaintiff's Memorandum in Opposition to Motion to Dismiss. The Plaintiff fails to allege facts to support a claim of state action under any of these three tests for state action as set forth above. The Plaintiff has not alleged any coercion on the part of the State, nor has the Plaintiff alleged that the State has insinuated itself into joint participation with the defendant. Furthermore, the Plaintiff has not alleged that Attorney Kelly has performed a public function traditionally the exclusive prerogative of the state.

As set forth in Defendant Kelly's Memorandum in Support of Partial Motion to Dismiss, the role of a power of attorney or guardian is not the prerogative of the state. Rather, a power of attorney or guardian is the fiduciary of the person over whom he is appointed. While Plaintiff alleges Attorney Kelly sought and obtained guardianship of the Plaintiff, a court appointed guardian does not act under color of state law. See Schraffath v. Thomas, et al., 1999 U.S. App. LEXIS 20175, 1999 Colo. J. C.A.R. 4913 (10th Cir. 1999)[1]. A guardian does not act as an agent of the state but rather as a

---

[1] Under the Rules for the United States Court of Appeals for the Tenth Circuit, an unpublished decision may be cited if: (1) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (2) it would assist the court in its disposition. Civ. R. 36.3

2

42982.1

fiduciary of the person over whom he is appointed, and thus cannot be liable under §1983. See id., at *10. Thus, Plaintiff has failed to set forth an essential element of her §§1983 and 1985 actions.

In support of Plaintiff's contention that Attorney Kelly acted under color of state law, the Plaintiff cites to Voytko, et al. v. Ramada Inn of Atlantic City, et al., 445 F. Supp. 315 (D. N.J. 1978). The facts of Voytko are not akin to the matter at hand. In Voytko, the defendants, the Ramada Inn and its attorneys, invoked a New Jersey statute which allows innkeepers to enlist state process to seize a person who does not pay for lodging prior to a due process hearing on whether a debt is even owed. Id. at 322. The court found state action, because the state itself bestowed upon the innkeeper the power to initiate criminal action – a power "ordinarily associated with the state, thus requiring that its exercise be subjected to constitutional limitations." Id. Thus, the court found state action because the State itself vested the defendants with the powers of the State. In the matter at hand, Kelly was appointed by the Plaintiff herself to act as her power of attorney and health care proxy. Furthermore, in petitioning the Court to appoint himself guardian after the Plaintiff's family removed her from the facility and brought her to North Carolina, which Attorney Kelley believed to be against the Plaintiff's wishes, Attorney Kelly was not availing himself of any powers normally reserved to the state as a guardian does not act as the agent of the state. See Schraffath v. Thomas, et al., 1999 U.S. App. LEXIS 20175, 1999 Colo. J. C.A.R. 4913 (10th Cir. 1999), as discussed above.

It is important to note that the Plaintiff discusses the immunity claim set forth in Voytko, whereby the defendant attorneys claimed immunity as they were also standing in the shoes of public prosecuters in prosecuting the case, as allowed by a New Jersey

statute permitting the private hotel's attorney to act as the state prosecutor. However, Defendant Kelly has not raised immunity in his Motion to Dismiss. The Plaintiff in this matter confuses the defense of immunity with the argument of lack of state action.

The Plaintiff has also failed to allege joint participation of a state official by which Attorney Kelly could be deemed a state actor. The Plaintiff relies on United States General Inc., v. City of Joliet, et al., 432 F. Supp. 346 (N.D. Ill. 1977), for her claim that Attorney Kelly acted under color of state law. Again, the Plaintiff confuses the concept of immunity and state action. In City of Joliet, the City Attorney asserted that "attorneys acting in their professional roles are generally immune from liability under civil rights statutes, even if their clients are not. The policy is that the attorney is not personally involved in the action of the client, and every client is entitled to legal representation." Id. at 355. The Court found that the City Attorney acted as an advisor for the City, was an employee of the City, and had a hand in the decision of the City to withhold building permits, the complained of conduct. Thus the Court found that the City Attorney was protected by good faith immunity, but not absolute immunity. Id. While immunity is not an issue raised in this Motion, the opinion is instructive as to the issue of state action. While the court found state action, the facts are distinguishable from the matter at hand, as the defendant City Attorney acted in joint participation with the City, his employer, in the complained of conduct. The court focused on the attorney's role as an advisor to the City and the fact that his interests were aligned with the City. Thus, he was intertwined in the state action and a joint participant. On the other hand, Attorney Kelly is a private attorney who was retained by the Plaintiff to manage her affairs.

Plaintiff also relies on two cases, <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250 (3rd Cir. 1994) and <u>Buller v. Buechler</u>, 706 F.2d 844, 489 (8th Cir. 1983), in support of her claim that Attorney Kelly acted under color of state law. In both cases the defendant attorney invoked a statute and carried out garnishment proceedings against the plaintiff's property. <u>Id.</u> The courts found that the defendant attorney acted under color of state law because the defendant attorney acted in joint participation with a state official, a sheriff who served the garnishment papers. <u>Id.</u> at 849. The decisions emphasized the role of the sheriff, a state official, in the complained of conduct. The Plaintiff in this matter has made no similar allegations of a state official's involvement.

In obtaining the order appointing Attorney Kelly as the Plaintiff's guardian, Attorney Kelly did not work in joint participation with a state official. The court or the judge granting the appointment had no interest in the outcome, and merely provided the forum for the guardian petition. See <u>Skolnick v. Martin</u>, 317 F.2d 855, 857 (7th Cir. 1963)(finding lawyers do not act under color of state law in taking a deposition under state court process). Moreover, since the Complaint makes no allegation that the court or judge was acting "outside the ambit of their official function, they cannot have been guilty of deprivation of 'any rights, privileges and immunities secured by the court and laws,'" and the defendant attorney "could not be joined as 'willful participant[s]' with the judge[s]...in a denial of rights." <u>Brown v. Sarelas</u>, 409 F.2d 341 (7th Cir. 1969)(holding that because state had no interest in the outcome of the litigation in probate court defendant court officers and attorneys were not acting under color of state law). Therefore, Attorney Kelly cannot be deemed to have acted in joint participation with the court or the judge.

42982.1

It is also important to note that the Plaintiff asserts in her Opposition that the Defendant Kelly "attempted to utilize the police to coercively enforce [his ends]." The Plaintiff attempts to twist the allegations to fit into the state action requirement. However, Plaintiff merely alleges in her Complaint that "Defendant Kelly notified North Carolina police local [sic] to Runge and her daughter and son-in-law, the Stanleys, and reported that she was being held against her will." See Complaint, ¶48. This does not support a claim of joint participation of a state official in an effort to deprive the Plaintiff, Runge, of any constitutionally protected right enough to set forth a claim under §§1983 and 1985. If anything, taken as alleged, the conduct is against the Stanleys not the Plaintiff. The Plaintiff is merely attempting to stretch her ordinary tort claims into a colorable federal civil rights action.

WHEREFORE, the Defendant, Walter J. Kelly, requests that this Honorable Court grant his motion to dismiss Counts I and II of the Plaintiff's Complaint.

Dated: September 7, 2005

Respectfully submitted,

The Defendant,
Walter J. Kelly,
By his attorneys,

_s/ Michele Carlucci_
George C. Rockas, BBO #544009
Michele Carlucci, BBO #655211
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

42982.1