UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO: 05-CV-10849 (RGS)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
HELEN RUNGE                                    \*
                                               \*
         PLAINTIFF                             \*
vs.                                            \*
                                               \*
KERRY L. BLOOMINGDALE, M.D.,                   \*
WALTER J. KELLY AND SUNBRIDGE                  \*
NURSING AND REHABILITATION CENTER              \*
                                               \*
         DEFENDANTS                            \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### *MEMORANDUM IN SUPPORT OF THE DEFENDANT KERRY L. BLOOMINGDALE, M.D.'S MOTION TO DISMISS COUNTS I AND II OF THE COMPLAINT*

On July 18, 2005, Defendant Walter J. Kelly filed a motion to dismiss Counts I and II of the Complaint. Defendant Mediplex of Massachusetts, Inc. d/b/a SunBridge Care and Rehabilitation for Randolph filed a similar motion on August 1, 2005. Defendant Kerry Bloomingdale, M.D. ("Dr. Bloomingdale"), who included the affirmative defense of "failure to state a claim upon which relief may be granted" in his Answer to the Complaint, now joins in those motions. Dismissal of these claims is appropriate because the Plaintiff's Complaint does not include any allegations setting out a factual basis for her federal civil right claims under 42 U.S.C. § 1983 and 1985.

**I.       Section 1983**

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) there was a deprivation of a right protected by either the federal constitution or by a federal statute. The first element involves a fact-specific

inquiry wherein the Court must examine the relationship between the challenged action and the government. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

In the typical § 1983 case, the under color-of-law inquiry focuses on governmental employees and entities for conduct pursuant to their governmental duties and powers. Tennessee v. Garner, 471 U.S. 1, 5-7 (1985). The Plaintiff's Complaint, however, has set forth absolutely no evidence that Dr. Bloomingdale is a governmental entity, nor that he might be construed as a state actor. With respect to private parties, "It is 'only in rare circumstances' that private parties can be viewed as state actors." Estades-Negroni v. CPC Hospital, 412 F.3d 1, 4 (1st Cir. 2005). The courts have looked to three tests to determine whether a private party can be viewed as a state actor: the state compulsion test, the nexus/joint action test, and the public function test. Id. The third test, the public function test, asks whether the private party has performed a public function that traditionally is the exclusive province of the state. Plaintiff has made no such allegation. The state compulsion test asks whether the state coerced or provided significant encouragement to the private party. The nexus/joint action tests asks whether the private party is in a position of interdependence that it should be considered a joint participant. Id. Plaintiff's Complaint with respect to these two tests fails in a significant way: she has failed to set forth any facts which show Dr. Bloomingdale was coerced, encouraged or was interdependent with the Commonwealth of Massachusetts. In fact, the plaintiff fails to allege any involvement by the Commonwealth of Massachusetts or its' employees. Rather, she only alleges, "upon information and belief," that Dr. Bloomingdale was requested by either Attorney Kelly or Sunbridge to examine Mrs. Runge.

Sunbridge is a private entity, and Attorney Kelly is in private practice. At best, plaintiff has only alleged that Attorney Kelly petitioned the court to be appointed Mrs. Runge's guardian, which

in itself is not sufficient to convert Attorney Kelly into a state actor. "The fact that the defendants . . . invoked the assistance of the courts . . . is not sufficient to show a nexus or joint effort between the defendants and the state." Id. at 6, citing Bass v. Parkwood Hospital, 180 F.3d 234, 243 (5th Cir. 1999). Furthermore, the plaintiff has failed to allege that Dr. Bloomingdale had any significant relationship with Attorney Kelly, i.e. that he was coerced to render an opinion that Mrs. Runge was incompetent. It is also unlikely that plaintiff will be able to plead sufficient facts to show a conspiracy between Dr. Bloomingdale and Attorney Kelly. "[The plaintiff's] complaint consists of purely conclusory allegations that do not plead conspiracy sufficiently to transform [these private defendants] into state actors." See Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992). There has been a clear line of case law involving a private physician's decision to involuntarily commit a patient to a psychiatric facility. The courts have consistently held that the plaintiffs did not meet their burden of showing that these private physicians were state actors. E.g. Estades-Negroni v. CPC Hospital, et al., 412 F. 3d 1 (1st Cir 2005), Rockwell v. Cape Cod Hospital, et al., 26 F.3d 254 (1st Cir. 1994), Trimble v. Androscroggin Valley Hospital, Inc., et al., 847 F. Supp. 226 (D.N.H. 1994).

Plaintiff may point to Downs v. Sawtelle, 574 F.2d 1 (1st Cir. 1978), in which the court held a physician and hospital's conduct amounted to state action when they sterilized the plaintiff. The facts of Downs can be distinguished from the case at bar. In Downs, the hospital at issue had significant involvement with the state. Over thirty percent of its' operating budget was from government funds. Its entire board of directors were appointed by the local government. Any profits earned by the hospital were given to the local government. If the hospital were dissolved, all assets after the payment of debts would revert to the local government. Id. at 7. The physician in Downs was "not simply a private physician making use of the hospital's facilities." Id. at 9. He was Chief

of Staff and, by the hospital's bylaws, was significantly involved in the functioning of the hospital and the supervision of the clinical work of the hospital. Id. The plaintiff in the case at bar has not alleged sufficient facts to show the same degree of interrelationship between the state, Sunbridge and/or Dr. Bloomingdale. Although the plaintiff alleges, at Paragraph twenty-eight of the Complaint, that from January through April, 2003, she was "held captive and against her will," and that the co-defendants Kelly and Sunbridge "conspired to keep [her] in this state of diminished capacity," the first mention of Dr. Bloomingdale is not until Paragraph thirty-eight and that concerns his examination of the plaintiff on April 29, 2003. The Plaintiff has not, and cannot, prove that Dr. Bloomingdale acted under color of law. Just as an attorney is not a state actor, as Attorney Kelly correctly stated in his motion, neither is a physician.

Plaintiff has also failed to sufficiently allege a deprivation of a constitutional right with respect to Dr. Bloomingdale. Dr. Bloomingdale's only involvement in this matter was his evaluation of Mrs. Runge on April 29, 2003, and his conclusion that she was incompetent. The plaintiff, at Count III, alleges that this conclusion was arrived at negligently, and in violation of the expected standard of care. There is no allegation that Dr. Bloomingdale personally attempted to restrain Mrs. Runge, attempted to prevent her leaving Sunbridge, or that he participated in any of the activities plaintiff describes as having occurred prior to his evaluation, e.g. forced medication, and denial of access to a telephone or stamps. Because plaintiff has failed to sufficiently allege a deprivation of a constitutional right with respect to Dr. Bloomingdale and because plaintiff has failed to allege sufficient facts to show that Dr. Bloomingdale acted under color of law, Count I of her Complaint should be dismissed.

**II. Section 1985**

The Plaintiff also fails to allege the necessary elements of a claim under § 1985 (3). As the First Circuit has stated:

> Section 1985(3) proscribes certain enumerated conspiracies. To state a claim under [section] 1985 (3) a plaintiff must allege the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege. See Griffin v. Breckenridge, 403 U.S. 88, 102[(1971)].
>
> In Griffin, the Supreme Court placed a gloss on these four elements, effectively adding a fifth requirement. It construed the statute's references to "equal protection" and "equal privileges and immunities under the laws" to signify that a plaintiff may recover thereunder only when the conspiratorial conduct of which he complains is propelled by "some racial or perhaps otherwise class-based, invidiously discriminatory animus." Id.
>
> Aulson v. Blanchard, 83 F. 3d. 1,3 (1st Cir. 1996).

The Plaintiff has failed to establish a cognizable class that is allegedly being discriminated against. "The notion of a cognizable class includes two separate and distinct components. The first component focuses on the substantive characteristic defining the class, e.g. race or gender" Aulson, 83 F.3d at 4. "The second component, by contrast, focuses not on the particular defining characteristic of the putative class, but on whether there is any identifiable class at all." Id. at 5. Since the defining characteristic of the class identified by the Plaintiff is elderly women who have been allegedly taken advantage of financially and legally because of their age and gender, the putative class here is nothing "more than just a group of persons who bear the brunt of the same allegedly [illegal] behavior." Id. at 5. The First Circuit has clearly stated that a class "cannot be defined solely on the basis of the harm inflicted." Id., citing Creative Environments, Inc. v. Estabrook, 680 F. 2d 822 (1st Cir.), cert. denied, 459 U.S. 989 (1982). Accordingly, the Plaintiff cannot establish a cognizable class for purposes of § 1985 (3).

Even if the Plaintiff could establish a cognizable class, she cannot point to any evidence establishing a conspiracy "purposefully aimed at depriving th[e] class of its constitutional rights." Baxter v. Conte, 190 F. Supp. 2d 123, 129 (D. Mass. 2001). As the Supreme Court has stated, "the right must be aimed at[;]' its impairment must be a conscious objective of the enterprise." Bray v. Alexandria Women's Health Care Clinic, 506 U.S. 263, 275 (1993). The plaintiff has made no such showing here. Accordingly, the Plaintiff cannot establish facts to support a claim under § 1985 (3).

### III. Conclusion

Because the Plaintiff has failed to allege facts establishing either state action or the existence of a class being discriminated against, she cannot sustain her claims under 42 U.S.C. §§ 1983 or 1985. Defendant Dr. Bloomingdale therefore joins in Defendants Kelly's and SunBridge's Motions To Dismiss Counts I and II of the Complaint, and asks that his Motion To Dismiss be granted.

For the Defendant,
Kerry Bloomingdale, M.D.
By his attorney,

James S. Hamrock, Jr.
BBO # 219400
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142
(617) 496-5370

## CERTIFICATE OF SERVICE

I, **James Hamrock**, Attorney representing Defendant, *Kerry L. Bloomingdale, M.D.*, hereby certify that I have this **26th day of October, 2005** served the within:

**MEMORANDUM IN SUPPORT OF THE DEFENDANT KERRY L. BLOOMINGDALE, M.D.'S MOTION TO DISMISS COUNTS I AND II OF THE COMPLAINT**

**MOTION OF THE DEFENDANT KERRY L. BLOOMINGDALE, M.D.TO DISMISS COUNTS I AND II OF THE COMPLAINT**

upon the attorneys of record, by mailing copies of same, postage paid, as follows:

Glenn Davis, Esq.
Latsha, Davis, Yohe & McKenna, PC
P.O. Box 825
Harrisburg, PA 17108-0825

Blake J. Godbout, Esq.
David A. Conti, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

George C. Rockas, Esq.
Michele Carlucci, Esq.
Wilson, Elser, Moskowitz, Edelman
& Dicker, LLP
155 Federal Street
Boston, MA 02110-1727

_____
James S. Hamrock, Jr.
BBO # 219400
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142
(617) 496-5370