IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HELEN A. RUNGE, | : | |
| Plaintiff | : | |
| | : | No. 05-10849-RGS |
| v. | : | (Judge Stearns) |
| | : | |
| WALTER J. KELLY, et al. | : | CIVIL ACTION |
| Defendants | : | JURY TRIAL DEMANDED |

MEMORANDUM OF REASONS WHY MOTION
TO AMEND COMPLAINT SHOULD BE GRANTED

Helen A. Runge ("Plaintiff"), by and through her counsel, respectfully submits this Memorandum of Reasons in Support of her Motion to Amend the Complaint.

I.    FACTUAL BACKGROUND

Plaintiff filed her original Complaint on April 27, 2005, pleading counts both sounding in federal and state law. Counts I and II of the original Complaint were federal law claims under 42 U.S.C. §§ 1983 and 1985, which were dismissed by this Court's Memorandum and Order dated January 23, 2006. Of the remaining causes of action; Count III of the original Complaint is a state law claim of negligence; Count IV is a state law claim of breach of contract; and Count V is a state law claim of breach of fiduciary duty against Defendants Sunbridge and Kelly. By Scheduling Order dated April 4, 2006, the parties are permitted to amend pleadings until July 17, 2006. Plaintiff

now seeks leave to amend her Complaint, and incorporates by reference her Motion to Amend Complaint and Exhibit 1 to the Motion, the Amended Complaint.

## II.    REASONS WHY MOTION SHOULD BE GRANTED

Federal Rule of Civil Procedure 15 states that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Plaintiff now seeks to amend her Complaint to add certain causes of action, some of which are merely expanded causes of action from the original Complaint and some of which are alternative theories of recovery. Plaintiff's now stated causes of action all arise out of the same facts which were set forth in the original Complaint. Moreover, although the federal question jurisdiction counts were dismissed, jurisdiction remains with this Court due to diversity, Plaintiff being a resident of North Carolina. The type of amendment being requested has been held to be permissible under Federal Rule of Civil Procedure 15 by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962).

In *Foman,* once the petitioner's complaint was dismissed for failure to state a claim upon which relief might be granted, the petitioner filed motions to vacate the judgment and to amend the complaint. *See Foman v. Davis*, 371 U.S. 178, 179, 83 S.Ct. 227, 228 (1962). The Supreme Court held that the Court of Appeals erred "in affirming the District Court's denial of petitioner's motion to vacate the judgment in order to allow amendment of the complaint." *See id.* at 182, 230. The Supreme Court remanded the denial of the plaintiff's motion to vacate the judgment in order to allow amendment

of the complaint because "the amendment would have done no more than state an alternative theory for recovery." *See id.* The Supreme Court additionally stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.*

Here, for the first time, Plaintiff seeks to amend the Counts in the Complaint by adding and expanding theories of recovery. Accordingly, Plaintiff has not failed repeatedly to cure deficiencies as no prior amendment to the Complaint has been sought. Plaintiff proposes to amend the Complaint so that the following counts are pled: negligence against all Defendants; assault and battery against Defendant Sunbridge; false imprisonment against Defendants Sunbridge and Kelly; intentional and negligent infliction of emotional distress against Defendants Sunbridge and Kelly; breach of contract against Defendants Sunbridge and Kelly; breach of fiduciary duty against Defendants Sunbridge and Kelly; and abuse of process against Defendant

Kelly.[1] *See* Exhibit 1, Amended Complaint.  Plaintiff continues to rely on the facts

pleaded in her original Complaint.  Pursuant to the Supreme Court's holding *Foman*,

Plaintiff should be permitted to amend the Complaint so that she may fully test her

claims on the merits of the facts already pleaded.

Plaintiff respectfully submits that the proposed amendments to the Complaint

are viable causes of action under the originally-pleaded facts.  Some of the counts in the

amended Complaint only reiterate or expand the original counts in the Complaint, also

based on the facts originally pled.  Therefore, the amendment to the Complaint would

not be a futile undertaking.

The parties still are within the time period to complete fact discovery, according

to the Scheduling Order.  In fact, the parties are near the beginning of fact discovery

through both written discovery and depositions.  Accordingly, Defendants will not be

unduly prejudiced by an amendment to the Complaint at this point in the proceedings.

Finally, Plaintiff has shown no indication of undue delay, bad faith or dilatory motive in

requesting leave to file an amended Complaint.

---

[1] Plaintiff also intends to plead a cause of action against Defendant Kelly under the Massachusetts General Laws, Chapter 93A, 9.  However,  Plaintiff may not seek to amend the Complaint until 30 days have passed from Plaintiff's demands under chapter 93A made on July 13, 2006.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend Complaint should be granted.

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: July 17, 2006                    By____/s/ Glenn R. Davis_____
                                           Glenn R. Davis
                                           1700 Bent Creek Boulevard, Suite 140
                                           Mechanicsburg, PA 17050
                                           (717) 620-2424
                                           gdavis@ldylaw.com
                                           *Pro Hac Vice*

                                           Blake J. Godbout, BBO #196380
                                           BLAKE J. GODBOUT & ASSOCIATES
                                           33 Broad Street, 11th Floor
                                           Boston, MA 02109
                                           (617) 523-6677

                                    Attorneys for Plaintiff, Helen A. Runge