UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

No. 05-10849RGS

| |
|---|
| HELEN RUNGE,<br>       Plaintiff<br><br>v.<br><br>WALTER J. KELLY,<br>KERRY L. BLOOMINGDALE, M.D., and<br>SUNBRIDGE NURSING AND<br>REHABILITATION CENTER,<br>       Defendants |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT WALTER J. KELLY'S OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

NOW COMES the Defendant, Walter J. Kelly, ("Kelly"), and opposes the Plaintiff's Motion to Amend the Complaint. Defendant Kelly specifically opposes Plaintiff's Motion to Amend the Complaint and add counts against Defendant Kelly, including False Imprisonment (Count IX), Intentional Infliction of Emotional Distress (Count X), Negligent Infliction of Emotional Distress (Count XI) and Abuse of Process (Count XIV). In the alternative, Defendant Kelly seeks leave to serve additional discovery requests pertaining to the newly asserted counts. As grounds in support of this opposition, Defendant states the following:

1. The Plaintiff first filed her Complaint on April 27, 2005.

2. "Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, permission to amend 'shall be freely given when justice so requires.' This does not mean that this court should automatically grant such amendment." Picker Int'l v. Leavitt, 128 F.R.D. 3, 6 (D. Mass. 1989).

61871.1

3.  Motions to amend will not be allowed when they are a result of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.." Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962).

4.  Plaintiff acknowledges in her Motion to Amend that the proposed Amended Complaint contains the same facts as the original Complaint. Therefore, the Plaintiff knew or should have know of potential additional counts now asserted at the time of her initial Complaint.

5.  Plaintiff's Motion to Amend and add additional counts is not a result of newly discovered evidence. Instead, it is a result of undue delay, as the Plaintiff has had one year and over two months to assert these new counts.

6.  Defendant Kelly has been prejudiced by the Plaintiff's undue delay in that he has already served written discovery requests on the Plaintiff.

7.  Furthermore, Plaintiff has already delayed this litigation by failing to provide an initial disclosure pursuant to Rule 26(b)(2)(A) and failing to respond to Defendant Kelly's written discovery requests.

8.  Moreover, an amendment adding Count XIV, Abuse of Process, would be futile, as Plaintiff has pled no "process" used by Defendant Kelly as defined by Massachusetts law.

9.  To establish an abuse of process claim, a plaintiff must show that "(1) 'process' was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage." Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-76, 489 N.E.2d 185 (1986).

"Massachusetts courts have limited abuse of process actions to include three types of 'process': (1) writs of attachment; (2) the process used to institute a civil action; and (3) the process related to bringing a criminal charge." LoStracco v. LoStracco, 1996 Mass. Super. LEXIS 134 (Oct. 11, 1996), quoting Jones v. Brockton Public Markets, Inc., 369 Mass. 387, 390, 340 N.E.2d 484 (1975). "The scope of 'process' is narrow, and courts have been reluctant to expand its definition." Id., citing Chemawa County Gold, Inc. v. Wnuk, 9 Mass. App. Ct. 506, 402 N.E.2d 1069 (1980); Datacomm Interface, Inc., 396 Mass. 760, 775-76 (declined to extend "process to include injunction issued by the court).

10.   Plaintiff has alleged no such process was used by Defendant Kelly against her, and therefore allowance of the Motion to Amend the Complaint as to proposed Count XIV would be futile.

WHEREFORE, the Defendant, Walter J. Kelly, respectfully requests that this Honorable Court deny Plaintiff's Motion to Amend the Complaint.  In the alternative, the Defendant seeks an additional (10) Interrogatories and Requests for Production of Documents to be propounded upon the Plaintiff regarding the new counts against the Defendant.

Dated:  July 21, 2006

The Defendant,

Walter J. Kelly,
By his attorneys,

_s/ Michele Carlucci_
George C. Rockas, BBO #544009
Michele Carlucci, BBO #655211
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER  LLP
155 Federal Street
Boston, MA 02110
(617) 422-5400

61871.1

**CERTIFICATE OF SERVICE**

I, Michele Carlucci, certify that on July 21, 2006 I have served, by electronic filing and regular first class mail, a copy of the following:

1. Defendant Walter J. Kelly's Opposition to Plaintiff's Motion to Amend Complaint.

to all counsel of record:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050

Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345                    *s/ Michele Carlucci*
Boston, MA 02210-2414                                Michele Carlucci

61871.1