IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELEN A. RUNGE,<br>      Plaintiff<br><br>v.<br><br>WALTER J. KELLY, et al.,<br>      Defendants | :<br>:<br>:  No. 05-10849-RGS<br>:  (Judge Stearns)<br>:<br>:  CIVIL ACTION<br>:  JURY TRIAL DEMANDED |

**PLAINTIFF HELEN RUNGE'S OPPOSITION TO DEFENDANT
WALTER J. KELLY'S PARTIAL MOTION TO DISMISS COUNT XIV
OF THE AMENDED COMPLAINT AND MEMORANDUM OF REASONS
WHY MOTION SHOULD NOT BE GRANTED**

Helen A. Runge ("Plaintiff"), by and through her counsel, opposes Defendant Walter J. Kelly's Partial Motion to Dismiss Count XIV of the Amended Complaint, and respectfully submits this Memorandum of Reasons Why the Partial Motion Should Not Be Granted.

**I.      FACTUAL BACKGROUND**

Plaintiff filed her original Complaint on April 27, 2005, and filed an Amended Complaint on August 7, 2006, after being granted leave by the Court to do so. In the Amended Complaint, Plaintiff added multiple causes of action against Defendants, including an abuse of process claim in Count XIV against Defendant Walter J. Kelly ("Kelly"). Plaintiff avers in Count XIV of the Amended Complaint that Kelly used process through the filing of the guardianship petition he filed in order to become the guardian of Plaintiff. (*See* Amended Complaint ¶¶ 47, 107.) Plaintiff also avers that Kelly's institution of process was for the ulterior or illegitimate purpose of gaining control of and depleting Plaintiff's assets. (*See* Amended Complaint ¶ 108.) Plaintiff

109840

avers that she has suffered damages as a result of Kelly's abuse of process. (*See* Amended Complaint ¶109.)

In support of these averments, Plaintiff alleges in her Amended Complaint that Kelly filed an ex parte petition seeking to have himself appointed as guardian of Plaintiff. (*See* Amended Complaint ¶ 47.) Kelly enlisted the aid of Defendant Bloomingdale and Defendant Sunbridge in presenting his petition, misrepresenting facts to the court and having himself appointed guardian of Plaintiff. (*See* Amended Complaint ¶ 47.) Prior to his ex parte appointment as guardian of Plaintiff, Kelly notified North Carolina police local to Plaintiff and her daughter and son-in-law, and reported that she was being held by her daughter and son-in-law against her will. (*See* Amended Complaint ¶ 48.) This false reporting by Kelly was made for the purpose of aiding and abetting his scheme to have himself appointed as guardian of Plaintiff to gain control over her financial estate and to cause embarrassment and harm to both Plaintiff and her family. (*See* Amended Complaint ¶ 48.) Soon after Kelly's ex parte appointment as the guardian of Plaintiff, he undertook a scheme to distribute funds from her estate to make payment for services allegedly rendered by himself, Defendant Bloomingdale, Defendant Sunbridge and others. (*See* Amended Complaint ¶ 49.)

On August 7, 2006, Kelly filed a Partial Motion to Dismiss Count XIV of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. Plaintiff now opposes Kelly's motion and files this memorandum setting forth the reasons Kelly's motion should not be granted.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), the "Court must accept the complaint's allegations as true, indulging all reasonable inferences in favor of the plaintiff." *Hogan v. Eastern Enterprises/Boston Gas*, 165 F. Supp.2d 55, 57 (D. Mass. 2001) (internal quotations omitted) (citing *Kiely v. Raytheon Co.*, 105 F.3d 734, 735 (1st Cir. 1997)). The Supreme Court has declared that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Hughes v. McMenamon*, 204 F. Supp.2d 178, 180 (D. Mass. 2002) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

## III. ARGUMENT

In order to avoid dismissal of an abuse of process claim under Rule 12(b)(6), "a plaintiff must allege facts which are sufficient to support the propositions that: (1) 'process' was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage." *Jones v. Brockton Public Markets, Inc.*, 340 N.E.2d 484, 485 (Mass. 1975) (citations omitted). Plaintiff avers these necessary elements of an abuse of process claim in her Amended Complaint, and has alleged facts to support the claim, which facts must be accepted as true for the purpose of the motion.

In his Partial Motion to Dismiss, Kelly only argues that Plaintiff has not alleged a type of process that may be a proper basis for an abuse of process action. The Massachusetts courts have limited the types of process on which abuse of process may

be based to "writs of attachment, the process used to institute a civil action, and the process related to the bringing of criminal charges." *Id.* at 486 (citations omitted).

### A. Process to Bring Party Within Court's Jurisdiction Includes Initiation of Guardianship Proceedings

It is well-established that "in the context of abuse of process, 'process' refers to the papers issued by a court to bring a party or property within its jurisdiction." *See id.* However, Kelly conveniently omits this clear definition of process from his argument to dismiss Plaintiff's abuse of process claim. It is difficult to fathom many proceedings in which a party is more within the jurisdiction of the court than in a guardianship proceeding, where the court has such power and jurisdiction over the proposed ward or ward as to alter the person's ability to act on his or her own behalf, including making decisions regarding the person's own body.

The Probate Court has jurisdiction not only to hear a guardianship petition, but also has a "general equitable power to act in all matters relating to guardianships" pursuant to M.G.L.A. c. 201, § 6. *Guardianship of Bassett*, 385 N.E.2d at 1029; *see* M.G.L.A. c. 201, § 6. For example, in guardianship proceedings based on mental illness, the Probate Court may appoint a guardian or appoint physicians or other certain medical providers to examine the proposed ward. *See* M.G.L.A. c. 201, § 6. The court may also authorize the ward to be admitted or committed to a mental health or retardation facility if it finds this to be in the best interests of the ward; the guardian may not admit or commit the ward without the court's approval. *See* M.G.L.A. c. 201, § 6. Further, the court must authorize the use of antipsychotic medicine by the ward

before the guardian has the authority to consent to such treatment. *See* M.G.L.A. c. 201, § 6.

Therefore, the person(s) filing a guardianship petition and the proposed ward are brought squarely within the jurisdiction of the Probate Court once a guardianship proceeding is initiated. Kelly clearly used process here when he filed a guardianship petition in order to gain guardianship of Plaintiff, because the filing of the petition brought both Plaintiff and Kelly properly within the jurisdiction of the court. Kelly initiated this process while knowing that Plaintiff had dismissed him as her counsel and power of attorney and furthermore knowing that Plaintiff had chosen not only to have her daughter serve in that capacity but also to reside with her daughter and son-in-law in North Carolina. Accordingly, Plaintiff has properly stated a claim for abuse of process, and Kelly's Partial Motion to Dismiss Count XIV of the Amended Complaint must be denied.

**B.     Guardianship Proceeding Is a Civil Action**

Kelly argues that the filing of a guardianship petition does not constitute process under the law for the purpose of an abuse of process claim, but does not cite any authority to support this conclusion. Plaintiff does not assert that filing a guardianship petition is a writ of attachment or the bringing of criminal charges, but does contend that Kelly's filing of a guardianship proceeding in the Massachusetts Probate Court in order to gain guardianship of Plaintiff, which has been shown above to be "process," does fall into the category of "the process used to institute a civil action."

The Appeals Court of Massachusetts has analogized the initiation of a guardianship proceeding by petition and notice to the initiation of a civil action pursuant to the Massachusetts Civil Rules of Procedure by complaint and summons. *See Guardianship of Bassett*, 385 N.E.2d 1024, 1030-1031 (Mass. App. Ct. 1979). In *Bassett*, the court looked at two different statutes that address the guardianship of a person who was mentally retarded. *See id.* In matters under M.G.L.A. c. 201 § 6A, which is applicable to guardianship proceedings of persons who are mentally retarded, a party is required to initiate a guardianship proceeding by petition and notice. *See id.* at 1030. However, matters under M.G.L.A. c. 215 § 6, which grants probate courts jurisdiction of all matters in which equitable relief is sought relative to guardianships, are governed by the Massachusetts Rules of Civil Procedure.[1] Rules 3 and 4 require all civil actions to be commenced by complaint and summons. *See id.*

The *Bassett* court was asked by the Probate Court to determine whether the parties were required to begin guardianship proceedings via petition under M.G.L.A. c. 201 § 6A *and* via complaint under M.G.L.A. c. 215 § 6, as both statutes are applicable. *See id.* (emphasis added). The court stated that it saw "no great procedural obstacle if the [Probate] court uses c. 215, § 6, to flesh out its actions with regard to the

---

[1] The *Bassett* court explained that:

> The problem arises from the traditional separation of the strictly probate and equity functions of a Probate Court [sic] a separation the Rules continue to some extent the appointment of guardians falling within the former (and commenced by petition) and equity matters pertaining to guardianships falling within the latter (and commenced by complaint), with an admitted fusion of the two functions in many circumstances.

*See id.*

guardianship without a second proceeding, treating the petition and notice *as the equivalent* of a complaint and summons for that purpose." *See id.* at 1030 (emphasis added). Therefore, the court acknowledged that the guardianship proceeding is a civil action by contemplating whether a complaint and summons are necessary pursuant to the Massachusetts Rules of Civil Procedure to satisfy the requirements to initiate a civil action. Because the court held that the petition/notice procedure was equivalent to the complaint/summons procedure, the parties could proceed without filing a complaint and summons as is required normally to initiate a civil action.

The Appeals Court of Massachusetts has more recently emphasized the civil nature of guardianship proceedings. *See Guardianship of Jackson*, 814 N.E.2d 393, 395 (Mass. App. Ct. 2004). In *Jackson*, like in the guardianship proceeding initiated by Kelly, the petitioners sought custody of the ward (their son) based on his mental illness, pursuant to M.G.L.A. c. 201, § 6. *See id.* at 396. The *Jackson* court granted temporary custody, but ultimately held that petitioners did not sustain their burden of showing that their son was not mentally incompetent due to mental illness at the time of trial. *See id.* at 398. In beginning its analysis, the court explained that "[g]uardianship proceedings in the Probate Court are civil in nature." *See id.* at 395. The court cited *Bassett*, stating that "matters under G.L. c. 215, § 6 are "governed by the Massachusetts Rules of Civil Procedures."" *See id.* Therefore, the court again embraced the concept that a guardianship proceeding is a civil action.

Kelly's initiation of the guardianship proceeding to obtain guardianship over Plaintiff simply is the initiation of a civil action and, accordingly, may serve as the basis

for an abuse of process cause of action. Because Plaintiff has properly stated a claim for abuse of process, Kelly's Partial Motion to Dismiss Count XIV of the Amended Complaint must be denied.

### III. CONCLUSION

For the foregoing reasons, Defendant Walter J. Kelly's Partial Motion to Dismiss Count XIV of the Amended Complaint should be denied and dismissed.

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: August 21, 2006                By       /s/ Glenn R. Davis
                                               Glenn R. Davis, Esq.
                                               Attorney ID 31040
                                               1700 Bent Creek Boulevard, Suite 140
                                               Mechanicsburg, PA 17050
                                               (717) 620-2424
                                               gdavis@ldylaw.com
                                               *Pro Hac Vice*

                                               Blake J. Godbout, BBO #196380
                                               BLAKE J. GODBOUT & ASSOCIATES
                                               33 Broad Street, 11th Floor
                                               Boston, MA 02109
                                               (617) 523-6677
                                               blake@bjgalaw.com

                                               Attorneys for Plaintiff, Helen A. Runge

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

> James S. Hamrock, Jr.
> Hamrock & Tocci
> 101 Main Street, 18th Floor
> Cambridge, MA 02142
> jhamrock@htclaw.com
>
> Michele Carlucci
> George S. Rockas
> Wilson Elser Moskowitz Edelman & Dicker LLP
> 155 Federal Street
> Boston, MA 02110
> michele.carlucci@wilsonelser.com
> george.rockas@wilsonelser.com
>
> Michael Williams
> Lawson & Weitzen, LLP
> 88 Black Falcon Avenue, Suite 145
> Boston, MA 02210-1736
> mwilliams@lawson-weitzen.com

Dated: August 21, 2006        /s/ Glenn R. Davis
                              Glenn R. Davis

109840