IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELEN A. RUNGE,<br>    Plaintiff | :<br>:<br>: No. 05-10849-RGS |
| v. | : (Judge Stearns)<br>: |
| WALTER J. KELLY, et al.,<br>    Defendants | : CIVIL ACTION<br>: JURY TRIAL DEMANDED |

**PLAINTIFF HELEN RUNGE'S OPPOSITION TO DEFENDANT KELLY'S MOTION TO COMPEL PLAINTIFF TO SUBMIT TO A MENTAL EXAMINATION AND MEMORANDUM OF REASONS WHY MOTION SHOULD NOT BE GRANTED**

Helen A. Runge ("Plaintiff"), by and through her counsel, opposes Defendant Walter J. Kelly's Motion to Compel Plaintiff to Submit to a Mental Examination, and respectfully submits this Memorandum of Reasons Why the Motion Should Not Be Granted.

**I.    FACTUAL BACKGROUND**

Plaintiff filed her original Complaint on April 27, 2005, and filed an Amended Complaint on August 7, 2006. The fact discovery period in this matter is scheduled to end on December 22, 2006. On September 29, 2006, Kelly filed a Motion to Compel Plaintiff to Submit to a Mental Examination pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 35. Plaintiff now opposes Kelly's motion and files this memorandum setting forth the reasons Kelly's motion should not be granted.

**II.   STANDARD OF REVIEW**

A discovery dispute must be addressed under Local Rule 37.1 of the United States District Court for the District of Massachusetts ("Local Rule"), which provides for

the procedure to be followed when discovery disputes occur. Parties must confer in good faith regarding discovery disputes. Local Rule 37.1. The moving party in a discovery dispute has the obligation to arrange for a discovery conference where a discovery dispute exists. Local Rule 37.1. Additionally, Local Rule 7.1 requires a movant to confer and attempt to resolve and narrow issues with opposing counsel.

An order for a mental examination may be issued by the Court only when the mental condition of a party is in controversy. Fed.R.Civ.P. 35(a). Additionally, "[t]he order may be made on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Fed.R.Civ.P. 35(a).

### III.    ARGUMENT

The taking of a mental examination is a discovery device. *Schlagenhauf v. Holder*, 379 U.S. 104, 116, 85 S.Ct. 234, 242 (1964); Fed.R.Civ.P. 35(a). Kelly's counsel has made a request of Plaintiff's counsel that Plaintiff submit to a mental examination. Plaintiff's counsel questioned the need for such examination. After counsel for Kelly indicated it was to determine whether Plaintiff was competent for deposition, counsel for Plaintiff indicated the request was premature, as Plaintiff's deposition should first be taken by Kelly and then revisit the issue. The Local Rule regarding discovery disputes states in pertinent part:

> Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent. It

> shall be the responsibility of counsel for the moving party to arrange for the conference. . . . Failure of opposing counsel to respond to a request for a discovery conference within seven (7) days of the request shall be grounds for sanctions, which may include automatic allowance of the motion.

Local Rule 37.1(a).

The moving party only may file a discovery motion if opposing counsel failed to respond to a request for or to attend a discovery conference, or if the disputed issues are not resolved at the discovery conference. Local Rule 37.1 (b). "The motion shall include a certificate in the margin of the last page that the provisions of this rule have been complied with." Local Rule 37.1 (b). The memorandum accompanying the motion shall state with particularity, in pertinent part, if a discovery conference was not held, the reasons why it was not. Local Rule 37.1 (b)(1).

Kelly has failed to request a discovery conference. Yet, Kelly has addressed this discovery dispute by filing a motion to compel a mental examination. This motion to compel is premature, as Kelly has violated Local Rule 37.1 requiring him to first arrange a discovery conference to address any discovery dispute. Kelly failed to certify in his motion that he complied with the provisions of Local Rule 37.1. Also, Kelly failed to follow Local Rule 37.1 in that he did not address whether a discovery conference was held in his memorandum in support of this motion. Accordingly, Plaintiff requests that this Honorable Court deny and dismiss Kelly's Motion to Compel Plaintiff to Submit to a Mental Examination.

Kelly further has failed to comply with Local Rule 7.1. While counsel's representation that no response was received is certainly correct, she fails to state that

no position on the motion was ever sought. In fact, her conversation primarily dealt with the location for the depositions of Plaintiff's daughter and son-in-law in North Carolina. Counsel raised the issue of a mental examination asserting that it would be needed to facilitate Plaintiff's deposition which she had noticed for Boston. Counsel for Plaintiff suggested that such position would dictate that the deposition first take place so she could make her own determination of Plaintiff's mental status. Moreover she failed to comply with the requirements of Fed.R.Civ.P. 35. An order requiring a party to submit to a mental examination "shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Fed.R.Civ.P. 35(a). Kelly has provided none of this information, other than requesting that Plaintiff submit to "a psychiatric evaluation within 30 days in a location convenient for the Plaintiff." Plaintiff has failed to enable this Honorable Court to comply with the mandates in Fed.R.Civ.P. 35 that any order it issues include the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. Accordingly, Plaintiff requests that this Honorable Court deny and dismiss Kelly's Motion to Compel Plaintiff to Submit to a Mental Examination.

Ultimately, Kelly must show good cause for the issuance of an order compelling Plaintiff to submit to a mental examination. However, "[t]he Federal Rules of Civil Procedure should be liberally construed, but they should not be expanded by disregarding plainly expressed limitations." *Schlagenhauf,* 379 U.S. at 121, 85 S.Ct. at 244. Because Kelly has neither complied with the discovery dispute requirements of Local Rule 37.1 nor has complied with the requirements of Fed.R.Civ.P. 35, the merits of

Kelly's motion to compel must not be reached. To the extent that this Court chooses to address the underlying merits of this motion despite Kelly's repeated failures to comply with civil procedure rules, Plaintiff has not conceded that her mental condition is in controversy as required by Fed.R.Civ.P. 35. Kelly argues that he must have the opportunity to have an evaluation of Plaintiff's competency in part to determine whether a deposition of Plaintiff "would be of any use." However, Plaintiff has already noticed Plaintiff's deposition for November 15, 2006, in Charlotte, North Carolina, a location to which Plaintiff specifically disagreed, it being more than one hour's travel from Plaintiff's home. Kelly's argument regarding Plaintiff's deposition cannot constitute good cause because, even if this Court grants Kelly's order immediately that Plaintiff must submit to an examination, that examination surely will occur *after* Plaintiff's deposition, thereby rendering this argument moot.

Kelly also argues that mental capacity is at issue by attaching Plaintiff's medical information as exhibits. Without addressing the issue that these exhibits are not in evidence and cannot be used for the stated purpose, Kelly's argument misses the point. Plaintiff's mental capacity in 2003 does not justify a mental examination today.

Finally, Kelly relies on the fact that Plaintiff's power of attorney originally verified Plaintiff's response to Kelly's Interrogatories. However, in addition to the submission by the power of attorney, a response to Kelly's Interrogatories signed by Plaintiff has been provided to Kelly. Kelly's attempt to show that Plaintiff's initial response signature via her power of attorney indicates that Plaintiff may have been "unable" to sign her response is inapplicable to this motion and cannot constitute good

cause to force Plaintiff to submit to an examination. Accordingly, Plaintiff requests that this Honorable Court deny and dismiss Kelly's Motion to Compel Plaintiff to Submit to a Mental Examination.

### III. CONCLUSION

For the foregoing reasons, Defendant Walter J. Kelly's Motion to Compel Plaintiff to Submit to a Mental Examination should be denied and dismissed and sanctions awarded to Plaintiff, Helen A. Runge.

                            Respectfully submitted,

                            LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: October 13, 2006           By   /s/ Glenn R. Davis
                                           Glenn R. Davis, Esq.
                                           Attorney ID 31040
                                           1700 Bent Creek Boulevard, Suite 140
                                           Mechanicsburg, PA 17050
                                           (717) 620-2424
                                           gdavis@ldylaw.com
                                           *Pro Hac Vice*

                                           Blake J. Godbout, BBO #196380
                                           BLAKE J. GODBOUT & ASSOCIATES
                                           33 Broad Street, 11th Floor
                                           Boston, MA 02109
                                           (617) 523-6677
                                           blake@bjgalaw.com

                                           Attorneys for Plaintiff, Helen A. Runge

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

>James S. Hamrock, Jr.
>Hamrock & Tocci
>101 Main Street, 18th Floor
>Cambridge, MA 02142
>jhamrock@htclaw.com
>
>Michele Carlucci
>George S. Rockas
>Wilson Elser Moskowitz Edelman & Dicker LLP
>155 Federal Street
>Boston, MA 02110
>michele.carlucci@wilsonelser.com
>george.rockas@wilsonelser.com
>
>Michael Williams
>Lawson & Weitzen, LLP
>88 Black Falcon Avenue, Suite 145
>Boston, MA 02210-1736
>mwilliams@lawson-weitzen.com

Dated: October 13, 2006                /s/ Glenn R. Davis
                                          Glenn R. Davis