IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HELEN A. RUNGE, | : | |
| Plaintiff | : | |
| | : | No. 05-10849-RGS |
| v. | : | (Judge Stearns) |
| | : | |
| WALTER J. KELLY, et al. | : | CIVIL ACTION |
| Defendants | : | JURY TRIAL DEMANDED |

**MEMORANDUM OF REASONS IN SUPPORT OF MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT**

Helen A. Runge ("Plaintiff"), by and through her counsel, respectfully submits this Memorandum of Reasons in Support of her Motion for Leave to File a Second Amended Complaint.

I.   FACTUAL BACKGROUND

Plaintiff filed her original Complaint on April 27, 2005, pleading counts sounding both in federal and state law. Counts I and II of the original Complaint were federal law claims under 42 U.S.C. §§ 1983 and 1985, which were dismissed by this Court's Memorandum and Order dated January 23, 2006. Plaintiff filed a Motion to Amend Complaint on July 17, 2006, in which Plaintiff stated that she intended to plead a cause of action against Defendant Kelly under the Massachusetts General Laws, Chapter 93A ("Chapter 93A"). Plaintiff had made a written demand for relief pursuant to Chapter 93A on July 13, 2006, from Defendant Kelly. Under Chapter 93A § 9, Defendant Kelly was permitted to respond to such demand within 30 days, during which time Plaintiff

could not file an action based on Chapter 93A and therefore could not include this cause of action in the initial Amended Complaint.

By Order entered July 28, 2006, this Court granted Plaintiff's Motion to Amend Complaint. Plaintiff filed her Amended Complaint on August 7, 2006. By correspondence dated August 10, 2006, Defendant Kelly rejected Plaintiff's written demand for relief under Chapter 93A. Plaintiff now seeks leave to file a Second Amend Complaint to add the additional cause of action under Chapter 93A against Defendant Kelly as referenced in Plaintiff's initial Motion to Amend Complaint. Plaintiff incorporates by reference her Motion for Leave to File a Second Amended Complaint and Exhibit 1 to this Motion, the Second Amended Complaint.

## II.   REASONS WHY MOTION SHOULD BE GRANTED

Federal Rule of Civil Procedure 15 states that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Plaintiff now seeks to amend her Complaint to add one cause of action pursuant to Chapter 93A against Defendant Kelly. Plaintiff's proposed cause of action arises out of the same facts which were set forth in the original Complaint and in the Amended Complaint. Moreover, although the federal question jurisdiction counts were dismissed, jurisdiction remains with this Court due to diversity, Plaintiff being a resident of North Carolina. The type of amendment being requested has been allowed by the Appeals Court of Massachusetts in a Commonwealth case involving a Chapter 93A claim, and has been

held to be permissible under Federal Rule of Civil Procedure 15 by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962).

The Appeals Court of Massachusetts has held that a plaintiff may amend his complaint to include a cause of action for violations of Chapter 93A, even though the defendant argued that the written demand should have been made prior to the commencement of the action. *Tarpey v. Crescent Ridge Dairy, Inc.*, 713 N.E.2d 975, 983 (Mass. App. Ct. 1999). In *Tarpey*, the plaintiff served a demand letter under Chapter 93A fourteen months after his filing of an action against the same party to which the demand letter was served. *Id.* Approximately sixteen months after the plaintiff filed his initial complaint, the plaintiff then filed a motion to file a second amended complaint, "reciting the service of the 93A demand letter and the response thereto," which amendment the court allowed. *Id.*

In *Foman*, once the petitioner's complaint was dismissed for failure to state a claim upon which relief might be granted, the petitioner filed motions to vacate the judgment and to amend the complaint. *Foman v. Davis*, 371 U.S. 178, 179, 83 S.Ct. 227, 228 (1962). The Supreme Court held that the Court of Appeals erred "in affirming the District Court's denial of petitioner's motion to vacate the judgment in order to allow amendment of the complaint." *Id.* at 182, 230. The Supreme Court remanded the denial of the plaintiff's motion to vacate the judgment in order to allow amendment of the complaint because "the amendment would have done no more than state an alternative theory for recovery." *Id.* The Supreme Court additionally stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.*

Here, Plaintiff seeks to amend the Counts in the Amended Complaint by adding one theory of recovery of which all parties have had prior notice. Accordingly, Plaintiff has not failed repeatedly to cure deficiencies as no prior amendment to the Complaint based on Chapter 93A could have been made at the time the other amendments were sought. Plaintiff continues to rely on the facts pleaded in her original Complaint. Pursuant to the Supreme Court's holding *Foman*, Plaintiff should be permitted to amend the Complaint so that she may fully test her claims on the merits of the facts already pleaded.

Plaintiff respectfully submits that the proposed additional cause of action is viable under the originally-pleaded facts. Therefore, the amendment to the Complaint would not be a futile undertaking.

The parties still are within the time period to complete fact discovery. Further, all parties have been put on notice as to the cause of action contemplated under Chapter 93A, especially Defendant Kelly to whom the written demand for relief was directed via counsel. Accordingly, Defendants will not be unduly prejudiced by this single amendment to the Amended Complaint at this point in the proceedings. Finally, Plaintiff has shown no indication of undue delay, bad faith or dilatory motive in requesting leave to file an a Second Amended Complaint.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File a Second Amended Complaint should be granted.

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: December 13, 2006         By____/s/ Glenn R. Davis_____
                                  Glenn R. Davis
                                  1700 Bent Creek Boulevard, Suite 140
                                  Mechanicsburg, PA 17050
                                  (717) 620-2424
                                  gdavis@ldylaw.com
                                  *Pro Hac Vice*

                                  Blake J. Godbout, BBO #196380
                                  BLAKE J. GODBOUT & ASSOCIATES
                                  33 Broad Street, 11th Floor
                                  Boston, MA 02109
                                  (617) 523-6677

                                  Attorneys for Plaintiff, Helen A. Runge

112103                              5

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

> James S. Hamrock, Jr.
> Hamrock & Tocci
> 101 Main Street, 18th Floor
> Cambridge, MA 02142
> jhamrock@htclaw.com
>
> Michele Carlucci
> George S. Rockas
> Wilson Elser Moskowitz Edelman & Dicker LLP
> 155 Federal Street
> Boston, MA 02110
> michele.carlucci@wilsonelser.com
> george.rockas@wilsonelser.com
>
> Michael Williams
> Lawson & Weitzen, LLP
> 88 Black Falcon Avenue, Suite 145
> Boston, MA 02210-1736
> mwilliams@lawson-weitzen.com

Dated: December 13, 2006       /s/ Glenn R. Davis
                                   Glenn R. Davis