UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

No. 05-10849RGS

| HELEN RUNGE, |
| Plaintiff |
| |
| v. |
| |
| WALTER J. KELLY, |
| KERRY L. BLOOMINGDALE, M.D., and |
| SUNBRIDGE NURSING AND |
| REHABILITATION CENTER, |
| Defendants |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT WALTER J. KELLY'S OPPOSITION TO
PLAINTIFF'S SECOND MOTION TO AMEND THE COMPLAINT**

NOW COMES the Defendant, Walter J. Kelly, ("Kelly"), and opposes the Plaintiff's Second Motion to Amend the Complaint to add a count against Defendant Kelly under Chapter 93A (Count XVI).

On July 17, 2006, Plaintiff previously sought leave to Amend the Complaint and add additional counts against Defendant Kelly, including False Imprisonment (Count IX), Intentional Infliction of Emotional Distress (Count X), Negligent Infliction of Emotional Distress (Count XI) and Abuse of Process (Count XIV). Pursuant to the Scheduling Order in this matter, the deadline for amendments to pleadings was July 17, 2006. Defendant now seeks to add an additional count (Count XVI) long after the time for amendments has passed. As additional grounds in support of this opposition, Defendant states the following:

1.     The Plaintiff first filed her Complaint on April 27, 2005.

71250.1

2. "Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, permission to amend 'shall be freely given when justice so requires.' This does not mean that this court should automatically grant such amendment."  Picker Int'l v. Leavitt, 128 F.R.D. 3, 6 (D. Mass. 1989).

3. Motions to amend will not be allowed when they are a result of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.."  Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962).

4. Plaintiff acknowledged in both her First and Second Motions to Amend that the proposed Amended Complaints contain the same facts as the original Complaint. Therefore, the Plaintiff knew or should have known of potential additional count under Chapter 93A at the time of her initial Complaint.  Plaintiff argues that she did not seek to amend the Complaint to add the Chapter 93A count against Kelly upon her first motion back in July of 2006 because the thirty-day time period for Kelly to respond to the purported Chapter 93A demand letter had not yet expired at the time of the motion. However, this argument does not, and cannot, explain why Plaintiff unduly delayed in adding the Chapter 93A when the plaintiff admits that her factual allegations have not changed since her initial Complaint.

5. Therefore, Plaintiff's Second Motion to Amend is not a result of newly discovered evidence.  Instead, it is a result of undue delay, as the Plaintiff has had one year and about 8 months to assert this new count.  Moreover, Defendant responded to

71250.1

plaintiff's purported Chapter 93A demand letter back in July of 2006 – almost five full months ago.

6.      Defendant Kelly has been prejudiced by the Plaintiff's undue delay in that he has already served written discovery requests on the Plaintiff, and discovery is set to close on December 22, 2006.

7.      Plaintiff's untimely motion, filed on the eve of the closing of discovery, amounts to bad faith and should not be allowed.

WHEREFORE, the Defendant, Walter J. Kelly, respectfully requests that this Honorable Court deny Plaintiff's Second Motion to Amend the Complaint.  In the alternative, should the Court allow Plaintiff's motion, the Defendant seeks an additional (10) Interrogatories and Requests for Production of Documents to be propounded upon the Plaintiff regarding the new count against the Defendant.

Dated:  December 20, 2006                              The Defendant,

                                                       Walter J. Kelly,
                                                       By his attorneys,


                                                              s/ Michele Carlucci
                                                       George C. Rockas, BBO #544009
                                                       Michele Carlucci, BBO #655211
                                                       WILSON ELSER MOSKOWITZ
                                                       EDELMAN & DICKER  LLP
                                                       155 Federal Street
                                                       Boston, MA 02110
                                                       (617) 422-5400

71250.1

**CERTIFICATE OF SERVICE**

I, Michele Carlucci, certify that on December 20, 2006 I have served, by electronic filing and regular first class mail, a copy of the following:

1. Defendant Walter J. Kelly's Opposition to Plaintiff's Motion to Amend Complaint.

to all counsel of record:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050

Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345                    _____*s/ Michele Carlucci*_____
Boston, MA 02210-2414                                                Michele Carlucci

71250.1