UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO: 05-CV-10849 (RGS)

*******************************************
HELEN RUNGE                                  *
                                             *
         PLAINTIFF                           *
vs.                                          *
                                             *
WALTER J. KELLY,                             *
KERRY L. BLOOMINGDALE, M.D.,                 *
AND SUNBRIDG NURSING AND                     *
REHABILITATION CENTER                        *
                                             *
         DEFENDANTS                          *
*******************************************

## ANSWER AND JURY CLAIM OF THE DEFENDANT KERRY L. BLOOMINGDALE, M.D. TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT

### I. JURISDICTION

The defendant Kerry L. Bloomingdale, M.D. (Dr. Bloomingdale) admits that he is a resident of and has a principal place of business in Massachusetts. Dr. Bloomingdale is without sufficient information to admit or deny whether the plaintiff at all times relevant to this action has been a resident of North Carolina. Dr. Bloomingdale denies that the amount in controversy, at least as to so much of the Second Amended Complaint as concerns him, exceeds $75,000.

### II. VENUE

If the plaintiff in fact has been at all times relevant to this action a resident of North Carolina, the defendant Dr. Bloomingdale would admit the allegations regarding venue.

### III. PARTIES

1.      The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph one of the plaintiff's Second Amended Complaint.

2.      The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph two of the plaintiff's Second Amended Complaint.

3.      The defendant, Dr. Bloomingdale, admits the allegations contained in paragraph three of the plaintiff's Second Amended Complaint.

4.      The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph four of the plaintiff's Second Amended Complaint.

### IV. BACKGROUND

6. (sic) The defendant Dr. Bloomingdale admits that plaintiff was born in 1915, but is without sufficient information to admit or deny the remaining allegations in paragraph six of plaintiff's Second Amended Complaint.

7.      The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph seven of the plaintiff's Second Amended Complaint.

8.      The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph eight of the plaintiff's Second Amended Complaint.

9.      The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph nine of the plaintiff's Second Amended Complaint.

10.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph ten of the plaintiff's Second Amended Complaint.

11.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph eleven of the plaintiff's Second Amended Complaint.

12.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph twelve of the plaintiff's Second Amended Complaint.

13.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph thirteen of the plaintiff's Second Amended Complaint.

14.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph fourteen of the plaintiff's Second Amended Complaint.

15.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph fifteen of the plaintiff's Second Amended Complaint.

16.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph sixteen of the plaintiff's Second Amended Complaint.

17.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph seventeen of the plaintiff's Second Amended Complaint.

18. The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph eighteen of the plaintiff's Second Amended Complaint.

19. The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph nineteen of the plaintiff's Second Amended Complaint.

20. The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph twenty of the plaintiff's Second Amended Complaint.

21. The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph twenty-one of the plaintiff's Second Amended Complaint.

22. The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph twenty-two of the plaintiff's Second Amended Complaint.

23. The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph twenty-three of the plaintiff's Second Amended Complaint.

24. The defendant, Dr. Bloomingdale, admits that on or about January 22, 2003, the plaintiff was admitted to Sunbridge, a skilled care facility, but he is without sufficient information to admit or deny the remaining allegations of paragraph twenty-four of the plaintiff's Second Amended Complaint.

25. The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph twenty-five of the plaintiff's Second Amended Complaint.

26. The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph twenty-six of the plaintiff's Second Amended Complaint.

27. The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph twenty-seven of the plaintiff's Second Amended Complaint.

28. The defendant, Dr. Bloomingdale is without sufficient information to admit or deny the allegations of the last two sentences of paragraph twenty-eight of plaintiff's Second Amended Complaint, but he denies the remaining allegation of this paragraph.

29. The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph twenty-nine of the plaintiff's Second Amended Complaint.

30. The defendant, Dr. Bloomingdale, denies so of much paragraph thirty of the plaintiff's Second Amended Complaint that appears to allege that he directly or indirectly insisted that the plaintiff take medication or that it would be forced upon her if she refused; he is without insufficient information to admit or deny the remaining allegations of this paragraph.

31.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph thirty-one of the plaintiff's Second Amended Complaint.

32.     The defendant, Dr. Bloomingdale, denies the allegations contained in paragraph thirty-two of the plaintiff's Second Amended Complaint.

33.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph thirty-three of the plaintiff's Second Amended Complaint.

34.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph thirty-four of the plaintiff's Second Amended Complaint.

35.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph thirty-five of the plaintiff's Second Amended Complaint.

36.     The defendant, Dr. Bloomingdale, admits that on April 29, 2003 he performed a mental health diagnosis and treatment evaluation of the plaintiff in her room, but he denies the remaining allegations of paragraph thirty-six of the plaintiff's Second Amended Complaint.

37.     The defendant, Dr. Bloomingdale, denies the allegations contained in paragraph thirty-seven of the plaintiff's Second Amended Complaint.

38.     The defendant, Dr. Bloomingdale, denies the allegations contained in paragraph thirty-eight of the plaintiff's Second Amended Complaint.

39.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations of the first three sentences of paragraph thirty-nine of the plaintiff's Second Amended Complaint, but he denies the remaining allegations of this paragraph.

40.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph forty of the plaintiff's Second Amended Complaint.

41.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph forty-one of the plaintiff's Second Amended Complaint.

42.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph forty-two of the plaintiff's Second Amended Complaint.

43.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph forty-three of the plaintiff's Second Amended Complaint.

44.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph forty-four of the plaintiff's Second Amended Complaint.

45.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph forty-five of the plaintiff's Second Amended Complaint.

46.     No responsive pleading is required of the defendant, Dr. Bloomingdale, to paragraph forty-six of the plaintiff's Second Amended Complaint, because the paragraph sets out various regulations that it alleges the co-defendant facility is required to adhere to.  To the extent that said paragraph could be read to allege any misconduct, wrongdoing or negligence directly or indirectly against Dr. Bloomingdale, the defendant Dr. Bloomingdale denies any such allegations.

47.     The defendant, Dr. Bloomingdale, denies the allegations of the last sentence of paragraph forty-seven of the plaintiff's Second Amended Complaint, and he is without sufficient information to admit or deny the remaining allegations of this paragraph.

48.     The defendant, Dr. Bloomingdale, is without sufficient information to admit or deny the allegations contained in paragraph forty-eight of the plaintiff's Second Amended Complaint.

49.     The defendant, Dr. Bloomingdale, denies the allegations contained in paragraph forty-nine of the plaintiff's Second Amended Complaint.

## COUNT I

### Negligence
### (vs. Bloomingdale)

50.     The defendant Dr. Bloomingdale restates his above answers to paragraphs 1 through 49 of the plaintiff's Second Amended Complaint.

51.     The defendant Dr. Bloomingdale denies the allegations of paragraph fifty-one of the plaintiff's Second Amended Complaint.

52.     The defendant Dr. Bloomingdale denies the allegations of paragraph fifty-two of the plaintiff's Second Amended Complaint.

        The next unnumbered paragraph states a demand for Judgment, which demand is denied by the defendant Dr. Bloomingdale.

## COUNT II

### Negligence
### (vs. Defendant Sunbridge)

5

53-55. Count II, including paragraphs fifty-three through fifty-five and the subsequent unnumbered paragraph, purports to state a claim against a defendant other than the defendant, Dr. Bloomingdale, so no response is required of him to the allegations of this Count.

### COUNT III

### Negligence
### (vs. Defendant Kelly)

56-58. Count III, including paragraphs fifty-six through fifty-eight and the subsequent unnumbered paragraph, purports to state a claim against a defendant other than the defendant, Dr. Bloomingdale, so no response is required of him to the allegations of this Count.

### COUNT IV

### Assault and Battery
### (vs. Defendant Sunbridge)

59-62. Count IV, including paragraphs fifty-nine through sixty-two and the subsequent unnumbered paragraph, purports to state a claim against a defendant other than the defendant, Dr. Bloomingdale, so no response is required of him to the allegations of this Count.

### COUNT V

### False Imprisonment
### (vs. Defendant Sunbridge)

63-66. Count V, including paragraphs sixty-three through sixty-six and the subsequent unnumbered paragraph, purports to state a claim against a defendant other than the defendant, Dr. Bloomingdale, so no response is required of him to the allegations of this Count.

### COUNT VI

### Intentional Infliction of Emotional Distress
### (vs. Defendant Sunbridge)

67-71. Count VI, including paragraphs sixty-three through sixty-six and the subsequent unnumbered paragraph, purports to state a claim against a defendant other than the defendant, Dr. Bloomingdale, so no response is required of him to the allegations of this Count.

### COUNT VII

### Negligent Infliction of Emotional Distress
### (vs. Defendant Sunbridge)

72-77. Count VII, including paragraphs seventy-two through seventy-seven and the subsequent unnumbered paragraph, purports to state a claim against a defendant other than the defendant, Dr. Bloomingdale, so no response is required of him to the allegations of this Count.

### COUNT VIII

### Breach of Contract
### (vs. Defendant Sunbridge)

78-81. Count VIII, including paragraphs seventy-eight through eighty-one and the subsequent unnumbered paragraph, purports to state a claim against a defendant other than the defendant, Dr. Bloomingdale, so no response is required of him to the allegations of this Count.

### COUNT IX

### False Imprisonment
### (vs. Defendant Kelly)

82-85. Count IX, including paragraphs eighty-two through eighty-five and the subsequent unnumbered paragraph, purports to state a claim against a defendant other than the defendant, Dr. Bloomingdale, so no response is required of him to the allegations of this Count.

### COUNT X

### Intentional Infliction of Emotional Distress
### (vs. Defendant Kelly)

86-90. Count X, including paragraphs eighty-six through ninety and the subsequent unnumbered paragraph, purports to state a claim against a defendant other than the defendant, Dr. Bloomingdale, so no response is required of him to the allegations of this Count.

### COUNT XI

### Negligent Infliction of Emotional Distress
### (vs. Defendant Kelly)

91-96. Count XI, including paragraphs ninety-one through ninety-six and the subsequent unnumbered paragraph, purports to state a claim against a defendant other than the defendant, Dr. Bloomingdale, so no response is required of him to the allegations of this Count.

### COUNT XII

### Breach of Contract
### (vs. Defendant Kelly)

97-100. Count XII, including paragraphs ninety-seven through one hundred and the subsequent unnumbered paragraph, purports to state a claim against a defendant other than the defendant, Dr. Bloomingdale, so no response is required of him to the allegations of this Count.

### COUNT XIII

### Breach of Fiduciary Duty
### (vs. Defendant Kelly)

101-105. Count XIII, including paragraphs one hundred one through one hundred five and the subsequent unnumbered paragraph, purports to state a claim against a defendant other than the defendant, Dr. Bloomingdale, so no response is required of him to the allegations of this Count.

### COUNT XIV

### Abuse of Process
### (vs. Defendant Kelly)

106-109. Count XIV, including paragraphs one hundred six through one hundred nine and the subsequent unnumbered paragraph, purports to state a claim against a defendant other than the defendant, Dr. Bloomingdale, so no response is required of him to the allegations of this Count.

### COUNT XV

### Breach of Fiduciary Duty
### (vs. Defendant Kelly)

110-111. Count XV, including paragraphs one hundred ten and one hundred eleven and the subsequent unnumbered paragraph, purports to state a claim against a defendant other than the defendant, Dr. Bloomingdale, so no response is required of him to the allegations of this Count.

### COUNT XVI

### Violation of M.G.L. c. 93A
### (vs. Defendant Kelly)

112-120. Count XVI, including paragraphs one hundred twelve through one hundred twenty and the subsequent unnumbered paragraph, purports to state a claim against a defendant other than the defendant, Dr. Bloomingdale, so no response is required of him to the allegations of this Count.
THE DEFENDANT KERRY BLOOMINGDALE, M.D. ASSERTS THE FOLLOWING AFFIRMATIVE DEFENSES:

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

If the plaintiff was injured because of intentional and/or negligent action, any such action was done by individuals and/or entities not directed nor controlled by the defendant Dr. Bloomingdale.

## THIRD AFFIRMATIVE DEFENSE

If the plaintiff was injured because of negligent action of Dr. Bloomingdale (which alleged negligence he denies) , the plaintiff's own negligence was a substantial factor in causing her injuries, and if that negligence of the plaintiff is found to exceed percentage-wise the negligence of Dr. Bloomingdale, then the plaintiff is barred from recovery by the law of comparative negligence.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff's own negligence was a substantial factor in causing her alleged injuries, and if that negligence is found to be less percentage-wise than the alleged negligence of Dr. Bloomingdale, then the law of contributory negligence requires that any damages awarded to the plaintiff be reduced by the percentage of her own negligence.

THE DEFENDANT KERRY BLOOMINGDALE, M.D.  RESERVES THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES AS THE DISCOVERY PROCESS MAY SHOW TO BE WARRANTED.

## JURY CLAIM

THE DEFENDANT KERRY BLOOMINGDALE, M.D. CLAIMS A TRIAL BY JURY ON ALL ISSUES.

    Respectfully submitted,
    For the Defendant,
    Kerry L. Bloomingdale, M.D.
    By his attorney,

    /s/ *James S. Hamrock, Jr.*

James S. Hamrock, Jr.
BBO # 219400
Hamrock & Tocci
101 Main Street
Cambridge, MA 02142
(617) 496-5370

## Certificate of Service

    I, **James S. Hamrock, Jr.**, Attorney representing Defendant, **Kerry L. Bloomingdale, M.D.,** hereby certify that I have this **9th day of January, 2007** filed the within **Answer and Jury Claim of the Defendant Kerry L. Bloomingdale, M.D. to the Plaintiff's Second Amended Complaint** through the ECF system, and certify that the within pleading will be served electronically upon the attorneys of record, as identified on the Notice of Electronic Filing (NEF).

/s/ *James S. Hamrock, Jr.*
James S. Hamrock, Jr.
BBO # 219400
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA  02142
(617) 496-5370