UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

No. 05-10849RGS

| |
|---|
| HELEN RUNGE,<br>                    Plaintiff<br><br>v.<br><br>WALTER J. KELLY,<br>KERRY L. BLOOMINGDALE, M.D., and<br>SUNBRIDGE NURSING AND<br>REHABILITATION CENTER,<br>                    Defendants |

### DEFENDANT WALTER J. KELLY'S ANSWER
### TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT

#### I.   Jurisdiction

The Defendant admits that he is a resident of Massachusetts, and that he has a principal place of business in Massachusetts. The Defendant is without sufficient information to respond to the allegations concerning the other parties' principal places of business and/or residences. The remainder of this section of Plaintiff's Amended Complaint characterizes the allegations in the Amended Complaint, constitutes statements of law, and contains no allegations of fact, therefore no further response is required.

#### II.   Venue

This section of the Amended Complaint constitutes a statement of law and contains no allegations of fact. Therefore, the Defendant need not respond.

72392.1

### III.    Parties

1.    The Defendant has insufficient information either to admit or deny the allegations in paragraph 1 of the Amended Complaint.

2.    The Defendant admits the allegations in paragraph 2 of the Amended Complaint.

3.    The Defendant admits that Kerry L. Bloomingdale, M.D., is a licensed medical practitioner, but has insufficient information either to admit or deny the remainder of allegations in paragraph 3 of the Amended Complaint.

4.    The Defendant admits that Sunbridge Nursing and Rehabilitation Center has a business address of 49 Thomas Patten Drive, Randolph, Massachusetts 02368, but has insufficient information either to admit or deny the remainder of allegations in paragraph 4 of the Amended Complaint.

### IV.    Background

6.[sic]   The Defendant admits that Helen A. Runge, born in 1915, was a lifetime resident of Boston, Massachusetts.  Further answering, Defendant Kelly states that Ms. Runge was abducted and taken to North Carolina in late April 2003 to live with her daughter, Dorothy Stanley, and son-in-law, Gilbert Stanley.  Defendant denies the remainder of allegations in paragraph 6 of the Amended Complaint.

7.    The Defendant admits that Runge was born in South Boston, Massachusetts, to Lithuanian parents and was married for a short period of time, and had one daughter Dorothy Stanley nee Runge as a result of the union.  The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 7 of the Amended Complaint.

8. Defendant denies that Runge lived and worked in the Boston area until April 2003 as a single person. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 8 of the Amended Complaint.

9. The Defendant admits the allegations in paragraph 9 of the Amended Complaint.

10. Upon information and belief, the Defendant admits the allegations in paragraph 10 of the Amended Complaint.

11. The Defendant has insufficient information either to admit or deny whether Runge always managed her own affairs including her finances. The Defendant admits the remainder of allegations in paragraph 11 of the Amended Complaint.

12. The Defendant admits that Kerr shared office space with Defendant Kelly, but denies the remainder of allegations in paragraph 12 of the Amended Complaint.

13. The Defendant admits that in 2001 Runge contacted Defendant Kelly to provide her with legal assistance as a result of her decision to and in preparation of entering an assisted living facility, Marian Manor. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 13 of the Amended Complaint.

14. The Defendant admits that at the time of the decision to enter Marian Manor, Runge, who was still living in the Hyde Park section of Boston, was 85 years of age. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 14 of the Amended Complaint.

15. The Defendant admits that Runge was aware of Marian Manor in South Boston. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 15 of the Amended Complaint.

16. The Defendant admits that after having visited the facility, Runge moved into Marian Manor in July 2001. The Defendant denies the remainder of allegations in paragraph 16 of the Amended Complaint.

17. The Defendant denies the allegations in paragraph 17 of the Amended Complaint.

18. The Defendant has insufficient information either to admit or deny the allegations in paragraph 18 of the Amended Complaint.

19. The Defendant admits the allegations in paragraph 19 of the Amended Complaint.

20. The Defendant denies that Kelly knew of these facts and failed to act on behalf of Runge. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 20 of the Amended Complaint.

21. The Defendant admits that Runge reported the allegations to Bayview and that she called 911. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 21 of the Amended Complaint.

22. The Defendant admits that Defendant Kelly had seen Runge on approximately two occasions in the preceding six months and that Defendant Kelly had no firsthand knowledge of the need for such evaluation. The Defendant denies the remainder of allegations in paragraph 22 of the Amended Complaint.

23. The Defendant admits that before she left Bayview, Runge asked Defendant Kelly what would become of her and her possessions, that Defendant Kelly indicated that he would take care of them, and that Runge made Defendant Kelly aware that her few remaining possessions which were in and decorated her living quarters at Bayview were important to her. The Defendant further admits that he charged Runge for actual work

performed. The Defendant denies the remainder of allegations contained in paragraph 23 of the Amended Complaint.

24. The Defendant admits that Runge was discharged from Carney Hospital and was not returned to Bayview, but rather was taken to and admitted to Sunbridge. The Defendant denies the remainder of allegations contained in paragraph 24 of the Amended Complaint.

25. The Defendant has insufficient information either to admit or deny that Runge had no previous experience with or knowledge of Defendant Sunbridge. The Defendant admits that Runge had questioned Defendant Kelly as to when she could be discharged from Carney Hospital, questioning options with Defendant Kelly as to where she could then live. The Defendant denies the remainder of allegations in paragraph 25 of the Amended Complaint.

26. The Defendant denies the allegations in paragraph 26 of the Amended Complaint.

27. The Defendant admits that on several occasions Runge requested that Defendant Kelly facilitate her move. The Defendant has insufficient information either to admit or deny that Runge found the living conditions and care at Defendant Sunbridge to be deplorable and unacceptable. The Defendant denies the remainder of allegations in paragraph 27 of the Amended Complaint.

28. The Defendant has insufficient information either to admit or deny that Runge was a private pay resident which allowed Defendant Sunbridge to collect higher daily rates than from its Medical Assistance residents. Defendant denies the remainder of allegations in paragraph 28 of the Amended Complaint.

29. The Defendant denies that Defendant Kelly refused to act on Runge's request that he have her medications stopped or adjusted and that he have her moved to other living accommodations and further denies that Runge was being against her will and that he would do nothing to assist her. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 29 of the Amended Complaint.

30. The Defendant denies that when Runge questioned her need to take medication, not only management at the nursing home, but also Defendant Kelly insisted that she take the medication indicating that if she refused to take medication, it would be forced upon her. The Defendant admits that Defendant Kelly was going to seek temporary guardianship in order to obtain court instructions regarding her medication. The Defendant also admits that Dorothy Stanley and her husband advised Defendant Kelly that they felt Runge was being overmedicated by the care providers at Defendant Sunbridge and that the Stanleys indicated that Defendant Kelly should not take any action to appoint a guardian and that they would travel to Boston from North Carolina residence, arriving Wednesday, April 30, to assess the situation. The Defendant denies the remainder of allegations in paragraph 30 of the Amended Complaint.

31. The Defendant admits that on or about April 29, 2003, Runge's daughter, Dorothy Stanley, along with her husband, visited Runge in her room at Defendant Sunbridge. The Defendant denies that Defendant Kelly had advised the staff to not provide records to the family of Runge. In fact, Defendant Kelly told Sunbridge to give them her records. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 31 of the Amended Complaint.

72392.1

32. The Defendant denies that Runge had not been provided with adequate clothing and personal hygiene products and that these alleged actions constitute abuse. Defendant further denies that Runge had not been given money in order to purchase these items or to purchase writing stationary or stamps and that Runge had been denied access to the phone in order to be able to call her daughter. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 32 of the Amended Complaint.

33. The Defendant admits that Dorothy Stanley left him a message in his voicemail to set up a meeting the next day, but denies the remainder of allegations in paragraph 33 of the Amended Complaint. The Defendant further answers that Dorothy Stanley failed to provide a telephone number by which to reach her.

34. The Defendant has insufficient information either to admit or deny the allegations in paragraph 34 of the Amended Complaint. Further answering, Defendant knows of no good or otherwise valid reason why Helen Runge would not want him to act on her behalf.

35. The Defendant admits that at that time there was no adjudication that Runge was incapacitated or lacked the capacity to make such appointments, but the Defendant further answers that there was a medical certification that indicated she could not handle medical or financial decisions and that said medical certification speaks for itself. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 35 of the Amended Complaint.

36. The Defendant has insufficient information either to admit or deny the allegations in paragraph 36 of the Amended Complaint.

37.  The Defendant has insufficient information either to admit or deny the allegations in paragraph 37 of the Amended Complaint.

38.  The Defendant admits that Defendant Kelly requested that Defendant Bloomingdale render her medical opinion regarding Runge's competency.  To the extent that the allegations suggest that the medical opinion itself was directed by Defendant Kelly, the Defendant denies such allegations.  The Defendant denies that Defendant Kelly had no authority to act on Runge's behalf and denies that the medical opinion was a result of a brief and solitary interaction with Runge.  The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 38 of the Amended Complaint.

39.  The Defendant denies that management of Defendant Sunbridge was acting at the direction or in concert with Defendant Kelly in refusing to allow Runge to be discharged.  The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 39 of the Amended Complaint.

40.  The Defendant has insufficient information either to admit or deny the allegations concerning what the staff of Defendant Sunbridge told Dorothy and Gilbert Stanley.  However, Defendant further answers stating that Defendant Kelly directed that the visit should be supervised.  The Defendant admits that Defendant Kelly had not returned their phone call, but further answers that it was impossible for him to return the call because the Stanleys did not leave a phone number.  The Defendant denies that he was orchestrating a scheme to hold Runge at the facility against her will and denies that Defendant Sunbridge had made Defendant Kelly aware that his power of attorney had

been revoked by Runge. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 40 of the Amended Complaint.

41. The Defendant has insufficient information either to admit or deny the allegations in paragraph 41 of the Amended Complaint.

42. The Defendant has insufficient information either to admit or deny the allegations in paragraph 42 of the Amended Complaint.

43. The Defendant denies that Runge resides at her children's residence in North Carolina today and denies that Defendant Kelly received a phone call advising him of Runge's wellbeing and that she could be contacted at her new residence in North Carolina with her daughter, Dorothy Stanley. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 43 of the Amended Complaint.

44. The Defendant has insufficient information either to admit or deny the allegations in paragraph 44 of the Amended Complaint.

45. The Defendant admits that at no time did Runge authorize Defendant Kelly to act on her behalf as a temporary guardian. The Defendant also admits that on April 30, 2003, the Defendant Kelly contacted Hyde Park Credit Union and Member Service Credit Union, directing both financial institutions to freeze Runge's accounts until the matter could be heard by a court. The Defendant denies that he was not concerned with Runge's medical wellbeing. The Defendant also denies the remainder of allegations in paragraph 45 of the Amended Complaint.

72392.1

46. Paragraph 46 of the Amended Complaint contains conclusions of law no allegations of fact, and therefore the Defendant need not respond. To the extent that allegations of fact are made, they are denied.

47. The Defendant admits that on or about May 2, 2003, three days after Runge had left Defendant Sunbridge's facility, Defendant Kelly filed an ex parte petition seeking to have himself appointed as guardian of Runge, and that he enlisted the aid of Defendant Bloomingdale and Defendant Sunbridge in presenting his petition. The Defendant denies that he misrepresented facts to the court. The Defendant also denies that he had been notified that Runge had made a choice to leave Sunbridge voluntarily and that she was safe and well and living with her daughter in North Carolina and further states that based upon known facts, Runge did not voluntarily leave Sunbridge and in fact, lacked the requisite capacity to decide whether leaving would be in her best interests and otherwise appropriate. The Defendant has insufficient information either to admit or deny the remainder of allegations in paragraph 47 of the Amended Complaint.

48. The Defendant denies the allegations in paragraph 48 of the Amended Complaint.

49. The Defendant denies the allegations in paragraph 49 of the Amended Complaint.

**COUNT I**

**<u>Negligence</u>**
**(vs. Bloomingdale)**

50.-52. Count I and paragraphs 50-52 are not directed against Defendant Kelly, and therefore Defendant Kelly need not respond.

## COUNT II

### Negligence
### (vs. Defendant Sunbridge)

53.-55.   Count II and paragraphs 53-55 are not directed against Defendant Kelly, and therefore Defendant Kelly need not respond.

## COUNT III

### Negligence
### (vs. Defendant Kelly)

56.   The Defendant repeats and incorporates herein his answers to paragraphs 1 through 55 of the Amended Complaint.

57.   The Defendant denies the allegations in paragraph 57 of the Amended Complaint.

58.   The Defendant denies the allegations in paragraph 58 of the Amended Complaint.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment of dismissal, and award him his costs and attorney fees, and for other relief as this Court may deem just and equitable.

## COUNT IV

### Assault and Battery
### (vs. Defendant Sunbridge)

59.-62.   Count IV and paragraphs 59-62 are not directed against Defendant Kelly, and therefore Defendant Kelly need not respond.

## COUNT V

### False Imprisonment
### (vs. Defendant Sunbridge)

63.-66.   Count V and paragraphs 63-66 are not directed against Defendant Kelly, and therefore Defendant Kelly need not respond.

## COUNT VI

### Intentional Infliction of Emotional Distress
### (vs. Defendant Sunbridge)

67.-71.   Count VI and paragraphs 67-71 are not directed against Defendant Kelly, and therefore Defendant Kelly need not respond.

## COUNT VII

### Negligent Infliction of Emotional Distress
### (vs. Defendant Sunbridge)

72.-77.   Count VII and paragraphs 72-77 are not directed against Defendant Kelly, and therefore Defendant Kelly need not respond.

## COUNT VIII

### Breach of Contract
### (vs. Defendant Sunbridge)

78.-81.   Count VII and paragraphs 78-81 are not directed against Defendant Kelly, and therefore Defendant Kelly need not respond.

## COUNT IX

### False Imprisonment
### (vs. Defendant Kelly)

82.   The Defendant repeats and incorporates herein his answers to paragraphs 1 through 81 of the Amended Complaint.

83.   The Defendant denies the allegations in paragraph 83 of the Amended Complaint.

84.   The Defendant denies the allegations in paragraph 84 of the Amended Complaint.

85.   The Defendant denies the allegations in paragraph 85 of the Amended Complaint.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment of dismissal, and award him his costs and attorney fees, and for other relief as this Court may deem just and equitable.

## COUNT X

### Intentional Infliction of Emotional Distress
### (vs. Defendant Kelly)

86.   The Defendant repeats and incorporates herein his answers to paragraphs 1 through 85 of the Amended Complaint.

87.   The Defendant denies the allegations in paragraph 87 of the Amended Complaint.

88.   The Defendant denies the allegations in paragraph 88 of the Amended Complaint.

89.   The Defendant denies the allegations in paragraph 89 of the Amended Complaint.

90.   The Defendant denies the allegations in paragraph 90 of the Amended Complaint.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment of dismissal, and award him his costs and attorney fees, and for other relief as this Court may deem just and equitable.

72392.1

## COUNT XI

### Negligent Infliction of Emotional Distress
### (vs. Defendant Kelly)

91. The Defendant repeats and incorporates herein his answers to paragraphs 1 through 90 of the Amended Complaint.

92. The Defendant denies the allegations in paragraph 92 of the Amended Complaint.

93. The Defendant denies the allegations in paragraph 93 of the Amended Complaint.

94. The Defendant denies the allegations in paragraph 94 of the Amended Complaint.

95. The Defendant denies the allegations in paragraph 95 of the Amended Complaint.

96. The Defendant denies the allegations in paragraph 96 of the Amended Complaint.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment of dismissal, and award him his costs and attorney fees, and for other relief as this Court may deem just and equitable.

## COUNT XII

### Breach of Contract
### (vs. Defendant Kelly)

97. The Defendant repeats and incorporates herein his answers to paragraphs 1 through 96 of the Amended Complaint.

98. The Defendant admits the allegations in paragraph 98 of the Amended Complaint.

99. The Defendant denies the allegations in paragraph 99 of the Amended Complaint.

100. The Defendant denies the allegations in paragraph 100 of the Amended Complaint.

72392.1

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment of dismissal, and award him his costs and attorney fees, and for other relief as this Court may deem just and equitable.

## COUNT XIII

### Breach of Fiduciary Duty
### (vs. Defendant Kelly)

101.    The Defendant repeats and incorporates herein his answers to paragraphs 1 through 101 of the Amended Complaint.

102.    The Defendant admits that he was Plaintiff's attorney.  The remainder of paragraph 102 of the Amended Complaint contains conclusions of law to which no response is necessary.

103.    The Defendant admits that he was Plaintiff's Health Care Proxy and had Power of Attorney over the Plaintiff.  The remainder of paragraph 103 of the Amended Complaint contains conclusions of law to which no response is necessary.

104.    The Defendant admits that he was Plaintiff's Guardian.  The remainder of paragraph 104 of the Amended Complaint contains conclusions of law to which no response is necessary.

105.    The Defendant denies the allegations in paragraph 105 of the Amended Complaint.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment of dismissal, and award him his costs and attorney fees, and for other relief as this Court may deem just and equitable.

## COUNT XIV

### Abuse of Process
### (vs. Defendant Kelly)

106. The Defendant repeats and incorporates herein his answers to paragraphs 1 through 105 of the Amended Complaint.

107. The Defendant states that the allegations contained in paragraph 107 of the Amended Complaint seek conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the same.

108. The Defendant denies the allegations in paragraph 108 of the Amended Complaint.

109. The Defendant denies the allegations in paragraph 109 of the Amended Complaint.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment of dismissal, and award him his costs and attorney fees, and for other relief as this Court may deem just and equitable.

## COUNT XV

### Breach of Fiduciary Duty
### (vs. Defendant Sunbridge)

110.-111. Count XV and paragraphs 110-111 are not directed against Defendant Kelly, and therefore Defendant Kelly need not respond.

72392.1

## COUNT XVI

### Violation of M.G.L. c. 93A
### (vs. Defendant Kelly)

112.  The Defendant repeats and incorporates herein his answers to paragraphs 1 through 111 of the Amended Complaint.

113.  Defendant Kelly admits that he is an attorney licensed to practice law in the Commonwealth of Massachusetts.  The remainder of paragraph 113 contains a conclusion of law, rather than an allegation of fact, to which no response is necessary.

114.  Defendant Kelly denies the allegations contained in paragraph 114 of the Amended Complaint.

115.  Defendant Kelly denies that he committed any unfair and deceptive acts and/or practices.

116.  Defendant Kelly admits that he received a letter through his counsel from Plaintiff dated July 13, 2006, purporting to be a demand for relief under M.G.L. c. 93A §9.  Defendant denies that the purported demand was sufficient under M.G.L. c. 93A §9.

117.  Defendant Kelly admits that he responded to the purported Demand Letter, through counsel, denying liability.  Defendant denies the remainder of allegations in paragraph 118 of the Amended Complaint.

118.  Defendant Kelly admits the allegations contained in paragraph 118 of Plaintiff's Amended Complaint.

119.  Defendant Kelly denies the allegations contained in paragraph 119 of the Amended Complaint.

72392.1

120.    Defendant Kelly denies the allegations contained in paragraph 120 of the Amended Complaint.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment of dismissal, and award him his costs and attorney fees, and for other relief as this Court may deem just and equitable.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff is barred from recovery because this action has not been brought within the applicable statute of limitations.

3. Any damages sustained by plaintiff were caused by individuals for whose conduct Defendant was not responsible.

5. The Plaintiff lacks the capacity to bring a lawsuit.

6. This Court lacks jurisdiction.

7. Any liability on the part of the Defendant Kelly must be reduced or is barred by the plaintiff's comparative negligence.

8. This action is barred by the clean hands doctrine.

9. This action is barred by the doctrine of res judicata and collateral estoppel.

10. Defendant Kelly is immune from liability pursuant to M.G.L. c. 201D §8 and under the principles articulated in the July 24, 1997 letter issued by the Massachusetts Attorney General.

The Defendant reserves the right to amend the Answer if the pending Partial Motion to Dismiss is denied.

72392.1

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

| | |
|---|---|
| Dated:  January 12, 2007 | Respectfully submitted,<br><br>The Defendant,<br>Walter J. Kelly,<br>By his attorneys,<br><br>         *s/ Michele Carlucci*         <br>George C. Rockas, BBO #544009<br>Michele Carlucci, BBO #655211<br>WILSON ELSER MOSKOWITZ<br>EDELMAN & DICKER  LLP<br>155 Federal Street<br>Boston, MA 02110<br>(617) 422-5400 |

72392.1

**CERTIFICATE OF SERVICE**

       I, Michele Carlucci, certify that on January 12, 2007, I have served a copy of the forgoing to all counsel of record by first class mail and by electronic filing:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050

Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-2414

                                              *s/ Michele Carlucci*
                                               Michele Carlucci

72392.1