IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HELEN A. RUNGE,                          :
          Plaintiff                          :
                                         :    No. 05-10849-RGS
       v.                                   :    (Judge Stearns)
                                         :
WALTER J. KELLY, et al.                   :    CIVIL ACTION
          Defendants                        :    JURY TRIAL DEMANDED

## MOTION FOR ENLARGEMENT OF TIME TO SUBMIT EXPERT REPORT AS TO DEFENDANT SUNBRIDGE

AND NOW, COMES, Plaintiff, Helen A. Runge ("Plaintiff"), by and through her counsel, and motions for an enlargement of time to submit her expert report as to Defendant, Sunbridge Nursing and Rehabilitation Center ("Defendant Sunbridge") and states the following:

1.      On April 27, 2005, Plaintiff filed with this Honorable Court her initial Complaint.

2.      Plaintiff filed an Amended Complaint on August 7, 2006, as permitted by Court Order entered July 28, 2006, and a Second Amended Complaint on January 8, 2007, as permitted by Court Order entered January 5, 2007.

3.      Plaintiff is required by Scheduling Order dated April 4, 2006, to submit her expert reports by January 15, 2007, which time period has not expired.

4.    Plaintiff has been diligent in pursuing discovery and requesting relevant documentation from Defendant Sunbridge that is essential for adequate expert review of Defendant Sunbridge's actions.

5.    Defendant Sunbridge has not produced significant documentation needed for an expert review of Defendant Sunbridge's actions.

6.    On or about May 19, 2006, Plaintiff served a Request for Production of Documents on Defendant Sunbridge.  *See* Plaintiff's Request for Production of Documents attached as Exhibit A.

7.    Defendant Sunbridge responded to Plaintiff's Request for Production of Documents on or about October 6, 2006.  *See* Defendant Sunbridge's Responses to Plaintiff's Request for Production of Documents attached as Exhibit B.

8.    By correspondence dated November 2, 2006, Plaintiff requested that Defendant Sunbridge identify documents withheld from its response as a result of numerous objections or produce the requested documents.  *See* Plaintiff's Correspondence to Defendant Sunbridge date November 2, 2006 attached as Exhibit C and incorporated herein as if set forth at length.

9.    Plaintiff also requested in its November 2, 2006 correspondence that Defendant Sunbridge supplement its response with documents responsive to the requests that were answered by Defendant Sunbridge as stating there were no documents at the time of response.

10.    By correspondence dated November 21, 2006, Defendant Sunbridge submitted a Privilege Log to Plaintiff of those documents that Defendant Sunbridge

withheld from its Responses to Plaintiff's Request for Production of Documents only based on a claim of privilege. *See* Defendant Sunbridge's Privilege Log attached as Exhibit D.

11.    By correspondence dated December 22, 2006, Plaintiff again contacted Defendant Sunbridge about its inadequate response to the Request for Production of Documents, and for resolution of the outstanding issues within the next week. *See* Plaintiff's Correspondence to Defendant Sunbridge dated December 22, 2006 attached as Exhibit E and incorporated herein as if set forth at length.

12.    Plaintiff has received no response to its December 22, 2006 correspondence.

13.    Some documents that Plaintiff has requested from Defendant Sunbridge but not received include the following: (1) resident assessment protocols; (2) policy and procedure manuals regarding management, nursing, employee training, social services, quality control and other issues; (3) job descriptions for the positions of the medical director, administrator, director of nursing and director of social services; (4) census reports and/or records with resident acuity information during Plaintiff's residency at Defendant Sunbridge; and (5) organizational charts and/or corporate structures of Defendant Sunbridge.

14.    By correspondence dated January 11, 2006, Plaintiff requested a discovery conference with Defendant Sunbridge regarding its inadequate responses, which request is pending.

15.    Plaintiff respectfully requests that this Honorable Court grant Plaintiff an enlargement of time to file her expert report as to Defendant Sunbridge because Defendant Sunbridge has not produced documents necessary for expert review of Defendant Sunbridge's actions.

16.    In support of the instant Motion, Plaintiff incorporates her Memorandum of Reasons In Support of Motion for Enlargement of Time to Submit Expert Report as to Defendant Sunbridge.

WHEREFORE, Plaintiff, Helen A. Runge, respectfully requests that this Honorable Court grant Plaintiff's Motion for Enlargement of Time to Submit Expert Report as to Defendant Sunbridge.

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: January 12, 2006    By____ /s/ Glenn R. Davis_____
Glenn R. Davis
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050
(717) 620-2424
gdavis@ldylaw.com
*Pro Hac Vice*

Blake J. Godbout, BBO #196380
BLAKE J. GODBOUT & ASSOCIATES
33 Broad Street, 11th Floor
Boston, MA  02109
(617) 523-6677

Attorneys for Plaintiff, Helen A. Runge

## LOCAL RULE 7.1 CERTIFICATION

I, Glenn R. Davis, counsel for Plaintiff, Helen A. Runge, certify that we have contacted counsel for Defendants Walter J. Kelly, Kerry L. Bloomingdale, M.D., and Sunbridge Nursing and Rehabilitation Center regarding Plaintiff Helen A. Runge's Motion for Enlargement of Time to Submit Expert Report as to Defendant Sunbridge. Counsel for Defendants Kerry L. Bloomingdale, Walter J. Kelly and Sunbridge Nursing and Rehabilitation Center have not yet provided their position, whether it be concurrence or nonconcurrence, with the presentation of this motion.

Dated: January 12, 2006         /s/ Glenn R. Davis
                                Glenn R. Davis

112774

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the

attorney of record for each party by electronic transmission.

> James S. Hamrock, Jr.
> Hamrock & Tocci
> 101 Main Street, 18th Floor
> Cambridge, MA 02142
> jhamrock@htclaw.com
>
> Michele Carlucci
> George S. Rockas
> Wilson Elser Moskowitz Edelman & Dicker LLP
> 155 Federal Street
> Boston, MA 02110
> michele.carlucci@wilsonelser.com
> george.rockas@wilsonelser.com
>
> Michael Williams
> Lawson & Weitzen, LLP
> 88 Black Falcon Avenue, Suite 145
> Boston, MA 02210-1736
> mwilliams@lawson-weitzen.com

Dated: January 12, 2006                     /s/ Glenn R. Davis
                                            Glenn R. Davis

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HELEN A. RUNGE, | : | |
| Plaintiff | : | |
| | : | No. 05-10849-RGS |
| v. | : | (Judge Stearns) |
| | : | |
| WALTER J. KELLY, et al., | : | CIVIL ACTION |
| Defendants | : | JURY TRIAL DEMANDED |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET I) TO DEFENDANT SUNBRIDGE NURSING AND REHABILITATION CENTER

TO:    Sunbridge Nursing and Rehabilitation Center
c/o K. Scott Griggs, Esq.
Lawson & Weitzen, LLP
86 Black Falcon Avenue, Suite 345
Boston, MA 02210-2414

AND NOW, COMES, Plaintiff, Helen A. Runge, by her attorneys, Latsha Davis Yohe & McKenna, P.C., to request that Defendant, Sunbridge Nursing and Rehabilitation Center, respond in writing to these requests and produce the following documents requested within thirty (30) days of service hereof pursuant to Federal Rules of Civil Procedure 34.

### Definitions:

1.    *"Sunbridge."* The term "Sunbridge" is defined as Sunbridge Nursing and Rehabilitation Center, as well as its abbreviated name or pronoun referring to it (also referred to as "facility"), and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on its behalf.

2.    *"Kelly."* The term "Kelly" is defined as Walter J. Kelly, as well as his abbreviated name or pronoun referring to him, and, where applicable, his officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, agents, or any other individual or entity presently or formally acting on his behalf.

3.    *"Bloomingdale."* The term "Bloomingdale" is defined as Kerry L. Bloomingdale, as well as his abbreviated name or pronoun referring to him, and, where applicable, his officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, agents, or any other individual or entity presently or formally acting on his behalf.

4.    *"Person."* The term "person" is defined as any natural person or business, legal or governmental entity or association.

5.    *"Identify" (with respect to persons).* When referring to a person, "to identify" means to give, to the extent known, the (1) person's full name; (2) present or last known address; (3) present or last known telephone number; and (4) when referring to a natural person, additionally, the present or last known place of employment.

6.    *"Document."* The term "document" is used in its broadcast sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, emails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

7.    *"Relating to."* The term "relating to" as used herein, means constitute(s), refer(s), concern(s), pertain(s) to, or in any way logically or factually connect(s) with the matter described in the request.

### Requests

**Request No. 1:**  Please produce a Bates-stamped black and white copy of the original chart for Plaintiff at the facility, including but not limited to the following:

      (a)     Admission and discharge documents;

      (b)     Resident Assessments Protocols (RAPs);

      (c)     Minimum Data Sets (MDS);

      (d)     Care Plans;

      (e)     Physician's(s') notes;

      (f)     Physician's(s') orders;

      (g)     Nursing notes;

      (h)     Medication Administration Records (MARs);

      (i)     Treatment records;

      (j)     CNA flow sheets;

      (k)     Activities for Daily Living (ADLs);

      (l)     Skin audits;

      (m)     Social service notes;

      (n)     Advance Directives, including Acknowledgment of Resident's Rights, Living Will, Do Not Resuscitate Orders (DNR), and Consent Forms;

      (o)     Diagnoses, including EKGs, x-rays, laboratory studies, or other tests performed during the residency;

      (p)     Nutritional notes;

      (q)     Rehabilitation notes; and

(r)    Miscellaneous assessments, including behavior monitors, pressure
sore risk assessments, and bowel and bladder assessments.

**Request No. 2:** Please produce any and all reports, correspondence,
memorandums, and/or any other form of communication not included as a part of the
"normal" facility chart used to memorialize the care and treatment rendered to Plaintiff
at the facility.

**Request No. 3**: Please produce copies of any and all documents relating to the
dispensing of medication by Sunbridge to Plaintiff.

**Request No. 4**: Please produce any and all documentation by Sunbridge's
caregivers used to communicate regarding the care or treatment relating to Plaintiff.

**Request No. 5**: Please produce any and all writings, email, memoranda, notes,
or documents of any kind that were provided to Plaintiff's physician(s) or that
memorialize any notification regarding Plaintiff to the physician(s).

**Request No. 6**: Please produce complete and itemized bills for any and all
services, medical supplies, pharmaceutical supplies, therapies, or any other goods or
services for which Sunbridge charged Plaintiff or any third party payer on behalf of
Plaintiff while she was a resident at Sunbridge, including, but not limited to:

(a)    All bills or statements submitted to Plaintiff, her power of attorney,
guardian, family, or Medicare for room and board, services,
supplies, equipment, or other items provided to Plaintiff, including
co-payments or deductibles, by Sunbridge;

(b)    All revenue reports and/or remittance advisories that reflect
reimbursement made by private insurance, Medicare, or any

105939                                      4

individual for room and board, services, supplies, equipment, or other items provided by Sunbridge;

(c)    All statements, lists, or reconciliations of trust accounts reflecting funds received from Plaintiff, her power of attorney, guardian, or family or held in trust for the benefit of Plaintiff.

**Request No. 7**: Please produce any and all insurance policies that were in effect relating to Sunbridge during Plaintiff's residency at Sunbridge, including primary, umbrella, and excess that covered employees, agents, officers, residents, and/or consultants of the facility.

**Request No. 8**: Please produce any and all documents relating to any business relationship between Sunbridge and Kelly, in any capacity, during the one year prior to Plaintiff's residency at Sunbridge and during or after Plaintiff's residency at Sunbridge.

**Request No. 9**: Please produce any and all documents relating to any business relationship between Sunbridge and Bloomingdale during the one year prior to Plaintiff's residency at Sunbridge and during or after Plaintiff's residency at Sunbridge.

**Request No. 10**: Please produce any and all documents relating to any payments Sunbridge made to or received from Kelly during the one year prior to Plaintiff's residency at Sunbridge and during or after Plaintiff's residency at Sunbridge.

**Request No. 11**: Please produce any and all documents relating to any payments Sunbridge made to or received from Bloomingdale during the one year prior to Plaintiff's residency at Sunbridge and during or after Plaintiff's residency at Sunbridge.

**Request No. 12**: Please identify and provide an employee list for any and all persons who worked at or for Sunbridge on April 29 and 30, 2003.

**Request No. 13.**  Please produce all documentation reflecting any investigations conducted by state or federal agencies concerning Plaintiff.

**Request No. 14.**  Please produce the floor plan of the facility that reflects the facility during the residency of Plaintiff.

**Request No. 15.**  Please produce a copy of the organizational charts and/or corporate structures of Defendant Sunbridge effective during the residency of Plaintiff.

**Request No. 16.**  Please produce all Policy and Procedures Manuals in effect for the facility during the residency, including but not limited to:

    (a)      Management;

    (b)      Nursing;

    (c)      Administrative and/or Executive Director;

    (d)      Director of Nursing Services and/or Director of Nursing;

    (e)      Financial/Budget Training;

    (f)      Employee training;

    (g)      Certified nursing assistants;

    (h)      Social Services;

    (i)      Activities;

    (j)      Administrative;

    (k)      Personnel and/or Human Resources;

    (l)      Risk management;

    (m)    Medicaid reimbursement;

    (n)      Quality control; and

    (o)      Restorative and/or maintaining function.

**Request No. 17.**  Please produce all written job descriptions for the Medical Director, Administrator, Director of Nursing and Director of Social Services of the facility in effect during the residency.

**Request No. 18.**  Please produce all written guidelines, forms and/or procedures for evaluating the job performances of the Administrator, Director of Nursing and Director of Social Services and all other nursing personnel, including registered nurses, registered nurse assistants, licensed practical nurses, certified nurse assistants, licensed vocational nurses, nurse assistants, medication aides, physical therapists, social services personnel, consultants, and orderlies at the facility in effect during the residency.

**Request No. 19.**  Please produce all contracts between the facility's Owners and Administrator(s) and Defendant Sunbridge effective during the residency.

**Request No. 20.**  Please produce all contracts with the facility's Medical Director or with outside consultant medical doctors.

**Request No. 21.**  Please produce all provider agreements between Defendant and the Commonwealth of Massachusetts and Defendant and the federal government for the years of the residency.

**Request No. 22.**  Please produce all daily census reports and/or records with resident acuity information for the facility applicable to the residency.

**Request No. 23.**  Please produce all weekly work schedules, employee sign-in sheets, payroll records and time cards and/or time sheets showing the identify, number (quantity), or classification (e.g., LPN, RN, Nurse Aide, etc.) of all nursing personnel (including nurses, nurses' aides, medication aides and orderlies) who worked on each

unit or wing in the facility during the residency including a complete list of all of the employees and servants on duty at the facility on April 29 and April 30, 2003.

**Request No. 24**. Please produce all documentation from any division or bureau of any local, state or federal governmental unity which sets forth findings, conclusions, violations, deficiencies, penalties, actions and recommended sanctions regarding the facility at any time during the residency.

**Request No. 25**. Identify and produce all documents contained in any investigative file maintained by any adjuster or representative of each company providing insurance to you.

**Request No. 26**. Identify and produce all documents supporting your contention that you are not liable to the resident.

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: _May 9, 2006_          By _Glenn R. Davis_

Glenn R. Davis
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050
(717) 620-2424
gdavis@ldylaw.com
*Pro Hac Vice*

Attorneys for Plaintiff, Helen A. Runge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and correct copy of the foregoing was served by first-class United States mail, postage prepaid, upon the following:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02141

George C. Rockas, Esq.
Michele Carlucci, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110-1727

K. Scott Griggs, Esq.
Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210-1736

Dated: __May 19, 2006__                    _____
                                            Glenn R. Davis

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HELEN RUNGE,

    *Plaintiff,*

v.

WALTER J. KELLEY; KERRY L.
BLOOMINGDALE, M.D.; and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,

    *Defendants.*

Civil Action No. 05-10849-RGS

---

### RESPONSES of DEFENDANT MEDIPLEX OF MASSACHUSETTS' to PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

The Defendant, Mediplex of Massachusetts, Inc. d/b/a SunBridge Care and Rehabilitation of Randolph ("Mediplex") hereby responds to the Plaintiff's Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1. The Defendant objects to the Plaintiff's Requests and Definitions to the extent they seek the disclosure of information or communications subject to the attorney-client privilege, work product doctrine or other privileges and immunities such as information prepared for a medical peer review committee.

2. The Defendant objects to the Plaintiff's Requests to the extent they are unduly burdensome, overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant has exercised reasonable diligence to locate responsive documents by examining those files that may reasonably be expected to yield such documents. Any responses to Plaintiff's requests, are made in a good faith effort to construe and comply

1

therewith, and are made without prejudice to and without waiving any of Defendant's

objections, whether general or specific.

## RESPONSES

### Request No. 1

Please produce a Bates-stamped black and white copy of the original chart for Plaintiff
at the facility, including but not limited to the following:

   (a)    Admission and discharge documents;
   (b)    Resident Assessments Protocols (RAPs);
   (c)    Minimum Data Sets (MDS);
   (d)    Care Plans;
   (e)    Physician's(s') notes;
   (f)    Physician's(s') orders;
   (g)    Nursing notes;
   (h)    Medication Administration Records (MARs);
   (i)    Treatment records;
   (j)    CNA flow sheets;
   (k)    Activities for Daily Living (ADLs);
   (l)    Skin audits;
   (m)    Social service notes;
   (n)    Advance Directives, including Acknowledgment of Resident's Rights,
          Living Will, Do Not Resuscitate Orders (DNR), and Consent Forms;
   (o)    Diagnoses, including EKGs, x-rays, laboratory studies, or other tests
          performed during the residency;
   (p)    Nutritional notes;
   (q)    Rehabilitation notes; and
   (r)    Miscellaneous assessments, including behavior monitors, pressure sore risk
          assessments, and bowel and bladder assessments.

### Response to Request No. 1

Please see the enclosed facility records. (Bates numbers 00048 through 00485).

### Request No. 2

Please produce any and all reports, correspondence, memorandums, and/or any other form of
communication not included as a part of the "normal" facility chart used to memorialize the care
and treatment rendered to Plaintiff at the facility.

### Response to Request No. 2

The Defendant objects to Request No.2 on the grounds that it is overly broad and unduly burdensome. The defendant further objects to the request as it seeks the disclosure of information or communications subject to the attorney-client privilege and work product doctrine. Without waiving the objection, see the complete facility record produced herewith. (00001 through 00485).

**Request No. 3**

Please produce copies of any and all documents relating to the dispensing of medication by SunBridge to Plaintiff.

**Response to Request No. 3**

See the complete facility record produced herewith. (Bates numbers 00048 through 00485).

**Request No. 4**

Please produce any and all documentation by SunBridge's caregivers used to communicate regarding the care or treatment relating to Plaintiff.

**Response to Request No. 4**

The Defendant objects to Request No.4 on the grounds that it is overly broad and unduly burdensome. The defendant further objects to the request as it seeks the disclosure of information or communications subject to the attorney-client privilege and work product doctrine. Without waiving the objection, see the complete facility record produced herewith. (00001 through 00485).

**Request No. 5**

Please produce any and all writings, email, memoranda, notes, or documents of any kind that were provided to Plaintiff's physician(s) or that memorialize any notification regarding Plaintiff to the physician(s).

**Response to Request No. 5**

The Defendant objects to Request No.5 on the grounds that it is overly broad and unduly

burdensome. Without waiving the objection, see the complete facility record produced herewith.

(00001 through 00485).

### Request No. 6

Please produce complete and itemized bills for any and all services, medical supplies,
pharmaceutical supplies, therapies, or any other goods or services for which SunBridge
charged Plaintiff or any third party payer on behalf of Plaintiff while she was a resident at
SunBridge, including, but not limited to:
(a) All bills or statements submitted to Plaintiff, her power of attorney, guardian, family, or
    Medicare for room and board, services, supplies, equipment, or other items provided to
    Plaintiff, including co-payments or deductibles, by SunBridge;
(b) All revenue reports and/or remittance advisories that reflect reimbursement
    made by private insurance, Medicare, or any individual for room and board,
    services, supplies, equipment, or other items provided by SunBridge;
(c) All statements, lists, or reconciliations of trust accounts reflecting funds
    received from Plaintiff, her power of attorney, guardian, or family or
    held in trust for the benefit of Plaintiff.

### Response to Request No. 6

None at this time; the Defendant reserves the right to supplement this response at a later

date.

### Request No. 7

Please produce any and all insurance policies that were in effect relating to SunBridge during
Plaintiff's residency at SunBridge, including primary, umbrella, and excess that covered
employees, agents, officers, residents, and/ or consultants of the facility.

### Response to Request No. 7

None at this time. The Defendant reserves the right to supplement this response at a later

date.

### Request No. 8

Please produce any and all documents relating to any business relationship between SunBridge

4

and Kelly, in any capacity, during the one year prior to Plaintiff's residency at SunBridge and during or after Plaintiff's residency at SunBridge.

**Response to Request No. 8**

The defendant does not possess any responsive documents.

**Request No. 9**

Please produce any and all documents relating to any business relationship between SunBridge and Bloomingdale during the one year prior to Plaintiff's residency at SunBridge and during or after Plaintiff's residency at SunBridge.

**Response to Request No. 9**

The defendant does not possess any responsive documents.

**Request No. 10**

Please produce any and all documents relating to any payments SunBridge made to or received from Kelly during the one year prior to Plaintiff's residency at SunBridge and during or after Plaintiff's residency at SunBridge.

**Response to Request No. 10**

None at this time. The Defendant reserves the right to supplement this response at a later

date.

**Request No. 11**

Please produce any and all documents relating to any payments SunBridge made to or received from Bloomingdale during the one year prior to Plaintiff's residency at SunBridge and during or after Plaintiff's residency at SunBridge.

**Response to Request No. 11**

The defendant does not possess any responsive documents.

**Request No. 12**

Please identify and provide an employee list for any and all persons who worked at or for

5

SunBridge on April 29 and 30, 2003.

**Response to Request No. 12**

The defendant objects to Request No. 12 on the grounds that the request is overly broad, unduly

burdensome, and is not calculated to lead to the discovery of admissible evidence. Further

responding, the Request seeks information that would invade the privacy of other individuals,

namely Mediplex's employees, and therefore cannot be produced.

**Request No. 13**

Please produce all documentation reflecting any investigations conducted by state or
federal agencies concerning Plaintiff.

**Response to Request No. 13**

See enclosed DPH Report. (00001 through 00016).

**Request No. 14**

Please produce the floor plan of the facility that reflects the facility during the
residency of Plaintiff.

**Response to Request No. 14**

The defendant objects to Request No. 14 on the grounds that the request is overly broad, unduly

burdensome, and is not calculated to lead to the discovery of admissible evidence. Without

waiving that objection, the Defendant states that it reserves the right to supplement this

response at a later date.

**Request No. 15**

Please produce a copy of the organizational charts and/or corporate structures of
Defendant SunBridge effective during the residency of Plaintiff.

**Response to Request No. 15**

The defendant objects to Request No. 15 on the grounds that the request is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.

**Request No. 16**

Please produce all Policy and Procedures Manuals in effect for the facility during the residency, including but not limited to:
     (a)    Management;
     (b)    Nursing;
     (c)    Administrative and/or Executive Director;
     (d)    Director of Nursing Services and/or Director of Nursing;
     (e)    Financial/ Budget Training;
     (f)    Employee training;
     (g)    Certified nursing assistants;
     (h)    Social Services;
     (i)    Activities;
     (j)    Administrative;
     (k)    Personnel and/or Human Resources;
     (l)    Risk management;
     (m)  Medicaid reimbursement;
     (n)    Quality control; and
     (o)    Restorative and/or maintaining function.

**Response to Request No. 16**

The defendant objects to Request No. 16 on the grounds that the request is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.

**Request No. 17**

Please produce all written job descriptions for the Medical Director, Administrator, Director of Nursing and Director of Social Services of the facility in effect during the residency.

**Response to Request No. 17**

The defendant objects to Request No. 16 on the grounds that the request is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Without waiving that objection, the Defendant states that reserves the right to supplement its response at a

7

later date.

## Request No. 18

Please produce all written guidelines, forms and/or procedures for evaluating the job performances of the Administrator, Director of Nursing and Director of Social Services and all other nursing personnel, including registered nurses, registered nurse assistants, licensed practical nurses, certified nurse assistants, licensed vocational nurses, nurse assistants, medication aides, physical therapists, social services personnel, consultants, and orderlies at the facility in effect during the residency.

## Response to Request No. 18

The defendant objects to Request No. 18 on the grounds that it seeks confidential information prepared for a medical peer review under Mass.Gen.L. c. 111, §204. The Defendant further objects to this Request to the extent that it seeks information protected from disclosure under the attorney-client and work product privilege.

## Request No. 19

Please produce all contracts between the facility's Owners and Administrator(s) and Defendant SunBridge effective during the residency.

## Response to Request No. 19

The defendant objects to Request No. 19 on the grounds that the request is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.

## Request No. 20

Please produce all contracts with the facility's Medical Director or with outside consultant medical doctors.

## Response to Request No. 20

None at this time. The Defendant reserves the right to supplement its response at a later date.

## Request No. 21

Please produce all provider agreements between Defendant and the Commonwealth of Massachusetts and Defendant and the federal government for the years of the residency.

**Response to Request No. 21**

The defendant objects to Request No. 21 on the grounds that the request is overly broad, unduly

burdensome, and is not calculated to lead to the discovery of admissible evidence.

**Request No. 22**

Please produce all daily census reports and/or records with resident acuity information for the facility applicable to the residency.

**Response to Request No. 22**

The defendant objects to Request No. 22 on the grounds that the request is overly broad, unduly

burdensome, and is not calculated to lead to the discovery of admissible evidence.

**Request No. 23**

Please produce all weekly work schedules, employee sign-in sheets, payroll records and time cards and/ or time sheets showing the identify, number (quantity), or classification (e.g., LPN, RN, Nurse Aide, etc.) of all nursing personnel (including nurses, nurses' aides, medication aides and orderlies) who worked on each unit or wing in the facility during the residency including a complete list of all of the employees and servants on duty at the facility on April 29 and April 30, 2003.

**Response to Request No. 23**

The defendant objects to Request No. 23 on the grounds that the request is overly broad, unduly

burdensome, and is not calculated to lead to the discovery of admissible evidence. Further

responding, the Request seeks information that would invade the privacy of other individuals,

namely Mediplex's employees, and therefore cannot be produced. Without waiving its objection,

the Defendant states that it reserves the right to supplement its response at a later date.

9

**Request No. 24**

    Please produce all documentation from any division or bureau of any local, state or federal governmental unity which sets forth findings, conclusions, violations, deficiencies, penalties, actions and recommended sanctions regarding the facility at any time during the residency.

**Response to Request No. 24**

The Defendant objects to Request Number 24 on the grounds that it seeks confidential

information that would invade the privacy of other individuals, namely other residents of the

subject facility, and is confidential under 105 CMR 155.009(B) and therefore cannot be produced.

**Request No. 25**

    Identify and produce all documents contained in any investigative file maintained by any adjuster or representative of each company providing insurance to you.

**Response to Request No. 25**

The Defendant objects to Request Number 25 on the grounds that it seeks confidential

information prepared for a medical peer review committee under Mass.Gen.L. c. 111, §204 and

also seeks information that would invade the privacy of other individuals, namely other residents

of the subject facility, and is confidential under 105 CMR 155.009(B) and therefore cannot be

produced. The Defendant further objects to this Interrogatory to the extent that it seeks

information protected from disclosure under the attorney-client and work product privilege.

**Request No. 26**

    Identify and produce all documents supporting your contention that you are not liable to the resident.

**Response to Request No. 26**

The Defendant objects to Request No. 26 on the grounds that it is overly broad and unduly

burdensome.  The defendant further objects to the request as it seeks the disclosure of information

or communications subject to the attorney-client privilege and work product doctrine.  See

documents bearing the bates numbers 00022-00034 and 00041-00044.  As discovery is ongoing,

the Defendant reserves the right to supplement this response.

Mediplex of Massachusetts, Inc. d/b/a SunBridge
Nursing and Rehabilitation Center,

by its attorneys,

K. Scott Griggs  (BBO# 555988)
Robert J. Roughsedge  (BBO# 638180)
Michael Williams  (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987

I hereby certify that a true copy of the above
document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail / hand /
telecopier, on _October 6, 2006_

11

# LATSHA DAVIS YOHE & McKENNA, P.C.

### ATTORNEYS AT LAW

PLEASE REPLY TO:   Mechanicsburg
WRITER'S E- MAIL:   adean@ldylaw.com

November 2, 2006

Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210-1736

Re:    Helen A. Runge v. Walter J. Kelly, et al.
No. 05-10849-RGS
Our File No. 812-03

Dear Mr. Williams,

We are in receipt of Defendant Sunbridge's response to Plaintiff's Request for Production of Documents and have reviewed it.  We note that Defendant Sunbridge has produced Plaintiff's medical records from Sunbridge and the Department of Public Health's report regarding the complaint made to it regarding Sunbridge.

Although you have made objections to multiple requests for production of documents, you have not identified whether any documents are being withheld as a result of the objections.  We ask that you either identify the documents withheld from your response or produce the requested documents in order that we may resolve this issue.

Additionally, we note that several of the responses indicate that there were no documents at the time of the response, but that Defendant Sunbridge reserved the right to supplement the response at a later date.  In some cases, it seems unlikely that there are no documents responsive to the request.  For example, Request No. 6 seeks itemized bills for charges made to Plaintiff or any third party payer on Plaintiff's behalf by Sunbridge.  We ask that Defendant Sunbridge supplement its answer with any documents responsive to this and other requests that were answered by Sunbridge as stating there were no documents at the time of response.

1700 Bent Creek Boulevard, Suite 140 • Mechanicsburg, PA 17050 • (717) 620-2424 • FAX (717) 620-2444

350 Eagleview Boulevard, Suite 100 • Exton, PA 19341 • (610) 524-8454 • FAX (610) 524-9383

3000 Atrium Way, Suite 251 • Mt. Laurel, NJ 08054 • (856) 231-5351 • FAX (856) 231-5341

Maryland Telephone: (410) 727-2810

111373

Michael Williams, Esq.
November 2, 2006
Page 2


Thank you for your attention to this matter.  We look forward to your response.

Sincerely,

Andrea E. Dean

cc:    James S. Hamrock, Jr., Esq.
       Michele Carlucci, Esq.
       Blake J. Godbout, Esq.
       Helen A. Runge
       Glenn R. Davis, Esq.

111373

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HELEN RUNGE,

    *Plaintiff,*

v.

WALTER J. KELLEY; KERRY L.
BLOOMINGDALE, M.D.; and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,

    *Defendants.*

Civil Action No. 05-10849-RGS

## DEFENDANT SUNBRIDGE'S
## PRIVILEGE LOG

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant Mediplex of Massachusetts, Inc. d/b/a SunBridge Care and Rehabilitation for Randolph produces the following privilege log of reflecting documents responsive to discovery requests, but withheld based on a claim of privilege.

| DOCUMENT DESCRIPTION | PRIVILEGE |
|---|---|
| PRIV02525: list prepared by facility staff for counsel. | Attorney-client privilege and work product doctrine. |
| PRIV02526: Statement of Vivian Johnson. | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02527-28: 4/30/03 Statement of Gina Ford. | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02529: Statement of John Vandenburgh | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |

| PRIV02530: Statement of Rosemarie Cass | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
|---|---|
| PRIV02531: 4/30/03 Statement of Kathy Crouch | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02532: 4/30/03 Statement of James Okeyweke | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02533: 4/30/03 Statement of Primus Chalon | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV-02534-36: Statement of Ellen Richwine | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02537: Statement of Farrah Seidler | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02538-39: 4/30/03 Statement of Al Wilkins | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02540: Statement of Sandy Parazzo | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02541: 5/1/03 Statement of Sandy Parazzo | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02542-45: Communications with law department | Attorney-client privilege and work product doctrine. |

Respectfully submitted,

**Mediplex of Massachusetts, Inc. d/b/a**
**SunBridge Care and Rehabilitation for**
**Randolph**

by its attorneys,

K. Scott Griggs (BBO# 555988)
Michael Williams (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987
MWilliams@Lawson-Weitzen.com

<u>**CERTIFICATE OF SERVICE**</u>
I hereby certify that a true copy of
the above document was served
upon the attorneys of record for
each party by First Class Mail.

Dated: November 21, 2006

# LATSHA DAVIS YOHE
# & McKENNA, P.C.

**ATTORNEYS AT LAW**

PLEASE REPLY TO:      Mechanicsburg
WRITER'S E-MAIL:      adean@ldylaw.com

December 22, 2006

*VIA FACSIMILE and U.S. Mail*
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

    Re:    Helen A. Runge v. Walter J. Kelly, et al.
           No. 05-10849-RGS
           Our File No. 812-03

Dear Mr. Williams,

      By letter dated November 2, 2006, we contacted you requesting that Sunbridge supplement its response to Plaintiff's Request for Production of Documents. It was our understanding from separate phone conversations with you that Sunbridge would provide Plaintiff's medical records from Sunbridge and that the other documents would follow. However, Sunbridge has not produced any documents other than Plaintiff's medical records, Plaintiff's power of attorney and proxy documents, Defendant Bloomingdale's April 29, 2003 medical certificate and the Department of Public Health's report regarding the complaint made to it by Plaintiff regarding Sunbridge. We have received Sunbridge's Privilege Log listing some documents that have been withheld, but it does not appear to adequately address all of the issues we raised in our correspondence questioning the accuracy of your client's response.

      We believe numerous documents in Sunbridge's possession have not been produced to Plaintiff. In particular, Resident Assessment Protocols, as sought in Request No. 1(b), were not included. Sunbridge's response to Request No. 7, which sought all insurance policies relating to Sunbridge in effect during Plaintiff's residency at Sunbridge, was "None at this time. The Defendant reserves the right to supplement this response at a later date." Please confirm that there were no insurance policies or coverage in effect during Plaintiff's residency. Also, Sunbridge's response to Request No. 20, which sought contracts with Sunbridge's medical director or outside consultant medical doctors, was also "None at this time. The Defendant reserves the right to supplement this response at a later date." We ask that you supplement your response at this time with documents responsive to these requests.

---

1700 Bent Creek Boulevard, Suite 140 • Mechanicsburg, PA 17050 • (717) 620-2424 • FAX (717) 620-2444

350 Eagleview Boulevard, Suite 100 • Exton, PA 19341 • (610) 524-8454 • FAX (610) 524-9383

3000 Atrium Way, Suite 251 • Mt. Laurel, NJ 08054 • (856) 231-5351 • FAX (856) 231-5341

Maryland Telephone: (410) 727-2810

Michael Williams, Esq.
December 22, 2006
Page 2


You have made objections to multiple requests, which objections are inappropriate. You objected to Request No. 12 "on the grounds that the request is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Further responding, the Request seeks information that would invade the privacy of other individuals, namely Mediplex's employees, and therefore cannot be produced." This response is disingenuous, as the dates of April 29 and 30, 2006 are important dates referenced in Plaintiff's claims and, therefore, the documents showing the employees working on these two dates are relevant to this matter. Moreover, the work history of these employees at Sunbridge is very relevant to this litigation. To the extent you have objected to Request No. 12 because the information sought would invade the privacy of individuals, we do not agree that this is an appropriate objection to the information sought, as this information is related to the events of April 29 and 30, 2003 and is information to which Plaintiff is entitled.

You objected to Request No. 15 "on the grounds that the request is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence." Request No. 15 seeks a copy of organizational charts and/or corporate structures of Sunbridge during Plaintiff's residency, which is a narrowly tailored request and seeks information directly related to Sunbridge as a defendant in the matter.

You objected to Requests No. 16 on the same grounds as Request No. 15. The practices of Sunbridge are directly applicable to the instant matter and Plaintiff is entitled to review the requested policy and procedural manuals.

You also objected to Requests No. 17 on the same grounds as Request No. 15, although the four listed positions were critical to Sunbridge during Plaintiff's residency and therefore related to Plaintiff's claims. It is beyond the pale of imagination how the request for four relevant job descriptions is overly broad or unduly burdensome.

The same objection to Request No. 15 was made again to Request No. 22, which sought daily census reports and/or records with resident acuity information during Plaintiff's residency. Again, this request is narrowly tailored and applicable to Plaintiff's claims, and Plaintiff is entitled to review these documents.

You objected to Request No. 23, which sought certain work information for employees for April 29 and 30, 2006. The information requested is for a specific, narrow time period that is significant to Plaintiff's claims. To the extent you have objected to Request No. 23 because the information sought would invade the privacy of individuals, we do not agree that this is an appropriate objection to the information sought, as this information is related to the events of April 29 and 30, 2003 and is information to which Plaintiff is entitled.

Finally, you state that Sunbridge does not possess any documents responsive to Request Nos. 9 and 11, which, respectively, sought documents relating to any business relationship between Sunbridge and Bloomingdale during a specified time period and documents relating to any payments Sunbridge

112241

Michael Williams, Esq.
December 22, 2006
Page 3

made to or received from Bloomingdale during a specified time period. Bloomingdale's testimony in his recent deposition and the fact that Bloomingdale had examined Plaintiff in the Sunbridge facility certainly indicate that there are documents responsive to these requests in Sunbridge's possession and, accordingly, we request that you provide such documents.

We have been waiting for these documents for some time and would like to resolve this dispute as soon as possible. Unless these issues are resolved next week, we will be forced to file a Motion to Compel with the Court. Thank you for your attention to this matter.

Sincerely,

Andrea E. Dean

cc:     George C. Rockas, Esq./Michele Carlucci, Esq.
        James S. Hamrock, Jr., Esq.
        Blake J. Godbout, Esq.
        Helen A. Runge
        Glenn R. Davis, Esq.

112241

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HELEN A. RUNGE,                    :
       Plaintiff              :
                               :    No. 05-10849-RGS
       v.                        :    (Judge Stearns)
                               :
WALTER J. KELLY, et al.            :    CIVIL ACTION
          Defendants          :    JURY TRIAL DEMANDED

## ORDER

AND NOW, this _____ day of _____, 2007,

upon consideration of Plaintiff's Motion for Enlargement of Time to Submit Expert

Report as to Defendant Sunbridge, it is hereby ORDERED and DECREED that said

Motion is GRANTED.

BY THE COURT:

_____
Richard C. Stearns, J.

112828