IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELEN A. RUNGE,<br>    Plaintiff | :<br>:<br>: No. 05-10849-RGS |
| v. | : (Judge Stearns)<br>: |
| WALTER J. KELLY, et al.<br>    Defendants | : CIVIL ACTION<br>: JURY TRIAL DEMANDED |

**MEMORANDUM OF REASONS IN SUPPORT OF MOTION FOR
ENLARGEMENT OF TIME TO SUBMIT EXPERT REPORT
AS TO DEFENDANT SUNBRIDGE**

Helen A. Runge ("Plaintiff"), by and through her counsel, respectfully submits this Memorandum of Reasons in Support of her Motion for Enlargement of Time to Submit Expert Report as to Defendant Sunbridge.

I.  **FACTUAL BACKGROUND**

Plaintiff filed her original Complaint on April 27, 2005, pleading counts sounding both in federal and state law. Counts I and II of the original Complaint were federal law claims, which were dismissed by this Court's Order dated January 23, 2006. Although the federal question jurisdiction counts were dismissed, jurisdiction remains with this Court due to diversity, Plaintiff being a resident of North Carolina. By Court Order entered July 28, 2006, Plaintiff was permitted to file an Amended Complaint, which Plaintiff filed on August 7, 2006. By Court Order entered January 5, 2007, Plaintiff was permitted to file her Second Amended Complaint, which Plaintiff filed on January 8, 2007.

Plaintiff is required by Scheduling Order dated April 4, 2006 to submit her expert reports by January 15, 2007. However, Plaintiff needs certain documents from Defendant Sunbridge to submit to an expert so that the expert may review Defendant Sunbridge's actions. Defendant Sunbridge has not produced adequate documentation in response to Plaintiff's Request for Production of Documents and subsequent requests for a supplemental response.

Plaintiff now seeks an enlargement of time in which to submit her expert report as to Defendant Sunbridge due to Defendant Sunbridge's failure to provide an adequate discovery response. Plaintiff incorporates by reference her Motion for Enlargement of Time to Submit Expert Report as to Defendant Sunbridge.

## II.     REASONS WHY MOTION SHOULD BE GRANTED

Federal Rule of Civil Procedure 6 states that the Court "for cause shown" may at any time in its discretion with or without motion or notice order a period of time enlarged if a request is made before the expiration of the period originally prescribed. Fed. R. Civ. P. 6(b); *see Canup v. Mississippi Val. Barge Line Co.*, 31 F.R.D. 282 (W.D. Pa., 1962) (stating that "[t]he proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for extension of time (*i. e.*, a request presented before the time then fixed for the purpose in question has expired)"). Federal Rule of Civil Procedure 16 states that a schedule set forth by a scheduling order shall not be modified except upon "a showing of good cause" and by leave of the district judge. Fed. R. Civ. P. 16(b). This good cause standard focuses on the diligence of the moving party more than it does on any prejudice to the party-opponent. *Steir v. Girl*

*Scouts of the U.S.A.*, 383 F.3d 7, 12 (1st Cir. 2004). Here, Plaintiff diligently has sought necessary documentation from Defendant Sunbridge, but Defendant Sunbridge has failed to produce such documentation.

On or about May 19, 2006, Plaintiff served a Request for Production of Documents on Defendant Sunbridge. *See* Plaintiff's Request for Production of Documents attached to the Motion as Exhibit A. Defendant Sunbridge responded to Plaintiff's Request for Production of Documents on or about October 6, 2006. *See* Defendant Sunbridge's Responses to Plaintiff's Request for Production of Documents attached to the Motion as Exhibit B.

By correspondence dated November 2, 2006, Plaintiff requested that Defendant Sunbridge identify documents withheld from its response as a result of numerous objections or produce the requested documents. *See* Plaintiff's Correspondence to Defendant Sunbridge date November 2, 2006 attached to the Motion as Exhibit C. Plaintiff also requested that Defendant Sunbridge supplement its response with documents responsive to the requests that were answered by Defendant Sunbridge as stating there were no documents at the time of response. By correspondence dated November 21, 2006, Defendant Sunbridge submitted a Privilege Log to Plaintiff of those documents that Defendant Sunbridge withheld from its Responses to Request for Production of Documents only based on a claim of privilege. *See* Defendant Sunbridge's Privilege Log attached to the Motion as Exhibit D.

By correspondence dated December 22, 2006, Plaintiff again contacted Defendant Sunbridge about its inadequate response to the Request for Production of Documents,

and for resolution of the outstanding issues within the next week. *See* Plaintiff's Correspondence to Defendant Sunbridge dated December 22, 2006 attached to the Motion as Exhibit E. To date, Plaintiff has not received a response to its December 22, 2006 correspondence.

Because Defendant Sunbridge has failed continually to provide an adequate response to Plaintiff's Request for Production of Documents, Plaintiff does not have access to certain documents that are essential to an expert's review of Defendant Sunbridge's actions. For instance, Plaintiff has requested resident assessment protocols of Defendant Sunbridge. Plaintiff also has requested policy and procedure manuals regarding management, nursing, employee training, social services, quality control and other issues. Other documents that were requested but not produced include but are not limited to job descriptions for the positions of the medical director, administrator, director of nursing and director of social services and census reports and/or records with resident acuity information during Plaintiff's residency at Defendant Sunbridge. By correspondence dated January 11, 2006, Plaintiff requested a discovery conference with Defendant Sunbridge regarding its inadequate responses, which request is pending.

In addition, Plaintiff noticed two employees of Defendant Sunbridge for deposition on November 30, 2006. To date, those witnesses have not been produced. Although the parties have all agreed to allow said depositions, neither witness has yet been available for deposition. Plaintiff has been unable to otherwise obtain information pertaining to protocols and policy due to witness unavailability.

Plaintiff has been diligent in her pursuit of documents from Defendant Sunbridge that are necessary to an adequate expert review. However, Defendant Sunbridge has failed to produce the documentation. Further, Defendant Sunbridge cannot claim that it will suffer prejudice from having the time period enlarged for Plaintiff to file an expert report as to Defendant Sunbridge, as the request for an enlargement of time is a direct result of Defendant Sunbridge's actions. Finally, Defendants Kerry L. Bloomingdale and Walter J. Kelly will not suffer any prejudice from having the time period enlarged for Plaintiff to file an expert report as to Defendant Sunbridge only. Accordingly, Plaintiff has shown good cause to have the time period enlarged to file an expert report as to Defendant Sunbridge.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Enlargement of Time to Submit Expert Report as to Defendant Sunbridge should be granted.

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: January 12, 2006     By___/s/ Glenn R. Davis_____
Glenn R. Davis
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050
(717) 620-2424
gdavis@ldylaw.com
*Pro Hac Vice*

Blake J. Godbout, BBO #196380
BLAKE J. GODBOUT & ASSOCIATES
33 Broad Street, 11th Floor
Boston, MA 02109
(617) 523-6677
Attorneys for Plaintiff, Helen A. Runge

112784                                    5

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

>James S. Hamrock, Jr.
>Hamrock & Tocci
>101 Main Street, 18th Floor
>Cambridge, MA 02142
>jhamrock@htclaw.com
>
>Michele Carlucci
>George S. Rockas
>Wilson Elser Moskowitz Edelman & Dicker LLP
>155 Federal Street
>Boston, MA 02110
>michele.carlucci@wilsonelser.com
>george.rockas@wilsonelser.com
>
>Michael Williams
>Lawson & Weitzen, LLP
>88 Black Falcon Avenue, Suite 145
>Boston, MA 02210-1736
>mwilliams@lawson-weitzen.com

Dated: January 12, 2006          /s/ Glenn R. Davis
                                 Glenn R. Davis

112784