IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELEN A. RUNGE,<br>    Plaintiff<br><br>v.<br><br>WALTER J. KELLY, et al.<br>    Defendants | :<br>:<br>:   No. 05-10849-RGS<br>:   (Judge Stearns)<br>:<br>:   CIVIL ACTION<br>:   JURY TRIAL DEMANDED |

## MOTION FOR ENLARGEMENT OF TIME TO SUBMIT EXPERT REPORT AS TO DEFENDANT BLOOMINGDALE

AND NOW, COMES, Plaintiff Helen A. Runge ("Plaintiff"), by and through her counsel, and motions for an enlargement of time to submit her expert report as to Defendant Kerry L. Bloomingdale ("Defendant Bloomingdale") and states the following:

1. On April 27, 2005, Plaintiff filed with this Honorable Court her initial Complaint.

2. Plaintiff filed an Amended Complaint on August 7, 2006, as permitted by Court Order entered July 28, 2006, and a Second Amended Complaint on January 8, 2007, as permitted by Court Order entered January 5, 2007.

3.      Plaintiff is required by Scheduling Order dated April 4, 2006, to submit her expert reports by January 15, 2007, which time period has not expired as January 15, 2007 was a legal holiday under Federal Rule of Civil Procedure 6.

4.      Plaintiff has been diligent in pursuing discovery and requesting relevant documentation from Defendant Sunbridge Nursing and Rehabilitation Center ("Defendant Sunbridge") that is essential for adequate expert review of Defendant Bloomingdale's actions.  Defendant Bloomingdale served as a consulting physician for Defendant Sunbridge and made weekly consultation visits to the facility.

5.      On or about May 19, 2006, Plaintiff served a Request for Production of Documents on Defendant Sunbridge.

6.      Defendant Sunbridge inadequately responded to Plaintiff's Request for Production of Documents on or about October 6, 2006.

7.      Defendant Sunbridge has not produced significant documentation regarding the facility and its procedures that is needed for an expert review of Defendant Bloomingdale's actions.

8.      Plaintiff requested that Defendant Sunbridge provide the requested documents and supplement its response.  Further detail of these actions are set forth in Plaintiff's Motion for Enlargement of Time to Submit Expert Report as to Defendant Sunbridge, document number 69 filed with this Court on January 12, 2007.

9.      By correspondence dated December 22, 2006, Plaintiff again contacted Defendant Sunbridge about its inadequate response to the Request for Production of Documents, and for resolution of the outstanding issues within the next week.  *See*

Plaintiff's Correspondence to Defendant Sunbridge dated December 22, 2006, attached as Exhibit A and incorporated herein as if set forth at length.

10. Plaintiff has received no response to its December 22, 2006, correspondence.

11. Some documents that Plaintiff has requested from Defendant Sunbridge but not received include the following: (1) resident assessment protocols; (2) policy and procedure manuals regarding management, nursing, employee training, social services, quality control and other issues; (3) job descriptions for the positions of the medical director, administrator, director of nursing and director of social services; (4) census reports and/or records with resident acuity information during Plaintiff's residency at Defendant Sunbridge; and (5) organizational charts and/or corporate structures of Defendant Sunbridge.

12. Plaintiff respectfully requests that this Honorable Court grant Plaintiff an enlargement of time to file an expert report as to Defendant Bloomingdale because Defendant Sunbridge has not produced documents necessary for expert review of Defendant Bloomingdale's actions.

13. In support of the instant Motion, Plaintiff incorporates her Memorandum of Reasons In Support of Motion for Enlargement of Time to Submit Expert Report as to Defendant Bloomingdale.

WHEREFORE, Plaintiff, Helen A. Runge, respectfully requests that this Honorable Court grant Plaintiff's Motion for Enlargement of Time to Submit Expert Report as to Defendant Bloomingdale.

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: January 16, 2007    By   /s/ Glenn R. Davis
　　　　　　　　　　　　　　　　Glenn R. Davis
　　　　　　　　　　　　　　　　1700 Bent Creek Boulevard, Suite 140
　　　　　　　　　　　　　　　　Mechanicsburg, PA 17050
　　　　　　　　　　　　　　　　(717) 620-2424
　　　　　　　　　　　　　　　　gdavis@ldylaw.com
　　　　　　　　　　　　　　　　*Pro Hac Vice*

　　　　　　　　　　　　　　　　Blake J. Godbout, BBO #196380
　　　　　　　　　　　　　　　　BLAKE J. GODBOUT & ASSOCIATES
　　　　　　　　　　　　　　　　33 Broad Street, 11th Floor
　　　　　　　　　　　　　　　　Boston, MA  02109
　　　　　　　　　　　　　　　　(617) 523-6677

　　　　　　　　　　　　　　　　Attorneys for Plaintiff, Helen A. Runge

## LOCAL RULE 7.1 CERTIFICATION

I, Glenn R. Davis, counsel for Plaintiff, Helen A. Runge, certify that we have contacted counsel for Defendants Walter J. Kelly, Kerry L. Bloomingdale, M.D., and Sunbridge Nursing and Rehabilitation Center regarding Plaintiff Helen A. Runge's Motion for Enlargement of Time to Submit Expert Report as to Defendant Bloomingdale. Counsel for Defendant Walter J. Kelly has not yet provided a position, whether it be concurrence or nonconcurrence, with the presentation of this Motion. Counsel for Defendants Kerry L. Bloomingdale, M.D., and Sunbridge Nursing and Rehabilitation Center have no position with regard to the merits of the Motion, but concur in the granting of the extension of time so long as those defendants have 30 days after plaintiff's expert submittal to submit their respective expert reports.

Dated: January 16, 2007    /s/ Glenn R. Davis
　　　　　　　　　　　　　　Glenn R. Davis

112882                          4

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

> James S. Hamrock, Jr.
> Hamrock & Tocci
> 101 Main Street, 18th Floor
> Cambridge, MA 02142
> jhamrock@htclaw.com
>
> Michele Carlucci
> George S. Rockas
> Wilson Elser Moskowitz Edelman & Dicker LLP
> 155 Federal Street
> Boston, MA 02110
> michele.carlucci@wilsonelser.com
> george.rockas@wilsonelser.com
>
> Michael Williams
> Lawson & Weitzen, LLP
> 88 Black Falcon Avenue, Suite 145
> Boston, MA 02210-1736
> mwilliams@lawson-weitzen.com

Dated: January 16, 2007                /s/ Glenn R. Davis
                                                                Glenn R. Davis

# LATSHA DAVIS YOHE & McKENNA, P.C.
### ATTORNEYS AT LAW

PLEASE REPLY TO:   Mechanicsburg
WRITER'S E-MAIL:   adean@ldylaw.com

December 22, 2006

*VIA FACSIMILE and U.S. Mail*
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

    Re:    Helen A. Runge v. Walter J. Kelly, et al.
             No. 05-10849-RGS
             Our File No. 812-03

Dear Mr. Williams,

    By letter dated November 2, 2006, we contacted you requesting that Sunbridge supplement its response to Plaintiff's Request for Production of Documents. It was our understanding from separate phone conversations with you that Sunbridge would provide Plaintiff's medical records from Sunbridge and that the other documents would follow. However, Sunbridge has not produced any documents other than Plaintiff's medical records, Plaintiff's power of attorney and proxy documents, Defendant Bloomingdale's April 29, 2003 medical certificate and the Department of Public Health's report regarding the complaint made to it by Plaintiff regarding Sunbridge. We have received Sunbridge's Privilege Log listing some documents that have been withheld, but it does not appear to adequately address all of the issues we raised in our correspondence questioning the accuracy of your client's response.

    We believe numerous documents in Sunbridge's possession have not been produced to Plaintiff. In particular, Resident Assessment Protocols, as sought in Request No. 1(b), were not included. Sunbridge's response to Request No. 7, which sought all insurance policies relating to Sunbridge in effect during Plaintiff's residency at Sunbridge, was "None at this time. The Defendant reserves the right to supplement this response at a later date." Please confirm that there were no insurance policies or coverage in effect during Plaintiff's residency. Also, Sunbridge's response to Request No. 20, which sought contracts with Sunbridge's medical director or outside consultant medical doctors, was also "None at this time. The Defendant reserves the right to supplement this response at a later date." We ask that you supplement your response at this time with documents responsive to these requests.

Michael Williams, Esq.
December 22, 2006
Page 2

You have made objections to multiple requests, which objections are inappropriate. You objected to Request No. 12 "on the grounds that the request is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Further responding, the Request seeks information that would invade the privacy of other individuals, namely Mediplex's employees, and therefore cannot be produced." This response is disingenuous, as the dates of April 29 and 30, 2006 are important dates referenced in Plaintiff's claims and, therefore, the documents showing the employees working on these two dates are relevant to this matter. Moreover, the work history of these employees at Sunbridge is very relevant to this litigation. To the extent you have objected to Request No. 12 because the information sought would invade the privacy of individuals, we do not agree that this is an appropriate objection to the information sought, as this information is related to the events of April 29 and 30, 2003 and is information to which Plaintiff is entitled.

You objected to Request No. 15 "on the grounds that the request is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence." Request No. 15 seeks a copy of organizational charts and/or corporate structures of Sunbridge during Plaintiff's residency, which is a narrowly tailored request and seeks information directly related to Sunbridge as a defendant in the matter.

You objected to Requests No. 16 on the same grounds as Request No. 15. The practices of Sunbridge are directly applicable to the instant matter and Plaintiff is entitled to review the requested policy and procedural manuals.

You also objected to Requests No. 17 on the same grounds as Request No. 15, although the four listed positions were critical to Sunbridge during Plaintiff's residency and therefore related to Plaintiff's claims. It is beyond the pale of imagination how the request for four relevant job descriptions is overly broad or unduly burdensome.

The same objection to Request No. 15 was made again to Request No. 22, which sought daily census reports and/or records with resident acuity information during Plaintiff's residency. Again, this request is narrowly tailored and applicable to Plaintiff's claims, and Plaintiff is entitled to review these documents.

You objected to Request No. 23, which sought certain work information for employees for April 29 and 30, 2006. The information requested is for a specific, narrow time period that is significant to Plaintiff's claims. To the extent you have objected to Request No. 23 because the information sought would invade the privacy of individuals, we do not agree that this is an appropriate objection to the information sought, as this information is related to the events of April 29 and 30, 2003 and is information to which Plaintiff is entitled.

Finally, you state that Sunbridge does not possess any documents responsive to Request Nos. 9 and 11, which, respectively, sought documents relating to any business relationship between Sunbridge and Bloomingdale during a specified time period and documents relating to any payments Sunbridge

112241

Michael Williams, Esq.
December 22, 2006
Page 3

made to or received from Bloomingdale during a specified time period. Bloomingdale's testimony in his recent deposition and the fact that Bloomingdale had examined Plaintiff in the Sunbridge facility certainly indicate that there are documents responsive to these requests in Sunbridge's possession and, accordingly, we request that you provide such documents.

We have been waiting for these documents for some time and would like to resolve this dispute as soon as possible. Unless these issues are resolved next week, we will be forced to file a Motion to Compel with the Court. Thank you for your attention to this matter.

Sincerely,

Andrea E. Dean

cc:   George C. Rockas, Esq./Michele Carlucci, Esq.
      James S. Hamrock, Jr., Esq.
      Blake J. Godbout, Esq.
      Helen A. Runge
      Glenn R. Davis, Esq.

112241

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELEN A. RUNGE,<br>　　　Plaintiff<br><br>v.<br><br>WALTER J. KELLY, et al.<br>　　　Defendants | :<br>:<br>: No. 05-10849-RGS<br>: (Judge Stearns)<br>:<br>: CIVIL ACTION<br>: JURY TRIAL DEMANDED |

### ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of Plaintiff's Motion for Enlargement of Time to Submit Expert Report as to Defendant Bloomingdale, it is hereby ORDERED and DECREED that said Motion is GRANTED.

　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Richard C. Stearns, J.

112895