IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELEN A. RUNGE,<br>       Plaintiff<br><br>v.<br><br>WALTER J. KELLY, et al.<br>       Defendants | :<br>:<br>:  No. 05-10849-RGS<br>:  (Judge Stearns)<br>:<br>:  CIVIL ACTION<br>:  JURY TRIAL DEMANDED |

**MEMORANDUM OF REASONS IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER**

Helen A. Runge ("Plaintiff"), by and through her counsel, respectfully submits this Memorandum of Reasons in Support of her Motion for Protective Order.

**I.  FACTUAL BACKGROUND**

Plaintiff filed her original Complaint on April 27, 2005, pleading counts sounding both in federal and state law. Counts I and II of the original Complaint were federal law claims, which were dismissed by this Court's Order dated January 23, 2006. Although the federal question jurisdiction counts were dismissed, jurisdiction remains with this Court due to diversity. By Court Order entered July 28, 2006, Plaintiff was permitted to file an Amended Complaint, which Plaintiff filed on August 7, 2006. By Court Order entered January 5, 2007, Plaintiff was permitted to file her Second Amended Complaint, which Plaintiff filed on January 8, 2007.

By Discovery Schedule dated April 4, 2006, the parties are required to have concluded the fact discovery period by December 22, 2006. However, on January 11, 2007, Defendant Walter J. Kelly ("Defendant Kelly") forwarded eight (8) subpoenas regarding different health care providers and corresponding notices of deposition to the

Polk County Sheriff in North Carolina. The subpoenas and notices of deposition are issued out of the United States District Court for the Western District of North Carolina. *See* the subpoenas and notices of deposition attached to the Motion as Exhibit A.

Plaintiff now seeks a protective order against Defendant Kelly for disallowance of the discovery sought via subpoenas and notices of deposition dated January 11, 2007. A discovery conference was held with counsel for the defendant involved in this discovery dispute, Defendant Kelly, via telephone on January 17, 2007 and continued through correspondence dated January 17, 24 and 26, 2007. Plaintiff and Defendant Kelly have not reached an agreement in the discovery dispute. Plaintiff incorporates by reference her Motion for Protective Order.

## II.    REASONS WHY MOTION SHOULD BE GRANTED

Federal Rule of Civil Procedure ("FRCP") 16 states that a schedule set forth by a scheduling order shall not be modified except upon "a showing of good cause" and by leave of the district judge. Fed. R. Civ. P. 16(b). Here, Defendant Kelly has not requested that this Court modify the Discovery Schedule and therefore is not permitted to issue the subpoenas and notices of deposition dated January 11, 2007 outside of the time period set by the Court. Defendant Kelly also did not ask Plaintiff whether she agreed to the service of these subpoenas and notices of deposition outside of the fact discovery time period. Plaintiff objects to the discovery Defendant Kelly now seeks outside of the fact discovery period set forth by the Court's Discovery Schedule.

Further, the subpoenas and notices of deposition issued out of the Western District for North Carolina require each deponent, none of whom is a party, to travel to

Boston, Massachusetts for deposition or to produce documents to Defendant Kelly's counsel in Boston, Massachusetts. Boston, Massachusetts is more than 100 miles from any deponent's place of employment in North Carolina and not within the district from which the requests are issued, which are violations of FRCP 45. Compliance with the subpoenas and notices of deposition will subject the deponents to undue burden and expense in complying with the requests, which is also a violation of FRCP 45. The subpoenas are not in the proper format as they do not incorporate subsections (c) and (d) of FRCP 45, as required by that rule.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Protective order as to the eight (8) subpoenas and notices of deposition issued by Defendant Kelly should be granted.

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: January 26, 2007

By /s/ Glenn R. Davis
Glenn R. Davis
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050
(717) 620-2424
gdavis@ldylaw.com
*Pro Hac Vice*

Blake J. Godbout, BBO #196380
BLAKE J. GODBOUT & ASSOCIATES
33 Broad Street, 11th Floor
Boston, MA 02109
(617) 523-6677
Attorneys for Plaintiff, Helen A. Runge

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

>James S. Hamrock, Jr.
>Hamrock & Tocci
>101 Main Street, 18th Floor
>Cambridge, MA 02142
>jhamrock@htclaw.com
>
>Michele Carlucci
>George S. Rockas
>Wilson Elser Moskowitz Edelman & Dicker LLP
>155 Federal Street
>Boston, MA 02110
>michele.carlucci@wilsonelser.com
>george.rockas@wilsonelser.com
>
>Michael Williams
>Lawson & Weitzen, LLP
>88 Black Falcon Avenue, Suite 145
>Boston, MA 02210-1736
>mwilliams@lawson-weitzen.com

Dated: January 26, 2007                    By /s/ Glenn R. Davis
                                              Glenn R. Davis

112784