**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

EASTERN DIVISION

No. 05-10849RGS

| |
|---|
| HELEN RUNGE,<br>                                Plaintiff<br><br>                    v.<br><br>WALTER J. KELLY,<br>KERRY L. BLOOMINGDALE, M.D., and<br>SUNBRIDGE NURSING AND<br>REHABILITATION CENTER,<br>                                Defendants |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT WALTER J. KELLY'S OPPOSITION TO
PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

**AND**

**CROSS-MOTION TO COMPEL PLAINTIFF TO RESPOND TO REQUESTS
FOR PRODUCTION OF DOCUMENTS**

NOW COMES the Defendant, Walter J. Kelly, ("Kelly"), and opposes the

Plaintiff's Motion for a Protective Order and cross-moves to compel the Plaintiff to

respond to Defendant's Requests for Production of Documents pursuant to Fed. R. Civ.

P. 37. The subpoenas for which the Plaintiff seeks a protective order seek medical

records of the Plaintiff that should have been produced by the Plaintiff in response to

Defendant's Requests for Production of Documents as they are in her "control" pursuant

to Fed. R. Civ. P. 34. These documents are relevant and discoverable pursuant to Fed. R.

Civ. P. 26(b)(1) and Defendant is entitled to obtain them whether it be through subpoena,

court order, or in response to Defendant's document requests. As grounds in support of

this opposition and cross-motion, Defendant submits the following:

73530.1

1

A.    **BACKGROUND**

    a.    <u>**The Complaint**</u>

Plaintiff, Helen A. Runge, filed this lawsuit on April 27, 2005 against Walter J. Kelly ("Kelly"), Kerry L. Bloomingdale, M.D. ("Bloomingdale") and Sunbridge Nursing and Rehabilitation Center ("Sunbridge").  Plaintiff is a ninety-one (91) year-old woman who was a resident of Sunbridge Nursing and Rehabilitation Center ("Sunbridge") until April 29, 2003.  In 2001, Plaintiff contacted Defendant Kelly to provide her with legal assistance as a result of her decision to and in preparation of entering into Marion Manor. Plaintiff alleges that at about this time, Defendant Kelly drafted paperwork that would make himself her power of attorney and her medical power of attorney, either unknown to Runge or without her fully understanding his actions.

The Plaintiff moved from Marion Manor to Bayview Assisted Living in November of 2002, and then to Defendant Sunbridge.  While in these facilities, Plaintiff claims that things were being stolen from her.  She also alleges that Defendant Kelly knew of these facts, but failed to act on behalf of the Plaintiff.  In January of 2003, while at Bayview, Plaintiff accused staff of rummaging through her belongings allegedly with the intent to steal, and contacted the police.  She was taken to Carney Hospital for psychiatric evaluation. Upon discharge she was moved to Defendant Sunbridge.

Plaintiff contends that Defendant Sunbridge compelled her to take anti-psychotic medications that were not necessary.   She also contends that Defendants Kelly and Sunbridge conspired with Dr. Bloomingdale and instructed Dr. Bloomingdale to render an opinion that the Plaintiff was not mentally competent.  Dr. Bloomingdale concluded

that the Plaintiff suffers from Alzheimer's dementia with paranoid delusions. However, Plaintiff contends that she was competent when she revoked Defendant Kelly's power of attorney and appointed her daughter and son-in-law as her new power of attorney and healthcare proxy. Therefore, the Plaintiff's mental competency is the heart of the controversy.

**b.    Discovery Thus Far**

**1.    Plaintiff's Answers to Interrogatories**

Plaintiff initially provided unsigned Answers to Interrogatories on August 23, 2006. [See Answers to Interrogatories, attached as Exhibit A]. After a conference with Plaintiff's counsel regarding the unsigned interrogatories, Plaintiff's counsel provided a "verification" of discovery responses by Gilbert Stanley, Plaintiff's purported Power of Attorney. [See "Verification" attached as Exhibit B]. Again, Defendant's counsel requested that Plaintiff herself sign her purported Answers to Interrogatories, or that Plaintiff's counsel at least advise Defendant's counsel that Plaintiff is unable. Defendant filed a motion to compel the plaintiff to provide signed interrogatories. Plaintiff then provided Answers to Interrogatories purportedly signed by the Plaintiff on 10/10/06. [See Exhibit A]. Plaintiff's counsel never made an affirmative statement whether or not the Plaintiff was competent.

**2.    Plaintiff's Mental Status**

The Defendant moved this Honorable Court to Compel the Plaintiff to submit to psychiatric evaluation. In opposition, Plaintiff argued that Defendant could go down to North Carolina and depose the Plaintiff and determine her status without the need of an independent evaluation. On 10/17/06, the Court denied Defendant's motion without

prejudice, to be re-filed following the deposition.  On 11/15/06, the Defendant deposed

the Plaintiff at the home of her daughter and son-in-law, Dorothy and Gilbert Stanley, in

North Carolina.  The Plaintiff has been living in North Carolina since she was forcibly

removed from the Sunbridge facility on 4/29/03.  The Plaintiff was clearly incompetent,

unaware of the date, month, and in which state she lived, and had no idea that this lawsuit

existed.  [See attached Depositions Transcript, Exhibit C].  An excerpt from her

deposition obviates the question of her mental condition:

> Q       Have you ever been involved in any lawsuit?
> A.      What do you want –and a lawsuit, you know, something about me?
> Q       No.  Have you ever been involved in a lawsuit, a party to a lawsuit?
> A       Hospital?
> Q       No.  Have you ever been involved in a lawsuit?
> A       No, no.  Never in my life.  This is all shaky to me.

[Exhibit C, p. 8, lines 14-22]

> Q       Do you know what state you are living in right now?
> A       I know where I am.
> Q       What state are you living in?
> A       Massachusetts

[Exhibit C, p. 9, lines 5-8]

Of significance, Plaintiff stated that she had never seen her Answers to Interrogatories.

[Exhibit C, p. 5, lines24-25 through p. 6, lines 1-4, and Ex. 5].  She also stated that she

did not  know Walter Kelly or that she is suing him.  [Exhibit C, p. 4-5, lines 1-7].

**3.       Requests for Production of Documents Nos. 14 and 15**

On May 12, 2006, Defendants served upon the Plaintiff Requests for Production

of Documents. [See Requests for Production of Documents, attached as Exhibit D].

The Requests at issue in this motion are the following:

REQUEST NO. 14:

      Any and all documents related to the plaintiff's residence and/or care at any nursing homes and/or assisted living facilities.

REQUEST NO. 15:

      All surgical records, hospital records, medical records, nursing home records, assisted living facility records, psychological records, mental health records, X-rays, radiographic films, or any other records or materials related to any diagnostic or treatment tests or procedures, bills, invoices, writings, notes, or memoranda relating to all of the plaintiff's physical, medical or mental conditions, illnesses or disabilities, including but not limited to those doctors, nurses, practitioners, hospitals, clinics, institutions, or other health care providers or third party private or governmental health or accident insurers, without regard to whether it is the plaintiff's contention that such physical, medical or mental conditions, illnesses, or disabilities were caused in any way by the defendant or any agent or employee of the defendant for the years 1995 to the present.

The Plaintiff did not respond to Defendant Kelly's document request until August 23, 2006. In response, Plaintiff made no specific objections to Requests 14 and 15, and merely stated: "Documents responsive to this Request in possession of Runge are attached." Plaintiff produced minimal medical records in response to Requests 14 and 15. [See Response to Requests for Production of Documents, Exhibit E][1] The minimal records produced were in no semblance of an order, and were clearly not complete given the number of medical providers Plaintiff disclosed in her Answers to Interrogatories and Initial Disclosures. [See Exhibit A].

      Plaintiff provided Supplemental Responses on November 10, 2006. [See Supplemental Responses, Exhibit F][2] In response to Requests 14 and 15, plaintiff produced medical records from White Oak Manor and St. Lukes Hospital and various Massachusetts providers. The response was clearly incomplete and records from varying providers were intermingled. In fact, Plaintiff's counsel admits that the records produced

---

[1] Defendant Kelly attaches only the records produced by Plaintiff in Response to Defendant Kelly's Requests that are related to the plaintiff's medical treatment in order to keep the bulk of exhibits down to a minimum.
[2] Defendant Kelly does not attach the records as it is too large to electronically file.

were not complete. [See E-mail from Attorney Dean, Exhibit G]. The response did not comply with the requirement of Fed. R. Civ. P. 34, that the records be produced as they are kept in the usual course of business or that they be organized and labeled to respond to the category in the request. Moreover, we know that Plaintiff treated with other providers and/or resided at additional facilities including the following: Black Mountain Center, Dr. Rhett Myers, Dr. Robert Palmer, Laurel Woods, Dr. George Kim, and Dr. Peter Nidenbach. [See Exhibit A]. Defendant Kelly sent subpoenas to obtain the records from these providers. The records of Dr. Myers have been received and copies have been provided to all counsel. Black Mountain Center objected to the subpoena stating that they required a release from the Plaintiff. The remainder of medical providers with whom the Plaintiff treated while a resident of North Carolina have been subpoenaed, but those subpoenas are the subject of Plaintiff's current motion for a protective order, as discussed below.

**4.    Defendants' Subpoenas of Plaintiff's Medical Records**

The discovery deadline in this matter was December 22, 2006. On November 22, 2006, Defendant Kelly first sent eight (8) subpoenas to the Polk County Sheriff's Office for service upon the following medical providers:

1.    Robert M. Palmer, M.D., Tryon Medical Group, P.A., 25 Shields Drive, Tryon, NC 28782;

2.    White Oak Manor (Benson Hall Assisted Living Facility), 70 Oak Street, Tryon, NC 28782;

3.    White Oak Manor (Nursing Facility), 70 Oak Street, Tryon, NC;

4.    LaurelWoods Assisted Living, 1062 & 1064 W. Mills Street, Columbus, NC 28722;

5.    Dr. George Kim, 2536 Lynn Road, Suite B, Tryon, NC 28782;

6.     Dr. Peter Nidenbach, Laurellyn Medical Group, 37 Wilderness Road, Tryon, NC 28782;

7.     St. Luke's Hospital,101 Hospital Drive, Columbus, NC 28722; and

8.     St. Luke's Skilled Nursing Facility, Dr. George Kim, 101 Hospital Drive, Columbus, NC 28722.

[See Exhibit H].  Plaintiff treated with each of these providers after being removed from Defendant Sunbridge's facility.  All counsel were copied on the letter to the Sheriff and received copies of the subpoenas at that time.  [Exhibit H, letter to the Sheriff].

On November 29, 2006, Plaintiff's counsel sent letters of objection for each of the eight (8) subpoenas to counsel for Defendant Kelly on the purported grounds that the dates "arbitrarily set" conflicted with counsel's schedule and that the subpoenas were unenforceable.  [See Exhibit I, letters from Attorney Dean].  Counsel for Defendant Kelly, Michele Carlucci, contacted counsel for the Plaintiff, Andrea Dean, and left a message stating that Defendant did not expect the keepers of records to appear for deposition, but rather to send records in lieu of attending, as indicated on the subpoenas. [See Affidavit of Michele Carlucci, attached as Exhibit J, ¶3].  Defendant Kelly's counsel specifically stated in the message that if Plaintiff's counsel continued to object to the subpoenas, that she should contact Attorney Carlucci.  [Exhibit J, ¶3].  Defendant Kelly's counsel did not hear back from plaintiff's counsel. [Exhibit J, ¶3].

On January 8, 2007, Defendant Kelly's counsel received a phone call from Polk County Sheriff's Office informing counsel that the subject eight (8) subpoenas had not yet been served due to a change in administration in the Sheriff's Office. [Exhibit J, ¶4] Literally, there was a new Sheriff in town, and the subpoenas had fallen through the cracks.  Because the dates for the subpoenas had passed, Defendant's counsel prepared

7

73530.1

new subpoenas and re-sent them to the Sheriff's Office for service. [Exhibit J, ¶5]. Prior to filing Plaintiff's Motion for a Protective Order, Plaintiff was aware of the Sheriff's failure to timely serve the subject subpoenas. [Exhibit J, ¶6].

**B.    ARGUMENT**

From the very onset of this case, Plaintiff's counsel has attempted to prevent discovery of the Plaintiff's mental condition after she was removed from Defendant Sunbridge in Massachusetts. Plaintiff's medical records prior to her removal contain diagnoses of dementia and paranoid delusions. Plaintiff's deposition took place approximately one (1) month after she purportedly signed answers to interrogatories. Her level of dementia and other incapacity exhibited at her deposition raises questions of her capacity to sign interrogatories only about one month prior to her deposition, or to even bring this lawsuit. It is distressing that this case has been prosecuted in the name of a person who clearly lacks capacity and who has been allowed to sign interrogatories in this condition. Indeed, the candor owed to this Court and defense counsel has been lacking on the issue of Plaintiff's "capacity."

In any event, Plaintiff's medical records can shed light on the question of her mental state in the time between her removal from Sunbridge (4/29/03) and the date of her deposition (11/15/06). Prior to Plaintiff's removal from Sunbridge, Dr. Bloomingdale concluded that the Plaintiff suffers from Alzheimer's dementia with paranoid delusions. [See Report of Dr. Bloomingdale, attached as Exhibit K]. Even before Dr. Bloomingdale's report, back in February of 2000, Plaintiff's medical records reveal that she suffered paranoid delusions. [Exhibit K]. However, Plaintiff contends that she was competent when she revoked Defendant Kelly's power of attorney and appointed her

8

daughter and son-in-law as her new power of attorney and healthcare proxy. Plaintiffs argue that Plaintiff was evaluated and deemed competent upon arrival in North Carolina. However, plaintiff's prior medical records from Massachusetts and portions of plaintiff's medical records for treatment in October of 2003 (at St. Lukes) raise questions of the validity of that evaluation. [See portion of record from St. Lukes produced by the Plaintiff in Supplemental Response to Requests for Production of Documents, attached as Exhibit L]. Therefore, a complete set of Plaintiff's medical records is crucial to the defense of this matter.

### a.    Defendant's Subpoenas Should Stand

Defendants' ability to defend themselves in this matter should not be thwarted by the Sheriff's failure to serve the subpoenas which were first sent prior to the discovery deadline. Plaintiff also argues that the subpoenas require the deponents to travel to Massachusetts and therefore create an undue burden and expense for the deponents. However, the subpoenas allow the deponents to send certified records in lieu of appearance. More importantly, Defendant Kelly has not received any objection from the medical providers – the actual recipients of the subpoenas. [Exhibit J, ¶7]. Moreover, On January 26, 2007, Defendant Kelly already received records in response to the subpoenas from St. Luke's Hospital. [Exhibit J, ¶8]. Defendant's counsel informed Plaintiff's counsel of receipt of these records prior to Plaintiff's filing of this motion. [Exhibit J, ¶8. See also, Exhibit G, E-mail]. Plaintiff also argues that Defendant Kelly has not provided notice of the subpoenas pursuant to the Health Insurance Portability and Accountability Act. However, Plaintiff cannot argue that she was not provided with notice of these subpoenas in time to object, as she first received notice of Defendant's

9

intent to subpoena these records back in November of 2007 – approximately two months before the subpoenas were actually served.

In an effort to reach an amicable resolution of this discovery dispute, Defendant has reminded Plaintiff that the records sought through these subpoenas should have been provided pursuant to Rule 34 and in response to Defendants' Requests for Production of Documents. [Exhibit J, ¶9]. Defendant's counsel requested releases from the Plaintiff to obtain these records, but Plaintiff refused. [Exhibit J, ¶9]. Through Plaintiff's motion for a protective order and refusal to comply with Rule 34, Plaintiff attempts to blockade Defendant's every avenue to obtain relevant and discoverable records related to Plaintiff's medical treatment and mental state.

    **b.**    **Plaintiff Has Failed to Provide a Complete Response to Defendant's Request for Production of Documents.**

Plaintiff has asserted that Plaintiff's medical records for treatment need not be produced in response to Defendant Kelly's Requests for Production of Documents because they are not in the plaintiff's possession, custody or control. Counsel expressed that the plaintiff did not have these records in her physical possession and did not have a duty to obtain them when Defendant Kelly can obtain them himself. Plaintiff knows full well that several medical providers have required releases from the Plaintiff before sending records to Defendant. In fact, Plaintiff has previously provided releases for certain Massachusetts medical providers, but refuses to do so for the North Carolina and South Carolina providers. Moreover, Black Mountain Center of North Carolina has

objected and requested a release from the Plaintiff stating that North Carolina laws are more stringent than HIPAA.[3]

 The records are in fact in the Plaintiff's control and she has a duty to produce them.  "Control" for purposes of Fed. R. Civ. P. 34(a) is established where, although the party does not have physical possession of the requested documents, she has the legal right to obtain them. See Rosie D. v. Mitt Romney, et al., 256 F. Supp. 2d 115 (D. Mass. 2003); Calzaturficio v. Fabiano Shoe Company, Inc., 201 F.R.D. 33, 38-39 (D. Mass. 2001) ("Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand.")(citations and internal quotation marks omitted); Haseotes v. Abacab Int'l Computers, Inc., 120 F.R.D. 12, 14 (D. Mass. 1988) ("A party has 'control' over a document if that party has a legal right to obtain those documents."). See also Alexander v. FBI, 194 F.R.D. 299, 301-02 (D.D.C. 2000);18 Wright & Miller, Federal Practice & Procedure, §220; 4A Moore's Federal Practice, §35.17.

 In an effort to save the plaintiff the cost of requesting copies of her own medical records, Defendant has requested authorizations so that Defendant Kelly may obtain them.  Plaintiff refused to provide authorizations maintaining that the records are not relevant because they represent treatment received after plaintiff moved from Massachusetts to North Carolina, and after the alleged conduct which is the subject of Plaintiff's Complaint.  However, curiously enough, Plaintiff already provided a portion of these records (i.e., White Oak Manor and St. Lukes).  Moreover, these records are relevant to the extent they comment on her medical history as well as her current medical/mental condition, as argued above.  Her current medical state is, among other

---

[3] The subpoena sent to Black Mountain Center was not one of the subpoenas sent to the Polk County Sheriff's Office to which the Plaintiff now objects.

73530.1

things, relevant to show her capacity to prosecute this matter. Moreover, Plaintiff has both conceded that her mental condition is in controversy and asserted claims for negligent and intentional infliction of emotional distress. [See Plaintiff's Complaint, Count X and XI]. Plaintiff's medical records would shed light on the so-called distress and her mental and physical state. Regardless, Rule 26(b) allows Defendant to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. " Fed. R. Civ. P. 26(b)(1).

The district court has the authority to order plaintiff to execute releases in order to obtain documents which she has a legal right to possess. See United States ex rel. Woodard v. Tynan, 776 F.2d 250 (1985). Therefore the Court should order the Plaintiff to provide complete certified copies of her records, or releases so that the Defendants may obtain them. A denial of Plaintiff's Motion for a Protective Order alone may require the Court to revisit this issue at a later date given that at least one provider (not the subject of the Motion for the Protective Order) has requested an executed authorization from the Plaintiff.

WHEREFORE, the Defendant, Walter J. Kelly, respectfully requests that this Honorable Court deny Plaintiff's Motion for a Protective Order and allow Defendant's Motion to Compel Plaintiff to provide complete responses to Requests for Production of Documents Nos. 14 and 15, whether it be through a release or production of certified copies of her complete medical records.

73530.1

Dated:  January 30, 2007                              The Defendant,

                                                     Walter J. Kelly,
                                                     By his attorneys,


                                                     _____*s/ Michele Carlucci*_____
                                                     George C. Rockas, BBO #544009
                                                     Michele Carlucci, BBO #655211
                                                     WILSON ELSER MOSKOWITZ
                                                     EDELMAN & DICKER  LLP
                                                     155 Federal Street
                                                     Boston, MA 02110
                                                     (617) 422-5400


                                                                                        13

## <u>CERTIFICATE OF SERVICE</u>

I, Michele Carlucci, certify that on January 30, 2007 I have served, by electronic filing (with exhibits) and regular first class mail (without exhibits), a copy of the following:

1.    Defendant Walter J. Kelly's Memorandum in Support of Opposition to Plaintiff's Motion for a Protective Order and Cross-Motion to Compel the Plaintiff to Respond to Requests for Production of Documents.

to all counsel of record:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050

Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345                    _____*s/ Michele Carlucci*_____
Boston, MA 02210-2414                                          Michele Carlucci

14

73530.1

8-23-06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DEFENDANT'S
EXHIBIT
5
D. Stanley

HELEN A. RUNGE,                          :
        Plaintiff                :
                                   :    No. 05-10849-RGS
        v.                       :    (Judge Stearns)
                                   :
WALTER J. KELLY, et al.,                  :    CIVIL ACTION
        Defendants               :    JURY TRIAL DEMANDED

## PLAINTIFF HELEN RUNGE'S RESPONSE TO DEFENDANT WALTER J. KELLY'S FIRST SET OF INTERROGATORIES

      Plaintiff Helen Runge hereby response to Defendant Walter J. Kelly's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

      1.     Runge objects to the Interrogatories to the extent that they impose a greater obligation than that required by Rules 26 and 33 of the Federal Rules of Civil Procedure. Runge will respond and assert objections consistent with its obligations under such rules and expressly declines to undertake any broader obligations.

      2.     Runge objects to the Interrogatories to the extent they exceed the scope of Rule 33 of the Federal Rules of Civil Procedure and seek information that must be sought instead through other Federal Rules of Civil Procedure.

      3.     Runge objects to the Interrogatories to the extent that they call for the disclosure of:

           (a)     information developed, acquired or prepared in anticipation of litigation or which otherwise constitutes attorney work product;

           (b)     mental impressions, conclusions, opinions or legal theories of legal counsel;

(c)     privileged attorney-client communications; or,

(d)     information otherwise protected as privileged under state or federal statutory, constitutional or common law.

4.     Runge objects to the Interrogatories to the extent that they call for the disclosure of information already in the possession of Kelly.

5.     Runge objects to the Interrogatories to the extent that they are vague, overly broad, ambiguous, repetitive, and/or fail to identify the information sought with reasonable particularity.

6.     Runge objects to the Interrogatories to the extent that they seek information that is not relevant to the subject matter of this lawsuit, not reasonably calculated to lead to the discovery of admissible evidence or otherwise not subject to discovery.

7.     By responding to these Interrogatories, Runge does not concede the admissibility of any statement made herein.

8.     Runge reserves the right to supplement or amend her responses to the Interrogatories if further information becomes available.

## SPECIFIC RESPONSES AND OBJECTIONS

The General Objections set forth above apply to all individual numbered Requests, and Runge hereby incorporates each of those General Objections by reference into her responses to each of the individual Requests.  Any additional objections stated in the following responses are expressly made in addition to, and not in lieu of, the General Objections and for the purpose of setting forth, where appropriate, Runge's specific position as to Kelly's Requests.

## ANSWERS

1.    Please identify yourself fully, giving your full name, social security number and address.

**Response:**

> **Helen Anne Runge**
> **5 Stirrup Downs**
> **Columbus, NC 28722;**
> **Social Security No. 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.**

2.    Please state the name, business address, occupation and specialty of each person you expect may be called by you as an expert witness at the trial of this action, setting forth:

a)    the subject matter on which each person may be expected to testify;

b)    the substance of all facts upon which each person may be expected to testify;

c)    the contents of all facts about which each person may be expected to testify; and

d)    a summary of the grounds for each such opinion and the substance of all facts on which such opinions are based.

**Response:**    It is premature for Runge to name any expert witnesses.  Runge reserves the right to supplement this Response as discovery is deemed ongoing.

3.    Please describe fully and in complete and itemized detail all injuries or damages that you claim you suffered as a result of Defendant's alleged conduct.

**Response:**    Runge claims she has suffered emotional trauma and distress, including but not limited to depression, anxiety, and humiliation.  Runge also claims she has suffered from not receiving proper medical care while residing at Sunbridge Nursing and Rehabilitation Center (Defendant "Sunbridge"), including but not limited to not receiving care necessary by a dentist, podiatrist, ophthalmologist,

audiologist, and dermatologist, and being inappropriately and/or overly medicated.
Runge claims any and all costs, including but not limited to expert witness fees,
reasonable attorneys' fees, and those costs and attorneys' fees incurred in defending
or otherwise contesting the ex parte petition that Kelly filed seeking to have himself
appointed as guardian of Runge; fees or bills paid improperly by Kelly on Runge's
behalf; travel expenses to and from North Carolina; medical costs Runge incurred in
North Carolina; and compensatory and exemplary punitive damages.

    4.    Please list each medical care provider, including in your answer the dates
of treatment, the type of treatment and the address of the provider, with whom you
have treated from 1995 to the present.

    Response:    Subject to the above General Objections and without waiving
these objections, Runge answers this Interrogatory for the time period relevant to
Runge's Complaint.

    Medical records from the providers listed below contain the information
requested in Interrogatory No. 4. See the attached documents in the possession of
Runge, which speak for themselves (Attachment A).

    a)    Marian Manor
        130 Dorchester Street
        South Boston, MA 02127;

        Dates of treatment: July 2001 to November 2002;

    b)    Bayview Assisted Living
        1380 Columbia Road
        Boston, MA 02127

        Dates of treatment: November 2002 to November 2003;

    c)    Carney Hospital
        Ronald F. Gomes, M.D.
        Gary L. Taylor, M.D.
        Lilia Feinberg, M.D.
        Sean P. Marker, M.D.
        Benjamin J. Kerman, M.D.
        2100 Dorchester Avenue

Boston, MA  02124-5666

Dates of treatment: January 11, 2003 to January 22, 2003;

d)    Sunbridge Nursing and Rehabilitation Center
       49 Thomas Patten Drive
       Randolph, MA 02368

Dates of treatment: January 2003 through April 30, 2003;

e)    Kerry L. Bloomingdale, M.D.
       (Defendant "Bloomingdale")
       592 Quinobequin Road
       Waban, MA 02468

Dates of alleged treatment: April 29, 2003;

f)    B. Rhett Myers, M.D.
       15 South Main Street, Suite 502
       Greenville, SC  29601

Dates of treatment: May 30, 2003;

g)    Robert M. Palmer, M.D.
       Tryon Medical Group, P.A.
       25 Shields Drive
       Tryon, NC  28782

Dates of treatment: May 7, 2003; July 25, 2003; November 5, 2003;
November 7, 2003;

h)    Han W. Dong, M.D.
       155 Old Town Way
       Hanover, MA  02339

Dates of treatment: February 25, 2003;

i)    Blue Ridge Laser Eye Associates
       192 Hospital Lane
       Columbus, NC  28722

Dates of treatment: June 4, 2003; October 3, 2003;
November 12, 2003; November 19, 2003;

108901

5

j)      Jerry L. Gross, D.P.M.
        Foot and Ankle Center of the Carolinas, P.A.
        279 Shiloh Road
        Forest City, NC  20843

        Dates of treatment: November 12, 2003; December 18, 2003;

k)      David A. Wagner, D.M.D.
        PO Box 275
        Columbus, NC  28722

        Dates of treatment: September 3, 2003;

l)      White Oak Manor (Benson Hall Assisted Living Facility)
        70 Oak Street
        Tryon, NC 28782

        Dates of treatment: April 2, 2004 to December 31, 2004;

m)      White Oak Manor (Nursing Facility)
        70 Oak Street
        Tryon, NC 28782

        Dates of treatment: January 4, 2005 to June 3, 2005;

n)      Black Mountain Center (Greenwood Inn Respite Center)
        932 Old U.S. Highway 70
        Black Mountain, NC 28711

        Dates of treatment: Approximately three days in July 2005;
        Approximately one week in July 2006;

o)      LaurelWoods Assisted Living
        1062 & 1064 W. Mills St.
        Columbus, NC 28722

        Dates of treatment: July 28, 2003 to August 17, 2003;

p)      Dr. George Kim
        2536 Lynn Road, Suite B
        Tryon, NC 28782

        Dates of treatment: Intermittent, beginning the middle of 2005;

q)    Dr. Peter Neidenbach
        Laurellyn Medical Group
        37 Wilderness Road
        Tryon, NC 28782

        Dates of treatment: June 13, 2003;

r)    Richards Hearing Aid Center
        POB 98
        1521 E. Rutherford Road
        Landrum, SC 29356

        Dates of treatment: May 6, 2003;

s)    St. Luke's Hospital
        Dr. Robert Ratcliff
        Dr. Edwin Padget
        Dr. George Kim
        101 Hospital Drive
        Columbus, NC 28722

        Dates of treatment:  October 7, 2003 to October 27, 2003;
        December 31, 2004 to January 4, 2005; and December 1, 2005 to
        December 7, 2005;

t)    St. Luke's Skilled Nursing Facility
        Dr. George Kim
        101 Hospital Drive
        Columbus, NC 28722

        Dates of treatment:  December 7, 2005 to January 3, 2006.

5.    Please list each hospital, nursing home and assisted living facility in which you stayed or were admitted at any time.  Include in your answer the dates of your stay, residence or admittance and departure, the reasons for your stay and the reasons why you left.

    Response:

a)    Marian Manor
        130 Dorchester Street
        South Boston, MA  02127;

Dates of stay: July 2001 to November 2002; Runge was a resident, and chose to move to Bayview Assisted Living.

b)  Bayview Assisted Living
    1380 Columbia Road
    Boston, MA 02127;

    Dates of stay: November 2002 to January 2003; Runge was a resident prior to the admission to Carney Hospital.

c)  Carney Hospital
    2100 Dorchester Avenue
    Boston, MA 02124-5666;

    Dates of admission: January 11, 2003 to January 22, 2003; Runge was admitted to Carney Hospital after Kelly requested Runge be admitted for psychiatric evaluation. Runge was discharged after being found to be not psychotic.

d)  Sunbridge Nursing and Rehabilitation Center
    49 Thomas Patten Drive
    Randolph, MA 02368;

    Dates of stay: January 2003 through April 2003; Runge was discharged from Carney Hospital to Sunbridge against her wishes. Runge then chose to move to North Carolina.

e)  White Oak Manor
    70 Oak Street
    Tryon, NC 28782;

    Dates of stay: January 4, 2005 to June 3, 2005; Runge's stay was a medical necessity;

f)  White Oak Manor (Benson Hall Assisted Living Facility)
    70 Oak Street
    Tryon, NC 28782;

    Dates of stay: April 2, 2004 to December 31, 2004; Runge's stay was a medical necessity;

g)  Black Mountain Center (Greenwood Inn Respite Center)
    932 Old U.S. Highway 70
    Black Mountain, NC 28711;

Dates of stay: Approximately three days in July 2005;
approximately one week in July 2006; Runge's temporary stays
were for convenience;

h)    LaurelWoods Assisted Living
      1062 W. Mills St.
      Columbus, NC 28722;

      Dates of stay: July 28, 2003 to August 17, 2003; Runge's stay was
      for convenience;

i)    St. Luke's Hospital
      101 Hospital Drive
      Columbus, NC 28722

      Dates of treatment: October 7, 2003 to October 27, 2003;
      December 31, 2004 to January 4, 2005; and December 1, 2005 to
      December 7, 2005; Runge's stays were medical necessities;

j)    St. Luke's Skilled Nursing Facility
      101 Hospital Drive
      Columbus, NC 28722

      Dates of treatment: December 7, 2005 to January 3, 2006; Runge's
      stay was a medical necessity.


6.    Please state fully and in complete detail all that you allege Defendant did
or failed to do that caused you harm or damages.

Response:    Kelly misrepresented his relationship with Runge's former
attorney to Runge. Kelly made himself Runge's power of attorney and medical
power of attorney unknown to Runge or without her fully understanding his actions.
Kelly made himself Runge's primary point of contact for health problems when
Runge moved into Marion Manor, usurping Runge's daughter's position of authority
with little or no contact with Runge's family. Kelly using color of law
misrepresented himself to Runge as being able to act on her behalf. Kelly failed to
act on Runge's behalf as exemplified when Runge's prescription card was stolen
while she was a resident at Bayview Assisted Living. Kelly directed that Runge be

taken to Carney Hospital for a psychiatric evaluation even though he had no
substantiation for the need of such evaluation. Kelly, as a fiduciary, misrepresented
facts to Runge in order that she be held at Carney Hospital. Runge overheard Kelly
saying she was "mental" to a staff member before she left Bayview. Contrary to
Kelly's representation that he would undertake fiduciary powers on Runge's behalf,
Kelly did not faithfully fulfill his fiduciary obligations on Runge's behalf. Kelly did
charge Runge for his professional services for purportedly the time he was acting on
her behalf. Kelly directed that Runge be taken to and admitted in Sunbridge. Kelly
had a professional relationship with Sunbridge as other elderly clients had been or
were residents there. Kelly falsely advised Runge that she could not return to
Bayview. Kelly did not present her with any option other than Sunbridge, and did
not discuss this decision with Runge or her daughter. Kelly failed to properly advise
Runge regarding the implications of her signing the admission paperwork for
Sunbridge. Kelly facilitated Runge's admission to Sunbridge knowing she had no
desire to be at the facility. Kelly refused to facilitate Runge's move to more
appropriate care and living accommodations despite Runge's numerous requests to
do so. Kelly took no action when Runge advised him that she was being forced to
take medications that were unnecessary and impaired her mental capacity. Kelly
conspired to keep Runge in a state of diminished capacity due to the numerous
medications that impaired her cognitive abilities. Kelly insisted to Runge that she
take the medication indicating that if she refused to take it, it would be forced upon
her. Kelly indicated to Runge's daughter that he was considering having a guardian
appointed to force Runge, against her will, to take the medication. Upon information
and belief, Kelly advised Sunbridge staff not to provide Runge's medical records to
Runge's family, despite Runge's direction to do so. Kelly requested Bloomingdale to
examine Runge, despite the fact he had no authority to act on Runge's behalf.
Management of Sunbridge acted at the direction or in concert with Kelly in refusing
to allow Runge to be discharged. Kelly had not returned Runge's family's phone call
nor made any effort to discuss Runge's situation with them. Runge's family was told
by staff at Sunbridge that Kelly had directed that Runge not be allowed to leave the

nursing floor. Kelly orchestrated a scheme to hold Runge at Sunbridge against her will. Kelly contacted Runge's two financial institutions, instructing them to freeze her accounts, even though Kelly knew he had no authority to act on Runge's behalf and that freezing her access to her financial accounts could have a potential and significant effect on her health. Upon information and belief, Kelly took these actions in concert with Sunbridge in order to obtain funds from Runge's accounts. Kelly filed an ex parte petition seeking to have himself appointed as Runge's guardian. Kelly enlisted the aid of Bloomingdale and Sunbridge in presenting this petition, misrepresenting facts to the court and having himself appointed as Runge's guardian. Kelly notified North Carolina police that Runge was being held against her will. Kelly undertook a scheme to distribute funds from Runge's estate to make payment for services allegedly rendered by himself, Bloomingdale, and Sunbridge.

7.     Please identify any physical evidence relating to any of the allegations contained in your Complaint known to you to exist or to have existed, and state the current whereabouts and custodian of such evidence.

Response:     Runge objects to Interrogatory No. 7 on the grounds that it is vague and overly broad in scope and Runge is unable to ascertain what "physical evidence relating to any of the allegations in your Complaint" is being sought for identification. Subject to and without waiving the above objections, Runge refers Kelly to Attachments A and B and those documents Runge has produced in response to Kelly's Request for Production of Documents to Runge.

8.     Please state the full name and last known address, giving the street, number, city and state of every witness known to you or to your attorneys, who has any knowledge regarding the facts and circumstances surrounding the incident, including, but not limited to, eyewitnesses to such events and other persons having any knowledge thereof.

Response:

a)   Helen A. Runge
     5 Stirrup Downs
     Columbus, NC  28722

b)   Gilbert B. Stanley
     5 Stirrup Downs
     Columbus, NC  28722

c)   Dorothy Stanley
     5 Stirrup Downs
     Columbus, NC  28722

d)   Nurse Kayla and other representatives of
     Sunbridge Nursing and Rehabilitation Center
     49 Thomas Patten Drive
     Randolph, MA 02368

e)   Robert M. Palmer, M.D.
     Tryon Medical Group, P.A.
     25 Shields Drive
     Tryon, NC  28782

f)   B. Rhett Myers, M.D.
     15 South Main Street, Suite 502
     Greenville, SC  29601

g)   Jerry L. Gross, D.P.M.
     Foot and Ankle Center of the Carolinas, P.A.
     279 Shiloh Road
     Forest City, NC  20843

h)   David A. Wagner, D.M.D.
     PO Box 275
     Columbus, NC  28722

i)   Kerry L. Bloomingdale, M.D.
     592 Quinobequin Road
     Waban, MA  02468

j)   Walter J. Kelly
     1996 Centre Street
     West Roxbury, MA  02132

k)    Dr. Robert Ratcliff
      Dr. Edwin Padget
      Dr. George Kim (also 2536 Lynn Road, Suite B, Tryon, NC 28782)
      St. Luke's Hospital
      101 Hospital Drive
      Columbus, NC 28722

9.    If you contend that a violation of any law, statute, regulation, standard, code, industry standard, industry practice or consensus standard is an element of any alleged breach of warranty or negligence by Defendant, cite all such laws, statutes, regulations, standards and codes and the applicable sections or provisions thereof, and specify the manner in which each was violated by Defendant.

**Response:    Runge contends that Kelly has violated the common law of negligence, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, breach of fiduciary duty, and abuse of process, and has violated the Massachusetts Consumer Protection Act, M.G.L. c. 93A.**

10.    Identify any recorded or written statements in your possession taken from any witness to any of the events or injuries described in the Complaint or from any other witness with knowledge of discoverable information relevant to the matters alleged in the Complaint.

**Response:    Subject to the above General Objections and without waiving them, see the attached documents, which speak for themselves (Attachment B). Further, there is a videotape of the statement taken from Runge on January 16, 2004, which is available for purchase from Brevard Video Productions, Randy Shelton, Owner located at 49 White Road, Brevard, North Carolina 28712-8264, (828) 862-5657.**

11.    Please list describe your employment from 1995 to 2003. Include in your answer for each employer:

a)    the name and address of each employer;

b)    the nature of your employment;

c)      a description of the work you performed;

d)      your wage and/or salary;

e)      the start and end date of your employment; and

f)      the reason(s) for leaving your employment.

Response:    None.

12.    Please describe in detail the circumstances under which you came to retain Defendant. Include in your answer how you met Defendant, the date on which you first retained Defendant and the scope of the work he was to perform on your behalf.

Response:    For years, when necessary, Runge utilized Attorney Peter Kerr, who retired from the practice of law in 1998. Kerr shared office space with Kelly who represented himself to Runge be the law partner of Kerr when, in fact, the only relationship was that they shared office space. In 2001, Runge contacted Kelly, understanding that he had taken over Attorney Kerr's clients, to provide her with legal assistance as a result of her decision to and in preparation of entering an assisted living facility, Mariah Manor.

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: _Ag. 23 2006_            By _____
                                Glenn R. Davis, Esq.
                                Attorney ID 31040
                                1700 Bent Creek Boulevard, Suite 140
                                Mechanicsburg, PA 17050
                                . (717) 620-2424
                                gdavis@ldylaw.com
                                *Pro Hac Vice*
                                Attorneys for Plaintiff, Helen A. Runge

Dated: _10/10/06_               By _____
                                Helen A. Runge
                                Plaintiff

108901                                          14

c)  a description of the work you performed;

d)  your wage and/or salary;

e)  the start and end date of your employment; and

f)  the reason(s) for leaving your employment.

**Response:  None.**

12.  Please describe in detail the circumstances under which you came to retain Defendant. Include in your answer how you met Defendant, the date on which you first retained Defendant and the scope of the work he was to perform on your behalf.

**Response:  For years, when necessary, Runge utilized Attorney Peter Kerr, who retired from the practice of law in 1998. Kerr shared office space with Kelly who represented himself to Runge be the law partner of Kerr when, in fact, the only relationship was that they shared office space. In 2001, Runge contacted Kelly, understanding that he had taken over Attorney Kerr's clients, to provide her with legal assistance as a result of her decision to and in preparation of entering an assisted living facility, Marian Manor.**

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: _Ag. 23 2006_      By_____

Glenn R. Davis, Esq.
Attorney ID 31040
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050
(717) 620-2424
gdavis@ldylaw.com
*Pro Hac Vice*
Attorneys for Plaintiff, Helen A. Runge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HELEN A. RUNGE, | : | |
| Plaintiff | : | |
| | : | No. 05-10849-RGS |
| v. | : | (Judge Stearns) |
| | : | |
| WALTER J. KELLY, et al., | : | CIVIL ACTION |
| Defendants | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and correct copy of the foregoing Plaintiff Helen Runge's Response to Defendant Walter Kelly's First Set of Interrogatories was served by first-class United States mail, postage prepaid, upon the following:

James S. Hamrock, Jr., Esq.
Attorney of record for Kerry L. Bloomingdale, M.D.,
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

George C. Rockas, Esq.
Michele Carlucci, Esq.
Attorney of record for Walter J. Kelly
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal Street
Boston, MA 02110-1727

Michael Williams, Esq.
Attorney of record for Sunbridge Nursing and Rehabilitation Center
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

108901

15

Blake J. Godbout, Esq.
David A. Conti, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA  02109

Dated: _Ay 23, 2006_                    _Glenn R. Davis_
                                        Glenn R. Davis

## VERFICATION

I, Gilbert Stanley, Power of Attorney for Plaintiff Helen Runge, do hereby verify that I have read the Response to Defendant Kerry L. Bloomingdale's Request for Production of Documents. The statements therein are true and correct to the best of my knowledge, information and belief.


Dated: _Aug. 16, 2006_

_(signature)_

Gilbert Stanley
Power of Attorney for Plaintiff,
Helen Runge

110225

## VERIFICATION

I, Gilbert Stanley, Power of Attorney for Plaintiff Helen Runge, do hereby verify that I have read the Response to Defendant Kerry L. Bloomingdale's First Set of Interrogatories. The statements therein are true and correct to the best of my knowledge, information and belief.

Dated: _Aug 16, 2006_

_Gilbert Stanley_
Gilbert Stanley
Power of Attorney for Plaintiff,
Helen Runge

110275

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
NO.: 05-10849-RGS

| | | |
|---|---|---|
| HELEN A. RUNGE, | ) | Condensed Copy |
| Plaintiff, | ) | |
| v. | ) | DEPOSITION OF |
| | ) | |
| | ) | HELEN RUNGE |
| WALTER J. KELLY, et al., | ) | |
| Defendants. | ) | |
| | ) | |

On Wednesday, November 15, 2006, commencing at 12:47 p.m., the deposition of Helen Runge was taken on behalf of the Defendants at the residence of Mr. and Ms. Stanley, 5 Stirrups Downs, Columbus, North Carolina, and was attended by Counsel as follows:

APPEARANCES:

> GLENN R. DAVIS, ESQ.
> Latsha, Davis, Yohe & McKenna, P.C.
> 1700 Bent Creek Boulevard, Suite 140
> Mechanicsburg, Pennsylvania 17050
> on behalf of the Plaintiff

> GEORGE C. ROCKAS, ESQ.
> Wilson, Elser, Moskowitz, Edelman & Dicker, L.L.P.
> 155 Federal Street
> Boston, Massachusetts 02110
> on behalf of Walter Kelly

> JAMES S. HAMROCK, JR., ESQ.
> Hamrock & Tocci
> 101 Main Street, 18th Floor
> Cambridge, Massachusetts 02142
> on behalf of Dr. Bloomingdale

> MICHAEL WILLIAMS, ESQ.
> Lawson & Weitzen, L.L.P.
> 88 Black Falcon Avenue
> Boston, Massachusetts 02210
> on behalf of Sunbridge Nursing Home

Attending: Gilbert Stanley

REPORTED BY: Mai-Beth Ketch, CVR
            ASHEVILLE REPORTING SERVICE

**2**

1    (Document aa124)
2                   Index
3    Stipulations . . . . . . . . . . . . . . . .    3
4    Signature (Waived) . . . . . . . . . . . .    3
5    Direct Examination By Mr. Rockas . . . . . .    4
6    Certificate of Oath. . . . . . . . . . . .    12
7    Certificate of Verbatim Transcript . . . . .    13
8    EXHIBITS:
9    None Marked
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**3**

1    PURSUANT TO NOTICE and/or Agreement to Take
2    Depositions, the within Deposition was taken by me,
3    Mai-Beth Ketch, a Notary Public as required in Rules
4    26 and 30 of the North Carolina Rules of Civil
5    Procedure.
6    STIPULATIONS:
7        IT WAS STIPULATED AND AGREED by and between
8    Counsel for the Plaintiff and Counsel for the
9    Defendant that each question in this Deposition is
10   deemed to be followed by an objection and that each
11   answer or portion thereof is deemed to be followed by
12   a motion to strike; and that the objections and
13   motions to strike may be ruled upon by the presiding
14   Judge at any hearing or trial of this cause,
15   provided, however, that any objections as to the form
16   of the question must be made at the time the question
17   is propounded or else the same is waived.
18   SIGNATURE:
19       The Deponent did agree that both the reading
20   over and signing of the transcript are hereby
21   waived.
22       Helen Runge, being duly sworn to tell the truth,
23   the whole truth, and nothing but the truth of her own
24   knowledge concerning the within matter, testified as
25   follows:

**4**

1    DIRECT EXAMINATION BY MR. ROCKAS:
2    **Q   Hi, Ms. Runge. My name is George Rockas. I'm**
3        **a lawyer in Boston, and I represent an**
4        **individual named Walter Kelly. Do you know**
5        **who Walter Kelly is?**
6    A   Do I know who he is?
7    **Q   Walter Kelly.**
8    A   Walter Kelly?
9    **Q   I represent Walter Kelly.**
10   A   I've heard of him, but I don't know -- I don't
11       remember anything. I don't remember him.
12   **Q   Do you remember whether Mr. Kelly ever did any**
13       **legal work for you?**
14   A   I don't know. I don't know.
15   **Q   That's all right. If you don't remember, you**
16       **don't remember. There's nothing wrong with**
17       **saying you don't remember, ma'am.**
18   A   No. Do I remember what?
19   INTERJECTION BY MR. GILBERT STANLEY:
20       Ask the question.
21   DIRECT EXAMINATION RESUMED BY MR. ROCKAS:
22   **Q   Do you recall whether you are a party in any**
23       **lawsuit that you filed against Mr. Kelly?**
24   A   I was -- what did he say?
25   INTERJECTION BY MR. GILBERT STANLEY:

**5**

1        Are you suing Mr. Kelly?
2    DIRECT EXAMINATION RESUMED BY MR. ROCKAS:
3    **Q   Are you aware that you are suing Mr. Kelly?**
4    A   I wasn't aware.
5    **Q   You were not aware?**
6    A   No, no. I know everything is coming up. I
7        don't know what this is all about.
8    INTERJECTION BY MR. GILBERT STANLEY:
9        Off the record just a second, please?
10   (OFF THE RECORD)
11   BY MR. ROCKAS:
12       Let me ask you another question, ma'am. Does
13       she need eyeglasses?
14   INTERJECTION BY MR. GILBERT STANLEY:
15       Generally.
16   DIRECT EXAMINATION RESUMED BY MR. ROCKAS:
17   **Q   Let me ask you another question, ma'am.**
18       **Ma'am, I want to show you what was marked as**
19       **Exhibit 3 at your daughter, Dorothy's,**
20       **deposition, and ask you if you have ever seen**
21       **this document before. (Tenders)**
22   A   (Upon review) No, I've never seen the
23       document.
24   **Q   I want to show you another document that was**
25       **marked as Exhibit 5 at Dorothy Stanley's**

6

1  deposition, and I ask you if you have ever
2  seen this document.  Take your time and look
3  at it.  (Tenders)
4  A  (Upon review)  No, I've never seen these.
5  Q  Let me ask you this: Do you know what day of
6  the week it is today?
7  A  I just know it's -- what day is it?  What day
8  is it?
9  Q  Do you know what day?  I'll tell you, but do
10  you know what day it is?
11  A  I usually ask what day it is when I wake up,
12  and I sleep so heavenly and you forget
13  everything, and I like to know what day it is.
14  Q  It's Wednesday.
15  A  Wednesday?
16  Q  Yes, ma'am.
17  A  It's a good day, and I know.  But I just wake
18  up -- I don't know where I am or what day it
19  is.
20  Q  Are you presently on any medications?
21  A  Am I in anybody's kitchen?
22  Q  No, no.  Are you currently taking any
23  medication?
24  A  Medication?
25  Q  Medicine?

7

1  A  I take medication, different pills.  I don't
2  know what they are, but they give them to me.
3  Q  Do you want to take the medicine?
4  A  Do I watch the medicine?
5  Q  No.  Do you want to take it?
6  A  I want to take everything -- gives them to me.
7  Q  Do you know what type of medicine you are
8  taking?
9  A  No, I don't know.
10  Q  Do you remember spending some time in a place
11  called Sunbridge?
12  A  Sunbridge?
13  Q  Yes.  Do you remember living at a place called
14  Sunbridge?
15  A  Sunbridge?
16  Q  Yes.
17  A  I don't remember that.  It's so far back.
18  Q  Do you remember living at a place called
19  BayView?
20  A  BayView?
21  Q  Yes.  Do you remember living in a place called
22  BayView?
23  A  Isn't that South Boston?  Isn't it?
24  Q  Do you remember living in a place called
25  BayView?

8

1  A  Live in it?  I've heard of it.
2  Q  But you didn't live there?
3  A  No.  BayView, no.
4  Q  Do you remember living at a place called
5  Marion Manor?
6  A  Yeah.  That's South Boston, Marion Manor.  I
7  like them.
8  Q  You remember living there?
9  A  I lived there.  I remember Marion Manor.
10  BY MR. ROCKAS:
11  Can we take a two-minute break?
12  (OFF THE RECORD)
13  DIRECT EXAMINATION RESUMED BY MR. ROCKAS:
14  Q  Have you ever been involved in any lawsuit?
15  A  What do you want -- and a lawsuit, you know,
16  something about me?
17  Q  No.  Have you ever been involved in a lawsuit,
18  a party to a lawsuit?
19  A  Hospital?
20  Q  No.  Have you ever been involved in a lawsuit?
21  A  No, no.  Never in my life.  This is all shaky
22  to me.
23  Q  Do you know what month it is?  What month of
24  the year is it?
25  A  What month of the year for what?

9

1  Q  What month today?  What month of the year is
2  it, are we in?
3  A  I just don't -- I can't tell you right now.
4  What is it?
5  Q  Do you know what state you are living in right
6  now?
7  A  I know where I am.
8  Q  What state are you living in?
9  A  Massachusetts.
10  BY MR. ROCKAS:
11  I have no further questions.
12  BY MR. HAMROCK:
13  No questions.
14  BY MR. WILLIAMS:
15  No questions.
16  BY MR. DAVIS:
17  All right.
18  (OFF THE RECORD)
19  BY MR. ROCKAS:
20  I will speak for defense counsel, and if
21  defense counsel want to supplement, add, or
22  make some additions or changes to what I said,
23  then they're free to do that.  But I ended the
24  deposition a few moments ago of the plaintiff
25  Helen Runge because it became clear to me, and

10

1    I think to the other defense counsel, that Ms.
2    Runge was incapable of answering even the most
3    basic questions, such as the state she was
4    living in.  She thought she was in
5    Massachusetts.  She could not identify her
6    former lawyer, Walter Kelly.  She did not know
7    she was involved in a lawsuit.  She could not
8    identify interrogatories that she signed very
9    recently.  She said she never saw those
10   documents and she never heard of Sunbridge or
11   BayView.  She said she did hear of Marion
12   Manor but had lived there.  I think that based
13   upon that and other statements she was making,
14   it was, I think, a collective belief of
15   counsel that she was incapable of going
16   forward in the deposition, and for that
17   reason, the deposition ended.  There was
18   another point I think Attorney Hamrock wanted
19   to make.  I'll let him supplement my
20   statement.
21   BY MR. HAMROCK:
22       Just for the record, I think we're all in
23   agreement that it would be no point in
24   continuing to put Ms. Runge through the
25   process that we spent 10 or 15 minutes putting

11

1    her through, and that's a major reason for not
2    going further with the deposition, and the
3    defendants jointly reserve the right to
4    redepose Ms. Runge if at any point in the
5    future it's indicated that she will in fact be
6    a witness at trial.
7    (PROCEEDINGS IN THE ABOVE-ENTITLED MATTER WERE
8    CONCLUDED AT APPROXIMATELY 1:13 P.M.)

12

## CERTIFICATE OF OATH

STATE OF NORTH CAROLINA  )
                         )
COUNTY OF BUNCOMBE       )

    I, Mai-Beth Ketch, a notary public and court
reporter, certify that the deponent, Helen Runge,
appeared before me on this, the 15th day of
November, 2006, and swore to tell the truth, the
whole truth, and nothing but the truth.

———————————————————
    Mai-Beth Ketch, CVR
    Notary Public for North Carolina

(seal)

Asheville Reporting Service
53 N. Market Street, Suite 100, Asheville, NC  28801
828-254-9230

13

## CERTIFICATE OF VERBATIM TRANSCRIPT

    I, Mai-Beth Ketch, Court Reporter and Notary
Public, do hereby certify that the foregoing 12
pages are an accurate transcript of the deposition
of Helen Runge, taken by me and transcribed under
my supervision.
    I further certify that I am not financially
interested in the outcome of this action, a
relative, employee, attorney or counsel of any of
the parties, nor am I a relative or employee of
such attorney or counsel.

    This is the 8th day of November, 2006.

———————————————————
    MAI-BETH KETCH, CVR

Asheville Reporting Service
53 N. Market Street, Suite 100, Asheville, NC  28801
828-254-9230

**A**

aa124 2:1
about 5:7 8:16
**ABOVE-ENTITLED**
  11:7
accurate 13:4
action 13:6
add 9:21
additions 9:22
against 4:23
ago 9:24
agree 3:19
**AGREED** 3:7
agreement 3:1 10:23
al 1:6
and/or 3:1
another 5:12,17,24
  10:18
answer 3:11
answering 10:2
anybody's 6:21
anything 4:11
**APPEARANCES** 1:11
appeared 12:7
**APPROXIMATELY**
  11:8
Asheville 1:29 12:23,24
  13:23,24
attended 1:10
**Attending** 1:27
attorney 10:18 13:6,7
Avenue 1:24
aware 5:3,4,5

**B**

back 7:17
based 10:12
basic 10:3
BayView 7:19,20,22,25
  8:3 10:11
became 9:25
before 5:21 12:7
behalf 1:9,15,18,22,25
being 3:22
belief 10:14
Bent 1:14
between 3:7
Black 1:24
Bloomingdale 1:22
Boston 1:18,25 4:3
  7:23 8:6
both 3:19
Boulevard 1:14
break 8:11
**BUNCOMBE** 12:3

**C**

C 1:16
called 7:11,13,18,21,24
  8:4
Cambridge 1:21

can't 9:3
Carolina 1:10 3:4 12:2
  12:14
cause 3:14
Certificate 2:6,7 12:1
  13:1
certify 12:6 13:3,5
changes 9:22
Civil 3:4
clear 9:25
collective 10:14
Columbus 1:10
coming 5:6
commencing 1:8
concerning 3:24
**CONCLUDED** 11:8
continuing 10:24
counsel 1:10 3:8,8 9:20
  9:21 10:1,15 13:6,7
**COUNTY** 12:3
court 1:1 12:5 13:3
Creek 1:14
currently 6:22
CVR 1:28 12:13 13:12

**D**

daughter 5:19
Davis 1:13,13 9:16
day 6:5,7,7,9,10,11,13
  6:17,18 12:7 13:9
deemed 3:10,11
Defendant 3:9
defendants 1:7,9 11:3
defense 9:20,21 10:1
deponent 3:19 12:6
deposition 1:5,9 3:2,9
  5:20 6:1 9:24 10:16
  10:17 11:2 13:4
Depositions 3:2
Dicker 1:17
didn't 8:2
different 7:1
Direct 2:5 4:1,21 5:2
  5:16 8:13
**DISTRICT** 1:1,1
document 2:1 5:21,23
  5:24 6:2
documents 10:10
don't 4:10,10,11,14,14
  4:15,16,17 5:7 6:18
  7:1,9,17 9:3
Dorothy 5:25
Dorothy's 5:19
Downs 1:10
Dr 1:22
duly 3:22

**E**

each 3:9,10
Edelman 1:17
Elser 1:17

employee 13:6,7
ended 9:23 10:17
ESQ 1:13,16,20,23
et 1:6
even 10:2
ever 4:12 5:20 6:1 8:14
  8:17,20
everything 5:6 6:13 7:6
**Examination** 2:5 4:1
  4:21 5:2,16 8:13
Exhibit 5:19,25
**EXHIBITS** 2:8
eyeglasses 5:13

**F**

fact 11:5
Falcon 1:24
far 7:17
Federal 1:17
few 9:24
filed 4:23
financially 13:5
Floor 1:21
followed 3:10,11
follows 1:10 3:25
foregoing 13:3
forget 6:12
form 3:15
former 10:6
forward 10:16
free 9:23
further 9:11 11:2 13:5
future 11:5

**G**

Generally 5:15
George 1:16 4:2
Gilbert 1:27 4:19,25
  5:8,14
give 7:2
gives 7:6
**GLENN** 1:13
going 10:15 11:2
good 6:17

**H**

Hamrock 1:20,20 9:12
  10:18,21
hear 10:11
heard 4:10 8:1 10:10
hearing 3:14
heavenly 5:25
Helen 1:4,6,9 3:22 9:25
  12:6 13:4
her 3:23 10:5 11:1
Hi 4:2
him 4:10,11 10:19
Home 1:25
Hospital 8:19

**I**

identify 10:5,8
incapable 10:2,15
Index 2:2
indicated 11:5
individual 4:4
interested 13:6
**INTERJECTION** 4:19
  4:25 5:8,14
interrogatories 10:8
involved 8:14,17,20
  10:7
Isn't 7:23,23
it's 6:7,14,17 7:17 11:5
I'll 6:9 10:19
I'm 4:2
I've 4:10 5:22 6:4 8:1

**J**

J 1:6
**JAMES** 1:20
jointly 11:3
JR 1:20
Judge 3:14
just 5:9 6:7,17 9:3
  10:22

**K**

Kelly 1:6,18 4:4,5,7,8,9
  4:12,23 5:1,3 10:6
Ketch 1:28 3:3 12:5,13
  13:3,12
kitchen 6:21
know 4:4,6,10,14,14
  5:6,7 6:5,7,9,10,13
  6:17,18 7:2,7,9 8:15
  8:23 9:5,7 10:6
knowledge 3:24

**L**

Latsha 1:13
Lawson 1:24
lawsuit 4:23 8:14,15,17
  8:18,20 10:7
lawyer 4:3 10:6
legal 4:13
let 5:12,17 6:5 10:19
life 8:21
like 6:13 8:7
live 8:1,2
lived 8:9 10:12
living 7:13,18,21,24 8:4
  8:8 9:5,8 10:4
look 6:2
L.L.P 1:17,24

**M**

made 3:16
Main 1:21
Mai-Beth 1:28 3:3 12:5
  12:13 13:3,12
major 11:1

make 9:22 10:19
making 10:13
Manor 8:5,6,9 10:12
Marion 8:5,6,9 10:11
marked 2:9 5:18,25
Market 12:24 13:24
Massachusetts 1:1,18
  1:21,25 9:9 10:5
matter 3:24 11:7
may 3:13
ma'am 4:17 5:12,17,18
  6:16
McKenna 1:13
Mechanicsburg 1:14
medication 6:23,24 7:1
medications 6:20
medicine 6:25 7:3,4,7
**MICHAEL** 1:23
minutes 10:25
moments 9:24
month 8:23,23,25 9:1,1
Moskowitz 1:17
most 10:2
motion 3:12
motions 3:13
must 3:16

**N**

N 12:24 13:24
name 4:2
named 4:4
NC 12:24 13:24
need 5:13
never 5:22 6:4 8:21
  10:9,10
None 2:9
North 1:10 3:4 12:2,14
notary 3:3 12:5,14 13:3
nothing 3:23 4:16 12:9
**NOTICE** 3:1
November 1:8 12:8
  13:9
Nursing 1:25

**O**

Oath 2:6 12:1
objection 3:10
objections 3:12,15
Off 5:9,10 8:12 9:18
other 10:1,13
outcome 13:6
over 3:20
own 3:23

**P**

pages 13:4
parties 13:7
party 4:22 8:18
Pennsylvania 1:14
pills 7:1
place 7:10,13,18,21,24

8:4
plaintiff 1:4,15 3:8
    9:24
please 5:9
point 10:18,23 11:4
portion 3:11
presently 6:20
presiding 3:13
Procedure 3:5
PROCEEDINGS 11:7
process 10:25
propounded 3:17
provided 3:15
public 3:3 12:5,14 13:3
PURSUANT 3:1
put 10:24
putting 10:25
P.C 1:13
p.m 1:9 11:8

**Q**

question 3:9,16,16 4:20
    5:12,17
questions 9:11,13,15
    10:3

**R**

R 1:13
reading 3:19
reason 10:17 11:1
recall 4:22
recently 10:9
record 5:9,10 8:12 9:18
    10:22
redepose 11:4
relative 13:6,7
remember 4:11,11,12
    4:15,16,17,18 7:10
    7:13,17,18,21,24 8:4
    8:8,9
REPORTED 1:28
reporter 12:6 13:3
Reporting 1:29 12:23
    13:23
represent 4:3,9
required 3:3
reserve 11:3
residence 1:9
RESUMED 4:21 5:2
    5:16 8:13
review 5:22 6:4
right 4:15 9:3,5,17 11:3
Rockas 1:16 2:5 4:1,2
    4:21 5:2,11,16 8:10
    8:13 9:10,19
ruled 3:13
Rules 3:3,4
Runge 1:4,6,9 3:22 4:2
    9:25 10:2,24 11:4
    12:6 13:4

**S**

S 1:20
same 3:17
saw 10:9
saying 4:17
seal 12:16
second 5:9
seen 5:20,22 6:2,4
Service 1:29 12:23
    13:23
shaky 8:21
show 5:18,24
Signature 2:4 3:18
signed 10:8
signing 3:20
sleep 6:12
some 7:10 9:22
something 8:16
South 7:23 8:6
speak 9:20
spending 7:10
spent 10:25
Stanley 1:9,27 4:19,25
    5:8,14
Stanley's 5:25
state 9:5,8 10:3 12:2
statement 10:20
statements 10:13
STATES 1:1
STIPULATED 3:7
Stipulations 2:3 3:6
Stirrups 1:9
Street 1:17,21 12:24
    13:24
strike 3:12,13
suing 5:1,3
Suite 1:14 12:24 13:24
Sunbridge 1:25 7:11,12
    7:14,15 10:10
supervision 13:5
supplement 9:21 10:19
swore 12:8
sworn 3:22

**T**

take 3:1 6:2 7:1,3,5,6
    8:11
taken 1:9 3:2 13:4
taking 6:22 7:8
tell 3:22 6:9 9:3 12:8
Tenders 5:21 6:3
testified 3:24
that's 4:15 8:6 11:1
thereof 3:11
There's 4:16
they're 9:23
think 10:1,12,14,18,22
thought 10:4
through 10:24 11:1
time 3:16 6:2 7:10
Tocci 1:20

today 6:6 9:1
transcribed 13:4
transcript 2:7 3:20
    13:1,4
trial 3:14 11:6
truth 3:22,23,23 12:8,9
    12:9
two-minute 8:11
type 7:7

**U**

under 13:4
UNITED 1:1
usually 6:11

**V**

v 1:5
Verbatim 2:7 13:1
very 10:8

**W**

waived 2:4 3:17,21
wake 6:11,17
Walter 1:6,18 4:4,5,7,8
    4:9 10:6
want 5:18,24 7:3,5,6
    8:15 9:21
wanted 10:18
wasn't 5:4
watch 7:4
Wednesday 1:8 6:14,15
week 6:6
Weitzen 1:24
were 5:5 11:7
we're 10:22
whole 3:23 12:9
WILLIAMS 1:23 9:14
Wilson 1:17
witness 11:6
work 4:13
wrong 4:16

**Y**

Yeah 8:6
year 8:24,25 9:1
Yohe 1:13

**0**

02110 1:18
02142 1:21
02210 1:25
05-10849-RGS 1:2

**1**

1:13 11:8
10 10:25
100 12:24 13:24
101 1:21
12 2:6 13:3
12:47 1:8
13 2:7

140 1:14
15 1:8 10:25
15th 12:7
155 1:17
1700 1:14
17050 1:14
18th 1:21

**2**

2006 1:8 12:8 13:9
26 3:4
28801 12:24 13:24

**3**

3 2:3,4 5:19
30 3:4

**4**

4 2:5

**5**

5 1:9 5:25
53 12:24 13:24

**8**

8th 13:9
828-254-9230 12:25
    13:25
88 1:24

5-12-06

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

No. 05-10849 RGS

HELEN RUNGE,

                              Plaintiff

              v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                              Defendants

## THE DEFENDANT WALTER J. KELLY'S REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF, HELEN RUNGE

The Defendant, Walter J. Kelly, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that the Plaintiff, Helen Runge, produce and permit the Defendant to inspect, copy and photograph all documents and things in its possession, custody or control, which evidence, embody, refer to or relate to the following subjects. In the event that the Plaintiff claims that a document requested is privileged, please identify each document in sufficient detail so as to enable the Court to rule upon the claim of privilege, including the following information:

  a.    the date the document or item was prepared;

  b.    the author of the document;

  c.    the substantive content of the document to the extent not privileged;

  d.    the identity and address of the person or entity who currently has custody of the document or item; and

  e.    the grounds upon which you refuse to produce said document or item.

The following definitions and instructions apply to all document requests contained herein:

  1.    Each request contained herein extends to any DOCUMENTS in the care, custody, or control of plaintiff. A DOCUMENT is deemed to be in the care, custody, or control of the plaintiff if it is in the plaintiff's physical custody, or if it is in the physical custody of any other PERSON and plaintiffs (a) own such DOCUMENT in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy

53628.1

such DOCUMENT on any terms; (c) have an understanding, express or implied, that they may use, inspect, examine or copy such DOCUMENT on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such DOCUMENT when they sought to do so.    Such DOCUMENTS shall include, without limitation, DOCUMENTS that are in the custody of either or both of the defendants' attorney(s), representatives, or other agents.

2.    "Any" means any and all or each and every, to make it inclusive rather than exclusive.

3.    The terms "plaintiff", "your" and "you" shall mean and refer to Helen Runge, unless otherwise indicated.

4    The term "defendant" shall refer to Walter J. Kelly.

5.    When the term "documents" is used it shall mean all written, typewritten, computer generated, printed and photocopied, drawn, graphic, photographic, recorded, filmed and microfilmed materials of varied description.    It includes, by way of illustration, but not of limitation, the following:

a.    Books, logs, diaries, journals, ledgers, notebooks and reports;
b.    Notes, narrative reports, medical records, medical bills, medical test results, MRI results, CT-Scan results, X-ray results, memoranda, letters, correspondence, telegrams and notations and records of telephone conversations;
c.    Photographs, films, microfilms, tapes, computer information of every nature and description, E-mails, discs, software, programs, videotapes and recordings;
d.    Mathematical and scientific formulae, testing data, computations and data; and
e.    Preliminary and/or final drafts and amended or modified versions or copies of any of the foregoing.

REQUEST NO. 1:

Copies of any and all documents related to the plaintiff's retention of the defendant.

REQUEST NO. 2:

Any and all documents reflecting or evidencing communications between the plaintiff and the defendant.

53628.1

REQUEST NO. 3:

All documents evidencing damages the plaintiff seeks to recover in this action.

REQUEST NO. 4:

All documents relating to the identity, address, and location of all individuals who may have information related to the subject matter of and the allegations contained in the Plaintiff's Complaint.

REQUEST NO. 5:

Any and all documents concerning, identified, described, referenced or referred to in the Plaintiff's answers to interrogatories.

REQUEST NO. 6:

All documents and statements, signed, unsigned or transcribed, written and oral in the possession, custody or control of the Plaintiff which were filled out and/or completed by any witnesses to the accident or any persons who have or purport to have knowledge of the subject matter of or the allegations contained in the plaintiff's Complaint.

REQUEST NO. 7:

All reports made out by any police department, fire department, federal, state, or local governmental entity or agency concerning the subject matter of or the allegations contained in the Plaintiff's Complaint, including but not limited to all photographs and/or diagrams taken in conjunction with any investigation.

REQUEST NO. 8:

Any written or otherwise recorded materials pertaining to statutes, regulations, rules, standards, customs, practices or guidelines which Plaintiff alleges that Defendant failed to comply.

REQUEST NO. 9:

All documents or tangible things that you feel support the claims contained in your Complaint.

53628.1

REQUEST NO. 10:

Any and all correspondence, memoranda, or other documentation that discusses the subject matter of plaintiff's Complaint.

REQUEST NO. 11:

True and complete copies of all income and gift tax returns, together with all schedules and attachments thereto, filed or reported by, or on behalf of the Plaintiff for the years 1995 to present. If the plaintiff did not submit a federal tax return for any such year, produce all financial records of income and gifts for each year.

REQUEST NO. 12:

All documents concerning any expense you seek to recover in this action, including, but not limited to, all invoices, statements, receipts, and cancelled checks concerning:

    a.    medical care rendered by doctors, hospitals, therapists, counselors, and other medical service providers for any physical or mental injury;

    b.    property items; and

    c.    any other expense you claim the defendant caused.

REQUEST NO. 13:

All documents concerning any statements made by any fact witness concerning the cause, nature, extent or amount of damages you are claiming.

REQUEST NO. 14:

Any and all documents related to the plaintiff's residence and/or care at any nursing homes and/or assisted living facilities.

REQUEST NO. 15:

All surgical records, hospital records, medical records, nursing home records, assisted living facility records, psychological records, mental health records, X-rays, radiographic films, or any other records or materials related to any diagnostic or treatment tests or procedures, bills, invoices, writings, notes, or memoranda relating to all of the plaintiff's physical, medical or mental conditions, illnesses or disabilities, including but not limited to those doctors, nurses, practitioners, hospitals, clinics, institutions, or other health care providers or third party private or governmental health or accident insurers, without regard to whether it is the plaintiff's contention that such physical, medical or mental conditions, illnesses, or disabilities were caused in any way

by the defendant or any agent or employee of the defendant for the years 1995 to the present.

REQUEST NO. 16:

All documents reviewed, produced, or otherwise held by each expert witness you have retained to testify or otherwise give evidence in this action concerning your claims, such documents include, but are not limited to:

(a)     reports, findings, examinations, tests, and opinions;

(b)     all documents, and other materials, which relate to their activities, finding, or opinions in this action, including but not limited to, all reports, inquiries, internal memorandums, and correspondence in this action;

(c)     all documents concerning the scope of matters each expert was retained or otherwise asked to perform for this action, including, but not limited to, any retained agreements, letters of understanding, correspondence, and other memoranda;

(d)     all documents reviewed by each expert;

(e)     all documents and other materials, specifically including exhibits, each expert intends to use in support of his/her testimony;

(f)     invoices and statements of payment concerning their activities in this action; and

(g)     each expert's curriculum vitae.

REQUEST NO. 17:

All documents prepared or reviewed by any fact witness you may call at trial, including, but not limited to, all statements prepared by, or taken from, fact witnesses.

REQUEST NO. 18:

Any and all documents and/or exhibits you intend to introduce at trial.

REQUEST NO. 19

All legal bills with regard to the legal services rendered and work performed by the defendant on the plaintiff's behalf.

53628.1

REQUEST NO. 20

All payments made by the plaintiff or anyone on the plaintiff's behalf with regard to legal services rendered and work performed by the defendant on the plaintiff's behalf.

REQUEST NO. 21

All correspondence between the plaintiff and her daughter, Dorothy Stanley, from 1995 to present.

REQUEST NO. 22

All documents reflecting communications in any form between the plaintiff and her daughter, Dorothy Stanley, from 1995 to present.

REQUEST NO. 23

All documents reflecting instances where Dorothy Stanley was in the physical presence of the plaintiff from 1995 to the present.

REQUEST NO. 24

All police reports which in any way refer to the plaintiff.

53628.1

Respectfully submitted,

The Defendant,
Walter J. Kelly,
By his attorneys,

*Michele Carlucci* 5/12/06

George C. Rockas, BBO #544009
Michele Carlucci, BBO #655211
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER  LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

53628.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

No. 05-10849 RGS

HELEN RUNGE,
                              Plaintiff

        v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                              Defendants

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on May 12, 2006 I have served a copy of the following:

1.    Defendant Walter J. Kelly's Interrogatories to the Plaintiff; and

2.    Defendant Walter J. Kelly's Request for Production of Documents to the Plaintiff

to all counsel of record:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050

Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-2414

Michele Carlucci

57889.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

HELEN A. RUNGE,                          :
        Plaintiff                :
                                 :    No. 05-10849-RGS
        v.                       :    (Judge Stearns)
                                 :
WALTER J. KELLY, et al.,                  :    CIVIL ACTION
        Defendants               :    JURY TRIAL DEMANDED

## PLAINTIFF HELEN RUNGE'S RESPONSE TO DEFENDANT WALTER J. KELLY'S REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Helen Runge ("Runge") hereby responds to Defendant Walter J. Kelly's ("Kelly") Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1.     Runge objects to Definitions and Instructions in the Requests to the extent that they impose a greater obligation than that required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Runge will produce documents and assert objections consistent with its obligations under such rules and expressly declines to undertake any broader obligations.

2.     Runge objects to the Requests to the extent that they call for the disclosure of:

     (a)    information developed, acquired or prepared in anticipation of litigation or which otherwise constitutes attorney work product;

     (b)    mental impressions, conclusions, opinions or legal theories of legal counsel;

     (c)    privileged attorney-client communications; or,

      (d)    information otherwise protected as privileged under state or federal statutory, constitutional or common law.

3.    Runge objects to the Requests to the extent that they are vague, overly broad in time or subject matter, ambiguous, repetitive and/or fail to identify the information sought with reasonable particularity.

4.    Runge expressly reserves all objections as to the relevance, authenticity or admissibility of any document sought in the Requests and by producing documents in response to the Requests, Runge does not concede that any such documents are relevant to the subject matter of this action, admissible, or authentic, or that such documents are reasonably calculated to lead to the discovery of admissible evidence.

5.    Runge reserves any and all rights to withhold any document from production or to redact portions of any document to be produced based upon the objections made herein.

6.    Runge reserves the right to demand the immediate return of any document subject to General Objection No. 2 that was produced inadvertently. Any such inadvertent production will not constitute a waiver of Runge's right to assert the production of any privilege with respect such inadvertently produced document or other documents related to the subject matter of such document or related in any other way thereto.

7.    Runge reserves the right to supplement or amend her responses to the Requests if further information becomes available.

8.    Runge reserves the right to supplement or amend her responses to the Requests if further information becomes available.

## SPECIFIC RESPONSES AND OBJECTIONS

The General Objections set forth above apply to all individual numbered Requests, and Runge hereby incorporates each of those General Objections by reference into her responses to each of the individual Requests.  Any additional objections stated in the following responses are expressly made in addition to, and not in lieu of, the General Objections and for the purpose of setting forth, where appropriate, Runge's specific position as to Kelly's Requests.

1.    Copies of any and all documents related to Plaintiff's retention of Defendant.

**Response:    There are no documents responsive to this Request.**

2    Any and all documents reflecting or evidencing communications between Plaintiff and Defendant.

**Response:    Runge objects to this Request because the documents sought are under the care, custody and control of Kelly.  Subject to and without waiving the above objections, documents responsive to this Request in possession of Runge are attached.**

3.    All documents evidencing damages Plaintiff seeks to recover in this action.

**Response:    Documents responsive to this Request in possession of Runge are attached.**

4.    All documents relating to the identity, address, and location of all individuals who may have information related to the subject matter of and the allegations contained in Plaintiff's Complaint.

Response:    Documents responsive to this Request in possession of Runge are attached.

5.    Any and all documents concerning, identified, described, referenced or referred to in Plaintiff's answers to interrogatories.

Response:    Documents responsive to this Request in possession of Runge are attached.

6.    All documents and statements, signed, unsigned or transcribed, written and oral in the possession, custody or control of Plaintiff which were filled out and/or completed by any witnesses to the accident or any persons who have or purport to have knowledge of the subject matter of or the allegations contained in Plaintiff's Complaint.

Response:    Runge objects to this Requests to the extent it seeks information that is subject to the attorney-client privilege and/or work product doctrine. Subject to and without waiving the above objections, documents responsive to this Request in possession of Runge are attached. Further, the videotape of the statement taken from Runge on January 16, 2004 is available for purchase from Brevard Video Productions, Randy Shelton, Owner located at 49 White Road, Brevard, North Carolina 28712-8264, (828) 862-5657.

7.    All reports made out by any police department, fire department, federal, state, or local governmental entity or agency concerning the subject matter of or the allegations contained in Plaintiff's Complaint, including but not limited to all photographs and/or diagrams taken in conjunction with any investigation.

Response:    Documents responsive to this Request in possession of Runge are attached.

8.     Any written or otherwise recorded materials pertaining to statutes, regulations, rules, standards, customs, practices or guidelines which Plaintiff alleges that Defendant failed to comply.

**Response:     There are no documents responsive to this request.**

9.     All documents or tangible things that you feel support the claims contained in your Complaint.

**Response:     Runge objects to this Request as overly broad and vague; Runge is unable to ascertain the specific items Kelly is requesting.**

10.     Any and all correspondence, memoranda, or other documentation that discusses the subject matter of Plaintiff's Complaint.

**Response:     Subject to the above General Objections and without waiving the above objections, documents responsive to this Request in possession of Runge are attached.**

11.     True and complete copies of all income and gift tax returns, together with all schedules and attachments thereto, filed or reported by, or on behalf of Plaintiff for the years 1995 to present. If Plaintiff did not submit a federal tax return for any such year, produce all financial records of income and gifts for each year.

**Response:     There are no documents responsive to this Request in the possession of Runge. It is understood that Kelly as attorney and power of attorney is in possession of these documents. It is further understood that Kelly prepared some of the tax returns in the requested years.**

12.     All documents concerning any expense you seek to recover in this action, including, but not limited to, all invoices, statements, receipts, and cancelled checks concerning:

(a)    medical care rendered by doctors, hospitals, therapists, counselors, other

medical service providers for any physical or mental injury;

(b)    property items; and

(c)    any other expense you claim Defendant caused.

**Response:    Documents responsive to this Request in possession of Runge are**

**attached.**

13.    All documents concerning any statements made by and any fact witness

concerning nursing homes and/or assisted living facilities.

**Response:    Runge objects to this Requests to the extent it seeks information**

**that is subject to the attorney-client privilege and/or work product doctrine.  Subject**

**to and without waiving the above objections, documents responsive to this Request**

**in possession of Runge are attached.**

14.    Any and all documents related to Plaintiff's residence and/or care at any

nursing homes and/or assisted living facilities.

**Response:    Documents responsive to this Request in possession of Runge are**

**attached.**

15.    All surgical records, hospital records, medical records, nursing home

records, assisted living facility records, psychological records, mental health records,

X-rays, radiographic films, or any other records or materials related to any diagnostic or

treatment tests or procedures, bills, invoices, writings, notes, or memoranda relating to

all of Plaintiff's physical, medical or mental conditions, illnesses or disabilities,

including but not limited to those doctors, nurses, practitioners, hospitals, clinics,

institutions, or other health care providers or third party private or governmental health

or accident insurers, without regard to whether it is Plaintiff's contention that such

physical, medical or mental conditions, illnesses, or disabilities were caused in any way

by Defendant or any agent or employee of Defendant for the years 1995 to the present.

**Response:**    **Documents responsive to this Request in possession of Runge are attached.**

16.    All documents reviewed, produced, or otherwise held by each expert witness you have retained to testify or otherwise give evidence in this action concerning your claims, such documents include, but are not limited to:

    (a)    reports, findings, examinations, tests, and opinions;

    (b)    all documents, and other materials, which relate to their activities, finding, or opinions in their action, including but not limited to, all reports, inquiries, internal memorandums, and correspondence in this action;

    (c)    all documents concerning the scope of matters each expert was retained or otherwise asked to perform for this action, including, but not limited to, any retained agreements, letters of understanding, correspondence, and other memoranda;

    (d)    all documents reviewed by each expert;

    (e)    all documents and other materials, specifically including exhibits, each expert intends to use in support of his/her testimony;

    (f)    invoices and statements of payment concerning their activities in this action; and

    (g)    each expert's curriculum vitae.

**Response:**    **It is premature for Runge to name any expert witnesses and, therefore, there are no documents responsive to this Request at this time.  Runge reserves the right to supplement this response as discovery is deemed ongoing.**

17.    All documents prepared or reviewed by any fact witness you may call at trial, including, but not limited to, all statements prepared by, or taken from, fact witnesses.

**Response:**    **It is premature for Runge to name fact witnesses to be called at trial and, therefore, there are no documents responsive to this Request at this time.**

Runge reserves the right to supplement this response as discovery is deemed ongoing.

18.    Any and all documents and/or exhibits you intend to introduce at trial.

**Response:**    Runge has not yet made a determination as to what documents and exhibits will be utilized at trial.  The appropriate documents will be provided at the time when this determination is made.

19.    All legal bills with regard to the legal services rendered and work performed by Defendant on Plaintiff's behalf.

**Response:**    Runge objects to this Request because the documents sought are under the care, custody and control of Kelly.  Subject to and without waiving the above objections, documents responsive to this Request in the possession of Runge are attached.

20.    All payments made by Plaintiff or anyone on Plaintiff's behalf with regard to legal services rendered and work performed by Defendant on Plaintiff's behalf.

**Response:**    Runge objects to this Request because the documents sought are under the care, custody and control of Kelly.  Subject to and without waiving the above objections, there are no documents responsive to this Request in the possession of Runge.

21.    All correspondence between Plaintiff and her daughter, Dorothy Stanley, from 1995 to present.

**Response:**    Subject to and without waiving the above General Objections, documents responsive to this Request in possession of Runge are attached.

22.    All documents reflecting communications in any form between Plaintiff and her daughter, Dorothy Stanley, from 1995 to present.

Response:    **Documents responsive to this Request in possession of Runge are attached.**

23.    All documents reflecting instances where Dorothy Stanley was in the physical presence of Plaintiff from 1995 to present.

Response:    **There are no documents responsive to this Request.**

24.    All police reports which in any way refer to Plaintiff.

Response:    **There are no documents responsive to this Request.**

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: _Ay 22, 2006_    By: _(Glenn R Davis)_
Glenn R. Davis
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050
(717) 620-2424
gdavis@ldylaw.com
*Pro Hac Vice*

Attorneys for Plaintiff, Helen A. Runge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS.

| | | |
|---|---|---|
| HELEN A. RUNGE, | : | |
| Plaintiff | : | |
| | : | No. 05-10849-RGS |
| v. | : | (Judge Stearns) |
| | : | |
| WALTER J. KELLY, et al., | : | CIVIL ACTION |
| Defendants | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and correct copy of the foregoing Plaintiff Helen Runge's Response to Walter J. Kelly's Request for Production of Documents was served by first-class United States mail, postage prepaid, upon the following:

James S. Hamrock, Jr., Esq.
Attorney of record for Kerry L. Bloomingdale, M.D.,
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA  02142

George C. Rockas, Esq.
Michele Carlucci, Esq.
Attorney of record for Walter J. Kelly
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal Street
Boston, MA  02110-1727

Michael Williams, Esq.
Attorney of record for Sunbridge Nursing and Rehabilitation Center
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210-1736

Blake J. Godbout, Esq.
David A. Conti, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA  02109

Dated: Ag 23, 2003

Glenn R. Davis

Case 1:05-cv-10849-RGS Document 78-7 Filed 07/30/2007 Page 1 of 20

# MARIAN MANOR ADMISSION/ANNUAL HISTORY AND PHYSICAL

NAME: _Helen Runge_

ROSTER _3938_

**Interval History:** 87 y/o h/o depression, NTM, OA

| Review of Systems: | Negative | Abnormal or General Findings: |
|---|---|---|
| Head & Neck | ✓ | supple _____ |
| Skin | | dry, noripotent |
| Mouth | | MMM |
| Heart | | clear S1S2 |
| Lungs | | |
| Abdomen | | soft, NT |
| Rectal Exam | | |
| Breast Exam | | + mass    + nodes |
| Genitourinary | | |
| Musculoskeletal | | Atrophy |
| Extremities | | |
| Neurological | | alert oriented X3 |
| Allergies | | nkda |

| Cognitive Status: | Negative | Abnormal or General Findings: |
|---|---|---|
| Vision | ✓ | |
| Memory | | + recent |
| Hearing | | mild ↓ |
| Delirium, disordered thinking | | @ times |
| Communication | | verbal |
| Behavior | | appropriate |

**Recent Lab & E-Ray Findings:**

**Functional Limitations:**
Rehab Potential: Good ✓ Fair ___ Poor ___ Nil ___
**Prognosis:**
**Primary Diagnosis:** dementia

**Secondary Diagnosis:** DJD

**Short Term Goal:**

**Long Term Goal:** maintain functional capacity

**Est. Length of Stay:** permanent
Resident has capacity of make/communicate health care decisions: Yes ✓ No ___

Date: _09 - 02_     Signature: _____

**CARNEY HOSPITAL**
2100 DORCHESTER AVE
BOSTON MA 02124

EMERGENCY DEPARTMENT
PHYSICIAN RECORD PAGE 1 OF 2

RUNGE,HELEN A                                    F
MARION MANOR          S.BOSTON,MA 02124
(617)268-3333  AGE:87   DOB:08/03/1915
PHYS: Springs,Donna L MD
ACCT:CH0005085873         REL:CATHOLIC
MR#:CH00142337            SVC:
                          ADM: 01/11/03

| DATE: 01/11/03 | TIME IN: 2043 | ARRIVAL MODE AM | ADM CLK CAHMAE01 | MED SEC |
|---|---|---|---|---|

| PHONE NUMBER: (617)268-3333 | AGE: 87 | SEX: F | M/S: S | LANG. ENGLISH | RACE: WH | REL. CATHOLIC |
|---|---|---|---|---|---|---|

SOCIAL SEC. NO.: 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   HEALTH CARE PROXY: NO,DOES NOT WANT INFO

NEXT OF KIN: KELLY,WALTER   RELATIONSHIP: FR   PHONE: (617)327-4187

PRIMARY CARE PROVIDER: Gomes,Ronald F MD   NAME OF CLINIC OF PCP:   PHONE: EXT. 4560

| TRIAGE TIME: | TX AREA TIME: | TIME SEEN BY M.D. | DISCHARGE TIME |
|---|---|---|---|

LOCATION: ED.CH   TIME CALLED FOR MED REC:

ADDRESS: MARION MANOR S.BOSTON,MA 02124
PRIMARY PAYOR: Medicare A&B 023051066A
SECONDARY PAYOR: Medex XXG008029612

**CHIEF COMPLAINT:** PSYCH EVAL

☐ Unable to obtain  ☒ Nurses notes Reviewed

(handwritten narrative, illegible)

ROS (Circle Negatives; Document positives)
neg Constitutional:    neg GU:
neg Eyes:              neg GYN:
neg ENT:               neg Musculoskeletal:
neg CV:                neg Neuro:
neg Respiratory:       neg Psychiatric:
neg GI:

PHYSICAL  PAIN SCALE ___ O₂ SAT ___
BP ___ P 70 R 20 T° ___ FIO₂ RA
APPEARANCE:
HEENT:
NECK/SPINE:
CHEST:
CARDIOVASCULAR:
GI/ABD:
GU/PELVIC/RECTAL:
MS/EXT:
NEURO:
SKIN:

**MEDS:** (handwritten)
**ALLERGIES:**
**PAST MED HISTORY:** ☒ Medical Record Reviewed
**FAMILY HX:**
**SOCIAL HX/HABITS:**

MEDICAL RECORDS  Script 11109  EMERGENCY OP/ER HEALTH EXPRESS MED

**CARNEY HOSPITAL**
**2100 DORCHESTER AVE**
**BOSTON MA 02124**

EMERGENCY DEPARTMENT
PHYSICIAN RECORD PAGE 2 OF 2

RUNGE,HELEN A                                    F
MARION MANOR                          S.BOSTON,MA 02124
(617)268-3333     AGE:87       DOB:08/03/191
PHYS: Springs,Donna L MD
                                      REL:CATHOLIC
ACCT:CH0005085873       SVC:
MR#:CH00142337          ADM:01/11/03

UA:

HCG:

X-RAY:                                EKG:

PROCEDURES
☐ See Informed Consent
☐ See completed Procedure Form
   If laceration repair, indicate size.

ATTENDING NOTE/
PROGRESS NOTE          Critical Care Time: _____ Minutes

PHYSICIANS ORDERS

| TIME ORDER | | RN INIT. | TIME | TIME ORDER | | RN INIT. | TIM |
|---|---|---|---|---|---|---|---|
| ☐ CBC ☐ CMP ☐ BMP ☐ CK | | | | | | | |
| ☐ EKG ☐ MONITOR ☐ HL | | | | | | | |
| | | | | | | | |

PRIMARY CARE  ☐ CALLED     ☐ DISCUSSED        CONSULTANT  ☐ CALLED     ☐ DISCUSSE

Dr. _____                              Dr. _____
☐ APPROVED        ☐ NOT APPROVED

DISPOSITION  ☐ DISCHARGE  ☐ TRANSFER ___  Transfer form Completed ☐   ☐ ELOPE  ☐ AMA
                                          (FACILITY)
☐ E.D. OBSERVATION  ☐ IN HOUSE OBSERVATION  ☒ ADMISSION  ATT MD _____
                                                              (NAME)
☐ CCU/ICU  ☐ STEP DOWN  ☐ CARD MED  ☐ MED/SURG  ☐ PEDI  ☐ STROKE  ☒ PSYCH

DIAGNOSIS

| | | DX CODE: | E CODE: | E-FM CODE: |
|---|---|---|---|---|
| 1. | | DX CODE: | PROC CODE: | CPT CODE: |
| 3. | | DX CODE: | PROC CODE: | CPT CODE: |

| H. O. Signature: | Provider No.: | Attending Signature: | Provider No |
|---|---|---|---|

Admit 02:30

MEDICAL RECORDS
FORM 11-51

**CARNEY HOSPITAL**
**2100 DORCHESTER AVE**
**BOSTON MA 02124**

EMERGENCY DEPARTMENT
PHYSICIAN RECORD PAGE 2 OF 2

Hct = 22   8/02

RUNGE,HELEN A                          F
MARION MANOR
(617)268-3333    AGE: 87    S.BOSTON,MA 02124
                                        DOB:08/03/1915
PHYS: Springs,Donna L MD
                              REL:CATHOLIC
ACCT:CH0005085873    SVC:
MR#:CH00142337    ADM: 01/11/03

**LAB:**

179 ─┼──┼─< 100

5-1-28

4.85/585 ⊖

UA: ↙

HCG:

**X-RAY:**

**EKG:**

**PROCEDURE(S)**
☐ See Informed Consent
☐ See completed Procedure Form
   If laceration repair, indicate size.

do needed
contraindicated
to ↑ admit
see 12
Onfield

**ATTENDING NOTE/PROGRESS NOTE**    Critical Care Time: _____ Minutes

Spoke c Walter Kelly (brother
reports paranoid delusions
for "a long time" (Z ↑ year)
Agree to admit.

**PHYSICIAN'S ORDERS**

| TIME ORDER | | | | RN INIT. | TIME | TIME ORDER | | RN INIT. | TIME |
|---|---|---|---|---|---|---|---|---|---|
| ☐ CBC | ☐ CMP | ☐ BMP | ☐ CK | | | | | | |
| ☐ EKG | ☐ MONITOR | | ☐ HL | | | | | | |
| Haldol 5mg p. | | | | | | | | | |

**PRIMARY CARE** ☐ CALLED    ☐ DISCUSSED    **CONSULTANT** ☐ CALLED    ☐ DISCUSSED

Dr. _____    Dr. _____
☐ APPROVED    ☐ NOT APPROVED

**DISPOSITION**   ☐ DISCHARGE   ☐ TRANSFER _____  Transfer form Completed ☐   ☐ ELOPE   ☐ AMA
                                            (FACILITY)
☐ E.D. OBSERVATION   ☐ IN HOUSE OBSERVATION   ☒ ADMISSION   ATT MD _____ (NAME)

☐ CCU/ICU   ☐ STEP DOWN   ☐ CARD MED   ☐ MED/SURG   ☐ PEDI   ☐ STROKE   ☒ PSYCH

**DIAGNOSIS**

| | | DX CODE: | E CODE: | E+M CODE: |
|---|---|---|---|---|
| 1. | Psilosis | | | 5783 |
| 2. | Anemia | DX CODE: | PROC CODE: | CPT CODE: 284 |
| 3. | | DX CODE: | PROC CODE: | CPT CODE: |

H. O. Signature: _____    Provider No.: _____    Attending Signature: _____    Provider No: _____

Admit 02:30

MEDICAL RECORDS

FORM 11-514

~~X HOSPITAL~~

**EMERGENCY DEPARTMENT PATIENT BELONGINGS INVENTORY AND SAFETY SEARCH**

NAME: HELEN RUNGE                    DATE: 1/11/08  MEDICAL RECORD NUMBER:_____

## * Security Officer will confiscate any objects found that are determined to be dangerous

**SECURITY PROCEDURE:** * Security Officer to be dispatched to ER for unit search of patient belongings
* Patient belongings will be removed from room and labeled * ER staff will witness Security Officer performing search * Security
Officer will record information on form, ER staff to co-signed * Security Officer will to do room search after belongings removed

**1)** All medications / substances placed in tamper evident bag, labeled and placed in secured / locked area: Y _X_ N___ N/A___

**2)** All weapons / dangerous items to be removed and given to Boston Police at Security's discretion: Y _X_ N___ N/A___

**3)** Money:  Amount $_185_, Locked in security Y: _X_ N:___ If no give reason: VE13464

**4)** Dentures: Y___ N_X_ Glasses: Y___ N _X_ Cell Phone: Y___ N _X_ Walkman: Y___ N_X_

**5)** Cigarettes # of packs _o_, # of Lighter (s) _o_, # of Match books _o_                    21:15

**6)** Number of bags sent with patient to Psychiatric Unit: _2_  OTHER:_____

Security Officer Name: ADAM CLANCY          Date: 1/11/08 ER Staff Witness Name _Lydia J Pickering_ Date: 1/11/08

**\* If patient is admitted to any other unit or floor prior to Psychiatric unit all belongings are to be kept away from the patient and secured by staff to maintain safety. This form is to accompany patient to Psychiatric unit**

## PSYCHIATRIC UNIT PATIENT BELONGINGS INVENTORY AND SAFETY SEARCH

Number of bags with patient: _2_ , Arrived in Gown Y _✓_ N___ If No, explain:_____

### Careful inspection and proper securing of patient's belongings by admitting staff requires:

**1)** Clothing checked by pulling out pockets, inspecting seams/shoes/socks/cuffs, all compartments of luggage, pocketbooks, etc. Y _✓_ N___

**2)** All sharp objects labeled and secured in sharps closet in a labeled bin or bag: Y___ N___  N/A

**3)** All smoking materials labeled and secured in sharps closet: Y___ N___ N/A

### PERSONAL ARTICLES OTHER THAN CLOTHING / PLEASE CHECK ALL THAT APPLY:

**4)** Glasses___ Contacts___ Hearing Aid___ Right Ear___ Left Ear___ Dentures___ Upper___ Lower___ Partial___

**5)** Prosthesis___  Describe: Pt can't hear out of one ear.

**6)** Jewelry: List _N/A_                                          Money: Amount $_____

**OTHER:** Please Describe:_____

**7)** All valuables sent to security: Y _✓_ N___  Describe Items_____

**8)** Oriented to Unit Y _✓_ N___  Patient Guidelines / Rules given Y _✓_ N___  Patient Rights given Y _✓_ N___

RN / MHC Signature: _Donna Evans_ Date / Time: _1/11/08 3:45 Am_ Patient Signature:_____ Date / Time:_____

**9)** Patient given copy of patient belongings inventory and safety search Y___, N___ If no describe:_____

_____

___ belongings returned to patient at time of discharge: Y___ N___ Describe:_____

RN / MHC Signature:_____ Date / Time:_____ Patient Signature:_____ Date / Time:_____

ORIGINAL: MEDICAL RECORD. PINK COPY: TO PATIENT AFTER ADMIT TO UNIT.    YELLOW COPY: TO PATIENT ON DISCHARGE

CAMBRIDGE HOSPITAL

**EMERGENCY DEPARTMENT PATIENT BELONGINGS INVENTORY AND SAFETY SEARCH**

NAME: _Helen Runge_      DATE: _1/11/03_ MEDICAL RECORD NUMBER: _____

**\* Security Officer will confiscate any objects found that are determined to be dangerous**

_SECURITY PROCEDURE:_ \* Security Officer to be dispatched to ER for unit search of patient belongings
\* Patient belongings will be removed from room and labeled \* Security Officer will witness search performing search \* Security Officer will record information on form, ER staff to co-signed \* Security Officer will to do room search after belongings removed

1) All medications / substances placed in tamper evident bag, labeled and placed in secured / locked area: Y _X_ N___ N/A___

2) All weapons / dangerous items to be removed and given to Boston Police at Security's discretion: Y _X_ N___ N/A___

3) Money: Amount $ _185_ , Locked in security Y: _X_ N:___ If no give reason: _VE13464_

4) Dentures: Y___ N _X_ Glasses: Y___ N _X_ Cell Phone: Y___ N _X_ Walkman: Y___ N _X_

5) Cigarettes # of packs _0_ , # of Lighter (s) _0_ , # of Match books _0_     _21:15_

6) Number of bags sent with patient to Psychiatric Unit: _2_ OTHER: _____

Security Officer Name: _Adam Clancy_ Date: _1/11/03_ ER Staff Witness Name _Lindiwe Mckearn_ Date: _1/11/03_

**\* If patient is admitted to any other unit or floor prior to Psychiatric unit all belongings are to be kept away from the patient and secured by staff to maintain safety. This form is to accompany patient to Psychiatric unit**

## PSYCHIATRIC UNIT PATIENT BELONGINGS INVENTORY AND SAFETY SEARCH

Number of bags with patient: _2_ , Arrived in Gown Y _✓_ N___ If No, explain: _____

**Careful inspection and proper securing of patient's belongings by admitting staff requires:**

1) Clothing checked by pulling out pockets, inspecting seams/shoes/socks/cuffs, all compartments of luggage, pocketbooks, etc. Y _✓_ N___

2) All sharp objects labeled and secured in sharps closet in a labeled bin or bag: Y___ N___ _N/A_

3) All smoking materials labeled and secured in sharps closet: Y___ N___ _N/A_

### PERSONAL ARTICLES OTHER THAN CLOTHING / PLEASE CHECK ALL THAT APPLY:

4) Glasses___ Contacts___ Hearing Aid___ Right Ear___ Left Ear___ Dentures___ Upper___ Lower___ Partial___

5) Prosthesis___ Describe: _Pt can't hear out of one ear._

6) Jewelry: List _N/A_     Money: Amount $_____

**OTHER:** Please Describe: _____

7) All valuables sent to security: Y _✓_ N___ Describe Items _____

8) Oriented to Unit Y _✓_ N___ Patient Guidelines / Rules given Y _✓_ N___ Patient Rights given Y _✓_ N___

RN / MHC Signature: _Donna Evans_ Date / Time: _1/11/03 3:45 Am_ Patient Signature:_____ Date / Time:_____

9) Patient given copy of patient belongings inventory and safety search Y___ , N___ If no describe:_____

All belongings returned to patient at time of discharge: Y___ N___ Describe: _____

RN / MHC Signature: _____ Date / Time: _____ Patient Signature: _____ Date / Time: _____

ORIGINAL: MEDICAL RECORD. PINK COPY: TO PATIENT AFTER ADMIT TO UNIT.    YELLOW COPY: TO PATIENT ON DISCHARGE

**Caritas Carney Hospital**

*Our mission is to care for you.*
CARITAS CHRISTI HEALTH CARE

Dr. Gomez

## EMERGENCY DEPARTMENT ASSESSMENT FLOW SHEET

| TRIAGE CLASS | TRIAGE TO |
|---|---|
| ☑ Emergent | ☐ TX Area |
| ☐ Urgent | ☐ Health Express |
| ☐ Non-Urgent | ☐ Pedi Clinic |

| Date 1/11/03 | Time 2040 | Patient's Name Helen Runge | DOB 8/31/15 | Age 87 | Sex: M (F) |

Info Provided By: ☐ Patient ☐ Family ☐ Translator ☐ Other _____  Language Spoke: ☐ English ☐ Other _____

**PRE-HOSPITAL CARE** ☐ Gauge ☐ C-Collar ☐ Splint ☐ Other _____
☐ O2 ☐ IV ☐ Site _____ ☐ Backboard ☐ Dressing

**Date Last Menses** _____
☐ Normal ☐ Pregnant
☐ Abnormal

**CHIEF COMPLAIN / NURSING HISTORY:** Bayview Asst Living
Pt. Called 911 2° Paranoia
⊕ Delusions
⊕ Hallucinations
Denies S/I HI

**IMMUNIZATION** ☐ Current Child
Tetanus
☐ Under 10 years ☐ Unknown
☐ Over 10 years

**Nutritional Status** ☐ WNL
☐ Cachectic ☐ Obese ☐ Wt gain/loss
**Functional Status** ☐ Independent
☐ Blind ☐ HOH ☐ Device/appliance
☐ Lives with _____

| Pain Scale 0/10 | B/P 200/90 | P 88 | R | T | WT. | Pulse OX |

**ALLERGIES** (NKDA)

**CURRENT MEDICATIONS**
Colace
Ferrus Sulfate
Zestril    MOM
Norvasc
Paxil
Predisone Ats
Tylenol

**MEDICAL HISTORY**
☐ No Previous Health Problems
☐ Angina ☐ Arthritis ☐ Asthma
☐ Cancer ☐ Diabetes ☐ Stroke
☑ Heart Disease ☑ High Blood Pressure
☐ Kidney Disease ☐ Seizures ☑ Psychiatric HX
☐ Lung Disease ☐ Substance Abuse
Cataract, Anemia,
Gastritis

**DNR Status**

**ALLEGED/SUSPECTED ABUSE ASSESSMENT**
| Domestic Abuse | ☐ Yes ☐ No |
| Elder Abuse/Neglect | ☐ Yes ☐ No |
| Child Abuse/Neglect | ☐ Yes ☐ No |
| Physical Assault | ☐ Yes ☐ No |
| Rape/other sexual molestation | ☐ Yes ☐ No |
(Unable to asses)

**TRIAGE INTERVENTION** | **TEST**
☐ N/A ☐ Ice ☐ Splint | ☐ None
☐ C-Collar ☐ Dressing | ☐ X-ray
☐ Rings Removed | ☐ Lab
☐ Tylenol/Dose _____ | ☐ Records
☐ Other _____ | ☐ EKG

R. Sullivan RN
**Triage Nurse Signature:**

**ASSESSMENT**

**GENERAL APPEARANCE** WNL ☐
☑ Healthy Appearance ☑ Thin
☐ Obese ☐ Frail ☐ Robust
☐ Unkempt ☐ Other _____

**LOC, BEHAVIOR SPEECH**
☑ Alert ☑ Oriented x (# 2 )
☐ Unconscious ☐ Lethargic
☐ Other _____

**BEHAVIOR**
☐ Anxious ☑ Cooperative
☐ Depressed ☐ Uncooperative
☐ Hostile ☐ Agitated
☐ Other _____

**SPEECH**
☐ Coherent ☐ Incoherent
☐ Slurred ☐ Nonverbal
☐ Other _____

**NEURO** NA ☐
Reactive L R Pinpoint L R
Sluggish L R Dilated L R
Size L ___ mm R ___ mm

● ● ● ● ● ● ●
1 2 3 4 5 6 7 8

Sensation ☐ WNL _____
Motor Strength ☐ WNL _____
Hand Grasp
Left ☐ Weak ☑ Strong
Right ☐ Weak ☑ Strong

**RESPIRATORY**
**AIRWAY** | **BREATH SOUNDS**
☑ Patent | R          L
☐ Cough | ☑ Clear
☐ Dyspnea | ☐ Rales
☐ Other _____ | ☐ Wheezes
| ☐ Rhonchi
| ☐ Diminished

**CARDIOVASCULAR**
Pulse ☑ Regular ☐ Irregular
Skin Color ☑ Normal ☐ Pale
☐ Ashen ☐ Mottled ☐ Cyanotic
☐ Flushed ☐ Jaundice ☐ Other _____
Skin Temperature ☑ Warm ☐ Hot
☐ Cool ☐ Dry ☐ Moist ☐ Other
B/L PERIPHERAL EDEMA
☐ Yes ☑ No

**EXTREMITIES** WNL ☐
☐ Swelling Site _____
☐ Deformity Site _____
☐ Pain Site _____
☐ Distal Pulse ☐ Present ☐ Absent
☐ Other _____

**ABDOMINAL** WNL ☐
☐ Unable
☐ Soft ☐ Non-Tender
☐ Rigid ☐ Other _____
Last Food _____ Last BM _____

**GU ASSESSMENT** WNL ☐
☐ Unable
☐ Burning/Frequently ☐ Flank Pain
☐ Incontinent ☐ Hematuria
☐ Foley to BSD ☐ Pain
☐ Other _____

**VISION** WNL ☐
☐ No difficulty ☐ Glasses
☐ Intra Ocular Lens ☐ Contacts
☐ Blind L ___ R ___ ☐ Pain
☐ Blurring ☐ Glaucoma
☐ Other _____
Visual Activity: ☐ N/A
☐ O.D. ___ ☐ O.S. ___ ☐ O.U. ___

**HEARING** NA ☐
☐ No difficulty ☐ Pain ☐ Timnnitus
☐ Hearing Aid R ___ L ___
☐ Other ___ HOH

**WOUND** WNL ☐
☐ Unable
☐ Laceration ☐ Pain ☐ P.W.
☐ Other _____

**NEONATAL/PEDIATRIC**
Age Appropriate: ☐ Growth ☐ Development

COLOR          ACTIVITY LEVEL
☐ Pink          ☐ Playful
☐ Pale          ☐ Quiet
☐ Cyanotic      ☐ Fussy

CRYING / QUALITY
☐ Strong/Normal ☐ Moaning/Highpitched
☐ Whimpering    ☐ Consolable

HYDRATION/ MUCUOUS MEMBRANE
☐ Moist         ☐ Dry

Head Circumference: _____

**Primary Nurse Signature:**

**Caritas Carney Hospital**

*Our mission is to care for you.*

CARITAS CHRISTI HEALTH CARE

FORMS COMPLETED
☐ Transfer
☐ Restraint
☐ Conscious Sedation

# EMERGENCY DEPARTMENT ASSESSMENT FLOW SHEET

| :'s Name | | Patient No. | | | | Date 1/12/0? | | Allergy |
|---|---|---|---|---|---|---|---|---|

Helen Runge

## NURSES NOTES

| Time | B/P | HR | Rhythm | R | Temp | O2 SAT | Pain Scale | I.V.'s Medications, Nurses Notes |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Seen + exam'd 3 patien |
| | | | | | | | | Seen by BCST plenum |
| 0808 | | | | | | | | Medicated + plated Door 5mg B |
| | | | | | | | | Report called to floor |
| | | | | | | | | Taught to sim |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | **I & O TOTALS** |
| | | | | | | | | I _____ |
| | | | | | | | | O _____ |

**RN SIGNATURE (S)**        **RN SIGNATURE (S)**

## DISPOSITION

| DISCHARGED | ADMIT | TRANSFER | OTHER |
|---|---|---|---|
| To: ☐ Home ☐ Nursing Home ☐ Other ____ | Admit: 4SB ☐ Unit ____ | To: ____ Mode: ☐ Ambulance ☐ Car | ☐ AMA ☐ Expired Post Mortem ☐ Yes ☐ No |
| Mode: ☐ W/C ☐ Ambulance ☐ Walk ☐ Crutches ☐ Carried | Mode: ☐ Stretcher ☐ W/C | Accompanied by: ☐ Family/Friend Time: ____ | ☐ ME Case ☐ Time ____ DNR Status: |
| Learning Barriers ____ Discharge: ☐ Instructions given/ verbalized understanding | Time: 0300 | Report Given To: ____ | ☐ Determined |
| Condition on D/C ____ | Report Given To: (Name) | | |

## PERSONAL EFFECTS

| Items | | | Disposition |
|---|---|---|---|
| ☐ Eyeglass | ☐ Contact Lenses | ☐ Jewelry | 1. With Patient |
| ☐ Hearing Aid | ☐ Prosthesis | ☐ Wallet/Money | 2. Given to family |
| ☐ Dentures: | ☐ Upper ☐ Lower | ☐ Partials | 3. Safe |
| ☐ Other | | | |

:ure

# Caritas Carney Hospital

*Our mission is to care for you.*

CARITAS CHRISTI HEALTH CARE

FORMS COMPLETED
☐ Transfer
☐ Restraint
☐ Conscious Sedation

## EMERGENCY DEPARTMENT ASSESSMENT FLOW SHEET

| 's Name | Patient No. | Date | Allergy |
|---------|-------------|------|---------|
| Nilen Rurge | | 1-11-03 | NKDA |

### NURSES NOTES

| Time | B/P | HR | Rhythm | R | Temp | O₂ SAT | Pain Scale | I.V.'s Medications, Nurses Notes |
|------|-----|----|---------|---|------|--------|-----------|----------------------------------|
| 2045 | 157/73 | 70 | | 20 | 99 | | | To Pol'3 from Bay View Pt disch from Carney 2 days ago. Today calling police, leaving notes in room. Calling 911 for help. Pt delusional, cooperative. Undress Saying "why am I here am I hurts or something" Security ✓ of belongings done. Best team called @ 855/P. Ua done dip neg. Pt cooperative vesting waiting MD Eval + Best team Belongings in locker C389 |
| 10 | | | | | | | | Sleeping waiting for MD eval |
| 11 | | | | | | | | Report given to 11-7 |

**I & O TOTALS**
I _____
O _____

### RN SIGNATURE (S) — RN SIGNATURE (S)

DRoshinski rn

### DISPOSITION

**DISCHARGED**
To: ☐ Home  ☐ Nursing Home
☐ Other _____
Mode: ☐ W/C  ☐ Ambulance
☐ Walk  ☐ Crutches
☐ Carried
Learning Barriers _____
Discharge: ☐ Instructions given/ verbalized understanding
Condition on D/C _____

**ADMIT**
Admit:
☐ Unit _____
Mode:
☐ Stretcher
☐ W/C
Time: _____
Report Given To: (Name)

**TRANSFER**
To: _____
Mode: ☐ Ambulance  ☐ Car
Accompanied by: ☐ Family/Friend
Time: _____
Report Given To: _____

**OTHER**
☐ AMA  ☐ Expired
Post Mortem
☐ Yes  ☐ No
☐ ME Case  ☐ Time ____
DNR Status:
☐ Determined

**PERSONAL EFFECTS**

| Items | | | Disposition |
|-------|---|---|-------------|
| ☐ Eyeglass | ☐ Contact Lenses | ☐ Jewelry | 1. With Patient |
| ☐ Hearing Aid | ☐ Prosthesis | ☐ Wallet/Money | 2. Given to family |
| ☐ Dentures: | ☐ Upper ☐ Lower | ☐ Partials | 3. Safe |
| ☐ Other | | | |

ure _____

**Carney Hospital**
**Caritas Christi Health Care System**
2100 Dorchester Avenue
Boston, MA 02124-5666
(617) 296-4000

**Name:**
RUNGE,HELEN A
**Address:**
MARION MANOR
**City/State/Zip:** S.BOSTON,MA 02124
**Age:** 87 **Sex:** F
**Date of Birth:** 08/03/1915
**Att. MD:** MARKER,SEAN P. MD

**MR#:** CH00142337
**Acc#:** CH0005085873
**Admit Date:** 01/12/03
**Disch. Date:** 01/22/03

**Loc:** 4SE.CH
**Rm:** CH403**Bed:** 01

Medical Records' copy

## PSYCHIATRIC DISCHARGE SUMMARY

> DATE OF ADMISSION: DATE OF DISCHARGE:

HISTORY OF PRESENT ILLNESS: The patient is an 87-year-old, Caucasian female with a history of treatment for depression who presented to The Carney Hospital Emergency Room, brought in by ambulance, called by the assisted living facility where she lives. She was sent on January 9, 2003, for a similar evaluation. According to records at that time, the patient was described as being increasingly agitated and angry. The patient reportedly drew up a long list of alternative nursing homes in which she could live. She stated that she had left her room locked and that her papers were missing when she returned, resulting in her becoming angry and screaming.

Nurse, Bernice Garvey, at Bayview, contacted psychologist, Stanley Alexander, Ph.D. at Nova Psychiatric Services who Section 12'd the patient based on staff documentation. The patient is currently living at the Marion Manor Nursing Home and had been assisted to live with a patient with advanced Alzheimer's disease. She reports having a difficult time with her roommate and transferred to her current placement but reports that she is not happy at the room and placement.

The patient was brought back to the emergency room earlier today with reports of ongoing paranoia and loud complaints about other residents at the nursing home stealing her money, ransacking her room and using her card to request medications. The patient was denying feeling depressed but admitted that she was angry. She denied auditory or visual hallucinations. There were no suicidal or homicidal thoughts.

PAST PSYCHIATRIC HISTORY: The patient has no formal psychiatric history. Lately, she has been prescribed Paxil by her primary care physician. The patient's daughter, Dorothy Stanley, who lives in North Carolina, reported that the patient was paranoid most of her life but was not hospitalized until recent months. The paranoia has gotten worse since the patient moved into assisted living. The patient was always very private, secretive and did not share any information, even with her daughter. Daughter is the only living relative the patient has. Daughter was out of touch with patient for almost 30 years. Daughter recently became reinvolved and wishes the patient to move to North Carolina to be with daughter.

MEDICAL HISTORY: Significant for a history of cataracts, hypertension, hearing loss and gastritis. Primary care physician is Dr. Ronald Gomes of The Carney Hospital.

MEDICATIONS: Paxil 20 mg, lisinopril 20 mg q.d., Norvasc 5 mg q.d., hydrochlorothiazide 25 mg q.d., ferrous sulfate 325 mg b.i.d., Colace 100 mg q.d., prednisolone ophthalmic suspension 1 gtt. O.S. q.i.d.

SOCIAL/FAMILY HISTORY: The patient has lived at Bayview Nursing Home for three months. Before that, she was at Marion Manor, also for three months, and became more paranoid regarding other residents there. Per daughter, the patient has always been extremely guarded. The patient most trusts Mr. Kelly, who is the patient's healthcare proxy and has the power of attorney. Mr. Kelly has worked with the patient for years. His number is 617-333-7100.

Name: RUNGE, HELEN A
MR#: CH00142337
SUBSTANCE ABUSE HISTORY: There is no known history of drug or alcohol abuse.

MENTAL STATUS EXAM: The patient is pleasant and cooperative with the interview but becomes angry and frustrated when discussing recent events. Her affect is labile. Speech is loud. She is difficult to interrupt. Thought processes are, for the most part, organized. Thought content is preoccupied with possible paranoid delusions regarding her belongings at her assisted living facility. She denies hallucinations. There are no suicidal or homicidal thoughts. The patient is alert. She is oriented to The Carney Hospital. She states correctly the month, day of the week and the date. She was increasingly uncooperative with further cognitive exam and walked out from the interview with demands of discharge. The patient appeared to have no insight into the paranoia, and her judgment was impaired.

HOSPITAL COURSE: The patient was admitted to 4-Southeast, a locked psychiatric unit, initially on a Section 12 and, later, signed a conditional voluntary after further explanation from her healthcare proxy, Mr. Kelly.

At the beginning of admission, the patient was irritable, volatile, angry and paranoid. She was unable to engage in interviews with psychiatrist and was impossible to engage in one-to-one with staff. The patient was started on a small dose of Zyprexa 2.5 mg at bedtime. Higher dose of 5 mg appeared to oversedate the patient. The patient responded nicely to the low dose of this atypical antipsychotic medication with much reduced mood lability, decreased paranoia and increased overall cooperation with treatment. The patient's ADLs were good. Appetite appeared to be very good. The patient had no overt psychotic symptoms.

The case was discussed on an ongoing basis with primary care physician, Dr. Gomes, with the patient's daughter, Dorothy Stanley, and healthcare proxy, Mr. Kelly. The patient's daughter was making plans to have the patient relocated to North Carolina. Bayview Inn Nursing Home refused to have the patient come back, and therefore, the patient was discharged to Sunbridge Nursing Home. She will be followed by Mr. Kelly who will continue arrangements with the patient's daughter to move the patient to North Carolina.

DISCHARGE DIAGNOSES: Axis I: Rule out paranoid delusional disorder.
        Rule out Alzheimer's dementia. Axis II: Deferred. Axis III: Cataracts.
        Hypertension.
        History of gastritis. Axis IV: Possible cognitive decline.
        Difficulties at the nursing home. Axis V: Current GAF - 45.

DISCHARGE MEDICATIONS:
1.  Zestril 20 mg p.o. q.a.m.
2.  Aricept 5 mg p.o. q.5 p.m.
3.  Zyprexa 2.5 mg p.o. q.h.s.
4.  Artificial tears 2 gtt. O.U. b.i.d.

DISPOSITION: The patient was discharged to Sunbridge Nursing Home. The patient will be followed by primary care physician, Dr. Ronald Gomes, and will be followed by healthcare proxy and power of attorney, Mr. Kelly.

DD: 01/22/2003 DT: 01/23/2003 TL/942/LF JOB:8041

Dictated by: Feinberg, Lilia MD
Signed by:

**Carney Hospital**
**Caritas Christi Health Care System**
2100 Dorchester Avenue
Boston, MA 02124-5666
(617) 296-4000

**Name:**
RUNGE,HELEN A
**Address:**
MARION MANOR
**City/State/Zip:** S.BOSTON,MA 02124
**Age:** 87  **Sex:** F
**Date of Birth:** 08/03/1915
**Att. MD:** MARKER,SEAN P. MD

403

**MR#:** CH00142337
**Acc#:** CH0005085873
**Admit Date:** 01/12/03
**Disch. Date:**

**Loc:** 4SE.CH
**Rm:** CH403**Bed:** 01

**Medical Records' copy**

---

## PSYCHIATRIC ADMISSION NOTES

---

> DATE OF ADMISSION: 1/12/03

HISTORY OF PRESENT ILLNESS: The patient is an 87-year-old Caucasian female with a history of treatment for depression who presents to the Carney Hospital Emergency Room brought in by ambulance, called by the assisted living facility where she lives. She was sent on January 9, 2003 for similar evaluation. According to those records, the patient was described as being increasingly agitated and angry. The patient reportedly drew up a long list of alternative nursing homes in which she could live. She stated that she had left her room locked and that her papers were missing when she returned resulting in her becoming angry and screaming. Nurse Bernice Garvey at BayView contacted the psychologist Stanley Alexander Ph.D. at Nova Psychiatric Services, who Section XII'd the patient based on staff documentation. She is currently living at the Marion Manor Nursing Home and had been assigned to live with a patient with advanced Alzheimer's disease. She reports having a difficult time with her roommate and transferred to her current placement but reports that she is not happy at the room and placement. At the end of her evaluation on January 9, the patient was found not to meet hospital level of care criteria and the BEST clinician contacted the patient's primary care physician who agreed with the clinician that the patient was not psychotic.

Dr. Gomes stated that he had not been thinking about prescribing antipsychotic medication and agreed that the patient should return to the placement where they could arrange for a transfer at a later date. However, the nursing home sent the patient for re-evaluation yesterday after continuing to exhibit paranoid ideation and complaining about people stealing her notes, money and ransacking her room. She also believes they are using her card to request medication for other patients. Otherwise, the patient denies depressed mood but states that she is angry with recent events. She denies any auditory or visual hallucinations or suicidal or homicidal ideation.

PAST PSYCHIATRIC HISTORY: The patient has no history of psychiatric treatment but her primary care provider, Dr. Ronald Gomes was prescribing her Paxil 20 mg q.a.m. and the patient reports compliance with this. She has no history of suicidal or homicidal behavior or a history of psychosis.

PAST MEDICAL HISTORY: The patient has a history of cataracts, hypertension, hearing loss, gastritis.

Her primary care physician is Dr. Ronald Gomes who saw her last Wednesday.

CURRENT MEDICATIONS: Current medications include Paxil 20 mg q.d. Lisinopril 20 mg q.d., Norvasc 5 mg q.d., HCTZ 25 mg q.d., ferrous sulfate 325 mg b.i.d., Colace 100 mg q.d. and Prednisolone ophthalmic suspension 1 drop to the left eye q.i.d. Although the patient indicates she has been compliant with medications, her medications are self administered at her facility.

PSYCHOSOCIAL HISTORY: The patient has been living in her current placement since October but reports she is not happy. She states she has been paying $3000 a month and is not receiving the services she needs. She is concerned because her room is sometimes open when she is out of the apartment. The patient is guarded about staff in the assisted living placement. She is retired from working from the computer area of Edison Company for 30 years. She denies any legal problems

Name: RUNGE,HELEN A
MR#: CH00142337
or any history of substance abuse.

MENTAL STATUS EXAM ON ADMISSION: The patient is pleasant and cooperative with the interview but becomes angry and frustrated when discussing recent events. Sensorium is clear and she is alert and oriented x 3. Affect is irritable with angry mood. Speech is spontaneous and of normal rate but loud volume. Thought process is generally coherent and organized. Thought content is preoccupied with possible paranoid delusions regarding her belongings at her assisted living facility. However she denies any auditory or visual hallucinations or suicidal or homicidal ideation. Cognition is grossly intact, while insight and judgment are limited as a result of her current mental state.

ASSESSMENT AND DIAGNOSES: AXIS     I. Adjustment disorder, rule out delusional disorder,
          paranoid. AXIS    II. Deferred. AXIS    III. History of cataracts, hypertension, hearing loss and
          gastritis. AXIS    IV. Difficult adjustment to current assisted living facility. AXIS    V. GAF on admission is 40.

INITIAL TREATMENT PLAN: The patient was admitted to the locked inpatient psychiatric unit 4 Southeast for containment of agitation and potential danger to self and others resulting from paranoid delusions. Previous treatment with Paxil 20 mg q.d. will be continued but any hypertensives ordered will be held pending medical consult due to low blood pressure. Risperdal 1 mg p.r.n. agitation was ordered but until staff at assisted living facility can be contacted regarding the patient's recent behavior. The nature of the patient's eye problem is also unclear and potential over use of steroid drops is of concern and may have contributed to agitated mental status. Otherwise the Unit will provide supportive group therapy and psychoeducation.

DD: 01/12/2003 DT: 01/12/2003 TL/976/SPM JOB:5762

Dictated by: MARKER, SEAN P. MD
Signed by:

**Carney Hospital**
**Caritas Christi Health Care System**
2100 Dorchester Avenue
Boston, MA 02124-5666
(617) 296-4000

**Name:**
RUNGE,HELEN A
**Address:**
MARION MANOR
**City/State/Zip:** S.BOSTON,MA 02124
**Age:** 87 **Sex:** F
**Date of Birth:** 08/03/1915
**Att. MD:** MARKER,SEAN P. MD

**MR#:** CH00142337
**Acc#:** CH0005085873
**Admit Date:** 01/12/03
**Disch. Date:** 01/22/03

**Loc:** 4SE.CH
**Rm:** CH403 **Bed:** 01

**Medical Records' copy**

---

# CONSULTATION

> DATE OF CONSULTATION:  01/22/03.

HISTORY OF THE PRESENT ILLNESS:  The patient is an 87-year-old female, a patient with Alzheimer's disease, who is complaining of blockage of both ears and a decrease in hearing.  She states this has been going on for several months and she has tried using ear drops without success.  She is not having any pain, drainage, vertigo or tinnitus. She does have a history of noise exposure, having worked in factories when she was younger.  There is no family history of hearing loss.

PHYSICAL EXAMINATION:  General:  Comfortable, cooperative woman in no acute distress.  HEENT:  Ears:  Small amount of cerumen in both canals, this was removed mechanically.  Once it was done it was noted that the canals were clear, the tympanic membranes were intact. Hearing was in the range of 45 decibels bilaterally with poor discrimination scores.  Nose:  Septum is midline, there were no polyps or purulence.  Mouth:  Oropharynx is clear, there are no masses or lesions.  Pharyngoscopy shows good movement of the vocal cords with no lesions.  Neck:  No adenopathy.

ASSESSMENT:
1.  Cerumen impaction.  This was removed.
2.  Sensory neural hearing loss.  The patient is now referred to audiology associates for evaluation of a hearing aid.

FOLLOW-UP:  She will followup with Dr. Reardon as needed in the future.

DD: 01/22/2003 DT: 01/22/2003 TL/939/ JOB:7891

cc: Edward J Reardon, MD

Dictated by: Taylor, Gary L MD
Signed by:

# CARITAS CARNEY HOSPITAL

CONSULTATION FOR

TO DR. Gomes

[illegible]TE Helen Rudolph

MR CH[illegible]

RUNGE, HELEN A

PLEASE SEE PATIENT IN REFERENCE TO:

| | | | | | |
|---|---|---|---|---|---|
| A. RENDER OPINION ONLY | YES | NO | D. FOLLOW PATIENT WITH ME | YES | NO |
| B. WRITE ORDERS AS YOU SEE FIT | YES | NO | | | |
| C. ASSUME CARE OF THIS PATIENT | YES | NO | | | |

SIGNED:

DATE TIME

FINDINGS: Asked to see patient. well known to me
87 y/o h/o HTN, GERD. anxiety. D/O
admitted to Maria Manor approx 1 yr ago
difficulty c̄ roommate. claimed people
stealing belongings. seeing "insects". (see notes from)
[illegible] transferred to assisted living facility
10/02 did well initially. started to complain
about cost of room. people stealing things
called 911 / elder service etc, etc

PMH as above med lasix 20mg / lisinopril 20mg qd
tenormin 3x / eye drops
allergies
Shx retired Edison worker, divorced. 1 daughter
(no tob, no ETOH)

PE thin, frail w/d VS
Skin no pallor, MMM chest clear
CV S1 S2 abd soft, NTND. neuro NAD no focal
Labs [illegible] 136 [illegible] 15 [illegible] BUN 1.48
#3 HTN continue lisinopril/norvasc.

Imp/Plan 87 y/o with chronic paranoia. disruptive behavior
c̄ ↑ severity sec evaluation / [illegible] low dose anti psychotic
R/o organic etiology. poor compliance to [illegible]
#2 h/o anemia iron def in the past
H 31.[illegible] will follow

SIGNED: [signature]

Use this side only

784-495000 NEW# 011276

# CARITAS CARNEY HOSPITAL

CONSULTATION FOR

TO DR. *Dr Kohn [illegible]*

CH00142337

RUNGE, HELEN A
MARKER, [illegible] P. MD

CH00142337

E, HELEN A
ER, [illegible] P. MD
EY ADM IN
7 YRS

PLEASE SEE PATIENT IN REFERENCE TO:

*Please evaluate (L) cheek lesion*
*? BCC*
*? Bx*

| | | | | |
|---|---|---|---|---|
| A. RENDER OPINION ONLY | YES | NO | D. FOLLOW PATIENT WITH ME | YES NO |
| B. WRITE ORDERS AS YOU SEE FIT | YES | NO | | |
| C. ASSUME CARE OF THIS PATIENT | YES | NO | | |

SIGNED: *[signature]*

*[illegible] PM*
*1/18/[illegible]*

DATE          TIME

FINDINGS: *87 y/o WF [illegible] with [illegible] tender spot on the left cheek, no history of trauma. PMH (R)*

*D: © thick approx 1-2 cm waxy plaque c inflamed skin*

*A: Irritated [illegible], most likely [illegible] tumor i.e. BCC*

*Rec: 1) Warm compresses tid x 20 min x 1 wk*
*2) Bacitracin [illegible] tid [illegible] compresses and cover with a [illegible] [illegible]*
*3) F/U in office 1 wk for re-evaluation*

SIGNED *[signature]*

Use this side only

784-495000          NEW# 011276

Caritas Christi Laboratory **LIVE**
Kevin B. Dole, M.D. - Director, Clinical Laboratories
Carney Hospital

PAGE:    1

**Discharged Patient Cumulative Report**

BATCH #17832

| PATIENT | SEX | AGE | DATE OF BIRTH | LOCATION | PRINT DATE |
|---|---|---|---|---|---|
| RUNGE,HELEN A | F | 87 | 08/03/1915 | CH403-01 | 01/22/03 @ 1905 |

| MED REC # / ACCT # | ADMIT DATE | DISCH DATE | ATTENDING DOCTOR |
|---|---|---|---|
| CH00142337 / CH0005085873 | 01/12/03 | 01/22/03 | MARKER, SEAN P. MD |

### HEMATOLOGY

| Date | 01/12/03 | Reference | Units |
|---|---|---|---|
| Time | 1109 | | |
| WBC | 5.1(a) | 4.5-9.5 | k/ul |
| RBC | 3.7 L | 4.2-5.4 | m/ul |
| HGB | 11.3 L | 12.0-16.0 | g/dl |
| HCT | 33.1 # L | 36-47 | % |
| MCV | 90 # | 81-99 | fl |
| MCH | 31 | 27-31 | pg |
| MCHC | 34 | 33-37 | g/dl |
| RDW | 12.8 L | 13.1-15.3 | % |
| PLT | 241 | 150-400 | k/ul |
| MPV | 8.7 | 8.5-9.9 | fl |
| POLY | 55 | 55-75 | % |
| LYMPH | 33 | 20-35 | % |
| MONO | 9 H | 0-6 | % |
| EOS | 2 | 0-6 | % |
| BASO | 1 | 0-2 | % |

### CHEMISTRY

| Date | 01/14/03 | 01/12/03 | Reference | Units |
|---|---|---|---|---|
| Time | 0600 | 1109 | | |
| GLUCOSE | | 85 | 70-108 | mg/dl |
| BUN | | 15 | 8-28 | mg/dl |
| CREA | | 1.2 | 0.4-1.2 | mg/dl |
| BUN/CREA RATIO | | 12.5 | 10-20 | |
| NA | | 136 | 135-145 | mmol/L |
| K | | 5.0 | 3.5-5.1 | mmol/L |
| CL | | 103 | 95-108 | mmol/L |
| CO2 | | 29.3 | 22-33 | mmol/L |
| ANION GAP | | 4 | 3-15 | mmol/L |
| CALCIUM | 9.3 | 9.4 | 8.5-10.5 | mg/dl |
| BILI,TOTAL | | 0.7 | 0.0-1.4 | mg/dl |
| ALK PHOS | | 80 | 30-115 | U/L |
| AST/SGOT | | 22 | 7-40 | U/L |
| ALT/SGPT | | 14 | 6-40 | U/L |
| ALBUMIN | | 3.4 | 3.0-5.0 | g/dl |
| ALB/GLOB RATIO | | 1.0 L | 1.1-1.8 | |

NOTES:  (a)  CBC CKD BLOOD WARMED BEFORE RESULTING

** CONTINUED ON NEXT PAGE **

MEDICAL RECORDS
CHART COPY

Caritas Christi Laboratory **LIVE**                         PAGE:      2
Kevin B. Dole, M.D. - Director, Clinical Laboratories
Carney Hospital
**Discharged Patient Cumulative Report**      BATCH #17832

| PATIENT | SEX | AGE | DATE OF BIRTH | LOCATION | PRINT DATE |
|---|---|---|---|---|---|
| RUNGE,HELEN A | F | 87 | 08/03/1915 | CH403-01 | 01/22/03 |
| | | | | | @ 1905 |

| MED REC #  / ACCT # | ADMIT DATE | DISCH DATE | ATTENDING DOCTOR |
|---|---|---|---|
| CH00142337 / CH0005085873 | 01/12/03 | 01/22/03 | MARKER,SEAN P. MD |

CHEMISTRY (CONT.)

| Date | 01/14/03 | 01/12/03 | | |
|---|---|---|---|---|
| Time | 0600 | 1109 | Reference | Units |
| PROTEIN,TOTAL | | 6.5 | 6.0-8.0 | g/dl |
| TSH | | 1.48 | 0.3-5.0 | uIU/ml |
| B12 | 353 | | 180-914 | pg/ml |
| IRON | 68 (b) # | | 50-170 | ug/dl |

SEROLOGY

| Date | 01/14/03 | | |
|---|---|---|---|
| Time | 0600 | Reference | Units |
| TRANSFERRIN | 212 | 192-382 | mg/dl |

NOTES:   (b)   PLEASE SUBMIT AN ADD ON REQUEST IF TRANSFERRIN TESTING
                DESIRED.   SPECIMENS ARE HELD FOR 7 DAYS.

** END OF REPORT **

MEDICAL RECORDS
CHART COPY

**CARNEY HOSPITAL**
**2100 DORCHESTER AVENUE**
**BOSTON MA 02124**

ADMISSION RECORD

| PATIENT NAME/ADDRESS | ACCOUNT NUMBER | | UNIT NO./MED. REC. NO |
|---|---|---|---|
| **RUNGE, HELEN A** | CH0005085873 | | CH00142337 |

| | ADM. TYPE | ROOM / BED | LOCATION | SERVICE | ADM PTY. | ADM SOURCE |
|---|---|---|---|---|---|---|
| MARION MANOR | ADM IN | CH403-01 | 4SE.CH | PSY | ER | EMR |

S.BOSTON,MA 02124

| DATE OF BIRTH | AGE | SEX | MAR. STAT. | RELIGION | AFFILIATION |
|---|---|---|---|---|---|
| 08/03/1915 | 87 | F | S | CATHOLIC | MOST PRECI |

PHONE (617)268-3333

SOC. SEC. NUMBER 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

| LANGUAGE | RACE | HEALTH CARE PROXY |
|---|---|---|
| ENGLISH | WH | NO,DOES NOT WANT INFO |

EMPLOYER RE

| GUARANTOR/ADDRESS | PERSON TO NOTIFY / ADDRESS | RELATIONSHIP |
|---|---|---|
| RUNGE,HELEN A | DUGHAN,DEBORAH | FO |
| MARION MANOR | 21 HIGHBECK STREET | |
| S.BOSTON,MA 02124 | DENNISPORT,MA 00000 | |
| PHONE (617)268-3333 | HOME PHONE (508)394-9041 OTHER PHONE | |

| | NEXT OF KIN | RELATIONSHIP |
|---|---|---|
| RELATIONSHIP SP | KELLY,WALTER | FR |
| GUAR. EMPLOY. RE | 1996 CENTER STREET | |
| | WEST ROXBURY,MA 00000 | |
| | HOME PHONE (617)327-4187 OTHER PHONE (617)323-7100 | |

INSURANCE

| PRI INS CO | SUBSCRIBER | POLICY NO. | GROUP NO. |
|---|---|---|---|
| Medicare A&B | RUNGE,HELEN A | 023051066A | |
| PRI INS ADDRESS | | | PRI INS PHONE NO |
| Claims - Box 9 | Quincy | MA 02169 | |
| 2ND INS CO | SUBSCRIBER | POLICY NO. | GROUP NO. |
| Medex | RUNGE,HELEN A | XXG008029612 | 602282413 |
| 2ND INS ADDRESS | | | 2ND INS PHONE NO |
| P.O. Box 9187 | N. QUINCY | MA 02171 | |
| 3RD INS CO | SUBSCRIBER | POLICY NO. | GROUP NO. |
| 3RD INS ADDRESS | | | 3RD INS PHONE NO |

| ATTENDING PHYS | ATT PHYS PHONE | REFERRING PHYS | REF PHYS PHONE |
|---|---|---|---|
| MARKER,SEAN P. MD | (617)296-4000X3554 | Kerman,Benjamin J MD | |
| PRIMARY CARE PHYS | PRIMARY PHYS PHONE | ARRIVAL MODE | |
| Gomes,Ronald F MD | EXT. 4580 | AM | |

REASON FOR VISIT
PSYCHOSIS - ANEMIA

COMMENT

| ADMIT DATE/TIME | SERVICE DATE | | SVC.PAT. | DISCHARGE DATE/TIME | USER |
|---|---|---|---|---|---|
| 01/12/03 0247 | | | N | | CAHANF02 |

ICD9-CM CODE NUMBER — FINAL DIAGNOSES

OPERATION: PROCEEDURE TREATMENT(S)

CONSULTATION

| DISCHARGE TO: | ACUTE | HOME HEALTH | | CHRONIC | REHAB | | CARNE' |
|---|---|---|---|---|---|---|---|
| ☐ HOME ☐ AMA | ☐ HOSPITAL ☐ PSYCH | ☐ VNA ☐ HOSPICE | | ☐ HOSPITAL | ☐ HOSPITAL ☐ SNF | ☐ TCU |

| | UNDER | OVER | | | | |
|---|---|---|---|---|---|---|
| EXPIRED: | ☐ 48 HOURS | ☐ 48 HOURS | AUTOPSY YES ☐ NO ☐ | MEDICAL EXAMINERS CASE ☐ | | |

DISCHARGE SUMMARY DICTATED:

ATTENDING PHYSICIAN:

DATE: _____ BY WHOM: _____

MEDICAL RECORDS  Script 11105  OP TO IP TRANS                    FORM 11

**Carney Hospital**
**Caritas Christi Health Care System**
2100 Dorchester Avenue
Boston, MA 02124-5666
(617) 296-4000

**Name:**
RUNGE,HELEN A
**Address:**
MARION MANOR
**City/State/Zip:** S.BOSTON,MA 02124
**Age:** 87 **Sex:** F
**Date of Birth:** 08/03/1915
**Att. MD:** MARKER,SEAN P. MD

403

**MR#:** CH00142337
**Acc#:** CH0005085873
**Admit Date:** 01/12/03
**Disch. Date:**

**Loc:** 4SE.CH
**Rm:** CH403 **Bed:** 01

Medical Records' copy

## PSYCHIATRIC ADMISSION NOTES

> DATE OF ADMISSION: 1/12/03

HISTORY OF PRESENT ILLNESS: The patient is an 87-year-old Caucasian female with a history of treatment for depression who presents to the Carney Hospital Emergency Room brought in by ambulance, called by the assisted living facility where she lives. She was sent on January 9, 2003 for similar evaluation. According to those records, the patient was described as being increasingly agitated and angry. The patient reportedly drew up a long list of alternative nursing homes in which she could live. She stated that she had left her room locked and that her papers were missing when she returned resulting in her becoming angry and screaming. Nurse Bernice Garvey at BayView contacted the psychologist Stanley Alexander Ph.D. at Nova Psychiatric Services, who Section XII'd the patient based on staff documentation. She is currently living at the Marion Manor Nursing Home and had been assigned to live with a patient with advanced Alzheimer's disease. She reports having a difficult time with her roommate and transferred to her current placement but reports that she is not happy at the room and placement. At the end of her evaluation on January 9, the patient was found not to meet hospital level of care criteria and the BEST clinician contacted the patient's primary care physician who agreed with the clinician that the patient was not psychotic.

Dr. Gomes stated that he had not been thinking about prescribing antipsychotic medication and agreed that the patient should return to the placement where they could arrange for a transfer at a later date. However, the nursing home sent the patient for re-evaluation yesterday after continuing to exhibit paranoid ideation and complaining about people stealing her notes, money and ransacking her room. She also believes they are using her card to request medication for other patients. Otherwise, the patient denies depressed mood but states that she is angry with recent events. She denies any auditory or visual hallucinations or suicidal or homicidal ideation.

PAST PSYCHIATRIC HISTORY: The patient has no history of psychiatric treatment but her primary care provider, Dr. Ronald Gomes was prescribing her Paxil 20 mg q.a.m. and the patient reports compliance with this. She has no history of suicidal or homicidal behavior or a history of psychosis.

PAST MEDICAL HISTORY: The patient has a history of cataracts, hypertension, hearing loss, gastritis.

Her primary care physician is Dr. Ronald Gomes who saw her last Wednesday.

CURRENT MEDICATIONS: Current medications include Paxil 20 mg q.d. Lisinopril 20 mg q.d., Norvasc 5 mg q.d., HCTZ 25 mg q.d., ferrous sulfate 325 mg b.i.d., Colace 100 mg q.d. and Prednisolone ophthalmic suspension 1 drop to the left eye q.i.d. Although the patient indicates she has been compliant with medications, her medications are self administered at her facility.

PSYCHOSOCIAL HISTORY: The patient has been living in her current placement since October but reports she is not happy. She states she has been paying $3000 a month and is not receiving the services she needs. She is concerned because her room is sometimes open when she is out of the apartment. The patient is guarded about staff in the assisted living placement. She is retired from working from the computer area of Edison Company for 30 years. She denies any legal problems

Name: RUNGE, HELEN A
MR#: CH00142337
or any history of substance abuse.

MENTAL STATUS EXAM ON ADMISSION: The patient is pleasant and cooperative with the interview but becomes angry and frustrated when discussing recent events. Sensorium is clear and she is alert and oriented x 3. Affect is irritable with angry mood. Speech is spontaneous and of normal rate but loud volume. Thought process is generally coherent and organized. Thought content is preoccupied with possible paranoid delusions regarding her belongings at her assisted living facility. However she denies any auditory or visual hallucinations or suicidal or homicidal ideation. Cognition is grossly intact, while insight and judgment are limited as a result of her current mental state.

ASSESSMENT AND DIAGNOSES: AXIS    I. Adjustment disorder, rule out delusional disorder, paranoid. AXIS    II. Deferred. AXIS    III. History of cataracts, hypertension, hearing loss and gastritis. AXIS    IV. Difficult adjustment to current assisted living facility. AXIS    V. GAF on admission is 40.

INITIAL TREATMENT PLAN: The patient was admitted to the locked inpatient psychiatric unit 4 Southeast for containment of agitation and potential danger to self and others resulting from paranoid delusions. Previous treatment with Paxil 20 mg q.d. will be continued but any hypertensives ordered will be held pending medical consult due to low blood pressure. Risperdal 1 mg p.r.n. agitation was ordered but until staff at assisted living facility can be contacted regarding the patient's recent behavior. The nature of the patient's eye problem is also unclear and potential over use of steroid drops is of concern and may have contributed to agitated mental status. Otherwise the Unit will provide supportive group therapy and psychoeducation.

DD: 01/12/2003 DT: 01/12/2003 TL/976/SPM JOB:5762

Dictated by: MARKER, SEAN P. MD
Signed by:

CARNEY HOSPITAL
MEDICATION ADMINISTRATION RECORD

**RUNGE, HELEN A**                                          CH403-01

PRIM DX:PSYCHOSIS - ANEMIA

RUN DATE-TIME: 01/15/03-0011

ADMIT DATE: 01/12/03

PHYSICIAN: MARKER,SEAN P. MD

FOOD ALLRGY:NONE

ACCT# CH0005085873  MR# CH00142337

AGE: 87       SEX: F        BSA:

HT:           WT:           IBW:

VERIFY: _____

ALLERGIES: NO KNOWN DRUG ALLERGIES

| | | 0701 | 1501 | 2301 |
|---|---|---|---|---|
| START | | 1500 | 2300 | 0700 |
| STOP | | | | |

****** PRN MEDICATIONS ******

| | | | 0701 1500 | 1501 2300 | 2301 0700 |
|---|---|---|---|---|---|
| 01/12 | MILK OF MAGNESIA                               (MOM)<br>30 ML     PO DAILY  (1 x 30 ML UNIT DOSE CUP) PRN<br>RX#00382831 | | | | |
| 01/12 | ACETAMINOPHEN                               (TYLENOL)<br>650 MG     PO Q4H   (2 x 325 MG TABLET) PRN<br>RX#00382832 | | | | |
| 01/12 | ALUMINUM/MAGNESIUM/SIMETH SUSP *BULK (MAALOX PLUS SUSP)<br>(150 ML BTL)<br>30 ML PO Q4H PRN<br>RX#00382833 | | | | |
| 01/13 | OLANZAPINE                               (ZYPREXA)<br>2.5 MG     PO Q4H  (1 x 2.5 MG TABLET) PRN<br>FOR AGITATION<br>RX#00383597 | | | | |

VERIFIED BY: _____

VERIFIED BY: _____

CARNEY HOSPITAL
MEDICATION ADMINISTRATION RECORD

PRIM DX:PSYCHOSIS - ANEMIA

RUNGE, HELEN A                                          CH403-01

RUN DATE-TIME: 01/15/03-0011
ADMIT DATE: 01/12/03
PHYSICIAN: MARKER,SEAN P. MD
FOOD ALLRGY:NONE

ACCT# CH0005085873  MR# CH00142337
AGE: 87        SEX: F        BSA:
HT:            WT:           IBW:
                            VERIFY:

ALLERGIES: NO KNOWN DRUG ALLERGIES

| | | 0701 | 1501 | 2301 |
|---|---|---|---|---|
| | | 1500 | 2300 | 0700 |
| START | | | | |
| STOP | | | | |

**\*\*\*\*\*\*\* SCHEDULED MEDICATIONS \*\*\*\*\*\*\***

| | | 0701 1500 | 1501 2300 | 2301 0700 |
|---|---|---|---|---|
| 01/12 | PAROXETINE HCL (PAXIL)<br>20 MG  PO QAM  (1 x 20 MG TABLET)<br>RX#00382826 | \*\*\*\* ON HOLD \*\*\*\* | | |
| 01/12 | LISINOPRIL (ZESTRIL)<br>20 MG  PO QAM  (1 x 20 MG TABLET)<br>RX#00382829 | 0900 | | |
| 01/13 | ARTIFICIAL TEARS OP SOLN \*BULK\* (DRY EYES)<br>(15 ML BTL)<br>2 DROPS TO EACH EYE BID<br>RX#00383438 | 0900 | 1700 | |
| 01/13 | DONEPEZIL HCL (ARICEPT)<br>5 MG  PO QPM  (1 x 5 MG TABLET)<br>RX#00383599 | | 2100 | |
| 01/14 | OLANZAPINE (ZYPREXA)<br>5 MG  PO HS  (1 x 5 MG TABLET)<br>RX#00384714 D/C | | 2100 | |
| 1/15 | Zyprexa 2.5 mg PO q HS<br><br>VERIFIED BY: _dcaulonR_ | | 2100 | |
| 1/15 | Warm compresses to (L) cheek lesion x 15 minutes PD. DRY.<br>+ APPLY Bacitracin c Bandaid<br>x 1 month<br>VERIFIED BY: _dcaulonR_ | 0900 1300 | 2100 | |

# CARNEY HOSPITAL
## MEDICATION ADMINISTRATION RECORD

PRIM DX:PSYCHOSIS - ANEMIA

**RUNGE, HELEN A**                                    CH403-01

RUN DATE-TIME: 01/15/03-0011
ADMIT DATE: 01/12/03
PHYSICIAN: MARKER,SEAN P. MD
FOOD ALLRGY:NONE

ACCT# CH0005085873  MR# CH00142337
AGE: 87        SEX: F        BSA:
HT:            WT:           IBW:
                            VERIFY:

ALLERGIES: NO KNOWN DRUG ALLERGIES

| START | | | 0701 | 1501 | 2301 |
|-------|---|---|------|------|------|
| STOP | | | 1500 | 2300 | 0700 |

####### SCHEDULED MEDICATIONS #######

| | | | 0701/1500 | 1501/2300 | 2301/0700 |
|---|---|---|---|---|---|
| 01/12 | PAROXETINE HCL          (PAXIL)<br>20 MG     PO QAM  (1 × 20 MG TABLET)<br>RX#00382826 | | **** ON HOLD **** | | |
| 01/12 | LISINOPRIL              (ZESTRIL)<br>20 MG     PO QAM  (1 × 20 MG TABLET)<br>RX#00382829 | | 0900 | | |
| 01/13 | ARTIFICIAL TEARS OP SOLN *BULK*  (DRY EYES)<br>(15 ML BTL)<br>2 DROPS TO EACH EYE BID<br>RX#00383438 | | 0900 | 1700 | |
| 01/13 | DONEPEZIL HCL           (ARICEPT)<br>5 MG     PO QPM  (1 × 5 MG TABLET)<br>RX#00383599 | | | 2100 | |
| 01/14 | OLANZAPINE              (ZYPREXA)<br>5 MG     PO HS   (1 × 5 MG TABLET)  D/C<br>RX#00384714 | | | 2100 | |
| 1/15 | Zyprexa 2.5 mg PO q HS<br><br>VERIFIED BY: _____ | | | 2100 | |
| 1/15 | Warm compresses to (L) check<br>lesion × 15 minutes TID. DRY<br>+ APPLY Bacitracin c BANDAID<br>× 1 month<br>VERIFIED BY: _____ | | 0900<br>1300 | 2100 | |

CARNEY HOSPITAL
MEDICATION ADMINISTRATION RECORD

**RUNGE, HELEN A**      CH403-01

PRIM DX:PSYCHOSIS - ANEMIA
RUN DATE-TIME: 01/15/03-0011
ADMIT DATE: 01/12/03
PHYSICIAN: MARKER,SEAN P. MD
FOOD ALLRGY:NONE

ACCT# CH0005085873   MR# CH00142337
AGE: 87    SEX: F     BSA:
HT:       WT:      IBW:
VERIFY:

ALLERGIES: NO KNOWN DRUG ALLERGIES

| | | 0701 1500 | 1501 2300 | 2301 0700 |
|---|---|---|---|---|
| START | | | | |
| STOP | | | | |

**\*\*\*\*\*\*\* PRN MEDICATIONS \*\*\*\*\*\*\***

| | | | | |
|---|---|---|---|---|
| 01/12 | MILK OF MAGNESIA          (MOM)<br>30 ML     PO DAILY   (1 x 30 ML UNIT DOSE CUP) PRN<br>RX#00382831 | | | |
| 01/12 | ACETAMINOPHEN          (TYLENOL)<br>650 MG    PO Q4H   (2 x 325 MG TABLET) PRN<br>RX#00382832 | | | |
| 01/12 | ALUMINUM/MAGNESIUM/SIMETH SUSP \*BULK (MAALOX PLUS SUSP)<br>(150 ML BTL)<br>30 ML PO Q4H PRN<br>RX#00382833 | | | |
| 01/13 | OLANZAPINE          (ZYPREXA)<br>2.5 MG    PO Q4H   (1 x 2.5 MG TABLET) PRN<br>FOR AGITATION<br>RX#00383597 | | | |
| | VERIFIED BY: _____ | | | |
| | VERIFIED BY: _____ | | | |

Page: 2 (FINAL PAGE

CONSULTATION FORM

# CARITAS CARNEY HOSPITAL

TO DR. Gomes

Helen Rudy

MR [ CH ] _____ 337

RUNGE, HELEN A

**PLEASE SEE PATIENT IN REFERENCE TO:**

| | | | | |
|---|---|---|---|---|
| A. RENDER OPINION ONLY | YES | NO | D. FOLLOW PATIENT WITH ME | YES NO |
| B. WRITE ORDERS AS YOU SEE FIT | YES | NO | | |
| C. ASSUME CARE OF THIS PATIENT | YES | NO | | |

SIGNED:

DATE                    TIME

**FINDINGS:** Asked to see patient. well known to me.
87 y/o h/o HTN, bad anxiety d/o
admitted to Maria Manor apprx 1 yr ago
difficulty c̄ roommate. claimed people
stealing belongings. seeing insects. (see notes from
PA) Transferred to assisted living facility
10/02 did well initially. started to complain
about cost of room. people stealing things
Called 911. elder service. etc, etc

meds as above    meds toprol 2somg / lisinopril 2omg qd
feso4 3id / eye drops
allergies
shy  retired library worker. divorced. 1 daughter

tbab  √ K0TX

... this... ws
Skin no rashes  ... chest clear
CV S1 S2 ... soft bruits. neuro A&O x focal

... 136 ... ... 1.48
... 53 ... ... ...

Plan  87 y/o with chronic paranoia. disruptive behavior
c̄ ... dec ... / low dose anti psychotic
R/o organic etiology  poor compliance to ...

#2 h/o anemia  ... use this side only
will follow

784-495000    NEW# 011276    √ B.?

CONSULTATION FORM

# CARITAS CARNEY HOSPITAL

CH00142337

TO DR. Dr Kaby West           CH00142337

RUNGE, HELEN A

PLEASE SEE PATIENT IN REFERENCE TO:

*Please evaluate (L) cheek lesion*
*? BCC*
*? Bx*

| | YES | NO | | YES | NO |
|---|---|---|---|---|---|
| A. RENDER OPINION ONLY | YES | NO | D. FOLLOW PATIENT WITH ME | YES | NO |
| B. WRITE ORDERS AS YOU SEE FIT | YES | NO | | | |
| C. ASSUME CARE OF THIS PATIENT | YES | NO | | | |

SIGNED: _____

DATE          TIME

FINDINGS: _____

SIGNED: _____

Use this side only

784-495000          NEW# 011276

# Tryon Medical Group, P.A.
### 25 Shields Drive
### Tryon, NC 28782

May 12, 2003

Dorothy H. Stanley
5 Stirrup Downs
Columbus, NC 28722

Mrs. Helen Runge was presented to me on May 7, 2003 for a physical examination. The examination included a full chemistry profile and a CBC. Mrs. Runge is an 87 year old woman recently arrived from Massachusetts.

The examination showed the patient to be in excellent health and requiring no medication. She was alert and cognition appeared to be intact. She claimed to have been asked to take medications at a nursing home in Massachusetts that she did not think she needed and refused them. She expressed great pleasure at being with her daughter in Columbus, NC and relieved to be away from the Massachusetts facility.

Robert M. Palmer, MD

# Tryon Medical Group, P.A.
### 25 Shields Drive
### Tryon, NC 28782

Dorothy H. Stanley                                   July 25, 2003
5 Stirrup Downs
Columbus, NC 28722

Dear Mrs. Stanley,

Mrs. Helen Runge was presented to me on May 7, 2003 for a physical examination. The examination included a full chemistry profile and a CBC. Mrs. Runge is an 87 year old woman recently arrived from Massachusetts. The examination showed the patient to be in excellent health and requiring no medication. She was alert and cognition was intact. She claimed to have been asked to take medications at a nursing home in Massachusetts that she did not think she needed and refused them. I prescribed no medication as none was indicated. I recommended that Mrs. Runge be examined by a geriatric psychiatrist to confirm my findings. Doctor B. Rhett Myers, a board certified psychiatrist evaluated Mrs. Runge. He confirmed my findings that Mrs. Runge is competent and able to make her own decisions.

I again examined Mrs. Runge on July 25, 2003. She had been to the Audiologist and had a new hearing aid. Her feet had been taken care of by a podiatrist. Her eye is under treatment by an ophthalmologist and her skin lesions have been evaluated by a dermatologist. In my opinion she is now receiving all the specialized health care she requires. She has adjusted well to her new surroundings and she obviously is happy to be with her family. Mrs. Runge is fairing very well without any medication and I prescribed none.

I have been asked to give my opinion on whether Mrs. Runge is capable of deciding where she wants to live and if she has the judgment to release the attorney that she had as a healthcare proxy and power of

attorney and appoint her daughter and son-in-law to perform those functions. In my opinion, she unquestionably has the mental capacity and judgment to make these decisions. She understands the decisions she has made and the impact on her life.

I am familiar with the requirements for guardianship in North Carolina for mentally incompetent patients and Mrs. Runge demonstrates a level of competency as to make a guardian completely unnecessary. She is an 87 year old lady and needs some physical assistance with her day-to-day life but has the capacity to decide what she does or doesn't need.

Robert M. Palmer, MD

# Upstate Psychiatry, P.A.

B. Rhett Myers, M.D.
Board Certified in Psychiatry
Board Certified in Addiction

Mario E. Galvarino, M.D.
Board Certified in Psychiatry

Frank B. Miller, M.D.
Board Certified in Psychiatry
Board Certified in Child  Adolescent Geriatric

Millard C. Trott, M.D.
Board Certified in Psychiatry

DATE: _5/30/05_

PATIENT: _Helen Runge_

SSN: _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_

DOB: _8/2/15_

To Whom It May Concern:

_Helen Runge_ _____ has been under my care for the following:
_Psychiatric evaluation for mental competency_
_on 5/30/05._

Remarks: _Mentally competent and able_
_to make decisions about financial affairs._
_Further psychiatric treatment is not_
_indicated at this time._

Sincerely,

_B Rhett Myers MD_

B. Rhett Myers, MD
Frank B. Miller, MD
Millard C. Trott, MD
Mario Galvarino, MD

**All Psychiatric Services • Adult, Child, Geriatric**

15 South Main St, Suite 502
Greenville, SC 29601
864-370-1700  1-800-297-PSYC (7792)
FAX 864-370-0904



**MERIDIAN** HEALTH ASSOCIATES
*On-Site Ancillary Care*

Han W. Dong, O.D., Optometry

June 5, 2003

Re: Helen Runge, D.O.B. 08/03/1915

Examination Date: February 25, 2003
Health Status: Depression, Paranoia
Medications: Zestril, Aricept, Zyprexa, Artificial Tears
Alert, Oriented, Cooperative
Vision Corrected:  O.D. +1.00 = -2.50 x 138, 20/50
                   O.S. +3.25 = -2.50 x 28, Finger Count @ 8'
Ocular Motility, Pupil Reflexes; normal limits
Slit Lamp; unremarkable
O.U.; PCIOL's, with O.S. capsular opacity
Fundus: Hazy Views; appears unremarkable for current condition
Tonometry: O.D. 15 , O.S. 15
Best Refraction: O.D. + .75 = - 2.00 x 145
                 O.S.  Unstable refraction results

Impression: S/P Cataracts, with O.S. hazy capsule
            Current glasses, satisfactory vision

Plan: Continue artificial tears
      Monitor/Follow Up six months

155 Old Town Way, Hanover, MA 02339 / Phone (800) 841-2843 / Fax (781) 681-9810

# Blue Ridge Laser Eye Associates

PAGE _1_

Thomas C. Perraut, M.D. • Michael J. Sowa, O.D. • Sara L. Lassiter, O.D.

Name: _Runge, Helen_    I.D. #: _15352_   Age _87_   Date: _6/3/03_

Referred By: _____    Allergies: NKA ☑  YES ☐

CC _N-CE (CoAG by Hx,_    MEDS: _B&L Tears - OU - TID-QID_

HPI    _MVI -_

PMH _1) needs new D-Rx, -taken from an abusive_

FH _Nursing home in Mass. - (kept glasses for P.Va)_

SH _2) readers are doing fine - reads alot_

ROS    _Readers_

Health History Dated    Today ☑

Tech. Initials: _BS_    Reviewed ☐

**Examination:**    Updated ☐

**W** _+1.75 + 2.75 X 058_
_+3.75 + 2.50 X 125_

**MR** _-0.75 + 1.50 X 060  20/50  + 3.25 NI_
_(+)1.50 + 0.50 X 180  20/70²  + 3.25 NI_

Ⓒ Ⓢ
RM

**V** _2-70/60 +²_  PH  _NV_
_20/200_    NSF ABN

GLARE/MIOSIS

Ⓒ S̄
**N** _J2(-3)_
_J3(-3)_
OD    OU    OS

ST _____

DIL _N @ 1112_ Ⓝ Ⓜ M M1/2 C

POSTERIOR SEGMENT

NSF ABN    OD    OU    OS

PUPILS ☐ ☐ _3.5_

EOMS ☐ ☐ _____

Fields Ⓒ Ⓐ ☐ ☐ _NL_    _✓ INQ_

Cross ☐ ☐    _X'cu_
Cover

External ☐ ☐ _____
ADNEXA

SLIT LAMP EXAMINATION

VIT ☐ ☐ _PVD_

DISC ☐ ☐ _0.4  √78  0.3_
CD ☐ ☐

V ☐ ☐

M ☐ ☐ _drusen RPE's  drusen RPE's_

P ☐ ☐ _lattice   poor view_
_infer_

Lids ☐ ☐ _2+ scaleu_    _2mm_
Lashes    _papilloma_
_LUL_

Tear Film ☐ ☐ _____

Conj. ☐ ☐ _____

Cornea ☐ ☐ _nom A1° BMD 1-2+ SPK_

A.C. ☐ ☐ _____

Iris ☐ ☐ _____

Lens ☐ ☐ _Icu cent_

P.C. ☐ ☐ _clear    2-3+ PCO_

@ _1058_    _1112_
**T** _8    17_
G    _8    17_
T _14_  TCP _14_
_using_

Oriented ☐ ☐ _____

Mood/Affect ☐ ☐ _____

IMPRESSION/MEDICAL DECISION MAKING:

_AMD - mild - discussed_
_PCO OS - discussed_
_Pseudophakia_

PLAN: COUNSELING & COORDINATION OF CARE

R.V. _4_ D W Ⓜ Y SFU LFU CE AG DIL

AM/PM IOP FIELDS REF MOT PDL OFC SURG.

ASC CB _____

MEDS: _art tears OU QID_
_systane 5amp  L40780F_
_exp 2/04_

LAB: _____

RX: _Holel_

NOTE: _will cont to watch ZOPG_
_now will hold off on drops_
_drops gtt it away_

R.R.: _May add gtts later. Can have_

L.V. _VAG OS if wants_

SCRIBE: _for TCP_

RV Date: _10-3-03 10:20_

# FOOT AND ANKLE CENTER OF THE CAROLINAS, P.A.

279 Shiloh Road, Forest City, NC 20843
Phone: 828-245-6405; Fax: 828-245-3923

37 Wilderness Road, Tryon, NC 28782
Phone: 828-859-5281; Fax: 828-859-6933

Jerry L. Gross, D.P.M.

Patient: RUNGE, HELEN
Date: 5/22/2003

Chief Complaint:
The patient presents to the office with the chief complaint of pain on the left hallux nail and all
nails are long.

Physical Exam:
The patient is female. She is 87 years old. Her date of birth is 8/3/15. Her height is 5' 2". The
patient weights 112 lbs. Her pulse is 54 beats/minute. The patient's blood presure is (R)
155/60, (L) 160/70. O2: 98%

The patient generally looks well developed and well nourished. Normally alert to person, place
and time. Mood: normal.

The skin of the feet is normal in appearance. The patient's vascular status is normal in both
feet. She has palpable pulses, both dorsalis pedis and posterior tibial, that are graded at 2/4.
The patient has no hair growth to both feet. The skin on the feet has a normal look, feel and
thickness. Temperature of the feet is cooler than normal. Capillary filling time is > 3 seconds.
No aneurysm was palpated in either popliteal spaces. There are no other signs that would
indicate a concern with the vascular status of the patient's feet and lower extremity.

The patient has abnormal sensation to the feet bilaterally. There is a abnormal response noted
to light touch, sharp/dull sensation, temperature change, and proprioception. Use of a
monofilament touch testing device shows abnormal responses dorsally and plantarly, bilat. She
reports no abnormal sensations or feeling to the ankles.
Shoe size: 9 1/2

Review of Systems:

Patient: RUNGE, HELEN        Date: 5/22/2003        Page: 2

Eyes: Cateracts
Ear, Nose, Throat and Mouth:  Has hearing aid
Hematological/Lymphatic: Anemia
Neurological :  Hypoesthetic feet
No other problem was noted in a review of systems with the patient.


Past, Family and Social History:
The patient has no known drug allergies.
The patient denies taking any prescription medications at this time.
The patient has had the following surgeries: Cataracts-1998, T&A
The patient is not diabetic.
Social history: non contributory.


Primary Care Physican: Robert Palmer, MD


Diagnosis:
Abcess toe        681.1   (L) Hallux, lateral aspect
Onychomycosis    110.1
Callous           700     Sub left 1st Met head


Treatment:
I discussed with the patient general issues about how to care for her feet given her current
condition and situation. I discussed nail care. Suggestions for what she might be able to do
were made.  Foot care as it relates to the current concern was also covered.

I opened the abcessed area by sharp dissection of devitalized or necrotic tissue to allow the
area to drain. Fluid was drained from the lesion.   ABx dressing applied.

The nails were debrided bilaterally with nail nippers and then ground with an electric grinder to
smooth the ends and reduce thickness.  A curette was used to clean gryphotic material from the
paronychial borders. Hyperkeratotic tissue noted above were debrided by sharp dissection
using a beaver chisel blade to get relief of pressure and/or pain. The patient is to return to the
office on an as needed basis for follow-up on this problem.  She was encouraged to call if there
are any questions or concerns.

JG

David A. Wagner, D.M.D.
P.O. Box 275
Columbus, NC 28722
(828) 894-8291

en A. Runge                                          Service Rendered: 09-03-2003
Stirrup Downs Lane
Columbus, NC 28722
Pat. SSN#: 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   DOB: 08-03-1915
Patient #: 07695

Family Balance Prior To This Visit Was:        0.00

| Procedure Code | Description | Tooth & Surface | Amount |
|------|------|------|------|
| D0210 | Intraoral - Complete Series (Including Bitewings) | -- | 74.00 |
| D2920 | Recement Crowns | 11 | 81.00 |

                                    Total This Visit:    155.00
                                    Plus Prior Balance:    0.00
                                    Less Check #140 Of:  155.00
                                                       =========
                                    New Family Balance:    0.00

Today's Charges           :      155.00
Primary Ins. Should Pay   :        0.00
Secondary Ins. Should Pay :        0.00
Patient Should Pay        :        0.00

------------------------------------------------------------
Doctor's Signature (If Required For Insurance)
TIN #: 680506030        License #: 5756

```
CILITY : THE BAY VIEW                              FACILITY  ID :
TIENT  : HELEN RUNGE              STATION :        CURRENT PATIENT STATUS : PVT   ADM. DATE : 11/18/02
X    ( ) : F                     ROOM    :         CARDHOLDER ID :                BIRTHDATE : 08/03/15
LER    : NO KNOWN ALLERGIES
*.DIAG : ANEMIA; IRON DEFICIENCY, UNSPECIFIED; PER- NICIOUS --CATARACTS
```

## PRESCRIPTION HISTORY
### FROM 10/01/02 THROUGH 06/11/03

| :# | ORIGINAL ORDER ORDER DATE | ORDER DATE | DISCON-TINUE DATE | NUMBER OF FILLS | MAX ALLOW REFILLS | DESCRIPTION | QTY | DIRECTIONS | PAT. STA TUS | PHYSICIAN NAME |
|---|---|---|---|---|---|---|---|---|---|---|
| 767966 | 11/18/02 | 02/20/03 | | 4 | 5 | LISINOPRIL (IC:ZESTRIL) 20MG TABLET | 31 | 1 TAB BY MOUTH EVERY DAY | PVT | RONALD GOMEZ |
| 767967 | 11/18/02 | 02/20/03 | | 4 | 5 | NORVASC 5MG TABLET | 31 | 1 TAB BY MOUTH EVERY DAY | PVT | RONALD GOMEZ |
| 767968 | 11/18/02 | 02/20/03 | | 3 | 5 | PAXIL (PAROXETINE) 20MG TABLET | 31 | 1 TAB BY MOUTH EVERY DAY | PVT | RONALD GOMEZ |
| 767971 | 11/18/02 | 02/20/03 | | 4 | 5 | DSS (IC COLACE) 100MG CAPSULE | 31 | 1 CAP BY MOUTH EVERY DAY | PVT | RONALD GOMEZ |
| 767972 | 11/18/02 | 02/20/03 | | 4 | 5 | FERROUS SULFATE 325MG TABLET | 62 | 1 TAB BY MOUTH TWICE DAILY | PVT | RONALD GOMEZ |
| 768( ) | 11/19/02 | 11/19/02 | 12/04/02 | 1 | 5 | MILK OF MAGNESIA LIQUID | 360 | 30CC BY MOUTH EVERY 4 HOURS TO EVERY 6 HOURS AS NEEDED | PVT | RONALD GOMEZ |
| 768356 | 11/19/02 | 11/19/02 | | 1 | 11 | ACETAMINOPHEN (IC:TYLENOL ) 325MG TABLET | 50 | 1 TAB OR 2 BY MOUTH EVERY 6 HOURS AS NEEDED | PVT | RONALD GOMEZ |
| 768357 | 11/19/02 | 11/19/02 | | 1 | 11 | TEARS NB(IC:TEARS NATURALE) DROPS | 15 | PLACE 1 DROP IN EYES TWICE DAILY AS NEEDED | PVT | RONALD GOMEZ |
| 771694 | 12/03/02 | 12/03/02 | | 1 | 0 | PREDNISOLONE ACETATE 1% SUSPENSION | 5 | 1-DROP LEFT EYE FOUR TIMES DAILY | PVT | RONALD GOMEZ |
| 771957 | 11/19/02 | 12/04/02 | | 1 | 5 | MILK OF MAGNESIA LIQUID | 360 | 30CC BY MOUTH EVERY 4 HOURS TO EVERY 6 HOURS AS NEEDED | PVT | RONALD GOMEZ |

GOMEZ (handwritten)
2100 DORCHESTER AVE
Dorchester Center, MA 12124
617-296-4000
Ext- 4900

PATIENT BILLING SUMMARY REPORT
From: PELHAM HEALTH CARE SERVICES CORP - 12 PLEASANT STREET - BROOKLINE, MA 02446
For: HELEN A RUNGE (Facility: THE BAY VIEW)
For Order Dates From 10/01/2002 Through 05/01/2003

| ORDER DATE | BILL DATE | ORDER NUMBER | ITEM DESCRIPTION | BRAND/ GENERIC | RX/ OTC | NEW/ REFILL | RESPONSIBLE PARTY | PATIENT STATUS | QUANTITY | DAYS SPLY | BILLED AMT TAX AMT | PHYSICIAN NAME DEA NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/18/02 | 11/18/02 | R767966 | LISINOPRIL (IC:ZESTRIL) 20MG TABLET NDC: 00172376070 AUTH: 5CFEPME | GENERIC | RX | NEW | 4 | PRIVATE PAID | 32 | 32 | 24.06 0.00 | GOMEZ RONALD BG1926356 |
| 11/18/02 | 11/18/02 | R767967 | NORVASC 5MG TABLET NDC: 00069153068 AUTH: 5CFEQFR | BRAND | RX | NEW | 4 | PRIVATE PAID | 32 | 32 | 36.40 0.00 | GOMEZ RONALD BG1926356 |
| 11/18/02 | 11/18/02 | R767968 | PAXIL (PAROXETINE) 20MG TABLET NDC: 00029321120 AUTH: 3EDXLND | BRAND | RX | NEW | 4 | PRIVATE PAID | 32 | 32 | 74.63 0.00 | GOMEZ RONALD BG1926356 |
| 12/03/02 | 12/03/02 | R771694 | PREDNISOLONE ACETATE 1% SUSPENSION NDC: 61314063705 AUTH: 3E3WMM9 | GENERIC | RX | NEW | 4 | PRIVATE PAID | 5 | 14 | 10.96 0.00 | GOMEZ RONALD BG1926356 |
| 12/20/02 | 12/22/02 | R767966 | LISINOPRIL (IC:ZESTRIL) 20MG TABLET NDC: 00172376070 AUTH: 3FWE3TF | GENERIC | RX | REFILL | 4 | PRIVATE PAID | 31 | 31 | 28.81 0.00 | GOMEZ RONALD BG1926356 |
| 12/20/02 | 12/22/02 | R767967 | NORVASC 5MG TABLET NDC: 00069153068 AUTH: 3FWE3TH | BRAND | RX | REFILL | 4 | PRIVATE PAID | 31 | 31 | 35.13 0.00 | GOMEZ RONALD BG1926356 |
| 02/20/03 | 02/20/03 | R767968 | PAXIL (PAROXETINE) 20MG TABLET NDC: 00029321120 AUTH: 5HCKPRF | BRAND | RX | REFILL | 4 | PRIVATE PAID | 28 | 28 | 66.26 0.00 | GOMEZ RONALD BG1926356 |
| | | | | | | | | *** | | | 276.25 | |
| | | | | | | | | *** | | | 276.25 | |
| 11/18/02 | 11/30/02 | R767966 | LISINOPRIL (IC:ZESTRIL) 20MG TABLET NDC: 00172376070 AUTH: 5CFEPME | GENERIC | RX | REFILL | 5526 RUNGE | PRIVATE | 32 | 32 | 4.00 0.00 | GOMEZ RONALD BG1926356 |
| 11/18/02 | 11/30/02 | R767967 | NORVASC 5MG TABLET NDC: 00069153068 AUTH: 5CFEQFR | BRAND | RX | REFILL | 5526 RUNGE | PRIVATE | 32 | 32 | 6.00 0.00 | GOMEZ RONALD BG1926356 |
| 11/18/02 | 11/30/02 | R767968 | PAXIL (PAROXETINE) 20MG TABLET NDC: 00029321120 AUTH: 3EDXLND | BRAND | RX | REFILL | 5526 RUNGE | PRIVATE | 32 | 32 | 6.00 0.00 | GOMEZ RONALD BG1926356 |
| 11/18/02 | 11/30/02 | R767971 | DSS (IC COLACE) 100MG CAPSULE NDC: 00364011302 | GENERIC | RX | NEW | 5526 RUNGE | PRIVATE | 32 | 32 | 3.20 0.00 | GOMEZ RONALD BG1926356 |
| 11/18/02 | 11/30/02 | R767972 | FERROUS SULFATE 325MG TABLET NDC: 00182402810 | GENERIC | RX | NEW | 5526 RUNGE | PRIVATE | 64 | 32 | 6.40 0.00 | GOMEZ RONALD BG1926356 |
| 11/19/02 | 11/30/02 | R768355 | MILK OF MAGNESIA LIQUID NDC: 00904078814 | GENERIC | OTC | NEW | 5526 RUNGE | PRIVATE | 360 | 31 | 4.73 0.23 | GOMEZ RONALD BG1926356 |
| 11/19/02 | 11/30/02 | R768356 | ACETAMINOPHEN (IC:TYLENOL) 325MG TABLET NDC: 50844010416 | GENERIC | OTC | NEW | 5526 RUNGE | PRIVATE | 50 | 31 | 5.25 0.25 | GOMEZ RONALD BG1926356 |

PATIENT BILLING SUMMARY REPORT
From: PELHAM HEALTH CARE SERVICES CORP - 12 PLEASANT STREET - BROOKLINE, MA 02446
For: HELEN A RUNGE (Facility: THE BAY VIEW)
For Order Dates From 10/01/2002 Through 05/01/2003

| RDER... ATE | BILL.... DATE | ORDER... NUMBER | ITEM DESCRIPTION......... | BRAND/ GENERIC | RX/ OTC | NEW/ REFILL | RESPONSIBLE PARTY | PATIENT STATUS | QUANTITY | DAYS SPLY | BILLED AMT TAX AMT | PHYSICIAN NAME DEA NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/19/02 | 11/30/02 | R768357 | TEARS NB(IC:TEARS NATURALE) DROPS NDC: 00904501835 | GENERIC | OTC | NEW | 5526 RUNGE | PRIVATE | 15 | 31 | 4.73 0.23 | GOMEZ RONALD BG1926356 |
| 2/03/02 | 12/31/02 | R771694 | PREDNISOLONE ACETATE 1% SUSPENSION NDC: 61314063705 AUTH: 3E3WMM9 | GENERIC | RX | REFILL | 5526 RUNGE | PRIVATE | 5 | 14 | 4.00 0.00 | GOMEZ RONALD BG1926356 |
| 2/04/02 | 12/31/02 | R771957 | MILK OF MAGNESIA LIQUID NDC: 00904078814 | GENERIC | OTC | NEW | 5526 RUNGE | PRIVATE | 360 | 31 | 4.73 0.23 | GOMEZ RONALD BG1926356 |
| 2/20/02 | 12/31/02 | R767971 | DSS (IC COLACE) 100MG CAPSULE NDC: 00364011302 | GENERIC | RX | REFILL | 5526 RUNGE | PRIVATE | 31 | 31 | 3.10 0.00 | GOMEZ RONALD BG1926356 |
| 2/20/02 | 12/31/02 | R767972 | FERROUS SULFATE 325MG TABLET NDC: 00182402810 | GENERIC | RX | REFILL | 5526 RUNGE | PRIVATE | 62 | 31 | 6.20 0.00 | GOMEZ RONALD BG1926356 |
| 2/20/02 | 12/31/02 | R767966 | LISINOPRIL (IC:ZESTRIL) 20MG TABLET NDC: 00172376070 AUTH: 3FWE3TF | GENERIC | RX | REFILL | 5526 RUNGE | PRIVATE | 31 | 31 | 4.00 0.00 | GOMEZ RONALD BG1926356 |
| 2/20/02 | 12/31/02 | R767967 | NORVASC 5MG TABLET NDC: 00069153068 AUTH: 3FWE3TH | BRAND | RX | REFILL | 5526 RUNGE | PRIVATE | 31 | 31 | 6.00 0.00 | GOMEZ RONALD BG1926356 |
| 1/20/03 | 01/31/03 | R767966 | LISINOPRIL (IC:ZESTRIL) 20MG TABLET NDC: 00172376070 | GENERIC | RX | REFILL | 5526 RUNGE | PRIVATE | 31 | 31 | 32.81 0.00 | GOMEZ RONALD BG1926356 |
| 1/20/03 | 01/31/03 | R767967 | NORVASC 5MG TABLET NDC: 00069153068 | BRAND | RX | REFILL | 5526 RUNGE | PRIVATE | 31 | 31 | 41.13 0.00 | GOMEZ RONALD BG1926356 |
| 1/20/03 | 01/31/03 | R767968 | PAXIL (PAROXETINE) 20MG TABLET NDC: 00029321120 | BRAND | RX | REFILL | 5526 RUNGE | PRIVATE | 31 | 31 | 78.18 0.00 | GOMEZ RONALD BG1926356 |
| 1/20/03 | 01/31/03 | R767971 | DSS (IC COLACE) 100MG CAPSULE NDC: 00364011302 | GENERIC | RX | REFILL | 5526 RUNGE | PRIVATE | 31 | 31 | 3.10 0.00 | GOMEZ RONALD BG1926356 |
| 1/20/03 | 01/31/03 | R767972 | FERROUS SULFATE 325MG TABLET NDC: 00182402810 | GENERIC | RX | REFILL | 5526 RUNGE | PRIVATE | 62 | 31 | 6.20 0.00 | GOMEZ RONALD BG1926356 |
| 2/20/03 | 02/28/03 | R767966 | LISINOPRIL (IC:ZESTRIL) 20MG TABLET NDC: 00172376070 | GENERIC | RX | REFILL | 5526 RUNGE | PRIVATE | 28 | 28 | 29.92 0.00 | GOMEZ RONALD BG1926356 |
| 2/20/03 | 02/28/03 | R767967 | NORVASC 5MG TABLET NDC: 00069153068 | BRAND | RX | REFILL | 5526 RUNGE | PRIVATE | 28 | 28 | 38.62 0.00 | GOMEZ RONALD BG1926356 |
| 2/20/03 | 02/28/03 | R767971 | DSS (IC COLACE) 100MG CAPSULE NDC: 00364011302 | GENERIC | RX | REFILL | 5526 RUNGE | PRIVATE | 28 | 28 | 2.80 0.00 | GOMEZ RONALD BG1926356 |
| 2/20/03 | 02/28/03 | R767972 | FERROUS SULFATE 325MG TABLET NDC: 00182402810 | GENERIC | RX | REFILL | 5526 RUNGE | PRIVATE | 56 | 28 | 5.60 0.00 | GOMEZ RONALD BG1926356 |
| 2/2 | 02/28/03 | R767968 | PAXIL (PAROXETINE) 20MG TABLET NDC: 00029321120 AUTH: 5HCKPRF | BRAND | RX | REFILL | 5526 RUNGE | PRIVATE | 28 | 28 | 7.30 0.00 | GOMEZ RONALD BG1926356 |

P A T I E N T   B I L L I N G   S U M M A R Y   R E P O R T
From: PELHAM HEALTH CARE SERVICES CORP - 12 PLEASANT STREET - BROOKLINE, MA 02446
For: HELEN A RUNGE (Facility: THE BAY VIEW)
For Order Dates From 10/01/2002 Through 05/01/2003

| DER... | BILL.... | ORDER... | ITEM DESCRIPTION......... | BRAND/ GENERIC | RX/ OTC | NEW/ REFILL | RESPONSIBLE PARTY | PATIENT STATUS | QUANTITY | DAYS SPLY | BILLED AMT TAX AMT | PHYSICIAN NAME DEA NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TE | DATE | NUMBER | | | | | | *** | | | 314.00 | |
| | | | | | | | | | | | 314.00 | |
| | | | | | | | *** | | | | 590.25 | |

***

**BlueCross BlueShield**
of Massachusetts

# MEDEX CLAIM SUMMARY

000091219

PAGE    1 OF

This notice explains how we processed your claims; it is not a bill. Please look this over carefully. On the back, we've explained what you should do if you have any questions or disagree with how we processed your claims. Please keep this for your tax and medical records.

| PROVIDER/ SERVICES | DATES OF SERVICE | UNITS | AMOUNT CHARGED | MEDICARE ALLOWED | MEDEX ALLOWED | YOUR COINS | BENEFITS | YOUR BALANCE | M C |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | MEDEX CLAIM #: 3003305371800 | | | |
| | | | | | | MEDICARE CLAIM #: 3227450630000 | | | |
| PROVIDER: BLUE RIDGE EYE LASER EYE A OUTPATIENT SURGERY | 11/12/03-11/12/03 | | 219.00 | 201.46 | 40.29 | 0.00 | 40.29 | 17.54 | A |
| | TOTAL -- | | 219.00 | 201.46 | 40.29 | 0.00 | 40.29 | 17.54 | A |

A - EXCEPT WHERE PROHIBITED BY STATE LAW, PROVIDERS LOCATED OUTSIDE OF MASSACHUSETTS, WHO DO NOT ACCEPT MEDICARE ASSIGNMENT, MAY BILL YOU FOR UP TO 15% ABOVE THE MEDICARE ALLOWED AMOUNT. (2801)
B - MEDICARE PAYS FIRST ON THESE SERVICES. BLUE CROSS AND BLUE SHIELD THEN MAKES PAYMENT AS YOUR SECONDARY PAYER. THE ABOVE AMOUNT REPRESENTS OUR COVERAGE ON THIS CLAIM. (2802)

| | GRAND TOTAL -- | | 219.00 | 201.46 | 40.29 | 0.00 | 40.29 | 17.54 | |

| ID NUMBER/ HIC NUMBER | MEMBER NAME | DATE |
|---|---|---|
| XXA008Q29612 023051066A | HELEN A RUNGE | 12/12/03 |

B21
HELEN A RUNGE
C/O DOROTHY STANLEY
5 STIRRUP DOWNS
COLUMBUS NC 28722-9574

## Tryon Family Physicians, PA

| SERVICE DATE | DESCRIPTION OF TRANSACTIONS | CHARGES | INSURANCE PAYMENTS | INSURANCE ADJUSTMENT | PATIENT PAYMENTS | BALANCE |
|---|---|---|---|---|---|---|
| Helen Runge (GC005190) Robert Palmer M.D. | | | | | | |
| 11/05/05 | Inv # 23278 (HDC) | | | | | |
| | V04.81 Influenza vaccine, with a visit | | | | | |
| 11/05/05 | 99211 Office Visit, Estab, Level 1 | $27.00 | | | | |
| 11/05/05 | 90658 Flu vaccine, 3 yrs, im | $15.00 | | | | |
| 11/05/05 | G0008 Administration of Influenza Virus Vaccine | $5.00 | | | | |
| | Patient Due | | | | | $3.86 |
| | | | | | | |
| Helen Runge (GC005190) Robert Palmer M.D. | | | | | | |
| 11/07/05 | Inv # 23336 (HDC) | | | | | |
| | V03.82 Streptococcus pneumoniae [pneumococcus] | | | | | |
| 11/07/05 | 99211 Office Visit, Estab, Level 1 | $27.00 | | | | |
| 11/07/05 | 90732 Pneumococcal vaccine | $18.62 | | | | |
| 11/07/05 | G0009 Administration of Pneumonia Vaccine | $7.00 | | | | |
| | Ins Pending - Pat Copay Due: $0.00 | | | | | $52.62 |

Please call our office with any billing questions. 828-894-3494.

| CURRENT | 31 TO 60 DAY | 61 TO 90 DAY | 91 TO 120 DAY | OVER 120 DAY | | PLEASE PAY THIS AMOUNT | $3.86 |
|---|---|---|---|---|---|---|---|
| $0.00 | $56.48 | $0.00 | $0.00 | $0.00 | | PENDING INSURANCE | $52.62 |
| STATEMENT DATE | LAST PAYMENT DATE | ACCOUNT NO | | | | ACCOUNT BALANCE | $56.48 |
| 12/17/2005 | 04/14/2005 | RUNHEL0001 | | | | | |

Please make checks payable to Tryon Family Physicians, PA

UE RIDGE LASER EYE ASSOCIATE            PHONE #: 828-894-3037
2 HOSPITAL DRIVE                        FED ID#: 56-1370288
LUMBUS, NC  28722                       # DOCTOR                IDH
                                        3 MICHAEL J. SOWA, O.D.


    MRS HELEN A RUNGE
    5 STIRRUP DOWNS LANE
    COLUMBUS, NC  28722


                                    01-53-52      40.29   11/19/03   1
                                    ACCOUNT#     AMT DUE    DATE    PG

DATE    DIAG   CPT/MOD SERVICE/PROCEDURE        DR NAME    LOC   AMOUNT  BALANCE
CR
12                      PREVIOUS BALANCE                          219.00   219.00
/19/03  366.53  99024   POST-OP              3 HELEN A 11     .00   219.00
/19/03  366.53  92015   REFRACTION           3 HELEN A 11   28.00   247.00
/19/03                  PAYMENT, BRE PERSONAL C  3 HELEN A 11  -28.00   219.00
                        CHARGES PENDING INSURANCE           -178.71    40.29

                    ck# 171

                    28.00

                    11.29.03


    40.29        .00        .00        .00        .00                    40.29
  CURRENT    OVER 30    OVER 60    OVER 90   OVER 120                   AMT DUE

 PLEASE PAY BALANCE DUE

                                                        ( pending
                                                          insurance )

# FOOT AND ANKLE CENTER OF THE CAROLINAS, P.A.

| CPT | PROCEDURE | ICD-9 REF # | CPT | PROCEDURE | ICD-9 REF # | CPT | PROCEDURE |
|---|---|---|---|---|---|---|---|
| **EVALUATION/MANAGEMENT - 600** | | | | **NAIL SURGERY - 200** | | L3030 | Medically Necessary Ortho Supports |
| 99201 | 99211 O/V Focused (10) | | 11730 | Avulsion (Partial/Total) | | L3040 | Pre-Fabricated Orthotics Supports |
| 99202 | 99212 O/V Expanded (20) | | 11720 | Debridement Mycotic Nails (1-5) | | 99070 | Miscellaneous |
| 99203 | 99213 O/V Detailed (30) | | 11721 | Debridement Mycotic Nails (6-10) | | A5500 | Therapeutic Shoes |
| 99204 | 99214 O/V Comp. I (45) | | G0127 | Debride Dystrophic Nails | | A5509 | Molded Inserts |
| 99205 | 99215 O/V Comp. II (60) | | 11719 | Trim Nondystrophic Nails | | A6248 | Amerigel Wound Dressing |
| 99002 | 99002 Orthotic Fitting | | 11750 | Excision Nail & Matrix (Permanent) | | | |
| 99024 | 99024 Post-Op Visit | | 11740 | I&D Hematoma | | | |
| 95831 | Gait Analysis | | | | | | |
| | | | | **SKIN SURGERY** | | | **PHYSICAL THERAPY** |
| | **RADIOLOGY - 500** | | 11000 | Debride Necrotic/Infected Sk | | 97128 | Ultrasound |
| 73600 | X-Rays - Ankle, Left | | 11100 | Biopsy - Soft Tissue | | 97140 | Compression Therapy |
| 73600 | X-Rays - Ankle, Right | | 17000 | Destruct Wart 1 | | 97601 | Removal of Devitalized Tissue |
| 73620 | X-Rays - Foot (2 Views), Left | | 17003 | Destruct Wart 2-14 | | 97001 | Physical Therapy Evaluation |
| 73620 | X-Rays - Foot (2 Views), Right | | 17004 | Destruct Wart > 15 | | 97026 | Infrared |
| 73630 | X-Rays - Foot (3 Views), Left | | 11055 | Paring 1 Benign Lesion | | 97001 | Gait/Balance Assessment |
| 73630 | X-Rays - Foot (3 Views), Right | | 11056 | Paring 2-4 Benign Lesions | | 97110 | Therapeutic Exercise |
| | | | 11057 | Paring > 4 Benign Lesions | | 97112 | Balance Training |
| | **CASTING/SPLINTING - 200** | | 11040 | Debride Ulcer (partial thick) | | 97116 | Gait Training |
| 29405 | Below Knee Cast | | 11041 | Debride Ulcer (full thick) | | | |
| 29425 | W B Cast | | 11042 | Skin/subcutaneous tissue | | NEXT APPOINTMENT: | |
| 29515 | Short Leg Splint | | 11420 | Exc. Benign Lesion (<0.5cm) | | | |
| 29580 | Unna Boot | | 11421 | Exc. Benign Lesion (0.6-1.0cm) | | Days ___ Weeks ___ Months _2_ PRN ___ |
| 29540 | Strapping/Foot Splint (Flex) Left | | 11422 | Exc. Benign Lesion (1.1-2.0cm) | | | |
| 29540 | Strapping/Foot Splint (Flex) Right | | 11423 | Exc. Benign Lesion (2.1-3.0cm) | | **PATIENT INFORMATION** | |
| 29550 | Strapping (Toes) | | 11424 | Exc. Benign Lesion (<3.1cm) | | | |
| L1970 | AFO Fiberglass | | 10060 | I&D Abscess/Fissure | | | |
| L4360 | Pneumatic Walker | | 10061 | I&D Abscess, Complic. | | Excuse | |
| L4350 | Pneumatic Ankle Brace | | 10120 | Removal Foreign Body - Simple | | | |
| L1906 | Airsport | | A9270 | Foot Care - Non-covered | | | |
| L1902 | Airheel | | | **BONE SURGERY - 200** | | | |
| Q4038 | Casting / Fiberglass | | 28820 | Amputation - Toe | | | |
| Q4037 | Casting / Plaster | | 28296 | Bunion Correction with Osteotomy | | | |
| | | | 28292 | Bunionectomy | | | |
| | **FRACTURE CARE - 200** | | 28261 | Capsulotomy with Tendon Length | | | |
| 28510 | Digital | | 28260 | Cheilectomy | | | |
| 28490 | Hallux | | 28122 | Exc. Bone Tarsal/Metatarsal | | | |
| 28470 | Metatarsal | | 28090 | Exc. Ganglion Cyst | | | |
| 28530 | Sesamoid | | 28080 | Exc. Neuroma | | | |
| 28450 | Tarsal Bone | | 28124 | Hallux, Exostectomy | | | |
| | | | 28285 | Hammertoe Correction | | | |
| 76880 | DX ULTRASOUND | | 28293 | Joint Implant | | | |
| 93923 | Non-invasive Vascular multi | | 28725 | MBA S-T Implant | | | |
| 95909 | Conduction Study | | 28308 | Metatarsal Osteotomy | | | |
| | **INJECTIONS - 200** | | 28300 | Osteotomy Calcaneus | | | |
| 20600 | Arthrocentesis - Small Joint | | 28124 | Partial Ostectomy | | | |
| 20605 | Arthrocentesis - Int. Joint | | 28008 | Plantar Fascia Release | | | |
| 20550 | Tendon Sheath | | 28060 | Plantar Fibromatosis (Part Radical) | | | |
| J0702 | Celeston Soluspan | | 28315 | Sesamoidectomy | | | |
| J1100 | Dexamethasone Sod. Phosphate | | 64784 | Excision Nerve - Not Sciatic | | | |
| J3300 | Triamcinolone (80mg) | | 64708 | Neuroplasty, major peri. nerve, leg | | | |
| 64450 | Nerve Block | | | | | | |
| 64640 | Dest. By Neurolytic agent | | | | | | |

DATE: 12-18-03    TIME   PATIENT: Helen Runge    REASON    PRIOR BALANCE

TICKET NO.   DR.#   DOCTOR    LOCATION    D.O.B.    TODAY'S CHARGE

PATIENT NO.   RESPONSIBLE PARTY    PH#    REFERRING DR.    ADJUSTMENTS

SEX M F   ADDRESS    CITY/STATE    ZIP CODE

OVER 90   OVER 60   OVER 30   CURRENT   TOTAL DUE   PT   BC   CS   PAY CHOICE   TODAY'S PAYMENT: 47.00

INSURANCE COMPANY    BA SCT POLICY I.D.    RELATIONSHIP TO INSURED: SELF SPOUSE CHILD OTHER    **BALANCE DUE**

I hereby authorize my insurance benefits to be paid directly to the above sig physician, realizing I am responsible to pay non-covered services and I authorize the release of pertinent medical information to insurance carriers.

Patient Signature

## BlueCross BlueShield of Massachusetts

# MEDEX CLAIM SUMMARY

000078885

PAGE  1 OF  1

This notice explains how we processed your claims; it is not a bill. Please look this over carefully. On the back, we've explained what you should do if you have any questions or disagree with how we processed your claims. Please keep this for your tax and medical records.

| PROVIDER/ SERVICES | DATES OF SERVICE | UNITS | AMOUNT CHARGED | MEDICARE ALLOWED | MEDEX ALLOWED | YOUR CO-INS | BENEFITS | YOUR BALANCE | MSG. CODE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | MEDEX CLAIM #: 300328855577OO | | | |
| | | | | | | MEDICARE CLAIM #: 28174B8640000 | | | |
| PROVIDER: BLUE RIDGE EYE LASER EYE A | | | | | | | | | |
| OFFICE VISITS | 10/03/03-10/03/03 | 1 | 53.00 | 48.19 | 9.64 | 0.00 | 9.64 | 4.81 | |
| TOTAL | | | 53.00 | 48.19 | 9.64 | 0.00 | 9.64 | 4.81 | AB |

A-EXCEPT WHERE PROHIBITED BY STATE LAW, PROVIDERS LOCATED OUTSIDE OF MASSACHUSETTS, WHO DO NOT
  ACCEPT MEDICARE ASSIGNMENT, MAY BILL YOU FOR UP TO 15% ABOVE THE MEDICARE ALLOWED AMOUNT. (2801)
B-MEDICARE PAYS FIRST ON THESE SERVICES. BLUE CROSS AND BLUE SHIELD THEN MAKES PAYMENT AS YOUR
  SECONDARY PAYER. THE ABOVE AMOUNT REPRESENTS OUR COVERAGE ON THIS CLAIM. (2802)

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| GRAND TOTAL | | | 53.00 | 48.19 | 9.64 | 0.00 | 9.64 | 4.81 | |

| ID NUMBER/ HIC NUMBER | MEMBER NAME | DATE |
|---|---|---|
| XXA008029612 023051066A | HELEN A RUNGE | 10/24/03 |

B21
HELEN A RUNGE
C/O DOROTHY STANLEY
5 STIRRUP DOWNS
COLUMBUS NC 28722-9574

**Date of Service:** 6/13/03

**Account Number:** 233-87

**Patient Name:** Helen Runge

**SSN:**

**Date of Birth:**

**Recall:** _____ Days _____ Weeks _____ Months

**PHYSICIAN PROVIDING SERVICES**

**PETER J. NEIDENBACH, M.D.**
MEDICAL & SURGICAL DERMATOLOGY
LAURELLYN MEDICAL GROUP
37 WILDERNESS ROAD
TRYON, NORTH CAROLINA 28782
OFFICE TEL. (828) 859-6697   BILLING TEL.
Fax   (828) 859-6933
FEI # 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   Referring Physician Name _____

LOCATION:
☐ Inpatient  ☐ Outpatient  ☐ Office  ☐ Surgical Facility

Physician Signature _____

TOTAL FEE  87.24

V10.83   History of melanoma

V10.82   History of skin cancer

## ICD-9-CM DIAGNOSIS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 682.9 | Abscess _____ | ☐ 529.0 | Glossitis _____ | ☐ 696.5 | Pityriasis alba _____ |
| ☐ 692.3 | Acneform drug eruption ____ | ☐ 695.89 | Granuloma annulare _____ | ☐ 696.2 | Pityriasis lichenoides _____ |
| ☐ 706.1 | Acne vulgaris _____ | ☐ 228.01 | Hemangioma _____ | ☐ 696.3 | Pityriasis rosea _____ |
| ☐ 706.1 | Acne keloidalis _____ | ☐ 054.6 | Herpes simplex _____ | ☐ 709.0 | Poikiloderma _____ |
| ☐ 692.74 | Actinic elastosis _____ | ☐ 053.10 | Herpes zoster _____ | ☐ 692.72 | Polymorphous light eruption ____ |
| ☐ 704.01 | Alopecia areata _____ | ☐ 705.83 | Hidradenitis suppurativa _____ | ☐ 277.1 | Porphyria _____ |
| ☐ 704.00 | Alopecia, premature (male, female) | ☐ 704.1 | Hirsutism (hypertrichosis) _____ | ☐ 757.32 | Port wine stain _____ |
| ☐ 704.09 | Alopecia, scarring _____ | ☐ 780.8 | Hyperhidrosis _____ | ☐ 698.2 | Prurigo _____ |
| ☐ 704.02 | Alopecia, telogen effluvium ____ | ☐ 757.1 | Ichthyosis _____ | ☐ 698.9 | Pruritis _____ |
| ☐ 995.1 | Angioedema _____ | ☐ 692.89 | Id reaction (autoeczema) ____ | ☐ 696.1 | Psoriasis _____ |
| ☐ 528.2 | Aphthous stomatitis (ulcers) ____ | ☐ 043.3 | Immunodeficiency _____ | ☐ 287.2 | Purpura _____ |
| ☐ 706.8 | Asteatosis, asteatotic eczema ___ | ☐ 684 | Impetigo _____ | ☐ 709.09 | Purpuric eruption, pigmented ____ |
| ☐ 373.00 | Blepharitis _____ | ☐ 919.4 | Insect bites _____ | ☐ 686.0 | Pyoderma _____ |
| ☐ 232.(0-8) | Bowen's disease _____ | ☐ 695.89 | Intertrigo _____ | ☐ 686.1 | Pyogenic granuloma _____ |
| ☐ 949.0 | Burn (chemical, thermal) _____ | ☐ 176.0 | Kaposi's sarcoma _____ | ☐ 695.3 | Rosacea _____ |
| ☐ 112.3 | Candidiasis, skin, nails _____ | ☐ 701.4 | Keloid, hypertrophic scar ____ | ☐ 135 | Sarcoidosis _____ |
| ☐ 173.(0-8) | Carcinoma, basal cell _____ | ☐ 238.2 | Keratoacanthoma _____ | ☐ 133.0 | Scabies _____ |
| ☐ 173.(0-8) | Carcinoma, basosquamous ____ | ☐ 757.39 | Keratoderma (palms, soles) ____ | ☐ 782.1 | Skin eruption, NS _____ |
| ☐ 173.(0-8) | Carcinoma, squamous cell ____ | ☐ 702.0 | Keratosis, actinic _____ | ☐ 709.2 | Scar _____ |
| ☐ 682.9 | Cellulitis _____ | ☐ 757.39 | Keratosis pilaris _____ | ☐ 710.1 | Scleroderma _____ |
| ☐ 528.5 | Cheilitis (perleche) _____ | ☐ 702.11 | Keratosis, seborrheic _____ | ☐ 216.9 | Sebaceous hyperplasia, adenoma |
| ☐ 380.00 | Chondrodermatitis nodularis ____ | ☐ 709.09 | Lentigo _____ | ☐ 701.3 | Striae _____ |
| ☐ 700 | Clavus, callus _____ | ☐ 232.(0-8) | Lentigo maligna _____ | ☐ 692.71 | Sunburn _____ |
| ☐ 710.9 | Collagen disease _____ | ☐ 702.8 | Leukoplakia _____ | ☐ 097.9 | Syphilis _____ |
| ☐ 706.2 | Cyst (epidermal, mucous, pilar) _ | ☐ 697.0 | Lichen planus _____ | ☐ 448.1 | Telangiectasia (angioma) ____ |
| ☐ 692.9 | Dermatitis, contact _____ | ☐ 701.0 | Lichen sclerosus _____ | ☐ 110.0 | Tinea capitis _____ |
| ☐ 692.6 | Dermatitis, contact, plant ____ | ☐ 214.1 | Lipoma _____ | ☐ 110.5 | Tinea corporis _____ |
| ☐ 691.0 | Dermatitis, diaper (napkin) ____ | ☐ 695.4 | Lupus erythematosus, discoid ____ | ☐ 110.3 | Tinea cruris _____ |
| ☐ 695.89 | Dermatitis, exfoliative _____ | ☐ 710.0 | Lupus erythematosus, systemic __ | ☐ 110.1 | Tinea unguium (onychomycosis) _ |
| ☐ 694.0 | Dermatitis, herpetiformis ____ | ☐ 457.1 | Lymphedema _____ | ☐ 110.4 | Tinea pedis _____ |
| ☐ 686.9 | Dermatitis, infectious eczematoid _ | ☐ 709.8 | Lymphocytic infiltrate skin ____ | ☐ 111.0 | Tinea versicolor _____ |
| ☐ 698.3 | Dermatitis, neuro (lichen simplex) | ☐ 202.80 | Lymphoma _____ | ☐ 707.10 | Ulcer, lower limb _____ |
| ☐ 695.3 | Dermatitis, perioral _____ | ☐ 172.(0-8) | Melanoma, malignant _____ | ☐ 454.2 | Ulcer, stasis _____ |
| ☐ 692.72 | Dermatitis, photo _____ | ☐ 709.0 | Melasma _____ | ☐ 708.9 | Urticaria _____ |
| ☐ 690.10 | Dermatitis, seborrheic _____ | ☐ 705.2 | Milia _____ | ☐ 698.2 | Urticaria, papular _____ |
| ☐ 459.81 | Dermatitis, stasis _____ | ☐ 705.1 | Miliaria _____ | ☐ 052.7 | Varicella _____ |
| ☐ 692.9 | Dermatitis, unspecified _____ | ☐ 078.0 | Molluscum contagiosum _____ | ☐ 454.9 | Varicosity _____ |
| ☐ 216.(0-8) | Dermatofibroma _____ | ☐ 202.10 | Mycosis fungoides (T cell lymphoma) | ☐ 287.0 | Vasculitis, allergic _____ |
| ☐ 710.3 | Dermatomyositis _____ | ☐ 703.8 | Nail dystrophy _____ | ☐ 078.11 | Verruca, genital _____ |
| ☐ 693.0 | Drug eruption (reaction) _____ | ☐ 703.0 | Nail, ingrowing _____ | ☐ 078.10 | Verruca vulgaris _____ |
| ☐ 705.81 | Dyshidrosis (pompholyx) _____ | ☐ 238.2 | Neoplasm, uncertain behavior ___ | ☐ 057.9 | Viral exanthem _____ |
| ☐ 691.8 | Eczema, atopic _____ | ☐ 216.(0-8) | Neoplasm, benign _____ | ☐ 709.0 | Vitiligo _____ |
| ☐ 705.81 | Eczema, hand _____ | ☐ 216.(0-8) | Neurofibroma _____ | ☐ 616.10 | Vulvovaginitis _____ |
| ☐ 692.9 | Eczema, nummular _____ | ☐ 216.(0-8) | Nevus _____ | ☐ 272.2 | Xanthoma _____ |
| ☐ 695.0 | Erythema annulare _____ | ☐ 701.9 | Papilloma(s) (tags, polyps) ____ | | |
| ☐ 695.1 | Erythema multiforme _____ | ☐ 696.2 | Parapsoriasis _____ | | TUMORS: CIRCLE SITE |
| ☐ 695.2 | Erythema nodosum _____ | ☐ 681.9 | Paronychia _____ | .0  LIP | .5  TRUNK |
| ☐ 919.8 | Excoriations _____ | ☐ 132.3 | Pediculosis _____ | .1  EYELID | .6  UPPER EXTREM |
| ☐ 216.3 | Fibrous papule (angiofibroma) _ | ☐ 694.5 | Pemphigoid _____ | .2  EAR | .7  LOWER EXTREM |
| ☐ 704.8 | Folliculitis _____ | ☐ 694.4 | Pemphigus _____ | .3  FACE | .8  OTHER SPECIF. |
| ☐ 680.9 | Furuncle _____ | ☐ 709.09 | Pigmentation (hyper, hypo) ____ | .4  NECK, SCALP | |

# RICHARDS HEARING AID CENTER
P.O. Box 98 • 1521 E. Rutherford Rd.
Landrum, SC 29356
Phone 457-4995

Fitted for ___HELEN RUNGE___          Date ___5/6/2003___

The undersigned acknowledges purchasing the supplies and services listed hereon
under the terms and conditions shown

| | PRICE |
|---|---|
| 1 INFINIT 3 HEARING AID | $ 675.00 |
| 1 MEMORY BUTTON | $ 0.00 |
| 1 YEAR SIEMENS WARRANTY | $ 0.00 |
| 1 YEAR SIEMENS LOSS/DAMAGE INSURANCE | $ 0.00 |
| 1 PACK OF BATTERIES | $ 0.00 |
| CLEANINGS/ADJUSTMENTS | $ 0.00 |
| | $ |

| | | |
|---|---|---|
| MAKE ___SIEMENS___ | SUB TOTAL | $ 675.00 |
| MODEL ___LS-I___ | DISCOUNT | $ 0.00 |
| TYPE ___ITE___ | TOTAL | $ 675.00 |
| SERIAL NO. | PAYMENT WITH ORDER | $ 0.00 |
| RIGHT ___038010727R___ | BAL. DUE ON DELIVERY | $ 675.00 |
| LEFT _____ | DATE BALANCE PAID | $ 5/15/2003 |

Purchaser acknowledges receipt of and reading a copy of this completed document before signing.

By: _John T. Richards_   Purchaser _Helen Runge_
John T. Richards
SC License No. 214          Street ___5 STIRRUP DOWNS LANE___

City & State ___COLUMBUS, NC 28722___

# I Acknowledge Reciept Of Merchandise And Instructional Book.

Date of Delivery ___May 15, 2003___

Purchaser _____



**BlueCross BlueShield
of Massachusetts**

# MEDEX CLAIM SUMMARY

000095072

PAGE   2 OF   2

| PROVIDER/ SERVICES | DATES OF SERVICE | UNITS | AMOUNT CHARGED | MEDICARE ALLOWED | MEDEX ALLOWED | YOUR CO-INS | BENEFITS | YOUR BALANCE | MSG. CODE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | MEDEX CLAIM #: 30031705486700 | | | |
| | | | | | | MEDICARE CLAIM #: 0203167394190 | | | |
| PROVIDER: ARTHUR R BREGOLI JR MD PC | | | | | | | | | |
| MEDICAL CARE | 04/30/03-04/30/03 | 1 | 125.00 | 61.74 | 12.35 | 0.00 | 12.35 | 0.00 | |
| | TOTAL -------- | | 125.00 | 61.74 | 12.35 | 0.00 | 12.35 | 0.00 | A |

A-MEDICARE PAYS FIRST ON THESE SERVICES. BLUE CROSS AND BLUE SHIELD THEN MAKES PAYMENT AS YOUR
SECONDARY PAYER.  THE ABOVE AMOUNT REPRESENTS OUR COVERAGE ON THIS CLAIM.  (Z802)

| | GRAND TOTAL -------- | | 393.51 | 319.35 | 63.87 | 0.00 | 63.87 | 10.90 | |

| ID NUMBER/ HIC NUMBER | MEMBER NAME | DATE |
|---|---|---|
| XXA008029612 | HELEN A RUNGE | 06/27/03 |

CHSOBA
022697

An Independent Licensee of the Blue Cross and Blue Shield Association

Blue Cross Blue Shield
of Massachusetts

# CLAIM SUMMARY

000000879

PAGE   1 OF   1

This notice explains how we processed your claims; it is not a bill.  Please look this over carefully.  On the back, we've explained what you should do if you have any questions or disagree with how we processed your claims. Please keep this for your tax and medical records.

An Independent Licensee of the Blue Cross and Blue Shield Association

| PROVIDER/ SERVICES | DATES OF SERVICE | UNITS | AMOUNT CHARGED | AMOUNT ALLOWED | YOUR CO-PAY | YOUR CO-INS | BENEFITS | YOUR BALANCE | MSG COD |
|---|---|---|---|---|---|---|---|---|---|
| MEMBER:  HELEN A RUNGE | | | CLAIM #: 09031190140600 | | | DATE RECEIVED: | | 04/23/03 | |
| PROVIDER: MEDIPLEX OF MASSACHUSETTS | | | | | | | | | |
| ROOM & BOARD | 03/22/03-03/22/03 | 22 | 4,950.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | A |
| SPECIAL SERVICES | 03/22/03-03/22/03 | 1 | 446.07 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | A |
| | TOTAL ------- | | 5,396.07 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | B |

A-BENEFITS ARE NOT AVAILABLE BECAUSE, ACCORDING TO OUR RECORDS, WE HAVE ALREADY PROCESSED A CLAIM FOR THIS SERVICE.  SINCE THIS IS A DUPLICATE, NO PAYMENT WILL BE MADE.  YOU ARE NOT RESPONSIBLE FOR PAYMENT OF THESE CHARGES.  (U302)
B-MEDICARE PAYS FIRST ON THESE SERVICES.  BLUE CROSS AND BLUE SHIELD THEN MAKES PAYMENT AS YOUR SECONDARY PAYER.  THE ABOVE AMOUNT REPRESENTS OUR COVERAGE ON THIS CLAIM.  (Z802)

| | GRAND TOTAL ------- | | 5,396.07 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |

| ID NUMBER | SUBSCRIBER NAME | DATE |
|---|---|---|
| XXA008029612 | HELEN A RUNGE | 06/13/03 |

B21

HELEN A RUNGE
BAY VIEW ASSISTED LIVING
SOUTH BOSTON   MA  02127

C O
H 6
S O
C 8
S O
3 0



BlueCross BlueShield
of Massachusetts

## MEDEX CLAIM SUMMARY

000081068                                                    **PAGE 1 OF 1**

This notice explains how we processed your claims; it is not a bill. Please look this over carefully. On the back, we've explained what you should do if you have any questions or disagree with how we processed your claims. Please keep this for your tax and medical records.

| PROVIDER/ SERVICES | DATES OF SERVICE | UNITS | AMOUNT CHARGED | MEDICARE ALLOWED | MEDEX ALLOWED | YOUR CO-INS | BENEFITS | YOUR BALANCE | MSG. CODE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | MEDEX CLAIM #: 30031835413800 | | |
| | | | | | | | MEDICARE CLAIM #: 0203178644080 | | |
| PROVIDER: WEST CENTRAL FAMILY AND MEDICAL CARE | 04/21/03-04/21/03 | 1 | 97.00 | 76.53 | 15.31 | 0.00 | 15.31 | 0.00 | |
| TOTAL | | | 97.00 | 76.53 | 15.31 | 0.00 | 15.31 | 0.00 | A |

A-MEDICARE PAYS FIRST ON THESE SERVICES. BLUE CROSS AND BLUE SHIELD THEN MAKES PAYMENT AS YOUR SECONDARY PAYER. THE ABOVE AMOUNT REPRESENTS OUR COVERAGE ON THIS CLAIM. (Z802)

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| GRAND TOTAL | | | 97.00 | 76.53 | 15.31 | 0.00 | 15.31 | 0.00 | |

| ID NUMBER/ HIC NUMBER | MEMBER NAME | DATE |
|---|---|---|
| XXA008029612 023051066A | HELEN A RUNGE | 07/11/03 |

B21
HELEN A RUNGE
C/O DOROTHY STANLEY
5 STIRRUP DOWNS
COLUMBUS NC 28722-9574

:0
:2
:2
:6
:9
:7



**BlueCross BlueShield of Massachusetts**

# MEDEX CLAIM SUMMARY

PAGE: 1 OF 1

This notice explains how we processed your claims; it is not a bill. Please look this over carefully. On the back, we've explained what you should do if you have any questions or disagree with how we processed your claims. Please keep this for your tax and medical records.

| PROVIDER/ SERVICES | DATES OF SERVICE | UNITS | AMOUNT CHARGED | MEDICARE ALLOWED | MEDEX ALLOWED | YOUR CO-INS | BENEFITS | YOUR BALANCE | MSG. CODE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | MEDEX CLAIM #: 30031295458600 | | | | |
| | | | | | MEDICARE CLAIM #: 0103122002820 | | | | |
| PROVIDER: K L BLOOMINGDALE MD MEDICAL CARE | 04/29/03-04/29/03 | 1 | 150.00 | 95.18 | 19.04 | 0.00 | 19.04 | 0.00 | |
| TOTAL | | | 150.00 | 95.18 | 19.04 | 0.00 | 19.04 | 0.00 | A |

A-MEDICARE PAYS FIRST ON THESE SERVICES. BLUE CROSS AND BLUE SHIELD THEN MAKES PAYMENT AS YOUR SECONDARY PAYER. THE ABOVE AMOUNT REPRESENTS OUR COVERAGE ON THIS CLAIM. (Z802)

| GRAND TOTAL | | | 150.00 | 95.18 | 19.04 | 0.00 | 19.04 | 0.00 | |

| ID NUMBER/ HIC NUMBER | MEMBER NAME | DATE |
|---|---|---|
| XXA008029612 023051066A | HELEN A RUNGE | 05/23/03 |

B21
HELEN A RUNGE
BAY VIEW ASSISTED LIVING
1380 COLUMBIA ROAD RM 1
SOUTH BOSTON   MA   02127

461742922
Page 1 of 2

# Medicare Summary Notice

July 18, 2003

CMS
CENTERS for MEDICARE & MEDICAID SERVICES

HELEN     A RUNGE
THE BAYVIEW
1380 COLUMBIA ROAD
BOSTON MA  02127-2934

**BE INFORMED:** Always review your Medicare
Summary Notice for correct information about the
items or services you received.

**CUSTOMER SERVICE INFORMATION**

**Your Medicare Number: 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A**

If you have questions, write or call:
National Heritage Insurance Company
P.O. Box 1000
Hingham, MA 02044

**Toll-free: 1-800-882-1228**
TTY For Hearing Impaired: 1-800-559-0443

This is a summary of claims processed from 06/27/2003 through 07/09/2003.

## PART B MEDICAL INSURANCE - ASSIGNED CLAIMS

| Dates of Service / Services Provided | Amount Charged | Medicare Approved | Medicare Paid Provider | You May Be Billed | See Notes Section |
|---|---|---|---|---|---|
| Claim number 02-03167-394-190 | | | | | a |
| **Arthur R. Bregoli, M.D., Medical Data Service,** | | | | | |
| **27 Cranberry Lane , South Easton, MA 02375-1414** | | | | | |
| 04/30/03          1 Nursing fac discharge day (99315) | $125.00 | $61.74 | $49.39 | $12.35 | |
| | | | | | |
| Claim number 02-03178-644-080 | | | | | a |
| **West Central Family And, 1132 Westfield Street,** | | | | | |
| **W Springfield, MA 01089-3863** | | | | | |
| Referred by: Dr. Bregoli Jr, Arthur R., M.D. | | | | | |
| Miller, Ruth M. NP | | | | | |
| 04/21/03          1 Nursing fac care, subseq (99313) | $97.00 | $76.53 | $61.22 | $15.31 | |

**THIS IS NOT A BILL - Keep this notice for your records.**

**Commonwealth of Massachusetts**
**The Trial Court**

<u>Norfolk</u> Division          Probate and Family Court Department          Docket No. _____

# TEMPORARY

## MEDICAL CERTIFICATE --- GUARDIANSHIP          03P11046I

To the Honorable Justices of the Probate and Family Court:

The undersigned hereby certifies under the penalties of perjury that I am a registered physician and that
I personally examined ___Helen Runge___

                                              (name of proposed ward)
___Sunbridge, 1380 Columbia Rd.___          Randolph          MA
          (street address)          (city or town)          (state)
on ___April 29, 2003___
      (date of examination)

and in my opinion the proposed ward:

☒ is a mentally ill person to the degree that he/she is incapable of caring for his/her personal and/
or financial affairs.

☐ is a person who is unable to make or communicate informed decisions due to physical incapacity.

**THIS SECTION MUST BE COMPLETED FOR A GUARDIANSHIP PETITION**

Describe in detail the diagnosis leading to the aforementioned opinion (including the types of decisions
which the proposed ward has sufficient mental ability to make):

This 87 year old Caucasian
divorced female suffers from Alzheimer's
dementia with paranoid delusions.
Because of her paranoia, and probably
also because of her cognitive
limitations, she lacks the
ability to make sound decisions
about certain personal affairs, in-

(OVER)

CJ-P 112 (10/93)

**(MEDICAL CERTIFICATE — GUARDIANSHIP BACK)**

cluding whether to take her psychoactive medications. For example, she thinks that the nursing home staff is purposely giving her too many medications to take — compared to what has been ordered.

Date _____4/29/03_____

_Kerry Bloomingdale, M.D._ (NEG)
(signature)

Kerry Bloomingdale, M.D.    (NEG)
(PRINT name)

1132 Westfield Street
(address, including zip code)

Springfield, MA 01089

Tel. No. ( 800 )  378-5454

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HELEN A. RUNGE,                          :
       Plaintiff                     :
                                :
                                :     No. 05-10849-RGS
       v.                        :     (Judge Stearns)
                                :
WALTER J. KELLY, et al.,                  :     CIVIL ACTION
       Defendants                    :     JURY TRIAL DEMANDED

**PLAINTIFF HELEN RUNGE'S SUPPLEMENTAL RESPONSE TO DEFENDANT
WALTER J. KELLY'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff Helen Runge ("Runge") hereby supplements her response to Defendant

Walter J. Kelly's ("Kelly") Request for Production of Documents as follows:

**GENERAL OBJECTIONS**

Runge herein incorporates all General Objections listed in her initial Response to

Kelly's Request for Production of Documents.

**SPECIFIC RESPONSES AND OBJECTIONS**

The General Objections apply to all individual numbered Requests, and Runge

hereby incorporates the General Objections by reference into her responses to each of

the individual Requests.  Any additional objections stated in the following responses

are expressly made in addition to, and not in lieu of, the General Objections and for the

purpose of setting forth, where appropriate, Runge's specific position as to Kelly's

Requests.

2       Any and all documents reflecting or evidencing communications between Plaintiff and Defendant.

**Response:    Runge objects to this Request because the documents sought are under the care, custody and control of Kelly. Subject to and without waiving the above objections, supplemental documents responsive to this Request are attached.**

3.      All documents evidencing damages Plaintiff seeks to recover in this action.

**Response:    Supplemental documents responsive to this Request are attached.**

12.     All documents concerning any expense you seek to recover in this action, including, but not limited to, all invoices, statements, receipts, and cancelled checks concerning:

(a)     medical care rendered by doctors, hospitals, therapists, counselors, other medical service providers for any physical or mental injury;

(b)     property items; and

(c)     any other expense you claim Defendant caused.

**Response:    Supplemental documents responsive to this Request are attached.**

14.     Any and all documents related to Plaintiff's residence and/or care at any nursing homes and/or assisted living facilities.

**Response:    Supplemental documents responsive to this Request are attached.**

15.     All surgical records, hospital records, medical records, nursing home records, assisted living facility records, psychological records, mental health records, X-rays, radiographic films, or any other records or materials related to any diagnostic or treatment tests or procedures, bills, invoices, writings, notes, or memoranda relating to all of Plaintiff's physical, medical or mental conditions, illnesses or disabilities, including but not limited to those doctors, nurses, practitioners, hospitals, clinics,

institutions, or other health care providers or third party private or governmental health or accident insurers, without regard to whether it is Plaintiff's contention that such physical, medical or mental conditions, illnesses, or disabilities were caused in any way by Defendant or any agent or employee of Defendant for the years 1995 to the present.

**Response:**    **Supplemental documents responsive to this Request are attached.**


21.    All correspondence between Plaintiff and her daughter, Dorothy Stanley, from 1995 to present.

**Response:**    **Supplemental documents responsive to this Request are attached.**


22.    All documents reflecting communications in any form between Plaintiff and her daughter, Dorothy Stanley, from 1995 to present.

**Response:**    **Supplemental documents responsive to this Request are attached.**


Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.


Dated: __11|10|06__                    By: _____

Glenn R. Davis
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050
(717) 620-2424
gdavis@ldylaw.com
*Pro Hac Vice*

Attorneys for Plaintiff, Helen A. Runge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| HELEN A. RUNGE, | : | |
| Plaintiff | : | |
| | : | No. 05-10849-RGS |
| v. | : | (Judge Stearns) |
| | : | |
| WALTER J. KELLY, et al., | : | CIVIL ACTION |
| Defendants | : | JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date a true and correct copy of the foregoing Plaintiff Helen Runge's Supplemental Response to Walter J. Kelly's Request for Production of Documents was served by first-class United States mail, postage prepaid, upon the following:

James S. Hamrock, Jr., Esq.
Attorney of record for Kerry L. Bloomingdale, M.D.,
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

George C. Rockas, Esq.
Michele Carlucci, Esq.
Attorney of record for Walter J. Kelly
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal Street
Boston, MA 02110-1727

Michael Williams, Esq.
Attorney of record for Sunbridge Nursing and Rehabilitation Center
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736

Blake J. Godbout, Esq.
David A. Conti, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Dated: _11/10/06_

_____
Andrea E. Dean

**Carlucci, Michele**

| | |
|---|---|
| **From:** | Andrea E. Dean [adean@ldylaw.com] |
| **Sent:** | Monday, January 29, 2007 7:27 AM |
| **To:** | Carlucci, Michele |
| **Cc:** | jhamrock@htclaw.com; mwilliams@lawson-weitzen.com; Glenn Davis; Rockas, George |
| **Subject:** | RE: Runge v. Kelly, et al. |

Good morning, Michele.  Yes, please send copies of what you received.  As we indicated in
the correspondence directed to you on Friday, Plaintiff did not have the entire record to
produce.

Thank you,

Andrea E. Dean
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA  17050
Phone: 717-620-2424
Fax: 717-620-2444

CONFIDENTIALITY NOTICE

The information in this transmission is intended only for the individual or entity named
above.  It may be legally privileged and confidential.  If you have received this
information in error, notify us immediately by calling our operator at (717) 620-2424.
Send the original transmission to us by mail.  Return postage is guaranteed.  If the
reader of this message is not the intended recipient, you are hereby notified that any
disclosure, dissemination, distribution or copying of this communication or its contents
is strictly prohibited.

>>> "Carlucci, Michele" <Michele.Carlucci@wilsonelser.com> 01/26/07
>>> 02:04PM >>>
Andrea,  You should know that I received records from St. Lukes today.
Plaintiff has produced records from St. Lukes in response to document requests, but you
have not advised whether the documents you produced represent the entire record from St.
Lukes.  Would you like me to send you a copy of what I received?  I also intend to send
copies to co-defendants.  Please advise your position on this.

-----Original Message-----
From: Jim Hamrock [mailto:jhamrock@htclaw.com]
Sent: Friday, January 26, 2007 11:35 AM
To: Andrea E. Dean
Cc: Carlucci, Michele; Rockas, George; mwilliams@lawson-weitzen.com
Subject: RE: Runge v. Kelly, et al.

Andrea:

Dr. Bloomingdale will oppose any such Motion, unless the plaintiff agrees to provide
certified copies of the records sought by the subpoenas.  As I indicated in my
correspondence to your office, the records from Mrs. Runge's North Carolina healthcare and
nursing home providers that were included with the Plaintiff's Response to Request For
Production of Documents were clearly incomplete, intermingled, and not even close to
complying with the requirements of FRCP 34.  I respectfully suggest that Judge Sterns, if
the defense is forced to expend the time and resources to oppose your proposed Motion, and
has to show him the manner the documents were provided in the plaintiff's document
Response, will not look favorably on the Motion or on the way the plaintiff has undertaken
her discovery obligations.  The incompleteness of the document Response is particularly
remarkable when Mrs. Runge's daughter, Mrs. Stanley, is  a long-time employee of the
Hospital that has records that are so important to the defense of the lawsuit.
Thank you for your attention to this issue.

Jim Hamrock

-----Original Message-----
From: Andrea E. Dean [mailto:adean@ldylaw.com]
Sent: Friday, January 26, 2007 11:07 AM
To: Jim Hamrock
Cc: Glenn Davis
Subject: Runge v. Kelly, et al.

Good morning.  Plaintiff intends to file a motion for protective order later today in
regards to Defendant Kelly's eight subpoenas to health care providers that were served
outside of the time period for fact discovery and in improper format.  We are contacting
you under local rule 7.1 to confer on this motion.  Please advise as to your position on
the motion, if any.

Thank you,


Andrea E. Dean
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA  17050
Phone: 717-620-2424
Fax: 717-620-2444

CONFIDENTIALITY NOTICE

The information in this transmission is intended only for the individual or entity named
above.  It may be legally privileged and confidential.
If you have received this information in error, notify us immediately by calling our
operator at (717) 620-2424.  Send the original transmission to us by mail.  Return postage
is guaranteed.  If the reader of this message is not the intended recipient, you are
hereby notified that any disclosure, dissemination, distribution or copying of this
communication or its contents is strictly prohibited.



This communication was not intended or written to be used, and it cannot be used by any
taxpayer, for the purpose of avoiding tax penalties. (The foregoing legend has been
affixed pursuant to U.S. Treasury Regulations governing tax practice.)

*************************************************************


CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the
individual or entity to whom it is addressed. It may contain information that is
privileged, confidential and exempt from disclosure under applicable law. Any
dissemination, distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not the intended recipient,
or the employee or agent responsible for delivering the message to the intended recipient,
or if you have received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it from your computer
system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see
our website at www.wilsonelser.com or refer to any of our offices. Thank you.

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

155 Federal Street, Boston, Massachusetts 02110-1727
Tel: (617) 422-5300   Fax: (617) 423-6917

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stanford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris*

www.wilsonelser.com

Michele Carlucci
Writer's Ext.: 5416
Michele.Carlucci@WilsonElser.com

November 22, 2006

**RECEIVED**
**JAN 1 2 2007**
**By**

Deputy Sheriff's Office
Polk County Sheriff
105 Ward Street
Columbus, NC 27822

Re:   **Helen Runge v. Walter J. Kelly, et al.**
      **No. 05-10849RGS  -  Our File No.: 00894.00237**

Dear Sheriff:

Enclosed for service please find eight (8) Keeper of Record subpoenas, along with their corresponding deposition notice to be served upon the following:

1.  Robert M. Palmer, M.D., Tryon Medical Group, P.A., 25 Shields Drive, Tryon, NC 28782;

2.  White Oak Manor (Benson Hall Assisted Living Facility), 70 Oak Street, Tryon, NC 28782;

3.  White Oak Manor (Nursing Facility), 70 Oak Street, Tryon, NC;

4.  LaurelWoods Assisted Living, 1062 & 1064 W. Mills Street, Columbus, NC 28722;

5.  Dr. George Kim, 2536 Lynn Road, Suite B, Tryon, NC 28782;

6.  Dr. Peter Nidenbach, Laurellyn Medical Group, 37 Wilderness Road, Tryon, NC 28782;

7.  St. Luke's Hospital,101 Hospital Drive, Columbus, NC 28722; and

8.  St. Luke's Skilled Nursing Facility, Dr. George Kim, 101 Hospital Drive, Columbus, NC 28722.

Enclosed please find a check in the amount of $440.00 as prepayment for serving the aforementioned out of state subpoenas at $55 each.

Please serve these subpoenas at your earliest convenience.

69479.1

November 22, 2006
Page 2


       Thank you for your attention to this matter.    Please feel free to call me with any
questions.

Very truly yours,

Michele Carlucci

MC/sap
Enclosures

cc:     Glenn R. Davis, Esq.
        James Hamrock, Esq.
        Blake Godbout, Esq.
        Robert J. Roughsedge, Esq.

DEPOSITION SUBPOENA: DUCES TECUM

UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NORTH CAROLINA**

**CASE NUMBER: 05-10849 RGS
DISTRICT OF MASSACHUSETTS**

HELEN RUNGE,
                            Plaintiff
            v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                            Defendants

TO:   KEEPER OF THE RECORDS
      **Robert M. Palmer, M.D.
      Tryon Medical Group, P.A.
      25 Shields Drive
      Tryon, NC 28782**

**GREETINGS:**

YOU ARE HEREBY COMMANDED in the name of the United States District Court, Western District of North Carolina in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure to appear and testify on behalf of defendants before a Notary Public of the Commonwealth, on **Wednesday, December 6, 2006 at 10:00 a.m.** at the offices of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 155 Federal Street, Boston, MA 02110 and to testify as to your knowledge, at the taking of the deposition in the above-entitled action. The oral examination will continue from day to day until completed. And you are further required to bring with you the following: SEE NOTICE OF TAKING DEPOSITION ATTACHED HERETO.

69544.1

IN LIEU OF ATTENDING YOU MAY SEND COPIES OF RECORDS TO **MICHELE CARLUCCI**, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 155 FEDERAL STREET, BOSTON, MA 02110.

Records may be mailed in lieu of your personal appearance <u>provided</u> they are accompanied by: An executed certification that all records requested have been produced (see form attached).

If documents are produced in this fashion, kindly return a copy of the subpoena with a cover letter, executed form(s) and document(s) produced. If you have no records, kindly write to Michele Carlucci confirming same.

Hereof fail not as you will answer your default under the pains and penalties under the law as provided.

WALTER J. KELLY
BY HIS ATTORNEY

Michele Carlucci, BBO# 655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Notary Public:
My Commission Expires: 8/28/09

69544.1

## **CERTIFICATION**

The undersigned does depose and say under the penalties of perjury that I am an authorized custodian of records for _____ and that the enclosed _____ pages represent all documents called for in the attached subpoena, no records having been withheld.  All such records were kept in the regular course of business.

Signed under the pains and penalties of perjury this ____ day of _____, 2006.


_____
Signature


_____
Print Name


_____
Address


_____
Telephone Number

69544.1

UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NORTH CAROLINA**

**CASE NUMBER: 05-10849 RGS**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| HELEN RUNGE, |
|                         Plaintiff |
| v. |
| WALTER J. KELLY, |
| KERRY L. BLOOMINGDALE, M.D., and |
| SUNBRIDGE NURSING AND |
| REHABILITATION CENTER, |
|                         Defendants |

## NOTICE OF TAKING DEPOSITION

TO:    KEEPER OF THE RECORDS
           **Robert M. Palmer, M.D.**
           **Tryon Medical Group, P.A.**
           **25 Shields Drive**
           **Tryon, NC 28782**

Please take notice that on **Wednesday, December 6, 2006 at 10:00 a.m.** at the

offices of Michele Carlucci, Esquire, Wilson, Elser, Moskowitz, Edelman & Dicker LLP,

155 Federal Street, Boston, Massachusetts, Walter J. Kelly, in this action by his attorney

will take the deposition upon oral examination of the **Keeper of Records of Robert M.**

**Palmer, M.D. at Tryon Medical Group, P.A.,** pursuant to the applicable provisions

pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a

Notary Public in and for the Commonwealth of Massachusetts or before some other

officer authorized to administer oaths.

You are further required to bring with you the documents listed on Schedule A

attached hereto.

69544.1

The oral examination will continue from day to day until completed.   You are

invited to attend and cross-examine.

Respectfully Submitted,

WALTER J. KELLY
BY HIS ATTORNEY

_Michele Carlucci_

Michele Carlucci, BBO# 655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
    DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on November 2q, 2006, I have served a copy of
the within document by first class mail, postage prepaid, to the following:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050

Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-2414

_Michele Carlucci_

Michele Carlucci

69544.1

## SCHEDULE A

Any and all medical records, reports, x-rays, films and billings relating in any way to physical, medical or mental condition, illness, disabilities and treatment of Helen Runge, 5 Stirrup Downs, Columbus, NC 28722, , date of birth: 8/03/15.

69544.1

DEPOSITION SUBPOENA: DUCES TECUM

UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NORTH CAROLINA**

**CASE NUMBER: 05-10849 RGS
DISTRICT OF MASSACHUSETTS**

HELEN RUNGE,

                              Plaintiff

           v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,

                            Defendants

TO:     KEEPER OF THE RECORDS
           **White Oak Manor**
           **(Benson Hall Assisted Living Facility)**
           **70 Oak Street**
           **Tryon, NC 28782**

**GREETINGS:**

YOU ARE HEREBY COMMANDED in the name of the United States District

Court, Western District of North Carolina in accordance with the provisions of Rule 45 of

the Federal Rules of Civil Procedure to appear and testify on behalf of defendants before

a Notary Public of the Commonwealth, on **Wednesday, December 6, 2006 at 11:00 a.m.**

at the offices of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 155

Federal Street, Boston, MA 02110 and to testify as to your knowledge, at the taking of

the deposition in the above-entitled action. The oral examination will continue from day

to day until completed.  And you are further required to bring with you the following:

SEE NOTICE OF TAKING DEPOSITION ATTACHED HERETO.

69545.1

IN LIEU OF ATTENDING YOU MAY SEND COPIES OF RECORDS TO **MICHELE CARLUCCI**, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 155 FEDERAL STREET, BOSTON, MA 02110.

Records may be mailed in lieu of your personal appearance _provided_ they are accompanied by: An executed certification that all records requested have been produced (see form attached).

If documents are produced in this fashion, kindly return a copy of the subpoena with a cover letter, executed form(s) and document(s) produced. If you have no records, kindly write to Michele Carlucci confirming same.

Hereof fail not as you will answer your default under the pains and penalties under the law as provided.

WALTER J. KELLY
BY HIS ATTORNEY

Michele Carlucci, BBO# 655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Notary Public:
My Commission Expires: 8/28/09

69545.1

## <u>CERTIFICATION</u>

The undersigned does depose and say under the penalties of perjury that I am an authorized custodian of records for _____ and that the enclosed _____ pages represent all documents called for in the attached subpoena, no records having been withheld.  All such records were kept in the regular course of business.

Signed under the pains and penalties of perjury this ___ day of _____, 2006.

_____
Signature

_____
Print Name

_____
Address

_____
Telephone Number

69545.1

UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NORTH CAROLINA**

**CASE NUMBER: 05-10849 RGS
DISTRICT OF MASSACHUSETTS**

HELEN RUNGE,
                                    Plaintiff

                    v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                                    Defendants

## NOTICE OF TAKING DEPOSITION

TO:    KEEPER OF THE RECORDS
       **White Oak Manor
       (Benson Hall Assisted Living Facility)
       70 Oak Street
       Tryon, NC 28782**

Please take notice that on **Wednesday, December 6, 2006 at 11:00 a.m.** at the

offices of Michele Carlucci, Esquire, Wilson, Elser, Moskowitz, Edelman & Dicker LLP,

155 Federal Street, Boston, Massachusetts, Walter J. Kelly, in this action by his attorney

will take the deposition upon oral examination of the **Keeper of Records of White Oak

Manor (Benson Hall Assisted Living Facility),** pursuant to the applicable provisions

pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a

Notary Public in and for the Commonwealth of Massachusetts or before some other

officer authorized to administer oaths.

You are further required to bring with you the documents listed on Schedule A

attached hereto.

69545.1

The oral examination will continue from day to day until completed.   You are

invited to attend and cross-examine.

Respectfully Submitted,

WALTER J. KELLY
BY HIS ATTORNEY

Michele Carlucci, BBO# 655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on November 2⅔ 2006, I have served a copy of
the within document by first class mail, postage prepaid, to the following:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050

Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-2414

Michele Carlucci

69545.1

## <u>SCHEDULE A</u>

Any and all medical records, reports, x-rays, films and billings relating in any way to physical, medical or mental condition, illness, disabilities and treatment of Helen Runge, 5 Stirrup Downs, Columbus, NC 28722, , date of birth: 8/03/15.

69545.1

DEPOSITION SUBPOENA: DUCES TECUM

UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NORTH CAROLINA**

**CASE NUMBER: 05-10849 RGS**
**DISTRICT OF MASSACHUSETTS**

HELEN RUNGE,

                    Plaintiff

        v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                    Defendants

TO:    KEEPER OF THE RECORDS
       **White Oak Manor**
       **(Nursing Facility)**
       **70 Oak Street**
       **Tryon, NC 28782**

**GREETINGS:**

YOU ARE HEREBY COMMANDED in the name of the United States District

Court, Western District of North Carolina in accordance with the provisions of Rule 45 of

the Federal Rules of Civil Procedure to appear and testify on behalf of defendants before

a Notary Public of the Commonwealth, on **Wednesday, December 6, 2006 at 11:30 a.m.**

at the offices of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 155

Federal Street, Boston, MA 02110 and to testify as to your knowledge, at the taking of

the deposition in the above-entitled action. The oral examination will continue from day

to day until completed.  And you are further required to bring with you the following:

SEE NOTICE OF TAKING DEPOSITION ATTACHED HERETO.

69546.1

IN LIEU OF ATTENDING YOU MAY SEND COPIES OF RECORDS TO **MICHELE CARLUCCI**, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 155 FEDERAL STREET, BOSTON, MA 02110.

Records may be mailed in lieu of your personal appearance <u>provided</u> they are accompanied by: An executed certification that all records requested have been produced (see form attached).

If documents are produced in this fashion, kindly return a copy of the subpoena with a cover letter, executed form(s) and document(s) produced. If you have no records, kindly write to Michele Carlucci confirming same.

Hereof fail not as you will answer your default under the pains and penalties under the law as provided.

WALTER J. KELLY
BY HIS ATTORNEY

Michele Carlucci, BBO# 655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
    DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Notary Public:
My Commission Expires: 8/28/09

69546.1

## <u>CERTIFICATION</u>

The undersigned does depose and say under the penalties of perjury that I am an

authorized custodian of records for _____

and that the enclosed _____ pages represent all documents called for in the attached

subpoena, no records having been withheld.  All such records were kept in the regular

course of business.

Signed under the pains and penalties of perjury this ____ day of _____, 2006.


_____
Signature


_____
Print Name


_____
Address


_____
Telephone Number

69546.1

UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NORTH CAROLINA**

**CASE NUMBER: 05-10849 RGS
DISTRICT OF MASSACHUSETTS**

HELEN RUNGE,
                              Plaintiff

              v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                              Defendants

---

## NOTICE OF TAKING DEPOSITION

TO:   KEEPER OF THE RECORDS
      **White Oak Manor
      (Nursing Facility)
      70 Oak Street
      Tryon, NC 28782**

Please take notice that on **Wednesday, December 6, 2006 at 11:30 a.m.** at the

offices of Michele Carlucci, Esquire, Wilson, Elser, Moskowitz, Edelman & Dicker LLP,

155 Federal Street, Boston, Massachusetts, Walter J. Kelly, in this action by his attorney

will take the deposition upon oral examination of the **Keeper of Records of White Oak**

**Manor (Nursing Facility),** pursuant to the applicable provisions pursuant to the

applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public in

and for the Commonwealth of Massachusetts or before some other officer authorized to

administer oaths.

You are further required to bring with you the documents listed on Schedule A

attached hereto.

69546.1

The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

Respectfully Submitted,

WALTER J. KELLY
BY HIS ATTORNEY

Michele Carlucci, BBO# 655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on November 2?, 2006, I have served a copy of the within document by first class mail, postage prepaid, to the following:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050

Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-2414

Michele Carlucci

69546.1

## SCHEDULE A

Any and all medical records, reports, x-rays, films and billings relating in any way to physical, medical or mental condition, illness, disabilities and treatment of Helen Runge, 5 Stirrup Downs, Columbus, NC 28722, , date of birth: 8/03/15.

**DEPOSITION SUBPOENA: DUCES TECUM**

UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NORTH CAROLINA**

**CASE NUMBER: 05-10849 RGS**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| HELEN RUNGE,            Plaintiff<br><br>      v.<br><br>WALTER J. KELLY,<br>KERRY L. BLOOMINGDALE, M.D., and<br>SUNBRIDGE NURSING AND<br>REHABILITATION CENTER,<br>                  Defendants |

      TO:     KEEPER OF THE RECORDS
                **LaurelWoods Assisted Living**
                **1062 & 1064 W. Mills Street**
                **Columbus, NC 28722**

**GREETINGS:**

YOU ARE HEREBY COMMANDED in the name of the United States District Court, Western District of North Carolina in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure to appear and testify on behalf of defendants before a Notary Public of the Commonwealth, on **Wednesday, December 6, 2006 at 1:00 p.m.** at the offices of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 155 Federal Street, Boston, MA 02110 and to testify as to your knowledge, at the taking of the deposition in the above-entitled action. The oral examination will continue from day to day until completed. And you are further required to bring with you the following: SEE NOTICE OF TAKING DEPOSITION ATTACHED HERETO.

IN LIEU OF ATTENDING YOU MAY SEND COPIES OF RECORDS TO **MICHELE CARLUCCI**, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 155 FEDERAL STREET, BOSTON, MA 02110.

Records may be mailed in lieu of your personal appearance <u>provided</u> they are accompanied by: An executed certification that all records requested have been produced (see form attached).

If documents are produced in this fashion, kindly return a copy of the subpoena with a cover letter, executed form(s) and document(s) produced. If you have no records, kindly write to Michele Carlucci confirming same.

Hereof fail not as you will answer your default under the pains and penalties under the law as provided.

WALTER J. KELLY
BY HIS ATTORNEY

Michele Carlucci, BBO# 655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Notary Public:
My Commission Expires: 8/28/09

69547.1

## <u>CERTIFICATION</u>

The undersigned does depose and say under the penalties of perjury that I am an authorized custodian of records for _____ and that the enclosed _____ pages represent all documents called for in the attached subpoena, no records having been withheld.  All such records were kept in the regular course of business.

Signed under the pains and penalties of perjury this ___ day of _____, 2006.


_____
Signature


_____
Print Name


_____
Address


_____
Telephone Number

UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NORTH CAROLINA**

**CASE NUMBER: 05-10849 RGS**
**DISTRICT OF MASSACHUSETTS**

HELEN RUNGE,
                    Plaintiff

            v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                    Defendants

<u>**NOTICE OF TAKING DEPOSITION**</u>

TO:    KEEPER OF THE RECORDS
       **LaurelWoods Assisted Living**
       **1062 & 1064 W. Mills Street**
       **Columbus, NC 28722**

Please take notice that on **Wednesday, December 6, 2006 at 1:00 p.m.** at the

offices of Michele Carlucci, Esquire, Wilson, Elser, Moskowitz, Edelman & Dicker LLP,

155 Federal Street, Boston, Massachusetts, Walter J. Kelly, in this action by his attorney

will take the deposition upon oral examination of the **Keeper of Records of**

**LaurelWoods Assisted Living,** pursuant to the applicable provisions pursuant to the

applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public in

and for the Commonwealth of Massachusetts or before some other officer authorized to

administer oaths.

You are further required to bring with you the documents listed on Schedule A

attached hereto.

69547.1

The oral examination will continue from day to day until completed.  You are

invited to attend and cross-examine.

Respectfully Submitted,

WALTER J. KELLY
BY HIS ATTORNEY

Michele Carlucci, BBO# 655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on November 22, 2006, I have served a copy of
the within document by first class mail, postage prepaid, to the following:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050

Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-2414

Michele Carlucci

69547.1

## SCHEDULE A

Any and all medical records, reports, x-rays, films and billings relating in any way to physical, medical or mental condition, illness, disabilities and treatment of Helen Runge, 5 Stirrup Downs, Columbus, NC 28722, , date of birth: 8/03/15.

DEPOSITION SUBPOENA: DUCES TECUM

UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NORTH CAROLINA**

**CASE NUMBER: 05-10849 RGS**
**DISTRICT OF MASSACHUSETTS**

HELEN RUNGE,
                                         Plaintiff
                v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                                         Defendants

TO:    KEEPER OF THE RECORDS
       **Dr. George Kim**
       **2536 Lynn Road, Suite B**
       **Tryon, NC 28782**

**GREETINGS:**

YOU ARE HEREBY COMMANDED in the name of the United States District

Court, Western District of North Carolina in accordance with the provisions of Rule 45 of

the Federal Rules of Civil Procedure to appear and testify on behalf of defendants before

a Notary Public of the Commonwealth, on **Wednesday, December 6, 2006 at 2:00 p.m.**

at the offices of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 155

Federal Street, Boston, MA 02110 and to testify as to your knowledge, at the taking of

the deposition in the above-entitled action. The oral examination will continue from day

to day until completed.  And you are further required to bring with you the following:

SEE NOTICE OF TAKING DEPOSITION ATTACHED HERETO.

IN LIEU OF ATTENDING YOU MAY SEND COPIES OF RECORDS TO
**MICHELE CARLUCCI**, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
LLP, 155 FEDERAL STREET, BOSTON, MA  02110.

69672.1

Records may be mailed in lieu of your personal appearance provided they are accompanied by:  An executed certification that all records requested have been produced (see form attached).

If documents are produced in this fashion, kindly return a copy of the subpoena with a cover letter, executed form(s) and document(s) produced.  If you have no records, kindly write to Michele Carlucci confirming same.

Hereof fail not as you will answer your default under the pains and penalties under the law as provided.

WALTER J. KELLY
BY HIS ATTORNEY

Michele Carlucci, BBO# 655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
    DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Notary Public:
My Commission Expires: 8/28/09

69672.1

## CERTIFICATION

The undersigned does depose and say under the penalties of perjury that I am an authorized custodian of records for _____ and that the enclosed _____ pages represent all documents called for in the attached subpoena, no records having been withheld.  All such records were kept in the regular course of business.

Signed under the pains and penalties of perjury this ___ day of _____, 2006.

_____
Signature

_____
Print Name

_____
Address

_____
Telephone Number

69672.1

UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NORTH CAROLINA**

**CASE NUMBER: 05-10849 RGS**
**DISTRICT OF MASSACHUSETTS**

HELEN RUNGE,
                              Plaintiff

              v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                              Defendants

---

### NOTICE OF TAKING DEPOSITION

TO:    KEEPER OF THE RECORDS
       **Dr. George Kim**
       **2536 Lynn Road, Suite B**
       **Tryon, NC 28782**

Please take notice that on **Wednesday, December 6, 2006 at 2:00 p.m.** at the offices of Michele Carlucci, Esquire, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 155 Federal Street, Boston, Massachusetts, Walter J. Kelly, in this action by his attorney will take the deposition upon oral examination of the **Keeper of Records of Dr. George Kim,** pursuant to the applicable provisions pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of Massachusetts or before some other officer authorized to administer oaths.

You are further required to bring with you the documents listed on Schedule A attached hereto.

69672.1

The oral examination will continue from day to day until completed.   You are

invited to attend and cross-examine.

Respectfully Submitted,

WALTER J. KELLY
BY HIS ATTORNEY

_____
Michele Carlucci, BBO# 655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
    DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on November 2人, 2006, I have served a copy of
the within document by first class mail, postage prepaid, to the following:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050

Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-2414

_____
Michele Carlucci

69672.1

## SCHEDULE A

Any and all medical records, reports, x-rays, films and billings relating in any way to physical, medical or mental condition, illness, disabilities and treatment of Helen Runge,  5 Stirrup Downs, Columbus, NC 28722, , date of birth: 8/03/15.

69672.1

**DEPOSITION SUBPOENA: DUCES TECUM**

UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NORTH CAROLINA**

**CASE NUMBER: 05-10849 RGS
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HELEN RUNGE, | |
| | Plaintiff |
| v. | |
| WALTER J. KELLY, | |
| KERRY L. BLOOMINGDALE, M.D., and | |
| SUNBRIDGE NURSING AND | |
| REHABILITATION CENTER, | |
| | Defendants |

TO:     KEEPER OF THE RECORDS
          **Dr. Peter Nidenbach**
          **Laurellyn Medical Group**
          **37 Wilderness Road**
          **Tryon, NC 28782**

**GREETINGS:**

YOU ARE HEREBY COMMANDED in the name of the United States District

Court, Western District of North Carolina in accordance with the provisions of Rule 45 of

the Federal Rules of Civil Procedure to appear and testify on behalf of defendants before

a Notary Public of the Commonwealth, on **Wednesday, December 6, 2006 at 3:00 p.m.**

at the offices of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 155

Federal Street, Boston, MA 02110 and to testify as to your knowledge, at the taking of

the deposition in the above-entitled action. The oral examination will continue from day

to day until completed.  And you are further required to bring with you the following:

SEE NOTICE OF TAKING DEPOSITION ATTACHED HERETO.

69691.1

IN LIEU OF ATTENDING YOU MAY SEND COPIES OF RECORDS TO **MICHELE CARLUCCI**, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 155 FEDERAL STREET, BOSTON, MA 02110.

Records may be mailed in lieu of your personal appearance <u>provided</u> they are accompanied by: An executed certification that all records requested have been produced (see form attached).

If documents are produced in this fashion, kindly return a copy of the subpoena with a cover letter, executed form(s) and document(s) produced. If you have no records, kindly write to Michele Carlucci confirming same.

Hereof fail not as you will answer your default under the pains and penalties under the law as provided.

WALTER J. KELLY
BY HIS ATTORNEY

Michele Carlucci, BBO# 655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Notary Public
My Commission Expires: 8/28/09

69691.1

## <u>CERTIFICATION</u>

The undersigned does depose and say under the penalties of perjury that I am an authorized custodian of records for _____ and that the enclosed _____ pages represent all documents called for in the attached subpoena, no records having been withheld.  All such records were kept in the regular course of business.

Signed under the pains and penalties of perjury this ___ day of _____, 2006.

_____
Signature

_____
Print Name

_____
Address

_____
Telephone Number

69691.1

UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NORTH CAROLINA**

**CASE NUMBER: 05-10849 RGS**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HELEN RUNGE,        Plaintiff | |
| v. | |
| WALTER J. KELLY,<br>KERRY L. BLOOMINGDALE, M.D., and<br>SUNBRIDGE NURSING AND<br>REHABILITATION CENTER,<br>            Defendants | |

## NOTICE OF TAKING DEPOSITION

TO:    KEEPER OF THE RECORDS
        **Dr. Peter Nidenbach**
        **Laurellyn Medical Group**
        **37 Wilderness Road**
        **Tryon, NC 28782**

Please take notice that on **Wednesday, December 6, 2006 at 3:00 p.m.** at the

offices of Michele Carlucci, Esquire, Wilson, Elser, Moskowitz, Edelman & Dicker LLP,

155 Federal Street, Boston, Massachusetts, Walter J. Kelly, in this action by his attorney

will take the deposition upon oral examination of the **Keeper of Records of Dr. Peter**

**Nidenbach,** pursuant to the applicable provisions pursuant to the applicable provisions of

the Federal Rules of Civil Procedure, before a Notary Public in and for the

Commonwealth of Massachusetts or before some other officer authorized to administer

oaths.

You are further required to bring with you the documents listed on Schedule A

attached hereto.

69691.1

## SCHEDULE A

Any and all medical records, reports, x-rays, films and billings relating in any way to physical, medical or mental condition, illness, disabilities and treatment of Helen Runge, 5 Stirrup Downs, Columbus, NC 28722, , date of birth: 8/03/15.

69691.1

DEPOSITION SUBPOENA: DUCES TECUM

UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NORTH CAROLINA**

**CASE NUMBER: 05-10849 RGS
DISTRICT OF MASSACHUSETTS**

HELEN RUNGE,
                       Plaintiff
        v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                    Defendants

TO:   KEEPER OF THE RECORDS
       **St. Luke's Hospital**
       **101 Hospital Drive**
       **Columbus, NC 28722**

**GREETINGS:**

YOU ARE HEREBY COMMANDED in the name of the United States District

Court, Western District of North Carolina in accordance with the provisions of Rule 45 of

the Federal Rules of Civil Procedure to appear and testify on behalf of defendants before

a Notary Public of the Commonwealth, on **Wednesday, December 6, 2006 at 4:00 p.m.**

at the offices of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 155

Federal Street, Boston, MA 02110 and to testify as to your knowledge, at the taking of

the deposition in the above-entitled action. The oral examination will continue from day

to day until completed. And you are further required to bring with you the following:

SEE NOTICE OF TAKING DEPOSITION ATTACHED HERETO.

IN LIEU OF ATTENDING YOU MAY SEND COPIES OF RECORDS TO
**MICHELE CARLUCCI**, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
LLP, 155 FEDERAL STREET, BOSTON, MA  02110.

69692.1

Records may be mailed in lieu of your personal appearance <u>provided</u> they are accompanied by: An executed certification that all records requested have been produced (see form attached).

If documents are produced in this fashion, kindly return a copy of the subpoena with a cover letter, executed form(s) and document(s) produced. If you have no records, kindly write to Michele Carlucci confirming same.

Hereof fail not as you will answer your default under the pains and penalties under the law as provided.

WALTER J. KELLY
BY HIS ATTORNEY

Michele Carlucci, BBO# 655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Notary Public
My Commission Expires: 8/28/09

69692.1

## <u>CERTIFICATION</u>

The undersigned does depose and say under the penalties of perjury that I am an authorized custodian of records for _____ and that the enclosed _____ pages represent all documents called for in the attached subpoena, no records having been withheld.  All such records were kept in the regular course of business.

Signed under the pains and penalties of perjury this ___ day of _____, 2006.


_____
Signature


_____
Print Name


_____
Address


_____
Telephone Number

69692.1

UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NORTH CAROLINA**

**CASE NUMBER: 05-10849 RGS**
**DISTRICT OF MASSACHUSETTS**

HELEN RUNGE,
                           Plaintiff

          v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                           Defendants

---

## NOTICE OF TAKING DEPOSITION

TO:    KEEPER OF THE RECORDS
       **St. Luke's Hospital**
       **101 Hospital Drive**
       **Columbus, NC 28722**

Please take notice that on **Wednesday, December 6, 2006 at 4:00 p.m.** at the

offices of Michele Carlucci, Esquire, Wilson, Elser, Moskowitz, Edelman & Dicker LLP,

155 Federal Street, Boston, Massachusetts, Walter J. Kelly, in this action by his attorney

will take the deposition upon oral examination of the **Keeper of Records of St. Luke's**

**Hospital,** pursuant to the applicable provisions pursuant to the applicable provisions of

the Federal Rules of Civil Procedure, before a Notary Public in and for the

Commonwealth of Massachusetts or before some other officer authorized to administer

oaths.

You are further required to bring with you the documents listed on Schedule A

attached hereto.

69692.1

The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

Respectfully Submitted,

WALTER J. KELLY
BY HIS ATTORNEY

Michele Carlucci, BBO# 655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
    DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on November 2X, 2006, I have served a copy of the within document by first class mail, postage prepaid, to the following:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050

Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-2414

Michele Carlucci

## SCHEDULE A

Any and all medical records, reports, x-rays, films and billings relating in any way to physical, medical or mental condition, illness, disabilities and treatment of Helen Runge, 5 Stirrup Downs, Columbus, NC 28722, , date of birth: 8/03/15.

**DEPOSITION SUBPOENA: DUCES TECUM**

UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NORTH CAROLINA**

**CASE NUMBER: 05-10849 RGS**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| HELEN RUNGE, |
|                     Plaintiff |
|        v. |
| WALTER J. KELLY, |
| KERRY L. BLOOMINGDALE, M.D., and |
| SUNBRIDGE NURSING AND |
| REHABILITATION CENTER, |
|                     Defendants |

TO:   KEEPER OF THE RECORDS
        **St. Luke's Skilled Nursing Facility**
        **101 Hospital Drive**
        **Columbus, NC 28722**

**GREETINGS:**

YOU ARE HEREBY COMMANDED in the name of the United States District Court, Western District of North Carolina in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure to appear and testify on behalf of defendants before a Notary Public of the Commonwealth, on **Wednesday, December 6, 2006 at 5:00 p.m.** at the offices of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 155 Federal Street, Boston, MA 02110 and to testify as to your knowledge, at the taking of the deposition in the above-entitled action. The oral examination will continue from day to day until completed. And you are further required to bring with you the following: SEE NOTICE OF TAKING DEPOSITION ATTACHED HERETO.

IN LIEU OF ATTENDING YOU MAY SEND COPIES OF RECORDS TO **MICHELE CARLUCCI**, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 155 FEDERAL STREET, BOSTON, MA 02110.

Records may be mailed in lieu of your personal appearance <u>provided</u> they are accompanied by: An executed certification that all records requested have been produced (see form attached).

If documents are produced in this fashion, kindly return a copy of the subpoena with a cover letter, executed form(s) and document(s) produced. If you have no records, kindly write to Michele Carlucci confirming same.

Hereof fail not as you will answer your default under the pains and penalties under the law as provided.

WALTER J. KELLY
BY HIS ATTORNEY

Michele Carlucci, BBO# 655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
        DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Notary Public:
My Commission Expires: 8/28/09

69694.1

## **CERTIFICATION**

The undersigned does depose and say under the penalties of perjury that I am an authorized custodian of records for _____ and that the enclosed _____ pages represent all documents called for in the attached subpoena, no records having been withheld.  All such records were kept in the regular course of business.

Signed under the pains and penalties of perjury this ___ day of _____, 2006.

_____
Signature

_____
Print Name

_____
Address

_____
Telephone Number

69694.1

UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NORTH CAROLINA**

**CASE NUMBER: 05-10849 RGS**
**DISTRICT OF MASSACHUSETTS**

HELEN RUNGE,
                             Plaintiff

                v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                             Defendants

## NOTICE OF TAKING DEPOSITION

TO:    KEEPER OF THE RECORDS
       **St. Luke's Skilled Nursing Facility**
       **101 Hospital Drive**
       **Columbus, NC 28722**

Please take notice that on **Wednesday, December 6, 2006 at 5:00 p.m.** at the

offices of Michele Carlucci, Esquire, Wilson, Elser, Moskowitz, Edelman & Dicker LLP,

155 Federal Street, Boston, Massachusetts, Walter J. Kelly, in this action by his attorney

will take the deposition upon oral examination of the **Keeper of Records of St. Luke's**

**Skilled Nursing Facility,** pursuant to the applicable provisions pursuant to the applicable

provisions of the Federal Rules of Civil Procedure, before a Notary Public in and for the

Commonwealth of Massachusetts or before some other officer authorized to administer

oaths.

You are further required to bring with you the documents listed on Schedule A

attached hereto.

69694.1

The oral examination will continue from day to day until completed.  You are

invited to attend and cross-examine.

Respectfully Submitted,

WALTER J. KELLY
BY HIS ATTORNEY

Michele Carlucci, BBO# 655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on November 2X, 2006, I have served a copy of
the within document by first class mail, postage prepaid, to the following:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050

Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-2414

Michele Carlucci

69694.1

## SCHEDULE A

Any and all medical records, reports, x-rays, films and billings relating in any way to physical, medical or mental condition, illness, disabilities and treatment of Helen Runge, 5 Stirrup Downs, Columbus, NC 28722, , date of birth: 8/03/15.

## RETURN OF SERVICE

I certify that this summons and a copy of the complaint were received and served as follows:

*Defendant 1.*

| Date Served | Name of Defendant |
|---|---|
| | White Oak Manor (Berson Hall Assisted living Facility |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

Name of person with whom copies left

Address where copies delivered or left

☐ Service accepted by Defendant

| Date accepted | Signature |
|---|---|
| | |

☐ Other manner of service (specify)

☒ Defendant WAS NOT served for the following reason. Unable to locate prior to court date due to administration change

| Service Fee Paid $ | Date Received 11-22-06 | Name of Sheriff Chris Abril |
|---|---|---|
| By | Date of Return 12-11-06 | County Polk |
| | | Deputy Sheriff making return Shannon Scull |

STATE OF NORTH CAROLINA
COUNTY OF POLK

SWORN TO AND SUBSCRIBED before me, this the _11th_ day of _December_ XX 2006

My Commission Expires:
_June 12, 2010_

_Karen J. Lawrence_
NOTARY PUBLIC

Karen J. Lawrence
Notary Public
Polk County, NC
My Commission Expires June 12, 2010

## RETURN OF SERVICE
I certify that this summons and a copy of the complaint were received and served as follows:

*Defendant 1.*

| Date Served | Name of Defendant |
|---|---|
| | Robert M. Palmer |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

Name of person with whom copies left

Address where copies delivered or left

☐ Service accepted by Defendant

| Date accepted | Signature |
|---|---|
| | |

☐ Other manner of service (specify)

☒ Defendant WAS NOT served for the following reason. Unable to locate prior to court date due to administration change.

| Service Fee Paid | Date Received | Name of Sheriff |
|---|---|---|
| $ | 11-22-06 | Chris Abril |
| By | Date of Return | County Polk |
| | 12-11-06 | Deputy Sheriff making return Ranron Scell |

STATE OF NORTH CAROLINA
COUNTY OF POLK

SWORN TO AND SUBSCRIBED before me, this the 11th day of December, x̶ 2006

My Commission Expires:
June 12, 2010

Karen J. Lawrence
NOTARY PUBLIC

Karen J. Lawrence
Notary Public
Polk County, NC
My Commission Expires June 12, 2010

## RETURN OF SERVICE
I certify that this summons and a copy of the complaint were received and served as follows:

*Defendant 1.*

| Date Served | Name of Defendant |
| --- | --- |
| | White Oak Manor Nursing Facility |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

Name of person with whom copies left

Address where copies delivered or left

☐ Service accepted by Defendant

| Date accepted | Signature |
| --- | --- |

☐ Other manner of service (specify)

☑ Defendant WAS NOT served for the following reason. unable to locate prior to court date due to administration change

| Service Fee Paid $ | Date Received 11-22-06 | Name of Sheriff Chris Abril |
| --- | --- | --- |
| By | Date of Return 12-11-06 | County Polk |
| | | Deputy Sheriff making return Shannon Scell |

STATE OF NORTH CAROLINA
COUNTY OF POLK

SWORN TO AND SUBSCRIBED before me, this the 11th day of December x62006

My Commission Expires:
June 12, 2010

Karen J. Lawrence
NOTARY PUBLIC

Karen J. Lawrence
Notary Public
Polk County, NC
My Commission Expires June 12, 2010

RETURN OF SERVICE
I certify that this summons and a copy of the complaint were received and served as follows:

*Defendant 1.*

| Date Served | Name of Defendant |
|---|---|
|  | Laurel Woods Assisted Living |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

Name of person with whom copies left

Address where copies delivered or left

☐ Service accepted by Defendant

| Date accepted | Signature |
|---|---|
|  |  |

☐ Other manner of service (specify)

☒ Defendant WAS NOT served for the following reason. unable to locate prior to court date due to administration change

| Service Fee Paid $ | Date Received 11-22-06 | Name of Sheriff Chris Abril |
|---|---|---|
| By | Date of Return 12-11-06 | County Polk |
|  |  | Deputy Sheriff making return    Scott |

STATE OF NORTH CAROLINA
COUNTY OF POLK

SWORN TO AND SUBSCRIBED before me, this the 11th day of December X 2006

My Commission Expires:
June 12, 2010

Karen
NOTARY PUBLIC

Karen J. Lawrence
Notary Public
Polk County, NC
My Commission Expires June 12, 2010

## RETURN OF SERVICE

I certify that this summons and a copy of the complaint were received and served as follows:

*Defendant 1.*

| Date Served | Name of Defendant |
| --- | --- |
| | Dr. Peter Nidenbach |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

Name of person with whom copies left

Address where copies delivered or left

☐ Service accepted by Defendant

| Date accepted | Signature |
| --- | --- |

☐ Other manner of service (specify)

☒ Defendant WAS NOT served for the following reason. unable to locate prior to court date due to administration change

| Service Fee Paid $ | Date Received 11-22-06 | Name of Sheriff Chris Abril |
| --- | --- | --- |
| By | Date of Return 12-11-06 | County Polk |
| | | Deputy Sheriff making return Shannon Scell |

STATE OF NORTH CAROLINA
COUNTY OF POLK

SWORN TO AND SUBSCRIBED before me, this the 11th day of December, 2006

My Commission Expires:

June 12, 2010

Karen J. Lawrence
NOTARY PUBLIC

Karen J. Lawrence
Notary Public
Polk County, NC
My Commission Expires June 12, 2010

## RETURN OF SERVICE
I certify that this summons and a copy of the complaint were received and served as follows:

*Defendant 1.*

| Date Served | Name of Defendant |
|---|---|
| | Dr. George Kim |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

Name of person with whom copies left

Address where copies delivered or left

☐ Service accepted by Defendant

| Date accepted | Signature |
|---|---|

☐ Other manner of service (specify)

☒ Defendant WAS NOT served for the following reason. *unable to locate Prior to court date due to administration charge*

| Service Fee Paid $ | Date Received 11-22-06 | Name of Sheriff Chris Abril |
|---|---|---|
| By | Date of Return 12-11-06 | County Polk |
| | | Deputy Sheriff making return Shannon Scell |

STATE OF NORTH CAROLINA
COUNTY OF POLK

SWORN TO AND SUBSCRIBED before me, this the *11th* day of *December* 2006

My Commission Expires:
*June 12, 2010*

*Karen J. Lawrence*
NOTARY PUBLIC

Karen J. Lawrence
Notary Public
Polk County, NC
My Commission Expires June 12, 2010

**RETURN OF SERVICE**

I certify that this summons and a copy of the complaint were received and served as follows:

*Defendant 1.*

| Date Served | Name of Defendant |
|---|---|
| | St. Luke's Hospital |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

Name of person with whom copies left

Address where copies delivered or left

☐ Service accepted by Defendant

| Date accepted | Signature |
|---|---|
| | |

☐ Other manner of service (specify)

☑ Defendant WAS NOT served for the following reason. unable to locate prior to court date due to administration change

| Service Fee Paid | Date Received | Name of Sheriff |
|---|---|---|
| $ | 11-22-06 | Chris Abril |
| By | Date of Return | County |
| | 12-11-06 | Polk |
| | | Deputy Sheriff making return |
| | | Shannon Scull |

STATE OF NORTH CAROLINA
COUNTY OF POLK

SWORN TO AND SUBSCRIBED before me, this the _11th_ day of _December_ X 2006

My Commission Expires:
_June 12, 2010_

_Karen J. Lawrence_
NOTARY PUBLIC

Karen J. Lawrence
Notary Public
Polk County. NC
My Commission Expires June 12, 2010

**RETURN OF SERVICE**
I certify that this summons and a copy of the complaint were received and served as follows:

*Defendant 1.*

| Date Served | Name of Defendant |
|---|---|
| | St. Luke's Skilled Nursing Facility   Dr. George Kim |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

Name of person with whom copies left

Address where copies delivered or left

☐ Service accepted by Defendant

| Date accepted | Signature |
|---|---|
| | |

☐ Other manner of service (specify)

☒ Defendant WAS NOT served for the following reason. Unable to locate prior to court date due to administration change

| Service Fee Paid | Date Received | Name of Sheriff |
|---|---|---|
| $ | 11-22-06 | Chris Abril |
| By | Date of Return | County  Polk |
| | 12-11-06 | Deputy Sheriff making return  Shannon Scell |

STATE OF NORTH CAROLINA
COUNTY OF POLK

SWORN TO AND SUBSCRIBED before me, this the 11th day of December, 2006

My Commission Expires:
June 12, 2010

Karen J. Lawrence
NOTARY PUBLIC

Karen J. Lawrence
Notary Public
Polk County, NC
My Commission Expires June 12, 2010

The oral examination will continue from day to day until completed.   You are

invited to attend and cross-examine.

Respectfully Submitted,

WALTER J. KELLY
BY HIS ATTORNEY

Michele Carlucci, BBO# 655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on November 27, 2006, I have served a copy of
the within document by first class mail, postage prepaid, to the following:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050

Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-2414

Michele Carlucci

69691.1



# LATSHA DAVIS YOHE & McKENNA, P.C.

## ATTORNEYS AT LAW

1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, Pennsylvania 17050
(717) 620-2424
(717) 620-2444 (Fax)

TO:        Michele Carlucci, Esq.

FROM:      Andrea E. Dean, Esq.

DATE:      November 29, 2006

FAX NO.:   (617) 423-6917

FILE NO.:  812-03

TOTAL PAGES SENT INCLUDING COVER PAGE: 21

MESSAGE:

---

### CONFIDENTIALITY NOTICE

The information in this transmission is intended only for the individual or entity named above. It may be legally privileged and confidential. If you have received this information in error, notify us immediately by calling our operator at the number set out below. Send the original transmission to us by mail. Return postage is guaranteed. If the reader of this message is not the intended recipient, you are hereby notified that any disclosure, dissemination, distribution or copying of this communication or its contents is strictly prohibited.
*************************************

Please call Michelle Fournier at (717) 620-2424 if this information is unclear or incomplete

108990

11/29/2006 16:04 FAX 7178202444    LATSHA DAVIS YOHE&MCKENN    ✉002



# LATSHA DAVIS YOHE
# & McKENNA, P.C.
### ATTORNEYS AT LAW

PLEASE REPLY TO:    Mechanicsburg
WRITER'S E- MAIL:    adean@ldylaw.com

November 29, 2006

_Via Facsimile (617) 423-6917_
Michele Carlucci, Esq
Wilson, Elser, Moskowitz,
Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110-1727

Re:    **Subpoena to Keeper of Records for Black Mountain Center (Greenwood**
**Inn Respite Center)**
Helen A. Runge v. Walter J. Kelly, et al.
No. 05-10849-RGS
Our File No. 812-03

Dear Ms. Carlucci,

We are in receipt of the "Keeper of Records" subpoena that you on behalf of Defendant Walter Kelly recently submitted to the Buncombe County Sheriff in North Carolina for service on the above identified deponent. The date that you have again arbitrarily set conflicts with our schedule and availability. In addition, we request that you retract the subpoena, as it is unenforceable for the reasons set forth

The subpoena requires the deponent, who is not a party, to travel to Boston, Massachusetts, which is more than 100 miles from his or her place of employment. This will subject the deponent to undue burden in complying with the subpoena in violation of the provisions of Federal Rules of Civil Procedure (FRCP) 45. Further, you have failed to allow reasonable time for the deponent to comply with the subpoena for the deposition, which is scheduled for next week and requires travel to Boston, Massachusetts. Finally, the subpoena is not in the proper form because it does not incorporate subsections (c) and (d) of FRCP 45 as required by that rule.

1700 Bent Creek Boulevard, Suite 140 ● Mechanicsburg, PA 17050 ● (717) 620-2424 ● FAX (717) 620-7444

350 Eagleview Boulevard, Suite 100 ● Exton, PA 19341 ● (610) 524-8454 ● FAX (610) 524-9383

3000 Atrium Way, Suite 251 ● Mt. Laurel, NJ 08054 ● (856) 231-5351 ● FAX (856) 231-5341

Maryland Telephone: (410) 727-2810

Michele Carlucci, Esq.
November 29, 2006
Page 2

     Please advise us immediately whether you will withdraw the Keeper of Records subpoena. If not, we currently intend to pursue further action to quash the subpoena if this dispute cannot be amicably resolved.

                Sincerely,

                Andrea E. Dean

cc:    George C. Rockas, Esq. (*via facsimile 617 423-6917*)
       James S. Hamrock, Jr., Esq. (*via facsimile 617-496-1707*)
       Michael Williams, Esq. (*via facsimile 617-439-3987*)
       Blake J. Godbout, Esq. (*via facsimile 617-227-3709*)
       Helen A. Runge
       Keeper of Records – Black Mountain Center (Greenwood Inn Respite Center)

11/29/2006 16:04 FAX 7176202444      LATSHA DAVIS YOHE&MCKENN                      @004



# LATSHA DAVIS YOHE
# & McKENNA, P.C.

### ATTORNEYS AT LAW

PLEASE REPLY TO:   Mechanicsburg
WRITER'S E-MAIL:   adean@ldylaw.com

November 29, 2006

**Via Facsimile (617) 423-6917**
Michele Carlucci, Esq.
Wilson, Elser, Moskowitz,
Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110-1727

Re:   **Subpoena to Keeper of Records for B. Rhett Myers, M.D.**
      Helen A. Runge v. Walter J. Kelly, et al.
      No. 05-10849-RGS
      Our File No. 812-03

Dear Ms. Carlucci,

    We are in receipt of the "Keeper of Records" subpoena that you on behalf of Defendant Walter Kelly recently submitted to the Greenville County Sheriff in South Carolina for service on the above identified deponent. The date that you have again arbitrarily set conflicts with our schedule and availability. In addition, we request that you retract the subpoena, as it is unenforceable for the reasons set forth.

    The subpoena requires the deponent, who is not a party, to travel to Boston, Massachusetts, which is more than 100 miles from his or her place of employment. This will subject the deponent to undue burden in complying with the subpoena in violation of the provisions of Federal Rules of Civil Procedure (FRCP) 45. Further, you have failed to allow reasonable time for the deponent to comply with the subpoena for the deposition, which is scheduled for next week and requires travel to Boston, Massachusetts. Finally, the subpoena is not in the proper form because it does not incorporate subsections (c) and (d) of FRCP 45 as required by that rule.

1700 Bent Creek Boulevard, Suite 140 • Mechanicsburg, PA 17050 ▪ (717) 620-2424 • FAX (717) 620-2444

350 Eagleview Boulevard, Suite 100 • Exton, PA 19341 • (610) 524-8454 • FAX (610) 524-9383

3000 Atrium Way, Suite 251 • Mt. Laurel, NJ 08054 • (856) 231-5351 • FAX (856) 231-5341

Maryland Telephone: (410) 727-2810

Michele Carlucci, Esq.
November 29, 2006
Page 2

        Please advise us immediately whether you will withdraw the Keeper of Records subpoena. If
not, we currently intend to pursue further action to quash the subpoena if this dispute cannot be
amicably resolved.

                          Sincerely,

                          Andrea E. Dean


cc:     George C. Rockas, Esq. (via facsimile 617 423-6917)
        James S. Hamrock, Jr., Esq. (via facsimile 617-496-1707)
        Michael Williams, Esq. (via facsimile 617-439-3987)
        Blake J. Godbout, Esq. (via facsimile 617-227-3709)
        Helen A. Runge
        Keeper of Records – B. Rhett Myers, M.D.


111892

へ



# LATSHA DAVIS YOHE & McKENNA, P.C.

### ATTORNEYS AT LAW

PLEASE REPLY TO:    Mechanicsburg
WRITER'S E- MAIL:    adean@ldylaw.com

November 29, 2006

*Via Facsimile (617) 423-6917*
Michele Carlucci, Esq.
Wilson, Elser, Moskowitz,
Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110-1727

Re:    Subpoena to Keeper of Records for Robert M. Palmer, M.D.
Helen A. Runge v. Walter J. Kelly, et al.
No. 05-10849-RGS
Our File No. 812-03

Dear Ms. Carlucci,

We are in receipt of the "Keeper of Records" subpoena that you on behalf of Defendant Walter Kelly recently submitted to the Polk County Sheriff in North Carolina for service on the above identified deponent. The date that you have again arbitrarily set conflicts with our schedule and availability. In addition, we request that you retract the subpoena, as it is unenforceable for the reasons set forth.

The subpoena requires the deponent, who is not a party, to travel to Boston, Massachusetts, which is more than 100 miles from his or her place of employment. This will subject the deponent to undue burden in complying with the subpoena in violation of the provisions of Federal Rules of Civil Procedure (FRCP) 45. Further, you have failed to allow reasonable time for the deponent to comply with the subpoena for the deposition, which is scheduled for next week and requires travel to Boston, Massachusetts. Finally, the subpoena is not in the proper form because it does not incorporate subsections (c) and (d) of FRCP 45 as required by that rule.

1700 Bent Creek Boulevard, Suite 140 • Mechanicsburg, PA 17050 • (717) 620-2424 • FAX (717) 620-2444

350 Eagleview Boulevard, Suite 100 • Exton, PA 19341 • (610) 524-8454 • FAX (610) 524-0383

3000 Atrium Way, Suite 251 • Mt. Laurel, NJ 08054 • (856) 231-5351 • FAX (856) 231-5341

Maryland Telephone: (410) 727-2810

11/29/2006 16:04 FAX 7176202444          LATSHA DAVIS YOHE&MCKENN                    ☒007

Michele Carlucci, Esq.
November 29, 2006
Page 2

        Please advise us immediately whether you will withdraw the Keeper of Records subpoena. If not, we currently intend to pursue further action to quash the subpoena if this dispute cannot be amicably resolved.

                                    Sincerely,

                                    [signature]

                                    Andrea E. Dean


cc:     George C. Rockas, Esq. (via facsimile 617 423-6917)
        James S. Hamrock, Jr., Esq. (via facsimile 617-496-1707)
        Michael Williams, Esq. (via facsimile 617-439-3987)
        Blake J. Godbout, Esq. (via facsimile 617-227-3709)
        Helen A. Runge
        Keeper of Records – Robert M. Palmer, M.D.

11/29/2006 16:05 FAX 7176202444          LATSHA DAVIS YOHE&MCKENN                    ☒008



# LATSHA DAVIS YOHE & McKENNA, P.C.

### ATTORNEYS AT LAW

PLEASE REPLY TO·        Mechanicsburg
WRITER'S E·MAIL:        ndean@ldylaw.com

November 29, 2006

*Via Facsimile (617) 423-6917*
Michele Carlucci, Esq.
Wilson, Elser, Moskowitz,
Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110-1727

Re:     **Subpoena to Keeper of Records for White Oak Manor (Benson Hall
        Assisted Living Facility)**
        Helen A. Runge v. Walter J. Kelly, et al.
        No. 05-10849-RGS
        Our File No. 812-03

Dear Ms. Carlucci,

   We are in receipt of the "Keeper of Records" subpoena that you on behalf of Defendant Walter Kelly recently submitted to the Polk County Sheriff in North Carolina for service on the above identified deponent. The date that you have again arbitrarily set conflicts with our schedule and availability. In addition, we request that you retract the subpoena, as it is unenforceable for the reasons set forth.

   The subpoena requires the deponent, who is not a party, to travel to Boston, Massachusetts, which is more than 100 miles from his or her place of employment. This will subject the deponent to undue burden in complying with the subpoena in violation of the provisions of Federal Rules of Civil Procedure (FRCP) 45. Further, you have failed to allow reasonable time for the deponent to comply with the subpoena for the deposition, which is scheduled for next week and requires travel to Boston, Massachusetts. Finally, the subpoena is not in the proper form because it does not incorporate subsections (c) and (d) of FRCP 45 as required by that rule.

1700 Bent Creek Boulevard, Suite 140 ▪ Mechanicsburg, PA 17050 ▪ (717) 620-2424 ▪ FAX (717) 620-2444

350 Eagleview Boulevard, Suite 100 ▪ Exton, PA 19341 ▪ (610) 524-8454 ▪ FAX (610) 524-9383

5000 Atrium Way, Suite 251 ▪ Mt. Laurel, NJ 08054 ▪ (856) 231-5351 ▪ FAX (856) 231-5341

Maryland Telephone: (410) 727-2010

Michele Carlucci, Esq.
November 29, 2006
Page 2

        Please advise us immediately whether you will withdraw the Keeper of Records subpoena   If
not, we currently intend to pursue further action to quash the subpoena if this dispute cannot be
amicably resolved.

                        Sincerely,

                        Andrea E. Dean

cc:     George C. Rockas, Esq. (*via facsimile 617 423-6917*)
        James S. Hamrock, Jr., Esq. (*via facsimile 617-496-1707*)
        Michael Williams, Esq. (*via facsimile 617-439-3987*)
        Blake J. Godbout, Esq. (*via facsimile 617-227-3709*)
        Keeper of Records – White Oak Manor (Benson Hall Assisted Living Facility)

111894

11/29/2006 16:05 FAX 7176202444          LATSHA DAVIS YOHE&MCKENN                    ☑010

# LATSHA DAVIS YOHE
# & McKENNA, P.C.

### ATTORNEYS AT LAW

PLEASE REPLY TO:    Mechanicsburg
WRITER'S E- MAIL:    adcan@ldylaw.com

November 29, 2006

*Via Facsimile (617) 423-6917*
Michele Carlucci, Esq.
Wilson, Elser, Moskowitz,
Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110-1727

Re:    **Subpoena to Keeper of Records for White Oak Manor (Nursing Facility)**
       Helen A. Runge v. Walter J. Kelly, et al.
       No. 05 10849 RGS
       Our File No. 812-03

Dear Ms. Carlucci,

We are in receipt of the "Keeper of Records" subpoena that you on behalf of Defendant Walter Kelly recently submitted to the Polk County Sheriff in North Carolina for service on the above identified deponent. The date that you have again arbitrarily set conflicts with our schedule and availability. In addition, we request that you retract the subpoena, as it is unenforceable for the reasons set forth.

The subpoena requires the deponent, who is not a party, to travel to Boston, Massachusetts, which is more than 100 miles from his or her place of employment. This will subject the deponent to undue burden in complying with the subpoena in violation of the provisions of Federal Rules of Civil Procedure (FRCP) 45. Further, you have failed to allow reasonable time for the deponent to comply with the subpoena for the deposition, which is scheduled for next week and requires travel to Boston, Massachusetts. Finally, the subpoena is not in the proper form because it does not incorporate subsections (c) and (d) of FRCP 45 as required by that rule.

1700 Bent Creek Boulevard, Suite 140 ● Mechanicsburg, PA 17050 ● (717) 670-7474 ● FAX (717) 670-2444

350 Eagleview Boulevard, Suite 100 ● Exton, PA 19341 ● (610) 524-8454 ● FAX (610) 524-9383

3000 Atrium Way, Suite 251 ● Mt. Laurel, NJ 08054 ● (856) 231-3351 ● FAX (856) 231-5541

Maryland Telephone: (410) 727-2810

Michele Carlucci, Esq.
November 29, 2006
Page 2

Please advise us immediately whether you will withdraw the Keeper of Records subpoena. If not, we currently intend to pursue further action to quash the subpoena if this dispute cannot be amicably resolved.

Sincerely,

Andrea E. Dean

cc:   George C. Rockas, Esq. (via facsimile 617 423-6917)
      James S. Hamrock, Jr., Esq. (via facsimile 617-496-1707)
      Michael Williams, Esq. (via facsimile 617-439-3987)
      Blake J. Godbout, Esq. (via facsimile 617-227-3709)
      Keeper of Records – White Oak Manor (Nursing Facility)

111902



# LATSHA DAVIS YOHE & McKENNA, P.C.

### ATTORNEYS AT LAW

PLEASE REPLY TO:    Mechanicsburg
WRITER'S E-MAIL.    adean@ldylaw.com

November 29, 2006

<u>*Via Facsimile (617) 423-6917*</u>
Michele Carlucci, Esq.
Wilson, Elser, Moskowitz,
Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110-1727

Re:    **Subpoena to Keeper of Records for LaurelWoods Assisted Living**
Helen A. Runge v. Walter J. Kelly, et al.
No. 05-10849-RGS
Our File No. 812-03

Dear Ms. Carlucci,

We are in receipt of the "Keeper of Records" subpoena that you on behalf of Defendant Walter Kelly recently submitted to the Polk County Sheriff in North Carolina for service on the above identified deponent. The date that you have again arbitrarily set conflicts with our schedule and availability. In addition, we request that you retract the subpoena, as it is unenforceable for the reasons set forth.

The subpoena requires the deponent, who is not a party, to travel to Boston, Massachusetts, which is more than 100 miles from his or her place of employment. This will subject the deponent to undue burden in complying with the subpoena in violation of the provisions of Federal Rules of Civil Procedure (FRCP) 45. Further, you have failed to allow reasonable time for the deponent to comply with the subpoena for the deposition, which is scheduled for next week and requires travel to Boston, Massachusetts. Finally, the subpoena is not in the proper form because it does not incorporate subsections (c) and (d) of FRCP 45 as required by that rule.

1700 Bent Creek Boulevard, Suite 140 ● Mechanicsburg, PA 17050 ● (717) 620-2424 ● FAX (717) 620-2444

350 Eagleview Boulevard, Suite 100 ● Exton, PA 19341 ● (610) 524-8454 ● FAX (610) 524-9383

3000 Atrium Way, Suite 251 ● Mt. Laurel, NJ 08054 ● (856) 231-5351 ● FAX (856) 231-5341

Maryland Telephone: (410) 727-2810

11/29/2006 16:05 FAX 7176202444          LATSHA DAVIS YOHE&MCKENN                    ☑013

Michele Carlucci, Esq.
November 29, 2006
Page 2

      Please advise us immediately whether you will withdraw the Keeper of Records subpoena. If not, we currently intend to pursue further action to quash the subpoena if this dispute cannot be amicably resolved.

Sincerely,

Andrea E. Dean

cc:    George C. Rockas, Esq *(via facsimile 617 423-6917)*
      James S Hamrock, Jr., Esq. *(via facsimile 617-496-1707)*
      Michael Williams, Esq. *(via facsimile 617-439-3987)*
      Blake J. Godbout, Esq. *(via facsimile 617-227-3709)*
      Helen A. Runge
      Keeper of Records – LaurelWoods Assisted Living

111895



# LATSHA DAVIS YOHE
# & McKENNA, P.C.

### ATTORNEYS AT LAW

PLEASE REPLY TO:   Mechanicsburg
WRITER'S E-MAIL:   adtan@ldylaw.com

November 29, 2006

*Via Facsimile (617) 423-6917*
Michele Carlucci, Esq.
Wilson, Elser, Moskowitz,
Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110-1727

Re:   Subpoena to Keeper of Records for Dr. George Kim
      Helen A. Runge v. Walter J. Kelly, et al.
      No. 05-10849 RGS
      Our File No. 812-03

Dear Ms. Carlucci,

We are in receipt of the "Keeper of Records" subpoena that you on behalf of Defendant Walter Kelly recently submitted to the Polk County Sheriff in North Carolina for service on the above identified deponent. The date that you have again arbitrarily set conflicts with our schedule and availability. In addition, we request that you retract the subpoena, as it is unenforceable for the reasons set forth.

The subpoena requires the deponent, who is not a party, to travel to Boston, Massachusetts, which is more than 100 miles from his or her place of employment. This will subject the deponent to undue burden in complying with the subpoena in violation of the provisions of Federal Rules of Civil Procedure (FRCP) 45. Further, you have failed to allow reasonable time for the deponent to comply with the subpoena for the deposition, which is scheduled for next week and requires travel to Boston, Massachusetts. Finally, the subpoena is not in the proper form because it does not incorporate subsections (c) and (d) of FRCP 45 as required by that rule.

1700 Bent Creek Boulevard, Suite 140 ● Mechanicsburg, PA 17050 ● (717) 620-2424 ● FAX (717) 620-2444

350 Eagleview Boulevard, Suite 100 ● Exton, PA 19341 ● (610) 524-8454 ● FAX (610) 524-9383

3000 Atrium Way, Suite 251 ● Mt. Laurel, NJ 08054 ● (856) 231-5351 ● FAX (856) 231-5341

Maryland Telephone: (410) 727-2010

11/29/2006 16:05 FAX 7176202444                  LATSHA DAVIS YOHE&MCKENN                          ☒015

Michele Carlucci, Esq.
November 29, 2006
Page 2


        Please advise us immediately whether you will withdraw the Keeper of Records subpoena.  If not, we currently intend to pursue further action to quash the subpoena if this dispute cannot be amicably resolved.


                                Sincerely,


                                Andrea E. Dean


cc:     George C. Rockas, Esq. (*via facsimile 617 423-6917*)
        James S. Hamrock, Jr., Esq. (*via facsimile 617-496-1707*)
        Michael Williams, Esq. (*via facsimile 617-439-3987*)
        Blake J. Godbout, Esq. (*via facsimile 617-227-3709*)
        Helen A. Runge
        Keeper of Records – Dr. George Kim


111896

11/29/2006 16:05 FAX 7176202444     LATSHA DAVIS YOHE&MCKENN     @016



# LATSHA DAVIS YOHE
# & McKENNA, P.C.

### ATTORNEYS AT LAW

PLEASE REPLY TO:   Mechanicsburg
WRITER'S E-MAIL:   adean@ldylaw.com

November 29, 2006

*Via Facsimile (617) 423-6917*
Michele Carlucci, Esq.
Wilson, Elser, Moskowitz,
Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110-1727

Re:   **Subpoena to Keeper of Records for Dr. Peter Nidenbach**
      Helen A. Runge v. Walter J. Kelly, et al.
      No. 05 10849-RGS
      Our File No. 812-03

Dear Ms. Carlucci,

We are in receipt of the "Keeper of Records" subpoena that you on behalf of Defendant Walter Kelly recently submitted to the Polk County Sheriff in North Carolina for service on the above identified deponent. The date that you have again arbitrarily set conflicts with our schedule and availability. In addition, we request that you retract the subpoena, as it is unenforceable for the reasons set forth.

The subpoena requires the deponent, who is not a party, to travel to Boston, Massachusetts, which is more than 100 miles from his or her place of employment. This will subject the deponent to undue burden in complying with the subpoena in violation of the provisions of Federal Rules of Civil Procedure (FRCP) 45. Further, you have failed to allow reasonable time for the deponent to comply with the subpoena for the deposition, which is scheduled for next week and requires travel to Boston, Massachusetts. Finally, the subpoena is not in the proper form because it does not incorporate subsections (c) and (d) of FRCP 45 as required by that rule.

1700 Bent Creek Boulevard, Suite 140 ● Mechanicsburg, PA 17050 ● (717) 620-2424 ● FAX (717) 620-2444

450 Eagleview Boulevard, Suite 100 ● Exton, PA 19341 ● (610) 524-8454 ● FAX (610) 524-9383

3000 Atrium Way, Suite 251 ● Mt. Laurel, NJ 08054 ● (856) 231-5351 ● FAX (856) 231-5341

Maryland Telephone: (410) 727-2810

Michele Carlucci, Esq.
November 29, 2006
Page 2


      Please advise us immediately whether you will withdraw the Keeper of Records subpoena  If not, we currently intend to pursue further action to quash the subpoena if this dispute cannot be amicably resolved.


                Sincerely,


                Andrea E. Dean


cc:    George C. Rockas, Esq. (*via facsimile 617 423-6917*)
       James S. Hamrock, Jr., Esq. (*via facsimile 617-496-1707*)
       Michael Williams, Esq. (*via facsimile 617-439-3987*)
       Blake J. Godbout, Esq. (*via facsimile 617-227-3709*)
       Helen A. Runge
       Keeper of Records – Dr. Peter Nidenbach

11/29/2006 16:06 FAX 7176202444    LATSHA DAVIS YOHE&MCKENN    ☒018

 # LATSHA DAVIS YOHE
# & McKENNA, P.C.
### ATTORNEYS AT LAW

PLEASE REPLY TO:    Mechanicsburg
WRITER'S E- MAIL:    adean@ldylaw.com

November 29, 2006

_Via Facsimile (617) 423-6917_
Michele Carlucci, Esq.
Wilson, Elser, Moskowitz,
Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110-1727

Re:    **Subpoena to Keeper of Records for St. Luke's Hospital**
Helen A. Runge v. Walter J. Kelly, et al.
No. 05 10849-RGS
Our File No. 812-03

Dear Ms. Carlucci,

We are in receipt of the "Keeper of Records" subpoena that you on behalf of Defendant Walter Kelly recently submitted to the Polk County Sheriff in North Carolina for service on the above identified deponent. The date that you have again arbitrarily set conflicts with our schedule and availability. In addition, we request that you retract the subpoena, as it is unenforceable for the reasons set forth.

The subpoena requires the deponent, who is not a party, to travel to Boston, Massachusetts, which is more than 100 miles from his or her place of employment. This will subject the deponent to undue burden in complying with the subpoena in violation of the provisions of Federal Rules of Civil Procedure (FRCP) 45. Further, you have failed to allow reasonable time for the deponent to comply with the subpoena for the deposition, which is scheduled for next week and requires travel to Boston, Massachusetts. Finally, the subpoena is not in the proper form because it does not incorporate subsections (c) and (d) of FRCP 45 as required by that rule.

1700 Bent Creek Boulevard, Suite 140 • Mechanicsburg, PA 17050 • (717) 620-2424 • FAX (717) 620-2444

350 Eagleview Boulevard, Suite 100 • Exton, PA 19341 • (610) 524-8454 • FAX (610) 524-9383

3000 Atrium Way, Suite 251 • Mt. Laurel, NJ 08054 • (856) 231-5351 • FAX (856) 231-5341

Maryland Telephone: (410) 727-2810

Michele Carlucci, Esq.
November 29, 2006
Page 2

Please advise us immediately whether you will withdraw the Keeper of Records subpoena. If not, we currently intend to pursue further action to quash the subpoena if this dispute cannot be amicably resolved.

Sincerely,

Andrea E. Dean

cc:     George C. Rockas, Esq. (*via facsimile 617 423-6917*)
        James S. Hamrock, Jr., Esq. (*via facsimile 617-496-1707*)
        Michael Williams, Esq. (*via facsimile 617-439-3987*)
        Blake J. Godbout, Esq. (*via facsimile 617-227-3709*)
        Helen A. Runge
        Keeper of Records   St. Luke's Hospital

111898

 # LATSHA DAVIS YOHE
# & McKENNA, P.C.
### ATTORNEYS AT LAW

PLEASE REPLY TO:     Mechanicsburg
WRITER'S E-MAIL:     adean@ldylaw.com

November 29, 2006

**_Via Facsimile (617) 423-6917_**
Michele Carlucci, Esq.
Wilson, Elser, Moskowitz,
Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110-1727

    **Re:**   **Subpoena to Keeper of Records for St. Luke's Skilled Nursing Facility**
         Helen A. Runge v. Walter J. Kelly, et al.
         No. 05-10849-RGS
         Our File No. 812-03

Dear Ms. Carlucci,

    We are in receipt of the "Keeper of Records" subpoena that you on behalf of Defendant Walter Kelly recently submitted to the Polk County Sheriff in North Carolina for service on the above identified deponent. The date that you have again arbitrarily set conflicts with our schedule and availability. In addition, we request that you retract the subpoena, as it is unenforceable for the reasons set forth.

    The subpoena requires the deponent, who is not a party, to travel to Boston, Massachusetts, which is more than 100 miles from his or her place of employment. This will subject the deponent to undue burden in complying with the subpoena in violation of the provisions of Federal Rules of Civil Procedure (FRCP) 45. Further, you have failed to allow reasonable time for the deponent to comply with the subpoena for the deposition, which is scheduled for next week and requires travel to Boston, Massachusetts. Finally, the subpoena is not in the proper form because it does not incorporate subsections (c) and (d) of FRCP 45 as required by that rule.

1700 Bent Creek Boulevard, Suite 140 ● Mechanicsburg, PA 17050 ● (717) 620-2424 ● FAX (717) 620-2444
350 Eagleview Boulevard, Suite 100 ● Exton, PA 19341 ● (610) 524-8454 ● FAX (610) 524-9383
3000 Atrium Way, Suite 251 ● Mt. Laurel, NJ 08054 ● (856) 231-5351 ● FAX (856) 231-5341
Maryland Telephone. (410) 727-2810

Michele Carlucci, Esq.
November 29, 2006
Page 2


      Please advise us immediately whether you will withdraw the Keeper of Records subpoena.  If not, we currently intend to pursue further action to quash the subpoena if this dispute cannot be amicably resolved

                    Sincerely,

                    Andrea E. Dean


cc:    George C. Rockas, Esq. (*via facsimile 617 423-6917*)
       James S. Hamrock, Jr., Esq. (*via facsimile 617-496-1707*)
       Michael Williams, Esq. (*via facsimile 617-439-3987*)
       Blake J. Godbout, Esq. (*via facsimile 617-227-3709*)
       Helen A. Runge
       Keeper of Records – St. Luke's Skilled Nursing Facility

111899

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

No. 05-10849RGS

HELEN RUNGE,
                                    Plaintiff

                    v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                                    Defendants

**AFFIDAVIT OF MICHELE CARLUCCI, ESQ. IN SUPPORT OF
DEFENDANT WALTER J. KELLY'S OPPOSITION TO
PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

I, Michele Carlucci, counsel for Defendant Walter Kelly, upon personal

knowledge state:

1.      On November 22, 2006, I sent eight (8) subpoenas to the Polk County Sheriff's

Office for service upon the following medical providers:

1.      Robert M. Palmer, M.D., Tryon Medical Group, P.A., 25 Shields Drive,
        Tryon, NC 28782;

2.      White Oak Manor (Benson Hall Assisted Living Facility), 70 Oak Street,
        Tryon, NC 28782;

3.      White Oak Manor (Nursing Facility), 70 Oak Street, Tryon, NC;

4.      LaurelWoods Assisted Living, 1062 & 1064 W. Mills Street, Columbus,
        NC 28722;

5.      Dr. George Kim, 2536 Lynn Road, Suite B, Tryon, NC 28782;

6.      Dr. Peter Nidenbach, Laurellyn Medical Group, 37 Wilderness Road,
        Tryon, NC 28782;

7.      St. Luke's Hospital, 101 Hospital Drive, Columbus, NC 28722; and

      8.     St. Luke's Skilled Nursing Facility, Dr. George Kim, 101 Hospital Drive, Columbus, NC 28722.

[A true and accurate copy is attached as Exhibit A].

2.     All counsel was copied on the letter to the Sheriff and all counsel were sent copies of the enclosed subpoenas at that time.

3.     On November 29, 2006, Plaintiff's counsel sent letters of objection for each of the eight (8) subpoenas to counsel for Defendant Kelly on the purported grounds that the dates "arbitrarily set" conflicted with counsel's schedule and that the subpoenas were unenforceable. I contacted counsel for the Plaintiff, Andrea Dean, and left a message stating that Defendant did not expect the keepers of records to appear for deposition, but rather to send records in lieu of attending, as indicated on the subpoenas. I specifically stated in the message that if Plaintiff's counsel continued to object to the subpoenas, that she should contact me. I did not hear back from plaintiff's counsel.

4.     On January 8, 2007, I received a phone call from Polk County Sheriff's Office informing me that the subject eight (8) subpoenas had not yet been served due to a change in administration in the Sheriff's Office.

5.     Because the dates for the subpoenas had passed, I prepared new subpoenas and re-sent them to the Sheriff's Office for service.

6.     During my Rule 37.1 conference with Attorney Dean and Attorney Davis, counsel for the Plaintiff, I informed plaintiff's counsel of the details of the Sheriff's failure to serve the subject subpoenas.

7.    I have not received any objection to the subpoenas from the medical providers –
the actual recipients of the subject eight (8) subpoenas.

8.    On January 26, 2007, I received records in response to the subpoenas from St.
Luke's Hospital.  In an email, I informed Plaintiff's counsel of receipt of these records
prior to Plaintiff's filing of this motion.  [A true and accurate copy of the email is
attached as Exhibit D].

9.    In an effort to reach an amicable resolution of this discovery dispute, I reminded
Plaintiff's counsel that the records sought through these subpoenas should have been
provided pursuant to Rule 34 and in response to Defendants' Requests for Production of
Documents.  I requested releases from the Plaintiff to obtain these records, but Plaintiff's
counsel refused.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____TH
DAY OF JANUARY, 2007.


                                    _____
                                    Michele Carlucci

73532.1

**Commonwealth of Massachusetts**
**The Trial Court**

Norfolk Division          Probate and Family Court Department          Docket No. _____

# TEMPORARY

## MEDICAL CERTIFICATE --- GUARDIANSHIP          03P11046I

To the Honorable Justices of the Probate and Family Court:

The undersigned hereby certifies under the penalties of perjury that I am a registered physician and that I personally examined _Helen Runge_

_Sunbridge, 1380 Columbia Rd._          _Randolph_          _MA_
(street address)                          (name of proposed ward)
                                          (city or town)          (state)

on _April 29, 2003_
(date of examination)

and in my opinion the proposed ward:

☒x    is a mentally ill person to the degree that he/she is incapable of caring for his/her personal and/or financial affairs.

☐    is a person who is unable to make or communicate informed decisions due to physical incapacity.

### THIS SECTION MUST BE COMPLETED FOR A GUARDIANSHIP PETITION

Describe in detail the diagnosis leading to the aforementioned opinion (including the types of decisions which the proposed ward has sufficient mental ability to make):

This 87 year old Caucasian divorced female suffers from Alzheimer's dementia with paranoid delusions. Because of her paranoia, and probably also because of her cognitive limitations, she lacks the ability to make sound decisions about certain personal affairs, in—

(OVER)

CJ-P 112 (10/93)

**(MEDICAL CERTIFICATE — GUARDIANSHIP BACK)**

cluding whether to take her psychiactive medications. For example, she thinks that the nursing home staff is purposely giving her too many medications to take — compared to what has been ordered.

Date    4/29/03

Bloomingdale M.D.
(signature)

Kerry Bloomingdale, M.D.    (NEG)
(PRINT name

1132 Westfield Street
(address, including zip code)

Springfield, MA 01089

Tel. No. ( 800 )  378-5454

**JEWISH MEMORIAL HOSPITAL
and REHABILITATION CENTER**

**INTEGRATED PROGRESS NOTES**

01-69-83    3003035
02/25/00    08/13/15
KAPL 2

| LEGEND: | C - | CONSULT | TC- | TEAM CONFERENCE | TR- | THERAPEUTIC RECREATION |
|---|---|---|---|---|---|---|
| (ONE) LINE | NUTR- | NUTRITION | SW- | SOCIAL WORK | CD- | COMMUNICATION DISORDERS |
| BETWEEN NOTES | MED- | PHYSICIAN | N- | NURSING | OT- | OCCUPATIONAL THERAPY |
| DEPT. DESIGNATION ON FIRST LINE OF NOTE | | | RC- | RESPIRATORY CARE | PT- | PHYSICAL THERAPY |

| DATE / SHIFT / TIME | MEDICAL STAFF BEGIN HERE | HOSPITAL STAFF BEGIN HERE |
|---|---|---|
| 2·27 | | Psychiatry:- |
| | | Patient is seen, chart is reviewed |
| | | and report received. Patient remain |
| | | delusional and experiencing visual hallucinations. |
| | | Patient is alert, awake and cooperative. |
| | | Speech- pressured. Good eye contact. |
| | | ⊕ psychomotor restlessness. ⊕ |
| | | visual hall and paranoid delusions. |
| | | Poor insight and judgement. |
| | | ↑ Zyprexa 1.25 g PO bid. |
| | | W. Uyuu |
| 2/27/00 | | Nursing: |
| 11-7am | | pt1 ≅ Alert and responsive. |
| | | Slept well this shift for 6-7°. |
| | | No delusional thoughts |
| | | expressed |
| | | pt 2 ≅ No injury noted. |
| | | pt 4 ≅ Ⓘ m̄ ADLs.    Esther Ampadufu |

**JEWISH MEMORIAL HOSPITAL**
**AND REHABILITATION CENTER**
**59 TOWNSEND ST.**
**BOSTON, MA 02119**

```
RONGE.HELEN
016983         3003035
02/24/00       08/13/15
KAPL2
```

**ADMISSION HISTORY, PHYSICAL EXAMINATION, ASSESSMENT AND PLAN:**

*also called*

DATE/TIME: ___4 pm 30___ Admit from Home

PRIOR MEDICAL CARE PROVIDER: ___Social worker Haydee Nunez___

HISTORY OF PRESENT ILLNESS: ___and DR. Moroquin___ 5226700 3/9

Evaluation of this 84 Cauc. ♀ with increasing paranoia + delusional thinking Pt feels she is being made ill by environment in apartment eg lack of strength and pneumonia

**PAST MEDICAL HISTORY:**

1. ___HTN___                        osteoarthritis
2. ___cataract surgery Ⓡ eye Sept '99___   obs
3. ___obstipation___                 ? prior hx pneumonia

**REVIEW OF SYSTEMS:**

SKIN: ___non contributory___

CARDIOVASCULAR: ___

RESPIRATORY: ___

GASTROINTESTINAL: ___

GENITOURINARY: ___

JEWISH MEMORIAL HOSPITAL & REHABILITATION CENTER
59 TOWNSEND STREET
ROXBURY, MASSACHUSETTS 02119

Page 2

RUNGE, HELEN
HOSPITAL #: 1-69-83

## CLINICAL DIAGNOSES

Psychotic Disorder: NOS with Delusional and Paranoid thinking (minimal
    Improvement)
Hypertension
Degenerative Joint Disease with Osteoarthritis and Gibbus of Spine
Obstipation
S/P right Cataract Replacement with
Xerophthalmia

## DISCHARGE MEDICATIONS

Zyprexa 1.25 mg bid p.o.
ECASA 325 mg p.o. qd
Colace 100 mg p.o. HS
Norvasc 5 mg p.o. qd
Natural Tears 2 gtts. OU qid

**ADDITIONAL DISCHARGE INSTRUCTIONS/DISPOSITION:** Diet: NAS. Careful
follow-up by United Home Care to assure compliance with Zyprexa. Patient has
appointment with Dr. Munir, at JMHRC as an outpatient to continue follow-up for her
delusional thinking. Patient is being discharged home 2/29/00.


Dr. Spencer Van B. Wilking
Attending Physician

SW/if

D: 2/29
T: 2/29

**JEWISH MEMORIAL HOSPITAL**
**and REHABILITATION CENTER**

**INTEGRATED PROGRESS NOTES**

RUNGE, HELEN
01-69-83   3003035
02/25/00     08/13/15
KAPL 2

| DATE / SHIFT / TIME | MEDICAL STAFF BEGIN HERE | HOSPITAL STAFF BEGIN HERE |
|---|---|---|
| 2.28.00 | | Psychiatry:- |
| | | Patient is seen, chart is reviewed |
| | | and report received. Patient still |
| | | believes that there were bugs in |
| | | her apartment and they were |
| | | destroying her apartment and |
| | | they were bitting her. Patient is |
| | | denying any emotional problems. Patient |
| | | stated that she changed carpet |
| | | more than one time due to fear of |
| | | bugs. She also stated that she took |
| | | her landlord to small claim court |
| | | for fumigation and she thinks that she does |
| | | not belong here. |
| | | Patient is alert, awake and suspicious. |
| | | (+) pressured speech. (+) circumstantial thought |
| | | process. Good eye contact. (+) psychomotor |
| | | restlessness. Affect- labile. Patient's delusional |
| | | thinking continue. Poor insight and judgement. |
| | | Patient is on Risperdol. She is tolerating |
| | | meds well. May need guardianship for |
| | | psychiatric Rx. |
| | | [signature] |

MRD-580-003

**JEWISH MEMORIAL HOSPITAL**
**AND REHABILITATION CENTER**
59 Townsend Street., Boston, MA 02119

**OTHER RELEVANT DATA:**

LABS: _____

_____

RADIOLOGY: _____

_____

EKG: _____

OTHER: _____

**REASONS FOR HOSPITALIZATION WITH ASSESSMENT AND PLAN:**

① evaluation increasing delusions regarding home environment "poisoning" patient ie water flooding her floor carpet beetles + pneumonia pulling out hand fulls of hair

② HTN: will continue norvasc and adjust as needed

③ obstipation will use colace 100mg daily

④ Allergies: NKA

⑤ DJD: will readjust as needed

⑥ Potential Nutritional Debility will check on Nutritional Status,

⑦ Neuro Pt may need competency eval plus Neuro.

⑧ Cataract iridectomy ® eye

SIGNATURE/HOUSE STAFF xeropthamia                SIGNATURE/ATTENDING PHYSICIAN

(4)

## PROGRESS NOTES

| FAMILY NAME _Deler_ | FIRST NAME _Rudge_ | ATTENDING PHYSICIAN _Gomes_ | ROOM NO. |
|---|---|---|---|
| DATE | | NOTES SHOULD BE SIGNED BY PHYSICIAN | |

88 y/o w♀ Transfer

for MM NH

h/o dementia c̄ psychotic features
NH anxiety d/o

Pt had difficulty with
roommate, claimed patients
& roommates were stealing
things

P.A. Transfered to Bay
pres't

h/o CVD

PMH  HTN
anxiety d/o
dementia c̄ psychotic features
⊕ Hallucinations
h/o anemia  h/o joints
surgical hx

SH  widow, 1 child → little
communication

on thin, frail wg
VSS

JK  non icteric
cherry mm  ⊕ thyromegaly
chest clear; ⊕ kyphosis
crs  S₁ — S₂

ext

ms  alert, oriented

1/20/05
15

**PROGRESS NOTES**

| FAMILY NAME | FIRST NAME | ATTENDING PHYSICIAN | ROOM NO. |
|---|---|---|---|
| | | | |

| DATE | NOTES SHOULD BE SIGNED BY PHYSICIAN |
|---|---|
| | Pt [illegible] 88 y/o h/o anxiety [illegible] / dementia c̄ psychotic features, DJD, HTN |
| [redacted] | Assessment #1 dementia (+) psychotic features → (+) hallucinations; poor medical compliance; R/o organic causes; rec f/u evaluation ? brief hospitalization; trial anti psychotics |
| [redacted] | #3 HTN poor control; encourage compliance |
| | #4 DJD continue Tylenol |
| | #5 h/o anemia on FeSO4 |
| | [signature] |

ST. LUKE'S HOSPITAL
COLUMBUS, NORTH CAROLINA 28722

## DISCHARGE SUMMARY

NAME: RUNGE HELEN        +    NUMBER: 660472              MR #: 056096
SEX: F                    AGE: 88          TYPE: GP              ROOM#: 315
ADMIT: 10/07/03              DISC.: 10/28/03      DATE OF BIRTH: 08/03/1915
PHYSICIANS: 085000  RATCLIFFE, ROBERT R MD

PLACE OF ORIGIN AND DISCHARGE DISPOSITION:
Her daughter's home in Columbus, NC.  Her follow up psychiatric and medical will be with Dr.
Todd Walter.

DISCHARGE DIAGNOSIS:
AXIS I:        Late onset delusional disorder and early dementia
AXIS II:       0
AXIS III:      Hypertension, DJD, iron deficiency anemia
AXIS IV:       Severe
AXIS V:        25

DISCHARGE MEDICATIONS:
Luvox 100 mg hs., Centrum multivitamin one a day, Lexapro 10 mg a.m., Risperdal 1 mg hs.,
Xanax .5 p.r.n. agitation every 4-6 hours.

CHIEF COMPLAINT:
"Don't know why I am here, I think I am alright."

PRESENT ILLNESS AND PROBLEMS:
This 88-year-old female was living at home with her daughter, and had been since about April of
this year.  She had become progressively more suspicious and paranoid, thinking that people
were stealing from her.  She became angry with the daughter, constantly yelling at her.  The
daughter felt that she could not manage her at home without having the behavior evaluated and
treated to some extent.  It should be noted that the patient has a fairly long history suggestive of
secretiveness and paranoid personality traits, not trusting of other people.  She had been living in
the Boston, MA area, and had been living in a nursing home.  The daughter, who had been living
in Columbus, heard or felt that the mother was being somewhat mistreated or neglected in the
nursing home and she went to Boston, signed the patient out and brought the mother down her to
live with her.

MENTAL STATUS:
Patient was reasonably cooperative, but seemed somewhat angry at being here, somewhat
demanding.  She was fairly cooperative, alert.  No abnormal tremors or motor behavior.  Speech
was quite articulate and vocabulary good.  On orientation she scored a 24 out of 30 on the
MMSE.  Affect was somewhat irritable and demanding.  She seemed to have some encoding
memory.  No bizarre perceptual abnormalities.  Intellectual functioning was judged to have been

ST. LUKE'S HOSPITAL
COLUMBUS, NORTH CAROLINA  28722

## DISCHARGE SUMMARY

NAME: RUNGE HELEN     +     NUMBER: 660472            MR #: 056096
SEX: F                AGE: 88            TYPE: GP              ROOM#: 315
ADMIT: 10/07/03                DISC.: 10/28/03        DATE OF BIRTH: 08/03/1915
PHYSICIANS: 085000  RATCLIFFE, ROBERT R MD

average in the premorbid state.  Assets: patient could be pleasant.  She has a daughter involved with her care.  Diagnostic impression was possible paranoid personality disorder, with superimposed early dementia.

PHYSICAL EXAMINATION:
Done in consultation with Dr. Todd Walter.  Vital signs: temperature 97, pulse 68, and blood pressure 184/66.  She was in no distress.  Neck supple.  No carotid bruits.  Lungs clear.  Heart regular rate and rhythm without murmur, rubs or gallop.  Abdomen soft, non-tender.  Labs, white count 5,200.  Hemoglobin 9.8,  hematocrit 27.8, MCV 92, BUN 13, creatinine 1.1.  Physical impression was hypertension and iron deficiency anemia.

HOSPITAL COURSE:
For the first 3-4 days patient was quite angry and demanding of being here, but she seemed to settle down in her room.  She would isolate for the most part, but she would come out and socialize with other patients on occasion and actually seemed in a fairly good mood and somewhat jocular and jovial, telling jokes on occasion.  The daughter visited and felt that her mother was actually better and she could manage her once again at home, and accordingly the patient was discharged to her daughter.

RR:cp/3819                          ROBERT R. RATCLIFFE, M.D.
D:     11/07/03
T:     11/13/03

ST. LUKE'S HOSPITAL
COLUMBUS, NORTH CAROLINA 28722

## PSYCHIATRIC ASSESSMENT

NAME: RUNGE HELEN    +    NUMBER: 660472         MR #: 056096
SEX: F             AGE: 88         TYPE: GP         ROOM#: 315
ADMIT: 10/07/03              DISC.: 00/00/00    DATE OF BIRTH: 08/03/1915
PHYSICIANS: 085000  RATCLIFFE, ROBERT R MD

DATE:        10/09/03

TIME:        1400 HOURS

ADMISSION:
Voluntary

SOURCE OF INFORMATION:
Patient and the intake form

PLACE:
Geropsych

PSYCHAIATRIC ASSESSMENT:

1. Age, Sex, Place of Origin: This is an 88 year old widowed or divorced female,
unknown at this time. Date of birth was 8/03/15.

2. Chief Complaint: "Don't know why I am here, I am alright."

3.Present Illness (onset, circumstances leading to admission): This is an 88 year old
female, she was living at home with her daughter and had been since about April of this
year. She had become progressively more suspicious and paranoid, thinking that people
were stealing from her, became angry at the daughter, constantly yelling at the daughter.
The daughter felt that she could not manage her at home or that she needed this behavior
evaluated and treated. It should be noted that this patient has a fairly long history
suggestive of secretiveness and paranoid, not trusting of other people.  She was living in
the Boston, Mass. are and her exact living situation for the last several years is unknown.
She and the daughter who now lives in Columbus has been more or less emotionally and
physically separated for about 30+ years, when the daughter of the patient married
someone that the patient did not approve of.  At any rate, they did not see or deal much
with one another.  The patient wound up in a nursing home or psychiatric facility in
Boston and the daughter down here was the only living relative and accordingly the
daughter brought the patient down here when she was stabilized.

00055

ST. LUKE'S HOSPITAL
COLUMBUS, NORTH CAROLINA 28722

PSYCHIATRIC ASSESSMENT

NAME: RUNGE HELEN    +   NUMBER: 660472              MR #: 056096
SEX: F              AGE: 88        TYPE: GP              ROOM#: 315
ADMIT: 10/07/03              DISC.: 00/00/00    DATE OF BIRTH: 08/03/1915
PHYSICIANS: 085000  RATCLIFFE, ROBERT R MD

4. Prior Psychiatric History: The psychiatric diagnosis up there was in Carney Hospital, Boston, Mass and she was apparently admitted in about 1/12/03 and discharged 1/22/03. At that point she was noted to be an 87 year old female with history of treatment of depression. She was evaluated at the ER and admitted. She was noted to be increasingly agitated and angry. She stated she left her room locked and that people were going in there and that papers were missing.   At any rate, she was treated with Paxil and Zyprexa 2.5 mg hs with apparently some relief. She has not been on those medications recently and that may be part of the problem.  The patient had a health care power of attorney while in Mass. He was a Mr. Kelly, whom the patient seemed to trust. At any rate, the patient was discharged on the 23rd of January 2003. The discharge meds were Zestoril, Aricept 5 mg po q/5 PM, Zyprexa 2.5 qhs. The diagnosis seemed to have been paranoid delusional disorder and early Alzheimer's dementia.

As noted above. She was admitted to a psychiatric hospital, The Carney Hospital from about 12 January to 23 January.  Has a rather spotty work history. She had worked in the computer area of Eddison Company for 30 years, no legal problems known.

5. Family Psychiatric History: None

6. History of Drug/Alcohol Use: None

7. Medical History: The patient had no recent chronic illness, no known injuries. No known drug allergies.

8. Premorbid Functioning (Place of residence/social/educational/vocational)
The patient apparently had high school education.

MENTAL STATUS EXAMINATIONS:

1.  Appearance: The patient was reasonably cooperative, somewhat angry with being here, somewhat demanding.
    a.  Dress/Grooming:
    b.  Facial Expression:
    c.  Notable Physical Characteristics:
    d.  Eye Contact:

## ST. LUKE'S HOSPITAL
### COLUMBUS, NORTH CAROLINA 28722

---

### PSYCHIATRIC ASSESSMENT

---

NAME: RUNGE HELEN      +   NUMBER: 660472                MR #: 056096
SEX: F                 AGE: 88          TYPE: GP              ROOM#: 315
ADMIT: 10/07/03            DISC.: 00/00/00      DATE OF BIRTH: 08/03/1915
PHYSICIANS: 085000  RATCLIFFE, ROBERT R MD

---

2.  Attitude/general behavior Towards Examiner and Situation: She was alert.

3. Motor Behavior:

4. Speech:

5. Cognition:
   a)  Orientation: She scored a 24 out of 30 on the mini mental status exam. Affect
       overall somewhat irritable and demanding.
   b)  Immediate (working memory):
   c)  Ability to learn (encoding memory):

6. Attention:

7. Perceptual Abnormalities:  No real bizarre thought elicited at this time but she
certainly seemed somewhat guarded and suspicious. Neurological exam, cranial nerves II
through XII grossly intact.

8. Thought Processes:
   a)  Form (Illegal, Fragmented, Impoverished):
   b)  Stream (blocking, Flight of Ideas):
   c)  Content ( Delusions, Obsessions, Phobias):
   d)  Suicidal or Homicidal Ideation, Intent or Potential:
   e)  Abstracting abilities (proverbs):

9. Intellectual Functioning (as evidenced by education, Vocabulary, fund of knowledge,
capability of insight:

10. Affect:

11. Judgement/Insight:

ST. LUKE'S HOSPITAL
COLUMBUS, NORTH CAROLINA 28722

## PSYCHIATRIC ASSESSMENT

NAME: RUNGE HELEN    + NUMBER: 660472           MR #: 056096
SEX: F          AGE: 88        TYPE: GP          ROOM#: 315
ADMIT: 10/07/03        DISC.: 00/00/00    DATE OF BIRTH: 08/03/1915
PHYSICIANS: 085000  RATCLIFFE, ROBERT R MD

12. Assets (knowledge, interest, skills, aptitudes, experience, education, employment status, etc.): The patient can be pleasant, presumably has a daughter involved in her care. We will be evaluating the exact nature of this

DIAGNOSTIC IMPRESSION:

AXIS I:
AXIS II:       Possible paranoid personality disorder.
AXIS III:      We will be evaluating for this.
AXIS IV:
AXIS V:

JUSTIFICATION FOR ADMISSION:
Yelling, screaming, demanding, feeling the daughter and others were stealing from her.

ANTICIAPATED LOS:
12 to 14 days.

DISCHARGE CRITERIA:
To have patient calm, cooperative, not suspicious, reasonable about placement and accepting the agreed upon level of placement she needs to be same.

INITIAL PLAN (strategies to deal with presenting problems, including special risk factors): Will monitor patient to see some of the delusional behavior and we will start the Zyprexa 2.5 mg back as this certainly seemed justifiable and effective.

ROBERT R. RATCLIFFE, M.D.

RRR:lo/2203
D:    10/09/03
T:    10/13/03