UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO: 05-CV-10849 (RGS)

```
*********************************************
HELEN RUNGE                            *
                                       *
            PLAINTIFF                   *
vs.                                    *
                                       *
WALTER J. KELLY,                       *
KERRY L. BLOOMINGDALE, M.D.,           *
AND SUNBRIDG NURSING AND               *
REHABILITATION CENTER                  *
                                       *
            DEFENDANTS                  *
*********************************************
```

## OPPOSITION OF THE DEFENDANT
## KERRY L. BLOOMINGDALE, M.D. TO PLAINTIFF'S MOTION FOR PROTECTIVE
## ORDER

NOW comes the defendant, Kerry L. Bloomingdale, M.D. (Dr. Bloomingdale) and respectfully opposes the Plaintiff's Motion For Protective Order. In support of this Opposition, Dr. Bloomingdale asserts the following:

This lawsuit alleges that Dr. Bloomingdale, a board-certified psychiatrist, committed medical malpractice when he signed a Medical Certificate on April 29, 2003 for the Norfolk County Probate Court. The Certificate (attached as Exhibit 1) requested that the Probate Court appoint a guardian for the plaintiff to determine whether the plaintiff should be treated with antipsychotic medications. On the date that Dr. Bloomingdale signed the Certificate, the plaintiff had been a resident of the co-defendant Sunbridge nursing facility in Randolph for approximately three months. She had come to Sunbridge following a ten day inpatient stay in the psychiatric unit of the Carney Hospital. Dr. Bloomingdale had on two occasions before April

1

29th examined the plaintiff at Sunbridge, and he saw her on April 29th before signing the Certificate.

The next day the plaintiff, with the assistance of her daughter, Dorothy Stanley and her son-in-law, Gilbert Stanley, left Sunbridge. The Stanleys brought the plaintiff to their home in North Carolina. The Stanleys had the plaintiff meet with a psychiatrist, who opined that the plaintiff was in good mental health and had no need for any antipsychotic medication. Although there has not yet been a medical Tribunal on this matter, it seems apparent that the plaintiff's claim against Dr. Bloomingdale relies, in significant part, on the opinion of this psychiatrist.

It turns out, however, that six months after the plaintiff's arrival in North Carolina, the Stanleys brought her to the local hospital, St. Luke's, where she was admitted to the in-patient psychiatric unit for three weeks. Although this lawsuit was filed in April, 2005, the defendants were never apprised of this St. Luke's psychiatric admission until November 13, 2006, when the plaintiff delivered her Supplemental Responses to their Requests for Production of Documents. That Supplemental Response included several pages from the medical records of that three week admission, including the Discharge Summary (attached as Exhibit 2). Perhaps not coincidentally, the Supplemental Response arrived at the offices of counsel for the defendants as they were airborne, heading to North Carolina for the depositions of the plaintiff and the Stanleys, scheduled for November 14 and 15, 2006.

Prior to the plaintiff's filing this Motion For Protective Order, counsel for Dr. Bloomingdale had requested a complete copy of the records of the St. Luke's admission, and of

the records of the other North Carolina providers, portions of whose records were also included in the Supplemental Response. Counsel for Dr. Bloomingdale pointed out the incomplete nature of the Response, the failure to comply with Rule 34, and that the records were not only incomplete but intermingled (letter of counsel, attached as Exhibit 3). Counsel for the plaintiff contacted counsel for Dr. Bloomingdale prior to filing this Motion. Counsel for Dr. Bloomingdale made clear, in writing, why the Motion should not be filed, and again requested that plaintiff's counsel provide complete records of the plaintiff's North Carolina providers (January 26, 2007 e-mail correspondence between counsel, attached as Exhibit 4). If the Court determines that a Hearing is necessary to resolve this Motion, counsel for Dr. Bloomingdale would be pleased to bring to the Court, for the Court's examination, the records in the exact haphazard, intermingled, duplicative and incomplete fashion in which they were produced in the Supplemental Response.

The Expense and Delay Reduction Plan, Rule 2.01, encourages the voluntary exchange of information among litigants. What appears to be happening here is that the plaintiff is deliberately attempting to frustrate the defendants' access to pertinent medical records concerning the determination by psychiatrists at St. Luke's Hospital that the plaintiff required antipsychotic medications (see exhibit 2), six months after Dr. Bloomingdale reached a similar conclusion. Such records would obviously be strongly supportive evidence that Dr. Bloomingdale did not depart from the expected standard of care. Yet, plaintiff's counsel appear to believe that they have met their discovery obligations to Dr. Bloomingdale by producing only a small portion of the St. Luke's record, and not the complete record. There is no question that

this record is entirely within the plaintiff's control since her daughter, Mrs. Stanley, held her

Health Care Proxy, and is employed at St. Luke's.

Given the plaintiff's recalcitrance in producing her North Carolina records, counsel for

co-defendant Attorney Kelly issued subpoenas to the Keepers of Records of the North Carolina

providers. In the circumstances here, the interests of justice require that these records be

produced, either in response to the subpoenas or by plaintiff's counsel being directed by this

Court to produce certified copies of all of her North Carolina records.

WHEREFORE, for the above stated reasons, the Plaintiff's Motion For Protective Order

should be denied.

Respectfully submitted,
For the Defendant,
Kerry L. Bloomingdale, M.D.
By his attorney,

/s/ *James S. Hamrock, Jr.*
James S. Hamrock, Jr.
BBO # 219400
Hamrock & Tocci
101 Main Street
Cambridge, MA 02142
(617) 496-5370

**Certificate of Service**

4

I, **James S. Hamrock, Jr.**, Attorney representing Defendant, **Kerry L. Bloomingdale, M.D.,** hereby certify that I have this **30 day of January, 2007** filed the within **Opposition of the Defendant Kerry L. Bloomingdale, M.D. to Plaintiff's Motion for Protective Order** through the ECF system, and certify that the within pleading will be served electronically upon the attorneys of record, as identified on the Notice of Electronic Filing (NEF).

/s/ *James S. Hamrock, Jr.*
James S. Hamrock, Jr.
BBO # 219400
Hamrock & Tocci
101 Main Street
Cambridge, MA  02142
(617) 496-5370
