Commonwealth of Massachusetts
The Trial Court
Norfolk Division    Probate and Family Court Department    Docket No. _____

**TEMPORARY**

MEDICAL CERTIFICATE --- GUARDIANSHIP    03P11046I

To the Honorable Justices of the Probate and Family Court:

The undersigned hereby certifies under the penalties of perjury that I am a registered physician and that I personally examined ___Helen Runge___
(name of proposed ward)

___Sunbridge, 1380 Columbia Rd.___    ___Randolph___    ___MA___
(street address)    (city or town)    (state)

on ___April 29, 2003___
(date of examination)

and in my opinion the proposed ward:

[X] is a mentally ill person to the degree that he/she is incapable of caring for his/her personal and/or financial affairs.

[ ] is a person who is unable to make or communicate informed decisions due to physical incapacity.

THIS SECTION MUST BE COMPLETED FOR A GUARDIANSHIP PETITION

Describe in detail the diagnosis leading to the aforementioned opinion (including the types of decisions which the proposed ward has sufficient mental ability to make):

This 87 year old Caucasian divorced female suffers from Alzheimer's dementia with paranoid delusions. Because of her paranoia, and probably also because of her cognitive limitations, she lacks the ability to make sound decisions about certain personal affairs, in-

(OVER)

CJ-P 112 (10/93)

(MEDICAL CERTIFICATE -- GUARDIANSHIP BACK)

cluding whether to take her psychoactive medications. For example, she thinks that the nursing home staff is purposely giving her too many medications to take — compared to what has been ordered.

Date 4/29/03

Kerry Bloomingdale, M.D.
(signature)

Kerry Bloomingdale, M.D.   (NEG)
(PRINT name)

1132 Westfield Street
(address, including zip code)

Springfield, MA 01089

Tel. No. ( 800 ) 378-5454

TOTAL P.04

ST. LUKE'S HOSPITAL
COLUMBUS, NORTH CAROLINA 28722

## DISCHARGE SUMMARY

NAME: RUNGE HELEN    +   NUMBER: 660472         MR #: 056096
SEX: F                   AGE: 88         TYPE: GP          ROOM#: 315
ADMIT: 10/07/03          DISC.: 10/28/03   DATE OF BIRTH: 08/03/1915
PHYSICIANS: 085000  RATCLIFFE, ROBERT R MD

PLACE OF ORIGIN AND DISCHARGE DISPOSITION:
Her daughter's home in Columbus, NC. Her follow up psychiatric and medical will be with Dr. Todd Walter.

DISCHARGE DIAGNOSIS:
AXIS I:     Late onset delusional disorder and early dementia
AXIS II:    0
AXIS III:   Hypertension, DJD, iron deficiency anemia
AXIS IV:    Severe
AXIS V:     25

DISCHARGE MEDICATIONS:
Luvox 100 mg hs., Centrum multivitamin one a day, Lexapro 10 mg a.m., Risperdal 1 mg hs., Xanax .5 p.r.n. agitation every 4-6 hours.

CHIEF COMPLAINT:
"Don't know why I am here, I think I am alright."

PRESENT ILLNESS AND PROBLEMS:
This 88-year-old female was living at home with her daughter, and had been since about April of this year. She had become progressively more suspicious and paranoid, thinking that people were stealing from her. She became angry with the daughter, constantly yelling at her. The daughter felt that she could not manage her at home without having the behavior evaluated and treated to some extent. It should be noted that the patient has a fairly long history suggestive of secretiveness and paranoid personality traits, not trusting of other people. She had been living in the Boston, MA area, and had been living in a nursing home. The daughter, who had been living in Columbus, heard or felt that the mother was being somewhat mistreated or neglected in the nursing home and she went to Boston, signed the patient out and brought the mother down her to live with her.

MENTAL STATUS:
Patient was reasonably cooperative, but seemed somewhat angry at being here, somewhat demanding. She was fairly cooperative, alert. No abnormal tremors or motor behavior. Speech was quite articulate and vocabulary good. On orientation she scored a 24 out of 30 on the MMSE. Affect was somewhat irritable and demanding. She seemed to have some encoding memory. No bizarre perceptual abnormalities. Intellectual functioning was judged to have been

ST. LUKE'S HOSPITAL
COLUMBUS, NORTH CAROLINA 28722

## DISCHARGE SUMMARY

NAME: RUNGE HELEN    + NUMBER: 660472           MR #: 056096
SEX: F              AGE: 88         TYPE: GP    ROOM#: 315
ADMIT: 10/07/03     DISC.: 10/28/03  DATE OF BIRTH: 08/03/1915
PHYSICIANS: 085000 RATCLIFFE, ROBERT R MD

average in the premorbid state. Assets: patient could be pleasant. She has a daughter involved with her care. Diagnostic impression was possible paranoid personality disorder, with superimposed early dementia.

PHYSICAL EXAMINATION:
Done in consultation with Dr. Todd Walter. Vital signs: temperature 97, pulse 68, and blood pressure 184/66. She was in no distress. Neck supple. No carotid bruits. Lungs clear. Heart regular rate and rhythm without murmur, rubs or gallop. Abdomen soft, non-tender. Labs, white count 5,200. Hemoglobin 9.8, hematocrit 27.8, MCV 92, BUN 13, creatinine 1.1. Physical impression was hypertension and iron deficiency anemia.

HOSPITAL COURSE:
For the first 3-4 days patient was quite angry and demanding of being here, but she seemed to settle down in her room. She would isolate for the most part, but she would come out and socialize with other patients on occasion and actually seemed in a fairly good mood and somewhat jocular and jovial, telling jokes on occasion. The daughter visited and felt that her mother was actually better and she could manage her once again at home, and accordingly the patient was discharged to her daughter.

RR:cp/3819                          ROBERT R. RATCLIFFE, M.D.
D:   11/07/03
T:   11/13/03

HAMROCK & TOCCI

Counsellors at Law
101 Main Street
Cambridge, MA 02142

January 10, 2007

Glenn Davis, Esq.
Latsha, Davis, Yohe & McKenna, PC
1700 Bent Creek Blvd.
Mechanicsburg, PA 17050

Re:   Helen Runge
      v.
      <u>Kerry Bloomingdale, M.D. et al.</u>
      United States District Court C.A. No.: 05-CV-10849-RGS

Dear Mr. Davis:

    I write regarding the Supplemental Responses of Ms. Runge to Mr. Kelly and Dr. Bloomingdale's Requests for the Production of Documents, dated November 10, 2006.

    In a recent review of these documents, I tried to look in detail at the records of Mrs. Runge's October 7, 2003 through October 28, 2003 admission to St. Luke's Hospital in North Carolina. I am enclosing a copy of the 28 pages of medical records from that admission, which, as best my office could determine, are the only records of that admission contained in the Supplemental Responses. Please note that of the 28 pages, many are duplicates. For example, the pages Bates stamped (presumably by your office) 00059, 00072, and 00276, all appear to be the same document; pages 00065, 00076, and 00385 are the same document; pages 00060 and 00277 are the same document; pages 00055 through 00058 are a four page report identical to pages 00068 through 00071; and pages 00053 and 00054 are a two page report identical to pages 00066 and 00067. It is concerning that the records from this admission, which records are highly relevant to the issues in this lawsuit, at least as they pertain to Dr. Bloomingdale, were produced in such an apparently incomplete and haphazard manner. The Bates stamp numbers, rather than in the standard consecutive fashion for an admission, are interrupted with Bates stamped numbers of records from Ms. Runge's Massachusetts providers. The Supplemental Responses do not, most respectfully, come close to complying with the requirements of Rule 34(b) regarding the proper way to provide responsive documents.

    I am requesting that you please forward me the remaining medical records for this October 2003 admission. I am certain that a 21 day admission to the Hospital would have produced significantly more records than this small amount. A Certification page from the Keeper of Records of the Hospital (where Mrs. Stanley works) attesting to the number of pages and the completeness of the records should be included, in order to confirm for all parties that all the records have been produced. I respectfully request that similar Certification pages be

provided in regard to each of the North Carolina and South Carolina health care and nursing home entities whose records, also in a duplicative, intermingled and apparently haphazard fashion (again, as best my office could determine), were included in the Supplemental Responses.

    Thank you for your prompt attention to this matter, and please contact me with any questions or concerns.

Very truly yours,

*[signature]*
James S. Hamrock, Jr

JSH/hao
Enclosures

cc: George C. Rockas, Esquire (with attachments)
    Michael Williams, Esquire (with attachments)

# Jim Hamrock

| | |
|---|---|
| From: | Jim Hamrock |
| Sent: | Friday, January 26, 2007 11:35 AM |
| To: | 'Andrea E. Dean' |
| Cc: | Michele.Carlucci@wilsonelser.com; george.rockas@wilsonelser.com; mwilliams@lawson-weitzen.com |
| Subject: | RE: Runge v. Kelly, et al. |

Andrea:

Dr. Bloomingdale will oppose any such Motion, unless the plaintiff agrees to provide certified copies of the records sought by the subpoenas. As I indicated in my correspondence to your office, the records from Mrs. Runge's North Carolina healthcare and nursing home providers that were included with the Plaintiff's Response to Request For Production of Documents were clearly incomplete, intermingled, and not even close to complying with the requirements of FRCP 34. I respectfully suggest that Judge Sterns, if the defense is forced to expend the time and resources to oppose your proposed Motion, and has to show him the manner the documents were provided in the plaintiff's document Response, will not look favorably on the Motion or on the way the plaintiff has undertaken her discovery obligations. The incompleteness of the document Response is particularly remarkable when Mrs. Runge's daughter, Mrs. Stanley, is a long-time employee of the Hospital that has records that are so important to the defense of the lawsuit. Thank you for your attention to this issue.

Jim Hamrock


-----Original Message-----
From: Andrea E. Dean [mailto:adean@ldylaw.com]
Sent: Friday, January 26, 2007 11:07 AM
To: Jim Hamrock
Cc: Glenn Davis
Subject: Runge v. Kelly, et al.

Good morning. Plaintiff intends to file a motion for protective order later today in regards to Defendant Kelly's eight subpoenas to health care providers that were served outside of the time period for fact discovery and in improper format. We are contacting you under local rule 7.1 to confer on this motion. Please advise as to your position on the motion, if any.

Thank you,

Andrea E. Dean
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA  17050
Phone: 717-620-2424
Fax: 717-620-2444

CONFIDENTIALITY NOTICE

The information in this transmission is intended only for the individual or entity named above. It may be legally privileged and confidential. If you have received this information in error, notify us immediately by calling our operator at (717) 620-2424. Send the original transmission to us by mail. Return postage is guaranteed. If the reader of this message is not the intended recipient, you are hereby notified that any disclosure, dissemination, distribution or copying of this communication or its contents is strictly prohibited.

Commonwealth of Massachusetts
The Trial Court
<u>Norfolk</u> Division   Probate and Family Court Department   Docket No. _____

**TEMPORARY**

MEDICAL CERTIFICATE --- GUARDIANSHIP   03P11046I

To the Honorable Justices of the Probate and Family Court:

The undersigned hereby certifies under the penalties of perjury that I am a registered physician and that I personally examined <u>Helen Runge</u>
(name of proposed ward)

<u>Sunbridge, 1380 Columbia Rd.</u>   <u>Randolph</u>   <u>MA</u>
(street address)                    (city or town)   (state)

on <u>April 29, 2003</u>
(date of examination)

and in my opinion the proposed ward:

[X] is a mentally ill person to the degree that he/she is incapable of caring for his/her personal and/or financial affairs.

[ ] is a person who is unable to make or communicate informed decisions due to physical incapacity.

THIS SECTION MUST BE COMPLETED FOR A GUARDIANSHIP PETITION

Describe in detail the diagnosis leading to the aforementioned opinion (including the types of decisions which the proposed ward has sufficient mental ability to make):

This 87 year old Caucasian divorced female suffers from Alzheimer's dementia with paranoid delusions. Because of her paranoia, and probably also because of her cognitive limitations, she lacks the ability to make sound decisions about certain personal affairs, in-

(OVER)

CJ-P 112 (10/93)

(MEDICAL CERTIFICATE -- GUARDIANSHIP BACK)

cluding whether to take her psychoactive medications. For example, she thinks that the nursing home staff is purposely giving her too many medications to take — compared to what has been ordered.

Date 4/29/03

K Bloomingdale M.D.
(signature)

Kerry Bloomingdale, M.D.   (NEG)
(PRINT name)

1132 Westfield Street
(address, including zip code)

Springfield, MA 01089

Tel. No. ( 800 ) 378-5454

TOTAL P.04