UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

No. 05-10849RGS

HELEN RUNGE,
                     Plaintiff

v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                     Defendants

**MEMORANDUM IN SUPPORT OF
DEFENDANT WALTER J. KELLY'S MOTION TO EXTEND TIME TO
DISCLOSE EXPERTS RELATED TO PLAINTIFF'S CLAIMS AGAINST
DEFENDANTS SUNBRIDGE AND DR. BLOOMINGDALE**

NOW COMES the Defendant, Walter J. Kelly, and moves this honorable Court to allow Walter Kelly to disclose experts related to Plaintiff's claims against Sunbridge Nursing and Rehabilitation Center and Kerry L. Bloomingdale, M.D., in accordance with the Court's Order of 2/2/07. In support of this motion, the Defendant incorporates this memorandum of law and states as follows:

**BACKGROUND**

Plaintiff, Helen A. Runge, filed this lawsuit on April 27, 2005 against Walter J. Kelly ("Kelly"), Kerry L. Bloomingdale, M.D. ("Bloomingdale") and Sunbridge Nursing and Rehabilitation Center ("Sunbridge"). Plaintiff is an ninety-one (91) year-old woman who was a resident of Sunbridge Nursing and Rehabilitation Center ("Sunbridge") up until April 29, 2003. [See Amended Complaint, ¶ 1,6, 40-43]. Upon her own volition, Plaintiff first entered into assisted living at Marion Manor in 2001, at the age of eighty-

74421.1

five. [Amended Complaint, ¶13-14]. In 2001, Plaintiff contacted Defendant Kelly to provide her with legal assistance as a result of her decision to and in preparation of entering into Marion Manor. [Amended Complaint, ¶ 13]. Plaintiff alleges that at about this time, Defendant Kelly drafted paperwork that would make himself her power of attorney and her medical power of attorney, either unknown to Runge or without her fully understanding his actions. [Amended Complaint, ¶ 16].

After living at Marion Manor for some months, Plaintiff decided to move to Bayview Assisted Living in November of 2002, so that she could have a private room. [Amended Complaint, ¶ 19]. Plaintiff claims that while at Bayview, her prescription drug card was either stolen or misused by employees, and management was slow in addressing or failed to address her concerns. [Amended Complaint, ¶20]. She also alleges that Defendant Kelly knew of these facts, but failed to act on behalf of the Plaintiff. [Amended Complaint, ¶ 20]. In January of 2003, Plaintiff accused staff of rummaging through her belongings allegedly with the intent to steal, and contacted the police. [Amended Complaint, ¶21]. Plaintiff alleges that Bayview then contacted Defendant Kelly, who directed that Plaintiff be taken to Carney Hospital (misnamed "Kearney" Hospital in the Complaint) for psychiatric evaluation. [Amended Complaint, ¶22]. Plaintiff also alleges that upon her discharge from Carney Hospital, she was admitted to Defendant Sunbridge's skilled care facility. [Amended Complaint, ¶24].

Plaintiff also claims that at Sunbridge she was unnecessarily medicated to impair her cognitive abilities and to keep her in a state of diminished capacity. [Amended Complaint, ¶28]. She claims that she "was held captive and against her will at that

facility." [Id.]. Plaintiff alleges Sunbridge took no action to have her moved to another facility because keeping her there was financially lucrative. [Id.].

She alleges Defendant Sunbridge and Kelly directed Defendant Dr. Bloomingdale to examine the Plaintiff and render an opinion that the Plaintiff was mentally incompetent. [Amended Complaint, ¶36-38]. Plaintiff alleges that Defendant Kelly enlisted the aid of Defendant Bloomingdale and Defendant Sunbridge in presenting his petition to the court to have himself appointed guardian of the Plaintiff after she was taken to North Carolina by her daughter and son-in-law. [Amended Complaint, ¶ 47]

## **ARGUMENT**

Pursuant to the scheduling order in this matter, Defendants' expert disclosures were due upon February 12, 2007. Plaintiff has already disclosed an expert opinion related to Plaintiff's claims against Walter Kelly. Accordingly, Defendant Kelly will timely disclose an expert opinion related to those claims by the Court-ordered deadline of February 12, 2007.

However, the Plaintiff has sought of this Court, and been granted, an extension to disclose experts related to Plaintiff's claims against Defendants Sunbridge and Dr. Bloomingdale. [See Order of Court dated 2/2/07, attached as Exhibit A]. By the Court's Order, the Plaintiff must disclose experts related to her claims against Sunbridge and Dr. Bloomingdale on March 2, 2007. The Court also allowed Defendants thirty days thereafter to produce the report of their expert(s). Given the Plaintiff's sweeping allegations of conspiracy among all Defendants, Defendant Kelly contemplates calling experts to testify regarding the actions of, and standard of care related to, co-defendants Sunbridge and/or Dr. Bloomingdale. However, because of Plaintiff's court-ordered

74421.1

extension, Plaintiff has not yet disclosed her experts' opinions on these issues. Therefore, Defendant Kelly now seeks an order allowing him the same extension granted to co-defendants to disclose any experts related to the claims against Sunbridge and Dr. Bloomingdale. No party will be prejudiced by the allowance of this motion. Counsel for Sunbridge and Dr. Bloomingdale have assented to this motion. (Plaintiff's counsel has not responded to Defendant Kelly's request for assent.) Granting Defendant Kelly the same extension is in the interest of judicial economy.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that this Honorable Court extend its Order of 2/2/07 and grant an extension to Defendant Kelly until April 1, 2007 to disclose experts related to Plaintiff's claims against Sunbridge and Dr. Bloomingdale.

Respectfully submitted,

The Defendant, Walter J. Kelly,

By his attorneys,

_s/ Michele Carlucci_
George C. Rockas, BBO #544009
Michele Carlucci, BBO #655211
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5400

74421.1

LOCAL RULE 7.1 CERTIFICATION

I, Michele Carlucci, counsel for the Defendant, Walter J. Kelly, certify that I have spoken with counsel for Defendant Sunbridge and Defendant Dr. Bloomingdale, and both have given their assent to this motion. Plaintiff's counsel has not responded to our request for assent.

Dated: February 9, 2007                                  s/ *Michele Carlucci*
                                                          Michele Carlucci

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on February 9, 2007 I have served a copy of the following by electronic filing and regular mail:

1. Defendant Walter J. Kelly's Motion to Extend Time to Disclose Experts Related to Plaintiff's Claims Against Sunbridge and Dr. Bloomingdale, and Memorandum in support thereof.

to all counsel of record:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050

Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-2414

                                                    */s/ Michele Carlucci*
                                                     Michele Carlucci

74421.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-10849-RGS

HELEN RUNGE

v.

WALTER J. KELLY, KERRY L. BLOOMINGDALE, M.D.
AND SUNBRIDGE NURSING AND REHABILITATION CENTER

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR AN EXTENSION
OF THE DEADLINE TO SUBMIT EXPERT REPORTS

February 2, 2007

STEARNS, D.J.

On January 30, 2007, the court allowed Helen Runge's motion to extend the date by which she had to produce her expert report to defendant Sunbridge Nursing Home. Runge stated that she needed additional time because Sunbridge had not yet produced all of the documents responsive to a previous document request. In response, Sunbridge explained that the facility had been sold and that it was endeavoring to acquire the remaining responsive documents from the new owners.

Runge now seeks to extend the deadline by which she must produce her expert report to defendant Kerry Bloomingdale because it too is contingent on acquiring the Sunbridge documents. Runge's motion for an enlargement of time is <u>ALLOWED</u>. Runge shall produce her expert report to defendants Sunbridge and Bloomingdale on March 2, 2007. Defendants shall have thirty days thereafter to produce the report of their expert(s).

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE