UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

No. 05-10849RGS

HELEN RUNGE,
                Plaintiff

v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                Defendants

**DEFENDANT WALTER J. KELLY'S MEMORADUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S CROSS- MOTION TO COMPEL PLAINTIFF TO RESPOND TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW COMES the Defendant, Walter J. Kelly, and requests that this Honorable Court grant him leave to file the attached reply brief in response to Plaintiff's *Opposition to Defendant's Cross-Motion to Compel the Plaintiff to Respond to Requests for Production of Documents* if not moot by the court's order. As grounds in support thereof, Defendant states:

1.    The Plaintiff's purported *Opposition to Defendant Kelly's Cross-Motion to Compel Plaintiff to Respond to Requests for Production of Documents* is moot by Order of the Court. The subject motion has already been acted upon by the Honorable Judge Stearns on 2/9/07, and the Court entered an order compelling the Plaintiff to produce the requested medical records. On 2/13/07, after the Court's clear order, Plaintiff filed her purported opposition addressing the very same issues of Plaintiff's original *Motion for Protective Order, Defendant Kelly's Opposition and Cross-Motion to Compel,* and *Defendant Dr. Bloomingdale's Opposition to Plaintiff's Motion for a Protective Order*

74702.1

and Judge Stearns' Order granting the protective order but compelling the Plaintiff to produce the medical records.

2.      However, should the Court reconsider its Order on these motions, the Defendant seeks the opportunity to respond, in writing, to the legal elements and statements set forth by the Plaintiff in her Opposition.  In particular, the Court should at least be aware of a very relevant case holding of this Court with facts and circumstances strikingly similar to the matter of hand.

3.      The allowance of this Motion will not significantly delay the resolution of this matter.

4.      Defendants Sunbridge and Dr. Bloomingdale assent to this motion.  Plaintiff's counsel did not respond whether they assent or not.

    WHEREFORE, the Defendant, Walter Kelly, respectfully requests that this Honorable Court grant Defendant leave to file a reply brief should it consider Plaintiff's Opposition despite the Court's Order.

Dated:  February 14, 2007                  Respectfully submitted,

                                           The Defendant,
                                           Walter J. Kelly,
                                           By his attorneys,


                                           _____s/ Michele Carlucci_____
                                           George C. Rockas, BBO #544009
                                           Michele Carlucci, BBO #655211
                                           WILSON ELSER MOSKOWITZ
                                           EDELMAN & DICKER  LLP
                                           155 Federal Street
                                           Boston, MA 02110
                                           (617) 422-5300

74702.1

LOCAL RULE 7.1 CERTIFICATION

I, Michele Carlucci, certify that I conferred with counsel for the Defendants Dr. Bloomingdale and Sunbridge and obtained their assent to this motion to file a reply. Plaintiff's counsel did not respond to my request for assent.

___s/ Michele Carlucci___
Michele Carlucci

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on February 14, 2007 I have served, by electronic filing a copy of the following:

1. Defendant Walter J. Kelly's Motion to File a Reply and Memorandum in Support.

to all counsel of record:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050

Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345        _____s/ Michele Carlucci_____
Boston, MA 02210-2414                             Michele Carlucci

74702.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

No. 05-10849RGS

| |
|---|
| HELEN RUNGE,<br>                    Plaintiff<br><br>v.<br><br>WALTER J. KELLY,<br>KERRY L. BLOOMINGDALE, M.D., and<br>SUNBRIDGE NURSING AND<br>REHABILITATION CENTER,<br>                    Defendants |

**DEFENDANT KELLY'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT KELLY'S CROSS-MOTION TO COMPEL PLAINTIFF TO
RESPOND TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW COMES the Defendant, Walter J. Kelly, ("Kelly"), and submits the following in further support of Defendant's Cross-Motion to Compel Plaintiff to Respond to Requests for Production of Documents.

First and foremost, the Plaintiff's purported *Opposition to Defendant Kelly's Cross-Motion to Compel Plaintiff to Respond to Requests for Production of Documents* is moot by Order of the Court. The subject motion has already been acted upon by the Honorable Judge Stearns on 2/9/07, and the Court entered an order compelling the Plaintiff to produce the requested medical records. On 2/13/07, after the Court's clear order, Plaintiff filed her purported opposition addressing the very same issues of Plaintiff's original *Motion for Protective Order, Defendant Kelly's Opposition and Cross-Motion to Compel,* and *Defendant Dr. Bloomingdale's Opposition to Plaintiff's*

1

74743.1

*Motion for a Protective Order* and Judge Stearns' Order granting the protective order but compelling the Plaintiff to produce the medical records.

However, should the Court reconsider its Order on these motions, the Court should at least be aware of the very relevant holding of <u>Greenberg v. United States</u>, 1990 U.S. Dist LEXIS 12091 (D. Mass. 1990). Plaintiff's only grounds in opposition to Defendant Kelly's motion to compel the Plaintiff to produce relevant medical records is that she is not in "control" of these records. In fact, she argues she already produced all records in her *possession*. However, in <u>Greenberg v. United States</u>, this Court held that the plaintiff must provide her medical records in response to Requests for Production of Documents, as she had a legal right to obtain them and could not decline to produce them on the basis that they were not in her possession, custody or control.

The circumstances of <u>Greenberg</u> are strikingly similar to the matter at hand. The plaintiff, Greenberg, refused to produce her medical records or to sign a release for them asserting that her own medical records were not in her possession, custody or control. <u>See</u> <u>id</u>. Defendant did not immediately move to compel the plaintiff, but rather, as in this matter, sought the medical records through subpoenas. As in the matter at hand, the Plaintiff moved to quash the subpoenas and Defendant moved to compel the Plaintiff to produce the medical records. Also as in the matter at hand, the Court allowed the motion to quash the subpoenas but allowed Defendant's Motion to Compel and ordered the Plaintiff to produce the medical records. The Court found the plaintiff's contention that her own medical records were not within her control "specious". <u>Id.</u>, at *7. Based on this holding, and for the grounds as set forth in Defendant's Memorandum, the Plaintiff

2

should be compelled to produce her medical records in response to Defendant's Requests for Production of Documents.

WHEREFORE, the Defendant, Walter J. Kelly, respectfully requests that this Honorable Court allow Defendant's Cross-Motion and Compel the Plaintiff to produce the requested medical records.

Dated:  February 14, 2007                     The Defendant,

                                              Walter J. Kelly,
                                              By his attorneys,


                                                   *s/ Michele Carlucci*
                                              George C. Rockas, BBO #544009
                                              Michele Carlucci, BBO #655211
                                              WILSON ELSER MOSKOWITZ
                                              EDELMAN & DICKER  LLP
                                              155 Federal Street
                                              Boston, MA 02110
                                              (617) 422-5400

**CERTIFICATE OF SERVICE**

I, Michele Carlucci, certify that on February 14, 2007 I have served, by electronic filing a copy of the following:

    1.    Defendant Walter J. Kelly's Reply.

to all counsel of record:

James S. Hamrock, Esq.
Hamrock & Tocci
101 Main Street, 18th Floor
Cambridge, MA 02142

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050

Robert J. Roughsedge, Esq.
Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345          _____*s/ Michele Carlucci*_____
Boston, MA 02210-2414                          Michele Carlucci

4

74743.1