IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELEN A. RUNGE, : | |
| Plaintiff : | |
| : | No. 05-10849-RGS |
| v. : | (Judge Stearns) |
| : | |
| WALTER J. KELLY, et al. : | CIVIL ACTION |
| Defendants : | JURY TRIAL DEMANDED |

### MEMORANDUM OF REASONS IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT SUNBRIDGE NURSING AND REHABILITATION CENTER

Helen A. Runge ("Plaintiff"), by and through her counsel, respectfully submits this Memorandum of Reasons in Support of her Motion to Compel Discovery Responses from Defendant Sunbridge Nursing and Rehabilitation Center.

I.  FACTUAL BACKGROUND

Plaintiff filed her original Complaint on April 27, 2005, pleading counts sounding both in federal and state law. Counts I and II of the original Complaint were federal law claims, which were dismissed by this Court's Order dated January 23, 2006. Jurisdiction remains with this Court due to diversity, although the federal question jurisdiction counts were dismissed. By Court Order entered July 28, 2006, Plaintiff was permitted to file an Amended Complaint, which Plaintiff filed on August 7, 2006. By Court Order entered January 5, 2007, Plaintiff was permitted to file her Second Amended Complaint, which Plaintiff filed on January 8, 2007.

Plaintiff now seeks an order compelling Defendant Sunbridge Nursing and Rehabilitation Center ("Defendant Sunbridge") to produce complete responses to Plaintiff's Request for Production of Documents. In addition to requesting a formal discovery conference by correspondence dated January 11, 2007, counsel for Plaintiff contacted counsel for Defendant Sunbridge on several occasions by telephone seeking responses and in order to avoid filing a motion to compel. Plaintiff and Defendant Sunbridge have not reached an agreement in the discovery dispute. Plaintiff incorporates by reference her Motion to Compel Discovery Responses from Defendant Sunbridge.

## II.   REASONS WHY MOTION SHOULD BE GRANTED

Federal Rule of Civil Procedure 37 allows for a party to apply for an order compelling disclosure or discovery. Fed.R.Civ.P. 37(a). An "incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(3). Here, Defendant Sunbridge has failed to make a complete response to Plaintiff's Request for Production of Documents under Federal Rule of Civil Procedure 34.

On or about May 19, 2006, Plaintiff served a Request for Production of Documents on Defendant Sunbridge. *See* Exhibit A to the Motion, incorporated herein as if set forth at length. Defendant Sunbridge responded to Plaintiff's Request for Production of Documents on or about October 6, 2006. *See* Exhibit B to the Motion, incorporated herein as if set forth at length.

By correspondence dated November 2, 2006, Plaintiff requested that Defendant Sunbridge identify documents withheld from its response as a result of numerous objections or produce the requested documents. *See* Exhibit C to the Motion. Plaintiff also requested that Defendant Sunbridge supplement its response with documents responsive to the requests that were answered by Defendant Sunbridge as stating there were no documents at the time of response. By correspondence dated November 21, 2006, Defendant Sunbridge submitted a Privilege Log to Plaintiff of those documents that Defendant Sunbridge withheld from its Responses to Request for Production of Documents only based on a claim of privilege. *See* Exhibit D to the Motion.

By correspondence dated December 22, 2006, Plaintiff again contacted Defendant Sunbridge about its inadequate response to the Request for Production of Documents, and for resolution of the outstanding issues. *See* Exhibit E to the Motion. To date, Plaintiff has not received a response to its December 22, 2006, correspondence.

Defendant Sunbridge only has produced Plaintiff's medical records, including Plaintiff's power of attorney and proxy documents, Defendant Kerry L. Bloomingdale's April 29, 2003, medical certificate and the Department of Public Health's report regarding the complaint made to it by Plaintiff regarding Defendant Sunbridge. No other documents have been produced in response to Plaintiff's Request for Production of Documents. Plaintiff now seeks an order compelling document production in response to Request Nos. 1(b), 2 - 12, and 14 - 25.

In response to Request Nos. 2 – 5, Defendant Sunbridge refers only to the "complete facility record produced herewith" without indicating whether there are

other documents responsive to the requests being withheld. Plaintiff seeks all reports, correspondence, etc. that are not part of the normal facility chart (No. 2), all documents relating to the dispensing of medicine to Plaintiff at Sunbridge (No. 3), documentation of communication of caregivers regarding Plaintiff (No. 4) and documents provided to Plaintiff's physicians or that memorialize any notification regarding Plaintiff to the physicians (No. 5). To the extent that Defendant Sunbridge objects to some of these requests as "overly broad and unduly burdensome" and/or subject to attorney-client privilege, Plaintiff asserts that these requests are tailored specifically to elicit documentation regarding Plaintiffs' medical care while she resided at Defendant Sunbridge, which information is not subject to the attorney-client privilege.

In response to Request Nos. 6, 7, 10 and 20, Defendant Sunbridge answered "None at this time. The Defendant reserves the right to supplement this response at a later date." Plaintiff questions the accuracy of this response, as it is unlikely that the following documents did not exist at the time of Defendant Sunbridge's response: Bills for which Defendant Sunbridge charged Plaintiff or any third party payer on her behalf (No. 6); insurance policies that were in effect relating to Defendant Sunbridge during Plaintiff's residency at Sunbridge (No. 7); documents relating to payments that Defendant Sunbridge made to or received from Defendant Kelly (No. 10); and contracts with Defendant Sunbridge's medical director or outside consultant medical doctors (No. 20).

In response to Request Nos. 12 and 23, Defendant Sunbridge objected to the requests "on the grounds that the request is overly broad, unduly burdensome, and is

not calculated to lead to the discovery of admissible evidence. Further responding, the Request seeks information that would invade the privacy of other individuals, namely Mediplex's employees, and therefore cannot be produced." Plaintiff seeks an employee list for persons who worked at or for Sunbridge on April 29 and 30, 2003 (No. 12) and seeks certain enumerated work information for employees for April 29 and 30, 2006 (No. 23). The dates of April 29 and 30, 2006, are important dates referenced in Plaintiff's claims and, therefore, the documents showing the employees working on these two dates and their work history are relevant to this matter. To the extent that Defendant Sunbridge objected because the information sought would invade the privacy of individuals, Plaintiff asserts that this is an inappropriate objection to the information sought, as it is related to the events of April 29 and 30, 2003, and, therefore, is information to which Plaintiff is entitled.

In response to Request Nos. 14 - 17, 19, 21 and 22, Defendant Sunbridge objected "on the grounds that the request is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence." Plaintiff asserts that the following documents sought by these requests are all narrowly tailored and seek relevant information that may lead to admissible evidence: The floor plan of Defendant Sunbridge during Plaintiff's residency (No. 14); a copy of organizational charts and/or corporate structures of Sunbridge during Plaintiff's residency (No. 15); the Policy and Procedures Manuals in effect for Defendant Sunbridge during Plaintiff's residency (No. 16); and written job descriptions for the Medical Director, Administrator, Director of Nursing and Director of Social Services during Plaintiff's residency (No. 17). These

113181    5

documents all directly relate to Defendant Sunbridge as a defendant, and Plaintiff is entitled to review this information.

The following documents were also sought: Contracts between the facility's Owners and Administrator(s) and Defendant Sunbridge effective during Plaintiff's residency (No. 19); agreements between Defendant Sunbridge and the Commonwealth of Massachusetts and Defendant Sunbridge and the federal government for the years of Plaintiff's residency (No. 21); and daily census reports and/or records with resident acuity information during Plaintiff's residency (No. 22). Again, this is all information narrowly tailored to a certain time period and relevant to Plaintiff's Complaint. Therefore, Plaintiff is entitled to this information.

In response to Request Nos. 18, 24 and 25, Defendant Sunbridge objects on the basis that the requests seek confidential information prepared for a medical peer review and/or would invade the privacy of residents under 105 CMR 155.009(B) (relating to reports to the Massachusetts Department of Public Health). Plaintiff seeks the following: Guidelines, etc. for evaluating the job performance of specific classes of employees (No. 18); governmental findings, deficiencies, actions, etc. during Plaintiff's residency at Sunbridge (No. 24); and insurance investigation files (No. 25). Defendant Sunbridge further objects on the basis of attorney-client privilege as to Request Nos. 18 and 25. Plaintiff has not sought documentation specific to peer review or in accordance with 105 CMR 155.009(B). It seems likely that the information sought existed prior to or outside of the purview of any peer review or circumstances involving reports to the

113181                                                    6

Massachusetts Department of Public Health, for example, job performance guidelines, and, therefore, must be produced.

Defendant Sunbridge has failed to produce Resident Assessment Protocols as sought in Request No. 1(b). Also, Defendant Sunbridge stated that it did not possess any documents responsive to Request Nos. 8, 9 and 11, which sought documents relating to any business relationship between Defendant Sunbridge and Defendant Kelly during a specified time period (No. 8), documents relating to any business relationship between Defendant Sunbridge and Defendant Bloomingdale during a specified time period (No. 9) and documents relating to any payments Defendant Sunbridge made to or received from Defendant Bloomingdale during a specified time period (No. 11). Defendant Kelly worked with an employee of Sunbridge to obtain guardianship of Plaintiff, and both Defendant Kelly and the Sunbridge employee signed the petition seeking guardianship, which indicates a business relationship between Defendants Sunbridge and Kelly and that there are documents responsive to the request in Defendant Sunbridge's possession. Defendant Bloomingdale's testimony in his deposition and the fact that he had examined Plaintiff in the Sunbridge facility certainly indicate that there are documents responsive to these requests in Defendant Sunbridge's possession. Accordingly, Plaintiff asks that such documents be ordered to be produced.

Plaintiff has been diligent in her pursuit of documents from Defendant Sunbridge. However, Defendant Sunbridge has failed to produce this documentation.

Accordingly, Plaintiff respectfully requests that this Honorable Court order the production of documents responsive to her Request for Production of Documents.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Discovery Responses from Defendant Sunbridge should be granted.

                              Respectfully submitted,

                              LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: February 27, 2007        By   /s/ Glenn R. Davis
                                            Glenn R. Davis
                                            1700 Bent Creek Boulevard, Suite 140
                                            Mechanicsburg, PA 17050
                                            (717) 620-2424
                                            gdavis@ldylaw.com
                                            *Pro Hac Vice*

                                            Blake J. Godbout, BBO #196380
                                            BLAKE J. GODBOUT & ASSOCIATES
                                            33 Broad Street, 11th Floor
                                            Boston, MA 02109
                                            (617) 523-6677

                                            Attorneys for Plaintiff, Helen A. Runge

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

> James S. Hamrock, Jr.
> Hamrock & Tocci
> 101 Main Street, 18th Floor
> Cambridge, MA 02142
> jhamrock@htclaw.com
>
> Michele Carlucci
> George S. Rockas
> Wilson Elser Moskowitz Edelman & Dicker LLP
> 155 Federal Street
> Boston, MA 02110
> michele.carlucci@wilsonelser.com
> george.rockas@wilsonelser.com
>
> Michael Williams
> Lawson & Weitzen, LLP
> 88 Black Falcon Avenue, Suite 145
> Boston, MA 02210-1736
> mwilliams@lawson-weitzen.com

Dated: February 27, 2007                /s/ Glenn R. Davis
                                        Glenn R. Davis

112784