IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HELEN A. RUNGE,
        Plaintiff

                                No. 05-10849-RGS
v.                                  (Judge Stearns)

WALTER J. KELLY, et al.            CIVIL ACTION
        Defendants                  JURY TRIAL DEMANDED

**MEMORANDUM OF REASONS IN SUPPORT OF MOTION FOR
ENLARGEMENT OF TIME TO SUBMIT EXPERT REPORTS
AS TO DEFENDANTS SUNBRIDGE AND BLOOMINGDALE**

Helen A. Runge ("Plaintiff"), by and through her counsel, respectfully submits this Memorandum of Reasons in Support of her Motion for Enlargement of Time to Submit Expert Reports as to Defendants Sunbridge and Bloomingdale.

I.    FACTUAL BACKGROUND

Plaintiff filed her original Complaint on April 27, 2005, pleading counts sounding both in federal and state law. Counts I and II of the original Complaint were federal law claims, which were dismissed by this Court's Order dated January 23, 2006. Although the federal question jurisdiction counts were dismissed, jurisdiction remains with this Court due to diversity. By Court Order entered July 28, 2006, Plaintiff was permitted to file an Amended Complaint, which Plaintiff filed on August 7, 2006. By Court Order entered January 5, 2007, Plaintiff was permitted to file her Second Amended Complaint, which Plaintiff filed on January 8, 2007.

By Court Order entered February 2, 2007, Plaintiff was granted an extension of time to March 2, 2007 to file expert reports as to Defendant Sunbridge Nursing and

Rehabilitation Center ("Defendant Sunbridge") and Defendant Kerry L. Bloomingdale ("Defendant Bloomingdale"), which time period has not expired.  However, Plaintiff needs certain documents from Defendant Sunbridge to submit to experts so that they may review Defendants Sunbridge's and Bloomingdale's actions; Defendant Bloomingdale examined Plaintiff while she was a resident at Defendant Sunbridge and therefore in conjunction with Sunbridge's care.  Defendant Sunbridge has not produced adequate documentation in response to Plaintiff's Request for Production of Documents and subsequent requests for a supplemental response.

Plaintiff now seeks an enlargement of time in which to submit her expert reports as to Defendants Sunbridge and Bloomingdale due to Defendant Sunbridge's failure to provide an adequate discovery response.  Plaintiff incorporates by reference her Motion for Enlargement of Time to Submit Expert Reports as to Defendants Sunbridge and Bloomingdale.

## II.   REASONS WHY MOTION SHOULD BE GRANTED

Federal Rule of Civil Procedure 6 states that the Court "for cause shown" may at any time in its discretion with or without motion or notice order a period of time enlarged if a request is made before the expiration of the period originally prescribed. Fed. R. Civ. P. 6(b); *see Canup v. Mississippi Val. Barge Line Co.*, 31 F.R.D. 282 (W.D. Pa., 1962) (stating that "[t]he proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for extension of time (*i. e.*, a request presented before the time then fixed for the purpose in question has expired)").  Here,

Plaintiff diligently has sought necessary documentation from Defendant Sunbridge, but Defendant Sunbridge has failed to produce such documentation.

On or about May 19, 2006, Plaintiff served a Request for Production of Documents on Defendant Sunbridge. *See* Plaintiff's Request for Production of Documents attached as Exhibit A to Document 69. Defendant Sunbridge responded to Plaintiff's Request for Production of Documents on or about October 6, 2006. *See* Defendant Sunbridge's Responses to Plaintiff's Request for Production of Documents attached as Exhibit B to Document 69.

By correspondence dated November 2, 2006, Plaintiff requested that Defendant Sunbridge identify documents withheld from its response as a result of numerous objections or produce the requested documents. *See* Plaintiff's Correspondence to Defendant Sunbridge date November 2, 2006 attached as Exhibit C to Document 69. Plaintiff also requested that Defendant Sunbridge supplement its response with documents responsive to the requests that were answered by Defendant Sunbridge as stating there were no documents at the time of response. By correspondence dated November 21, 2006, Defendant Sunbridge submitted a Privilege Log to Plaintiff of those documents that Defendant Sunbridge withheld from its Responses to Request for Production of Documents only based on a claim of privilege. *See* Defendant Sunbridge's Privilege Log attached as Exhibit D to Document 69.

By correspondence dated December 22, 2006, Plaintiff again contacted Defendant Sunbridge about its inadequate response to the Request for Production of Documents, and for resolution of the outstanding issues within the next week. *See* Plaintiff's

Correspondence to Defendant Sunbridge dated December 22, 2006 attached as Exhibit E to Document 69. Plaintiff did not receive a response to the December 22, 2006 correspondence.

Since this Court granted Plaintiff an extension of time to file expert reports on February 2, 2007, Plaintiff again contacted Defendant Sunbridge regarding the outstanding discovery responses and the possible filing of a Motion to Compel. *See* Plaintiff's Correspondence dated February 2, 2007 attached as Exhibit A to the instant Motion. Plaintiff has received no response to the February 2, 2007 correspondence. On February 27, 2007, Plaintiff filed a Motion to Compel Discovery Responses from Defendant Sunbridge (Document 88), which motion is pending.

Because Defendant Sunbridge has failed continually to provide an adequate response to Plaintiff's Request for Production of Documents, Plaintiff still does not have access to certain documents that are essential to expert reviews of Defendants Sunbridge's and Bloomingdale's actions. For instance, Plaintiff has requested resident assessment protocols of Defendant Sunbridge. Plaintiff also has requested policy and procedure manuals regarding management, nursing, employee training, social services, quality control and other issues. Other documents that were requested but not produced include but are not limited to job descriptions for the positions of the medical director, administrator, director of nursing and director of social services and census reports and/or records with resident acuity information during Plaintiff's residency at Defendant Sunbridge. Further recitation of the documents sought but not received is

found in Plaintiff's Memorandum of Reasons In Support of Motion to Compel Discovery Responses from Defendant Sunbridge (Document 89).

In addition, Plaintiff noticed two employees of Defendant Sunbridge for deposition on November 30, 2006. To date, those witnesses still have not been produced. Although the parties have all agreed to allow said depositions, neither witness has yet been available for deposition. Plaintiff has been unable to otherwise obtain information pertaining to protocols and policy due to witness unavailability.

Plaintiff has been diligent in her pursuit of documents from Defendant Sunbridge that are necessary to adequate expert review. However, Defendant Sunbridge has failed to produce the documentation. Accordingly, Plaintiff has shown good cause to have the time period enlarged to file expert reports as to Defendants Sunbridge and Bloomingdale.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Enlargement of Time to Submit Expert Reports as to Defendants Sunbridge and Bloomingdale should be granted.

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: March 2, 2007      By___/s/ Glenn R. Davis___
Glenn R. Davis
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050
(717) 620-2424
gdavis@ldylaw.com
*Pro Hac Vice*

Blake J. Godbout, BBO #196380
BLAKE J. GODBOUT & ASSOCIATES

113915                                                  5

                         33 Broad Street, 11th Floor
                         Boston, MA 02109
                         (617) 523-6677
              Attorneys for Plaintiff, Helen A. Runge

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

>James S. Hamrock, Jr.
>Hamrock & Tocci
>101 Main Street, 18th Floor
>Cambridge, MA 02142
>jhamrock@htclaw.com
>
>Michele Carlucci
>George S. Rockas
>Wilson Elser Moskowitz Edelman & Dicker LLP
>155 Federal Street
>Boston, MA 02110
>michele.carlucci@wilsonelser.com
>george.rockas@wilsonelser.com
>
>Michael Williams
>Lawson & Weitzen, LLP
>88 Black Falcon Avenue, Suite 145
>Boston, MA 02210-1736
>mwilliams@lawson-weitzen.com

Dated: March 2, 2007            By    /s/ Glenn R. Davis
                                      Glenn R. Davis

112784