IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELEN A. RUNGE,<br>　　　　Plaintiff | :<br>:<br>:   No. 05-10849-RGS |
| v. | :   (Judge Stearns)<br>: |
| WALTER J. KELLY, et al.<br>　　　　Defendants | :   CIVIL ACTION<br>:   JURY TRIAL DEMANDED |

## MOTION FOR ENLARGEMENT OF TIME TO SUBMIT EXPERT REPORTS AS TO DEFENDANTS SUNBRIDGE AND BLOOMINGDALE

AND NOW COMES Plaintiff, Dorothy Stanley, Executrix of the Estate of Helen Runge, ("Plaintiff") by and through her counsel, and motions for an enlargement of time to submit her expert reports as to Defendant Sunbridge Nursing and Rehabilitation Center ("Defendant Sunbridge") and Defendant Kerry L. Bloomingdale ("Defendant Bloomingdale") and states the following:

1. On April 27, 2005, Plaintiff filed with this Honorable Court her initial Complaint.

2. Plaintiff filed an Amended Complaint on August 7, 2006, as permitted by Court Order entered July 28, 2006, and a Second Amended Complaint on January 8, 2007, as permitted by Court Order entered January 5, 2007.

3. By Court Order entered March 20, 2007, this Court granted Plaintiff an extension of time to submit expert reports as to Defendants Sunbridge and

Bloomingdale within 21 days from the date of the Order, which time period has not expired.

4. Plaintiff previously had requested and been granted extensions of time to file expert reports because Defendant Sunbridge had not produced significant documentation needed for an expert review of Defendants Sunbridge's and Bloomingdale's actions; Plaintiff incorporates herein as if set forth at length the motions docketed as Documents 69, 71 and 90).

5. Plaintiff continues to be diligent in pursuing discovery and requesting relevant documentation from Defendant Sunbridge that is essential for adequate expert review of Defendants Sunbridge's and Bloomingdale's actions.

6. On February 27, 2007, Plaintiff filed a Motion to Compel Discovery Responses from Defendant Sunbridge ("Motion to Compel").

7. In its Opposition to Plaintiff's Motion to Compel (Document 94), Defendant Sunbridge stated that its production of documents to Plaintiff represents "significant compliance with Plaintiff's document requests."

8. By Court Order entered March 20, 2007, this Court denied the Motion to Compel on "defendants' representation that the records have been produced."

9. On March 28, 2007, Sandra Porazzo Perry, Defendant Sunbridge's former Director of Nurses for the 2000-2004 time period, finally was produced by Defendant Sunbridge for deposition; she testified about the existence of numerous documents that Plaintiff has requested but Defendant Sunbridge has not produced.

10. Plaintiff intends to renew her Motion to Compel by filing a Second Motion to Compel in the immediate future, based on the inconsistencies in Ms. Perry's testimony with Defendant Sunbridge's representations that it has complied to a significant extent with Plaintiff's discovery requests. *See* Plaintiff's Draft Second Motion to Compel attached as Exhibit A.

11. Plaintiff has attempted in good faith numerous times to hold a discovery conference pursuant to Local Rule 37.1 with counsel for Defendant Sunbridge via correspondence and multiple telephone calls. *See* correspondence dated April 5, 2007 and April 10, 2007 attached as Exhibit B.

12. Despite Defendant Sunbridge's counsel's ability to send correspondence on April 10, 2007 within 30 minutes in reply to a correspondence from Plaintiff's counsel, he was unable to return several telephone calls addressing the discovery dispute. *See* Exhibit B.

13. Plaintiff respectfully requests that this Honorable Court grant Plaintiff an enlargement of time to file expert reports as to Defendants Sunbridge and Bloomingdale because Defendant Sunbridge still has not produced the documents necessary for expert review of Defendants Sunbridge's and Bloomingdale's actions.

14. In support of the instant Motion, Plaintiff incorporates her Memorandum of Reasons In Support of Motion for Enlargement of Time to Submit Expert Reports as to Defendants Sunbridge and Bloomingdale.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion for Enlargement of Time to Submit Expert Reports as to Defendants Sunbridge and Bloomingdale.

                                              Respectfully submitted,

                                              LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: April 10, 2007              By____/s/ Glenn R. Davis_____
                                              Glenn R. Davis
                                              1700 Bent Creek Boulevard, Suite 140
                                              Mechanicsburg, PA 17050
                                              (717) 620-2424
                                              gdavis@ldylaw.com
                                              *Pro Hac Vice*

                                              Blake J. Godbout, BBO #196380
                                              BLAKE J. GODBOUT & ASSOCIATES
                                              33 Broad Street, 11th Floor
                                              Boston, MA  02109
                                              (617) 523-6677

                                              Attorneys for Plaintiff, Helen A. Runge

### LOCAL RULE 7.1 CERTIFICATION

I, Glenn R. Davis, counsel for Plaintiff, certify that we have contacted counsel for Defendants Walter J. Kelly, Kerry L. Bloomingdale, M.D., and Sunbridge Nursing and Rehabilitation Center regarding Plaintiff's Motion for Enlargement of Time to Submit Expert Reports as to Defendants Sunbridge and Bloomingdale. Counsel for Defendant Sunbridge does not concur in the filing of this motion. Counsel for Defendants Bloomingdale and Kelly have not yet provided their position, whether it be concurrence or nonconcurrence, with the presentation of this motion.

Dated: April 10, 2007                       /s/ Glenn R. Davis_____
                                              Glenn R. Davis

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

>James S. Hamrock, Jr.
>Hamrock & Tocci
>101 Main Street, 18th Floor
>Cambridge, MA 02142
>jhamrock@htclaw.com
>
>Michele Carlucci
>George S. Rockas
>Wilson Elser Moskowitz Edelman & Dicker LLP
>155 Federal Street
>Boston, MA 02110
>michele.carlucci@wilsonelser.com
>george.rockas@wilsonelser.com
>
>Michael Williams
>Lawson & Weitzen, LLP
>88 Black Falcon Avenue, Suite 145
>Boston, MA 02210-1736
>mwilliams@lawson-weitzen.com

Dated: April 10, 2007                     /s/ Glenn R. Davis
                                              Glenn R. Davis

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELEN A. RUNGE,<br>　　　　Plaintiff | :<br>: |
| | :      No. 05-10849-RGS |
| v. | :      (Judge Stearns) |
| | : |
| WALTER J. KELLY, et al. | :      CIVIL ACTION |
| 　　　　Defendants | :      JURY TRIAL DEMANDED |

## PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT SUNBRIDGE NURSING AND REHABILITATION CENTER

AND NOW COMES Plaintiff, Dorothy Stanley, Executrix of the Estate of Helen Runge, ("Plaintiff") by and through her counsel, and motions to compel discovery responses from Defendant Sunbridge Nursing and Rehabilitation Center ("Defendant Sunbridge") and states the following:

1.　　On or about May 19, 2006, Plaintiff served a Request for Production of Documents on Defendant Sunbridge. (*See* Exhibit A to Document 88.)

2.　　On or about October 6, 2006, Defendant Sunbridge submitted a partial response to Plaintiff's Request for Production of Documents, which included only Helen Runge's ("Runge's") medical records, including power of attorney and health care proxy documents, Defendant Kerry L. Bloomingdale's April 29, 2003 medical certificate and the Department of Public Health's report regarding the complaint made to it by Plaintiff regarding Defendant Sunbridge. (*See* Exhibit B to Document 88.)

3. In response to Plaintiff's request to either submit a privilege log or produce the documents withheld, Defendant Sunbridge submitted a Privilege Log to Plaintiff on or about November 21, 2006 of those documents it had withheld from its response based on a claim of privilege. (See Exhibit D to Document 88.)

4. On February 27, 2007, Plaintiff filed a Motion to Compel Discovery Responses from Defendant Sunbridge ("Motion to Compel"), arguing that Defendant Sunbridge had failed to produce adequate documentation in response to its Request for Production of Documents.

5. Plaintiff incorporates the original Motion to Compel and attachments to it, Document 88, herein as if set forth at length.

6. Defendant Sunbridge submitted supplemental responses (attached as Exhibit A hereto) to Plaintiff's Request for Production of Documents Numbers 6 and 10 on or about March 8, 2007, which consisted of the following information specific to Runge: Multiple copies of Runge's admission information sheet; bills for the majority of the time period Runge was in residence at Sunbridge; a copy of the Durable Power of Attorney and of the Health Care Proxy for Runge; general medicare, including assignment of benefits and payment, and social security information; admission agreement and documentation; a preadmission assessment; a trust fund authorization; and receipts, copies of checks and statements regarding Runge's resident account.

7. On March 13, 2007, Defendant Sunbridge filed a response to Plaintiff's Motion to Compel entitled Opposition of Defendant Mediplex of Massachusetts, Inc. d/b/a Sunbridge Care and Rehabilitation for Randolph to Plaintiff's Motion to Compel

Discovery Responses ("Opposition"); the Opposition is docketed as Document 94 and is incorporated herein as if set forth at length.

8. In its Opposition, Defendant Sunbridge stated that it provided Plaintiff with 485 pages as part of its automatic disclosures on July 20, 2006. Defendant Sunbridge submitted its initial disclosures on September 12, 2005; no documents were submitted with the initial disclosures. Defendant Sunbridge did not first produce documentation to Plaintiff, approximately 485 pages, until on or about October 6, 2006 in response to Plaintiff's Request for Production of Documents.

9. Defendant Sunbridge further stated in its Opposition that the records it has produced represent "significant compliance with Plaintiff's document requests."

10. By Order entered March 20, 2007, this Court denied Plaintiff's original Motion to Compel stating the following: "Denied on defendants' representation that the records have been produced."

11. The records produced by Defendant Sunbridge in no way represent significant compliance with Plaintiff's requests.

12. Defendant Sunbridge failed to represent to this Court that several requested categories of documents have yet to be produced.

13. Further, the deposition testimony of Sandra Porazzo Perry, Defendant Sunbridge's former Director of Nurses for the 2000-2004 time period, establishes the existence of the following documents that have not been produced by Defendant Sunbridge:

  a.  All reports, correspondence, etc. that are not part of the normal facility chart (Request for Production of Documents No. 2);

  b.  documentation of communication of caregivers regarding Runge (Request for Production of Documents No. 4);

  c.  documents provided to Runge's physicians or that memorialize any notification regarding Runge to the physicians (Request for Production of Documents No. 5);

  d.  documents relating to any business relationship between Defendant Sunbridge and Defendant Kelly during a specified time period (Request for Production of Documents No. 8);

  e.  documents relating to any business relationship between Defendant Sunbridge and Defendant Bloomingdale during a specified time period (Request for Production of Documents No. 9);

  f.  documents relating to any payments Defendant Sunbridge made to or received from Defendant Bloomingdale during a specified time period (Request for Production of Documents No. 11);

  g.  an employee list for persons who worked at or for Sunbridge on April 29 and 30, 2003 (Request for Production of Documents No. 12) ;

  h.  all documentation reflecting any investigations conducted by state or federal agencies concerning Runge (Request for Production of Documents No. 13);

  i.  the floor plan of Defendant Sunbridge during Runge's residency (Request for Production of Documents No. 14);

  j.  the Policy and Procedures Manuals in effect for Defendant Sunbridge during Runge's residency (Request for Production of Documents No. 16);

  k.  written job descriptions for the Medical Director, Administrator, Director of Nursing and Director of Social Services during Runge's residency (Request for Production of Documents No. 17);

  l.  guidelines, etc. for evaluating the job performance of specific classes of employees (Request for Production of Documents No. 18);

   m. contracts with Defendant Sunbridge's medical director or outside consultant medical doctors (Request for Production of Documents No. 20);

   n. daily census reports and/or records with resident acuity information during Runge's residency (Request for Production of Documents No. 22);

   o. certain enumerated work information for employees for April 29 and 30, 2006 (Request for Production of Documents No. 23).

The pertinent portions of the deposition transcript are attached hereto as Exhibit B.

  14. Defendant Sunbridge has waived any objections to Plaintiff's Request for Production of Documents, as its response was untimely.

  15. Plaintiff hereby renews its Motion to Compel filed February 27, 2007. As established by the deposition of Sandra Porazzo-Perry, Defendant Sunbridge misrepresented that it has complied to a significant extent with Plaintiff's discovery requests.

  16. Defendant Sunbridge has either purposefully withheld or negligently failed to produce multiple categories of documents responsive to Plaintiff's requests.

  17. Plaintiff respectfully requests that this Honorable Court compel Defendant Sunbridge to adequately respond to Plaintiff's Request for Production of Documents.

  18. In support of the instant Motion, Plaintiff incorporates her Memorandum of Reasons In Support of Motion to Compel Discovery Responses from Defendant Sunbridge.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Second Motion to Compel Discovery Responses from Defendant Sunbridge and aware Plaintiff appropriate sanctions against Defendant Sunbridge.

          Respectfully submitted,

          LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: April ___, 2007        By_____

          Glenn R. Davis
          1700 Bent Creek Boulevard, Suite 140
          Mechanicsburg, PA 17050
          (717) 620-2424
          gdavis@ldylaw.com
          *Pro Hac Vice*

          Blake J. Godbout, BBO #196380
          BLAKE J. GODBOUT & ASSOCIATES
          33 Broad Street, 11th Floor
          Boston, MA 02109
          (617) 523-6677
          Attorneys for Plaintiff, Helen A. Runge

## LOCAL RULE 7.1 CERTIFICATION

## LOCAL RULE 37.1 CERTIFICATION

Dated: April ___, 2007        _____
          Glenn R. Davis

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

       James S. Hamrock, Jr.
       Hamrock & Tocci
       101 Main Street, 18th Floor
       Cambridge, MA 02142
       jhamrock@htclaw.com

       Michele Carlucci
       George S. Rockas
       Wilson Elser Moskowitz Edelman & Dicker LLP
       155 Federal Street
       Boston, MA 02110
       michele.carlucci@wilsonelser.com
       george.rockas@wilsonelser.com

       Michael Williams
       Lawson & Weitzen, LLP
       88 Black Falcon Avenue, Suite 145
       Boston, MA 02210-1736
       mwilliams@lawson-weitzen.com

Dated: April ___, 2007

                                                        _____
                                                        Glenn R. Davis



# LATSHA DAVIS YOHE & McKENNA, P.C.
### ATTORNEYS AT LAW

PLEASE REPLY TO:   Mechanicsburg
WRITER'S E-MAIL:   gdavis@ldylaw.com

April 5, 2007

Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 145    <u>VIA FACSIMILE AND</u>
Boston, MA  02210-1736    <u>FIRST-CLASS MAIL</u>

    Re:    Helen A. Runge v. Walter J. Kelly, et al.
           No. 05-10849-RGS
           Our File No. 812-03

Dear Attorney Williams:

    I am in receipt of your March 13 correspondence which is replete with factual inaccuracies with regard to discovery. While you are correct that we discussed discovery in January, you omit the fact that we also discussed discovery issues in September, October, November and December as well. Each of those discussions centered upon your failure to have timely responded to the outstanding discovery of plaintiff. In our discuss in October, you represented that you had a recalcitrant client who would not provide you with discovery materials. At that time, I indicated to you that I had responses to your discovery prepared and waiting to send but was reluctant to do so until such time as you had responded to our discovery. You indicated an appreciation with this position.

    The representation contained in your recent response to our motion to compel as well as the representations in your March 13 letter clearly overlook this discussion and our agreement. Moreover, we further discussed this matter after the Schiavoni deposition in Boston and we again agreed that plaintiff's discovery would be forthcoming upon your appropriate answers and production of plaintiff's discovery.

    Your supplemental discovery has been produced to this office. We have completed its review. I am sure that you have an appreciation that the materials you have provided do not

1700 Bent Creek Boulevard, Suite 140 • Mechanicsburg, PA 17050 • (717) 620-2424 • FAX (717) 620-2444

350 Eagleview Boulevard, Suite 100 • Exton, PA 19341 • (610) 524-8454 • FAX (610) 524-9383
3000 Atrium Way, Suite 251 • Mt. Laurel, NJ 08054 • (856) 231-5351 • FAX (856) 231-5341
Maryland Telephone: (410) 727-2810

Michael Williams, Esq.
April 5, 2007
Page 2

respond to our requests. We have under separate cover letter this date provided you with plaintiff's responses to your outstanding discovery. Please be aware that upon our review of your discovery, responses show them to be inadequate. I would suggest that a conference pursuant to Local Rule 37.1 be held, however, the focus of that conference should be your client's failure to respond to plaintiff's discovery. By the time of the conference, I am sure that you will have received our discovery and found it to be adequate.

      Please call me immediately to schedule the conference.

                              Very truly yours,

                              Glenn R. Davis

/hs
cc:    Gilbert Stanley
        Blake J. Godbout, Esq.

114226

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              4838
CONNECTION TEL                    16174393987
CONNECTION ID
ST. TIME              04/05 15:42
USAGE T               00'47
PGS. SENT             3
RESULT                OK
```



# LATSHA DAVIS YOHE & MCKENNA, P.C.
### ATTORNEYS AT LAW

1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050
(717) 620-2424
(717) 620-2444 (Fax)

TO:      Michael Williams

FROM:    Glenn R. Davis

DATE:    April 5, 2007

FAX NO.: (617) 439-3987

FILE NO.: 812-03

TOTAL PAGES SENT INCLUDING COVER PAGE:  3

MESSAGE:

---

## CONFIDENTIALITY NOTICE

The information in this transmission is intended only for the individual or entity named above. It may be legally privileged and confidential. If you have received this information in error, notify us immediately by calling our operator at the number set out below. Send the original

# Glenn Davis - Re: Fwd: Runge v. Kelly et al.

| | |
|---|---|
| **From:** | Glenn Davis |
| **To:** | Michael Williams |
| **Date:** | 4/10/07 4:38PM |
| **Subject:** | Re: Fwd: Runge v. Kelly et al. |
| **CC:** | Andrea E. Dean |

Mike,

As you know we have called your office on three occasions today. I left a message giving you specific detail concerning the purpose of the call. We had hoped to work out this discovery dispute that you known arose for the second time after your client's deposition testimony identifying that the documents that we have requested do exist.. I am not surprised that you have the time to write an e mail response to our e mail concerning the motion to compel but you can't return the phone call. The court rules were established so that disputes can be resolved with the good faith attempts of counsel. That is precisely what we are attempting to accomplish. We would appreciate the professional courtesy of a return telephone call to avoid needing to file the motion. The content of our message to your office along with your response by email constitutes compliance with the rule. I will however call your office one last time at 4:45 PM today. If you are not available please indicate who would be.

Glenn Davis

Glenn R. Davis
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Blvd., Suite 140
Mechanicsburg, PA  17050
Telephone: 717-620-2424
Fax: 717-620-2444

The information contained in this e-mail, including any attachments, is intended only for the use of the individual(s) or entity(s) named above, and is privileged and confidential. The message and the attachments are or may be subject to the attorney-client privilege or other privileged or protected communication. If you are not the intended recipient, be aware that any disclosure, dissemination, distribution, copying or use of the contents of this message is strictly prohibited. If you received this message in error, please immediately notify us, and delete the original.

>>> "Williams, Michael" <MWilliams@lawson-weitzen.com> 04/10/07 04:15PM >>>

Andrea:

It would be improper to file a motion to compel at this time as the 7-day period set by 37.1 has not yet expired. A motion to compel would also be frivolous given that the Court has already denied your last motion to compel.

To the extent you would argue that because certain documents that are not within the custody or control of my client have not been produce (an issue already addressed by the Court), this would not preclude you from disclosing at least the names and qualifications of your experts. SunBridge will oppose a 3rd motion to enlarge the period for expert disclosures and would seek to exclude plaintiff from calling an expert if full and timely disclosures are not made.

Mike Williams

-------------------------
Sent using BlackBerry

-----Original Message-----
From: Andrea E. Dean <adean@ldylaw.com>
To: jhamrock@htclaw.com <jhamrock@htclaw.com>; Williams, Michael; Michele.Carlucci@wilsonelser.com <Michele.Carlucci@wilsonelser.com>
CC: Glenn Davis <GDAVIS@ldylaw.com>
Sent: Tue Apr 10 15:45:00 2007
Subject: Fwd: Runge v. Kelly et al.

Good afternoon, counsel. Plaintiff intends to file a motion for enlargement of time to file expert reports as to Defendant Sunbridge and Bloomingdale and a second motion to compel discovery requests from Defendant Sunbridge. We are contacting you under local rule 7.1 to confer on these motions. Please advise as to your position on the motions, if any.

Thank you,

Andrea E. Dean
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050
Phone: 717-620-2424
Fax: 717-620-2444

CONFIDENTIALITY NOTICE

The information in this transmission is intended only for the individual or entity named above. It may be legally privileged and confidential. If you have received this information in error, notify us immediately by calling our operator at (717) 620-2424. Send the original transmission to us by mail. Return postage is guaranteed. If the reader of this message is not the intended recipient, you are hereby notified that any disclosure, dissemination, distribution or copying of this communication or its contents is strictly prohibited.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELEN A. RUNGE,<br>　　　　Plaintiff<br><br>　　v.<br><br>WALTER J. KELLY, et al.<br>　　　　Defendants | :<br>:<br>:　No. 05-10849-RGS<br>:　(Judge Stearns)<br>:<br>:　CIVIL ACTION<br>:　JURY TRIAL DEMANDED |

ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of Plaintiff's Motion for Enlargement of Time to Submit Expert Reports as to Defendants Sunbridge and Bloomingdale, it is hereby ORDERED and DECREED that said Motion is GRANTED.

　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Richard C. Stearns, J.

114930