IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELEN A. RUNGE, | : |
|     Plaintiff | : |
| | :   No. 05-10849-RGS |
| v. | :   (Judge Stearns) |
| | : |
| WALTER J. KELLY, et al. | :   CIVIL ACTION |
|     Defendants | :   JURY TRIAL DEMANDED |

**MEMORANDUM OF REASONS IN SUPPORT OF MOTION FOR
ENLARGEMENT OF TIME TO SUBMIT EXPERT REPORTS
AS TO DEFENDANTS SUNBRIDGE AND BLOOMINGDALE**

Dorothy Stanley, Executrix of the Estate of Helen Runge, ("Plaintiff") by and through her counsel, respectfully submits this Memorandum of Reasons in Support of her Motion for Enlargement of Time to Submit Expert Reports as to Defendants Sunbridge and Bloomingdale.

I.     **FACTUAL BACKGROUND**

Plaintiff filed her original Complaint on April 27, 2005, pleading counts sounding both in federal and state law. Counts I and II of the original Complaint were federal law claims, which were dismissed by this Court's Order dated January 23, 2006. Although the federal question jurisdiction counts were dismissed, jurisdiction remains with this Court due to diversity. By Court Order entered July 28, 2006, Plaintiff was permitted to file an Amended Complaint, which Plaintiff filed on August 7, 2006. By Court Order entered January 5, 2007, Plaintiff was permitted to file her Second Amended Complaint, which Plaintiff filed on January 8, 2007.

By Court Order entered March 20, 2007, Plaintiff was granted a 21-day extension to file expert reports as to Defendant Sunbridge Nursing and Rehabilitation Center ("Defendant Sunbridge") and Defendant Kerry L. Bloomingdale ("Defendant Bloomingdale"). This time period has not yet expired. Plaintiff previously had been granted extensions of time to file expert reports because Defendant Sunbridge had not produced significant documentation needed for an expert review of Defendants Sunbridge's and Bloomingdale's actions.

Despite its recent representations to the Court in opposing Plaintiff's Motion to Compel, it has now become clear that Defendant Sunbridge has not produced significant documentation that is responsive to Plaintiff's Request for Production of Documents. Within the past two weeks, Plaintiff has been able to confirm that various categories of documents are in Defendant Sunbridge's possession, but have not been produced as requested by Plaintiff. Plaintiff continues to need certain documents from Defendant Sunbridge to submit to experts so that they may review Defendants Sunbridge's and Bloomingdale's actions; Defendant Bloomingdale examined Plaintiff while she was a resident at Defendant Sunbridge and, therefore, in conjunction with Sunbridge's care.

On February 27, 2007, Plaintiff filed a Motion to Compel Discovery Responses from Defendant Sunbridge ("Motion to Compel") seeking the documentation necessary to obtain expert reviews. In its Opposition to Plaintiff's Motion to Compel, Defendant Sunbridge stated that its production of documents to Plaintiff represents "significant compliance with Plaintiff's document requests." By Court Order entered March 20,

2007, this Court denied the Motion to Compel on "defendants' representation that the records have been produced."

In contradiction to Defendant Sunbridge's representations to this Court, the March 28, 2007 deposition testimony from Sandra Porazzo Perry, Defendant Sunbridge's former Director of Nurses for the 2000 – 2004 time period, establishes the existence of numerous documents that have not been produced by Defendant Sunbridge. *See* Plaintiff's proposed Second Motion to Compel Discovery Responses from Defendant Sunbridge, which lists in detail the documents identified by Ms. Perry that Defendant Sunbridge has not produced. A copy of Plaintiff's proposed Second Motion to Compel Discovery Responses from Defendant Sunbridge is attached as Exhibit A to Plaintiff's Motion for Enlargement of Time.

Plaintiff seeks an enlargement of time in which to submit her expert reports as to Defendants Sunbridge and Bloomingdale due to what is now a clear failure by Defendant Sunbridge to provide an adequate discovery response. Plaintiff incorporates by reference her Motion for Enlargement of Time to Submit Expert Reports as to Defendants Sunbridge and Bloomingdale.

## II.     REASONS WHY MOTION SHOULD BE GRANTED

Federal Rule of Civil Procedure 6 states that the Court "for cause shown" may at any time in its discretion with or without motion or notice order a period of time enlarged if a request is made before the expiration of the period originally prescribed. Fed. R. Civ. P. 6(b); *see Canup v. Mississippi Val. Barge Line Co.*, 31 F.R.D. 282 (W.D. Pa., 1962) (stating that "[t]he proper procedure, when additional time for any purpose is

needed, is to present to the Court a timely request for extension of time (*i. e.*, a request presented before the time then fixed for the purpose in question has expired)"). Plaintiff continues to seek requested documentation from Defendant Sunbridge necessary in order to obtain expert review. As set forth in Section I of this Memorandum, Defendant Sunbridge has failed to produce such documentation despite its misrepresentations to the Court otherwise.

Because Defendant Sunbridge has failed continually to provide adequate discovery responses, Plaintiff still does not have access to certain documents that are essential to expert reviews of Defendants Sunbridge's and Bloomingdale's actions. These include the documents set forth in Plaintiff's Motion to Compel Discovery Responses from Defendant Sunbridge (Document 88) and corresponding memorandum (Document 89).

Plaintiff has been diligent in her pursuit of documents from Defendant Sunbridge that are necessary to adequate expert review. However, Defendant Sunbridge has either purposefully withheld or negligently failed to produce the documentation. Accordingly, Plaintiff has shown good cause to have the time period enlarged to file expert reports as to Defendants Sunbridge and Bloomingdale.

III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Enlargement of Time to Submit Expert Reports as to Defendants Sunbridge and Bloomingdale should be granted.

                                      Respectfully submitted,

                                      LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: April 10, 2007            By    /s/ Glenn R. Davis
                                      Glenn R. Davis
                                      1700 Bent Creek Boulevard, Suite 140
                                      Mechanicsburg, PA 17050
                                      (717) 620-2424
                                      gdavis@ldylaw.com
                                      *Pro Hac Vice*

                                      Blake J. Godbout, BBO #196380
                                      BLAKE J. GODBOUT & ASSOCIATES
                                      33 Broad Street, 11th Floor
                                      Boston, MA 02109
                                      (617) 523-6677
Attorneys for Plaintiff, Helen A. Runge

114913                                                          

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

>James S. Hamrock, Jr.
>Hamrock & Tocci
>101 Main Street, 18th Floor
>Cambridge, MA 02142
>jhamrock@htclaw.com
>
>Michele Carlucci
>George S. Rockas
>Wilson Elser Moskowitz Edelman & Dicker LLP
>155 Federal Street
>Boston, MA 02110
>michele.carlucci@wilsonelser.com
>george.rockas@wilsonelser.com
>
>Michael Williams
>Lawson & Weitzen, LLP
>88 Black Falcon Avenue, Suite 145
>Boston, MA 02210-1736
>mwilliams@lawson-weitzen.com

Dated: April 10, 2007                By     /s/ Glenn R. Davis
                                            Glenn R. Davis

114913