IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELEN A. RUNGE, | : |
|     Plaintiff | : |
| | :    No. 05-10849-RGS |
| v. | :    (Judge Stearns) |
| | : |
| WALTER J. KELLY, et al. | :    CIVIL ACTION |
|     Defendants | :    JURY TRIAL DEMANDED |

**MEMORANDUM OF REASONS IN SUPPORT OF SECOND MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT SUNBRIDGE**

Dorothy Stanley, Executrix of the Estate of Helen Runge ("Plaintiff"), by and through her counsel, respectfully submits this Memorandum of Reasons in Support of her Second Motion to Compel Discovery Responses from Defendant Sunbridge.

I.   FACTUAL BACKGROUND

Plaintiff filed her original Complaint on April 27, 2005, pleading counts sounding both in federal and state law. Counts I and II of the original Complaint were federal law claims, which were dismissed by this Court's Order dated January 23, 2006. Although the federal question jurisdiction counts were dismissed, jurisdiction remains with this Court due to diversity. By Court Order entered July 28, 2006, Plaintiff was permitted to file an Amended Complaint, which Plaintiff filed on August 7, 2006. By Court Order entered January 5, 2007, Plaintiff was permitted to file her Second Amended Complaint, which Plaintiff filed on January 8, 2007.

On or about May 19, 2006, Plaintiff served a Request for Production of Documents on Defendant Sunbridge. *See* Exhibit A to Document 88 incorporated herein as if set forth at length. Defendant Sunbridge responded to Plaintiff's Request

for Production of Documents on or about October 6, 2006. *See* Exhibit B to Document 88.

On February 27, 2007, Plaintiff filed a Motion to Compel Discovery Responses from Defendant Sunbridge ("Motion to Compel"). Defendant Sunbridge then submitted a supplemental response to Plaintiff's Request for Production of Documents on or about March 8, 2007. *See* Exhibit A to the instant Motion. In its March 13, 2007, Opposition to Plaintiff's Motion to Compel, Defendant Sunbridge stated that its production of documents to Plaintiff represents "significant compliance with Plaintiff's document requests." By Court Order entered March 20, 2007, this Court denied the Motion to Compel on "defendants' representation that the records have been produced."

On April 12, 2007, counsel for Defendant Sunbridge stated via correspondence and telephone conference call that he intended to produce certain corporate documents in response to Plaintiff's discovery requests, yet he could not verify that they were accurate as to the Sunbridge facility. These documents have no probative value in this matter and do not satisfy Defendant Sunbridge's obligation to produce documents in response to Plaintiff's Request for Production of Documents Nos. 16 and 17 or any of the other Requests.

Despite its representations to the Court, Defendant Sunbridge has not produced adequate documentation in response to Plaintiff's Request for Production of Documents. Recent deposition testimony of a former Director of Nursing of Defendant Sunbridge and a key figure in this litigation establishes the existence of numerous

categories of documents previously unaddressed by Defendant Sunbridge in its Opposition to Plaintiff's Motion to Compel. These documents have not been produced as requested. Plaintiff now seeks an order compelling Defendant Sunbridge to produce complete responses to Plaintiff's Request for Production of Documents.

A formal discovery conference was held on April 12, 2007, via telephone, and Plaintiff and Defendant Sunbridge have not reached an agreement in the discovery dispute. Plaintiff's counsel asked Defendant's counsel to explore possible solutions to Defendant's professed inability to obtain documents. Plaintiff's counsel has had no call from Defendant's counsel. Plaintiff incorporates by reference her Second Motion to Compel Discovery Responses from Defendant Sunbridge.

## II.   REASONS WHY MOTION SHOULD BE GRANTED

Federal Rule of Civil Procedure 37 allows for a party to apply for an order compelling disclosure or discovery. Fed.R.Civ.P. 37(a). An "incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(3). Here, Defendant Sunbridge has failed to make a complete response to Plaintiff's Request for Production of Documents under Federal Rule of Civil Procedure 34.

On March 28, 2007, Sandra Porazzo Perry, Defendant Sunbridge's former Director of Nurses from 2000 – 2004, finally was produced by Defendant Sunbridge and deposed. In contradiction to Defendant Sunbridge's representations to this Court, Ms. Perry's testimony establishes the existence of numerous categories of documents that

have not been produced by Defendant Sunbridge, although the documents are responsive to Plaintiff's Request for Production of Documents.

Plaintiff requested reports, correspondence, memorandums and/or other communication not included as part of the normal facility chart used to memorialize the care and treatment rendered to Runge (Request for Production of Documents No. 2). Plaintiff requested documentation of communication of caregivers used to communicate regarding the care or treatment relating to Runge (Request for Production of Documents No. 4). Plaintiff also requested documents provided to Runge's physicians or that memorialize any notification regarding Runge to the physicians (Request for Production of Documents No. 5). Plaintiff requested all documentation reflecting any investigations conducted by state or federal agencies concerning Runge (Request for Production of Documents No. 13).

The following testimony establishes the existence of documents that fit into one or more of the Requests set forth above. Ms. Perry testified that a written order from the physician is required in order to activate a healthcare proxy (*see* Exhibit B to the instant Motion, p. 16-17). Despite producing written documentation indicating that Runge's healthcare proxy had been activated, Defendant Sunbridge has failed to produce a written authorization by a physician authorizing such activation. Ms. Perry testified about the existence of patient/appointment lists that were provided to Defendant Bloomingdale when he arrived to see patients at Sunbridge (*see* Exhibit B to the instant Motion, p. 23-24). Defendant Bloomingdale saw Runge, yet Defendant Sunbridge has not produced such lists. Ms. Perry testified that Defendant Sunbridge

had contact with at least one person with Sunbridge in New Mexico regarding Runge (*see* Exhibit B to the instant Motion, p. 39-40), yet Defendant Sunbridge has produced no evidence of any such contact.[1] Ms. Perry also testified to the existence of a statement made by Al Wilkins regarding an investigation relating to Runge (*see* Exhibit B to the instant Motion, p. 73), but Defendant Sunbridge has never produced this statement.

Plaintiff requested documents relating to any business relationship between Defendant Sunbridge and Defendant Kelly during a specified time period (Request for Production of Documents No. 8). Ms. Perry testified that Defendant Kelly and Defendant Sunbridge had a relationship in that Defendant Sunbridge would contact Defendant Kelly and one other attorney to prepare guardianship petitions and other necessary paperwork to establish guardianships of Sunbridge residents on a monthly basis (*see* Exhibit B to the instant Motion, p. 24-27, 41). Defendant Sunbridge has produced no document evidencing any such business relationship.

Plaintiff requested documents relating to any business relationship between Defendant Sunbridge and Defendant Bloomingdale during a specified time period (Request for Production of Documents No. 9). Plaintiff requested documents relating to any payments Defendant Sunbridge made to or received from Defendant Bloomingdale during a specified time period (Request for Production of Documents No. 11). Plaintiff also requested contracts with Defendant Sunbridge's medical director or outside consultant medical doctors (Request for Production of Documents No. 20). Ms. Perry

---

[1] It must also be noted that Defendant Sunbridge has produced no electronic communication, whether it be internal or external electronic transmission, which would be stored in electronic hard drives and

testified that Defendant Sunbridge had a contract with New England Geriatrics for psychiatric consultations by Defendant Bloomingdale, who was at Sunbridge frequently in response to requests from Defendant Sunbridge (*see* Exhibit B to the instant Motion, p. 21-22, 88). Defendant Sunbridge produced no document evidencing any such business relationship or contract.

Plaintiff requested an employee list for persons who worked at or for Sunbridge on April 29 and 30, 2003 (Request for Production of Documents No. 12). Ms. Perry testified as to the existence of written daily employee assignment schedules and a master nursing schedule (*see* Exhibit B to the instant Motion, p. 33-34, 93, 95-96).

Plaintiff requested the floor plan of Defendant Sunbridge during Runge's residency (Request for Production of Documents No. 14). Ms. Perry testified that Defendant Sunbridge kept a floor plan of the facility (*see* Exhibit B to the instant Motion, p. 94), yet Defendant Sunbridge never produced this document.

Plaintiff requested the Policy and Procedures Manuals in effect for Defendant Sunbridge during Runge's residency (Request for Production of Documents No. 16). Ms. Perry testified that there were written nursing procedures and policies, written clinical policies and procedures for other staff and written admissions procedures and policies. *See* Exhibit B to the instant Motion, p. 10-13. Defendant Sunbridge has never produced such procedures and policies, or any procedures and policies.

Plaintiff requested written job descriptions for the Medical Director, Administrator, Director of Nursing and Director of Social Services during Runge's

---

therefore not subject to Defendant's newly fashioned claim of unavailability.

114931                                6

residency (Request for Production of Documents No. 17). Plaintiff also requested guidelines, etc. for evaluating the job performance of specific classes of employees (Request for Production of Documents No. 18). Ms. Perry testified to the existence of these types of documents (*see* Exhibit B to the instant Motion, p. 13-14), but Defendant Sunbridge has not produced job descriptions or guidelines for performance evaluation.

Plaintiff requested daily census reports and/or records with resident acuity information during Runge's residency (Request for Production of Documents No. 22). Ms. Perry testified to the existence of written daily census logs (*see* Exhibit B to the instant Motion, p. 95), but Defendant Sunbridge never produced these logs.

Plaintiff requested weekly work schedules, employee sign-in sheets, payroll records and time cards and/or time sheets showing the identity, number or classification of all nursing personnel, including a complete list of all employees on duty, on April 29 and April 30, 2003 (Request for Production of Documents No. 23). Ms. Perry testified to the existence of individual employment files, the written job descriptions in these files and the written explanations for what was expected of each employee (*see* Exhibit B to the instant Motion, p. 13-14). Defendant Sunbridge has produced none of this information as requested.

Defendant Sunbridge's representations that it has complied with Plaintiff's discovery request in a significant manner are now called into question in light of the existence of the documents testified to by Ms. Perry.[2] Because of the inconsistencies

---

[2] Defendant Sunbridge first claimed document unavailability in its answer to the first motion to compel. Prior to that time, Defendant Sunbridge had constantly represented that documents would be

between Ms. Perry's deposition testimony and Defendant Sunbridge's representations to the Court, the instant Motion should be granted.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's Second Motion to Compel Discovery Responses from Defendant Sunbridge should be granted.

                                Respectfully submitted,

                                LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: April 18, 2007              By____/s/ Glenn R. Davis_____
                                                      Glenn R. Davis
                                                      1700 Bent Creek Boulevard, Suite 140
                                                      Mechanicsburg, PA 17050
                                                      (717) 620-2424
                                                      gdavis@ldylaw.com
                                                      *Pro Hac Vice*

                                                      Blake J. Godbout, BBO #196380
                                                      BLAKE J. GODBOUT & ASSOCIATES
                                                      33 Broad Street, 11th Floor
                                                      Boston, MA 02109
                                                      (617) 523-6677
                                                      blake@bjalaw.com

                                                      Attorneys for Plaintiff, Helen A. Runge

---

forthcoming. Had this later position been revealed, Plaintiff would have subpoenaed documents from the facility that Defendant Sunbridge now claims is outside of their control.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

>James S. Hamrock, Jr.
>Hamrock & Tocci
>101 Main Street, 18th Floor
>Cambridge, MA 02142
>jhamrock@htclaw.com
>
>Michele Carlucci
>George S. Rockas
>Wilson Elser Moskowitz Edelman & Dicker LLP
>155 Federal Street
>Boston, MA 02110
>michele.carlucci@wilsonelser.com
>george.rockas@wilsonelser.com
>
>Michael Williams
>Lawson & Weitzen, LLP
>88 Black Falcon Avenue, Suite 145
>Boston, MA 02210-1736
>mwilliams@lawson-weitzen.com

Dated: April 18, 2007                By    /s/ Glenn R. Davis
                                              Glenn R. Davis

114931