UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO: 05-CV-10849 (RGS)

*********************************████
DOROTHY STANLEY, ADMINISTRATRIX      *
OF THE ESTATE OF HELEN RUNGE         *
                                     *
              PLAINTIFF              *
vs.                                  *
                                     *
WALTER J. KELLY,                     *
KERRY L. BLOOMINGDALE, M.D.,         *
AND SUNBRIDG NURSING AND             *
REHABILITATION CENTER                *
                                     *
              DEFENDANTS             *
*********************************████

**OPPOSITION OF THE DEFENDANT
KERRY L. BLOOMINGDALE, M.D. TO PLAINTIFF'S MOTION FOR ENLARGMENT
OF TIME TO SUBMIT EXPERT REPORTS AS TO DEFENDANTS SUNBRIDGE AND
BLOOMINGDALE**

NOW comes the defendant, Kerry L. Bloomingdale, M.D. (Dr. Bloomingdale), and respectfully opposes so much of the Plaintiff's Motion For Enlargement of Time To Submit Expert Reports as to Defendants Sunbridge and Bloomingdale as applies to him. In support of this Opposition, Dr. Bloomingdale asserts the following:

1. This lawsuit was filed on April 27, 2005.

2. Although there are sixteen Counts in the plaintiff's Second Amended Complaint, eight of these Counts are directed at codefendant Attorney Walter Kelly (Kelly), and seven of the Counts are directed at codefendant Sunbridge Nursing and Rehabilitation Center (Sunbridge). Only one Count, Count I, alleging negligence, i.e. medical malpractice, is directed against Dr. Bloomingdale.

3. After the lawsuit was filed, the Court allowed, on November 21, 2005, the Motion of Defendant Kerry L. Bloomingdale, M.D. to Transfer the Claims Against Him to Massachusetts Superior Court For the Limited Purpose of Convening a Medical Malpractice Tribunal. The tribunal hearing was scheduled by the Superior Court for March 15, 2006, but it was postponed prior to that date, and it has not been rescheduled.

4. In order to meet her burden of proof at the tribunal, the plaintiff is required to present an offer of proof that includes a letter signed by a physician stating that the physician has reviewed the medical records and opining that the defendant physician failed to meet the expected standard of care and thereby caused injury to the patient. Mass. G.L. c. 231, § 60B. See Lucas v. Collins, 51 Mass. App. Ct. 30 (2001).

5. No offer of proof was filed by the plaintiff with the Superior Court prior to the first scheduled tribunal, since the Superior Court does not require that the offer of proof be filed until five days before the tribunal hearing.

6. On May 30, 2006, Dr. Bloomingdale served Interrogatories on the plaintiff. On August 24, 2006, the plaintiff responded. Regarding the expert witness Interrogatory, the plaintiff's Answer was:

> It is premature for Runge to name any expert witnesses. Runge reserves the right to supplement this Response as discovery is deemed ongoing.

To date, the plaintiff has not supplemented that Answer.

7. On January 16, 2007, the plaintiff filed a Motion For Extension of Time To Submit Expert Report as to Defendant Bloomingdale. Dr. Bloomingdale did not oppose the

Motion, and the Court granted the plaintiff until March 2, 2007, to file her expert witness report.

8. On March 2, 2007, the date the expert witness report was due, the plaintiff again filed a Motion For Enlargement of Time to Submit Expert Reports as to Defendants Sunbridge and Bloomingdale. The basis for the Motion was plaintiff's assertion that she had not received certain documents sought in her Request For Production of Documents to codefendant Sunbridge. Dr. Bloomingdale opposed that Motion. The Court allowed the Motion, and gave the plaintiff until April 10, 2007, to notice her expert witness as to Dr. Bloomingdale and Sunbridge. The plaintiff now again moves to further extend the time to notice her expert as to Dr. Bloomingdale and Sunbridge.

9. Dr. Bloomingdale, the parties learned at his Deposition, is a psychiatrist whose primary work location is at Beth Israel Deaconess Medical Center in Boston. He provides some psychiatric care to patients at nursing homes. In 2003, he saw patients on Tuesday afternoons at Sunbridge. Dr. Bloomingdale was never employed by Sunbridge, and only saw patients there for less than a year and a half. He saw patients at Sunbridge in his capacity as an independent contractor for New England Geriatrics, which apparently contracted with Sunbridge to provide mental health services to patients at Sunbridge.

10. On October 6, 2006, Sunbridge provided to the plaintiff's attorneys a copy, approximating 300 pages, of the plaintiff's decedent's medical records of her January 23 – April 30, 2003, admission to Sunbridge. Included in those records were the records of Dr. Bloomingdale's written notes of his three visits – March 4, April 1, and April 29, 2003 – with the plaintiff's decedent at Sunbridge.

11. Dr. Bloomingdale himself had provided the plaintiff a copy of these notes of his three visits on June 22, 2006, when he sent the plaintiff his Responses To Request for Production of Documents. In addition, Dr. Bloomingdale was paid for these visits not by Sunbridge or Attorney Kelly or New England Geriatrics, but rather by the plaintiff's decedent's health insurance through Medicare/Medex. Dr. Bloomingdale never received any compensation from his codefendants for any care he rendered to the plaintiff's decedent.

12. The malpractice claim against Dr. Bloomingdale appears to be based on his signing a Medical Certificate following his April 29, 2003, visit with the plaintiff's decedent, Helen Runge, then age 87. In the Certificate Dr. Bloomingdale in effect urged the Probate Court to appoint a guardian for Ms. Runge to determine whether it was in her best interest to refuse to take the anti-psychotic medications Dr. Bloomingdale had recommended for her. Similar medications had been prescribed for Ms. Runge three months earlier, in January 2003, by the physicians who cared for the plaintiff during her inpatient admission to the Psychiatric Unit at the Carney Hospital. Similar medications were also prescribed to Ms. Runge six months later, in October, 2003, by the psychiatrist at St. Luke's Hospital in Columbus, N.C., where Ms. Runge had been admitted at the request of her daughter because of her behaviors at the daughter's home.

13. Since the plaintiff for many months has been in possession of the full Sunbridge medical records, including Dr. Bloomingdale's entries, the plaintiff has had more than sufficient time to obtain an expert psychiatric opinion regarding Dr. Bloomingdale's care. While the administrative or policy or procedures documents allegedly not yet

produced by Sunbridge may impact some of the plaintiff's seven Counts against Sunbridge, those documents would not assist any party in obtaining an expert opinion as to whether or not Dr. Bloomingdale met the expected standard of care of a psychiatrist in his care of the plaintiff.

14. Given that this lawsuit was filed two years ago, the tribunal requirements for an offer of proof, that the plaintiff has had the records of Dr. Bloomingdale's visits for over ten months, that the Court has already granted two extensions to the plaintiff to notice an expert witness as to Dr. Bloomingdale, and that the reason sought for the extension does not implicate the issue of whether Dr. Bloomingdale conformed to the expected standard of care of a psychiatrist in his treatment of Ms. Runge, the time for the plaintiff to provide her expert witness report as to Dr. Bloomingdale should not be further extended.

WHEREFORE, for the above stated reasons, the Plaintiff's Motion For Enlargement of Time To Submit Expert Reports as to Defendants Sunbridge and Bloomingdale, as it pertains to Dr. Bloomingdale, should be denied.

>Respectfully submitted,
>For the Defendant,
>Kerry L. Bloomingdale, M.D.
>By his attorney,
>
>/s/ *James S. Hamrock, Jr.*
>James S. Hamrock, Jr.
>BBO # 219400
>Hamrock & Tocci
>101 Main Street
>Cambridge, MA 02142
>(617) 496-5370

**Certificate of Service**

I, **James S. Hamrock, Jr.**, Attorney representing Defendant, **Kerry L. Bloomingdale, M.D.,** hereby certify that I have this **23rd day of April, 2007** filed the within **Opposition of the Defendant Kerry L. Bloomingdale, M.D. to Plaintiff's Motion for Enlargement of Time to Submit Expert Reports as to Defendants Sunbridge and Bloomingdale**, through the ECF system, and certify that the within pleading will be served electronically upon the attorneys of record, as identified on the Notice of Electronic Filing (NEF).

/s/ *James S. Hamrock, Jr.*
James S. Hamrock, Jr.
BBO # 219400
Hamrock & Tocci
101 Main Street
Cambridge, MA  02142
(617) 496-5370