UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOROTHY STANLEY, as Executrix of the
ESTATE of HELEN RUNGE,

    *Plaintiff,*

*v.*

WALTER J. KELLEY; KERRY L.
BLOOMINGDALE, M.D.; and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,

    *Defendants.*

Civil Action No. 05-10849-RGS

## EMERGENCY MOTION
## to QUASH SUBPOENA

The plaintiff seeks to take the deposition of nonparty Farrah Seidler in Pennsylvania, where Ms. Seidler now resides, on Wednesday, May 9, 2007. Counsel for the plaintiff has been previously informed that Ms. Seidler is unavailable on May 9th. Counsel for the plaintiff has been provided with a list of alternative dates on which Ms. Seidler is available for a deposition. Despite being aware Ms. Seidler's unavailability, plaintiff's counsel has indicated to this office that he intends to proceed with the deposition on May 9th. Because she will be traveling outside of Pennsylvania on May 9th, Farrah Seidler moves this Court for an order quashing the subpoena attached as **Exhibit A** to this motion.

## FACTS

During the period that Helen Runge was a resident of SunBridge Care and Rehabilitation for Randolph Farrah Seidler was employed at the facility as a social worker.

The Plaintiff first attempted to take the deposition of Ms. Seidler in Massachusetts, when her local counsel attempted on November 27, 2006 to serve Ms. Seidler with a subpoena

commanding her appearance for a deposition in Boston on November 30, 2006. **Exhibit B**. That effort failed because Ms. Seidler had moved out of Massachusetts and was not served with the subpoena. Plaintiff later located Ms. Seidler in Pennsylvania and on December 7, 2006 served her with a subpoena seeking her deposition on December 19, 2006. **Exhibit C**. Counsel for the plaintiff telephoned Ms. Seidler in December and she informed him that she was unavailable on December 19th. During this telephone call, Ms. Seidler provided plaintiff's counsel with a list of available dates for her deposition during the months of December, January and February. Following that telephone conference with plaintiff's counsel Ms. Seidler retained the law firm of Lawson & Weitzen as her counsel for the deposition. Attorney Michael Williams from Lawson & Weitzen contacted plaintiff counsel, informed him that Ms. Seidler was now represented by counsel and again provided plaintiff's counsel with a list dates Ms. Seidler was and was not available for a deposition.

Under the schedule adopted by this Court on April 4, 2006, fact discovery in this matter was to close by December 22, 2006. *Docket Entry #39*. Because there had been some difficulty in locating Ms. Seidler and another out-of-state witnesses, the parties agreed that those two depositions could be taken past the schedule close of fact discovery. Even though plaintiff's counsel had been provided with dates on which Ms. Seidler was available for her deposition during the months of December, January and February, he did not reschedule the Ms. Seidler' deposition. Nor did her request further lists of available dates for Ms. Seidler's deposition.

Throughout this period Ms. Seidler resided approximately 50 miles from the Exton, Pennsylvania branch of the plaintiff's law firm and was available for her deposition.

Plaintiff's next effort to secure a date for Ms. Seidler's deposition was not until the subpoena commanding her presence on May 9, 2007. **Exhibit A**. That subpoena was mailed to

Lawson & Weitzen on April 18th and was received on April 20th. Counsel for Ms. Seidler faxed a letter to plaintiff's counsel on April 25th informing him that Ms. Seidler was unavailable on May 9th and suggesting alternative dates of May 16th, 18th and 30th. **Exhibit D**. On April 26th, plaintiff's counsel responded that those dates were not acceptable. **Exhibit E**. That same day, counsel for Ms. Seidler responded that she remained unavailable on May 9th, but suggesting that her schedule could be more flexible if the deposition were taken telephonically, rather than requiring Ms. Seidler (who is a new mother) to travel one hour each way to the location selected by the plaintiff for the deposition. **Exhibit F**. This suggestion was rejected by plaintiff's counsel.

On April 27th, counsel for Ms. Seidler called plaintiff's counsel and informed him that she remained unavailable on May 9th, but suggested May 1st and 8th as additional alternative dates. Plaintiff's counsel stated that he would review his schedule to determine which of those dates would be more feasible. Counsel for Ms. Seidler then called the attorneys for all other parties to this matter to confirm their availability on those dates. Plaintiff's counsel did not contact counsel for Ms. Seidler again about these dates. When it became too late for counsel from Massachusetts to arrange to travel to Pennsylvania for May 1st, counsel for Ms. Seidler faxed another letter to plaintiff's counsel informing him that, while May 1st was no longer available as an option, May 8th was still available. **Exhibit G**.

On May 2nd, counsel for the plaintiff had still not contacted counsel for Ms. Seidler about the deposition, so a paralegal from Lawson & Weitzen contacted the plaintiff's firm to determine if the deposition had been rescheduled to May 8th. Counsel for the plaintiff indicated that he did not agree to move the deposition and expected the deposition to proceed on May 9th. Counsel for Ms. Seidler again informed plaintiff's counsel that she was unavailable on May 9th

and again informed him of her availability on May 8th, 16th, 18th and 30th.  **Exhibit H**. Plaintiff's counsel did not respond.  On the morning of May 3rd counsel for Ms. Seidler attempted to call plaintiff's counsel, but was informed that both attorneys working on the case are at a seminar and will be out of the office for the entire day.

## ARGUMENT

The plaintiff has had two years since the filing of this action to discovery evidence to support her claims.  Frustrated by her failure to find support for her claims, the plaintiff now lashes out at this nonparty and demands that she cancel her travel plans in order to accommodate the schedule of plaintiff's counsel in his last ditch effort to find any evidence to save the plaintiff's case.

The plaintiff has been repeatedly informed that Ms. Seidler will be unavailable on May 9th.  Ms. Seidler will be traveling out of state (out of Pennsylvania) from the evening of May 8th through the evening of May 9th.  The plaintiff has had five months to take the deposition of Ms. Seidler and has chosen not to do so.  The plaintiff has been provided with alternative dates in May on which Ms. Seidler will be available, but has chosen not to take advantage of those alternative dates.

The decision of the plaintiff to wait until almost five months after the close of fact discovery to take this deposition of a nonparty has created self inflicted time constraints on plaintiff's counsel.  Ms. Seidler should not be the one to bear the burden of those time constrains. This nonparty expressed her willingness to appear at a deposition in December of 2006.  The failure of plaintiff's counsel to take this deposition prior to May of 2007 is not her fault and she should not have to cancel her travel plans in order to accommodate plaintiff's counsel.

The offer by Ms. Seidler to appear for a deposition on May 8th itself represents a sacrifice on her part. Ms. Seidler has family visiting from out of state during the week of My 7th though 11th (next week). Despite this, she offered to take time away from her family, who will be in town to visit with Ms. Seidler's one-year-old son. Plaintiff's counsel has rejected this offer and is instead demanding that this nonparty cancel her family's travel plans out of state. The reason he makes this unreasonable demand on Ms. Seidler's time is because he has neglected to take her deposition during the previous five months and now faces yet another deadline for his expert disclosure.

Attorney Davis has made the representation that Ms. Seidler should have to cancel her plans because he has a deposition on May 8th and therefore must proceed with the May 9th date for the deposition. If Mr. Davis is unavailable on May 8th, he should have taken the deposition of Ms. Seidler on May 1st or at any other point during the previous five months. Additionally, Attorney Davis is not the only attorney from the Firm of Latsha Davis Yohe & McKenna, P.C. who is familiar with this case. At least one other attorney has actively participated in this litigation.

Plaintiff's counsel has made the representation that this deposition must be completed prior to the May 15 deadline for his expert disclosure. But this May 15 deadline is the fourth deadline by which the plaintiff's expert disclosures were due. Plaintiff's expert disclosures where originally due on January 15, 2006. The plaintiff requested and received an extension until March 2, 2007. The plaintiff was then given another extension to April 10, 2007, and third extension to May 15, 2007. At no point in January, February, March or April did the plaintiff attempt to take the deposition of Ms. Seidler.

The claim that the Seidler deposition is necessary for purposes of preparing an expert report is undercut by the fact that the plaintiff seeks to take this deposition only 6 days prior to the new deadline for plaintiff's expert report, making it unlikely that plaintiff's expert would even have a transcript available prior to the May 15 deadline. Had the plaintiff truly considered this deposition as critical to her expert, she could have taken that deposition during the previous five months. By waiting to schedule this deposition until 6 days prior to the fourth deadline for her expert report, the plaintiff has made clear that she does not consider this deposition to be necessary.

## CONCLUSION

The only reason this nonparty is being asked to cancel her family's travel plans is because, for the past five months, plaintiff's counsel has failed to take the deposition of this individual who resides only 50 miles from his firm's Exton, Pennsylvania office.

Pursuant to Rule 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure, this Court should quash the subpoena attached hereto as **Exhibit A** because it imposes an undue and unnecessary burden on Ms. Seidler.

**CERTIFICATE OF SERVICE**

I hereby certify that this Document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 3, 2007.

_____/s/ Michael Williams_____

**LOCAL RULE 7.1 CERTIFICATION**

I, Michael Williams, hereby certify that, pursuant to LOCAL RULE 7.1(A)(2), I conferred by telephone with counsel for the plaintiff, Helen Runge, on April 27, 2007 and in writing on May 2, 2007, in a good-faith effort to resolve this motion.

Dated: May 3, 2007    _____/s/  Michael Williams_____

Respectfully submitted,

**Farrah Seidler**

by her attorneys,

_____/s/ Michael Williams_____
K. Scott Griggs    (BBO# 555988)
Michael Williams (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987
MWilliams@Lawson-Weitzen.com

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

EASTERN _____ DISTRICT OF _____ PENNSYLVANIA

Helen A. Runge, Plaintiff

v.

Walter J. Kelly, et al., Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   05-10849-RGS

TO:   Farrah Seidler
940 Morgan Drive
Yardley, PA 19067

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Offices of Latsha Davis Yohe & McKenna, P.C., 350 Eagleview Boulevard, Suite 100, Exton, PA 19341 | DATE AND TIME May 9, 2007 10:00 a.m. EDST |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Plaintiff | April 18, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Glenn R. Davis, 1700 Bent Creek Boulevard, Suite 140, Mechanicsburg, PA 17050
Telephone No. (717) 620-2424

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

114789

AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

114789

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO88  (Rev. 1/94) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF    MASSACHUSETTS

Helen A. Runge, Plaintiff
v.
Walter J. Kelly, et al., Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    05-10849-RGS

TO:    Farrah Seidler
27 Pine Grove St., #1
Needham Heights, MA 02494

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Offices of Blake J. Godbout and Associates, 33 Broad Street, 11th Floor, Boston, Massachusetts 02109 | DATE AND TIME 11/30/06 9:00 a.m. EDST |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 11/27/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David A. Conti, Blake J. Godbout & Associates, 33 Broad Street, 11th Floor, Boston, MA 02109
Telephone No. (617) 523-6677

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

111805

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

NOV-27-2006  13:05    LAW OFFICES    617 227 3709    P.05
NOV-27-2006  13:02    LAWSON & WEITZEN    617 439 3987    P.006/011

Rule 45, Federal Rules of Civil Procedure. Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

_AO88  (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

EASTERN                    DISTRICT OF                    PENNSYLVANIA

Helen A. Runge, Plaintiff                    **SUBPOENA IN A CIVIL CASE**

v.

Walter J. Kelly, et al., Defendants

Case Number:[1]    05-10849-RGS

TO:    Farrah Seidler
940 Morgan Drive
Yardley, PA 19067

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Offices of Latsha Davis Yohe & McKenna, P.C., 350 Eagleview Boulevard, Suite 100, Exton, PA 19341 | DATE AND TIME 12/19/06 10:00 a.m. EDST |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_   Attorney for Plaintiff | December 7, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Glenn R. Davis, 1700 Bent Creek Boulevard, Suite 140, Mechanicsburg, PA 17050
Telephone No. (717) 620-2424

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

112051



# LATSHA DAVIS YOHE & MCKENNA, P.C.

**ATTORNEYS AT LAW**

PLEASE REPLY TO:   Mechanicsburg
WRITER'S E-MAIL:   adean@ldylaw.com

December 7, 2006

Farrah Seidler
940 Morgan Drive
Yardley, PA 19067

     Re:    Helen A. Runge v. Walter J. Kelly, et al.
           No. 05-10849-RGS
           Our File No. 812-03

Dear Ms. Seidler,

    Please find enclosed a Subpoena in a Civil Case commanding you to appear at the offices of Latsha Davis Yohe & McKenna, P.C., located at 350 Eagleview Boulevard, Suite 100, Exton, Pennsylvania 19341 on December 19, 2006 at 10a.m. for the taking of your deposition. A check is also enclosed in the amount of $57.16 for your attendance and mileage. Please call the undersigned if there are any complications or if you need directions to our office. Thank you for your time and attention to this matter.

           Sincerely,

           Andrea E. Dean

Enclosure
cc:    George C. Rockas, Esq./Michele Carlucci, Esq. (w/ enc.)
       James S. Hamrock, Jr., Esq. (w/ enc.)
       Michael Williams, Esq. (w/ enc.)
       Blake J. Godbout, Esq. (w/ enc.)
       Helen Runge (w/ enc.)
       Glenn R. Davis, Esq. (w/o enc.)

# LAWSON & WEITZEN, LLP

ATTORNEYS AT LAW

88 BLACK FALCON AVENUE, SUITE 345
BOSTON, MASSACHUSETTS 02210-2414

EVAN T. LAWSON
RICHARD B. WEITZEN *
PAMELA B. BANKERT
FRANK L. BRIDGES
IRA H. ZALEZNIK
JOHN J. WELTMAN ***
VALERIE L. PAWSON
GEORGE F. HAILER, PC *
GEORGE E. CHRISTODOULO, PC
KENNETH B. GOULD
JOSEPH FRIEDMAN
JOHN A. TENNARO, PC
WILLIAM F. COYNE, JR.
DAVID A. RICH *
DENNIS J. MANESIS * *
NATALIE A. KANELLIS †
PATRICIA L. FARNSWORTH
K. SCOTT GRIGGS

MICHAEL J. McDEVITT
STEVEN M. BUCKLEY
SONIA A. GUTERMAN, Ph.D.
J. MARK DICKISON * *
CLARE B. BURHOE
ROBERT J. ROUGHSEDGE * * *
RICHARD J. SULLIVAN, JR.
JOSEPH M. KERWIN
CAROLINE A. O'CONNELL *
MICHAEL WILLIAMS
KATHRYN E. PIECZARKA
DEAN J. HUTCHISON
SCOTT T. BUCKLEY
KRISTINA A. ENGBERG
C. KIMBERLY BAKEBERG
JAMES M. HENRY
ADAM M. SCHOEN

BOSTON
TELEPHONE (617) 439-4990
TELECOPIER (617) 439-3987
EMAIL: POST@LAWSON-WEITZEN.COM
WWW.LAWSON-WEITZEN.COM

CAPE COD
LAWSON, WEITZEN & BANKERT, LLP
SIX GRANITE STATE COURT
BREWSTER, MASSACHUSETTS 02631
TELEPHONE (508) 255-3600

MARLBOROUGH
LAWSON, WEITZEN & HAILER, LLP
171 LOCKE DRIVE, SUITE 101
MARLBOROUGH, MASSACHUSETTS 01752
TELEPHONE (508) 618-1025

April 25, 2007

**VIA FACSIMILE  (717) 620-2444**
Glenn R. Davis, Esq.
Latsha Davis Yohe and McKenna, P.C.
1700 Bent Creek Blvd., Suite 140
Mechanicsburg, PA 17050

Re:     *Runge v. Kelley, et al.*, 05-cv-10849-RGS

Dear Attorney Davis:

This letter concerns the deposition of Farrah Seidler.  On Wednesday, April 18, 2007 you mailed a deposition subpoena to this office seeking to take the deposition of Ms. Seidler on May 9, 2007.  My client has advised me that she is not available the week of May 7 through May 11.

Ms. Seidler suggest the following dates on which she is available:

Wednesday, May 16
Friday, May 18
Wednesday, May 30

Please let me know if these work as alternatives.

Very truly yours,

Michael Williams

cc:     Farrah Seidler (by mail)
        Michele Carlucci, Esq.  (617) 422-6917
        James S. Hamrock, Jr., Esq.  (617) 496-1707

* ALSO ADMITTED IN NY
* * ALSO ADMITTED IN NH
* * * ALSO ADMITTED IN CA
† ALSO ADMITTED IN DC
* * ALSO ADMITTED IN NJ & PA
* * * ALSO ADMITTED IN RI,CT, NH & ME
† ALSO ADMITTED IN NH & NY

*************** -COMM. JOURNAL- ***************** DATE APR-25-2007 ***** TIME 15:23 ********

MODE = MEMORY TRANSMISSION                START=APR-25 15:19      END=APR-25 15:23

    FILE NO.=132

| STN NO. | COMM. | ONE-TOUCH/ ABBR NO. | STATION NAME/EMAIL ADDRESS/TELEPHONE NO. | PAGES | DURATION |
|---------|-------|---------------------|------------------------------------------|-------|----------|
| 001 | OK | ⚄ | 17176202444-74100340 | 002/002 | 00:00:29 |
| 002 | OK | ⚄ | 6174961707-74100340 | 002/002 | 00:00:28 |
| 003 | OK | ⚄ | 6174226917-74100340 | 002/002 | 00:00:46 |

-LAWSON WEITZEN LLP       -

***** UF-7000 v2 ******************* -6174393987     - ***** -        6174393987- *********

# LAWSON & WEITZEN, LLP

ATTORNEYS AT LAW
88 BLACK FALCON AVENUE, SUITE 345
BOSTON, MASSACHUSETTS 02210-2414

EVAN T. LAWSON
RICHARD R. WEITZEN*
PAMELA B. BANKERT
FRANK L. BRIDGES
IRA H. ZALEZNIK
JOHN J. WELTMAN**
VALERIE L. PAWSON
GEORGE T. HAUER*
GEORGE E. CHRISTODOULO, PC
KENNETH B. GOULD
JOSEPH FRIEDMAN
JOHN A. TENNATO
WILLIAM F. COYNE, JR.
DAVID A. RICH*
DENNIS J. MANESS*---
NATALIE A. KANELIAS+++
PATRICIA L. FARNSWORTH
K. SCOTT GRIGGS

MICHAEL J. McDEVITT
STEVEN M. BUCKLEY
SONIA K. GUTERMAN, Ph.D
J. MARK DICKISON*
CLARE B. BURHOE
ROBERT J. ROUGHEGDGC++++
RICHARD J. SULLIVAN, JR.
JOSEPH M. KERVIN
CAROLINE A. O'CONNELL*
MICHAEL WILLIAMS
KATHRYN E. PEICZARKA
DEAN J. HUTCHISON
SCOTT T. BUCKLEY
KRISTINA A. ENGBERG
C. KIMBERLY BAKEBERG
JAMES M. HENRY
ADAM M. SCHOEN

BOSTON
TELEPHONE (617) 439-4990
FACSIMILE (617)+30-3987
EMAIL:POST@LAWSON-WEITZEN.COM

CAPE COD
LAWSON, WEITZEN & BANKERT, LLP
SIX GRANITE STATE COURT, BREWSTER, MA 02631
TELEPHONE (508) 255-3600
FACSIMILE (508) 255-3975

MARLBOROUGH
LAWSON, WEITZEN & HAUER, LLP
171 LOCKE DRIVE, SUITE 101, MARLBOROUGH, MA 01752
TELEPHONE (508) 616-1025

## FACSIMILE TRANSMISSION SHEET

DATE:          April 25, 2007                    C/M# 74100/340

TO:            Glenn R. Davis (717) 620-2444
               James S. Hamrock, Jr., (617) 496-1707
               Michelle Carlucci (617) 422-6917

FROM:          Michael Williams

No. of PAGES:  2

COMMENTS:      Runge v. Kelley, et al., 05-cv-10849-RGS

****CONFIDENTIALITY NOTICE****
THE DOCUMENT ACCOMPANYING THIS FACSIMILE TRANSMISSION SHEET CONTAINS INFORMATION WHICH
IS CONFIDENTIAL OR PRIVILEGED. THE INFORMATION IS INTENDED SOLELY FOR THE USE OF THE
INDIVIDUAL/ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE BE AWARE THAT
ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THE CONTENTS OF THIS FACSIMILE TRANSMISSION
IS PROHIBITED. IF YOU RECEIVE THIS FAX IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY. TO
ARRANGE FOR RETRIEVAL OF THE DOCUMENTS. THANK YOU

IF YOU EXPERIENCE ANY DIFFICULTY WITH THIS TRANSMISSION OR IF YOU DO NOT RECEIVE THE ENTIRE DOCUMENT.
PLEASE CONTACT OUR OFFICE AT (617) 439-4990

*       ALSO ADMITTED IN NY
-       ALSO ADMITTED IN NH
+       ALSO ADMITTED IN CA
--      ALSO ADMITTED IN DC
++      ALSO ADMITTED IN NJ and PA
+++     ALSO ADMITTED IN NH & NY
++++    ALSO ADMITTED IN RI, CT, NH & ME

# LATSHA DAVIS YOHE & MCKENNA, P.C.

**ATTORNEYS AT LAW**

PLEASE REPLY TO:
WRITER'S E-MAIL.:

Mechanicsburg
gdavis@ldylaw.com

April 26, 2007

Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 145      **VIA FACSIMILE AND**
Boston, MA 02210-1736                  **FIRST-CLASS MAIL**

Re:    Helen A. Runge v. Walter J. Kelly, et al.
       No. 05-10849-RGS
       Our File No. 812-03

Dear Attorney Williams:

I am in receipt of your April 25 letter indicating Ms. Seidler's unavailability during the entire week of May 7 through May 11. On several occasions, we have attempted to accommodate either your schedule or Ms. Seidler's schedule to schedule depositions. When we scheduled her deposition for May 9 at 10:00 a.m., we understood that to be a day and time she indicated she would be available. Because the court has issued an extension for our expert report which should be filed on or about May 16, our request to take Seidler's deposition cannot be extended into the days you have suggested. Unless you provide other appropriate available dates, we will need to insist on taking her deposition on May 9. If you have an alternative solution, I invite you to call this office to discuss the matter.

Very truly yours,

Glenn R. Davis

/hs
cc:    Gilbert Stanley
       Blake J. Godbout, Esq.

1700 Bent Creek Boulevard, Suite 140 • Mechanicsburg, PA 17050 • (717) 620-2424 • FAX (717) 620-2444

350 Eagleview Boulevard, Suite 100 • Exton, PA 19341 • (610) 524-8454 • FAX (610) 524-9383

3000 Atrium Way, Suite 251 • Mt. Laurel, NJ 08054 • (856) 231-5351 • FAX (856) 231-5341

115228

Maryland Telephone: (410) 727-2810

TOTAL P.002

# LAWSON & WEITZEN, LLP

ATTORNEYS AT LAW

88 BLACK FALCON AVENUE, SUITE 345
BOSTON, MASSACHUSETTS 02210-2414

EVAN T. LAWSON
RICHARD B. WEITZEN *
PAMELA B. BANKERT
FRANK L. BRIDGES
IRA H. ZALEZNIK
JOHN J. WELTMAN * * *
VALERIE L. PAWSON
GEORGE F. HAILER, PC *
GEORGE E. CHRISTODOULO, PC
KENNETH B. GOULD
JOSEPH FRIEDMAN
JOHN A. TENNARO, PC
WILLIAM F. COYNE, JR.
DAVID A. RICH *
DENNIS J. MANESIS * †
NATALIE A. KANELLIS †
PATRICIA L. FARNSWORTH
K. SCOTT GRIGGS

MICHAEL J. McDEVITT
STEVEN M. BUCKLEY
SONIA K. GUTERMAN, Ph.D.
J. MARK DICKISON * *
CLARE B. BURHOE
ROBERT J. ROUGHSEDGE * * *
RICHARD J. SULLIVAN, JR.
JOSEPH M. KERWIN
CAROLINE A. O'CONNELL *
MICHAEL WILLIAMS
KATHRYN E. PIECZARKA
DEAN J. HUTCHISON
SCOTT T. BUCKLEY
KRISTINA A. ENGBERG
C. KIMBERLY BAKEBERG
JAMES M. HENRY
ADAM M. SCHOEN

BOSTON
TELEPHONE (617) 439-4990
TELECOPIER (617) 439-3987
EMAIL: POST@LAWSON-WEITZEN.COM
WWW.LAWSON-WEITZEN.COM

CAPE COD
LAWSON, WEITZEN & BANKERT, LLP
SIX GRANITE STATE COURT
BREWSTER, MASSACHUSETTS 02631
TELEPHONE (508) 255-3600

MARLBOROUGH
LAWSON, WEITZEN & HAILER, LLP
171 LOCKE DRIVE, SUITE 101
MARLBOROUGH, MASSACHUSETTS 01752
TELEPHONE (508) 618-1025

April 26, 2007

<u>**VIA FACSIMILE  (717) 620-2444**</u>
Glenn R. Davis, Esq.
Latsha Davis Yohe and McKenna, P.C.
1700 Bent Creek Blvd., Suite 140
Mechanicsburg, PA 17050

Re:    *Runge v. Kelley, et al.*, 05-cv-10849-RGS

Dear Attorney Davis:

This facsimile is in response to your facsimile of this morning.  I have contacted Ms. Seidler to inquire about alternative dates for her deposition.  Unfortunately, the short notice and tight time frame limit the available option for her.

You end your letter by asking that I suggest alternative solutions.  **As I indicated in December, we believe that given the difficulties of scheduling a deposition that requires the witness and four attorneys to travel considerable distance, that a telephonic deposition could make the process much easier.  I renew that suggestion.**  A telephonic deposition would eliminate some of the difficulties in scheduling for Ms. Seidler – who has childcare restraints given the young infant she has at home.  Please let me know your thoughts on this option.

I would also like to briefly address some of the statements made in your facsimile of this morning.  You state that "[o]n several occasions, we have attempted to accommodate either your schedule or Ms. Seidler's schedule to schedule depositions."  I am confused by this claim.

I have reviewed our prior correspondence and my notes related to the deposition of Ms. Seidler.  As you remember, your first effort to subpoena her for a deposition failed because you attempted to serve her at her old Massachusetts address after she had moved out-of-state.  We then assisted you in locating her new address in Pennsylvanian.  On December 7, 2006 you subpoenaed

* ALSO ADMITTED IN NY
* * ALSO ADMITTED IN NH
* * * ALSO ADMITTED IN CA
* ALSO ADMITTED IN DC
* * ALSO ADMITTED IN NJ & PA
* * * ALSO ADMITTED IN RI, CT, NH & ME
† ALSO ADMITTED IN NH & NY

LAWSON & WEITZEN, LLP

**Glenn R. Davis**
**April 26, 2007**
**Page 2**

Ms. Seidler in Pennsylvania to appear for deposition on December 19, 2006. I contacted Ms. Seidler and then informed you that she was willing to appear for a deposition and provided you with a list of the dates in December of 2006 and January of 2007 on which Ms. Seidler was unavailable. You did not reschedule her deposition for either of those months or at any time since then. Following your first subpoena served on Ms. Seidler, you have not suggested any dates for Ms. Seidler's deposition until the Subpoena that you served on this office on April 18, 2007.

Next your letter states: "When we scheduled her deposition for May 9 at 10:00 a.m., we understood that to be a day and time she indicated she would be available." The last time we discussed specific dates for Ms. Seidler's deposition was in December of 2006. At that time I made representations regarding her availability in December and January. I do not believe that either she or I have ever made any representations to you regarding her availability during May of 2007. I must assume that you are refereeing to her indication in December of 2006 that her scheduled made deposition on Mondays, Tuesdays and Thursdays difficult, but that she was available on most Wednesdays and Fridays. If this is the basis of your claim that Ms. Seidler had indicated that she would be available on May 9, 2007, it is a stretch. While it is true that the list of dates I provided to you in December of 2006 did not include May 9, 2007 as a day on which Ms. Seidler was unavailable, I hardly think it is fair to hold that out as an affirmative representation that she would be available on a specific date 5 months later.

Ms. Seidler is willing to have her deposition taken in this matter, but some attention must be paid to her schedule. I hope that you will agree that given the time constraints with which we are faced, that a telephonic deposition is appropriate here.

Very truly yours,

Michael Williams

cc:     Farrah Seidler (by mail)
        Michele Carlucci, Esq. (617) 423-6917
        James S. Hamrock, Jr., Esq. (617) 496-1707

```
*************** -COMM. JOURNAL- ******************** DATE APR-26-2007 ***** TIME 15:08 ********

        MODE = MEMORY TRANSMISSION              START=APR-26 15:07    END=APR-26 15:08

        FILE NO.=141

STN     COMM.       ONE-TOUCH/     STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES      DURATION
NO.                 ABBR NO.

001     OK          ⓐ             17176202444-74100340                        002/002    00:00:31


                                                            -LAWSON WEITZEN LLP        -

***** UF-7000 V2 ******************** -6174393987      - ***** -        6174393987- *********
```

# LAWSON & WEITZEN, LLP

ATTORNEYS AT LAW

88 BLACK FALCON AVENUE, SUITE 345
BOSTON, MASSACHUSETTS 02210-2414

BOSTON
TELEPHONE (617) 439-4990
TELECOPIER (617) 439-3987
EMAIL: POST@LAWSONWEITZEN.COM
WWW.LAWSON-WEITZEN.COM

CAPE COD
LAWSON, WEITZEN & BANKERT, LLP
SIX GRANITE STATE COURT
DREWSTER, MASSACHUSETTS 02631
TELEPHONE (508) 255-3600

MARLBOROUGH
LAWSON, WEITZEN & MAILER, LLP
171 LOCKE DRIVE, SUITE 101
MARLBOROUGH, MASSACHUSETTS 01752
TELEPHONE (508) 618-1025

EVAN T. LAWSON               MICHAEL J. McDEVITT
RICHARD D. WEITZEN          STEVEN M. BUCKLEY
PAMELA B. BANKERT           SONIA K. GUTERMAN, Ph.D.
FRANK L. BRIDGES            J. MARK DICKISON *
IRA H. ZALEZNIK             CLARE B. BURHOE
JOHN J. WELTMAN ***         ROGCRT J. ROUGHEDGE ***
VALERIE L. PAWSON           RICHARD J. SULLIVAN, JR.
GEORGE F. MAILER, PC *      JOSEPH M. KERWIN
GEORGE E. CHRISTODOULO, PC  CAROLINE A. O'CONNELL *
KENNETH B. GOULD            MICHAEL WILLIAMS
JOSEPH FRIEDMAN             KATHRYN C. PIEZZARKA
JOHN A. TENNARO, PC         DEAN J. HUTCHIGON
WILLIAM K. COYNE, JR.       SCOTT T. BUCKLEY
DAVID A. RICH *             KRIGTINA A. ENGBERG
DENNIS J. MAKESIS **        C. KIMBERLY DAKEBERG
NATALIE A. KANELLIS †       JAMES M. HENRY
PATRICIA L. FARNSWORTH      ADAM M. SCHOEN
K. SCOTT GRIGGS

April 26, 2007

**VIA FACSIMILE (717) 620-2444**
Glenn R. Davis, Esq.
Latsha Davis Yohe and McKenna, P.C.
1700 Bent Creek Blvd., Suite 140
Mechanicsburg, PA 17050

Re:    *Runge v. Kelley, et al.*, 05-cv-10849-RGS

Dear Attorney Davis:

This facsimile is in response to your facsimile of this morning. I have contacted Ms. Seidler to inquire about alternative dates for her deposition. Unfortunately, the short notice and tight time frame limit the available option for her.

You end your letter by asking that I suggest alternative solutions. **As I indicated in December, we believe that given the difficulties of scheduling a deposition that requires the witness and four attorneys to travel considerable distance, that a telephonic deposition could make the process much easier. I renew that suggestion.** A telephonic deposition would eliminate some of the difficulties in scheduling for Ms. Seidler – who has childcare restraints given the young infant she has at home. Please let me know your thoughts on this option.

I would also like to briefly address some of the statements made in your facsimile of this morning. You state that "[o]n several occasions, we have attempted to accommodate either your schedule or Ms. Seidler's schedule to schedule depositions." I am confused by this claim.

I have reviewed our prior correspondence and my notes related to the deposition of Ms. Seidler. As you remember, your first effort to subpoena her for a deposition failed because you attempted to serve her at her old Massachusetts address after she had moved out-of-state. We then assisted you in locating her new address in Pennsylvanian. On December 7, 2006 you subpoenaed

* ALSO ADMITTED IN NY
** ALSO ADMITTED IN NH
*** ALSO ADMITTED IN CA
* ALSO ADMITTED IN DC
** ALSO ADMITTED IN NJ & PA
*** ALSO ADMITTED IN RI, CT, NH & ME
† ALSO ADMITTED IN NH & NY

# LAWSON & WEITZEN, LLP

ATTORNEYS AT LAW
88 BLACK FALCON AVENUE, SUITE 345
BOSTON, MASSACHUSETTS 02210-2414

EVAN T. LAWSON
RICHARD B. WEITZEN*
PAMELA B. BANKERT
FRANK L. BRIDGES
IRA H. ZALEZNIK
JOHN J. WELTMAN***
VALERIE L. PAWSON
GEORGE F. HAILER+
GEORGE E. CHRISTODOULO, PC
KENNETH B. GOULD
JOSEPH FRIEDMAN
JOHN A. TENNARO
WILLIAM F. COYNE, JR.
DAVID A. RICH*
DENNIS J. MANESIS++
NATALIE A. KANELLIS+++
PATRICIA L. FARNSWORTH
K. SCOTT GRIGGS

MICHAEL J. McDEVITT
STEVEN M. BUCKLEY
SONIA K. GUTERMAN, Ph.D
J. MARK DICKISON**
CLARE B. BURHOE
ROBERT J. ROUGHSEDGE++++
RICHARD J. SULLIVAN, JR.
JOSEPH M. KERWIN
CAROLINE A. O'CONNELL*
MICHAEL WILLIAMS
KATHRYN E. PEICZARKA
DEAN J. HUTCHISON
SCOTT T. BUCKLEY
KRISTINA A. ENGBERG
C. KIMBERLY BAKEBERG
JAMES M. HENRY
ADAM M. SCHOEN

BOSTON
TELEPHONE (617) 439-4990
FACSIMILE  (617)439-3987
EMAIL:POST@LAWSON-WEITZEN.COM

———

CAPE COD
LAWSON, WEITZEN & BANKERT, LLP
SIX GRANITE STATE COURT, BREWSTER, MA 02631
TELEPHONE (508) 255-3600
FACSIMILE (508) 255.3976

———

MARLBOROUGH
LAWSON, WEITZEN & HAILER, LLP
171 LOCKE DRIVE, SUITE 101, MARLBOROUGH, MA
01752
TELEPHONE (508) 618-1025

## *FACSIMILE TRANSMISSION SHEET*

DATE:            April 27, 2007                    C/M# 74100/340

TO:              Glenn R. Davis  (717) 620-2444
                 Blake J. Godbout  (617) 227-3709
                 James S. Hamrock, Jr., (617) 496-1707
                 George C. Rockas  (617) 423-6917

FROM:            Michael Williams

No. of PAGES:    **1**


COMMENTS:        Runge v. Kelley, et al., 05-cv-10849-RGS

Attorney Davis:

As it is now past 5:00 P.M. on Friday and you have not yet contacted me to inform me whether or not you would be able to take Ms. Seidler's deposition on Tuesday, May 1, I have informed Ms. Seidler that we will not proceed with her deposition on that date.

Ms. Seidler has agreed to rearrange her schedule and will be available on May 8th.  But she cannot appear before 10:30 A.M. on that day.  I have contacted Attorneys Carlucci and Hamrock and they are both agreeable to proceeding with the deposition of Ms. Seidler on Tuesday, May 8th.

As you previously indicated that you were available for a deposition on May 9th, I assume this means you would be available for a deposition of Ms. Zolin if her deposition were rescheduled for that date.

Michael Williams


IF YOU EXPERIENCE ANY DIFFICULTY WITH THIS TRANSMISSION OR IF YOU DO NOT RECEIVE THE ENTIRE DOCUMENT, PLEASE CONTACT OUR OFFICE AT (617) 439-4990

    *        ALSO ADMITTED IN NY
    **       ALSO ADMITTED IN NH
    ***      ALSO ADMITTED IN CA
    +        ALSO ADMITTED IN DC
    ++       ALSO ADMITTED IN NJ and PA
    +++      ALSO ADMITTED IN NH & NY
    ++++     ALSO ADMITTED IN RI, CT, NH & ME

*************** -COMM. JOURNAL- ******************* DATE APR-27-2007 ***** TIME 17:09 ********

MODE = MEMORY TRANSMISSION          START=APR-27 17:06   END=APR-27 17:09

FILE NO.=154

| STN NO. | COMM. | ONE-TOUCH/ ABBR NO. | STATION NAME/EMAIL ADDRESS/TELEPHONE NO. | PAGES | DURATION |
|------|------|------|------|------|------|
| 001 | OK | ☎ | 17176202444-74100340 | 001/001 | 00:00:20 |
| 002 | OK | ☎ | 6172273709-74100340 | 001/001 | 00:00:16 |
| 003 | OK | ☎ | 6174961707-74100340 | 001/001 | 00:00:19 |
| 004 | OK | ☎ | 6174236917-74100340 | 001/001 | 00:00:17 |

                                        -LAWSON WEITZEN LLP          -

***** UF-7000 V2 ******************* -6174393987       - ***** -       6174393987- *********

# LAWSON & WEITZEN, LLP

ATTORNEYS AT LAW
88 BLACK FALCON AVENUE, SUITE 345
BOSTON, MASSACHUSETTS 02210-2414

EVAN T. LAWSON
RICHARD B. WEITZEN*
PAMELA B. SANKERT
FRANK L. BRIDGES
IRA H. ZALEZNIK
JOHN J. WELTMAN***
VALERIE L. PAWSON
GEORGE F. HAILER*
GEORGE E. CHRISTODOULO, PC
KENNETH B. GOULD
JOSEPH FRIEDMAN
JOHN A. TENNARO
WILLIAM F. COYNE, JR.
DAVID A. RICH*
DENNIS J. MANESIS**
NATALIE A. KANELLIS***
PATRICIA L. FARNSWORTH
K. SCOTT GRIGGS

MICHAEL J. McDEVITT
STEVEN M. BUCKLEY
SONIA K. GUTERMAN, Ph.D
J. MARK DICKISON**
CLARE B. MURHOE
ROBERT J. ROUGHSEDGE****
RICHARD J. SULLIVAN, JR.
JOSEPH M. KERWIN
CAROLINE A. O'CONNELL*
MICHAEL WILLIAMS
KATHRYN C. PEICZARKA
DEAN J. HUTCHISON
SCOTT T. BUCKLEY
KRISTINA A. ENGBERG
C. KIMBERLY BAKEBERG
JAMES M. HENRY
ADAM M. SCHOEN

BOSTON
TELEPHONE (617) 439-4990
FACSIMILE (617)439-3987
EMAIL POST@LAWSON-WEITZEN.COM

CAPE COD
LAWSON, WEITZEN & BANKERT, LLP
SIX GRANITE STATE COURT, BREWSTER, MA 02631
TELEPHONE (508) 255-5600
FACSIMILE (508) 255-3976

MARLBOROUGH
LAWSON, WEITZEN & HAILER, LLP
171 LOCKE DRIVE, SUITE 101, MARLBOROUGH, MA 01752
TELEPHONE (508) 616-1025

## FACSIMILE TRANSMISSION SHEET

DATE:            April 27, 2007                C/M# 74100/340

TO:              Glenn R. Davis  (717) 620-2444
                 Blake J. Godbout  (617) 227-3709
                 James S. Hamrock, Jr., (617) 496-1707
                 George C. Rockas  (617) 423-6917

FROM:            Michael Williams

No. of PAGES:    1

COMMENTS:        Runge v. Kelley, et al., 05-cv-10849-RGS

Attorney Davis:

As it is now past 5:00 P.M. on Friday and you have not yet contacted me to inform me whether or not you would be able to take Ms. Seidler's deposition on Tuesday, May 1, 1 have informed Ms. Seilder that we will not proceed with her deposition on that date.

Ms. Seidler has agreed to rearrange her schedule and will be available on May 8th. But she cannot appear before 10:30 A.M. on that day. I have contacted Attorneys Carlucci and Hamrock and they are both agreeable to proceeding with the deposition of Ms. Seidler on Tuesday, May 8th.

As you previously indicated that you were available for a deposition on May 9th, I assume this means you would be available for a deposition of Ms. Zolin if her deposition were rescheduled for that date.

Michael Williams

IF YOU EXPERIENCE ANY DIFFICULTY WITH THIS TRANSMISSION OR IF YOU DO NOT RECEIVE THE ENTIRE DOCUMENT, PLEASE CONTACT OUR OFFICE AT (617) 439-4990

*     ALSO ADMITTED IN NY
-     ALSO ADMITTED IN NH
-     ALSO ADMITTED IN CA
**    ALSO ADMITTED IN DC
***   ALSO ADMITTED IN NJ and PA
****  ALSO ADMITTED IN NH & NY
***** ALSO ADMITTED IN RI, CT, NH & ME

# LAWSON & WEITZEN, LLP

ATTORNEYS AT LAW

88 BLACK FALCON AVENUE, SUITE 345
BOSTON, MASSACHUSETTS 02210-2414

EVAN T. LAWSON
RICHARD B. WEITZEN *
PAMELA B. BANKERT
FRANK L. BRIDGES
IRA H. ZALEZNIK
JOHN J. WELTMAN * * *
VALERIE L. PAWSON
GEORGE F. HAILER, PC *
GEORGE E. CHRISTODOULO, PC
KENNETH B. GOULD
JOSEPH FRIEDMAN
JOHN A. TENNARO, PC
WILLIAM F. COYNE, JR.
DAVID A. RICH *
DENNIS J. MANESIS * *
NATALIE A. KANELLIS †
PATRICIA L. FARNSWORTH
K. SCOTT GRIGGS

MICHAEL J. McDEVITT
STEVEN M. BUCKLEY
SONIA K. GUTERMAN, Ph.D.
J. MARK DICKISON * *
CLARE B. BURHOE
ROBERT J. ROUGHSEDGE * * *
RICHARD J. SULLIVAN, JR.
JOSEPH M. KERWIN
CAROLINE A. O'CONNELL *
MICHAEL WILLIAMS
KATHRYN E. PIECZARKA
DEAN J. HUTCHISON
SCOTT T. BUCKLEY
KRISTINA A. ENGBERG
C. KIMBERLY BAKEBERG
JAMES M. HENRY
ADAM M. SCHOEN

BOSTON
TELEPHONE (617) 439-4990
TELECOPIER (617) 439-3987
EMAIL: POST@LAWSON-WEITZEN.COM
WWW.LAWSON-WEITZEN.COM

CAPE COD
LAWSON, WEITZEN & BANKERT, LLP
SIX GRANITE STATE COURT
BREWSTER, MASSACHUSETTS 02631
TELEPHONE (508) 255-3600

MARLBOROUGH
LAWSON, WEITZEN & HAILER, LLP
171 LOCKE DRIVE, SUITE 101
MARLBOROUGH, MASSACHUSETTS 01752
TELEPHONE (508) 618-1025

May 2, 2007

**VIA FACSIMILE  (717) 620-2444**
Glenn R. Davis, Esq.
Latsha Davis Yohe and McKenna, P.C.
1700 Bent Creek Blvd., Suite 140
Mechanicsburg, PA 17050

Re:     *Runge v. Kelley, et al.*, 05-cv-10849-RGS

Dear Attorney Davis:

I was surprised to learn that you apparently may have some intention of proceeding with the deposition of Farrah Seidler on Wednesday, May 9, even those I have previously told you she is unavailable on that date.  Even more surprising and disturbing is the fact that you never let anyone else know that this was your intention.  Had my assistant not called today to confirm the Tuesday, May 8 deposition, none of us would have know of your intention to proceed on May 9.

Ms. Seidler remains unavailable on Wednesday, May 9.

On April 25, I faxed you a letter informing you that Ms. Seidler was unavailable on May 9, and offering the alternative dates of May 16, 18 and 30.  You indicated that you wanted to take her deposition prior to May 15, so I obtained another list of available dates from Ms. Seidler.  During a telephone call on April 27, I informed you that Ms. Seidler could rearrange her schedule and make herself available on May 1 or May 8.  You told me you would determine which day was better for you and get back to me.  You did not get back to me and the May 1 date has now passed.  As indicated in my facsimile to you on April 27, I have confirmed with Ms. Seidler and all defense counsel that they are available on Tuesday, May 8.  My assistant called your office this morning to confirm the May 8 date for the deposition and you informed him that you have not agreed to move the deposition to May 8 and apparently intend to proceed on May 9.

* ALSO ADMITTED IN NY
* * ALSO ADMITTED IN NH
* * * ALSO ADMITTED IN CA
* ALSO ADMITTED IN DC
* * ALSO ADMITTED IN NJ & PA
* * * ALSO ADMITTED IN RI, CT, NH & ME
† ALSO ADMITTED IN NH & NY

LAWSON & WEITZEN, LLP

**Glenn R. Davis**
**May 2, 2007**
**Page 2**

If it is your intention to proceed with the May 9 date, please definitively state that intention, so that I can take appropriate action. Given that this deposition would take place in Pennsylvania, I ask that you provide us with the courtesy of definitive response concerning when you intend to take this deposition sufficiently in advance to permit myself and other counsel to either make travel arrangements or to take other appropriate action.

Once again, I must point out that any scheduling difficulties you are encountering are of your own creation. Ms. Seidler has been available for her deposition since December of 2006. Discovery closed in this matter on December 22, 2006. While we have shown the courtesy of not objecting to her deposition being taken past that deadline given the original difficulty in locating her, nothing prevented you from taking this deposition at a date earlier than May of 2007. As you acknowledged in our April 27 telephone conference, you yourself spoke to Ms. Seidler in December of 2006 and at that time she gave you a list of dates she was available for her deposition during the months of December, January and February. You choose not to proceed with her deposition during any of those months or at any point since then, until now.

If you are now unwilling to make changes to your own schedule to accommodate Ms. Seidler's schedule or to simply have some else from you office take this deposition on a day Ms. Seidler is available, this would place an undue and unfair burden on Ms. Seidler.

I once again note that Ms. Seidler is available for her deposition on May 8, beginning at 10:30 AM, as are all defense counsel. She also remains available on May 16, 18 and 30. Please indicate, by facsimile or electronic mail, your intention with regard to this deposition.

Very truly yours,

Michael Williams

cc:     Farrah Seidler (by mail)
        Michele Carlucci, Esq.  (617) 423-6917
        James S. Hamrock, Jr., Esq.  (617) 496-1707

```
*************** -COMM. JOURNAL- ******************* DATE MAY-02-2007  TIME 12:11 ********

        MODE = MEMORY TRANSMISSION              START=MAY-02 12:10    END=MAY-02 12:11

        FILE NO.=174

STN     COMM.       ONE-TOUCH/    STATION NAME/EMAIL ADDRESS/TELEPHONE NO.   PAGES     DURATION
NO.                 ABBR NO.

001     OK          ☎             17176202444-74100340                       002/002   00:00:32


                                                        -LAWSON WEITZEN LLP      -

***** UF-7000 v2 ******************* -6174393987      - ***** -      6174393987- *********
```

# LAWSON & WEITZEN, LLP

ATTORNEYS AT LAW

88 BLACK FALCON AVENUE, SUITE 345
BOSTON, MASSACHUSETTS 02210-2414

BOSTON
TELEPHONE (617) 439-4990
TELECOPIER (617) 439-3987
EMAIL: POST@LAWSON-WEITZEN.COM
WWW.LAWSON-WEITZEN.COM

CAPE COD
LAWSON, WEITZEN & BANKERT, LLP
SIX GRANITE STATE COURT
GREWSTER, MASSACHUSETTS 02631
TELEPHONE (508) 255-3600

MARLBOROUGH
LAWSON, WEITZEN & HAILER, LLP
171 LOCKE DRIVE, SUITE 101
MARLBOROUGH, MASSACHUSETTS 01752
TELEPHONE (508) 618-1025

EVAN T. LAWSON
RICHARD D. WEITZEN *
PAMELA B. BANKERT
FRANK L. BRIDGES
IRA H. ZALEZNIK
JOHN J. WELTMAN ***
VALERIE L. PAWSON
GEORGE F. HAILER, PC *
GEORGE E. CHRISTODOULO, PC
KENNETH D. GOULD
JOSEPH FRIEDMAN
JOHN A. TENNARO, PC
WILLIAM F. COYNE, JR.
DAVID A. RICH *
DENNIS J. MANESS *
NATALIE A. KANELLIST
PATRICIA L. FARNSWORTH
K. SCOTT GRIGGS

MICHAEL J. McDEVITT
STEVEN M. BUCKLEY
SONIA K. GUTERMAN, Ph.D.
J. MARK DICKISON *
CLARE B. BURHOE
ROBERT J. ROUGHSEDGE ***
RICHARD J. SULLIVAN, JR.
JOSEPH M. KERWIN
CAROLINE A. O'CONNELL *
MICHAEL WILLIAMS
KATHRYN N. PIECZARKA
DEAN J. HUTCHISON
SCOTT T. BUCKLEY
KRISTINA A. ENGBERG
C. KINGERLY AKSBERG
JAMES M. HENRY
ADAM M. SCHOEN

May 2, 2007

**VIA FACSIMILE (717) 620-2444**
Glenn R. Davis, Esq.
Latsha Davis Yohe and McKenna, P.C.
1700 Bent Creek Blvd., Suite 140
Mechanicsburg, PA 17050

        Re:   *Runge v. Kelley, et al.,* 05-cv-10849-RGS

Dear Attorney Davis:

        I was surprised to learn that you apparently may have some intention of proceeding with the deposition of Farrah Seidler on Wednesday, May 9, even those I have previously told you she is unavailable on that date. Even more surprising and disturbing is the fact that you never let anyone else know that this was your intention. Had my assistant not called today to confirm the Tuesday, May 8 deposition, none of us would have know of your intention to proceed on May 9.

        Ms. Seidler remains unavailable on Wednesday, May 9.

        On April 25, I faxed you a letter informing you that Ms. Seidler was unavailable on May 9, and offering the alternative dates of May 16, 18 and 30. You indicated that you wanted to take her deposition prior to May 15, so I obtained another list of available dates from Ms. Seidler. During a telephone call on April 27, I informed you that Ms. Seidler could rearrange her schedule and make herself available on May 1 or May 8. You told me you would determine which day was better for you and get back to me. You did not get back to me and the May 1 date has now passed. As indicated in my facsimile to you on April 27, I have confirmed with Ms. Seidler and all defense counsel that they are available on Tuesday, May 8. My assistant called your office this morning to confirm the May 8 date for the deposition and you informed him that you have not agreed to move the deposition to May 8 and apparently intend to proceed on May 9.

* ALSO ADMITTED IN NY
** ALSO ADMITTED IN NH
* ALSO ADMITTED IN CA
* ALSO ADMITTED IN DC
** ALSO ADMITTED IN NJ & PA
*** ALSO ADMITTED IN RI.CT, NH & ME
† ALSO ADMITTED IN NH & NY