IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOROTHY STANLEY, AS EXECUTRIX OF :
THE ESTATE OF HELEN A. RUNGE, :
      Plaintiff :
       :    No. 05-10849-RGS
v. :    (Judge Stearns)
       :
WALTER J. KELLY, et al. :    CIVIL ACTION
      Defendants :    JURY TRIAL DEMANDED

**MOTION FOR ENLARGEMENT OF TIME TO SUBMIT
EXPERT REPORTS AS TO DEFENDANT SUNBRIDGE**

AND NOW, COMES, Plaintiff, Dorothy Stanley, Executrix of the Estate of Helen A. Runge ("Plaintiff"), by and through her counsel, and motions for an enlargement of time to submit her expert reports as to Defendant Sunbridge Nursing and Rehabilitation Center ("Defendant Sunbridge") and states the following:

1.    On April 27, 2005, Plaintiff filed with this Honorable Court her initial Complaint.

2.    Plaintiff filed an Amended Complaint on August 7, 2006, as permitted by Court Order entered July 28, 2006, and a Second Amended Complaint on January 8, 2007, as permitted by Court Order entered January 5, 2007.

3.    By Order entered April 25, 2007, this Court granted Plaintiff an extension of time to submit an expert report as to Defendant Sunbridge within 21 days from the date of the Order, which time period has not expired.

4.    Plaintiff previously had requested and been granted extensions of time to file expert reports because Defendant Sunbridge had not produced significant

documentation needed for an expert review of Defendants Sunbridge's actions; Plaintiff incorporates herein as if set forth at length these motions docketed as Documents 69, 90 and 98.

5. On April 18, 2007 and based upon deposition testimony of a former Sunbridge Director of Nursing admitting the existence of, among other documents, policy and procedures manuals, handbooks, personnel files, job descriptions and organizational chart(s), Plaintiff filed a Second Motion to Compel Discovery Responses from Defendant Sunbridge (Document 100), seeking adequate responses from Defendant Sunbridge to Plaintiff's Request for Production of Documents.

6. Plaintiff's Second Motion to Compel Discovery Responses from Defendant Sunbridge was granted by Court Order entered May 4, 2007.

7. Plaintiff's counsel has attempted to contact Defendant Sunbridge's counsel via telephone and sent correspondence to counsel on May 7, 2007 regarding Defendant Sunbridge's obligation to comply with the Court's May 4 Order; Defendant Sunbridge's counsel has not yet contacted Plaintiff's counsel in response. *See* May 7, 2007 correspondence attached as Exhibit A.

8. Contradictory to the Court's Order, Plaintiff has not received further documents or other discovery responses from Defendant Sunbridge.

9. Plaintiff remains at a significant disadvantage in obtaining expert opinions of Defendant Sunbridge's actions without the requested documents, which would provide an expert with information regarding Defendant Sunbridge that is

pertinent to this litigation as set forth in Plaintiff's Motions to Compel Discovery Responses from Defendant Sunbridge (Documents 88 and 100).

10. Despite not yet having all of the compelled documentation from Defendant Sunbridge, Plaintiff has engaged Richard Dupee, M.D. and Linda Fagan, R.N. and also has contacted a Certified Nursing Home Administrator, all to evaluate Defendant Sunbridge's actions based upon the documentation received thus far from Defendant Sunbridge, which largely consists of Helen Runge's medical record.

11. Plaintiff intends to submit a preliminary expert report prior to the expiration of the current time period for submission of reports set to end May 16, 2007.

12. However, these individuals cannot opine fully as to Defendant Sunbridge's actions regarding Helen Runge without the benefit of the complete documentation from Defendant Sunbridge, which has been ordered by this Court to be produced in accordance with Plaintiff's Second Motion to Compel Discovery Responses from Defendant Sunbridge.

13. Plaintiff respectfully requests that this Honorable Court grant Plaintiff an enlargement of time to submit finalized expert reports as to Defendant Sunbridge for a time period of 21 calendar days past the receipt of the complete discovery responses from Defendant Sunbridge.

14. In support of the instant Motion, Plaintiff incorporates her Memorandum of Reasons In Support of Motion for Enlargement of Time to Submit Expert Reports as to Defendant Sunbridge.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion for Enlargement of Time to Submit Expert Reports as to Defendant Sunbridge.

                                                Respectfully submitted,

                                                LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: May 15, 2007                By   /s/ Glenn R. Davis
                                                     Glenn R. Davis
                                                     1700 Bent Creek Boulevard, Suite 140
                                                     Mechanicsburg, PA 17050
                                                     (717) 620-2424
                                                     gdavis@ldylaw.com
                                                     *Pro Hac Vice*

                                                     Blake J. Godbout, BBO #196380
                                                     BLAKE J. GODBOUT
                                                     & ASSOCIATES
                                                     33 Broad Street, 11th Floor
                                                     Boston, MA  02109
                                                     (617) 523-6677

                                                Attorneys for Plaintiff, Dorothy Stanley,
                                                Executrix of the Estate of Helen A. Runge

## LOCAL RULE 7.1 CERTIFICATION

    I, Glenn R. Davis, counsel for Plaintiff, certify that we have contacted counsel for Defendants Walter J. Kelly, Kerry L. Bloomingdale, M.D., and Sunbridge regarding Plaintiff's Motion for Enlargement of Time to Submit Expert Reports as to Defendant Sunbridge.  Counsel for Defendants Bloomingdale, Sunbridge and Kelly have not yet provided their position, whether it be concurrence or nonconcurrence, with the presentation of this motion.

Dated: May 15, 2007                /s/ Glenn R. Davis
                                              Glenn R. Davis

115564                                           4

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

>James S. Hamrock, Jr.
>Hamrock & Tocci
>101 Main Street, 18th Floor
>Cambridge, MA 02142
>jhamrock@htclaw.com
>
>Michele Carlucci
>George S. Rockas
>Wilson Elser Moskowitz Edelman & Dicker LLP
>155 Federal Street
>Boston, MA 02110
>michele.carlucci@wilsonelser.com
>george.rockas@wilsonelser.com
>
>Michael Williams
>Lawson & Weitzen, LLP
>88 Black Falcon Avenue, Suite 145
>Boston, MA 02210-1736
>mwilliams@lawson-weitzen.com

Dated: May 15, 2007            /s/ Glenn R. Davis
                                          Glenn R. Davis

# LATSHA DAVIS YOHE
# & MCKENNA, P.C.
### ATTORNEYS AT LAW

PLEASE REPLY TO:  Mechanicsburg
WRITER'S E-MAIL:  gdavis@ldylaw.com

May 7, 2007

Michael Williams, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 145
Boston, MA  02210-1736

    Re:    Helen A. Runge v. Walter J. Kelly, et al.
             No. 05-10849-RGS
             Our File No. 812-03

Dear Attorney Williams:

    This letter addresses your discovery production and is also in response to your April 5 correspondence regarding discovery, as well as the telephone conversation of April 12, between ourselves as well as Andrea Dean of my office. In your correspondence, you represent that you had repeatedly asked for discovery responses. In our conversation, I referenced that it was our office that had repeatedly asked your office for responses to discovery which ultimately led to our filing of the motion to compel. In fact, I called your office on at least two occasions advising you that we intended to file the motion to compel and, furthermore, I provided an advance copy out of professional courtesy to you so that we could avoid its necessity. Your office did not respond.

    During our discovery conversation, you referenced writings in which you had made representations that you were unable to procure documents. I indicated that I had no recollection of having received such written representations. As our discussion proceeded, you were researching your document data base, but did not produce such a writing. During our conversation, you also acknowledged my representation to you that during one of my calls to you seeking your production of documents, I represented to you that our discovery responses were prepared and ready to be mailed on a timely basis, however, I was reluctant

Michael Williams, Esq.
May 7, 2007
Page 2

to do so since I had not received the discovery responses you indicated would be forthcoming.

    In your letter's paragraph 2, you indicate that you have repeatedly indicating that the facility is no longer owned by your clients and that it is the new owners of the facility who have been recalcitrant in providing documents. Let me again assure you, as I did in our phone conversation, that had you made this representation to this office, we would have subpoenaed the requested documents from the new owner in an attempt to avoid this discovery dispute with you. I also questioned why you had not taken a similar path based on the knowledge which is now apparent to us that your client was unable to obtain documentation from its successor. We concluded the Rule 37.1 conference requesting you consider alternatives to our filing a second motion to compel the discovery requests against your client. It was my understanding that we both committed to exploring alternatives. I have not heard from you since that conversation in that regard.

    Since we have now received the Court's decision directing you to produce discovery, I would like to discuss that process and time frame with you. I called earlier today, but you did not take the call.

                              Very truly yours,

                              Glenn R. Davis

/hs
cc:    Gilbert Stanley
       Blake J. Godbout, Esq.

115031

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOROTHY STANLEY, AS EXECUTRIX OF :
THE ESTATE OF HELEN A. RUNGE, :
    Plaintiff :
 : No. 05-10849-RGS
v. : (Judge Stearns)
 :
WALTER J. KELLY, et al. : CIVIL ACTION
    Defendants : JURY TRIAL DEMANDED

### ORDER

AND NOW, this ____ day of _____, 2007, upon consideration of Plaintiff's Motion for Enlargement of Time to Submit Expert Reports as to Defendant Sunbridge, it is hereby ORDERED and DECREED that said Motion is GRANTED and Plaintiff has 21 days after receipt of the compelled discovery responses from Defendant Sunbridge to submit expert reports as to Defendant Sunbridge.

BY THE COURT:

_____
Richard C. Stearns, J.

115624