IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOROTHY STANLEY, AS EXECUTRIX OF : <br> THE ESTATE OF HELEN A. RUNGE, : <br>     Plaintiff : <br> : <br> v. : <br> : <br> WALTER J. KELLY, et al. : <br>     Defendants : | No. 05-10849-RGS <br> (Judge Stearns) <br><br> CIVIL ACTION <br> JURY TRIAL DEMANDED |

**MEMORANDUM OF REASONS IN SUPPORT OF MOTION
FOR ENLARGEMENT OF TIME TO SUBMIT
EXPERT REPORTS AS TO DEFENDANT SUNBRIDGE**

Dorothy Stanley, Executrix of the Estate of Helen Runge ("Plaintiff"), by and through her counsel, respectfully submits this Memorandum of Reasons in Support of her Motion for Enlargement of Time to Submit Expert Reports as to Defendant Sunbridge.

**I.    FACTUAL BACKGROUND**

Plaintiff filed her original Complaint on April 27, 2005, pleading counts sounding both in federal and state law. Counts I and II of the original Complaint were federal law claims, which were dismissed by this Court's Order dated January 23, 2006. Although the federal question jurisdiction counts were dismissed, jurisdiction remains with this Court due to diversity. By Court Order entered July 28, 2006, Plaintiff was permitted to file an Amended Complaint, which Plaintiff filed on August 7, 2006. By Court Order entered January 5, 2007, Plaintiff was permitted to file her Second Amended Complaint, which Plaintiff filed on January 8, 2007.

By Court Order entered April 25, 2007, Plaintiff was granted a 21-day extension to file expert reports as to Defendant Sunbridge Nursing and Rehabilitation Center ("Defendant Sunbridge"). This time period is set to end on May 16, 2007 and, accordingly, has not yet expired.

On April 18, 2007, Plaintiff filed a Second Motion to Compel Discovery Responses from Defendant Sunbridge (Document 100), seeking adequate responses from Defendant Sunbridge to Plaintiff's Request for Production of Documents. This Court granted Plaintiff's Second Motion to Compel by Order entered May 4, 2007. Plaintiff seeks an enlargement of time in which to submit her expert reports as to Defendants Sunbridge for a time period of 21 calendar days past the receipt of the complete discovery responses from Defendant Sunbridge. Plaintiff incorporates by reference herein her instant Motion for Enlargement of Time to Submit Expert Reports as to Defendant Sunbridge.

## II.     REASONS WHY MOTION SHOULD BE GRANTED

Federal Rule of Civil Procedure 6 states that the Court "for cause shown" may at any time in its discretion with or without motion or notice order a period of time enlarged if a request is made before the expiration of the period originally prescribed. Fed. R. Civ. P. 6(b); *see Canup v. Mississippi Val. Barge Line Co.*, 31 F.R.D. 282 (W.D. Pa., 1962) (stating that "[t]he proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for extension of time (*i. e.*, a request presented before the time then fixed for the purpose in question has expired)").

Plaintiff previously has requested and been granted three extensions of time to file expert reports because Defendant Sunbridge has not yet produced significant documentation needed for an expert review of Defendants Sunbridge's actions. This Court granted Plaintiff's Second Motion to Compel Discovery Responses from Defendant Sunbridge by Order entered May 4, 2007 after it was clearly shown by the deposition testimony of a former Director of Nursing that policy manuals, procedure manuals, handbooks, job descriptions and other documents, which are covered in Plaintiff's request but not produced by Defendant Sunbridge, do exist. Plaintiff's counsel attempted to speak to Defendant Sunbridge's counsel and sent correspondence on May 7, 2007, indicating his desire to speak with him about the discovery process and timeframe in light of the May 4 Order. Defendant Sunbridge's counsel has neither submitted adequate discovery responses yet nor responded to Plaintiff's counsel's outreach on May 7, 2007.

Plaintiff remains at a significant disadvantage in obtaining any expert opinions of Defendant Sunbridge's actions without the requested discovery documentation, which would provide an expert with information regarding Defendant Sunbridge that is pertinent to this litigation. Despite not having all of the necessary documentation, Plaintiff has contacted three individuals to review Defendant Sunbridge's actions as to Helen Runge and has sent them documentation to review. Plaintiff further intends to submit a preliminary expert report as to Defendant Sunbridge prior to the expiration of the time period for submission of reports set to end May 16, 2007. However, Plaintiff continues to need certain documents from Defendant Sunbridge in order for these

individuals to be able to sufficiently review Defendant Sunbridge's actions. Accordingly, Plaintiff has shown good cause to have the time period enlarged to file expert reports as to Defendant Sunbridge.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Enlargement of Time to Submit Expert Reports as to Defendant Sunbridge should be granted.

                              Respectfully submitted,

                              LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: May 15, 2007                By   /s/ Glenn R. Davis
                                                    Glenn R. Davis
                                                    1700 Bent Creek Boulevard, Suite 140
                                                    Mechanicsburg, PA 17050
                                                    (717) 620-2424
                                                    gdavis@ldylaw.com
                                                    *Pro Hac Vice*

                                                    Blake J. Godbout, BBO #196380
                                                    BLAKE J. GODBOUT & ASSOCIATES
                                                    33 Broad Street, 11th Floor
                                                    Boston, MA 02109
                                                    (617) 523-6677
                                                    blake@bjalaw.com

                                                    Attorneys for Plaintiff, Helen A. Runge

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

>James S. Hamrock, Jr.
>Hamrock & Tocci
>101 Main Street, 18th Floor
>Cambridge, MA 02142
>jhamrock@htclaw.com
>
>Michele Carlucci
>George S. Rockas
>Wilson Elser Moskowitz Edelman & Dicker LLP
>155 Federal Street
>Boston, MA 02110
>michele.carlucci@wilsonelser.com
>george.rockas@wilsonelser.com
>
>Michael Williams
>Lawson & Weitzen, LLP
>88 Black Falcon Avenue, Suite 145
>Boston, MA 02210-1736
>mwilliams@lawson-weitzen.com

Dated: May 15, 2007         By   /s/ Glenn R. Davis
                                 Glenn R. Davis