# BLAKE J. GODBOUT & ASSOCIATES
### ATTORNEYS-AT-LAW

33 BROAD STREET - 11TH FLOOR
BOSTON, MASSACHUSETTS 02109

BLAKE J. GODBOUT

JAMES L. KIMBALL
DAVID A. CONTI

TELEPHONE: (617) 523-6677
FACSIMILE: (617) 227-3709

January 16, 2007

**By Facsimile (617) 423-6917**
**& First Class Mail**

George Rockas, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal Street
Boston, MA 02110

**By Facsimile (617) 496-1707**
**& First Class Mail**

James S. Hamrock, Jr., Esq.
**HAMROCK & TOCCI**
101 Main St., 18th Floor
Cambridge, MA 02142

**By Facsimile (617) 439-3987**
**& First Class Mail**

Michael Williams, Esq.
**LAWSON & WEITZEN, LLP**
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-2414

       Re:   <u>Helen A. Runge v. Walter J. Kelley, et als</u>.
             CA No: 05-10849-RGS

Dear Counsel:

    Please be advised that Plaintiff has engaged Arnold R. Rosenfeld, Esq., to serve as an expert witness relative to her claims against Defendant Walter J. Kelly.

    Enclosed please find Mr. Rosenfeld's report. To the extent that Supplemental Answers to Interrogatories are due as a result of this report, we will provide them under separate cover.

[RECEIVED JAN 18 2007 By___]

BLAKE J. GODBOUT & ASSOCIATES

    If you have any questions or comments, please feel free to contact me at the office.

                                           Very truly yours,

                                           David A. Conti

Enclosure

**K&L|GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950

T 617.261.3100   www.klgates.com

January 16, 2007

Arnold R. Rosenfeld
D 617.951.9125
F 617.261.3175
arnie.rosenfeld@klgates.com

Glenn R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050

Re:   Runge v. Kelly, et al
      U.S. District Court C.A. No. 05-cv-10849-RGS

Dear Attorney Davis:

You have requested that I provide you with an opinion as to whether Walter J. Kelly, who was acting as the attorney for your client, Helen Runge, acted in compliance with the Massachusetts Rules of Professional Conduct in his representation of her and in particular, with regard to whether his petitioning the Probate Court to become the guardian of Helen Runge, his appointment as guardian, and the payment of his and his attorney's legal bills was appropriate ethical conduct.

Let me first describe some of my relevant background to offer this opinion. I am Of Counsel in the Boston Office of the international law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP (K&L Gates), where my practice includes, besides civil and criminal litigation, representing law and law firms on professional responsibility matters, including acting as an expert witness in legal malpractice cases where there are questions regarding a lawyer's responsibilities pursuant to the Rules of Professional Conduct. Prior to joining K & L Gates, I was the Chief Bar Counsel of the Board of Bar Overseers of the Supreme Judicial Court in Massachusetts for eight years. I also am a Visiting Professor of Law at Boston University Law School where I have taught Professional Responsibility for seventeen years and an Adjunct Professor of Law at Northeastern University Law School where I have taught Professional Responsibility for ten years. I am an appointed member of the American Bar Association Committee on Lawyer Discipline and the Massachusetts Supreme Judicial Court's Standing Advisory Committee on the Rules of Professional Conduct.

I have reviewed the Second Amended Complaint, in Runge v. Kelly, and the two days of Deposition of Walter J. Kelly, as well as other exhibits, in preparation of this opinion.

In my opinion, by seeking to have him self appointed the guardian of Helen Runge, considering the circumstances of this case, Kelly violated the Massachusetts Rules of

BOS-1045211 v1

# K&L|GATES

Glenn R. Davis, Esq.
January 16, 2007
Page 2

Professional Conduct. In his deposition, Kelly cited Mass. R. Prof. C. 1.14 as authority for his actions. In fact, if he had analyzed Rule 1.14 prior to filing a petition for appointing himself the guardian or temporary guardian of Helen Runge, in my opinion, he would have acted differently. Rule 1.14 offers guidance to lawyers whose clients are impaired to the point where they are unable to make adequately considered decisions regarding their own health and welfare. In such cases where the normal attorney-client relationship cannot be maintained, <u>the lawyer may consult family members, adult protective agencies, or other individuals or entities that have authority to protect the client, and, if it reasonably appears necessary, the lawyer may seek the appointment of a guardian ad litem, conservator, or a guardian, as the case may be</u>. In my opinion, seeking the appointment of oneself as the guardian ad litem, or guardian, without first having sought the views of the client's daughter, who specifically had not only been in communication with her mother, but also had expressed an interest in her mother's welfare, is not an appropriate option particularly where the lawyer has been charging the client fees for services which have not yet been paid and where he may have a conflict between the client's interests and his own interests. In such instances, the lawyer should be aware of Mass. R. Prof. C. 1.7(b), the rule governing conflicts of interest, which states: <u>(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests</u> (unless the client consents after consultation). Here, there clearly is a conflict with the lawyer's own interests since the lawyer was seeking the guardianship not just to assist the client in her health care decisions, but also for the purpose of paying his own fees and the fees of the lawyer he hired to assist him in seeking the guardianship.

Based upon my analysis as set out above, it is my opinion that Kelly either misunderstood, misread, or negligently failed to comply with his responsibilities pursuant to the Massachusetts Rules of Professional Conduct 1.14 in seeking to have himself appointed the guardian for Helen Runge without consulting with her daughter, Dorothy Stanley, and was also in violation of Mass. R. Prof. C. 1.7(b) in paying his legal fees and those of Attorney Schiavone as the guardian of Helen Runge.

Sincerely,

Arnold R. Rosenfeld

ARR: