**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

EASTERN DIVISION

No. 05-10849RGS

| |
|---|
| DOROTHY STANLEY, EXECUTRIX OF THE ESTATE OF HELEN A. RUNGE, <div align="right">Plaintiff</div><br><br>v.<br><br>WALTER J. KELLY,<br>KERRY L. BLOOMINGDALE, M.D., and<br>SUNBRIDGE NURSING AND<br>REHABILITATION CENTER,<div align="right">Defendants</div> |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE OF THE SETTLEMENT OF THE PROBATE MATTER**

NOW COMES the Defendant, Walter J. Kelly, and moves this honorable Court to preclude any evidence of the settlement of the underlying Probate Court matter, *In re the Guardianship of Helen Runge*, Norfolk Probate and Family Court Dept. No. 03 P1104 GI. In support of this motion, the Defendant states:

1.    A settlement agreement was reached between Walter Kelly and Helen Runge in underlying Probate Court matter, *In re the Guardianship of Helen Runge*, Norfolk Probate and Family Court Dept. No. 03 P1104 GI.

2.    The Settlement Agreement was executed by the parties on August 10, 2005 as to the contested account in which Walter Kelly's fees were challenged. The Agreement specifically contained a stipulation that the settlement would have no effect on the claims or defenses in this matter. [See Settlement Agreement, attached as Exhibit A, ¶4].

<div align="right">1</div>

3.    Moreover, evidence of the settlement is not relevant to or probative of any of the claims in this matter and therefore is inadmissible.  See Fed. R. Evid. 402.   Moreover, evidence of Kelly's settlement and return of fees would only serve to prejudice Kelly and mislead the jury.  See Fed. R. Evid. 403.  See also McInnis v. A.M.F., Inc., 765 F.2d 240, 252 (1st Cir. 1985)(finding error in the admission of a settlement agreement and stating "it is doubtful that any instructions, no matter how clear and comprehensive, could eradicate the prejudice engendered by the admission of the release in this case") The settlement of a disputed matter is not an admission of fault, but more likely than not the jury will be mislead into thinking otherwise.

4.    In addition, "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount."  Fed. R. Evid. 408.

WHEREFORE, Defendant respectfully requests that this Honorable Court preclude any evidence of the settlement of the underlying Probate Court matter.

Respectfully submitted,

The Defendant, Walter J. Kelly,
By his attorneys,


        s/ Michele Carlucci
George C. Rockas, BBO #544009
Michele Carlucci, BBO #655211
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER  LLP
260 Franklin Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on January 29, 2008 I have served a copy of the foregoing by electronic filing.

/s/ Michele Carlucci
Michele Carlucci

108751.1

# EXHIBIT A

8-10-05

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss

PROBATE AND FAMILY COURT
DEPARTMENT
DOCKET NO. 03 P1104 GI

```
_____     )
                                )
                                )
GUARDIANSHIP OF                 )
HELEN RUNGE                     )
                                )
_____     )
```

## STIPULATION OF SETTLEMENT

Walter J. Kelly, Esq. and Helen Runge hereby covenant and agree to the following:

1.    For the purpose of resolving the temporary guardian's contested account and of avoiding the additional cost and expense of a trial on the merits, Walter J. Kelly ("Kelly") will pay $8,000.00 to Helen Runge and remit $1,944.09 held in client funds identified as Item 13, Schedule B of his account.

2.    Helen Runge will file a withdrawal of opposition to the contested account, and she, Dorothy Stanley, and Gilbert Stanley (collectively the, "Contestants") will file their assents (the, "Assents") thereto.

3.    Upon notification of the issuance by the court of a judgment of allowance of the first and final account of Walter J. Kelly dated August 29, 2003, payments will be forwarded to the office of Blake Godbout and Associates by checks payable to "Helen Runge and Atty. Blake Godbout" as follows:  The remittance from client funds will be paid in entirety within 3 business days with the balance due within 15 business days.

4.    The parties hereby agree that the mutual covenants and obligations of the parties, contained in Paragraphs 1 through 3 hereinabove, shall have a limited effect. Specifically, the parties acknowledge and agree that the withdrawal of opposition by Helen Runge, the Assents and the corresponding allowance of the Fiduciary's Account, coupled with the stated payments, shall in no way affect, alter, impair, modify, or otherwise have any effect on any and all claims, causes of action and defenses of the within parties in the action currently pending in the Federal District Court for the Eastern Division of Massachusetts styled as, <u>Helen Runge v. Walter J. Kelly, et als.</u>, Civil Action No. 1:05-cv-10849-RGS (the, "Federal Action").

1

AGREED upon by under-signed counsel of record.

Respectfully Submitted,

**WALTHER J. KELLY,**
By his attorney,

Thomas F. Schiavoni, Esq.
**McGEE & SCHIAVONI**
37 Friend St., P.O. Box 311
Lynn, MA  01903-0311
(781) 596-1090
BBO #445460

Date: _8/10/05_

**HELEN RUNGE,**
By her attorney,

David A. Conti, Esq.
**BLAKE J. GODBOUT & ASSOCIATES**
33 Broad Street, 11th Floor
Boston, MA 02109
(617) 523-6677
BBO# 661419

Date: _Aug 10, 2005_

**APPROVED by:**

_____
Justice of the Probate Court

Date: _____

2