IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOROTHY STANLEY, AS EXECUTRIX OF :
THE ESTATE OF HELEN A. RUNGE, :
      Plaintiff :
       :    No. 05-10849-RGS
v. :    (Judge Stearns)
       :
WALTER J. KELLY, et al. :    CIVIL ACTION
      Defendants :    JURY TRIAL DEMANDED

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT WALTER J. KELLY'S MOTION TO DISMISS COUNT XIV (ABUSE OF PROCESS)

AND NOW, COMES, Plaintiff, Dorothy Stanley, Executrix of the Estate of Helen A. Runge ("Runge"), and files this Opposition to Defendant, Walter J. Kelly's (Kelly) Motion to Dismiss Count XIV for Abuse of Process of Runge's Second Amended Complaint. As a matter of law, a claim for abuse of process does survive the death of a plaintiff. In support thereof, Runge submits the following:

### I. BACKGROUND

This lawsuit was commenced on April 27, 2005 against *inter alia* Kelly. Helen Runge died on January 15, 2007 and Dorothy Stanley, the Executrix of Ms. Runge's

121172

estate was substituted as Plaintiff in this matter. The Second Amended Complaint contains a count of abuse of process against Kelly (Count XIV).

## II. LEGAL STANDARD

Kelly has inappropriately raised a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss upon a failure to state a claim upon which relief can be granted must be filed before a responsive pleading is served; otherwise it is untimely. See Crosby Yacht Yard, Inc. v. Yacht "Chardonnay", 159 F.R.D. 1 (D. Mass. 1994); Monell v. Best Personnel Systems, Inc., 127 F.Supp.2d 48 (D. Puerto Rico 2000). Kelly's Motion to Dismiss was most certainly not filed before a responsive pleading is served since it was filed mere weeks before trial was scheduled to occur. Courts can, however, treat untimely motions to dismiss as motions under Federal Rules of Civil Procedure 12(c) or 12(h)(2). Id. The court then applies the same standard as under a 12(b)(6) motion. Id. When ruling on a motion to dismiss under Rule 12(b)(6), material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted. Id.

## III. ARGUMENT

In his Memorandum of Law in Support of the Motion to Dismiss Count XIV, Kelly relies on antiquated case law without reference to more recent and more relevant precedent with respect to his argument that abuse of process does not survive the death of Helen Runge. Kelly acknowledges M.G.L.c.228, §1 which was enacted to expand the number of actions which survive the death of a plaintiff. Kelly, however, goes onto cite

121172                                    2

and wholly rely on a case from 1950, <u>Noyes v. Shanahan</u>, 325 Mass. 601, 91 N.E.2d 841 (1950).

In that case, the court merely noted a concern as to whether a claim for abuse of process survived the death of the plaintiff but clearly did not decide the case; the <u>Noyes</u> case went to trial and the decision was issued on appeal. Moreover, Kelly's referenced language of the court fails to include the court's language where it states, "We prefer to pass the point, without however intending to create a precedent." Furthermore, Kelly wholly ignores and fails to acknowledge to this Court cases that are most certainly on point and instructive on the issue of whether abuse of process survives the death of a plaintiff.

In <u>Harrison v. Loyal Protective Life Insurance Co.</u>, 379 Mass. 212, 396 N.E.2d 987 (1979), the administratrix of an estate brought an action seeking to recover damages arising out of an alleged intentional affliction of emotional distress suffered by the decedent, her husband. The administratrix sought damages for intentional infliction of emotion distress from her deceased husband's employer. The court gave a full analysis of M.G.L.c.228, §1.

The court reviewed that at common law, a tort did not survive the death either of the person injured or of the wrongdoer. The court further acknowledged, however, that this rule was altered by the Massachusetts survival statue, M.G.L.c.228, §1. <u>Id</u>. at 214, 396 N.E.2d at 989. The statute reads in pertinent part, as follows: "In addition to the actions which survive by the common law, the following shall survive: . . . (2) actions of tort (a) for assault, battery, imprisonment or other damage to the person. . ." In

121172                                3

reviewing M.G.L.c.228, §1, the <u>Harrison</u> court determined that the legislature did not intend to give an exhaustive list of torts which survived. Specifically, the court ruled that the legislature "intended to abrogate the common law nonsurvival rule by virtue of a flexibly drawn statute which gives a partial listing of torts that should survive followed by the broad phrase 'or other damage to the person.'" 379 Mass. at 215, 396 N.E.2d at 215.

Relying on the <u>Harrison</u> court's decision, this Honorable Court very recently and squarely addressed whether malicious prosecution claims survive the death of the victim pursuant to M.G.L.c.228, §1. <u>Limone v. United States</u>, 497 F.Supp.2d 143 (D. Mass. 2007). Specifically, this Court held that if the Supreme Judicial Court of Massachusetts was presented with the question of the survival of a malicious prosecution action, it would determine that the tort survived, consistent with the <u>Harrison</u> court's decision that intentional infliction of emotional distress survived the victim's death.

Based upon this case law, it is abundantly clear that Kelly's Motion to Dismiss Count XIV (Abuse of Process) of the Second Amended Complaint in the above-referenced matter lacks any legal foundation. Accordingly, Runge requests that the Motion be denied.

## IV. CONCLUSION

For the reasons set forth above, Runge respectfully requests that this Honorable Court deny Defendant Walter J. Kelly's Motion to Dismiss Count XIV (Abuse of Process) of the Second Amended Complaint.

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: February 1, 2008

By     /s/ Glenn R. Davis
Glenn R. Davis
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050
(717) 620-2424
gdavis@ldylaw.com
*Pro Hac Vice*

Blake J. Godbout, BBO #196380
BLAKE J. GODBOUT
& ASSOCIATES
33 Broad Street, 11th Floor
Boston, MA 02109
(617) 523-6677

Attorneys for Plaintiff, Dorothy Stanley, Executrix of the Estate of Helen A. Runge

121172

5

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

>James S. Hamrock, Jr.
>Hamrock & Tocci
>101 Main Street, 18th Floor
>Cambridge, MA 02142
>jhamrock@htclaw.com
>
>Michele Carlucci
>George S. Rockas
>Wilson Elser Moskowitz Edelman & Dicker LLP
>155 Federal Street
>Boston, MA 02110
>michele.carlucci@wilsonelser.com
>george.rockas@wilsonelser.com
>
>Michael Williams
>Lawson & Weitzen, LLP
>88 Black Falcon Avenue, Suite 145
>Boston, MA 02210-1736
>mwilliams@lawson-weitzen.com

Dated: February 1, 2008           By    /s/ Glenn R. Davis
                                        Glenn R. Davis