UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOROTHY STANLEY, AS EXECUTRIX OF THE ESTATE OF HELEN A. RUNGE, Plaintiff | : : : : |
| v. | : No. 05-10849-RGS : (Judge Stearns) : |
| WALTER J. KELLY, et al., Defendants | : CIVIL ACTION : JURY TRIAL DEMANDED |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT KELLY'S MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE OF THE SETTLEMENT OF THE PROBATE MATTER**

AND NOW, COMES, Plaintiff Dorothy Stanley ("Plaintiff"), as Executrix of the Estate of Helen A. Runge ("Runge"), and respectfully submits this Memorandum in Opposition to the Motion *in Limine* of Defendant Kelly ("Defendant Kelly") to Preclude Any Evidence of the Settlement of the Probate Matter ("Motion").

## I. BACKGROUND

Plaintiff maintains this action against the collective Defendants seeking to recover for physical, emotional and financial injuries. Defendant Kelly has filed the instant Motion seeking to preclude any evidence of the settlement reached in the probate matter previously before the Commonwealth of Massachusetts, Probate and Family Court Department. Plaintiff respectfully submits that this Honorable Court should deny Defendant Kelly's Motion as premature.

## II. ARGUMENT

Defendant Kelly has requested that this Court preclude any evidence of the settlement reached in the probate matter previously before the Commonwealth of

121268

Massachusetts, Probate and Family Court Department at Docket No. 03 P1104. In response to the Inventory that had been filed by Defendant Kelly as temporary guardian of Runge, Runge had filed Objections to portions of the Inventory. Runge and Kelly ultimately agreed to a Stipulation of Settlement ("Stipulation") in which they agreed that Runge would assent to the Inventory and Defendant Kelly would make payment to and remit client funds to Runge. *See* Exhibit A to the instant Motion.

Defendant Kelly seeks preclusion of evidence of the Stipulation as "not relevant to or probative of any of the claims in this matter" and on the basis that it "would only serve to prejudice Kelly and mislead the jury," citing Federal Rules of Evidence ("FRE") 402 and 403. The Stipulation is relevant to the claims at issue in this matter because it resolved the contested Inventory filed by Defendant Kelly as Runge's temporary guardian. Defendant Kelly's actions surrounding the guardianship are squarely within Runge's claims and, therefore, the Stipulation is relevant.

Defendant Kelly's assertion that he will be prejudiced by the evidence of the Stipulation cannot be properly addressed without ascertaining the purpose of the evidence if offered. Such purpose cannot be characterized at this pre-trial stage and it is premature to raise this issue as it is premature to determine the admissibility of any evidence of the Stipulation under FRE 408, discussed below.

Defendant Kelly quotes FRE 408, apparently in support of his instant Motion. However, Defendant Kelly fails to acknowledge that evidence of settlements may be admissible under FRE 408 for certain purposes. One example of a permissible purpose is using the evidence to prove a witness's bias or prejudice. *Id.*

Several United States District Courts have found that at the pre-trial phase, prior to the offer of evidence, it may be premature to determine whether evidence of a prior settlement is admissible. *Stacey v. Bangor Punta Corp.*, 620 F.Supp. 636, 637 (D.C.Me. 1985); *U.S. v. Posner*, 1987 WL 17150, *8+ (N.D.Ill. 1987); *see Alpex Computer Corp. v. Nintendo Co., Ltd.*, 770 F.Supp. 161 (D.N.Y. 1991), *rev'd in part*, 1994 WL 139423 (S.D.N.Y. 1994) (allowing admission of majority of settlement offers under FRE 408 after conducting an evidentiary hearing specifically as to admissibility of settlement offers), *vacated in part on other grounds*, 1994 WL 381659 (S.D.N.Y. 1994). That it may be premature at the pre-trial stage to determine whether evidence of a settlement is admissible is illustrated by the analysis of admissible evidence in the *McInnis* case on which Defendant Kelly relies for support that evidence of the Stipulation is inadmissible. *McInnis v. A.M.F., Inc., et al.*, 765 F.2d 240 (1st Cir. 1985).

The settlement at issue in *McInnis* was between the plaintiff and a third-party, and was a "full and final release of all claims of every nature and kind whatsoever" that released claims known and unknown, suspected and unsuspected. *McInnis*, 765 F.2d at 242. The settlement was admitted, the defendants prevailed and the plaintiff appealed, arguing in part that the settlement was improperly admitted. *McInnis*, 765 F.2d at 241. The *McInnis* appellate court analyzed the purposes for which the defendants had the settlement *admitted at trial* and found that, although FRE 408 expressly allows the admission of evidence of settlement for purposes other than to prove liability or the validity of the claim, the use of the evidence at trial made the settlement inadmissible under FRE 408. *McInnis*, 765 F.2d at 250-251 (emphasis added).

Because evidence of a settlement may be admissible for reasons other than those prohibited by FRE 408, it is premature to determine now whether evidence of the Stipulation is admissible. Plaintiff respectfully submits that this Court should address the admissibility of any evidence of the Stipulation and/or effect on Defendant Kelly at such time that evidence of the Stipulation is offered into evidence.

## III.  CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny Defendant Kelly's Motion.

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: February 11, 2008         By     /s/ Glenn R. Davis
                                        Glenn R. Davis, *Pro Hac Vice*
                                        1700 Bent Creek Boulevard, Suite 140
                                        Mechanicsburg, PA 17050
                                        (717) 620-2424
                                        gdavis@ldylaw.com

                                        Blake J. Godbout, BBO #196380
                                        BLAKE J. GODBOUT & ASSOCIATES
                                        33 Broad Street, 11th Floor
                                        Boston, MA 02109
                                        (617) 523-6677
                                        blake@bjgalaw.com
                                        Attorneys for Plaintiff, Dorothy Stanley,
                                        Executrix of The Estate of Helen A. Runge

121268                                   4

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

> James S. Hamrock, Jr.
> Hamrock & Tocci
> 101 Main Street, 18th Floor
> Cambridge, MA 02142
> jhamrock@htclaw.com
>
> Michele Carlucci
> George S. Rockas
> Wilson Elser Moskowitz Edelman & Dicker LLP
> 155 Federal Street
> Boston, MA 02110
> michele.carlucci@wilsonelser.com
> george.rockas@wilsonelser.com
>
> Michael Williams
> Lawson & Weitzen, LLP
> 88 Black Falcon Avenue, Suite 145
> Boston, MA 02210-1736
> mwilliams@lawson-weitzen.com

Dated:  February 11, 2008                    /s/ Glenn R. Davis
                                             Glenn R. Davis

121268