**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

EASTERN DIVISION

No. 05-10849RGS

DOROTHY STANLEY, EXECUTRIX OF THE
ESTATE OF HELEN A. RUNGE,
                          Plaintiff

v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                          Defendants

**DEFENDANT WALTER J. KELLY'S MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF ARNOLD ROSENFELD, ESQ. AND MOTION TO DISMISS FOR LACK OF EXPERT TESTIMONY**

NOW COMES the Defendant, Walter J. Kelly, and requests that this Honorable Court grant him leave to file the attached reply brief in response to Plaintiff's Opposition to *Defendant's Motion in Limine to Preclude the Testimony of Arnold Rosenfeld, Esq. and Motion to Dismiss for Lack of Expert Testimony*. As grounds in support thereof, Defendant submits the accompanying Memorandum.

WHEREFORE, the Defendant, Walter Kelly, respectfully requests that this Honorable Court grant Defendant leave to file a reply brief.

110160.1

Dated: February 11, 2008

Respectfully submitted,

The Defendant,
Walter J. Kelly,
By his attorneys,


*s/ Michele Carlucci*
George C. Rockas, BBO #544009
Michele Carlucci, BBO #655211
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER  LLP
260 Franklin Street
Boston, MA 02110
(617) 422-5300


**CERTIFICATE OF SERVICE**

I, Michele Carlucci, certify that on February 11, 2008 I have served a copy of the foregoing by electronic filing.

*/s/ Michele Carlucci*
Michele Carlucci

110160.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

No. 05-10849RGS

DOROTHY STANLEY, EXECUTRIX OF THE
ESTATE OF HELEN A. RUNGE,
                      Plaintiff

v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                      Defendants

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE TO
PRECLUDE THE TESTIMONY OF ARNOLD ROSENFELD, ESQ.
AND MOTION TO DISMISS FOR LACK OF EXPERT TESTIMONY**

NOW COMES the Defendant, Walter J. Kelly, and submits this Reply Brief in further support of his motion to preclude the purported expert testimony of Arnold Rosenfeld, Esq. and to dismiss all claims against Defendant Kelly.

In Opposition to Defendant's Motion, Plaintiff argues that Defendant "never served expert Interrogatories nor did Defendants depose Attorney Rosenfeld." This statement is false because Defendant did in fact serve expert interrogatories. Plaintiff's answer to Defendant's expert interrogatory was: "It is premature for Runge to name any expert witnesses. Runge reserves the right to supplement this Response as discovery is deemed ongoing". The Plaintiff did not supplement her response. A copy of the plaintiff's expert interrogatory answer is attached as Exhibit 1.

In its scheduling order, the Court established deadlines for expert disclosures. Moreover, Fed. R. Civ. P. 25(B) provides as follows:

    (2)    **Disclosure of Expert Testimony.**

1

109215.1

> (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. <u>The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions;</u>
>
> . . . .

Under this Rule, the report was to contain a complete statement of the expert's opinions and the basis and reasons therefore. The plaintiff appears to be saying that there was noncompliance with this Rule given that she is saying defendant Kelly should have deposed Rosenfeld to obtain his full opinion. Plaintiff appears to be further saying that noncompliance with Rule 26 is acceptable. This argument is "nonsense." Plaintiff cannot now argue that Rosenfeld's disclosure does not embrace the substance of his opinions and require the Defendant to seek Rosenfeld's deposition to learn the full breadth of his opinion. That tactic contravenes Rule 26 and should not be countenanced by the Court. Rosenfeld's testimony, if allowed, should be limited to that which is disclosed.

Plaintiff argues that Rosenfeld's testimony is admissible because a violation of the Rules of Professional Conduct can be some evidence of negligence and cites <u>Fishman v. Brooks</u> for support. While a violation of the rules may be some evidence of negligence, the very case cited by Plaintiff held that expert testimony concerning the fact of an ethical violation is not admissible. See <u>Fishman v. Brooks</u>, 396 Mass. 643, 650 (1986)( "Expert testimony concerning the fact of an ethical violation is not

109215.1

appropriate...a judge can instruct the jury (or himself) concerning the requirements of ethical rules. The jurors need no expert on legal ethics to assess whether a disciplinary rule was violated. A jury would not be aided, and their function could be impinged upon, by expert testimony in such a circumstance.")

Plaintiff also argues that Rosenfeld's opinion does address the standard of care, but the brief opinion letter speaks for itself and Rosenfeld's opinions are indeed limited to alleged violations of the Rules of Professional conduct. He states:

> Based upon my analysis as set out above, it is my opinion that Kelly either misunderstood, misread, or negligently failed to comply with his responsibilities pursuant to the Massachusetts Rules of Professional Conduct 1.14 in seeking to have himself appointed the guardian for Helen Runge without consulting with her daughter, Dorothy Stanley, and was also in violation of Mass. R. Prof. C. 1.7(b) in paying his legal fees and those of Attorney Schiavone as the guardian of Helen Runge.

See Plaintiff's Expert Disclosure, Exhibit B to Defendant's Motion. As a result, the opinion is fatally defective.

Plaintiff curiously also argues that Rosenfeld's opinions and expected testimony is simply in rebuttal to Defendant Kelly's deposition testimony that he felt his actions were justified by the Rules of Professional Conduct. To the extent the breach of any ethical rules are implicated in this case, the court can simply instruct the jury about the ethical rules, and the jury can determine whether an ethical rule was violated. This is really no different than the Court instructing a jury on a statute that the defendant is alleged to have violated.

Assuming for argument's sake that Attorney Rosenfeld is allowed to testify, his testimony is still insufficient to meet Plaintiff's burden on the malpractice claims, and thus they must be dismissed. Plaintiff argues that expert testimony is not required because Defendant's alleged misconduct was "gross and obvious". Nothing could be

further from the truth. The facts and claims of this case are complicated, as exhibited by Plaintiff's lengthy Complaint, and are lodged by a Plaintiff who suffered paranoid delusions and who was certified as incompetent by Dr. Bloomingdale, a former defendant. Plaintiff has recently dismissed Defendant Bloomingdale without receiving any settlement from Dr. Bloomingdale.

Plaintiff also argues that expert testimony is not required as to all counts of Plaintiff's Complaint because Defendant Kelly was also acting as a Health Care Proxy and Power of Attorney, actions in which the standard is governed by contract and statute. This argument is baseless. Defendant Kelly is immune from liability for any actions as Helen Runge's Health Care Proxy. See M.G.L. c. 201D § 8. Moreover, Plaintiff has never alleged that Defendant breached any of the terms of the Power of Attorney appointment. Rather, Plaintiff alleges that Defendant breached his contract for "professional services" as her attorney. [See Amended Complaint, Count XII, ¶¶97-100, Exhibit A to Defendant's Motion]. To the extent that Plaintiff is arguing that Defendant breached a fiduciary duty created by the Power of Attorney, expert testimony would be required to establish whether Defendant Kelly breached that duty. Plaintiff cannot extricate Defendant Kelly from his role as an elder care attorney and ask the Court to view him as a lay person when analyzing his actions as a Power of Attorney for his elderly client. Elder law practices are not within the experience or knowledge of a jury and expert testimony is required.

Because Rosenfeld's testimony is inadmissible, and insufficient even if admitted, all of the Counts of Plaintiffs' Complaint against Kelly should be dismissed.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that this Honorable Court preclude Arnold Rosenfeld from testifying at trial of this matter and dismiss all claims against Defendant Kelly.

Respectfully submitted,

The Defendant, Walter J. Kelly,
By his attorneys,

*s/ Michele Carlucci*
George C. Rockas, BBO #544009
Michele Carlucci, BBO #655211
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
260 Franklin Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on February 11, 2008 I have served a copy of the foregoing by electronic filing.

*/s/ Michele Carlucci*
Michele Carlucci

# EXHIBIT #1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELEN A. RUNGE,  Plaintiff | : :  : No. 05-10849-RGS |
| v. | : (Judge Stearns) : |
| WALTER J. KELLY, et al.,  Defendants | : CIVIL ACTION : JURY TRIAL DEMANDED |

**PLAINTIFF HELEN RUNGE'S RESPONSE TO DEFENDANT
WALTER J. KELLY'S FIRST SET OF INTERROGATORIES**

Plaintiff Helen Runge hereby response to Defendant Walter J. Kelly's First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1. Runge objects to the Interrogatories to the extent that they impose a greater obligation than that required by Rules 26 and 33 of the Federal Rules of Civil Procedure. Runge will respond and assert objections consistent with its obligations under such rules and expressly declines to undertake any broader obligations.

2. Runge objects to the Interrogatories to the extent they exceed the scope of Rule 33 of the Federal Rules of Civil Procedure and seek information that must be sought instead through other Federal Rules of Civil Procedure.

3. Runge objects to the Interrogatories to the extent that they call for the disclosure of:

    (a) information developed, acquired or prepared in anticipation of litigation or which otherwise constitutes attorney work product;

    (b) mental impressions, conclusions, opinions or legal theories of legal counsel;

108901

    (c)    privileged attorney-client communications; or,

    (d)    information otherwise protected as privileged under state or federal statutory, constitutional or common law.

4.    Runge objects to the Interrogatories to the extent that they call for the disclosure of information already in the possession of Kelly.

5.    Runge objects to the Interrogatories to the extent that they are vague, overly broad, ambiguous, repetitive, and/or fail to identify the information sought with reasonable particularity.

6.    Runge objects to the Interrogatories to the extent that they seek information that is not relevant to the subject matter of this lawsuit, not reasonably calculated to lead to the discovery of admissible evidence or otherwise not subject to discovery.

7.    By responding to these Interrogatories, Runge does not concede the admissibility of any statement made herein.

8.    Runge reserves the right to supplement or amend her responses to the Interrogatories if further information becomes available.

## SPECIFIC RESPONSES AND OBJECTIONS

The General Objections set forth above apply to all individual numbered Requests, and Runge hereby incorporates each of those General Objections by reference into her responses to each of the individual Requests. Any additional objections stated in the following responses are expressly made in addition to, and not in lieu of, the General Objections and for the purpose of setting forth, where appropriate, Runge's specific position as to Kelly's Requests.

# ANSWERS

1. Please identify yourself fully, giving your full name, social security number and address.

Response:

> Helen Anne Runge
> 5 Stirrup Downs
> Columbus, NC 28722;
> Social Security No. 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.

2. Please state the name, business address, occupation and specialty of each person you expect may be called by you as an expert witness at the trial of this action, setting forth:

   a) the subject matter on which each person may be expected to testify;

   b) the substance of all facts upon which each person may be expected to testify;

   c) the contents of all facts about which each person may be expected to testify; and

   d) a summary of the grounds for each such opinion and the substance of all facts on which such opinions are based.

Response: It is premature for Runge to name any expert witnesses. Runge reserves the right to supplement this Response as discovery is deemed ongoing.

3. Please describe fully and in complete and itemized detail all injuries or damages that you claim you suffered as a result of Defendant's alleged conduct.

Response: Runge claims she has suffered emotional trauma and distress, including but not limited to depression, anxiety, and humiliation. Runge also claims she has suffered from not receiving proper medical care while residing at Sunbridge Nursing and Rehabilitation Center (Defendant "Sunbridge"), including but not limited to not receiving care necessary by a dentist, podiatrist, ophthalmologist,