IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOROTHY STANLEY, AS EXECUTRIX OF :
THE ESTATE OF HELEN A. RUNGE, :
      Plaintiff :
       :   No. 05-10849-RGS
v. :   (Judge Stearns)
       :
WALTER J. KELLY, et al., :   CIVIL ACTION
      Defendants :   JURY TRIAL
DEMANDED

**MEMORANDUM OF REASONS IN SUPPORT OF
MOTION FOR LEAVE OF COURT
TO DEPOSE GILBERT STANLEY**

Dorothy Stanley, Executrix of the Estate of Helen Runge ("Plaintiff"), by and through her counsel, respectfully submits this Memorandum of Reasons in Support of her Motion for Leave of Court to Depose Gilbert Stanley.

**I.    BACKGROUND**

Plaintiff maintains this action against Defendants Kelly and Sunbridge seeking to recover for physical, emotional and financial injuries. Defendant Bloomingdale was dismissed from the case by Stipulation of Dismissal executed by all parties and filed on January 30, 2008 (Document No. 126). Plaintiff now seeks to take a second deposition of Gilbert Stanley for use at trial.

123963

II.   REASONS WHY MOTION SHOULD BE GRANTED

Gilbert Stanley is the spouse of Dorothy Stanley and a key witness for Plaintiff.  Mr. Stanley resides in North Carolina, while the trial scheduled in this matter will occur in Boston, Massachusetts.  Mr. Stanley's health likely will prevent him from traveling to Boston for trial.  However, the parties have not stipulated to the taking of a second deposition of Mr. Stanley, who already has been deposed in this matter.

According to Fed.R.Civ.P. 30, "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):  (A) if the parties have not stipulated to the deposition and . . . (ii) the deponent has already been deposed in the case . . ."  Fed.R.Civ.P. 30(a)(2); *Boston Edison Co. v. United States*, 75 Fed.Cl. 557 (2007) (stating that Rule of the Court of Federal Claims 30(a)(2) parallels Fed.R.Civ.P. 30 and discussing that once leave of court is sought and the standards of Rule 26(b)(2) are satisfied, the court *shall* grant the moving party's request to take a second deposition) (emphasis added).  Pursuant to Fed.R.Civ.P. 26(b)(2), the Court has the discretion to alter the limits in the rules on the number of depositions.  The Court will limit the frequency or extent of discovery if (i) the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of

123963                                2

the case, the amount in controversy, the parties' resources, the importance of the issues at stake and the importance of discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C).

Mr. Stanley is a key witness for Plaintiff who has important first-hand knowledge on issues in this matter that is not duplicated by and cannot be obtained from any other witness at trial. When Mr. Stanley was deposed by Defendants in November 2006, Plaintiff anticipated, until recently, that Mr. Stanley would be available to testify at trial. Now, Mr. Stanley's health likely will prevent him from traveling to trial to testify. Mr. Stanley's pulmonary fibrosis has advanced to the point that he is required to be on continuous oxygen and has extreme difficulty ambulating because of his lack of strength. Further, Mr. Stanley is unable to provide his own activities of daily living.

Courts have recognized that "[l]eave to conduct a second deposition should ordinarily be granted; the burden is on the opposing party to demonstrate that [Rule 26(b)(2) is not satisfied]." *Boston Edison Co.*, 75 Fed.Cl. at 566 (citations omitted). Because Mr. Stanley likely will be unable to travel to testify at trial and the Court may grant leave to take a second deposition in accordance with Fed.R.Civ.P. 26, Plaintiff respectfully requests that this Court utilize its discretion under the Federal Rules of Civil Procedure and allow Mr. Stanley to be deposed a second time.

III. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her leave to depose Gilbert Stanley for the second time.

                              Respectfully submitted,

                              LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: June 2, 2008           By   /s/ Glenn R. Davis
                                         Glenn R. Davis
                                         1700 Bent Creek Boulevard, Suite 140
                                         Mechanicsburg, PA 17050
                                         (717) 620-2424
                                         gdavis@ldylaw.com
                                         *Pro Hac Vice*

                                         Blake J. Godbout, BBO #196380
                                         BLAKE J. GODBOUT & ASSOCIATES
                                         33 Broad Street, 11th Floor
                                         Boston, MA 02109
                                         (617) 523-6677
                                         blake@bjalaw.com

                                         Attorneys for Plaintiff, Dorothy Stanley,
                                         Executrix of the Estate of Helen A. Runge

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

>   Michele Carlucci
>   George S. Rockas
>   Wilson Elser Moskowitz Edelman & Dicker LLP
>   155 Federal Street
>   Boston, MA 02110
>   michele.carlucci@wilsonelser.com
>   george.rockas@wilsonelser.com
>
>   Michael Williams
>   Lawson & Weitzen, LLP
>   88 Black Falcon Avenue, Suite 145
>   Boston, MA 02210-1736
>   mwilliams@lawson-weitzen.com

Dated: June 2, 2008            By___/s/ Glenn R. Davis_____
                                    Glenn R. Davis

123963