UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

No. 05-10849RGS

DOROTHY STANLEY, EXECUTRIX OF THE
ESTATE OF HELEN A. RUNGE,
　　　　　　　　　　　　Plaintiff

v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
　　　　　　　　　　　　Defendants

**DEFENDANT WALTER J. KELLY'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO DEPOSE GILBERT STANLEY**

　　　　NOW COMES the Defendant, Walter J. Kelly, and opposes Plaintiff's motion for leave of court to depose Gilbert Stanley for a second time, as it is unnecessary, duplicative and highly burdensome.  Should this Court grant leave to the Plaintiff to depose Gilbert Stanley, that deposition should <u>not</u> be videotaped as Defendants would be greatly prejudiced should this videotape be presented to the jury.  As grounds in support of this opposition, the Defendant states:

　　　　1.　　Leave of court to depose a previously deposed witness, shall only "…be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2).  Rule 26(b)(2) provides that discovery "…shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed

120981.1

discovery outweighs its likely benefit…" Fed. R. Civ. P. 26(b)(2). In this case, all three grounds to limit discovery exist, and therefore the Plaintiff's motion should be denied.

2. While Plaintiff argues that Gilbert Stanley is a co-executor of the Estate of Helen Runge, he is not a party to this matter. Mr. Stanley's wife and Helen Runge's daughter, Dorothy Stanley, is the Executrix of the Estate of Helen Runge and the Plaintiff in this matter. Plaintiff has not claimed that Dorothy Stanley is unavailable for trial, and the testimony sought from Gilbert Stanley is equally obtainable from his wife, Dorothy Stanley. Mr. and Mrs. Stanley traveled from North Carolina together to visit Helen Runge and both were present when she was removed from co-defendant's facility, Sunbridge nursing home. Moreover, Dorothy Stanley is the one who had contact with Runge's care providers, not Gilbert Stanley.

3. Mr. Stanley has already been deposed in the North Carolina for over a day. The Defendants will be unjustly burdened if they are required, on the eve of trial, to take the time and to incur the expense of travel to North Carolina to attend a second deposition of Gilbert Stanley. The Defendants should not bear the burden and expense of Plaintiff's counsel's failure to cross examine Mr. Stanley at his first deposition, particularly when one considers that Mr. Stanley at all times has been a resident of North Carolina and is not a party to this action, and therefore his attendance at trial was never set in stone. Indeed, that is a reason his deposition was conducted in North Carolina in the first instance.

4. Trial for this matter is currently scheduled for June 23, 20008. Moreover, Plaintiff was aware of Mr. Stanley's deteriorating health as early as March 31, 2008, as the prior trial date of April 14, 2008 was continued at Plaintiff's request due to Mr.

120981.1

Stanley's health. [See Docket Paper #134, 135 – Plaintiff's Motion for Postponement of Trial]. However, at Defendants' expense Plaintiff waited until now to seek leave.

5. Defendants will also be highly prejudiced if Plaintiff is granted leave to videotape the deposition of Gilbert Stanley. By Plaintiff's own statements in the subject motion, Mr. Stanley is gravely ill and is required to be on continuous oxygen and is unable to provide for his activities of daily living. Presenting a videotape of Mr. Stanley in this condition to the jury in the trial of this matter would greatly prejudice the Defendants, and would not be admissible at trial. See Fed. R. Evid. 403.

6. Because of the cost and burden forced upon the Defendants in compelling them to attend a deposition on the eve of trial in North Carolina for a second time, together with the lack of necessity and the prejudicial effect of the video, the Plaintiff's motion should be denied.

WHEREFORE, the Defendant, Walter Kelly, respectfully requests that this Honorable Court deny Plaintiff's motion for leave to depose Gilbert Stanley for a second time. Should this Court grant leave to take Mr. Stanley's deposition, it should not allow a videotape deposition.

Dated: June 3, 2008

Respectfully submitted,

The Defendant,
Walter J. Kelly,
By his attorneys,

*s/ Michele Carlucci*
George C. Rockas, BBO #544009
Michele Carlucci, BBO #655211
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER  LLP
260 Franklin Street
Boston, MA 02110
(617) 422-5300

120981.1

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on June 3, 2008, I have served a copy of the foregoing by electronic filing.

>                              */s/ Michele Carlucci*
>                                Michele Carlucci

120981.1