IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOROTHY STANLEY, AS EXECUTRIX OF THE ESTATE OF HELEN A. RUNGE, Plaintiff | : : : |
| v. | : No. 05-10849-RGS : (Judge Stearns) : |
| WALTER J. KELLY, et al., Defendants | : CIVIL ACTION : JURY TRIAL DEMANDED |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE OF COURT
TO DEPOSE GILBERT STANLEY**

Dorothy Stanley, Executrix of the Estate of Helen Runge ("Plaintiff"), by and through her counsel, respectfully submits this Supplemental Memorandum in Support of her Motion for Leave of Court to Depose Gilbert Stanley.

I.   **BACKGROUND**

Plaintiff filed her Motion for Leave of Court to Depose Gilbert Stanley on June 2, 2008, seeking this Court's permission to depose Mr. Stanley a second time due to his likely inability to attend and testify at trial. Neither Defendant Sunbridge nor Defendant Kelly concurred in this Motion. Both Defendant Kelly and Defendant Sunbridge filed Oppositions to Plaintiff's Motion on June 3, 2008. By Order dated June 5, 2008, this Honorable Court directed Plaintiff to supplement her supporting brief by informing the Court of the reasons that Mr. Stanley's testimony is necessary and unobtainable from another more convenient source. Mr. Stanley is a key witness

124190

for Plaintiff who has important first-hand knowledge on issues in this matter that cannot be duplicated or obtained from any other witness at trial, as set forth below.

## II.     REASONS THAT GILBERT STANLEY'S TESTIMONY IS NECESSARY AND UNOBTAINABLE FROM ANOTHER SOURCE

Mr. Stanley became Mrs. Runge's power of attorney prior to Mrs. Runge's departure from Sunbridge. Mr. Stanley, by virtue of the power of attorney, monitored and handled financial matters for Mrs. Runge immediately following her departure from Sunbridge and the termination of her power of attorney held by Kelly. Such matters include but are not limited to Mr. Stanley's observations of Kelly's improper actions regarding Mrs. Runge's finances and Mr. Stanley's attempts to reverse Kelly's improper use of Mrs. Runge's assets. Only Mr. Stanley is able to testify in the capacity of Mrs. Runge's power of attorney to the financial destruction wrought by Kelly and his abuse of Mrs. Runge's assets, which testimony cannot be duplicated or obtained from any other witness at trial. This evidence goes directly to Plaintiff's claims of negligence, breach of contract, emotional distress, breach of fiduciary duty and unfair or deceptive act or practice.

On April 30, 2003, Mr. Stanley had conversations with Ellen Richwine and other Sunbridge staff outside of the facility regarding Mrs. Runge leaving, both before and after Mrs. Runge came out of the facility. *See* Exhibit B, Depo. of Gilbert Stanley, Vol. 1, p. 171, line 3 – p. 172, line 16 to Opposition of Defendant Sunbridge of Plaintiff's Motion for Leave of Court to Depose Gilbert Stanley. These conversations and Mr. Stanley's observations of Sunbridge's staff's actions are demonstrative of

Defendant Sunbridge's intent in retaining Mrs. Runge in the facility, which evidence goes directly to Plaintiff's claims of false imprisonment, negligence, emotional distress, breach of fiduciary duty and breach of contract. No one, other than Sunbridge staff, participated in these conversations with Mr. Stanley and, therefore, Mr. Stanley's testimony cannot be duplicated or obtained from any other witness at trial.

Finally, in its Opposition to Plaintiff's Motion for Leave of Court to Depose Gilbert Stanley, Defendant Sunbridge argues that Plaintiff's counsel conducted a cross examination of Gilbert Stanley and, therefore, should not be allowed to depose Mr. Stanley a second time. Although Plaintiff's counsel did ask Mr. Stanley questions, the examination was clearly in the nature of follow-up to the previous examinations of Mr. Stanley by defense counsel. *See* Exhibit A, Depo. of Gilbert Stanley, Vol. 2, p. 4, line 1 – p. 23, line 3, to Opposition of Defendant Sunbridge to Plaintiff's Motion for Leave of Court to Depose Gilbert Stanley. As previously stated, Mr. Stanley is a key witness for Plaintiff and, when Mr. Stanley was deposed in November 2006, Plaintiff anticipated that Mr. Stanley would be available to testify at trial. Accordingly, Plaintiff understandably did not pursue a complete examination of Mr. Stanley at that time, as Plaintiff did not expect the deposition testimony to be used at trial.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her leave to depose Gilbert Stanley for the second time.

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: June 10, 2008     By     /s/ Glenn R. Davis
                                Glenn R. Davis
                                1700 Bent Creek Boulevard, Suite 140
                                Mechanicsburg, PA 17050
                                (717) 620-2424
                                gdavis@ldylaw.com
                                *Pro Hac Vice*

                                Blake J. Godbout, BBO #196380
                                BLAKE J. GODBOUT & ASSOCIATES
                                33 Broad Street, 11th Floor
                                Boston, MA 02109
                                (617) 523-6677
                                blake@bjalaw.com

                                Attorneys for Plaintiff, Dorothy Stanley, Executrix of the Estate of Helen A. Runge

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

    Michele Carlucci
    George S. Rockas
    Wilson Elser Moskowitz Edelman & Dicker LLP
    155 Federal Street
    Boston, MA 02110
    michele.carlucci@wilsonelser.com
    george.rockas@wilsonelser.com

    Michael Williams
    Lawson & Weitzen, LLP
    88 Black Falcon Avenue, Suite 145
    Boston, MA 02210-1736
    mwilliams@lawson-weitzen.com

Dated: June 10, 2008        By   /s/ Glenn R. Davis
                                            Glenn R. Davis

124190