UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOROTHY STANLEY, as Executrix of the
ESTATE of HELEN RUNGE,

     *Plaintiff,*

*v.*

WALTER J.  KELLEY; KERRY L.
BLOOMINGDALE, M.D.; and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,

     *Defendants.*

Civil Action No. 05-10849-RGS

### DEFENDANT SUNBRIDGE'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HER MOTION FOR LEAVE OF COURT TO DEPOSE GILBERT STANLEY

Defendant SunBridge requests leave of the Court to file the attached *(Proposed) Response of Defendant SunBridge to Plaintiff's Supplemental Memorandum In Support of Her Motion for Leave of Court to Depose Gilbert Stanley*.  As grounds for this request, SunBridge notes that the Plaintiff has raised new arguments in her supplemental memorandum that were not contained in her original motion seeking leave to take a second deposition of Gilbert Stanley. Therefore, Defendant SunBridge has not yet had the opportunity to address these new arguments.

**Wherefore,** Defendant SunBridge request leave of this Honorable Court to file its brief response to Plaintiff's supplemental memorandum.

Respectfully submitted,

**Mediplex of Massachusetts, Inc. d/b/a
SunBridge Care and Rehabilitation for
Randolph**

by its attorneys,

_____/s/ Michael Williams_____
K. Scott Griggs    (BBO# 555988)
Michael Williams (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987
MWilliams@Lawson-Weitzen.com

**CERTIFICATE OF SERVICE**

I hereby certify that this Document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 11, 2008.

_____/s/ Michael Williams_____

**LOCAL RULE 7.1 CERTIFICATION**

I, Michael Williams, hereby certify that, pursuant to LOCAL RULE 7.1(A)(2), I conferred with counsel for the plaintiff, Helen Runge, on June 12, 2008 in a good-faith effort to resolve this motion and counsel for the Plaintiff refused her assent to the filing of this request.

Dated: June 11, 2008    _____/s/  Michael Williams_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOROTHY STANLEY, as Executrix of the
ESTATE of HELEN RUNGE,

     *Plaintiff,*

*v.*

WALTER J.  KELLEY; KERRY L.
BLOOMINGDALE, M.D.; and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,

     *Defendants.*

Civil Action No. 05-10849-RGS

**(Proposed) RESPONSE OF DEFENDANT SUNBRIDGE TO
PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
HER MOTION FOR LEAVE OF COURT TO DEPOSE GILBERT STANLEY**

In her strained effort to justify imposing the expense of a second out-of-state deposition on the Defendants, the Plaintiff can only point to two issues about which Gilbert Stanley's testimony is purportedly necessary and unique.

The Plaintiff first points to Gilbert Stanley's position as Helen Runge's power of attorney following her removal to North Carolina.  The Plaintiff asserts that Gilbert Stanley's "observations" of Walter Kelly's actions regarding Helen Runge's finances constitute testimony that is only available through him.  Since, during this time period, Walter Kelly was in Massachusetts and Gilbert Stanley was in North Carolina, Gilbert Stanley's "observations" of Walter Kelley actions could only be based on documents Gilbert Stanley has read or discussions he had with others.  Gilbert Stanley has no personal knowledge of the events occurring in Massachusetts other than the two-and-half days he was in Massachusetts in April of 2003.  It should also be noted that at no point during this time period did Gilbert Stanley have any

discussion with Defendant Walter Kelly. *Depo of Gilbert Stanley, Vol. 1*, page 149, line 25 - page 150, line 8 (Q  This is [April] 30th [2003]?   A  It's -- that's the 30th, because I waited a long time out in the parking lot.   Q  Had you given any consideration to driving over to Mr. Kelly's office to talk to him about this that morning?   A  No.  I was finished with Mr. Kelly. Mr. Kelly and I were not going to have any productive conversations anymore.")

As with her original motion, the Plaintiff's supplemental memorandum fails to identify any observation made by Gilbert Stanley related to the handling of Helen Runge's finances following her removal to North Carolina about which Gilbert Stanley could give admissible testimony that is not available from other sources.  Instead, the Plaintiff relies on Gilbert Stanley's title as Power of Attorney to suggest that he has some unidentified relevant information about which Helen Runge's daughter and Health Care proxy, Dorothy Stanley, cannot testify or that could not be addressed through the documents which Gilbert Stanley reviewed.  This is not enough to justify the considerable expense the Plaintiff belatedly seeks to impose of the Defendants.

The Plaintiff next points to the transcript from the first deposition of Gilbert Stanley which reflects the only conversation relevant to this litigation to which Gilbert Stanley was a participant without his wife, Plaintiff Dorothy Stanley also being present.  This was a brief shouting match between Gilbert Stanley and SunBridge staff members Ellen Richwine, Al Wilkins and Primus Chalon.

> Q    Did you yourself have any conversation with anybody at Sunbridge on April 30, 2003?
>
> A    Yes.
>
> Q    Who was that?
>
> A    Ellen Redwine, the escort that they sent down to bodyguard her at the front door, a couple of the orderlies.

Q    Did all of those discussions take place outdoors, outside of the facility?

A    Yes, they did.

Q    So your wife was the only one that went inside and talked to anybody?

A    Yes.

Q    What was the nature of your discussion with Ellen?  What did you say to her, what did she say to you, the best you can remember?

A    She came out screeching like a banshee that she had a power of -- or a healthcare proxy, I couldn't take her, and my sole discussion with her was, "I have a healthcare proxy and she's going with me."

Q    **Is that it for your discussion with Ellen?**

A    **With Ellen, it was, yes.**

Q    How about with the escort?  What was the discussion with the escort?

A    The escort -- I told the escort that we were taking Helen, that we thought she was being held prisoner illegally, and she was leaving.

Q    What about with the orderlies?

A    The orderly that went to grab Helen, I stepped in between Helen and the orderly and told him, "Don't touch her," and the orderly backed off and said okay. The other orderly that stood in front of the car, he -- excuse me -- he shouted out, "You don't intimidate me."  I said, "I don't mean to.  But you don't intimidate me either.  So I just want to get out of here."  **That was the sum total of the discussions with the people outside**.

Q    Some of those orderlies were standing in front and behind your vehicle; correct?

A    There was some guy standing behind the vehicle that they said was the new director of Sunbridge.  He had just go there that day, okay, poor guy.  He -- there was an orderly standing in front of the vehicle, because Ellen Redwine told them to.

Q    At some point, you started to drive off; correct?

A    Yeah.  He -- I got in the car and, you know, this wasn't a fight, okay.  It wasn't somewhere where everybody was hollering at one another.  This guy, he obviously wasn't very enthusiastic about this whole deal.  So he just stepped away from the front of the car. He didn't -- you know, he didn't do what Ellen Redwine asked him to do.  When we did that, I started the car and I left.

Q    Did he step away before or after you started to move?

A    He stepped away well before I started to move.  I'm not running anybody down, even for Helen.

**Exhibit B** to SunBridge's Opposition to Plaintiff Motion for Leave to Take Second Deposition of Gilbert Stanley (Docket Entry #144-3) **–** *Depo of Gilbert Stanley, Vol. 1*, page 171, line 3 - page 173, line 14 (emphasis added).

The above passage establishes two points concerning this discussion:  First, if this is one of two topics Gilbert Stanley's testimony will address, he isn't a very relevant witness.  Second, the Plaintiff already has deposition testimony from Gilbert Stanley describing these conversations in full.  Eliciting further testimony regarding these brief discussions does not justify a video tape deposition in North Carolina on the eve of trial.

Respectfully submitted,

**Mediplex of Massachusetts, Inc. d/b/a SunBridge Care and Rehabilitation for Randolph**

by its attorneys,

    /s/ Michael Williams
K. Scott Griggs    (BBO# 555988)
Michael Williams (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987
MWilliams@Lawson-Weitzen.com

**CERTIFICATE OF SERVICE**

I hereby certify that this Document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 11, 2008.

    /s/ Michael Williams