UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOROTHY STANLEY, as Executrix of the
ESTATE of HELEN RUNGE,

    *Plaintiff,*

v.

WALTER J. KELLEY; KERRY L.
BLOOMINGDALE, M.D.; and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,

    *Defendants.*

Civil Action No. 05-10849-RGS

**MOTION IN LIMINE BY ALL DEFENDANTS TO EXCLUDE
STATEMENTS IN THE NATURE OF EXPERT OPINION FROM INDIVIDUALS
NOT PROPERLY DISCLOSED AS EXPERT WITNESSES**

The Plaintiff has included on her list of proposed exhibits three opinion letters prepared by experts for purposes of other litigation. The two doctors who prepared these opinion letters were not disclosed as experts by the Plaintiff in this matter. One of the doctors also appears on Plaintiffs witness list. The opinion letters and any testimony in the nature of expert opinions by these undisclosed experts should be precluded.

**I.    Statements at Issue**

    **A.    Opinion Letters**

The Plaintiff intends to offer three letters prepared by physicians who briefly examined Helen Runge for the purpose of rendering expert opinions for use with the probate court, which was addressing Helen Runge's competency and the Kelly guardianship. Through these letters, the Plaintiff seeks to introduce expert opinion evidence without meeting the disclosure and discovery requirements of Rule 26(a)(3).

1.      **May 12, 2003 Letter of Robert M. Palmer, MD.**

The Plaintiff has indicated that she intends to offer a letter written by Robert M. Palmer, MD, which states in full:

> Mrs. Helen Runge was presented to me on May 7, 2003 for a physical examination. The examination included full chemistry profile and CBC. Mrs. Runge is an 87 year old women recently arrived from Massachusetts.
>
> The examination showed the patient to be in excellent health and requiring no medication. She was alert and cognition appeared to be intact. She claimed to have been asked to take medications at a nursing home in Massachusetts that she did not think she needed and refused them. She expressed great pleasure at being with her daughter in Columbus, NC and relieved to be away from the Massachusetts facility.

See **Exhibit A** - May 12, 2003 Letter of Robert M. Palmer, MD (01081). This letter was addressed to Dorothy Stanley for purposes of the litigation of the probate matter. This letter was not related to the provision of medical care to Helen Runge by Dr. Palmer.

2.      **July 25, 2003 Letter of Robert M. Palmer, MD.**

In apparent recognition of the inadequacies of the May 12, 2003 letter, Dr. Palmer was asked to prepare a second opinion letter. In this second letter, also addressed to Dorothy Stanley, Dr. Palmer adds:

> I have been asked to give my opinion on whether Mrs. Runge is capable of deciding where she wants to live and if she has the judgment to release the attorney that she had as a healthcare proxy and power of attorney and appoint her daughter and son-in-law to perform those functions. In my opinion, she unquestionably has the mental capacity and judgment to make these decisions. She understands the decisions she has made and the impact on her life.

**Exhibit B** – July 25, 2003 Letter of Robert M. Palmer, MD (WK0086-WK0087).

3.      **May 30, 2003 Letter of B. Rhett Myers, MD.**

This brief handwritten note was prepared by Dr. Palmer's associate, Dr. Myers and is addressed to "To Whom It May Concern." Like the letters of Dr. Palmer, this appears to be a

statement of opinion that was mean to be presented others and was not prepared as part of the provision of healthcare to Helen Runge.

      **B.**     **Testimony of Robert M. Palmer, MD.**

Rule 701 of the Federal Rule of Evidence was amended in 2000 to address the problem of litigants evading the expert disclosure requirements of Rule 26(a)(3) of the Federal Rule of Civil Procedure by putting on expert testimony through witnesses called as "lay" witnesses. Rule 701 now reads:

> If the witness is not testifying as an expert, the witness testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and *(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702*."

Fed.R.Evid. 701 (emphasis added). The official commentary concerning the 2000 amendment notes:

> Rule 701 has been amended to eliminate the risk that the reliability requirement set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26 and Fed.R.Crim. 16 by simply calling an expert witness in the guise of a layperson.
> 
> ∗∗∗
> 
> The amendment makes clear that any part of a witnesses' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of 702 is governed by the standards of Rule 702 and corresponding disclosure requirements of the Civil and Criminal Rules.

Official Comments to Fed.R.Evid. 701 (internal citations omitted).

Any opinion testimony of Dr. Palmer would squarely fall within the purview of Rule 702 as based upon scientific, technical, or other specialized knowledge and, therefore, should have been

3

subject to the automatic expert discovery of Rule 26(a)(3). The defendants should be precluded from seeking expert testimony from this witness who not included in their Rule 26(a)(3) disclosures.

## II.     Conclusion

This Court should preclude the Plaintiff from offering the opinion letters of Drs. Palmer and Myers. The Plaintiff should be further precluded from eliciting any testimony in the nature of expert opinions from Dr. Palmer.

Respectfully submitted,

**Mediplex of Massachusetts, Inc. d/b/a SunBridge Care and Rehabilitation for Randolph**

by its attorneys,

   /s/ Michael Williams
K. Scott Griggs  (BBO# 555988)
Michael Williams  (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987
MWilliams@Lawson-Weitzen.com

**Walter J. Kelly,**

by his attorneys,

   /s/ George C. Rockas
George C. Rockas, BBO #544009
Michele Carlucci, BBO #655211
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
260 Franklin Street
Boston, MA 02110
(617) 422-5300

**CERTIFICATE OF SERVICE**

I hereby certify that this Document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 13, 2008.

   /s/ Michael Williams

# Tryon Medical Group, P.A.
### 25 Shields Drive
### Tryon, NC 28782

May 12, 2003

Dorothy H. Stanley
5 Stirrup Downs
Columbus, NC 28722

    Mrs. Helen Runge was presented to me on May 7, 2003 for a physical examination. The examination included a full chemistry profile and a CBC. Mrs. Runge is an 87 year old woman recently arrived from Massachusetts.

    The examination showed the patient to be in excellent health and requiring no medication. She was alert and cognition appeared to be intact. She claimed to have been asked to take medications at a nursing home in Massachusetts that she did not think she needed and refused them. She expressed great pleasure at being with her daughter in Columbus, NC and relieved to be away from the Massachusetts facility.

Robert M. Palmer, MD



# Tryon Medical Group, P.A.
25 Shields Drive
Tryon, NC 28782

Dorothy H. Stanley
5 Stirrup Downs
Columbus, NC 28722

July 25, 2003

Dear Mrs. Stanley,

Mrs. Helen Runge was presented to me on May 7, 2003 for a physical examination. The examination included a full chemistry profile and a CBC. Mrs. Runge is an 87 year old woman recently arrived from Massachusetts. The examination showed the patient to be in excellent health and requiring no medication. She was alert and cognition was intact. She claimed to have been asked to take medications at a nursing home in Massachusetts that she did not think she needed and refused them. I prescribed no medication as none was indicated. I recommended that Mrs. Runge be examined by a geriatric psychiatrist to confirm my findings. Doctor B. Rhett Myers, a board certified psychiatrist evaluated Mrs. Runge. He confirmed my findings that Mrs. Runge is competent and able to make her own decisions.

I again examined Mrs. Runge on July 25, 2003. She had been to the Audiologist and had a new hearing aid. Her feet had been taken care of by a podiatrist. Her eye is under treatment by an ophthalmologist and her skin lesions have been evaluated by a dermatologist. In my opinion she is now receiving all the specialized health care she requires. She has adjusted well to her new surroundings and she obviously is happy to be with her family. Mrs. Runge is fairing very well without any medication and I prescribed none.

I have been asked to give my opinion on whether Mrs. Runge is capable of deciding where she wants to live and if she has the judgment to release the attorney that she had as a healthcare proxy and power of



WK 0086

attorney and appoint her daughter and son-in-law to perform those functions. In my opinion, she unquestionably has the mental capacity and judgment to make these decisions. She understands the decisions she has made and the impact on her life.

I am familiar with the requirements for guardianship in North Carolina for mentally incompetent patients and Mrs. Runge demonstrates a level of competency as to make a guardian completely unnecessary. She is an 87 year old lady and needs some physical assistance with her day-to-day life but has the capacity to decide what she does or doesn't need.

*Robert M. Palmer*

Robert M. Palmer, MD

WK 00 WK0087

# Upstate Psychiatry, P.A.

B. Rhett Myers, M.D.
Board Certified in Psychiatry
Board Certified in Addiction

Mario E. Galvarino, M.D.
Board Certified in Psychiatry

Frank B. Miller, M.D.
Board Certified in Psychiatry
Board Certified in Child Adolescent

Millard C. Troll, M.D.
Board Certified in Psychiatry

DATE: 5/30/05

PATIENT: Helen Runge

SSN: 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

DOB: 8/3/15

To Whom It May Concern:

Helen Runge has been under my care for the following: Psychiatric evaluation of mental competency on 5/30/05.

Remarks: Mentally competent and able to make decisions about financial affairs. Further psychiatric treatment is not indicated at this time.

Sincerely,

B. Myers d/o ws

B. Rhett Myers, MD
Frank B. Miller, MD
Millard C. Troll, MD
Mario Galvarino, MD

All Psychiatric Services – Adult, Child, Geriatric
15 South Main St, Suite 502
Greenville, SC 29601
864-370-1700  1-800-297-PSYC (7792)
FAX 864-370-0904



WK 0083