IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOROTHY STANLEY, AS EXECUTRIX OF : | |
| THE ESTATE OF HELEN A. RUNGE, : | |
|     Plaintiff : | |
| : | No. 05-10849-RGS |
| v. : | (Judge Stearns) |
| : | |
| WALTER J. KELLY, et al. : | CIVIL ACTION |
|     Defendants : | JURY TRIAL DEMANDED |

## MEMORANDUM OF REASONS IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE OPINION AND TESTIMONY OF ELIZABETH GAUFBERG

Dorothy Stanley, Executrix of the Estate of Helen Runge ("Plaintiff"), by and through her counsel, respectfully submits this Memorandum of Reasons in Support of her Motion in Limine to Preclude Opinion and Testimony of Elizabeth Gaufberg.

I.     BACKGROUND

Plaintiff maintains this action against Defendants Kelly and Sunbridge seeking to recover for physical, emotional and financial injuries. Defendant Bloomingdale was dismissed from the case by Stipulation of Dismissal executed by all parties and filed on January 30, 2008 (Document No. 126). Plaintiff seeks to preclude opinion and testimonial evidence of Elizabeth Gaufberg, MD, MPH ("Gaufberg"), who Defendant Bloomingdale retained and identified as an expert witness on his behalf by

121480

correspondence dated August 21, 2007. Plaintiff respectfully requests that this Honorable Court grant the instant Motion for the following reasons.

## II.   REASONS WHY MOTION SHOULD BE GRANTED

The Federal Rules of Evidence state that evidence which is not relevant is not admissible. Fed. R. Evid. 402. Even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Fed. R. Evid. 403. Plaintiff submits that Gaufberg's opinion and testimony is not relevant to this matter and, to the extent that this evidence may have probative value, any value is substantially outweighed by prejudice to Plaintiff, the confusion of issues and the evidence misleading the jury.

Gaufberg's opinion focuses solely on Defendant Bloomingdale's actions in relation to Plaintiff and does not in any way address Defendant Kelly's or Defendant Sunbridge's actions. *See* Exhibit A attached to the instant Motion. In light of Defendant Bloomingdale's dismissal, the legal propriety of his actions or conduct relative to Runge is no longer a relevant issue in this case. Accordingly, Gaufberg's opinion and testimony are not relevant to the remaining issues and, therefore, her testimony should be excluded from the trial in this matter.

*Assuming arguendo* that Gaufberg's opinion and testimony are viewed as relevant, such evidence is still inadmissible because it would create unfair prejudice and confusion of the issues. Because Defendant Bloomingdale is no longer a party to the action, the presentation of Gaufberg's testimony and/or opinion, which only addresses Defendant Bloomingdale's actions, will prejudice Plaintiff in her presentation of claims

121480                                                    2

against Defendants Sunbridge and Kelly. Also, the presentation of Gaufberg's opinion and/or testimony about Defendant Bloomingdale will confuse and mislead the jury regarding the actual remaining issues against Defendants Sunbridge and Kelly by focusing on propriety of conduct not at issue. Accordingly, even if Gaufberg's opinion and testimony are found to be relevant, the evidence is inadmissible based on the confusion of the issues, misleading of the jury and prejudice to Plaintiff that its presentation will cause.

Although Defendant Kelly advised in correspondence dated September 10, 2007 that he intends to call Gaufberg as an expert witness, his disclosure was untimely and therefore invalid. Defendant Kelly's September 10, 2007 disclosure was made well after the deadline for Defendant Kelly's expert disclosures, which was set as February 12, 2007 by the Court's Discovery Schedule (Document No. 39). Pursuant to Court Order entered February 9, 2007, Defendant Kelly was granted permission to disclose experts as to Plaintiff's claims *against Defendants Sunbridge and Bloomingdale* until April 1, 2007, per Defendant Kelly's request (Document No. 83) (emphasis added). Defendant Kelly did not again request an extension of time in which to disclose experts related to claims against Defendants Sunbridge and Bloomingdale. Defendant Kelly should not be permitted to present Gaufberg's opinion and/or testimony as evidence at trial in this matter because Defendant Kelly's disclosure of Gaufberg as an expert witness was untimely. Defendant Sunbridge wholly failed to identify Gaufberg as an expert witness, untimely or not. Accordingly, Defendant Sunbridge also should be precluded

from introducing Gaufberg's opinion and/or testimony as evidence at trial in this matter.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion in Limine to Preclude Opinion and Testimony of Elizabeth Gaufberg.

                      Respectfully submitted,

                      LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: June 15, 2008         By   /s/ Glenn R. Davis
                      Glenn R. Davis
                      1700 Bent Creek Boulevard, Suite 140
                      Mechanicsburg, PA 17050
                      (717) 620-2424
                      gdavis@ldylaw.com
                      *Pro Hac Vice*

                      Blake J. Godbout, BBO #196380
                      BLAKE J. GODBOUT & ASSOCIATES
                      33 Broad Street, 11th Floor
                      Boston, MA 02109
                      (617) 523-6677
                      blake@bjalaw.com

                      Attorneys for Plaintiff, Helen A. Runge

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

>Michele Carlucci
>George S. Rockas
>Wilson Elser Moskowitz Edelman & Dicker LLP
>155 Federal Street
>Boston, MA 02110
>michele.carlucci@wilsonelser.com
>george.rockas@wilsonelser.com

>Michael Williams
>Lawson & Weitzen, LLP
>88 Black Falcon Avenue, Suite 145
>Boston, MA 02210-1736
>mwilliams@lawson-weitzen.com

Dated: June 15, 2008                By____/s/ Glenn R. Davis_____
                                            Glenn R. Davis

121480