IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOROTHY STANLEY, AS EXECUTRIX OF :
THE ESTATE OF HELEN A. RUNGE, :
      Plaintiff :
       :    No. 05-10849-RGS
v. :    (Judge Stearns)
       :
WALTER J. KELLY, et al. :    CIVIL ACTION
      Defendants :    JURY TRIAL DEMANDED

<u>PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE
TESTIMONY AND STATEMENTS OF VIVIAN JOHNSON,
GINA FORD, JOHN VANDENBURGH, ROSEMARIE CASS,
KATHY CROUCH/COUCHE, JAMES OKEYWEKE,
PRIMUS CHALON, ELLEN RICHWINE AND AL WILKINS</u>

AND NOW, COMES, Plaintiff, Dorothy Stanley, Executrix of the Estate of Helen A. Runge ("Plaintiff"), by and through her counsel, and requests that the testimony and statements of Vivian Johnson, Gina Ford, John Vandenburgh, Rosemarie Cass, Kathy Crouch/Couche, James Okeyweke, Primus Chalon, Ellen Richwine and Al Wilkins be precluded at trial in this matter:

    1.    Defendant Sunbridge withheld from its discovery responses to Plaintiff statements of 11 individuals[1] as stated in its Privilege Log dated November 21, 2006 and its Second Privilege Log dated June 1, 2007. *See* Privilege Logs attached as Exhibit A.

---

[1] As Defendant Sunbridge has permitted Seidler and Porazzo-Perry to be deposed and made no objection to their testimony, it is clear that such testimony must not be covered by the peer review statute and is no longer covered by the attorney-client privilege and work product doctrine.

121493

2. The statements were withheld from discovery as confidential information protected by Massachusetts's peer review statute and on the bases of the attorney-client privilege and work product doctrine.

3. The statements/testimony of the following nine individuals should be precluded: Vivian Johnson, Gina Ford, John Vandenburgh, Rosemarie Cass, Kathy Crouch/Couche, James Okeyweke, Primus Chalon, Ellen Richwine and Al Wilkins ("the nine individuals").

4. Plaintiff does not know whether the statements are relevant to the case because Defendant Sunbridge has never disclosed the statements.

5. Even if relevant, the presentation of the statements and testimony at trial of the nine individuals will prejudice Plaintiff and confuse the issues remaining in the case because of the unfair advantage Defendant Sunbridge would have in knowing the contents of the statements when they were not produced to Plaintiff.

6. The statements and testimony of the nine individuals may not now be presented at trial where their statements were withheld based on the attorney-client privilege and work product doctrine.

7. The nine individuals' statements and testimony may not now be presented at trial because Defendant Sunbridge has identified the nine individuals' statements as protected by the Massachusetts's peer review statue and, pursuant to that statute, their testimony is equally protected and inadmissible.

8. In support of the instant Motion, Plaintiff incorporates her Memorandum of Reasons In Support of Motion in Limine to Preclude Testimony and Statements of Vivian Johnson, Gina Ford, John Vandenburgh, Rosemarie Cass, Kathy Crouch/Couche, James Okeyweke, Primus Chalon, Ellen Richwine and Al Wilkins.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion in Limine to Preclude Testimony and Statements of Vivian Johnson, Gina Ford, John Vandenburgh, Rosemarie Cass, Kathy Crouch/Couche, James Okeyweke, Primus Chalon, Ellen Richwine and Al Wilkins.

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: June 15, 2008

By____/s/ Glenn R. Davis_____
Glenn R. Davis
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050
(717) 620-2424
gdavis@ldylaw.com
*Pro Hac Vice*

Blake J. Godbout, BBO #196380
BLAKE J. GODBOUT
& ASSOCIATES
33 Broad Street, 11th Floor
Boston, MA 02109
(617) 523-6677

Attorneys for Plaintiff, Dorothy Stanley,
Executrix of the Estate of Helen A. Runge

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

        Michele Carlucci
        George S. Rockas
        Wilson Elser Moskowitz Edelman & Dicker LLP
        155 Federal Street
        Boston, MA 02110
        michele.carlucci@wilsonelser.com
        george.rockas@wilsonelser.com

        Michael Williams
        Lawson & Weitzen, LLP
        88 Black Falcon Avenue, Suite 145
        Boston, MA 02210-1736
        mwilliams@lawson-weitzen.com

Dated: June 15, 2008        By   /s/ Glenn R. Davis
                                                                  Glenn R. Davis

121493

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HELEN RUNGE,

    *Plaintiff,*

v.

WALTER J. KELLEY; KERRY L. BLOOMINGDALE, M.D.; and SUNBRIDGE NURSING AND REHABILITATION CENTER,

    *Defendants.*

Civil Action No. 05-10849-RGS

## DEFENDANT SUNBRIDGE'S PRIVILEGE LOG

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant Mediplex of Massachusetts, Inc. d/b/a SunBridge Care and Rehabilitation for Randolph produces the following privilege log of reflecting documents responsive to discovery requests, but withheld based on a claim of privilege.

| DOCUMENT DESCRIPTION | PRIVILEGE |
| --- | --- |
| PRIV02525: list prepared by facility staff for counsel. | Attorney-client privilege and work product doctrine. |
| PRIV02526: Statement of Vivian Johnson. | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02527-28: 4/30/03 Statement of Gina Ford. | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02529: Statement of John Vandenburgh | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |

| | |
|---|---|
| PRIV02530: Statement of Rosemarie Cass | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02531: 4/30/03 Statement of Kathy Crouch | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02532: 4/30/03 Statement of James Okeywcke | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02533: 4/30/03 Statement of Primus Chalon | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV-02534-36: Statement of Ellen Richwine | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02537: Statement of Farrah Seidler | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02538-39: 4/30/03 Statement of Al Wilkins | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02540: Statement of Sandy Parazzo | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02541: 5/1/03 Statement of Sandy Parazzo | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02542-45: Communications with law department | Attorney-client privilege and work product doctrine. |

Respectfully submitted,

**Mediplex of Massachusetts, Inc. d/b/a SunBridge Care and Rehabilitation for Randolph**

by its attorneys,

*/s/ Michael Williams/*

K. Scott Griggs (BBO# 555988)
Michael Williams (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987
MWilliams@Lawson-Weitzen.com

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorneys of record for each party by First Class Mail.

Dated: November 21, 2006

*/s/ Michael Williams/*

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HELEN RUNGE,

    *Plaintiff,*

v.

WALTER J. KELLEY; KERRY L. BLOOMINGDALE, M.D.; and SUNBRIDGE NURSING AND REHABILITATION CENTER,

    *Defendants.*

Civil Action No. 05-10849-RGS

### DEFENDANT SUNBRIDGE'S SECOND PRIVILEGE LOG

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant Mediplex of Massachusetts, Inc. d/b/a SunBridge Care and Rehabilitation for Randolph produces the following privilege log of reflecting documents responsive to discovery requests, but withheld based on a claim of privilege.

| DOCUMENT DESCRIPTION | PRIVILEGE |
| --- | --- |
| PRIV02525: list prepared by facility staff for counsel. | Attorney-client privilege and work product doctrine. |
| PRIV02526: Statement of Vivian Johnson. | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02527-28: 4/30/03 Statement of Gina Ford. | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02529: Statement of John Vandenburgh | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |

| | |
|---|---|
| PRIV02530: Statement of Rosemarie Cass | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02531: 4/30/03 Statement of Kathy Crouch | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02532: 4/30/03 Statement of James Okeyweke | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02533: 4/30/03 Statement of Primus Chalon | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV-02534-36: Statement of Ellen Richwine | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02537: Statement of Farrah Seidler | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02538-39: 4/30/03 Statement of Al Wilkins | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02540: Statement of Sandy Parazzo | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02541: 5/1/03 Statement of Sandy Parazzo | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV02542-45: Communications with law department | Attorney-client privilege and work product doctrine. |
| PRIV04367: list prepared by facility staff for counsel (duplicate) | Attorney-client privilege and work product doctrine. |
| PRIV04368: Statement of Vivian Johnson (duplicate) | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |

2

| | |
|---|---|
| PRIV04369-4370: Statement of Gina Ford dated 4/30/03 (duplicate) | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV04371: Statement of John Vandenburgh (duplicate) | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV04.72: Statement of Rosemarie Cass (duplicate) | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV04373: Statement of Kathy Crouch dated 4/30/03 (duplicate) | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV04374: Statement of James Okeyweke dated 4/30/03 (duplicate) | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV04375: Statement of Primus Chalon dated 4/30/03 (duplicate) | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV04376-4378: Statement of Ellen Richwine (duplicate) | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV04379: Statement of Farrah Seidler (duplicate) | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV04380-4381: Statement of Al Wilkins dated 4/30/03 (duplicate) | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV04382: Statement of Sandy Parazzo (duplicate) | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |
| PRIV04383: Statement of Sandy Parazzo dated 5/1/03 (duplicate) | Confidential information protected by the medical peer review statute, G.L. c. §§204 and 205. Attorney-client privilege and work product doctrine. |

Respectfully submitted,

**Mediplex of Massachusetts, Inc. d/b/a SunBridge Care and Rehabilitation for Randolph**

by its attorneys,

*/s/ Michael Williams/*

K. Scott Griggs　(BBO# 555988)
Michael Williams (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987
MWilliams@Lawson-Weitzen.com

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorneys of record for each party by First Class Mail.

Dated: June 1, 2007

*/s/ Michael Williams/*

4