IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOROTHY STANLEY, AS EXECUTRIX OF : <br> THE ESTATE OF HELEN A. RUNGE, : <br>     Plaintiff : <br>                                : <br> v.                               : <br>                                : <br> WALTER J. KELLY, et al.         : <br>     Defendants             : | No. 05-10849-RGS <br> (Judge Stearns) <br><br> CIVIL ACTION <br> JURY TRIAL DEMANDED |

<u>MEMORANDUM OF REASONS IN SUPPORT OF
MOTION IN LIMINE TO PRECLUDE
TESTIMONY AND STATEMENTS OF VIVIAN JOHNSON,
GINA FORD, JOHN VANDENBURGH, ROSEMARIE CASS,
KATHY CROUCH/COUCHE, JAMES OKEYWEKE,
PRIMUS CHALON, ELLEN RICHWINE AND AL WILKINS</u>

Dorothy Stanley, Executrix of the Estate of Helen Runge ("Plaintiff"), by and through her counsel, respectfully submits this Memorandum of Reasons in Support of her Motion in Limine to Preclude Testimony and Statements of Vivian Johnson, Gina Ford, John Vandenburgh, Rosemarie Cass, Kathy Crouch/Couche, James Okeyweke, Primus Chalon, Ellen Richwine and Al Wilkins.

I.     **BACKGROUND**

Plaintiff maintains this action against Defendants Kelly and Sunbridge seeking to recover for physical, emotional and financial injuries. Defendant Bloomingdale was dismissed from the case by Stipulation of Dismissal executed by all parties and filed on January 30, 2008 (Document No. 126). Plaintiff seeks to preclude the testimony and statements of Vivian Johnson, Gina Ford, John Vandenburgh, Rosemarie Cass, Kathy Crouch/Couche, James Okeyweke, Primus Chalon, Ellen Richwine and Al Wilkins.

121492

Plaintiff respectfully requests that this Honorable Court grant the instant Motion for the following reasons.

## II. REASONS WHY MOTION SHOULD BE GRANTED

Defendant Sunbridge submitted a Privilege Log dated November 21, 2006 to Plaintiff, which lists statements of 11 named individuals as being withheld. The 11 named individuals are Vivian Johnson, Gina Ford, John Vandenburgh, Rosemarie Cass, Kathy Crouch/Couche, James Okeyweke, Primus Chalon, Ellen Richwine, Al Wilkins, Farrah Seidler and Sandra Porazzo-Perry. Each statement was withheld as "confidential information protected by the medical peer review statute, G.L. c. §§204 and 205" and on the bases of the attorney-client privilege and work product doctrine.[1] See Exhibit A to the instant Motion.

Defendant Sunbridge reiterated its position as to these statements in its Second Privilege Log dated June 1, 2007, which lists statements of the same 11 named individuals as having been withheld for the same reasons referenced in the initial Privilege Log. See Exhibit A to the instant Motion. Defendant Sunbridge has not disclosed these statements to Plaintiff.

The Federal Rules of Evidence state that evidence which is not relevant is not admissible. Fed. R. Evid. 402. Even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Fed. R. Evid. 403. Because Defendant Sunbridge has never

---

[1] As Defendant Sunbridge has permitted Seidler and Porazzo-Perry to be deposed and made no objection to their testimony, it is clear that such testimony must not be covered by the peer review statute and is no longer covered by the attorney-client privilege and work product doctrine.

121492                                    2

disclosed the statements, Plaintiff does not know whether the statements/testimony of Vivian Johnson, Gina Ford, John Vandenburgh, Rosemarie Cass, Kathy Crouch/Couche, James Okeyweke, Primus Chalon, Ellen Richwine and Al Wilkins ("the nine individuals") are relevant to the matter at hand. Even if relevant, Plaintiff will be prejudiced if the testimony or statements of the nine individuals are allowed at trial because of the unfair advantage Defendant Sunbridge would have in knowing the contents of the statements when they were not produced to Plaintiff, despite Plaintiff having made discovery requests to which the statements were responsive.

Where state substantive law controls, as it does here in this diversity case, the federal court is to use applicable state law privilege. Fed. R. Evid. 501; *Krolikowski v. University of Massachusetts*, 150 F.Supp.2d 246 (D.Mass. 2001). Defendant Sunbridge relied in part on attorney-client privilege and work product doctrine in withholding the statements of the nine individuals. It is established Massachusetts law that "a party may resist discovery on the basis of privilege, but may not at the same time rely on the privileged communications or information as evidence at trial." *G.S. Enterprises, Inc. v. Falmouth Marine, Inc.*, 571 N.E.2d 1363 (Mass. 1991). Accordingly, the statements and testimony of the nine individuals may not be presented at trial where their statements were withheld based on privilege.

In withholding the statements, Defendant Sunbridge also relied on the Massachusetts peer review statute. M.G.L. 111 §204(a); *see also Grande v. Lahey Clinic Hosp., Inc., et al.*, 725 N.E.2d 1083 (Mass.App.Ct. 2000). To the extent that the statements were protected by the peer review statute as claimed by Defendant Sunbridge so that they could

not be produced in discovery, any testimony by the nine individuals must also be precluded. Defendant Sunbridge cannot claim that the peer review statute applies to the statements when convenient to its defense and then ignore the statute when Defendant Sunbridge wishes the individuals to testify on its behalf. Accordingly, Plaintiff requests that the testimony and statements of Vivian Johnson, Gina Ford, John Vandenburgh, Rosemarie Cass, Kathy Crouch/Couche, James Okeyweke, Primus Chalon, Ellen Richwine and Al Wilkins be precluded at trial.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion in Limine to Preclude Testimony of Vivian Johnson, Gina Ford, John Vandenburgh, Rosemarie Cass, Kathy Crouch/Couche, James Okeyweke, Primus Chalon, Ellen Richwine and Al Wilkins.

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: June 15, 2008

By___/s/ Glenn R. Davis_____
Glenn R. Davis
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, PA 17050
(717) 620-2424
gdavis@ldylaw.com
*Pro Hac Vice*

Blake J. Godbout, BBO #196380
BLAKE J. GODBOUT & ASSOCIATES
33 Broad Street, 11th Floor
Boston, MA 02109
(617) 523-6677
blake@bjalaw.com
Attorneys for Plaintiff, Helen A. Runge

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

    Michele Carlucci
    George S. Rockas
    Wilson Elser Moskowitz Edelman & Dicker LLP
    155 Federal Street
    Boston, MA 02110
    michele.carlucci@wilsonelser.com
    george.rockas@wilsonelser.com

    Michael Williams
    Lawson & Weitzen, LLP
    88 Black Falcon Avenue, Suite 145
    Boston, MA 02210-1736
    mwilliams@lawson-weitzen.com

Dated: June 15, 2008        By   /s/ Glenn R. Davis
                                        Glenn R. Davis

121492