UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOROTHY STANLEY, as Executrix of the
ESTATE of HELEN RUNGE,

    *Plaintiff,*

v.

WALTER J. KELLEY; KERRY L.
BLOOMINGDALE, M.D.; and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,

    *Defendants.*

Civil Action No. 05-10849-RGS

**DEFENDANT KELLY'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE OPINION AND TESTIMONY OF ELIZABETH GAUFBERG, MD**

NOW COMES the Defendant Walter Kelly and opposes Plaintiff's Motion *In Limine* to Preclude Opinion and Testimony of Elizabeth Gaufberg, MD.

Elizabeth Gaufberg, MD was originally disclosed as an expert by Dr. Bloomingdale, formerly a defendant in this matter. Defendant Walter Kelly also disclosed to Plaintiff that he would call Dr. Gaufberg as a witness at trial if needed, in anticipation that Dr. Bloomingdale would settle or be dismissed from the case. Plaintiff argues that Defendant Kelly's disclosure was late, however, Plaintiff's disclosure as to her experts related to Helen Runge's mental health at the relevant times and the claims against Dr. Bloomingdale was also late. Her latest of many motions to extend the time to disclose Plaintiff's experts was denied on April 25, 2007 (See Order as to Docket #98), but Plaintiff did not disclose her expert, Dr. Roger Dupee, as to her claims against Dr. Bloomingdale until June 21, 2007. Therefore, Plaintiff's argument as to the timeliness of the disclosure is without merit, and plaintiff has suffered no prejudice.

122115.1

Plaintiff also argues that Dr. Gaufberg's testimony will confuse the jury as it relates to Dr. Bloomingdale's actions as to the Plaintiff, and Dr. Bloomingdale is no longer a defendant in this matter.  However, the issues of whether Helen Runge required anti-psychotic medication and whether she was mentally competent at the time of Dr. Bloomingdale's certificate for the guardianship petition is the heart of this case.  Helen Runge was prescribed antipsychotic medication, which she began to refuse.  A guardianship over Runge was therefore required, and Dr. Bloomingdale completed the necessary medical certificate for the guardianship petition.  All of Plaintiff's claims against Defendant Kelly center around whether or not Runge required antipsychotic medication and whether or not she required a guardian.  If Plaintiff does not contest that Dr. Bloomingdale's medical certificate in support of the Guardianship petition was valid, properly issued and accurate or that Plaintiff required antipsychotic medications at the time of the Guardianship petition, than likely Dr. Gaufberg's testimony will not be necessary.  Otherwise, the expected testimony is crucial to the defense.  Moreover, Dr. Dupee is on Plaintiff's witness list, and Dr. Gaufberg's testimony will be necessary in rebuttal of Dr. Dupee's testimony.

WHEREFORE, this Court should deny Plaintiff's motion to preclude the opinion and testimony of Elizabeth Gaufberg.

Respectfully submitted,
The Defendant, Walter J. Kelly,
By his attorneys,

    *s/ Michele Carlucci*
George C. Rockas, BBO #544009
Michele Carlucci, BBO #655211
WILSON ELSER LLP
260 Franklin Street

122115.1

                                                    Boston, MA 02110
                                                    (617) 422-5300

## **CERTIFICATE OF SERVICE**

I, Michele Carlucci, certify that on June 13, 2008, I have served a copy of the foregoing by electronic filing.

                                                         */s/ Michele Carlucci*
                                                         Michele Carlucci

122115.1