# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

No. 05-10849RGS

| |
|---|
| DOROTHY STANLEY, EXECUTRIX OF THE ESTATE OF HELEN A. RUNGE, <br>                          Plaintiff <br><br> v. <br><br> WALTER J. KELLY, <br> KERRY L. BLOOMINGDALE, M.D., and <br> SUNBRIDGE NURSING AND <br> REHABILITATION CENTER, <br>                         Defendants |

## DEFENDANT WALTER KELLY'S REQUEST FOR JURY INSTRUCTIONS

NOW COMES the defendant, Walter Kelly ("Kelly"), and hereby requests, pursuant to Fed. R. Civ. P. 51, that this Court give the following instructions to the jury. Defendant Kelly reserves the right to amend or supplement this request.

Respectfully submitted,
Defendant
WALTER KELLY
By his attorneys,


    */s/   Michele Carlucci*         
George C. Rockas, BBO# 544009
Michele Carlucci, BBO# 655211
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
260 Franklin Street
Boston, MA 02110
(617) 433-5300

108679.1

## **GENERAL INSTRUCTIONS**

1.      <u>Function of the Jury</u>

Your function as the jury is to determine the facts of this case. You are the sole and exclusive judges of the facts. You alone determine what evidence to accept, how important any evidence is that you do accept, and what conclusions to draw from all of the evidence. You must apply the law as I give it to you to the facts as you determine them to be, in order to decide whether the plaintiffs have proven their case.

You should determine the facts based solely on a fair consideration of the evidence. You are to be completely fair and impartial, and you are not to be swayed by prejudice or by sympathy, by personal likes or dislikes, toward either side. You are not to allow yourselves to be influenced because the claims are popular or unpopular with the public.

You are not to decide this case based on what you may have read or heard outside of this courtroom. You are not to engage in any guesswork about any unanswered questions that remain in your mind, or to speculate about what the "real" facts might or might not have been.

You should not consider anything I have said or done during the trial—in ruling on motions or objections, or in comments to the attorneys, or in questions to witnesses, or in setting forth the law in these instructions—as any indication of my opinion as to how you should decide the case. If you believe that I have expressed or hinted at any opinion about the facts of this case, please disregard it. I have no opinion about the facts or what your verdict ought to be; that is solely and exclusively your duty and responsibility.

In short, you are to confine your deliberations to the evidence and nothing but the evidence.

<u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, §1.03

**GENERAL INSTRUCTIONS**

2.    Function of the Jury (Impartiality)

You, as jurors, should decide the issues of facts presented in this case "without bias or prejudice as to any party.  The law does not permit jurors to be governed by sympathy, prejudice or public opinion ... [You should] carefully and impartially consider all the evidence in this case, follow the law as stated by the court and reach a just verdict, regardless of the consequences."

2 Devitt & Blackmar, Federal Jury Practice and Instructions, § 11.03 at 293 (3d ed. 1977).

3

## GENERAL INSTRUCTIONS

3.      Credibility of Witnesses

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive. Jurors are the sole judges of the credibility of the witnesses, and if there is any conflict in their testimony, it is your function to resolve the conflict and to determine the truth.

In determining the credibility of a witness, and determining whether the witness is to be believed as to his or her testimony, you should consider the conduct and demeanor of the witness while testifying, the frankness or lack of frankness while testifying, the reasonableness or unreasonableness of the testimony, the probability or improbability of the testimony, the accuracy of the witness' recollection, and the degree of intelligence shown by the witness.

108679.1

## **GENERAL INSTRUCTIONS**

4.    Plaintiff's Burden of Proof

In this case, the plaintiff must prove all of the elements of his claim by a preponderance of the evidence. In other words, the plaintiff must demonstrate that the quality of evidence which, when fairly considered, produces the stronger impression and has the greater weight, or, more simply, is more probable than not.

Massachusetts Superior Court Civil Practice Jury Instructions, §§1.18-1.19; Wilson v. Honeywell, 409 Mass. 803, 807 (1991); Colter v. Barber-Greene, 403 Mass. 50, 55 (1988); Sargent v. Massachusetts Accident Co., 307 Mass 246, 250 (1940).

108679.1

## <u>GENERAL INSTRUCTIONS</u>

5.      <u>Plaintiffs' Burden of Proof (Defining Preponderance of the Evidence)</u>

To prove a fact by a preponderance of the evidence, the plaintiff must show that the facts are more than likely true than not true.  Therefore, if an essential element of the plaintiff's' case is just as likely to be untrue, then your verdict must be for the defendant.

P. Liacos, <u>Handbook of Massachusetts Evidence </u>38 (5th ed. 1981).

6.      Elements of the Claim

To prevail on a claim of negligence by an attorney, the client must demonstrate (1) the attorney failed to exercise reasonable care and skill in handling the matter for which he was retained, (2) that the client incurred a loss, and (3) that the attorney's negligence is the proximate cause of the loss.

Massachusetts Superior Court Civil Practice Jury Instructions, §18.5; Williams v. Ely, 423 Mass. 467, 475-76 (1996); Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C., 25 Mass.App.Ct. 107, 111 (1987), and cases cited.

7

7.      <u>Breach of Fiduciary Duty and Breach of Contract</u>.

The plaintiff's claims for negligence, breach of fiduciary duty and breach of contract are all essentially a claim for legal malpractice.  Therefore, in order to establish liability on the breach of fiduciary duty and breach of contract claim the plaintiff must show that Defendant Kelly breached the standard of care of the average qualified elder attorney.

<u>Fall River Savings Bank v. Callahan</u>, 18 Mass. App. Ct. 776, 81-82, 463 N.E.2d 555 (1984).

108679.1

8.    <u>Standard of Care</u>

"An attorney who has not held himself out as a specialist owes his client a duty to exercise the degree of care and skill of the average qualified practitioner."  Here, Attorney Kelly owed Helen Runge the duty to exercise the degree of care and skill of the average qualified elder attorney.

<u>Fishman v. Brooks</u>, 396 Mass. 643, 646 (1986), and cases cited; <u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, §18.5.1.

9

9.    <u>Standard of Care (Relevant Time Period to Consider)</u>

The standard of care you should apply in determining whether Kelly was negligent is the standard that existed at the time of the underlying representation in light of the facts that existed at that time. The standard of care is not established by hindsight or what might seem appropriate in light of the facts we know today. You must evaluate Kelly's conduct in the context of the situation prevailing at the time of the alleged malpractice, and not in light of later developments.

<u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, §18.5.2

10

10.     <u>Expert Testimony Used to Establish Standard of Care</u>

Expert testimony is necessary to establish what the degree of care and skill of the average qualified practitioner in a particular case is, as well as whether Attorney Kelly failed to meet that standard of care.  Consequently, Dorothy Stanley, as the Executrix of Helen Runge's Estate, has the burden of introducing expert testimony that Attorney Kelly did not exercise that degree of learning and skill ordinarily possessed by attorneys in similar circumstances.  If Stanley has failed to present credible expert testimony that Attorney Kelly breached the applicable standard of care which caused Helen Runge to sustain a loss, then you must then find for Attorney Kelly.

<u>Pongonis v. Saab</u>, 396 Mass. 1005, 1005 (1985), and cases cited; *see also* <u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, §18.8

11

11.    <u>Standard of Care and the Rules of Professional Conduct</u>

A violation of the Rules of Professional Conduct does not give rise to a cause of action against an attorney.  <u>See</u> <u>Doe v. Nutter, McClennen & Fish</u>, 41 Mass. App. Ct. 137, 141, 668 N.E.2d 1329, 1333 (1996)(assuming that defendant attorney's conduct violated a rule, "the violation would not give rise to a cause of action"); <u>Fishman v. Brooks</u>, 396 Mass. 643, 649, 487 N.E.2d 1377 (1986)(The disciplinary rules provide standards of professional conduct of attorneys and do not in and of themselves create independent causes of action).

While violation of the rules can be some evidence of negligence, this alone does not fulfill the plaintiff's burden of proof against a defendant attorney.  <u>See</u> <u>Fishman</u>, 396 Mass. at 646; <u>See</u> <u>Nutter, McClennen & Fish</u>, 668 N.E.2d at 1333.  <u>See</u> also <u>McElroy v. Robinson & Cole, LLP</u>, 2001 Mass. Super. LEXIS 455 (October 25, 2001).

12.    <u>Expert Testimony May Be Disbelieved</u>

Expert witnesses are simply witnesses who have more knowledge in particular specialized fields than ordinary lay persons.  Expert witnesses may or may not help you decide this case; you are not required to believe their opinions.  You may not give an expert opinion any weight or any credit, however, unless you first find that the expert opinion is based upon, and applies to, facts supported by the evidence in the case.

<u>Roddy v. Fleischman Distilling Sales Corp.</u>, 360 Mass. 623, 625-627 (1971); <u>King's Case</u>, 352 Mass. 488, 491-492 (1967).

If an expert has given an "answer [or opinion which] is founded on premises of fact which the jury, for the want of evidence, cannot find to be true, then [the jury may not] use the answer [or opinion of the expert] as the basis for a finding."

McCormick, <u>Evidence</u>, §14 at 33 (2d ed. 1972).

The jury need not believe or give weight to the opinion of an expert witness, even though that opinion may not have been contradicted or criticized by any other witness, expert or non-expert, who testified at the trial.

<u>Dodge v. Sawyer</u>, 288 Mass. 402, 408 (1934); Leach & Liacos, <u>Handbook of Massachusetts Evidence</u>, (th ed. 1967) at 103.

13.    <u>Causation</u>

The mere fact that Helen Runge incurred damages does not, in and of itself, lead to an inference or raise a presumption of negligence on the part of Attorney Kelly.  The Estate of Helen Runge must also prove that Attorney Kelly's actions caused Helen Runge's damages

<u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, §18.6; <u>Riggs v. Christie</u>, 342 Mass. 402, 406 (1961); *See also* <u>Klucker v. Levi</u>, 392 Mass. 545 (1936).

14

14.     <u>Proximate Causation</u>

As the Executrix of Helen Runge's Estate, Dorothy Stanley also has the burden of proving by the preponderance of the evidence that Kelly's negligence substantially contributed to causing Helen Runge's loss.

By "substantial" I mean that Kelly's contribution to the loss, i.e., Kelly's negligence, was not an insignificant factor. Kelly's negligence must contribute significantly to the result; it must be a material and important ingredient in causing the harm. If Kelly's negligence was a substantial factor, then it is considered a legal cause of Helen Runge's loss, and her estate is entitled to recover. If it was not a substantial factor, that is, if the negligence was only slight, insignificant, or tangential to causing the harm, then even though you may have found Kelly negligent, he cannot be held liable to pay damages to Helen Runge's estate on this claim.

<u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, §18.6.1

15.    <u>Proximate Causation</u>

If you find that Helen Runge would have suffered damages regardless of the actions of Kelly, then the damages were not proximately caused by Kelly.

<u>Romano v. Weiss</u>, 26 Mass. App. Ct. 162, 171 (1987).

Specifically, the Estate must show Helen Runge would not have sustained a loss if she retained an attorney other than Kelly to assist her in the various matters addressed in this trial and the other attorney complied with the standard of care of the average qualified elder attorney.

<u>McCann v. Davis, Malm & D'Agostine</u>, 423 Mass. 558, 560 (1996).

16

16.     <u>Causation (Foreseeability)</u>

Furthermore, to establish causation, the Estate must show that the harm was reasonably foreseeable to a person in Kelly's position at the time of his negligence.  The Estate must show that Helen Runge's harm was a natural and probable consequence of Kelly's negligence.

<u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, § 2.1.8.

108679.1

17.                          <u>Comparative Negligence</u>

The defendant has pleaded the comparative negligence of the plaintiff as an affirmative defense. Under this defense, you must consider whether and to what extent the plaintiff was negligent. Negligence is "[t]he omission to do something which a reasonable man, guided by those ordinary considerations which ordinarily regulate human affairs, would do, or the doing of something which a reasonable and prudent man would not do."
Black's Law Dictionary at 930 (5th ed. 1979).

Specifically, the defendant alleges that the plaintiff was herself negligent and that her own negligence was a proximate cause of her injuries. The defendant alleges, in effect, that even though he may have committed a negligent act or omission, the conduct of Helen Runge, herself, fell below the standard to which she should conform for her own protection and this failure to exercise ordinary care is a legal contributing cause of the injury suffered.

The burden is on the defendant to provide by a preponderance of the evidence that the plaintiff failed to exercise such ordinary care and that this failure was a proximate cause of her injuries.

If you find that both the defendant and the plaintiff were negligent, you must determine the percentage of negligence attributable to each person. The total of these two percentages must equal one hundred (100).

Mass. Gen. Laws Ch. 231, § 85.

Restatement (Second) of Torts, § 463.

2 Devitt and Blackmar, <u>supra</u>, § 80.21 at 32 (3rd ed. 1977).

18.    <u>M.G.L. c. 201D§ 8.</u>

If you find that Defendant Kelly was acting pursuant to a valid health care proxy for Helen Runge and made health care decisions in good faith on her behalf, then Defendant Kelly cannot be liable for such acts or decisions.

M.G.L. c. 201D § 8

108679.1

19.    <u>Health Care Agent</u>

Under the law, a health care agent acting pursuant to a health care proxy may consent on behalf of an incompetent patient to the administration of antipsychotic medication without the need for the court to appoint a guardian.

<u>See</u> M.G. L. c. 201D §§ 5 and 6
<u>See</u> <u>also</u> Opinion Letter of the Office of the Attorney General, July 24, 1997.

If a patient refuses or objects to the administration of anti-psychotic medication, court-ordered substituted judgment is required.  This is achieved by the appointment of a guardian after a hearing.

<u>See</u> M.G. L. c. 201D §§ 5 and 6
<u>See</u> <u>also</u> Opinion Letter of the Office of the Attorney General, July 24, 1997;
<u>Rogers v. Commissioner of the Department of Mental Health</u>, 390 Mass. 489, 458 N.E.2d 308 (1983).

Therefore, in order to find that Helen Runge was improperly administered antipsychotic medications under the law, you must find that she was administered the drugs after her refusal and prior to the appointment of Kelly as her Guardian.

20.     <u>Negligent Infliction of Emotional Distress</u>

A plaintiff cannot recover for negligently inflicted emotional distress absent a showing of physical harm.

<u>Cavanaugh v. U.S.</u>, 640 F. Supp. 437 (D. Mass. 1986).
(applying Mass. law in a federal tort claims act action)

<u>Nancy P. v. D'Amato</u>, 401 Mass. 516, 517 N.E.2d 824 (1988).

The plaintiff's physical harm must be manifested by objective symptomatology and substantiated by expert medical testimony.  Its existence may not be demonstrated solely by the plaintiff's complaints.

<u>Payton v. Abott Labs</u>, 386 Mass. 540, 437 N.E.2d 171 (1982).

<u>Anderson v. W.R. Grace & Co.</u>, 628 F.Supp. 12119, aff'd after remand 900 F.2d 388 (1st Cir.)

21.     <u>Intentional Infliction of Emotional Distress</u>

In this case, Helen Runge is claiming that Kelly intentionally or recklessly caused infliction of emotional distress.   In order to recover, the Estate must prove by a preponderance of the evidence that:

1.     Kelly intended to inflict emotional distress or that the defendant, knew or should have known that emotional distress was likely to result from his conduct;

2.     Kelly's conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community;

3.     Kelly's conduct caused plaintiff's emotional distress;

4.     the emotional distress suffered was severe and of a nature that no reasonable person could be expected to endure it.[1]

---

[1] <u>Foley v. Polaroid Corp.</u>, 400 Mass. 82, 99–100, 508 N.E.2d 72, 82 (1987); <u>Agis v. Howard Johnson Co.</u>, 371 Mass. 140, 144–45, 355 N.E.2d 315, 318–19 (1976); <u>Conway v. Smerling</u>, 37 Mass.App.Ct. 1, 8, 635 N.E.2d 268, 273 (1994).

108679.1

22.    <u>Intentional Infliction of Emotional Distress -  Intent</u>

In order to prove intentional infliction of severe emotional distress, the Estate must prove that Kelly acted either with the desire or knowledge that emotional distress would result from his conduct or that he should have known that his conduct would cause Helen Runge to suffer emotional distress.[1]

---

[1] <u>Simon v. Solomon</u>, 385 Mass. 91, 96–97, 431 N.E.2d 556, 562 (1988); <u>Agis v. Howard Johnson Co.</u>, 371 Mass. 140, 144–45, 355 N.E.2d 315, 318 (1976); <u>George v. Jordan Marsh Co.</u>, 359 Mass. 244, 255, 268 N.E.2d 915, 921 (1971).

23.     <u>Intentional Infliction of Emotional Distress - Extreme and Outrageous Conduct</u>

"Extreme and outrageous" conduct is more than just workaday insults, hurt feelings from bad manners, annoyances, or petty oppressions. "Outrageousness" means a high order of recklessness, ruthlessness or deliberate malevolence.[1]

---

[1] <u>Foley v. Polaroid Corp.</u>, 400 Mass. 82, 99–100, 508 N.E.2d 72, 82 (1987); <u>Boyle v. Wenk</u>, 378 Mass. 592, 595, 392 N.E.2d 1053, 1055–56 (1979); <u>Agis v. Howard Johnson Co.,</u> 371 Mass. 140, 144–45, 355 N.E.2d 315, 319 (1976); <u>Conway v. Smerling</u>, 37 Mass.App.Ct. 1, 8–9, 635 N.E.2d 268, 273 (1994).

24.   <u>False Imprisonment</u>

False imprisonment is the intentional and unlawful confinement of a person, directly or indirectly, of which the person confined is conscious or by which the person is harmed.[1]

[1]<u>Noel v. Town of Plymouth</u>, 895 F.Supp. 346, 354 (D.Mass. 1995).

Helen Runge has brought a claim alleging that Kelly is liable for false imprisonment. To prove false imprisonment, the Estate must prove the following elements by a fair preponderance of the evidence:

1.      that Kelly unlawfully confined Helen Runge, directly or indirectly;

2.      that Kelly intentionally confined Helen Runge; and

3.      that Runge was either conscious of the confinement or harmed by the confinement.[1]

[1]Restatement (Second) Torts § 35. <u>See</u> <u>Noll v. Town of Plymouth</u>, 895 F.Supp. 346, 354 (D.Mass. 1995) ("The tort of false imprisonment consists in the (1) intentional and (2) unlawful (3) confinement of a person, (4) directly or indirectly (5) of which the person confined is conscious or is harmed by such confinement") (citing <u>Santiago v. Fenton</u>, 891 F.2d 373, 383 (1st Cir. 1989) and <u>Wax v. McGrath</u>, 255 Mass. 340, 342, 151 N.E. 317, 318 (1926)).

25.  <u>Confinement</u>

The confinement need not be substantial; unlawful restraint of a person's freedom of movement is sufficient.[1]

The plaintiff who relinquishes her right to move about freely as the only available alternative to relinquishment of another right, such as the right to an unsullied reputation, is restrained or imprisoned for the purpose of the tort of false imprisonment.[2]

An unlawful arrest and detention constitutes false imprisonment.[3]

[1]<u>Rogers v. Okin</u>, 478 F.Supp. 1342, 1383 (D.Mass. 1979), *affirmed in part, reversed in part*, 634 F.2d 650 (1st Cir. 1980), *cert. granted,* 451 U.S. 906 (1981), *vacated,* <u>Mills v. Rogers</u>, 457 U.S. 291 (1982), *on remand,* <u>Rogers v. Okin</u>, 738 F.2d 1 (1st Cir. 1984).

[2]<u>Foley v. Polaroid Corp.,</u> 400 Mass. 82, 91, 508 N.E.2d 72, 77 (1987).

[3]<u>Noel v. Town of Plymouth</u>, 895 F.Supp. 346 (D.Mass. 1995).

26.    <u>False Imprisonment Defense  - Reasonableness of Detention</u>

Justification for or reasonableness of a confinement is a defense to a false imprisonment claim. The defendant has the burden to prove reasonableness of detention of the plaintiff in a false imprisonment action.[1]

[1]<u>Foley v. Polaroid Corp.,</u> 400 Mass. 82, 89, 508 N.E.2d 72, 76 (1987); <u>Beaumont v. Segal</u>, 362 Mass. 30, 32, 283 N.E.2d 858, 860–61 (1972) (In an action against a staff psychiatrist superintendent of a state hospital for false imprisonment based on confinement in the hospital, the burden of showing justification for the confinement rested on the defendants.).

27.    <u>Defenses—Lawful Process</u>

One who procures arrest or confinement of another on lawful process is not liable to an action of false imprisonment, although he caused process to issue by means of false statements.[1]

[1]<u>Frade v. Costa</u>, 23 Mass.App.Dec. 132, 138, *affirmed,* 345 Mass. 764, 186 N.E.2d 606 (1962); <u>Mezullo v. Maletz</u>, 331 Mass. 233, 237, 118 N.E.2d 356, 359 (1954).

28

28.   Abuse of Process

The plaintiff's complaint contains a count for abuse of process against Defendant Kelly.  To recover, the plaintiff must prove to you by a preponderance of the evidence that Defendant Kelly:

     1.   used legal process

     2.   for an ulterior or illegitimate purpose

     3.   resulting in damage to Helen Runge.[1]

---

[1] Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775–76, 489 N.E.2d 185, 195 (1980); Jones v. Brockton Pub. Mkt., Inc., 369 Mass. 387, 340 N.E.2d 484 (1976); American Management Servs., Inc. v. George S. May Int'l Co., 933 F.Supp. 64 (D.Mass. 1996); Milford Power Ltd. Partnership By Milford Power Assocs., Inc. v. New England Power Co., 918 F.Supp. 471 (D.Mass. 1996); General Elec. Co. v. Lyon, 894 F.Supp. 544 (D.Mass. 1995).

108679.1

29.    "Process"

"Process" refers to papers issued by a court to bring a party or property within the jurisdiction of the court.[1]

[1]Jones v. Brockton Pub. Mkts., Inc., 369 Mass. 387, 390, 340 N.E.2d 484, 486 (1975); Silvia v. Building Inspector of W. Bridgewater, 35 Mass.App.Ct. 451, 621 N.E.2d 686, review denied, 416 Mass. 1109, 630 N.E.2d 603 (1994); Ferraro v. First Safety Fund Nat'l Bank, 11 Mass.App.Ct. 928, 416 N.E.2d 225 (1981); Chemawa Country Gulf, Inc. v. Wnuk, 9 Mass.App.Ct. 506, 402 N.E.2d 1069 (1980).

30.     Abuse of Process - Ulterior Purpose

The plaintiff must show that the process was used to accomplish some ulterior purpose for which the process was not designed or intended, or that was not a legitimate purpose for the particular process employed.[1]

If the stated objective of the process was the actual objective, then there is no abuse of process.[2]

---

[1]FDIC v. Greenberg, 851 F.Supp. 15 (D.Mass. 1994); Ladd v. Polidoro, 424 Mass. 196, 675 N.E.2d 382 (1996); Beecy v. Pucciarelli, 387 Mass. 589, 441 N.E.2d 1035 (1983); Quaranto v. Silverman, 345 Mass. 423, 187 N.E.2d 859 (1963); Altenhaus v. Louison, 342 Mass. 773, 172 N.E.2d 230 (1961); Elliot v. Warwick Stores, Inc., 329 Mass. 406, 108 N.E.2d 681 (1953); Noyes v. Shanahan, 325 Mass. 601, 91 N.E.2d 841 (1950); Gabriel v. Borowy, 324 Mass. 231, 85 N.E.2d 435 (1949); Carroll v. Gillespie, 14 Mass.App.Ct. 12, 436 N.E.2d 431 (1982).

[2]Jones v. Brockton Pub. Mkts., Inc., 369 Mass. 387, 391, 340 N.E.2d 484, 486 (1975); Silvia v. Building Inspector of W. Bridgewater, 35 Mass.App.Ct. 451, 455, 621 N.E.2d 686, 688 (1993), review denied, 416 Mass. 1109, 630 N.E.2d 603.

31

31.     <u>Ulterior Purpose—Legal Expenses</u>

The fact that the Estate had to spend time and money in the Guardianship proceeding does not prove an ulterior purpose for filing the legal action.[1]

---

[1] <u>Broadway Management Servs., Ltd. v. Cullinet Software, Inc.,</u> 652 F.Supp. 1501, 1503–04 (D.Mass. 1987).

108679.1

32.    <u>Damages</u>

The plaintiff must show that damage occurred as the natural and probable consequence of the process initiated by the defendant.  If there were no damages, then the plaintiff does not have a claim, even if the process was for an ulterior motive.

<u>Legehill Homes, Inc. v. Chaitman</u>, 348 Mass. 777, 202 N.E.2d 920 (1964); <u>Quaranto v. Silverman</u>, 345 Mas. 423, 427, 187 N.E.2d 859, 862 (1963); <u>Swartz v. Brockton Sav. Bank</u>, 318 Mass. 66, 69, 60 N.E.2d 362, 363 (1945); <u>Madan v. Royal Indem. Co.</u>, 26 Mass.App.Ct.756, 532 N.E.2d 1214, further app. rev. denied, 404 Mass. 1103, 536 N.E.2d 1093 (1989).

33.    <u>Damages</u>

Whether the action is framed as legal malpractice or breach of fiduciary duty, the plaintiff has the burden of proving damages.

<u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, §18.7, citing <u>Van Brode Group, Inc. v. Bowditch & Dewey</u>, 36 Mass. App. Ct. 509, 517 (1994) (citations omitted). *See also* <u>Zimmerman v. Bogoff</u>, 402 Mass. 650, 651 (1988); <u>Brady v. Nestor</u>, 398 Mass. 184, 188–90 (1986).

34

34.    <u>Measure of Damages</u>

The purpose of the law in awarding damages is to compensate an injured person for her losses incurred because of another's negligent or unlawful conduct.  The object is to try to restore the persons to the position they would have been in had the wrong not occurred.  The purpose is not to reward the plaintiff and not to punish the defendant.  The law does not seek to punish anyone because of an unfortunate occurrence.  Damages are to be awarded to the plaintiff as a fair and reasonable compensation for the legal wrong done to them by the defendant, if any.

<u>Muise v. Abott</u>, 60 F. Supp. 561, affirmed 160 F.2d 590 (1945).

35.    <u>Damages (Inference from Instruction)</u>

The mere fact that I have given you instructions on the measure of damages is not to be construed by you as any indication that the plaintiff is entitled to recover damages in this case.

<u>Meyers v. Muno</u>, 236 Or. 68, 386 P.2d 808 (1963).

108679.1

36.    <u>No Need to Consider Damages if No Liability</u>

You will only reach the issue of damages if you find that the Estate has satisfied its burden of proving a claim against the defendant Kelly by a preponderance of the evidence. If your finding is that the defendant is not legally liable to the Estate, then you need not consider the issue of damages.

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on June 16, 2008, I have served a copy of the foregoing by electronic filing.

*/s/ Michele Carlucci*
Michele Carlucci

108679.1