IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOROTHY STANLEY, AS EXECUTRIX OF  :
THE ESTATE OF HELEN A. RUNGE,     :
    Plaintiff                       :
                                  :
                                  :    No. 05-10849-RGS
    v.                              :    (Judge Stearns)
                                  :
WALTER J. KELLY, et al.           :    CIVIL ACTION
    Defendants                      :    JURY TRIAL DEMANDED

**PLAINTIFF'S PROPOSED VERDICT SLIPS**

    Plaintiff respectfully submits her proposed verdict slips as follows:

Plaintiff's claims against Defendant Walter J. Kelly.

**I.   NEGLIGENCE (Count III)**

1.  Was Defendant Walter J. Kelly negligent?

    Answer:      ☐ **YES**          ☐ **NO**

    If your answer to Question 1 is YES, please answer Question 2. If your answer to Question 1 is NO, skip Questions 2 through 6 and proceed directly to Question 7.

2.  Was the Defendant's negligence a cause of damage to Helen A. Runge?

    Answer:      ☐ **YES**          ☐                              **NO**

    If your answer to Question 2 is YES, please answer Question 3. If your answer to Question 2 is NO, skip Questions 3 through 6 and proceed directly to Question 7.

3.  Was Helen A. Runge negligent?

124367

  Answer:  ☐ **YES**    ☐ **NO**

  If your answer to Question 3 is YES, please answer Question 4. If your answer to Question 3 is NO, skip Questions 4 and 5 and proceed directly to Question 6.

4. Was Helen A. Runge's negligence a cause of damage to herself?

  Answer:  ☐ **YES**    ☐ **NO**

  If your answer to Question 4 is YES, please answer Question 5. If your answer to Question 4 is NO, skip Question 5 and proceed directly to Question 6.

5. What percentage of the total negligence do you attribute to:

  Walter J. Kelly's negligence?  _____%

  Helen A. Runge's negligence?  _____%

  **[NOTE: YOUR TWO FIGURES MUST TOTAL 100%]**

6. Answer Question 6 only if you answered YES to Question 1 and 2:

  What amount of money would fairly and adequately compensate Helen A. Runge for any injury or harm resulting from Walter J. Kelly's negligence?

  (Please answer in figures):  $_____

  (Please also answer in words):

  _____ Dollars.

  [NOTE: In determining the total amount of damages, do **not** make any reduction because of the negligence, if any, of Helen A. Runge.]

II. **FALSE IMPRISONMENT (Count IX)**

7. Was Helen A. Runge falsely imprisoned by the Defendant, Walter J. Kelly?

  Answer:  ☐ **YES**    ☐ **NO**

124367

If your answer to Question 7 is YES, proceed to Question 8. If your answer is to Question 7 is NO, skip Questions 8 and 9 and proceed directly to Question 10.

8.  Did the false imprisonment of Helen A. Runge, by the Defendant, Walter J. Kelly, legally cause Helen A. Runge harm and injuries?

    Answer:     ☐ **YES**           ☐ **NO**

If your answer to Question 8 is YES, proceed to Question 9. If your answer is to Question 8 is NO, skip Questions 9 and proceed directly to Question 10.

9.  Answer Question 9 only if you answered YES to Question 7 and 8:

    What amount of money would fairly and adequately compensate Helen A. Runge for and injury or harm resulting from being falsely imprisoned by Defendant Walter J. Kelly?

    (Please answer in figures):    $_____

    (Please also answer in words):

    _____ Dollars.

**III. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Count X)**

10. Did Walter J. Kelly engage in extreme and outrageous conduct toward Helen A. Runge?

    Answer:     ☐ **YES**           ☐ **NO**

If your answer to Question 10 is YES, proceed to Question 11. If your answer to Question 10 is NO, skip Questions 11, 12 and 13 and proceed directly to Question 14.

11. Did Walter J. Kelly intend to cause Helen A. Runge emotional distress, or did he know or have reason to know that his conduct would in fact cause her to suffer emotional distress?

    Answer:     ☐ **YES**           ☐ **NO**

If your answer to Question 11 is YES, proceed to Question 12. If your answer to Question 11 is NO, skip Questions 12 and 13 and proceed directly to Question 14.

124367

12. Did Helen A. Runge in fact suffer severe emotional distress as a result of Walter J. Kelly's conduct?

   Answer:   ☐ **YES**          ☐ **NO**

If your answer to Question 12 is YES, proceed to Question 13. If your answer to Question 12 is NO, skip Question 13 and proceed directly to Question 14.

13. Answer Question 13 only if you answered YES to Questions 10, 11 and 12:

   What amount of money would fairly and adequately compensate Helen A. Runge for any injury or harm resulting from the intentional infliction of emotional distress of Defendant Walter J. Kelly?

   (Please answer in figures):   $_____

   (Please also answer in words):

   _____ Dollars.

**IV.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (Count XI)**

14. Was Walter J. Kelly's conduct the legal cause of emotional distress to Helen A. Runge which resulted in Runge's suffering objectively verifiable physical manifestations of that distress?

   Answer:   ☐ **YES**          ☐ **NO**

If your answer to Question 14 is YES, proceed to Question 15. If your answer to Question 14 is NO, skip Questions 15 and 16 and proceed to Question 17.

15. Would a reasonable person in Helen A. Runge's position have suffered emotional distress under the same circumstances?

   Answer:   ☐ **YES**          ☐ **NO**

If your answer to Question 15 is YES, proceed to Question 16. If your answer to Question 15 is NO, skip Question 16 and proceed directly to Question 17.

16. Answer Question 16 only if you answered YES to Questions 14 and 15:

124367

What amount of money would fairly and adequately compensate Helen A. Runge for any injury or harm resulting from the negligent infliction of emotional distress of Defendant Walter J. Kelly?

(Please answer in figures):    $_____

(Please also answer in words):

_____ Dollars.

### V.   BREACH OF CONTRACT (Count XII)

17.  Did Walter J. Kelly breach a contract he entered into with Helen A. Runge?

    Answer:    ☐ **YES**         ☐ **NO**

If your answer to Question 17 is YES, proceed to Question 18. If your answer to Question 17 is NO, skip Questions 18 and 19 and proceed directly to Question 20.

18.  Was the breach of contract by Walter J. Kelly a legal cause of some economic harm or monetary loss to Helen A. Runge?

    Answer:    ☐ **YES**         ☐ **NO**

If your answer to Question 18 is YES, proceed to Question 19. If your answer to Question 18 is NO, skip Question 19 and proceed directly to Question 20.

19.  Answer Question 18 only if you answered YES to Questions 17 and 18:

    What amount of money would fairly and adequately compensate Helen A. Runge for any injury or harm resulting from Walter J. Kelly's breach of the contract with Runge?

    (Please answer in figures):    $_____

    (Please also answer in words):

    _____ Dollars.

### VI.  BREACH OF FIDUCIARY DUTY (Count XIII)

124367

20. Did Walter J. Kelly breach any fiduciary duty owed to Helen A. Runge?

   Answer:   ☐ **YES**      ☐ **NO**

If your Answer to Question 20 is YES, proceed to Question 21. If your Answer to Question 20 is NO, skip Question 21 and proceed directly to Question 22.

21. Answer Question 21 only if you answered YES to Question 20:

   What amount of money would fairly and adequately compensate Helen A. Runge for any injury or harm resulting from Walter J. Kelly's breach of the his fiduciary duty to Runge?

   (Please answer in figures):   $_____

   (Please also answer in words):

   _____ Dollars.

**VII. ABUSE OF PROCESS (Count XIV)**

22. Did Walter J. Kelly file the Guardianship Proceedings against Helen A. Runge with an ulterior motive or for an illegitimate purpose?

   Answer:   ☐ **YES**      ☐ **NO**

If your answer to Question 22 is YES, proceed to Question 23. If your answer to Question 22 is NO, skip Question 23 and proceed directly to Question 24.

23. Answer Question 23 only if you answered YES to Question 22:

   What amount of money would fairly and adequately compensate Helen A. Runge for any injury or harm resulting from Walter J. Kelly's Abuse of Process?

   (Please answer in figures):   $_____

   (Please also answer in words):

   _____ Dollars.

**VIII.    VIOLATION OF M.G.L. c. 93A (Count XVI)**

124367

24. Did Walter J. Kelly commit unfair and deceptive business acts or practices?

    Answer:   ☐ **YES**        ☐ **NO**

If your answer to Question 24 is YES, proceed to Question 25. If your answer to Question 24 is NO, skip Question 25 and proceed directly to Question 26.

25. Was Walter J. Kelly's unfair and deceptive business act or practice done willfully and knowingly?

    Answer:   ☐ **YES**        ☐ **NO**

## IX. DAMAGES

26. Please state the total amount of monetary damages you have awarded to Helen A. Runge to compensate her for her claims against Defendant Walter J. Kelly, as totaled From above:

    (Please answer in figures):   $_____

    (Please also answer in words):

    _____ Dollars.

27. Do you find that Walter J. Kelly's conduct was sufficiently wanton, malicious, and egregious that you choose to exercise your discretion to punish Walter J. Kelly by awarding Helen A. Runge punitive damages, in addition to any damages awarded to compensate the Plaintiffs' proven injuries?

    Answer:   ☐ **YES**        ☐ **NO**

28. If your answer to Question 27 is YES, proceed to Question 28. If your answer to Question 27 is NO, and you have completed all the Questions you deem appropriate, please sign and date the verdict slip and notify the Court.

29. What amount of punitive damages do you award Helen A. Runge, to punish the Defendant, Walter J. Kelly?

    (Please answer in figures):   $_____

    (Please also answer in words):

    _____ Dollars.

124367

Signature: _____
          Foreperson of the Jury

          _____
          Date

124367

<u>Plaintiff's claims against Defendant Sunbridge.</u>

**I. NEGLIGENCE (Count II)**

1. Was Defendant Sunbridge negligent?

    Answer:     ☐ **YES**          ☐ **NO**

    If your answer to Question 1 is YES, please answer Question 2. If your answer to Question 1 is NO, please proceed to Question 7.

2. Was the Defendant's negligence a cause of damage to Helen A. Runge?

    Answer:     ☐ **YES**          ☐                                   **NO**

    If your answer to Question 2 is YES, please answer Question 3. If your answer to Question 1 is NO, please proceed to Question 7.

3. Was Helen A. Runge negligent?

    Answer:     ☐ **YES**          ☐ **NO**

    If your answer to Question 3 is YES, please answer Question 4. If your answer to Question 3 is NO, do not answer Question 4 or 5; please go to Question 6.

4. Was Helen A. Runge's negligence a cause of damage to herself?

    Answer:     ☐ **YES**          ☐ **NO**

    If your answer to Question 4 is YES, please answer Question 5. If your answer to Question 4 is NO, do not answer Question 5; please go to Question 6.

5. What percentage of the total negligence do you attribute to:

    Defendant's negligence?     _____%

    Runge's negligence?         _____%

    **[NOTE: YOUR TWO FIGURES MUST TOTAL 100%]**

6. Answer Question 6 only if you answered YES to Question 1 and 2:

124367

   What amount of money would fairly and adequately compensate Helen A. Runge for any injury or harm resulting from Sunbridge's negligence?

   (Please answer in figures):   $_____

   (Please also answer in words):

   _____ Dollars.

   [NOTE: In determining the total amount of damages, do not make any reduction because of the negligence, if any, of Helen A. Runge.]

II. **ASSAULT AND BATTERY (Count IV)**

7. Did the Defendant, Sunbridge, or its agents, commit an assault on Helen A. Runge?

   Answer:   ☐ **YES**          ☐ **NO**

If your answer to Question 7 is YES, please answer Question 8. If your answer to Question 7 is NO, please proceed to Question 9.

8. Answer Question 8 only if you answered YES to Question 7:

   What amount of money would fairly and adequately compensate Helen A. Runge for any injury or harm resulting from the Assault she suffered as a result of Sunbridge's actions?

   (Please answer in figures):   $_____

   (Please also answer in words):

   _____ Dollars.

9. Did the Defendant, Sunbridge, commit a battery upon Helen A. Runge?

   Answer:   ☐ **YES**          ☐ **NO**

If your answer to Question 9 is YES, please answer Question 10. If your answer to Question 9 is NO, please proceed to Question 11.

10. Answer Question 10 only if you answered YES to Question 9:

124367

What amount of money would fairly and adequately compensate Helen A. Runge for any injury or harm resulting from the Battery she suffered as a result of Sunbridge's actions?

(Please answer in figures):   $_____

(Please also answer in words):

_____ Dollars.

### III. FALSE IMPRISONMENT (Count V)

11. Was Helen A. Runge falsely imprisoned by the Defendant, Sunbridge?

    Answer:   ☐ YES        ☐ NO

If your answer to Question 11 is YES, proceed to Question 12. If your answer is to Question 11 is NO, skip Questions 12 and 13 and proceed directly to Question 14.

12. Did the false imprisonment of Helen A. Runge, by the Defendant, Sunbridge, legally cause her harm and injuries?

    Answer:   ☐ YES        ☐ NO

13. Answer Question 13 only if you answered YES to Question 11 and 12:

    What amount of money would fairly and adequately compensate Helen A. Runge for and injury or harm resulting from being falsely imprisoned by Defendant Sunbridge?

    (Please answer in figures):   $_____

    (Please also answer in words):

    _____ Dollars.

### IV. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Count VI)

14. Did Sunbridge or its agents engage in extreme and outrageous conduct toward Runge?

    Answer:   ☐ YES        ☐ NO

124367

If your answer to Question 14 is YES, proceed to Question 15. If your answer to Question 10 is NO, skip Questions 15, 16 and 17 and proceed directly to Question 18.

15. Did Sunbridge intend to cause Helen A. Runge emotional distress, or did it know or have reason to know that its conduct would in fact cause her to suffer emotional distress?

    Answer:    ☐ **YES**         ☐ **NO**

If your answer to Question 15 is YES, proceed to Question 16. If your answer to Question 15 is NO, skip Questions 16 and 17 and proceed directly to Question 18.

16. Did Helen A. Runge in fact suffer severe emotional distress as a result of Sunbridge's conduct?

    Answer:    ☐ **YES**         ☐ **NO**

If your answer to Question 16 is YES, proceed to Question 17. If your answer to Question 16 is NO, skip Question 17 and proceed directly to Question 18.

17. Answer Question 17 only if you answered YES to Questions 14, 15 and 16:

    What amount of money would fairly and adequately compensate Helen A. Runge for any injury or harm resulting from the intentional infliction of emotional distress of Defendant Sunbridge?

    (Please answer in figures):    $_____

    (Please also answer in words):

    _____ Dollars.

**V.   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (Count VII)**

18. Was Sunbridge's conduct the legal cause of emotional distress to Helen A. Runge which resulted in Runge's suffering objectively verifiable physical manifestations of that distress?

    Answer:    ☐ **YES**         ☐ **NO**

124367

If your answer to Question 18 is YES, proceed to Question 19. If your answer to Question 18 is NO, skip Questions 19 and 20 and proceed to Question 21.

19. Would a reasonable person in Helen A. Runge's position have suffered emotional distress under the same circumstances?

    Answer:    ☐ **YES**            ☐ **NO**

If your answer to Question 19 is YES, proceed to Question 20. If your answer to Question 19 is NO, skip Question 20 and proceed directly to Question 21.

20. Answer Question 20 only if you answered YES to Questions 18 and 19:

    What amount of money would fairly and adequately compensate Helen A. Runge for any injury or harm resulting from the negligent infliction of emotional distress of Defendant Sunbridge?

    (Please answer in figures):    $_____

    (Please also answer in words):

    _____ Dollars.

**VI.  BREACH OF CONTRACT (Count VIII)**

21. Did Sunbridge breach a contract it entered into with Helen A. Runge?

    Answer:    ☐ **YES**            ☐ **NO**

If your answer to Question 21 is YES, proceed to Question 22. If your answer to Question 21 is NO, skip Questions 22 and 23 and proceed directly to Question 24.

22. Was the breach of contract by Sunbridge a legal cause of some economic harm or monetary loss to Helen A. Runge?

    Answer:    ☐ **YES**            ☐ **NO**

If your answer to Question 22 is YES, proceed to Question 23. If your answer to Question 22 is NO, skip Question 23 and proceed directly to Question 24.

23. Answer Question 23 only if you answered YES to Questions 21 and 22:

   What amount of money would fairly and adequately compensate Helen A. Runge for any injury or harm resulting from Sunbridge's breach of the contract with Runge?

   (Please answer in figures):    $_____

   (Please also answer in words):

   _____ Dollars.

## VII. BREACH OF FIDUCIARY DUTY (Count XV)

23. Did Sunbridge breach any fiduciary duty owed to Helen A. Runge?

   Answer:    ☐ YES            ☐ NO

If your Answer to Question 23 is YES, proceed to Question 24. If your Answer to Question 23 is NO, skip Question 24 and proceed directly to Question 25.

24. Answer Question 24 only if you answered YES to Question 23:

   What amount of money would fairly and adequately compensate Helen A. Runge for any injury or harm resulting from Sunbridge's breach of its fiduciary duty to Runge?

   (Please answer in figures):    $_____

   (Please also answer in words):

   _____ Dollars.

## VIII. DAMAGES

26. Please state the total amount of monetary damages you have awarded to Helen A. Runge to compensate her for her claims against Defendant Sunbridge, as totaled from above:

   (Please answer in figures):    $_____

   (Please also answer in words):

   _____ Dollars.

124367

Signature: _____
Foreperson of the Jury

_____
Date


Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: June 16, 2008        By    /s/ Glenn R. Davis
                                  Glenn R. Davis
                                  1700 Bent Creek Boulevard, Suite 140
                                  Mechanicsburg, PA 17050
                                  (717) 620-2424
                                  gdavis@ldylaw.com
                                  *Pro Hac Vice*

                                  Blake J. Godbout, BBO #196380
                                  BLAKE J. GODBOUT
                                  & ASSOCIATES
                                  33 Broad Street, 11th Floor
                                  Boston, MA  02109
                                  (617) 523-6677

                                  Attorneys for Plaintiff, Dorothy Stanley,
                                  Executrix of the Estate of Helen A. Runge

124367

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

>Michele Carlucci
>George S. Rockas
>Wilson Elser Moskowitz Edelman & Dicker LLP
>155 Federal Street
>Boston, MA 02110
>michele.carlucci@wilsonelser.com
>george.rockas@wilsonelser.com

>Michael Williams
>Lawson & Weitzen, LLP
>88 Black Falcon Avenue, Suite 145
>Boston, MA 02210-1736
>mwilliams@lawson-weitzen.com

Dated: June 16, 2008            By   /s/ Glenn R. Davis
                                     Glenn R. Davis

124367