IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOROTHY STANLEY, AS EXECUTRIX OF : 
THE ESTATE OF HELEN A. RUNGE, :
     Plaintiff :
      :    No. 05-10849-RGS
     v. :    (Judge Stearns)
      :
WALTER J. KELLY, et al. :    CIVIL ACTION
     Defendants :    JURY TRIAL DEMANDED

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff respectfully submits her proposed jury instructions as follows:

## INSTRUCTION NO. 1

## OPENING INSTRUCTIONS

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is Dorothy Stanley as Executrix of the Estate of Helen A. Runge. The party being sued is called the defendant. In this action,

124373

the defendants are Walter J. Kelly and Mediplex of Massachusetts, Inc., who traded and did business as Sunbridge Care and Rehabilitation for Randolph.

You will sometimes hear me refer to "counsel."  "Counsel" is another way of saying "lawyer" or "attorney."  I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented.  Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses.  During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers.  It is a lawyer's duty to object when the other side offers

testimony or other evidence that the lawyer believes is not admissible. You should not

be unfair or partial against a lawyer or the lawyer's client because the lawyer has made

objections. If I sustain or uphold an objection to a question that goes unanswered by the

witness, you should not draw any inferences or conclusions from the question. You

should not infer or conclude from any ruling or other comment I may make that I have

any opinions on the merits of the case favoring one side or the other. I do not favor one

side or the other.

    The trial lawyers are not allowed to speak with you during this case. When you

see them at a recess or pass them in the halls and they do not speak to you, they are not

being rude or unfriendly; they are simply following the law.

    During the trial, it may be necessary for me to talk with the lawyers out of your

hearing about questions of law or procedure. Sometimes, you may be excused from the

courtroom during these discussions. I will try to limit these interruptions as much as

possible, but you should remember the importance of the matter you are here to

determine and should be patient even though the case may seem to go slowly.


    Approved _____      Disapproved _____

---

3 Fed. Jury Prac. & Instr. § 101.01 (West 5th ed.); Stonehocker v. General Motors Corp.,
587 F.2d 151, 157 (4th Cir. 1978). See also Brewer v. Wall-Mart Stores, Inc., 87 F.3d 203,
207 (7th Cir. 1996); Cavendish v. Sunoco Service of Greenfield, Inc., 451 F.2d 1360, 1365-
66 (7th Cir. 1971); Denniston v. Burlington Northern, Inc., 726 F.2d 391, 393 (8th Cir.
1984); Mitchell v. Mobil Oil Corp., 896 F.2d 463, 469 (10th Cir.), cert. denied, 498 U.S.
898, 111 S. Ct. 252, 112 L.Ed.2d 210 (1990).

## INSTRUCTION NO. 2

### NOTE TAKING BY JURORS

Any jurors who wish to do so may take notes during the course of this trial. Some jurors may feel that notes are helpful, particularly if the case involves any complicated issues. Of course, you are not required to take notes, and some of you may feel that taking notes may be a distraction and interfere with hearing and evaluating all the evidence.

If you do take notes, I suggest you take them sparingly and keep them brief. Do not try to summarize all of the testimony. Notes may help you remember testimony or help you to keep straight the names or relationships of people in the case.

But remember, you must decide whether and how much you believe the witnesses, and an important part of that is your observation of each person's demeanor and appearance on the witness stand. Do not let note taking distract you from those important observations. Most of your work in this trial must be done with your eyes, your ears, and your mind, not with your fingers.

When you get to the jury room, remember that your notes are only an aid to your memory, and not a substitute for what you actually remember. Do not use your notes to try to persuade your fellow jurors; your notes are not official transcripts. I wish to tell you now that there will be no transcript of any of the evidence available during your deliberations. It is imperative that you pay close attention to all of the witnesses and

124373

4

listen carefully to the testimony. Whether you take notes or not, you must rely on your

own memory in the jury room. Do not be influenced by the notes of other jurors.

If you do take notes, please keep them private and do not show them to anyone

but your fellow jurors. In order to help preserve the confidentiality of your

deliberations, after you have reached a verdict I will direct the court officers to collect

and destroy any notes that have been made in this case.[1]

Approved _____        Disapproved _____

_____

[1]This instruction is recommended when note taking is permitted by the judge. *See Jury
Trial Manual for Criminal Offenses Tried in the District Court* § 2.23 (MCLE 1988). It is
adapted from E. J. Devitt and C. B. Blackmar, *Federal Jury Practice and Instructions* § 10.06
(Supp. 1980), which was recommended in *Commonwealth v. Wilborne,* 382 Mass. 241, 253,
415 N.E.2d 192, 200 (1981), and in *Commonwealth v. St. Germain,* 381 Mass. 256, 267 n.21,
408 N.E.2d 1358, 1367 n.21 (1980).

**INSTRUCTION NO. 3**

**ORDER OF TRIAL**

The case will proceed as follows:

First, the lawyers for each side may make opening statements.  What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiff will present evidence in support of the plaintiff's claim and the defendant's lawyers may cross-examine the witnesses.  At the conclusion of the plaintiff's case, the defendant may introduce evidence and the plaintiff's lawyer may cross-examine the witnesses.  The defendants are not required to introduce any evidence or to call any witnesses.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown.  What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

Approved _____        Disapproved _____

_____

3 Fed. Jury Prac. & Instr. § 101.02 (West 5th ed.)

## INSTRUCTION NO. 4

## JURY CONDUCT

To insure fairness, you must obey the following rules:

1.      Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.      Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3.       Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.      During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case--you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.      Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.      Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

124373                              7

7.      Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8.      If you need to tell me something, simply give a signed note to the clerk to give to me.


Approved _____        Disapproved _____

---

3 Fed. Jury Prac. & Instr. § 101.11 (West 5th ed.)

**INSTRUCTION NO. 5**

**JUDGE'S QUESTIONS TO WITNESSES**

During the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.

Approved _____        Disapproved _____

_____

3 Fed. Jury Prac. & Instr. § 101.30 (West 5th ed.); Fed. R. Evid. 614(b); United States v. Lopez, 709 F.2d 742, 744-45 (1st Cir.), cert. denied, 464 U.S. 861, 104 S. Ct. 187, 78 L.Ed.2d 166 (1983).

## INSTRUCTION NO. 6

**BENCH CONFERENCES**

From time to time it may be necessary for me to talk to the lawyers out of your hearing.  The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence.  The lawyers and I will do what we can to limit the number and length of these conferences.

Approved _____     Disapproved _____

---

3 Fed. Jury Prac. & Instr. § 101.31 (West 5th ed.)

## INSTRUCTION NO. 7

## GENERAL INTRODUCTION

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Approved _____        Disapproved _____

---

3 Fed. Jury Prac. & Instr. § 103.01 (West 5th ed.); United States v. 564.54 Acres of Land, 576 F.2d 983, 989-90 (3d Cir. 1978), reversed on other grounds, 441 U.S. 506, 99 S. Ct.

1854, 60 L.Ed.2d 435 (1979); Terminal R.R. Ass'n of St. Louis v. Howell, 165 F.2d 135, 139 (8th Cir. 1948).

## INSTRUCTION NO. 8

### FUNCTION OF THE JUDGE

Members of the jury, you are about to begin your final duty, which is to decide the fact issues in this case. Before you do that, I will instruct you on the law.

It was obvious to me throughout the trial that you faithfully discharged your duty to listen carefully to all the evidence and to observe each of the witnesses. I now ask you to give me that same close attention, as I instruct you on the law.

My function as the judge in this case has been to see that this trial was conducted fairly, orderly, and efficiently. It was also my responsibility to rule on what you may consider as evidence, and to instruct you on the law which applies to this case.

It is your duty as jurors to accept the law as I state it to you. You should consider all my instructions as a whole. You may not ignore any instruction, or give special attention to any one instruction. You must follow the law as I give it to you whether you agree with it or not.[1]

Approved _____        Disapproved _____

_____

[1]*Georgia v. Brailsford*, 3 U.S. (3 Dall.) 1, 4 (1794) (Jay, C.J.) (judge determines law, while jury decides facts); *Commonwealth v. Keniston*, 423 Mass. 304, 310, 667 N.E.2d 1127, 1131 (1996) (citing *Commonwealth v. Wilson*, 381 Mass. 90, 118–19, 407 N.E.2d 348, 367 (1980) (judge must be the trial's "directing and controlling mind")); *Commonwealth v. Sneed*, 376 Mass. 867, 870, 383 N.E.2d 843, 845 (1978) (judge must instruct on applicable law, and may state evidence and discuss possible inferences neutrally); *Pfeiffer v. Salas*, 360 Mass. 93, 100–101, 271 N.E.2d 750, 754–55 (1971) (judge must instruct in language understandable to jurors from all walks of life); *Commonwealth v. Brady*, 357 Mass. 213, 214–15, 257 N.E.2d 465, 466 (1970) (questions of law are for judge); *Commonwealth v.*

124373

*Carson*, 349 Mass. 430, 435, 208 N.E.2d 792, 795 (1965) (judge must state applicable law correctly); *Commonwealth v. Davis*, 271 Mass. 99, 100–01, 170 N.E. 924, 925 (1930) (sentencing is judge's responsibility alone); *Commonwealth v. Anthes*, 5 Gray 185, 208–09, 221, 236 (1855) (jury must follow law as stated by judge); *Commonwealth v. Porter*, 10 Metc. 263, 286–87 (1845) (judge must superintend trial, rule on evidence and instruct on law); *Commonwealth v. Knapp*, 10 Pick. 477, 495 (1830) (questions of admissibility of evidence are for judge); *Commonwealth v. Carney*, 31 Mass.App.Ct. 250, 254, 576 N.E.2d 691, 694, *further app. rev. denied*, 411 Mass. 1101, 579 N.E.2d 1360 (1991) (approving charge not to use judge's questions or statements to determine how judge feels case should be decided, since judge has no right to interfere with jury's duty to find the facts and determine where the truth lies); *Commonwealth v. Kane*, 19 Mass.App.Ct. 129, 138, 472 N.E.2d 1343, 1349, *further app. rev. denied*, 394 Mass. 1101, 475 N.E.2d 401 (1985) (judge may give jury a neutral precis of the evidence). *See also Commonwealth v. Murray*, 396 Mass. 702, 705–710, 488 N.E.2d 415, 417–20 (1986) (to mandate reversal, jury charge must be so erroneous as to create "a substantial risk of a miscarriage of justice").

## INSTRUCTION NO. 9

## FUNCTION OF COUNSEL

It was the duty of both lawyers in this case to object when the other side offered evidence which that lawyer believed was not admissible under our rules of evidence. They also had an obligation to ask to speak to me at the judge's bench about questions of law, which the law requires me to rule on out of your hearing.

The purpose of such objections and rulings is not to keep relevant information from you. Just the opposite: they are to make sure that what you hear is relevant to this case, and that the evidence is presented in a way that gives you a fair opportunity to evaluate its worth.

You should not draw any inference, favorable or unfavorable, to any attorney or his/her client for objecting to proposed evidence or asking me to make such rulings. That is the function and responsibility of the attorneys here.

Approved _____      Disapproved _____

_____

[1]The model instruction is adapted in part from L. B. Sand, J. S. Siffert, W. P. Loughlin and S.A. Reiss, *Modern Federal Jury Instructions* §§ 2-10 and 2-9 (1985).

## INSTRUCTION NO. 10

## FUNCTION OF THE JURY

Your function as the jury is to determine the facts of this case. You are the sole and exclusive judges of the facts. You alone determine what evidence to accept, how important any evidence is that you do accept, and what conclusions to draw from all the evidence. You must apply the law as I give it to you to the facts as you determine them to be, in order to decide whether the plaintiff has proved her case.

You should determine the facts based solely on a fair consideration of the evidence. You are to be completely fair and impartial, and you are not to be swayed by prejudice or by sympathy, by personal likes or dislikes, toward either side. You are not to allow yourselves to be influenced because the claims are popular or unpopular with the public.

You are not to decide this case based on what you may have read or heard outside of this courtroom. You are not to engage in any guesswork about any unanswered questions that remain in your mind, or to speculate about what the "real" facts might or might not have been.

You should not consider anything I have said or done during the trial—in ruling on motions or objections, or in comments to the attorneys, or in questions to witnesses, or in setting forth the law in these instructions—as any indication of my opinion as to how you should decide the case. If you believe that I have expressed or hinted at any opinion about the facts of this case, please disregard it. I have no opinion about the facts

124373

or what your verdict ought to be; that is solely and exclusively your duty and

responsibility.

In short, you are to confine your deliberations to the evidence and nothing but

the evidence.[1]

Approved _____        Disapproved _____

---

[1]*Commonwealth v. Smith,* 387 Mass. 900, 909–10, 444 N.E.2d 374, 381 (1983) (verdict must be based on evidence and not sympathy); *Commonwealth v. Fitzgerald,* 376 Mass. 402, 424, 381 N.E.2d 123, 138 (1978) (verdict may not be based on sympathy for victim or general considerations); *Commonwealth v. Clark,* 292 Mass. 409, 411, 198 N.E. 641, 643 (1935) (jury should be both impartial and courageous); *Commonwealth v. Anthes,* 5 Gray 185, 197–98 (1855) (jury's judgment is conclusive of facts in case); *Commonwealth v. Carney*, 31 Mass.App.Ct. 250, 254, 576 N.E.2d 691, 694, *further app. rev. denied*, 411 Mass. 1101, 579 N.E.2d 1360 (1991) (approving charge not to use judge's questions or statements to determine how judge feels case should be decided, since judge has no right to interfere with jury's duty to find the facts and determine where the truth lies); *Commonwealth v. Ward*, 28 Mass.App.Ct. 292, 296, 550 N.E.2d 398, 401 (1990) (judge charged "determine the facts . . . without prejudice, without fear, without favor; solely from a fair consideration of the evidence. . . .").

## INSTRUCTION NO. 11

### PREPONDERANCE OF THE EVIDENCE

Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Approved _____     Disapproved _____

_____

3 Fed. Jury Prac. & Instr. § 104.01 (West 5th ed.); Rice v. Sunrise Express, 209 F.3d 1008, 1017 (7th Cir. 2000).

## INSTRUCTION NO. 12

**COURT'S COMMENTS NOT EVIDENCE**

The law permits me to comment to you on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you as jurors are the sole judges of the facts and are not bound by my comments or opinions.

Approved _____    Disapproved _____

---

3 Fed. Jury Prac. & Instr. § 103.33 (West 5th ed.); <u>Quercia v. United States</u>, 289 U.S. 466, 53 S. Ct.  698, 698-99, 77 L.Ed. 1321 (1933).

### INSTRUCTION NO. 13

**QUESTIONS NOT EVIDENCE**

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

Approved _____       Disapproved _____

_____

3 Fed. Jury Prac. & Instr. § 103.34 (West 5th ed.).

## INSTRUCTION  NO. 14

**WHAT IS EVIDENCE; STIPULATIONS; JUDICIAL NOTICE**

You are to decide what the facts are solely from the evidence admitted in this case, and not from suspicion or conjecture.  The evidence consists of the testimony of witnesses, as you recall it, any documents or other things that were received into evidence as exhibits, and any fact on which the lawyers have agreed or which I have told you that you may accept as proved. You will have all of the exhibits with you in the jury room. You alone will decide the weight—that is, the value—that they deserve to receive in helping you make your ultimate judgment about whether the plaintiff has proved her case.  You are not required to believe something simply because it is written on a piece of paper or appears in a photograph.  You are not, of course, required to disbelieve it because it appears there.  Whether to believe what an exhibit purports to show and how much weight to give the exhibit is entirely for you to decide.

Of course, the quality or strength of the proof is not determined by the sheer volume of evidence or the number of witnesses or exhibits.  It is the weight of the evidence, its strength in tending to prove the issue at stake, that is important.  You might find that a smaller number of witnesses who testify to a particular fact are more believable than a larger number of witnesses who testify to the opposite.

Some things that occur during a trial are not evidence and you may not consider them as evidence in deciding the facts of this case.  A question put to a witness is never evidence; only the answers are evidence.  Also, you may not consider any answer that I struck from the record and told you to disregard. Do not consider such answers.  You

may not consider any item that was marked for identification but was never received in evidence as an exhibit.  Anything that you may have seen or heard when the court was not in session is not evidence.

The opening statements and the closing arguments of the lawyers are not a substitute for the evidence.  They are only intended to assist you in understanding the evidence and the contentions of the parties.  My instructions and anything that I have said in passing during the trial are not evidence.  If your memory of the testimony differs from the attorneys' or mine, you are to follow your own recollection.

Consider the evidence as a whole.  Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case, and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.[1]

A deposition is testimony that was given out of court by a witness under oath, in response to questions asked by either of the attorneys.  You are to treat a deposition in the same way as if the testimony had been given here in court.  As with all witnesses, it is for you to determine how believable and how significant that testimony is.[2]

Approved _____        Disapproved _____

---

[1]The model and supplemental instructions are based in part on *Manual of Model Jury Instructions for the Ninth Circuit,* Instructions 1.04, 1.05, 2.03, 2.04 and 2.05 (West 1985 ed.) It is the jury's responsibility to determine the weight to be given testimonial evidence (see § 1.11, Credibility of Witnesses, below) or physical evidence. *Commonwealth v. LaCorte,* 373 Mass. 700, 702, 369 N.E.2d 1006, 1008 (1977). In defining what the jury may consider as evidence, the judge should avoid any slip of the tongue that suggests that only *credible* testimony constitutes evidence. *See Commonwealth v. Gaeten,* 15 Mass.App.Ct. 524, 531, 446 N.E.2d 1102, 1107 (1983).
[2] Mass.R.Civ.P. 30, 30A, 32.

## INSTRUCTION NO. 15

### INFERENCES

An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Inferences are things you do every day: little steps in reasoning, in which you take some known information, apply your experience in life to it, and then draw a conclusion.

You may draw an inference even if it is not necessary or inescapable, so long as it is reasonable and warranted by the evidence.[1]

Example: You draw such inferences every day. If you son leaves your house in the morning with an umbrella, without saying anything, you can draw two conclusions: he thinks it's raining outside and he intends to go out in the rain. Those two conclusions are inferences without his knowledge and his intent. They are reasonable because you know that's what such behavior indicates.

Approved _____     Disapproved _____

---

[1]The first and third sentences of the model instruction, and the first supplemental instruction, are adapted from the charge in *Commonwealth v. Niziolek,* 380 Mass. 513, 404 N.E.2d 643 (1980), *habeas corpus denied sub nom. Niziolek v. Ashe,* 694 F.2d 282 (1st Cir. 1982), which the Supreme Judicial Court has called a "lucid and accurate general description of inferences and their proper role." *Commonwealth v. Niziolek,* 380 Mass. at 523, 404 N.E.2d at 649.

124373                                23

## INSTRUCTION NO. 16

### CREDIBILITY OF WITNESSES

It will be your duty to decide any disputed questions of fact.  You will have to determine which witnesses to believe, and how much weight to give their testimony.  You should give the testimony of each witness whatever degree of belief and importance that you judge it is fairly entitled to receive.  You are the sole judges of the credibility of the witnesses, and if there are any conflicts in the testimony, it is your function to resolve those conflicts and to determine where the truth lies.[1]

You may believe everything a witness says, or only part of it or none of it. If you do not believe a witness's testimony that something happened, of course your disbelief is not evidence that it did not happen. When you disbelieve a witness, it just means that you have to look elsewhere for credible evidence about that issue.[2]

In deciding whether to believe a witness and how much importance to give a witness's testimony, you must look at all the evidence, drawing on your own common sense and experience of life.  Often it may not be what a witness says, but how [he/she] says it that might give you a clue whether or not to accept [his/her] version of an event as believable. You may consider a witness's character, [his/her] appearance and demeanor on the witness stand, [his/her] frankness or lack of frankness in testifying, whether [his/her] testimony is reasonable or unreasonable, probable or improbable. You may take into account how good an opportunity [he/she] had to observe the facts about which [he/she] testifies, the degree of intelligence [he/she] shows, whether [his/her] memory seems accurate.[3]

You may also consider [his/her] motive for testifying, whether [he/she] displays any bias in testifying, and whether or not [he/she] has any interest in the outcome of the case.[4]

(a)    Jurors' Common Sense

You are to use all of your common sense, experience, and good judgment in evaluating the evidence.

(b)    Interested Witnesses

The fact that a witness may have some interest in the outcome of this case does not mean that the witness is not trying to tell you the truth as that witness recalls it or believes it to be. But the witness's interest is a factor that you may consider along with all the other factors.

(c)    Number of Witnesses

The weight of the evidence on each side does not necessarily depend on the number of witnesses testifying for one side or the other. You are going to have to determine the credibility of each witness who has testified, and then reach a verdict based on all the believable evidence in the case. You may come to the conclusion that the testimony of a smaller number of witnesses concerning some fact is more believable than the testimony of a larger number of witnesses to the contrary.[5]

(d)    Discrepancies in Testimony

Where there are inconsistencies or discrepancies in a witness's testimony, or between the testimony of different witnesses, that may or may not cause you to discredit such testimony.

Innocent mistakes of memory do happen—sometimes people forget things, or get confused, or remember an event differently. In weighing such discrepancies, you should consider whether they involve important facts or only minor details, and whether the discrepancies result from innocent lapses of memory or intentional falsehoods.[6]

Approved _____          Disapproved _____

---

[1]The credibility of witnesses is always a jury question, *Lupia v. Marino*, 353 Mass. 749, 749, 231 N.E.2d 16, 16 (1967) (rescript opinion); *Commonwealth v. Sabean,* 275 Mass. 546, 550, 176 N.E. 523, 524 (1931); *Commonwealth v. Bishop,* 9 Mass.App.Ct. 468, 471, 401 N.E.2d 895, 898 (1980), and no witness is incredible as a matter of law, *Commonwealth v. Hill,* 387 Mass. 619, 623–24, 442 N.E.2d 24, 27–28 (1982); *Commonwealth v. Haywood,* 377 Mass. 755, 765, 388 N.E.2d 648, 654–55 (1979).

[2]Inconsistencies in a witness's testimony are a matter for the jury, *Commonwealth v. Clary,* 388 Mass. 583, 589, 447 N.E.2d 1217, 1220–21 (1983); *Commonwealth v. Dabrieo,* 370 Mass. 728, 734, 352 N.E.2d 186, 190 (1976), *Rintone v. Mass. Bay Transp. Auth.,* 3 Mass.App.Ct. 759, 759, 329 N.E.2d 139 (1975) (rescript) (citing *Garland v. Stetson,* 292 Mass. 95, 97–98, 197 N.E.2d 679 (1935)). which is free to accept testimony in whole or in part, *Commonwealth v. Fitzgerald,* 376 Mass. 402, 411, 381 N.E.2d 123, 131 (1978). Disbelief of a witness is not affirmative evidence of the opposite proposition. *Commonwealth v. Swartz,* 343 Mass. 709, 713, 180 N.E.2d 685, 687 (1962).

[3]The credibility of witnesses turns on their ability and willingness to tell the truth. *Commonwealth v. Widrick,* 392 Mass. 884, 888, 467 N.E.2d 1353, 1356 (1984). The third paragraph of the model instruction lists those factors that have been recognized as relevant to this determination. *See Commonwealth v. Coleman,* 390 Mass. 797, 802, 461 N.E.2d 157, 160 (1984). These were affirmed as correct and adequate in *Commonwealth v. A Juvenile,* 21 Mass.App.Ct. 121, 124 & n.5, 485 N.E.2d 201, 203 & n.5 (1985). However, the judge is not required to mention the witnesses' capacity to recall and relate, since that approaches the matter of competence, which is for the judge. *Commonwealth v. Whitehead,* 379 Mass. 640, 657 n.20, 400 N.E.2d 821, 834 n.20 (1980).

[4]In charging on credibility, the judge should avoid any suggestion that only *credible* testimony constitutes evidence. *See Commonwealth v. Gaeten,* 15 Mass.App.Ct. 524, 531, 446 N.E.2d 1102, 1107 (1983).

[5]*Commonwealth v. McCauley,* 391 Mass. 697, 703 n.5, 464 N.E.2d 50, 54 n.5 (1984); Committee on Pattern Jury Instructions, District Judges Ass'n of the Eleventh Circuit, *Pattern Jury Instructions—Criminal Cases* § 5 (1985 ed.).

[6]*United States v. Jones*, 880 F.2d 55, 67 (8th Cir. 1989); Charrow & Charrow, "Making Legal Language Understandable: A Psycholinguistic Study of Jury Instructions," 79 Colum.L.Rev. 1306, 1345–46 (1979); *Manual of Jury Instructions for the Ninth Circuit,* Instruction 3.08 (West 1985 ed.).

## INSTRUCTION NO. 17

### EXPERT TESTIMONY

During the course of this trial you have heard opinion testimony from expert witnesses. You are to determine the expertise of any witness who testified and give the opinion testimony of that witness such weight as you deem appropriate in your determination of the facts of this case.[1]

In addition to the factors to be considered in evaluating the credibility of any witness, you may consider the expert witness's education, experience and knowledge, if any, in [his/her] field of expertise.

A mere guess or conjecture by an expert witness in the form of a conclusion from basic facts which do not tend toward that conclusion any more than a contrary one has no evidentiary value and should be disregarded.[2]  Furthermore, an expert opinion is not beneficial if it rests on assumed facts which you do not accept as true.

Approved _____        Disapproved _____

---

[1] *Haggerty v. McCarthy*, 344 Mass. 136, 139–41, 181 N.E.2d 562, 565 (1962).

[2] *Kennedy v. U-Haul Co., Inc.*, 360 Mass. 71, 271 N.E.2d 346 (1971). See also *Swartz v. Gen. Motors Corp.*, 375 Mass. 628, 378 N.E.2d 61 (1978).

## INSTRUCTION NO. 18

**ABUSE OF PROCESS**

This is an action for abuse of process. To recover, the plaintiff must prove to you

by a preponderance of the evidence that the defendant:

1.      used legal process

2.      for an ulterior or illegitimate purpose

3.      resulting in damage to the plaintiff.[1]

Approved _____        Disapproved _____

---

[1] *Datacomm Interface, Inc. v. Computerworld, Inc.,* 396 Mass. 760, 775–76, 489 N.E.2d 185, 195 (1980); *Jones v. Brockton Pub. Mkts., Inc.,* 369 Mass. 387, 340 N.E.2d 484 (1976); *American Mgmt. Servs., Inc. v. George S. May Int'l Co.,* 933 F.Supp. 64 (D.Mass. 1996); *Milford Power Ltd. P'ship By Milford Power Assocs., Inc. v. New England Power Co.,* 918 F.Supp. 471 (D.Mass. 1996); *General Elec. Co. v. Lyon,* 894 F.Supp. 544 (D.Mass. 1995). *See also Kobayashi v. Orion Ventures, Inc.,* 42 Mass.App.Ct. 492, 504–05, 678 N.E.2d 180, 188, *further app. rev. denied,* 425 Mass. 1102, 680 N.E.2d 101 (1997).

## INSTRUCTION NO. 19

### "PROCESS"

"Process" refers to papers issued by a court to bring a party or property within the jurisdiction of the court.[1]

**Ulterior Purpose**

The plaintiff must show that the process was used to accomplish some ulterior purpose for which the process was not designed or intended, or that was not a legitimate purpose for the particular process employed.[2]

If the stated objective of the process was the actual objective, then there is no abuse of process.[3]

**Ulterior Purpose - Groundless Claim**

Mere commencement of litigation to enforce a claim that the person commencing the litigation knows or reasonably should have known to be groundless does not constitute legal abuse of process without proof of any ulterior purpose.[4]

Proof of groundlessness of an action is not an essential element of a claim for abuse of process; however, that the person commencing the litigation knew or had reason to know that her claim was groundless is relevant as tending to show that the process was used for an ulterior purpose.[5]

Approved _____          Disapproved _____

---

[1] *Jones v. Brockton Pub. Mkts., Inc.*, 369 Mass. 387, 390, 340 N.E.2d 484, 486 (1975); *Silvia v. Building Inspector of W. Bridgewater,* 35 Mass.App.Ct. 451, 621 N.E.2d 686, *further app. rev.*

*denied,* 416 Mass. 1109, 630 N.E.2d 603 (1993); *Ferraro v. First Safety Fund Nat'l Bank*, 11 Mass.App.Ct. 928, 416 N.E.2d 225 (1981) (rescript); *Chemawa Country Gulf, Inc. v. Wnuk,* 9 Mass.App.Ct. 506, 402 N.E.2d 1069 (1980).

[2]*Ladd v. Polidoro,* 424 Mass. 196, 198–00, 675 N.E.2d 382, 384 (1997); *FDIC v. Greenberg,* 851 F.Supp. 15 (D.Mass. 1994); *Beecy v. Pucciarelli,* 387 Mass. 589, 441 N.E.2d 1035 (1983); *Quaranto v. Silverman,* 345 Mass. 423, 187 N.E.2d 859 (1963); *Altenhaus v. Louison,* 342 Mass. 773, 172 N.E.2d 230 (1961); *Elliot v. Warwick Stores, Inc.,* 329 Mass. 406, 108 N.E.2d 681 (1953); *Noyes v. Shanahan,* 325 Mass. 601, 91 N.E.2d 841 (1950); *Gabriel v. Borowy,* 324 Mass. 231, 85 N.E.2d 435 (1949); *Carroll v. Gillespie,* 14 Mass.App.Ct. 12, 436 N.E.2d 431 (1982).

[3] *Jones v. Brockton Pub. Mkts., Inc.*, 369 Mass. 387, 391, 340 N.E.2d 484, 486 (1975); *Silvia v. Building Inspector of W. Bridgewater,* 35 Mass.App.Ct. 451, 455, 621 N.E.2d 686, 688, *further app. rev. denied,* 416 Mass. 1109, 630 N.E.2d 603 (1993).

[4]*Beecy v. Pucciarelli,* 387 Mass. 589, 441 N.E.2d 1035 (1983); *Bednarz v. Bednarz,* 27 Mass.App.Ct. 668, 673–74, 542 N.E.2d 300, 303 (1989).

[5]*Fishman v. Brooks,* 396 Mass. 643, 487 N.E.2d 1377 (1986).

## INSTRUCTION NO. 20

### DAMAGES

The plaintiff must show that damage occurred as the natural and probably

consequence of the process initiated by the defendant.  If there were no damages, then

the plaintiff does not have a claim, even if the process was for an ulterior motive.[1]

You may consider damages to compensate the plaintiff for injury to business,

reputation, and feelings.[2]

Approved _____       Disapproved _____

---

[1]*Ledgehill Homes, Inc. v. Chaitman,* 348 Mass. 777, 202 N.E.2d 920 (1964); *Quaranto v. Silverman,* 345 Mass. 423, 427, 187 N.E.2d 859, 862 (1963); *Swartz v. Brockton Sav. Bank,* 318 Mass. 66, 69, 60 N.E.2d 362, 363 (1945); *Madan v. Royal Indem. Co.,* 26 Mass.App.Ct. 756, 532 N.E.2d 1214, *further app. rev. denied,* 404 Mass. 1103, 536 N.E.2d 1093 (1989).

[2] *Malone v. Belcher*, 216 Mass. 209, 212, 103 N.E. 637, 638 (1913).

<u>INSTRUCTION NO. 21</u>

**BREACH OF ATTORNEY-CLIENT RELATIONSHIP**

**ELEMENTS OF CLAIM - OVERVIEW**

In order for the plaintiff to recover from the defendant attorney, the plaintiff must prove each and every one of the following elements by a preponderance of the evidence:

1.  The plaintiff must establish that there was an attorney-client relationship between her and the defendant lawyer.

2.  The plaintiff must prove that the defendant attorney breached or failed to exercise the standard of legal care owed to her in handling the matter for which the defendant attorney was retained.

3.  The plaintiff must prove that as a result of the attorney's breach of the standard of legal care, the plaintiff suffered a loss that she would not have otherwise incurred.

4.  The plaintiff must prove that the attorney's breach of the standard of legal care was a cause of the plaintiff's loss.

Approved _____     Disapproved _____

_____

[1] *Colucci v. Rosen, Goldberg, Slavet, Levenson and Wekstein, P.C.*, 25 Mass.App.Ct. 107, 111, 515 N.E.2d 891, 894 (1987); *DiPiero v. Goodman*, 14 Mass.App.Ct. 929, 436 N.E.2d 998 (1982), *appeal dismissed,* 460 U.S. 1029 (1983); *Caverly v. McOwen*, 123 Mass. 574, 578 (1878).

## INSTRUCTION NO. 22

## ATTORNEY-CLIENT RELATIONSHIP

## BURDEN OF PROOF

The burden is on the plaintiff to prove that she had an express or implied

attorney-client relationship with the defendant attorney.[1]

Approved _____     Disapproved _____

---

[1]*Page v. Frazier*, 388 Mass. 55, 62, 445 N.E.2d 148, 152 (1983); *see also Fanaras Enters., Inc. v. Doane,* 423 Mass. 121, 666 N.E.2d 1003 (1996).

124373                                    34

## INSTRUCTION NO. 23

## ATTORNEY-CLIENT RELATIONSHIP

## REQUIREMENT OF EXPERT TESTIMONY

The existence and scope of the relevant standard of care, and whether or not the

defendant attorney breached that standard of care, must be based on the expert

testimony presented in this case.[1]

Expert testimony is not necessary where the malpractice is so "gross and

obvious" that a layperson does not need expert testimony.[2]


Approved _____        Disapproved _____

---

[1] *Fall River Sav. Bank v. Callahan*, 18 Mass.App.Ct. 76, 82, 463 N.E.2d 555, 560 (1984);
*Brown v. Gerstein*, 17 Mass.App.Ct. 558, 566, 460 N.E.2d 1043, 1049 (1984); *DiPiero v.
Goodman*, 14 Mass.App.Ct. 929, 930, 436 N.E.2d 938, 999–1000 (1982).

[2] *Pongonis v. Saab*, 396 Mass. 1005, 1005–06, 486 N.E.2d 28, 29 (1985) (rescript).

## INSTRUCTION NO. 24

## ATTORNEY-CLIENT RELATIONSHIP

## ETHICS VIOLATION

A violation of a canon of ethics or a disciplinary rule is not itself an actionable breach of duty to a client. It may, however, be some evidence of negligence.[1] The plaintiff has the burden of establishing that the alleged violation caused the plaintiff's damages.[2]

Approved _____          Disapproved _____

---

[1] *Fishman v. Brooks*, 396 Mass. 643, 649, 487 N.E.2d 1377, 1381 (1986).

[2] *McCann v. Davis, Malm & D'Agostine*, 423 Mass. 558, 559–60, 669 N.E.2d 1077, 1078 (1996); *Sullivan, D.D.S., P.C. v. Birmingham,* 11 Mass.App.Ct. 359, 368–69, 416 N.E.2d 528, 532 (1981) ("While an attorney may be liable in damages to a person injured by his or her misconduct, that liability must be based on a recognized and independent cause of action and not on ethical violations . . . The Canons of Ethics and Disciplinary Rules provide standards of professional conduct of attorneys and not grounds for civil liability.").

## INSTRUCTION NO. 25

### ATTORNEY-CLIENT RELATIONSHIP

### STANDARD OF CARE

"An attorney who has not held himself [or herself] out as a specialist owes his [or her] client a duty to exercise the degree of care and skill of the average qualified practitioner," that is, to exercise a reasonable degree of care and skill in the performance of legal services.[1]

An attorney cannot guarantee a particular result and is not expected to be perfect. An attorney is not liable for every mistake that may occur in practice and the damages that may result. "If the attorney acts with a proper degree of attention, with reasonable care, and to the best of his skill and knowledge, he [or she] will not be held responsible. Some allowance must always be made for the imperfection of human judgment."[2] However, an attorney is negligent when [he/she] fails to exercise the degree of care and skill of the average qualified practitioner practicing at the time the defendant attorney rendered the legal services to the plaintiff.


Approved _____     Disapproved _____

---

[1] *Fishman v. Brooks*, 396 Mass. 643, 646, 487 N.E.2d 1377, 1379 (1986). *See McLellan v. Fuller*, 226 Mass. 374, 377–78, 115 N.E. 481, 482 (1917).

[2] *Colucci v. Rosen, Goldberg, Slavet, Levenson and Wekstein,* P.C., 25 Mass.App.Ct. 107, 111, 515 N.E.2d 891, 894 (1987) (quoting *Stevens v. Walker & Dexter*, 55 Ill. 151, 153 (1870)).

## INSTRUCTION NO. 26

**ATTORNEY-CLIENT RELATIONSHIP**

**TIME FOR DETERMINING STANDARD OF CARE**

The standard of care you should apply in determining whether the defendant lawyer was negligent is the standard that existed at the time of the [transaction/under-taking/underlying litigation] in light of the facts that existed at that time. The standard of care is not established by hindsight or what might seem appropriate in light of the facts we know today. You must evaluate the defendant lawyer's conduct in the context of the situation prevailing at the time of the alleged malpractice, and not in light of later developments.[1]

Approved _____    Disapproved _____

---

[1] 2 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 18.10, at 591 (4th ed. 1996). *Cf. Williams v. Ely*, 423 Mass. 467, 476, 668 N.E.2d 799, 805–06 (1996) (attorney not liable for giving advice that ultimately proves wrong in an unsettled area of law if attorney advised client of risk).

## INSTRUCTION NO. 27

### ATTORNEY-CLIENT RELATIONSHIP

### CAUSATION

Even if the plaintiff has proved negligence on the part of the defendant attorney *and* damages to the plaintiff, the plaintiff must also prove that the defendant's actions caused the plaintiff's damages.[1]

If you decide that the defendant was negligent, you must then consider whether the defendant's negligent conduct caused or worsened[2] the plaintiff's loss. Even if you find that the defendant was negligent, he is not liable to the plaintiff unless his negligence caused the plaintiff's loss.[3] To meet [his/her] burden, the plaintiff need only show that there was greater likelihood or probability that the loss complained of was due to causes for which the defendant was responsible than from any other cause.[4]

The defendant's conduct was the legal cause of the plaintiff's loss if it was a substantial factor in bringing it about and without which the harm would not have occurred. In other words, if the harm would have occurred anyway, the defendant is not liable.[5]

It does not matter whether other concurrent causes contributed to the plaintiff's loss so long as you find that the defendant's conduct was a substantial factor. "Substantial" is used here in its ordinary sense, which requires no further elaboration.

Furthermore, to establish causation, the plaintiff must show that the loss was reasonably foreseeable to a person in the defendant's position at the time of the defendant's negligence. The plaintiff does not have to establish that the defendant

foresaw, or should have foreseen, the exact manner in which the loss occurred; however, the plaintiff must show that this loss was a natural and probable consequence of the defendant's negligence.[6]

What that means is that the plaintiff is not required to show the exact cause of her loss or to exclude all possibility that it resulted without the fault of the defendant.[7]

What the plaintiff must show is that the loss was more likely due to the defendant's negligence than to some other cause.[8]

Approved _____         Disapproved _____

---

[1] *Colucci v. Rosen, Goldberg, Slavet, Levenson and Wekstein, P.C.*, 25 Mass.App.Ct. 107, 111, 515 N.E.2d 891, 894 (1987); *McLellan v. Fuller*, 226 Mass. 374, 377–78, 115 N.E. 481, 481–82 (1917).

[2] *Simmons v. Monarch Mach. Tool Co.*, 413 Mass. 205, 212, 596 N.E.2d 318, 323 (1992) (liability attaches where defect enhances the injuries a person sustains in an otherwise foreseeable accident).

[3] Restatement (Second) of Torts § 430 (1965).

[4] *Mullins v. Pine Manor Coll.*, 389 Mass. 47, 58, 449 N.E.2d 331, 338–39 (1983) (citing *McLaughlin v. Berstein*, 356 Mass. 219, 226, 249 N.E.2d 17, 22 (1969)).

[5] The authors note that charging on 'but for' causation is inappropriate in many cases, and would prefer the following instead of the bracketed language: " . . . the harm for which the plaintiff claims damages."

[6] *Hill v. Winsor*, 118 Mass. 251, 259 (1875); *Lane v. Atl. Works*, 111 Mass. 136, 139–40 (1872).

[7] *McLaughlin v. Bernstein*, 356 Mass. 219, 249 N.E.2d 17 (1969); *Woronka v. Sewall*, 320 Mass. 362, 365, 69 N.E.2d 581, 582–83 (1946); *Edwards v. Boland*, 41 Mass.App.Ct. 375, 670 N.E.2d 404 (1996).

[8] *Evangelico v. Metro. Bottling Co.*, 339 Mass. 177, 180, 158 N.E.2d 342, 343–44 (1959); *Roscigno v. Colonial Beacon Oil Co.*, 294 Mass. 234, 200 N.E. 883 (1936).

## INSTRUCTION NO. 28

**ATTORNEY-CLIENT RELATIONSHIP**

**DAMAGES**

Whether the action is framed as legal malpractice or breach of fiduciary duty, the plaintiff has the burden of proving damages.[1]

Actual loss is an element of the tort of legal malpractice. Therefore, the plaintiff must prove that [he/she] in fact suffered harm or loss as a result of the defendant attorney's negligence. The plaintiff must prove by a preponderance of the evidence that if the defendant attorney had exercised adequate skill and care, the plaintiff would have obtained a better result.[2]

Approved _____    Disapproved _____

---

[1] *Van Brode Group, Inc. v. Bowditch & Dewey*, 36 Mass.App.Ct. 509, 517, 633 N.E.2d 424, 429 (1994) (citations omitted). *See also Zimmerman v. Bogoff*, 402 Mass. 650, 651, 524 N.E.2d 849, 850 (1988); *Brady v. Nestor,* 398 Mass. 184, 188–90, 496 N.E.2d 148, 150–52 (1986).

[2] *Fishman v. Brooks,* 396 Mass. 643, 647, 487 N.E.2d 1377, 1380 (1986).

## INSTRUCTION NO. 29

**ATTORNEY-CLIENT RELATIONSHIP**

**EMOTIONAL DISTRESS - LOSS OF LIBERTY**

The plaintiff is entitled to recover for emotional distress as an element of the

damages caused by the defendant attorney's negligence only where that negligence

resulted in a loss of liberty to the plaintiff.[1]


Approved _____          Disapproved _____

---

[1] *Wagenmann v. Adams*, 829 F.2d 196, 221–22 (1st Cir. 1987); *Wehringer v. Powers & Hall, P.C.*, 874 F.Supp. 425, 428 (D.Mass. 1995). *See* 2 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 19.11 (4th ed. 1996) ("The prevailing rule is that damages for emotional injuries are not recoverable if they are a *consequence* of other damages caused by the attorney's negligence.").

## INSTRUCTION NO. 30

### FALSE IMPRISONMENT IN GENERAL

False imprisonment is the intentional and unlawful confinement of a person,

directly or indirectly, of which the person confined is conscious or by which the person

is harmed.[1]


Approved _____      Disapproved _____

---

[1] *Noel v. Town of Plymouth,* 895 F.Supp. 346, 354 (D.Mass. 1995); *see Sarvis v. Boston Safe Deposit and Trust*, 47 Mass.App.Ct. 86, 97-98, 711 N.E.2d 911, 919, *further app. rev. denied*, 430 Mass. 1106, 717 N.E.2d 1015 (1999).

## INSTRUCTION NO. 31

### FALSE IMPRISONMENT - ELEMENTS

The plaintiff has brought a claim alleging that the defendant is liable for false imprisonment.  To prove false imprisonment, the plaintiff must prove the following elements by a fair preponderance of the evidence:

1.    that the defendant unlawfully confined the plaintiff, directly or indirectly;

2.    that the defendant intentionally confined the plaintiff; and

3.    that the plaintiff was either conscious of the confinement or harmed by the confinement.[1]

**Confinement**

The confinement need not be substantial; unlawful restraint of a person's freedom of movement is sufficient.[2]

Approved _____        Disapproved _____

_____

[1] Restatement (Second) Torts § 35, False Imprisonment. *See Noel v. Town of Plymouth*, 895 F.Supp. 346, 354 (D.Mass. 1995) ("The tort of false imprisonment consists in the (1) intentional and (2) unlawful (3) confinement of a person, (4) directly or indirectly (5) of which the person confined is conscious or is harmed by such confinement") (citing *Santiago v. Fenton*, 891 F.2d 373, 383 (1st Cir. 1989) and *Wax v. McGrath*, 255 Mass. 340, 342, 151 N.E. 317, 318 (1926)).

[2]*Rogers v. Okin*, 478 F.Supp. 1342, 1383 (D.Mass. 1979), *aff'd in part, rev'd in part*, 634 F.2d 650 (1st Cir. 1980), *cert. granted*, 451 U.S. 906 (1981), *vacated and remanded sub nom. Mills v. Rogers*, 457 U.S. 291 (1982), *on remand, Rogers v. Okin*, 738 F.2d 1 (1st Cir. 1984).

## INSTRUCTION NO. 32

**FALSE IMPRISONMENT**

**DAMAGES**

In an action for false imprisonment, the defendant is liable for the damages that are the direct result of [his/her] wrongful conduct. Such damages include the value of time spent in confinement.[1]

Such damages also include bodily suffering, if any, and injuries to the plaintiff's feelings occasioned by the wrongful act.[2] The plaintiff may recover for [his/her] emotional distress, if any, including shame, humiliation, and mental anguish.[3]

Approved _____      Disapproved _____

---

[1] *Bilodeau v. Maffei,* 309 Mass. 237, 238, 34 N.E.2d 687, 688 (1941).

[2] *Tyler v. Pomeroy*, 90 Mass. (8 Allen) 480, 505 (1864).

[3]*Foley v. Polaroid Corp*., 400 Mass. 82, 92–93, 508 N.E.2d 72, 78 (1987).

## INSTRUCTION NO. 33

### BREACH OF FIDUCIARY DUTY

A fiduciary duty is defined as a duty of utmost good faith and loyalty.[1]

A fiduciary duty exists in conjunction with an express agreement or agency relationship that carries express obligations to act in the best interests of others.  An attorney-client relationship is one category of fiduciary relationship.[2]  Fiduciary duty arises when the plaintiff reposes faith, confidence and trust in the defendant's judgment and advice, and when the defendant knows that the plaintiff will rely on his services.[3]

One owing a fiduciary duty to others may not use this position of authority for self-gain.  A plaintiff is entitled to recover on a breach of fiduciary duty claim when the defendant owed her a fiduciary duty, the fiduciary duty to her was breached, the defendant caused the breach of his fiduciary duty and the plaintiff incurred damages as a result of the defendant's breach of his fiduciary duty.[4]

Approved _____     Disapproved _____

---

[1] Vakil v. Anesthesiology Assoc. of Taunton, Inc., 51 Mass.App.Ct. 114, 118 (2001).

[2] *Van Brode Group, Inc. v. Bowditch & Dewey*, 36 Mass.App.Ct. 509, 633 N.E.2d 424 (Mass.App.Ct. 1994).

[3] *Van Brode Group, Inc., supra.*

[4] *Hanover Ins. Co. v. Sutton,* 46 Mass.App.Ct. 153, 164 n.18 (1999); *Rutanen v. Ballard,* 424 Mass. 723, 731 (1997); *Bowen v. Richardson,*133 Mass. 293, 296 (1882).

## INSTRUCTION NO. 34

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**ELEMENTS IN GENERAL**

In this case, the plaintiff is claiming that the defendant intentionally or recklessly caused infliction of emotional distress when defendant Kelly confined plaintiff to Sunbridge against her wishes, when he refused to discharge plaintiff from the nursing home, when he had himself appointed her guardian and when he failed to fulfill his obligations to her as a fiduciary and when defendant Sunbridge failed to provide acceptable nursing care to Runge; failed to comply with federal regulations relating to care; failed to provide medical care to Runge that she requested; threatened or forced Runge to take certain medications that Sunbridge knew Runge did not want to take; and detained Runge on April 29 and 30, 2003 at the unauthorized direction of Kelly.

In order to recover, the plaintiff must prove by a preponderance of the evidence that:

1.      the defendant intended to inflict emotional distress or that the defendant, knew or should have known that emotional distress was likely to result from his conduct;

2.      the defendant's conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community;

3.      the defendant's conduct caused the plaintiff's emotional distress, and

124373

47

4.       the emotional distress suffered was severe and of a nature that no

reasonable person could be expected to endure it.[1]

It is not necessary for the plaintiff to prove that physical injury resulted from the

severe emotional distress.[2]

**Intent**

In order to prove intentional infliction of severe emotional distress, the plaintiff

must prove that the defendant acted either with the desire or knowledge that emotional

distress would result from his conduct or that he should have known that his conduct

would cause the plaintiff to suffer emotional distress.[3]

**Extrement and Outrageous Conduct**

"Extreme and outrageous" conduct is more than just workaday insults, hurt

feelings from bad manners, annoyances, or petty oppressions. "Outrageousness" means

a high order of recklessness, ruthlessness or deliberate malevolence.[4]

What is extreme and outrageous is for you to consider, given all the facts. For

instance, outrageous behavior may be found by a repeated series of incidents, even if

those incidents, when taken individually, might not be sufficiently extreme. Also,

conduct otherwise reasonable may give rise to liability when it is directed at a person

known to the defendant to be particularly susceptible to emotional distress because of

some physical or emotional vulnerability.[5]

Approved _____       Disapproved _____

1 *Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 465–66, 681 N.E.2d 1189, 1196–97 (1997); *Foley v. Polaroid Corp.*, 400 Mass. 82, 99–100, 508 N.E.2d 72, 82 (1987); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144–45, 355 N.E.2d 315, 318–19 (1976); *Cady v. Marcella*, 49 Mass.App.Ct. 334, 340-41, 729 N.E.2d 1125, 1131 (2000); *Brown v. Nutter, McClennen & Fish*, 45 Mass.App.Ct. 212, 218, 696 N.E.2d 953, 957 (1998); *Conway v. Smerling*, 37 Mass.App.Ct. 1, 8, 635 N.E.2d 268, 273 (1994).

2 *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144, 355 N.E.2d 315, 318 (1976). *See also Simon v. Solomon*, 385 Mass. 91, 95, 431 N.E.2d 556, 561 (1982).

3*Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 465–66, 681 N.E.2d 1189, 1196–97 (1997); *Simon v. Solomon*, 385 Mass. 91, 96–97, 431 N.E.2d 556, 562 (1988); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144–45, 355 N.E.2d 315, 318 (1976); *George v. Jordan Marsh Co.*, 359 Mass. 244, 255, 268 N.E.2d 915, 921 (1971).

4 *Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 465–66, 681 N.E.2d 1189, 1196–97 (1997); *Foley v. Polaroid Corp.*, 400 Mass. 82, 99–100, 508 N.E.2d 72, 82 (1987); *Boyle v. Wenk*, 378 Mass. 592, 595, 392 N.E.2d 1053, 1055–56 (1979); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144–45, 355 N.E.2d 315, 319 (1976); *Conway v. Smerling*, 37 Mass.App.Ct. 1, 8–9, 635 N.E.2d 268, 273 (1994).

5 *Bresnahan v. McAuliffe*, 47 Mass.App.Ct. 278, 282–83, 712 N.E.2d 1173, 1176–77 (1999) (parents had a reasonable expectation of proving at trial that the funeral home's communications and conduct in providing funeral services for their stillborn child were extreme and outrageous); *Brown v. Nutter, McClennen & Fish*, 45 Mass.App.Ct. 212, 218–19, 696 N.E.2d 953, 957–58 (1998) (legal secretary's allegations that her longtime supervisor had caused her to engage in illegal conduct for his own benefit and had continued to contact her despite her requests that he stop created a triable issue); *Boyle v. Wenk*, 378 Mass. 592, 595–96, 392 N.E.2d 1053, 1055–56 (1979); *George v. Jordan Marsh Co.*, 359 Mass. 244, 254–55, 268 N.E.2d 915, 921 (1971); *see also Simon v. Solomon*, 385 Mass. 91, 96–97, 431 N.E.2d 556, 561–62 (1982).

## INSTRUCTION NO. 35

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**DAMAGES**

If you find that the plaintiff has satisfied each and every element of her claim for intentional infliction of emotional distress, you must consider the issue of damages. The rule of damages is a practical instrumentality for the administration of justice. Its object is to afford the equivalent in money for the actual loss caused by the wrong of another. You must consider what amount of money would be full, fair and reasonable based on all the evidence. The amount of damages should be based on just and reasonable inferences, even though there may be an element of uncertainty in your determination.[1]

Approved _____     Disapproved _____

_____

[1] *Rombola v. Cosindas,* 351 Mass. 382, 385, 220 N.E.2d 919, 922 (1966); *Agoos Leather Co. Inc. v. American & Foreign Ins. Co.*, 342 Mass. 603, 608, 174 N.E.2d 652, 655 (1962); *Daniels v. Celeste*, 303 Mass. 148, 150, 21 N.E.2d 1, 2 (1939); *Sullivan v. Old Colony St. Ry. Co.*, 197 Mass. 512, 516, 83 N.E. 1091, 1092 (1908).

## INSTRUCTION NO. 36

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

A plaintiff is entitled to recover on a claim of negligent infliction of emotional distress when she shows that she suffered emotional distress as a result of the defendant's negligence; she suffered physical harm manifested by objective symptomatology; and a reasonable person would have suffered emotional distress under the circumstances.[1]

A medical expert's testimony is not necessary to establish claims for emotional distress. The plaintiff must still, however, provide sufficient evidence to support her claim of harm.  Objective evidence from the plaintiff might include demonstrating that she suffers from some combination of tension headaches, concentration and reading problems, sleeplessness, upset stomach, nightmares, depression, shortness of breath, uncontrollable crying spells, anger and anxiety.

Approved _____     Disapproved _____

---

[1] *Godette v. Stanley*, 490 F.Supp.2d 72 (D. Mass. 2007).

124373                                   51

**INSTRUCTION NO. 37**

**ASSAULT AND BATTERY**

The law protects the physical integrity of every person from all unnecessary and unwarranted violation or interference.[1]

Battery occurs when a person is the recipient of an unconsented to, intentional, harmful or offensive touching of another without any right to do so.[2]  An act is intentional when done for the purpose of accomplishing the result or with knowledge that such a result will ensue to substantial certainty.[3]

Any intentional use of force upon the person of another is a "battery." So, the least intentional touching of the person by another, if accompanied by an intentional use or display of force such as would give the victim reason to fear or expect immediate bodily harm, constitutes a "battery."[4]

Assault is attempted battery or immediately threatened battery.[5]


Approved _____         Disapproved _____

---

[1] *Federal Jury Practice And Instructions*, Part VI. Instructions for Civil Diversity Cases, Chapter 121. Claims for Injuries to Persons—Intentional Torts, B. Assault and Battery (2007).

[2] *Coxall v. Gonfrade*, 1995 WL 1146819 (Mass.Super. 1995) (citing *Waters v. Blackshear*, 412 Mass. 589, 591 N.E.2d 184 (Mass. 1992).

[3] *In re Limieux*, 306 B.R. 433 (Bkrtcy.D.Mass. 2004) (citing *Waters, supra*.).

[4] *Federal Jury Practice And Instructions*, Part VI. Instructions for Civil Diversity Cases, Chapter 121. Claims for Injuries to Persons—Intentional Torts, B. Assault and Battery (2007).

[5] *Coxall, supra*.

124373                                    52

## INSTRUCTION NO. 38

### NEGLIGENCE

In this case the plaintiff is claiming that Defendant Sunbridge acted negligently in the following ways: by failing to provide acceptable nursing care to Runge; by failing to comply with federal regulations relating to care; by failing to provide medical care to Runge that she requested; by threatening or forcing Runge to take certain medications that Sunbridge knew Runge did not want to take; and by detaining Runge on April 29 and 30, 2003 at the unauthorized direction of Kelly.

Also in this case, the plaintiff is claiming Defendant Kelly acted negligently in the following ways: by misrepresenting his status as Runge's prior attorney Peter Kerr's legal partner; by having Runge admitted to Sunbridge without her knowledge or informed consent; by refusing to discuss alternate living arrangements with Runge or her daughter, despite Runge's request to do so; by improperly attempting to or actually activating Runge's healthcare proxy; by consenting to the administration of antipsychotic medication to Runge; by arranging with Sunbridge and Dr. Bloomingdale an examination of Runge after his, Kelly's, services had been discharged; by directing Sunbridge to detain Runge on April 29 and 30, 2003; through his unauthorized actions in freezing Runge's bank accounts; by filing a petition for guardianship of Runge; by paying money out of Runge's bank accounts to himself and others; by operating under an improper conflict of interest; and by relying on the Massachusetts Rules of Professional Conduct to justify his conduct. [1]

In order to recover in this lawsuit, the plaintiff has the burden of proving by a preponderance of the evidence the following four elements:

First, the plaintiff must prove that the defendant owed her a duty of care.

Second, the plaintiff must prove that the defendant breached that duty of care or in other words was negligent.[2]

Third, the plaintiff must prove that she suffered injury or harm.

Fourth, the plaintiff must prove that the defendant's breach of duty was a cause of the plaintiff's injury or harm.

**Duty**

You are instructed that as a matter of law the defendant owed the plaintiff a duty to exercise the care which the circumstances reasonably required.

**Definition of Negligence**

The law defines negligence as the failure of a person to exercise that degree of care which a reasonable person would exercise in the circumstances.[3]

Negligence is doing something that a reasonably prudent person in the ordinary course of human events would not do, or failing to do something that a reasonable person of ordinary prudence would do.[4]

**Breach**

Since there is a duty to exercise [reasonable] care, the plaintiff must prove by a preponderance of the evidence that the defendant failed to exercise the required amount of care.[5]

The standard of care in negligence cases is how a person of reasonable prudence would act in similar circumstances.[6]

**Compare Defendant's Conduct to a Reasonable Person**

Your determination of how a prudent person should act in these circumstances will form the basis of what is reasonable care under the facts of this case. In this case plaintiff is alleging that defendant Kelly did not act reasonably and prudently in fulfilling the duties he owed to Ms. Runge as her attorney and fiduciary in his exercise of the healthcare power of attorney, refusing her discharge from Sunbridge, and appointment of himself as guardian and the inappropriate payment to himself and others out of Ms. Runge's funds.  In this case, plaintiff is also alleging that defendant Sunbridge did not act reasonably and prudently in the following ways:  by failing to provide acceptable nursing care to Runge; by failing to comply with federal regulations relating to care; by failing to provide medical care to Runge that she requested; by threatening or forcing Runge to take certain medications that Sunbridge knew Runge did not want to take; and by detaining Runge on April 29 and 30, 2003 at the unauthorized direction of Kelly.

After making this determination, you are to compare the standard of reasonable care of a prudent person with the type of care exercised by this defendant.  In determining whether or not the defendant acted with reasonable care, you are to consider not only whether he knew of the risks involved, but also whether she should have known of the risks.

The test is an objective one.[7]

If you find that the defendant did exercise the amount of care which a prudent person would exercise under the same circumstances, namely, reasonable care, then you must find that the defendant did not breach his duty of reasonable care to the plaintiff, and your verdict will be for the defendant. If, however, you find that the defendant did not exercise the amount of care which a reasonably prudent person would have exercised under the same circumstances, then you must find that the defendant breached his duty of care to the plaintiff.

**Agency**

An employer is responsible for the negligence of [his/her] employee if the employee was negligent while acting within the scope of [his/her] employment. In determining whether the conduct was within the scope of a person's employment, you may take into account whether it was the type of conduct that [he/she] was employed to perform, whether the conduct occurred substantially within the authorized time and space limits, and whether it was motivated, at least in part, by a purpose to serve the employer.[8]

**Causation**

If you decide that the defendant was negligent, you must then consider whether the defendant's negligent conduct caused or worsened[9] the plaintiff's injuries. Even if you find that the defendant was negligent, he is not liable to the plaintiff unless [his/her] negligence caused the plaintiff's harm.[10] To meet his burden, the plaintiff need only show that there was greater likelihood or probability that the harm complained of was due to causes for which the defendant was responsible than from any other cause.[11]

The defendant's conduct was the legal cause of the plaintiff's injury if it was a substantial factor in bringing it about [and without which the harm would not have occurred. In other words, if the harm would have occurred anyway, the defendant is not liable].[12]

It does not matter whether other concurrent causes contributed to the plaintiff's injuries so long as you find that the defendant's conduct was a substantial factor. The plaintiff also has the burden of proving by the preponderance of the evidence that the defendant's negligence substantially contributed to causing the plaintiff's injury. The plaintiff does not have to prove that the defendant's negligence was the only or predominant cause of the injury. If two or more factors, which operated concurrently, contributed to the plaintiff's injury, so that in effect the damages suffered were inseparable, then it is enough for the plaintiff to prove that the defendant's negligence was a substantial contributing factor in causing the injury.[13]

By "substantial" I mean that the defendant's contribution to the harmful result, i.e., the defendant's negligence, was not an insignificant factor. The defendant's negligence must contribute significantly to the result; it must be a material and important ingredient in causing the harm. If the defendant's negligence was a substantial factor, then it is considered a legal cause of the plaintiff's injury, and the plaintiff is entitled to recover. If it was not a substantial factor, if the negligence was only slight, insignificant, or tangential to causing the harm, then even though you may have found the defendant negligent, he cannot be held liable to pay damages to the plaintiff on this claim.[14]

Furthermore, to establish causation, the plaintiff must show that the harm was reasonably foreseeable to a person in the defendant's position at the time of the defendant's negligence. The plaintiff does not have to establish that the defendant foresaw, or should have foreseen, the exact manner in which the harm occurred; but she must show that this harm was a natural and probable consequence of the defendant's negligence.[15]

What that means is that the plaintiff is not required to show the exact cause of her injuries or to exclude all possibility that they resulted without the fault of the defendant.[16]

What the plaintiff must show is that the harm was more likely due to the defendant's negligence than to some other cause.[17] The fact that the defendant, at the time of the negligent conduct, neither realized nor should have realized that it might cause harm to another in the particular manner in which the harm occurred, is not of itself sufficient to prevent the defendant from liability if the conduct was negligent and was a substantial factor in bringing about the harm. If the defendant should have realized that her conduct might cause harm to another in substantially the manner in which it was brought about, the harm is regarded as the legal consequence of the defendant's negligence.

**Damages**

The fourth element the plaintiff must prove is damages. You will only reach the issue of damages if you find that the defendant was negligent and that the defendant's negligence caused injury to the plaintiff.

As with all the other elements, the plaintiff bears the burden of proving her damages by a fair preponderance of the evidence.[18]

The purpose of the law in awarding damages is to compensate an injured person for the losses incurred because of another person's negligent conduct.[19]

The object is to try to restore the person to the position she would have been in had the wrong not occurred. The purpose is not to reward the plaintiff and not to punish the defendant. Damages are to be awarded to the plaintiff as a fair and reasonable compensation for the legal wrong done to [him/her] by the defendant.

You must put aside your personal feelings during your deliberations and decide this case as the evidence and law dictate.[20]

There is no special formula under the law to assess the plaintiff's damage. It is your obligation to assess what is fair, adequate, and just. You must use your wisdom and judgment and your sense of basic justice to translate into dollars the amount which will fairly and reasonably compensate the plaintiff for her injuries. You must be guided by your common sense and your conscience.

In determining the amount of damages which the plaintiff is entitled to recover, there are certain areas which you should take into consideration.

**Pain and Suffering**

The first area is pain and suffering. Pain and suffering are of two types: physical pain and suffering, and mental pain and suffering.[21]

For physical pain and suffering, you are to consider the areas of the body in which you find the plaintiff physically injured. You are to take into account the past

pain and suffering endured by the plaintiff since the date of the injuries, the present pain and suffering caused by the injuries, and any future pain and suffering which were proved with reasonable medical probability.[22]

Mental pain and suffering includes any and all nervous shock, anxiety, embarrassment, or mental anguish resulting from the injury.[23]

Also, you should take into account past, present, and probable future mental suffering.

Taking into consideration the nature of the injury, you are to determine what would be a fair and reasonable figure to compensate the plaintiff. You may consider the extent to which the plaintiff's injuries have caused her a loss of pleasures which she otherwise probably would have had in the form of work or play or family life or whatever. The plaintiff is entitled to full compensation for any reduction in the enjoyment of life which you conclude has resulted or probably will result from this accident.

You should also consider and allow a fair, reasonable sum for any permanent condition caused or resulting to the plaintiff as a result of the defendant's wrong. This could include any permanent marks or permanent loss of bodily function. You must determine what amount will fairly and reasonably compensate for that loss.

To arrive at a monetary figure for the plaintiff's pain and suffering, you must use your own good sense, background, and experience in determining what would be a fair and reasonable figure to compensate for past, present, and future suffering such as you find has been proved by the evidence.

124373

60

**Medical Expenses**

The next area of damages which you are to consider is medical, hospital, and nursing expenses incurred by the plaintiff on account of her injuries.[24]

The plaintiff is entitled to be compensated for those expenses which were reasonable in amount and which were reasonably necessary. Therefore, you must determine whether the expense was reasonably related to the treatment and care of the plaintiff, and whether the charge itself was reasonable.

You may also consider and allow the plaintiff a fair, reasonable sum for damages that reasonably are to be expected in the future as a result of the accident.[25]

The plaintiff is entitled to recover for whatever expenses she proves are reasonably required to diagnose and treat any condition brought on by the accident or the resulting injuries. The plaintiff is entitled to recover for the reasonable costs of cure, alleviation of suffering or limitation, and control of disability related to the accident.

**Calculating Total Damages**

Once you have calculated each of these areas of damages, pain and suffering, past medical expenses, any future medical expenses, past diminution of earning capacity, and any future diminution of earning capacity, you should add up each of these damages to arrive at the total award. There must not be any overlapping of the various elements constituting the damages. The total sum must be fair compensation for the entire injury, no more and no less.[26]

Approved _____        Disapproved _____

_____

[1]The trial judge is required to refer generally to the attendant circumstances in explaining negligence to the jury. *O'Leary v. Jacob Miller Co.*, 19 Mass.App.Ct. 947, 948, 473 N.E.2d 200, 201 (1985) (rescript).

In general, Massachusetts still follows the view that in order to recover for mental suffering caused by negligent conduct, a plaintiff must also suffer physical injury or harm. *Sullivan v. Boston Gas Co.*, 414 Mass. 129, 137–38, 605 N.E.2d 805, 810 (1993); *Payton v. Abbott Labs.*, 386 Mass. 540, 557, 437 N.E.2d 171, 181 (1982). When recovery is sought for negligent rather than intentional or reckless infliction of emotional distress, evidence must be introduced that the plaintiff has suffered physical harm. The court based its holding on the premise that emotional distress is not a reasonably foreseeable result of a defendant's merely negligent conduct. This is also the view presented in Restatement (Second) of Torts § 436 (1965) (with the exception of a few special fact patterns do allow recovery absent physical injury).

However, where it is reasonably foreseeable that emotional distress will occur (absent physical harm) because of a defendant's conduct, recovery has been allowed in the following cases: *Dziokonski v. Babineau*, 375 Mass. 555, 380 N.E.2d 1295 (1978) (parent witnesses an accident in which [his/her] child was involved or comes upon the scene while the child is there); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 143–45, 355 N.E.2d 315, 317–18 (1976) (intentional or recklessly inflicted emotional distress is foreseeable); *see also Colla v. Mandella*, 1 Wis.2d 594 (1957) (discussed with approval in *Payton v. Abbott Labs.*, 386 Mass. 540, 554, 437 N.E.2d 171, 179–80 (1982)) (plaintiff subjected to the threat of serious bodily harm).

[2] The question of negligence is ordinarily one of fact for the jury to decide. The issue may only be taken from the jury when no rational view of the evidence could warrant a finding that the defendant was negligent. *Irwin v. Town of Ware*, 392 Mass. 745, 764, 467 N.E.2d 1292, 1305 (1984); *Goldstein v. Gontarz*, 364 Mass. 800, 804, 309 N.E.2d 196, 199–200 (1974).

[3]*Morgan v. Lalumiere*, 22 Mass.App.Ct. 262, 267, 493 N.E.2d 206, 210, *review denied*, 398 Mass. 1103, 497 N.E.2d 1096 (1986) (instruction on negligence must refer to reasonable person standard and to attendant circumstances).

[4] *Massachusetts Lobstermen's Assoc., Inc. v. United States*, 554 F.Supp. 740, 742 (D.Mass. 1982). *Altman v. Aronson*, 231 Mass. 588, 591, 121 N.E. 505, 506 (1919); *Beaver v. Costin,*

352 Mass. 624, 626, 227 N.E.2d 344, 345–46 (1967). *Goldstein v. Gontarz*, 364 Mass. 800, 805, 309 N.E.2d 196, 200 (1974).

[5] *Brown v. Kendall*, 60 Mass. (6 Cush.) 292 (1850), *Perry v. Medeiros*, 369 Mass. 836, 343 N.E.2d 859 (1976).

[6] *Kane v. Fields Corner Grille*, 341 Mass. 640, 642, 171 N.E.2d 287, 289–90 (1961). *Goldstein v. Gontarz*, 364 Mass. 800, 805, 309 N.E.2d 196, 200 (1974); *Adams v. Dunton*, 284 Mass. 63, 66–67, 187 N.E. 90, 91–92 (1933); *Clough v. New England Tel. & Tel. Co.*, 342 Mass. 31, 35, 172 N.E.2d 113, 115 (1961); *Gelinas v. New England Power Co.*, 359 Mass. 119, 124, 268 N.E.2d 336, 339 (1971); Restatement (Second) of Torts § 298 cmt. b (1965).

[7] *Romano v. Massachusetts Port Auth.*, 3 Mass.App.Ct. 765, 330 N.E.2d 495 (1975) (rescript) and Restatement (Second) of Torts § 290 (1965).

[8] *Worcester Ins. Co. v. Fells Acres Day Sch., Inc.*, 408 Mass. 393, 404, 557 N.E.2d 958, 966–67 (1990); *Swasey's Case*, 8 Mass.App.Ct. 489, 494, 395 N.E.2d 884, 887 (1979).

[9] *Simmons v. Monarch Mach. Tool Co.*, 413 Mass. 205, 212, 596 N.E.2d 318, 323 (1992) (liability attaches where defect enhances the injuries a person sustains in an otherwise foreseeable accident).

[10] Restatement (Second) of Torts § 430 (1965).

[11] *Mullins v. Pine Manor Coll.*, 389 Mass. 47, 58, 449 N.E.2d 331, 338–39 (1983) (citing *McLaughlin v. Bernstein*, 356 Mass. 219, 226, 249 N.E.2d 17, 22 (1969)).

[12] The bracketed portions are applicable only in cases of "but for" causation. "But for" causation does not apply in cases of concurrent causes, each of which are sufficient to bring about a harm to the plaintiff. Restatement (Second) of Torts § 432 (1965). For example, two fires merge and the combined fire destroys the plaintiff's property, although either fire would have done so alone. In concurrent cause cases, regardless of whether the concurring acts of others were negligent, the "substantial factor" test must be used. *O'Connor v. Raymark Indus., Inc.*, 401 Mass. 586, 591 518 N.E.2d 510, 512–13 (1988). The authors note that charging on 'but-for' causation is inappropriate in many cases, and would prefer the following instead of the bracketed language: " . . . the harm for which the plaintiff claims damages."

[13] *See O'Connor v. Raymark Indus., Inc.*, 401 Mass. 586, 591–92, 518 N.E.2d 510, 512–13 (1988) (asbestos case).

[14] *O'Connor v. Raymark Indus., Inc.*, 401 Mass. at 592, 518 N.E.2d at 513.

[15] *Hill v. Winsor*, 118 Mass. 251, 259 (1875); *Lane v. Atl. Works,* 111 Mass. 136, 139–40 (1872).

[16] *McLaughlin v. Bernstein*, 356 Mass. 219, 249 N.E.2d 17 (1969); *Edwards v. Boland*, 41 Mass.App.Ct. 375, 670 N.E.2d 404 (1996); *Woronka v. Sewall*, 320 Mass. 362, 365, 69 N.E.2d 581, 582–83 (1946).

[17] *Evangelico v. Metro. Bottling Co.*, 339 Mass. 177, 180, 158 N.E.2d 342, 343–44 (1959); *Roscigno v. Colonial Beacon Oil Co.*, 294 Mass. 234, 200 N.E. 883 (1936).

[18] W. P. Keeton, *Prosser and Keeton on Torts* § 54, at 359–67 (5th ed. 1984).

[19] *Sullivan v. Old Colony St. Ry.*, 200 Mass. 303, 308, 86 N.E. 511, 511 (1908).

[20] *Roy v. Volkswagen of Am., Inc.*, 896 F.2d 1174 (9th Cir. 1990); *see also Edwards v. Sears, Roebuck & Co.,* 512 F.2d 276 (5th Cir. 1975).

[21] *Rodgers v. Boynton*, 315 Mass. 279, 280, 52 N.E.2d 576, 577 (1943).

[22] This is also the view presented in Restatement (Second) of Torts § 436 (1965). However, a few special fact patterns do allow recovery absent physical injury.

[23] W. P. Keeton, *Prosser and Keeton on Torts* § 54, at 359–66 (5th ed. 1984).

[24]  *Rodgers v. Boynton*, 315 Mass. 279, 280, 52 N.E.2d 576, 572 (1943).

[25] *Griffin v. Gen. Motors Corp.*, 380 Mass. 362, 366, 403 N.E.2d 402, 405 (1980); *Cross v. Sharaffa*, 281 Mass. 329, 331–32, 183 N.E. 838, 838–39 (1933); *Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

[26] *Rodgers v. Boynton*, 315 Mass. 279, 281, 52 N.E.2d 576, 577 (1943).

## INSTRUCTION NO. 39

### GROSS NEGLIGENCE—PUNITIVE DAMAGES

The administrator/executor has alleged that the defendant caused the decedent's death by gross negligence. The administrator/executor has the burden of proving gross negligence by a preponderance of the evidence. When you are determining whether the defendant's conduct was gross negligence, remember the instructions on causation which I gave you earlier.

Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character, as distinguished from a mere failure to exercise ordinary care. It is very great negligence or the absence of slight diligence or the want of even scant care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a needless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence, but is something less than willful, wanton, and reckless conduct. It falls short of being such reckless disregard of probable consequences as is equivalent to a willful and intentional wrong. Ordinary and gross negligence differ in degree of inattention.

124373

Both differ in kind from willful and intentional conduct which is or ought to be known to have a tendency to injure.[1]

Some of the common indicia of gross negligence are "deliberate inattention or . . . voluntary incurring of obvious risk or . . . impatience of reasonable restraint or . . . persistence in a palpably negligent course of conduct over an appreciable period of time."[2]

If you determine that decedent's death was a result of the defendant's gross negligence, then the statute allows you to award punitive damages. If you find the defendant grossly negligent, then you are not to take into account the decedent's negligence, if any, in assessing punitive damages.[3]

Punitive damages are to be awarded in addition to the compensatory damages on which I instructed you earlier. Punitive damages are awarded to punish the defendant and deter future wrongdoing, not to compensate particular harmed individuals.

[The statute sets minimum punitive damages at $5,000.]

Approved _____        Disapproved _____

---

1 *Altman v. Aronson*, 231 Mass. 588, 591–92, 121 N.E. 505, 506 (1919). For a thorough discussion of willful, wanton, and reckless conduct, see *Commonwealth v. Welansky*, 316 Mass. 383, 398–401, 55 N.E.2d 902, 910–12 (1944). *See also Carroll v. Hemenway*, 315 Mass. 45, 51 N.E.2d 952 (1943) *and Baines v. Collins*, 310 Mass. 523, 38 N.E.2d 626 (1942).

2 *Pruzynski v. Malinowski*, 338 Mass. 58, 60, 153 N.E.2d 640, 641 (1958) (quoting *Lynch v. Springfield Safe Deposit & Trust Co.*, 294 Mass. 170, 172, 200 N.E. 914, 915 (1936)).

3 *Lane v. Meserve*, 20 Mass.App.Ct. 659, 664, 482 N.E.2d 530, 533 (1985).

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated:  June 16, 2008                By_____/s/ Glenn R. Davis_____
                                          Glenn R. Davis
                                          1700 Bent Creek Boulevard, Suite 140
                                          Mechanicsburg, PA 17050
                                          (717) 620-2424
                                          gdavis@ldylaw.com
                                          *Pro Hac Vice*

                                          Blake J. Godbout, BBO #196380
                                          BLAKE J. GODBOUT
                                          & ASSOCIATES
                                          33 Broad Street, 11th Floor
                                          Boston, MA  02109
                                          (617) 523-6677

                                          Attorneys for Plaintiff, Dorothy Stanley,
                                          Executrix of the Estate of Helen A. Runge

124373

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing document was served upon the

attorney of record for each party by electronic transmission.

               Michele Carlucci
               George S. Rockas
               Wilson Elser Moskowitz Edelman & Dicker LLP
               155 Federal Street
               Boston, MA 02110
               michele.carlucci@wilsonelser.com
               george.rockas@wilsonelser.com

               Michael Williams
               Lawson & Weitzen, LLP
               88 Black Falcon Avenue, Suite 145
               Boston, MA 02210-1736
               mwilliams@lawson-weitzen.com

Dated:  June 16, 2008           By____/s/ Glenn R. Davis_____
                               Glenn R. Davis

124373