UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOROTHY STANLEY, as Executrix of the
ESTATE of HELEN RUNGE,

    *Plaintiff,*

v.

WALTER J. KELLY; KERRY L.
BLOOMINGDALE, M.D.; and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,

    *Defendants.*

Civil Action No. 05-10849-RGS

**DEFENDANT KELLY'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY AND STATEMENTS OF VIVIAN JOHNSON, GINA FORD, JOHN VANDENBURGH, ROSEMARIE CASS, KATHY CROUCH/COUCHE. JAMES OKEYWEKE, PRIMUS CHALON, ELLEN RICHWINE AND AL WILKINS**

    NOW COMES the Defendant Walter Kelly and opposes Plaintiff's Motion *In Limine* to Preclude Testimony and Statements of Vivian Johnson, Gina Ford, John Vandenburgh, Rosemarie Cass, Kathy Crouch/Couch, James Okeyweke, Primus Chalon, Ellen Richwine and Al Wilkins, all of whom were Sunbridge employees at the relevant time. Defendant Kelly only intends to call Kathy Crouch, Primus Chalon, Ellen Richwine and Al Wilkins. The remainder of individuals which are the subject of plaintiff's motion *in limine* were not on Defendant's witness list, and Defendant does not intend to call them.

    Plaintiff argues that these Sunbridge employees should be precluded from testifying at trial because Defendant Sunbridge withheld statements as confidential information protected by Massachusetts' medical peer review statute and on the bases of the attorney-client privilege and work product doctrine. These statements were withheld from Defendant Kelly as well, and Defendant Kelly should not be precluded from calling these witnesses. Al Wilkins, activities

122289.1

director, and Primus Chalon had interactions with Gilbert and Dorothy Stanley as they removed Helen Runge from Sunbridge.  Kathy Couch was the Unit Manager of Helen Runge's unit at Sunbridge and Ellen Richwyne was the Director of Social Services at Sunbridge.  All of these witnesses have relevant and admissible testimony necessary to Defendant Kelly's defense.  The fact that neither Defendant Kelly nor the Plaintiff has seen privileged statements withheld by Sunbridge is not relevant to whether Defendant Kelly may call them at witnesses at the trial of this matter.

Sunbridge did not disclose statements of these witnesses claiming that they were protected by the Massachusetts medical peer review, which provides that "proceedings, reports and records of a medical peer review committee shall be confidential and shall be exempt from the disclosure of public records". M.G.L. c. 111, § 204.  Plaintiff argues that the testimony of the witnesses is also protected and inadmissible.  However, there is no support for this argument.  The statute does not apply to the testimony sought, as Defendant will elicit the witnesses' knowledge and observations of Helen Runge, the guardianship petition and the Stanleys removal of Helen Runge from Sunbridge, which has nothing to do with a medical peer review.  Moreover, even if it did apply, the statute specifically provides that "[a] person who testifies before such committee or who is a member of such committee shall not be prevented from testifying as to matters known to such person independent of the committee's proceedings…" M.G.L. c. 111 § 204(c).

122289.1

WHEREFORE, this Court should deny Plaintiff's motion to preclude the Sunbridge employees from testifying.

Respectfully submitted,

The Defendant, Walter J. Kelly,

By his attorneys,

*s/ Michele Carlucci*
George C. Rockas, BBO #544009
Michele Carlucci, BBO #655211
WILSON ELSER LLP
260 Franklin Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on June 17, 2008, I have served a copy of the foregoing by electronic filing.

*/s/ Michele Carlucci*
Michele Carlucci

122289.1