IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOROTHY STANLEY, AS EXECUTRIX OF : <br> THE ESTATE OF HELEN A. RUNGE, : <br>     Plaintiff : <br> : <br> v. : <br> : <br> WALTER J. KELLY, et al. : <br>     Defendants : | No. 05-10849-RGS <br> (Judge Stearns) <br><br> CIVIL ACTION <br> JURY TRIAL DEMANDED |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'**
**MOTION IN LIMINE**

Defendants' motion to exclude the statements of Dr. Palmer and his colleague, Dr. Myers, claiming that Plaintiff is trying to introduce the testimony of undisclosed expert witnesses, is outrageous. First, Dr. Palmer was most certainly identified as witness in the course of this litigation by Plaintiff and his records produced. Second, Defendants' reliance on Rule Fed. R. Evid. 701 is misplaced, and if it is not, then the result is the practical exclusion of the testimony by and records of Dr. Bloomingdale. Dr. Palmer is no more an undisclosed expert witness by Plaintiff than Dr. Bloomingdale is by Defendants.

Dr. Palmer is a fact witness; he saw and treated Helen Runge when she moved to North Carolina with her daughter and son-in-law. He was a family doctor, having a practice in internal medicine, to whom Helen Runge went for examination upon her arrival in North Carolina in May 2003. At that time, Defendant Kelly had initiated a North Carolina police investigation into the discharge and move of Helen Runge to North Carolina, had called North Carolina Social

124406

Services to investigate the situation, and was pursuing his own appointment of guardianship for Helen Runge; all of these actions were premised on Defendant Kelly's assertion that Helen Runge was not incompetent to make her own decision to appoint her daughter and son-in-law as her guardians, which was premised on Dr. Bloomingdale's conclusion as to Helen Runge's mental health in late April 2003.

This was all shared with Dr. Palmer at the time of Helen Runge presenting to him. In fact, Ms. Stanley had taken Helen Runge to see Dr. Palmer, in part, to be confident that her mother was able to make her own decisions. Most certainly, his treatment included an evaluation of the claims of Defendant Kelly and Dr. Bloomingdale's medical determinations. His report back to Ms. Stanley regarding his findings was just like Dr. Bloomingdale's record determinations of what he found in examining Helen Runge.

In the course of treating Helen Runge, he also referred her for a psychiatric consult. This action is wholly consistent with a treating family doctor who sends a patient to a specialist for further evaluation or confirmation on a discrete issue. In response, Dr. Myers, per normal medical practice, issued a report back as a result of that referral, dated May 30, 2003. His examination merely confirmed Dr. Palmer's determination that Helen Runge was competent to make personal decisions and specifically indicated that "further psychiatric **treatment** is not indicated at this time." This report establishes that he saw Helen Runge as a treater.

Despite Defendant Kelly's assertions to the contrary, Dr. Palmer and Dr. Myers were most certainly fact witnesses and their testimony and/or reports and/or records reflect their treatment, including findings as to Helen Runge's mental state in May 2003.

To follow Defendants' theory would require exclusion of all testimony by treating physicians. Doctors, of course, have to use their specialized medical and scientific knowledge,

in making medical determinations and/or treatment decisions, following their examinations of persons. It is the essence of what they do. Defendants would suggest that such determinations constitute expert testimony and may not be offered as factual evidence going to a party's medical status at certain points in time. Such a result is perverse.

Dr. Palmer's findings are offered to establish that she was seen by a healthcare provider other than Dr. Bloomingdale and their determinations supported her competency and contradicted the basis for Defendant Kelly's conduct. The documents at issue are offered to show what happened in May 2003 and what conclusions were reached – not solely to assist the jury to determine the competency of Helen Runge. It is further not offered as an expert report to opine on Plaintiff's contentions that the Defendants committed malpractice or breached their standards of care or practice; Plaintiff has retained experts on these matters. Rather, the testimony and/or records of Dr. Palmer and the psychiatrist to whom he referred Helen Runge relate to facts at issue in this case – that there was evaluation of Helen Runge's mental health in May 2003 which supported her competency. As noted above, to determine otherwise would necessitate the exclusion of any testimony or records of Dr. Bloomingdale regarding his evaluations of Helen Runge and his determinations regarding her mental state.

Respectfully submitted,

LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: June 18, 2008            By     /s/ Glenn R. Davis
                                Glenn R. Davis
                                1700 Bent Creek Boulevard, Suite 140
                                Mechanicsburg, PA 17050
                                (717) 620-2424
                                gdavis@ldylaw.com
                                *Pro Hac Vice*

124406                                    3

> Blake J. Godbout, BBO #196380
> BLAKE J. GODBOUT
> & ASSOCIATES
> 33 Broad Street, 11th Floor
> Boston, MA 02109
> (617) 523-6677
>
> Attorneys for Plaintiff, Dorothy Stanley, Executrix
> of the Estate of Helen A. Runge

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

> Michele Carlucci
> George S. Rockas
> Wilson Elser Moskowitz Edelman & Dicker LLP
> 155 Federal Street
> Boston, MA 02110
> michele.carlucci@wilsonelser.com
> george.rockas@wilsonelser.com
>
> Michael Williams
> Lawson & Weitzen, LLP
> 88 Black Falcon Avenue, Suite 145
> Boston, MA 02210-1736
> mwilliams@lawson-weitzen.com

Dated: June 18, 2008                    By   /s/ Glenn R. Davis
                                             Glenn R. Davis