IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOROTHY STANLEY, AS EXECUTRIX OF : <br> THE ESTATE OF HELEN A. RUNGE, : <br> Plaintiff : <br> : | <br><br><br>No. 05-10849-RGS |
| v.   : | (Judge Stearns) |
| : | |
| WALTER J. KELLY, et al.   : <br> Defendants   : | CIVIL ACTION <br> JURY TRIAL DEMANDED |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE TO PRECLUDE DOROTHY AND
GILBERT STANLEY FROM TESTIFYING REGARDING EVENTS
PRIOR TO APRIL 29, 2003**

Defendants' motion to preclude Dorothy and Gilbert Stanley from testifying regarding events prior to April 29, 2003 is not only flawed, but it is also premature. Defendants, at best, confuse and, at worst, misstate concepts of evidence admissibility.

Defendants rely on Fed. R. Evid. 602, relating to personal knowledge, to argue that the Stanleys have no personal knowledge of events relating to Helen Runge's stay at Sunbridge prior to April 29, 2003 because any such personal knowledge derives from hearsay statements by Helen Runge or others. There is nothing in the Rules of Evidence that states that a witness's personal knowledge cannot derive from hearsay information. In fact, in the 1972 Proposed Rules, it was specifically noted that Rule 602 "does not govern the situation of a witness who testifies to a hearsay statement as such, if he has personal knowledge of the making of the statement." Rather, the hearsay rules set forth in Fed. R. Evid. 801 and 805 would be applicable should the Stanleys present testimony that may constitute hearsay.

Moreover, the Defendants cite to very discrete sections of the Stanleys' deposition transcripts to broadly argue that the Stanleys had no personal knowledge regarding any events prior to April 29, 2003. First, Plaintiff notes that nowhere in the deposition transcript sections referenced by Defendants is there some broad question or broad admission by the Stanleys that they had no personal knowledge regarding events prior to April 29, 2003. Second, contrary to Defendants' claims, what is cited, indicates that the Stanleys had some personal knowledge regarding Helen's stay at Sunbridge through various sources, including Helen's statements and letters. At the time of trial, the Stanleys will have an opportunity to establish personal knowledge regarding anything to which they testify. *See* 1972 Proposed Rules, Fed. R. Evid. 602 ("foundation requirements may, of course, be established by the testimony of the witness himself.").

In the event that the Stanleys should testify regarding Helen's stay at Sunbridge prior to April 29, 2003 or other events preceding this date, and Defendants believe that the testimony is inadmissible because it is hearsay, it will be appropriate for the Defendants to object at that time. Likewise, the Plaintiff will have the opportunity to argue that the statements are not hearsay, constitute an exception to the hearsay rules, or are otherwise admissible under the Federal Rules of Evidence. At this point, without specific testimony from the Stanleys being at issue, the Defendants' argument that they can testify about nothing regarding events before April 29, 2003 are premature; Defendants' incredulous attempt to waive some type of magical wand to negate all testimony by the Stanleys regarding events predating April 29, 2003 and preemptively

eliminate their obligation to evaluate witness testimony and evidence as presented and make objections under the Federal Rules of Evidence, as appropriate, must be rejected.

                                Respectfully submitted,

                                LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated:  June 18, 2008         By    /s/ Glenn R. Davis
                                Glenn R. Davis
                                1700 Bent Creek Boulevard, Suite 140
                                Mechanicsburg, PA 17050
                                (717) 620-2424
                                gdavis@ldylaw.com
                                *Pro Hac Vice*

                                Blake J. Godbout, BBO #196380
                                BLAKE J. GODBOUT  & ASSOCIATES
                                33 Broad Street, 11th Floor
                                Boston, MA  02109
                                (617) 523-6677
                                Attorneys for Plaintiff, Dorothy Stanley, Executrix of the Estate of Helen A. Runge

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by electronic transmission.

> Michele Carlucci
> George S. Rockas
> Wilson Elser Moskowitz Edelman & Dicker LLP
> 155 Federal Street
> Boston, MA 02110
> michele.carlucci@wilsonelser.com
> george.rockas@wilsonelser.com
>
> Michael Williams
> Lawson & Weitzen, LLP
> 88 Black Falcon Avenue, Suite 145
> Boston, MA 02210-1736
> mwilliams@lawson-weitzen.com

Dated:  June 18, 2008				By     /s/ Glenn R. Davis
						         Glenn R. Davis