UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOROTHY STANLEY, as Executrix of the
ESTATE of HELEN RUNGE,
    *Plaintiff,*

v.

WALTER J. KELLY; KERRY L.
BLOOMINGDALE, M.D.; and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
    *Defendants.*

Civil Action No. 05-10849-RGS

**DEFENDANT WALTER J. KELLY'S REPLY TO THE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT WALTER J. KELLY'S MOTION *IN LIMINE* TO PRECLUDE CERTAIN OUT OF COURT STATEMENTS OF HELEN RUNGE**

    The defendant, Walter J. Kelly ("the defendant") respectfully submits this reply to the Plaintiff's opposition to his Motion in Limine to Exclude the Following Out Of Court Statements Of Helen Runge: 1) Deposition Dated 1/16/04; 2) Affidavit; 3) Interrogatory Answers; and 4) Written Statement and Testimony Based on the Oral Statements of Helen Runge.

**I.    Argument**

**A.    M.G.L. c. 233, § 65 is not a "Dead Man's Statute" Within the Purview of F.R.E. 601.**

    In her opposition, the Plaintiff argues that Fed. R. Evid. 601, which requires federal courts adjudicating state law claims and defenses to apply state law rules regarding the competency of witnesses, mandates that M.G.L. c. 233, § 65 be applied in this diversity action. This is precisely the argument that this Court, in *Donovan v. Sears Roebuck & Co.*, 849 F. Supp. 86, 88 (D. Mass. 1994), rejected. The *Donovan* court recognized that M.G.L. c. 233, § 65 is not a "Dead Man's Statute" at all, but a rule of admissibility which creates an exception to the hearsay rule such that statements by deceased persons may be admitted into evidence if made in

good faith, on personal knowledge, and otherwise admissible. This is clearly a rule of evidence—a procedural, rather than substantive rule. As noted by the *Donovan* court, at least one other district court in this circuit has come to the same conclusion. *See Delta Education, Inc. v. Langlois*, 719 F. Supp. 42, 46 (D.N.H. 1989) (determining that the nearly identical New Hampshire statute, N.H.R.S.A. 516:25 was a rule of procedure).

In contrast, Dead Man's Statutes were enacted to exclude statements of a deceased person form evidence in order to prevent fraudulent claims against estates, the rationale being that individuals with an interest in the outcome of a case are "incompetent" to testify about statements made by the deceased. Id. ("The theory animating the Dead Person's Statutes is that a litigant who testifies about what an adverse party's decedent said is so inherently unreliable that he or she per se is not qualified to testify about those statements.") For example, one of the cases cited by Plaintiff, *Amell v. Kucewicz*, 53 F. Supp. 2d 145, 146 (D.Mass. 1999) involved a genuine Dead Man's Statute, which provided that "[a] party shall not be allowed to testify in his own favor where the other party to the contract or cause of action in issue and on trial is dead or shown to the court to be insane," except in particular, enumerated circumstances. *See* 12 V.S.A. § 1602. Unlike the Vermont statute at issue in *Amell*, the Massachusetts statute has nothing to do with the "competency" of a witness, and thus is outside the scope of Fed. R. Evid. 601.

As Judge Lindsay pointed out in the *Donovan* case, there is no "substantive policy which differentiates the exception created by M.G.L. c. 233, § 65 from any other state hearsay exception." *Donovan*, 849 F.Supp. at 87. Consequently, if this hearsay exception is, as the plaintiff claims, substantive rather than procedureal, "then all Massachusetts exceptions to the hearsay rule in their precise forms also logically would apply in such proceedings," and Federal Rules of Evidence relating to hearsay would be "mere surplusage in diversity cases." *Id.*

2

The *Swartz* case does not, as the Plaintiff would suggest, mandate a contrary conclusion. *See Swartz v. Schering-Plough Corp.*, 53 F.Supp. 2d 95 (1999). In *Swartz*, the issue before the court was whether the *pro se* plaintiff had stated a cause of action on which relief could be granted. Applying the very forgiving standard of review for a Rule 12(b)(6) motion to dismiss, the court assumed, without analysis, that M.G.L. c. 233, § 65 would apply. Indeed, all of the parties appear to have assumed it would. As the question of whether the statute was substantive, rather than procedural, was not raised, the court did not address it and neither discussed nor distinguished *Donovan* and *Delta Education*; the case is therefore not instructive on the issue.

**B.    Even if M.G.L. c. 233, § 65 Were Applied, the Plaintiff has not Demonstrated that the Statements Were Made In Good Faith or Are Otherwise Admissible.**

The Massachusetts Supreme Judicial Court has held that where a deposition is taken for the purposes of perpetuating a witness's testimony, but the notice requirements of Mass. R.Civ. P. 27 and M.G.L. c. 233, §§ 46-47 are not complied with, the statement is not admissible pursuant to M.G.L. c. 233, § 65. In *Anselmo v. Reback*, 400 Mass. 865, 866 (1987), the plaintiff in a wrongful death case introduced a "statement, resembling a deposition in form, consist[ing] of [the decedent's] attorney's questions and her answers. The statement was stenographically transcribed into 114 pages, sworn to by [the decedent], and videotaped. It was made without notice to the defendants and before this action was commenced." *Id.* The trial court held that the prejudice to the defendants of allowing the statement into evidence "so unfairly and unjustly outweigh[ed] the probative value of such evidence as declaration of a deceased person" that it had to be excluded. *Id.* The SJC agreed, holding that the statement, which had been taken several months prior to the plaintiff's death, was inadmissible not because it was hearsay, but rather because "the affected parties were unfairly denied an opportunity to cross-examine when such an opportunity could readily have been afforded." *Id. See also Fahey v. R.J. Reynolds*

3

122602.1

*Tobacco Co.*, No. 92-7221, 4 Mass. L. Rep. 27, 1995 Mass. Super. LEXIS 467 (Mass. Super. Ct. July 12, 1995) (striking videotaped "statement" of plaintiff where the court found that it was made for the purpose of perpetuating testimony and that the "plaintiffs could have reasonably afforded the defense an opportunity to be present" and cross examine the witness, but did not).

Here the Plaintiff denies that the January 16, 2004 deposition and other statements were prepared in order to perpetuate the decedent's testimony. This contention defies credulity. The decedent was in her late eighties and of questionable competence at the time the deposition and other statements were made; given the average life span of a civil suit, the Plaintiff must have contemplated the distinct possibility that the decedent would either die or become incompetent to testify by the time a case went to trial. The Plaintiff further asserts that at the time the deposition and other statements were made, she and her attorney were merely "investigating" what had transpired.

It is clear, however, from a review of the leading questions of attorney Glenn Davis on the deposition transcript, that attorney Davis already had a crystal clear understanding of what the Plaintiff now claims transpired between the decedent and the decedent.[1] Furthermore, the "testimony" of the decedent demonstrates that her "personal knowledge" of these events was almost wholly lacking, as she repeatedly testified that she could not remember important facts. Indeed, attorney Davis appeared to have a much better memory of the Plaintiff's life and the facts and circumstances at issue in this case that the decedent herself did. The purpose of the decedent's written statements and videotaped deposition was manifestly to set forth in "sworn" testimony, the decedent's complaints against the defendant, thereby perpetuating her testimony. Given that the decedent and the defendant were embroiled in a dispute in the Probate Court

---

[1] It bears noting that the deposition took place at the Plaintiff's residence, and in her presence.

4

122602.1

involving related issues, it had to have been apparent that a civil suit against the defendant was at least a possibility.

The fact that the defendants later had the opportunity to take the decedent's deposition during the pendency of this action, and in fact did so, does not somehow cure the lack of notice to the defendants. Plaintiff's counsel had the same opportunity to lead the decedent through her narrative at that time, subject to the contemporaneous cross examination of the witness by defense counsel, and that testimony, presumably, would have been admissible under Rule 32, without the need for recourse to M.G.L. c. 233, § 65. Instead, the Plaintiff took the risky position of assuming that the "friendly" deposition taken on January 16, 2004 would be admissible.

**C.     The Plaintiff's Failure to Comply with F.R.Civ. P. 27 or its State Law Counterparts Renders the Deposition and Affidavit Inadmissible.**

Rule 27, and its counterparts in North Carolina and Massachusetts, set forth very specific requirements for taking a deposition for the purpose of perpetuating testimony. A person wishing to perpetuate his own testimony or that of another witness must file a verified petition in a court where an expected adverse party resides, and setting forth, among other facts, the identities of persons he expects will be adverse parties, as well as the names of each person to be examined, request an order authorizing the taking of the deposition for the purpose of perpetuating the witness's testimony. *See* F.R.Civ. P. 27;[i] Mass. R. Civ. P. 27;[ii] M.G.L. c. 233, §§ 45-46; N.C. Gen. State § 1A-1, Rule 27.[iii] In addition, the petitioner must serve all those parties identified as being potentially adverse at least twenty days before the date of the hearing on the petition—and if any named party cannot be served, the court must appoint an attorney to represent them. *Id.* The plaintiff has complied with none of these procedural requirements.

5

122602.1

These stringent procedural requirements are designed to prevent just the type of railroading being attempted here. The mere fact that the Plaintiff's attorney now denies that the deposition was taken and the affidavit drafted and signed "with the specific purpose of perpetuating the testimony" does not change the fact that that is precisely the purpose for which the deposition and affidavit are now being offered.

In light of the protections to potential adverse parties, it defies logic that a party would be permitted to circumvent the due process requirements set forth above by simply offering "sworn statements" and denying that they constitute "depositions" or their functional equivalent (here the "affidavit" is the functional equivalent of a deposition to perpetuate testimony). If such a practice were allowed, there would be no need for Rule 27 and its state law counterparts. No attorney would file a petition, give notice to potentially adverse parties, and seek a court order permitting a deposition to be taken when it would be so much easier to simply draft a self-serving affidavit for the client's signature, have it notarized, and perpetuate the testimony that way, or take a self recorded statement outside the presence of adverse parties. It cannot be the right answer that by virtue of the fact that the May 12, 2003 Written Statement, the July 27, 2003 Affidavit, and the January 16, 2004 "Recorded Statement" (as the plaintiff refers to the deposition) were not made in accordance with the Rules of Civil Procedure, they are admissible.

Rule 27 is designed to prevent injustice that could result from the loss of evidence prior to trial, and is designed in such a way that it is fair to all parties involved. *See In re Petition of Rosario*, 109 F.R.D. 368, 370 (D. Mass. 1986). Indeed, F.R.Civ. P. 32 provides that a deposition may be used only "against any party who was present or represented at the taking of the deposition or who had due notice thereof," if the witness is unavailable to testify at trial. Here, it not disputed that the defendants against whom the Plaintiff intends to offer the January 16, 2004

6

videotaped deposition of the plaintiff were neither present at the deposition, nor represented at it, nor had any prior notice of it. Admitting the decedent's statements, whether in the form of a deposition, affidavit or otherwise, into evidence, when they were not taken in compliance with Rule 27 would effect a great injustice.

**D.    Even if the Statements Were Found to be Excluded From the Hearsay Rule by Virtue of M.G.L. c. 233, § 65, Portions of Each Must be Excluded on Other Grounds.**

M.G.L. c. 233, § 65 does not remove any ground for objecting to the admission of the declaration of a deceased person other than the rule against hearsay. *See, e.g., Old Colony Trust Co. v. Shaw*, 202 N.E.2d 785, 348 Mass. 212 (1964). For example, totem pole hearsay, speculation, and opinions would still be excludable. In addition, because the defendants were not given the opportunity to attend the January 16, 2004 deposition, they could not object to the form of the questions asked; consequently, to the extent that the forms of the questions posed by the decedent's own attorney were improper, the decedent's responses must be excluded. The defendant therefore respectfully requests that should the Court determine that declarations of the decedent are not hearsay, he be given the opportunity to provide objections to all portions of the statements that are otherwise inadmissible on other grounds.

## II. Conclusion

The defendant respectfully requests that this Court determine that M.G.L. c. 233, § 65 is a state rule of procedure and should not be applied in this case and that the statements of Helen Runge are therefore excluded because they constitute hearsay, or alternatively, that if the statute should be applied in this action, that the Plaintiff has not demonstrated that they were made in good faith, on personal knowledge, in compliance with the Rules of Civil Procedure.

Dated:  June 19, 2008                                      Respectfully submitted,

122602.1

The Defendant,
Walter J. Kelly,
By his attorneys,

*s/ Michele Carlucci*
George C. Rockas, BBO #544009
Michele Carlucci, BBO #655211
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER  LLP
260 Franklin Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on June 19, 2008, I have served a copy of the foregoing by hand and electronic filing.

*/s/ Michele Carlucci*

Michele Carlucci

---

[i] **F.R. Civ. P. 27 Depositions to Perpetuate Testimony**

(a) Before an Action Is Filed.
  (1) Petition. A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
    (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
    (B) the subject matter of the expected action and the petitioner's interest;
    (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
    (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
    (E) the name, address, and expected substance of the testimony of each deponent.
  (2) Notice and Service. At least 20 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing. The notice may be served either inside or outside the district or state in the manner provided in Rule 4. If that service cannot be made with reasonable diligence on an expected adverse party, the court may order service by publication or otherwise. The court must appoint an attorney to represent persons not served in the manner provided in Rule 4 and to cross-examine the deponent if an unserved person is not otherwise represented. If any expected adverse party is a minor or is incompetent, Rule 17(c) applies.
  (3) Order and Examination. If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories. The depositions may then be taken under these rules, and the court may issue orders like those

authorized by Rules 34 and 35. A reference in these rules to the court where an action is pending means, for purposes of this rule, the court where the petition for the deposition was filed.

 (4) Using the Deposition. A deposition to perpetuate testimony may be used under Rule 32(a) in any later-filed district-court action involving the same subject matter if the deposition either was taken under these rules or, although not so taken, would be admissible in evidence in the courts of the state where it was taken.

(b) Pending Appeal.

 (1) In General. The court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court.

 (2) Motion. The party who wants to perpetuate testimony may move for leave to take the depositions, on the same notice and service as if the action were pending in the district court. The motion must show:

  (A) the name, address, and expected substance of the testimony of each deponent; and
  (B) the reasons for perpetuating the testimony.

 (3) Court Order. If the court finds that perpetuating the testimony may prevent a failure or delay of justice, the court may permit the depositions to be taken and may issue orders like those authorized by Rules 34 and 35. The depositions may be taken and used as any other deposition taken in a pending district-court action.

(c) Perpetuation by an Action. This rule does not limit a court's power to entertain an action to perpetuate testimony.

[ii] **Mass. R. Civ. P. 27. Depositions Before Action or Pending Appeal**

 (a) Before Action.

(1) Petition. A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court where these rules apply may file a verified petition in the Superior Court in the county or District Court in the judicial district, as the case may be, of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court where these rules apply but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and his interest therein, 3, the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

(2) Notice and Service. The petitioner shall thereafter serve a notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court, at a time and place named therein, for the order described in the petition. At least 20 days before the date of hearing the notice shall be served either within or without the Commonwealth in the manner provided in Rule 4 for service of summons; but if such service cannot with due diligence be made upon any expected adverse party named in the petition, the court may make such order as is just for service by publication or otherwise, and shall appoint, for persons not served in the manner provided in Rule 4, an attorney who shall represent them, and, in case they are not otherwise represented, shall cross-examine the deponent. If any expected adverse party is a minor or incompetent the provisions of Rule 17(b) apply.

(3) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories. The depositions may then be taken in accordance with those rules; and the court may make orders of the character provided for by Rules 34 and 35. For the purpose of applying these rules to depositions for perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.

(4) Use of Deposition. If a deposition to perpetuate testimony is taken under these rules or if, although not so taken, it would be admissible in evidence in the courts of the Commonwealth, it may be used in any action involving the same subject matter subsequently brought in such a court, in accordance with the provisions of Rule 32(a).

(b) Pending Appeal. If an appeal has been taken from a judgment of a court of this Commonwealth or before the taking of an appeal if the time therefor has not expired, the court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in that court. In such case the party who desires to perpetuate the testimony may make a motion in that court for leave to take the depositions, upon the same notice and service thereof as if the action was pending in that court. The motion shall show (1) the names and addresses of persons to be examined and the substance of the testimony which he expects to elicit from each; (2) the reasons for perpetuating their testimony. If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice, it may make an order allowing the depositions to be taken and may make orders of the character provided for by Rules 34 and 35, and thereupon the depositions may be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in pending actions.

(c) Perpetuation by Action. This rule does not limit the power of a court to entertain an action to perpetuate testimony.

### [iii] Rule 27. Depositions before action or pending appeal

(a) *Before action.* --

(1) Petition. -- A person who desires to perpetuate his own testimony or that of another person regarding any matter may file a verified petition in the appropriate court in a county where any expected adverse party resides. The petition shall be entitled in the name of the petitioner and shall show: (i) that the petitioner expects that he, or his personal representative, heirs, legatees or devisees, will be a party to an action cognizable in any court, but that he is presently unable to bring it or cause it to be brought, (ii) the subject matter of the expected action and his reasons for desiring to perpetuate it, (iii) the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, (iv) the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and (v) the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

(2) Notice and Service. -- The petitioner shall thereafter serve a notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court, at a time and place named therein, for the order described in the petition. At least 20 days before the date of hearing (or within such time as the court may direct) the notice shall be served in the manner provided in Rule 4(j)(1) or (2) for service of summons; but if such service cannot with due diligence be made upon any expected adverse party named in the petition, the court may make such order as is just for service by publication or otherwise, and shall appoint, for persons not served in the manner provided in Rule 4(j)(1) or (2), an attorney who shall represent them, in case they are not otherwise represented. If any expected adverse party is a minor or incompetent the provisions of Rule 17(c) apply.

(3) Order and Examination. -- If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written questions. The depositions may then be taken in accordance with these rules; and the court may make orders of the character provided for by Rules 34 and 35. For the purpose of applying these rules to depositions for perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.

(4) Use of Deposition. -- If a deposition to perpetuate testimony is taken under these rules or if, although not so taken, it would be admissible in evidence in the courts of the United States or the state in which it is taken, it may be used in any action involving the same subject matter subsequently brought in a court of this State in accordance with

10

the provisions of Rule 32(a), or in any other court under whose rules it is admissible.

(b) *Pending appeal.* -- If an appeal has been taken from the determination of any court or if petition for review or certiorari has been served and filed, or before the taking of an appeal or the filing of a petition for review or certiorari if the time therefor has not expired, the court in which the determination was made may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the trial court. In such case the party who desires to perpetuate the testimony may make a motion in the trial court for leave to take the depositions, upon the same notice and service thereof as if the action was pending in the trial court. The motion shall show (i) the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each; (ii) the reasons for perpetuating their testimony. If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice, it may make an order allowing the depositions to be taken and may make orders of the character provided for by Rules 34 and 35, and thereupon the depositions may be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the trial court.

(c) *Perpetuation by action.* -- This rule does not limit the power of a court to entertain an action to perpetuate testimony.

122602.1