IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DOROTHY STANLEY, AS EXECUTRIX OF THE ESTATE OF HELEN A. RUNGE, Plaintiff | : : : : | |
| v. | : : : | No. 05-10849-RGS (Judge Stearns) |
| WALTER J. KELLY, et al., Defendants | : : | CIVIL ACTION JURY TRIAL DEMANDED |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT WALTER J. KELLY'S MOTION *IN LIMINE* TO PRECLUDE CERTAIN OUT OF COURT STATEMENTS OF HELEN RUNGE**

Plaintiff, Dorothy Stanley, Executrix of the Estate of Helen A. Runge (hereinafter the "Plaintiff"), by and through her counsel, respectfully submits this Supplemental Memorandum in Opposition to Defendant Walter J. Kelly's (hereinafter "Defendant Kelly" or "Kelly") Motion *in Limine* to Preclude Certain Out of Court Statements of Helen A. Runge.

In support thereof, Plaintiff states as follows:

**I.      BACKGROUND**

After the Pre-Trial Conference on June 19, 2008, an issue remains relative to the admissibility of three (3) statements of Helen A. Runge ("Ms. Runge"), now deceased. The statements are: (1) a written letter of Helen A. Runge dated May 12, 2003; (2) an Affidavit of Helen A. Runge dated July 2003; and, (3) a video taped statement of Helen A. Runge taken under oath before a Court reporter.

II.   ARGUMENT

   A. May 12, 2003, Written Statement

The May 12, 2003, Written Statement comes within the purview of Fed.R.Evid. 803(3)'s exception for admissibility for the limited purpose of showing Ms. Runge's then existing mental, emotional, or physical condition or as a statement of proof of a fact remembered or believed. The May 2003 Written Statement is not testimony, therefore contrary to Defendant Kelly's arguments, Fed.R.Civ.P. 27 and its state counterpart are not implicated as it is not testimony given under oath.

The contents of the letter clearly show its qualification under the then existing mental, emotional or physical condition exception contained within Fed.R.Evid. 803(3). The letter states "I was very dissatisfied with the care I was getting and especially *fearful* of the drugs they were trying to force me to take." [emphasis supplied] Ms. Runge states "I was equally *dissatisfied* with my attorney Walter Kelly." [emphasis supplied] Ms. Runge continues "I *knew* I had to get away from Sunbridge if I was to continue to function as a human being." [emphasis supplied] Finally, Ms. Runge concludes "I am living in North Carolina … and am delighted to be here."

Each of these statements reveals Ms. Runge's then existing mental and emotional state regarding her treatment by Kelly and Sunbridge as well as her then existing mental state concerning her life in North Carolina. Each of these statements qualifies for the Rule 803(3) exception to the hearsay rule. As one of the issues in this case centers around Ms. Runge's mental state and her mental, emotional and physical well-

being, it is in the interests of justice to allow the trier of fact to consider these statements in deciding the issues presented in this matter.[1]

**B. July 2003 Affidavit**

1. <u>Admissible under Rule 804(b)(1)</u>

Rule 804(b)(1) states that "Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taking in compliance with law in the course of the same or another proceeding …" is not excluded by the hearsay rule. Rule 804(b)(1) is satisfied if the testimony is offered against the same party and there was a similar motive to develop the testimony by direct, cross or re-direct examination. Fed.R.Evid. 804(b)(1).

As Defendant Kelly admits in his Motion *in Limine*, the Affidavit was prepared as part of a dispute in Norfolk County Probate Court (the "Norfolk Proceeding") between himself and the Plaintiff. Defendant's Memorandum at 4. The Norfolk Proceeding concerned Defendant Kelly's appointment as Ms. Runge's Guardian, and the actions taken in regard thereto. They necessarily involved the same underlying facts and circumstances as this proceeding. Defendant Kelly, who was represented by counsel in the Norfolk Proceeding, identifies a variety of pleadings from the Norfolk Proceeding which he intends to introduce at the trial of <u>this</u> matter. See, e.g., Proposed Exhibits RRR-WWW and EEEE, GGGG. At the same time Defendant Kelly seeks to preclude

---

[1] Paradoxically, Defendant Kelly proposes to introduce a variety of letters and similar statements of Ms. Runge. See, e.g., Kelly's Proposed Exhibits LL, SS, TT, KKK, LLL.

Ms. Runge's affidavit, he seeks to introduce affidavits prepared by <u>himself</u> in the Norfolk Proceeding. See Proposed Exhibit OOOO.

Clearly Rule 804(b)(1) applies to the Affidavit at issue. It was prepared in a prior proceeding wherein Defendant Kelly was a party. Plaintiff used the Affidavit against Defendant Kelly in the Norfolk proceeding. Defendant Kelly prepared his own affidavits and pleadings in those proceedings, while represented by counsel. Defendant Kelly now seeks to introduce these pleadings and affidavits while simultaneously seeking to prevent Plaintiff from introducing similar materials.

2. <u>Admissible Under Rule 804(b)(4) or 803(3)</u>

To the extent the Affidavit is not admissible under Rule 804(b)(1), it is admissible under 804(b)(4) (¶¶ 1 and 2) or 803(3) (¶¶5-7, 9-10, 12-13, 16, 20, 21, 22-23) for the limited purpose of proving Ms. Runge's then existing mental, emotional, or physical condition or as a statement of proof of a fact remembered or believed. Defendant Kelly identifies numerous exhibits from this very same time period in an effort to establish Runge's then existing mental state, namely her diminished mental capacity.

C. **Transcript/Video**

Defendant Kelly cites Fed.R.Civ.P. 27 as grounds for excluding the Transcript/Video in its entirety. Ms. Runge gave a sworn statement, memorialized in the Transcript/Video, at the initial in-person consultation between her counsel and herself, which statement was taken under oath on January 16, 2004. The litigation was not commenced until more than a year and a quarter later, on April 27, 2005. The Transcript/Video was taken as part of the process to investigate whether any actionable

conduct had occurred, as well as to identify who may have engaged in such conduct. At the time Ms. Runge gave her statement no decision had been made to proceed with this litigation, nor had sufficient facts been adduced to make a determination as to whether a basis existed to file suit against Defendants. Accordingly Transcript/Video was primarily investigative in nature and not taken specifically in preparation of litigation. The policy behind Fed.R.Civ.P. 27 is not implicated here, as Defendant Kelly received ample opportunity to cross-examine Ms. Runge, and in fact Defendant Kelly intends to use Plaintiff's deposition transcript as part of his defense to this case.

Here, Ms. Runge had an incentive to accurately recount what had happened to her in order to determine, in conjunction with her attorney, whether a case could be brought and, if so, against whom an action could be initiated. She did not anticipate that she might die and that the Transcript/Video would then be used as a substitute for her testimony in future litigation. Notwithstanding this argument, however, the Federal Rules of Evidence, at a minimum, provide for the limited introduction of portions of Ms. Runge's Transcript/Video.

1. Admissibility Under Rule 804(b)(4)

Fed.R.Evid. 804(b)(4) excludes from the hearsay prohibition statements of an unavailable declarant to the extent they concern "the declarant's own birth, adoptions, marriage, divorce, legitimacy, relationship by blood … or other similar fact of personal or family history." Various portions of the Transcript/Video come within the purview of Rule 804(b)(4). For example, page 4 Line 14 through Page 10 Line 20 and Page 20 Line 14 through Page 22 Line 2 clearly come within this exception. The proposed

statements concern Ms. Runge's personal and family history, such as her date of birth, her work history, her medical history, and her involvement in the church and community. At a minimum Plaintiff is allowed to introduce these limited portions of the Transcript/Video under the express provisions of Rule 804(b)(4).

    2. <u>Admissibility under Rule 803(3)</u>

In addition to portions of the transcript/video qualifying under Rule 804(b)(4), portions also qualify under the previously mentioned provisions for then existing mental, emotional or physical state. Specifically, the following portions of Ms. Runge's video/transcript are admissible under the 803(3) exception:

    a. Page 57, Lines 07 through 25;
    b. Page 64, Lines 11 through 22;
    c. Page 68, Lines 12 through 16;
    d. Page 70, Lines 10 through 25; and,
    e. Page 73, Lines 01 through 17.

Each of these cited references concern Ms. Runge's then existing mental, emotional and physical state. Plaintiff is permitted, under the express exception in Rule 803(3) to introduce this evidence.

**D. <u>Each Statement is additionally admissible under Rule 807's Residuary Exception.</u>**

To the extent this Court declines to admit the statements under one of the above-referenced exceptions, Fed.R.Evid. 807 provides a residuary exception allowing for the statements admissibility. To meet the Rule 807 exception, Plaintiff must satisfy five (5) elements: (1) equivalent trustworthiness; (2) necessity; (3) that the statement concerns a material fact; (4) satisfaction of purpose and rules; and, (5) notice.

As argued in Plaintiff's previous Memorandum in Opposition, the statements at issue meet the requirement of equivalent trustworthiness, as they were given under oath based upon Ms. Runge's personal knowledge and Defendant Kelly was afforded an opportunity to cross-examine her.  The statements are more probative on the point than any other evidence, as Ms. Runge is the only person, other than the Defendants, with personal knowledge of the facts and circumstances underlying this dispute.  The statements are highly probative on material matters at issue in this litigation.  Defendant Kelly raises various defenses concerning Ms. Runge's relationship with her daughter and son-in-law and Ms. Runge's mental state.  Each disputed statement concerns Ms. Runge's recollection of the facts and circumstances underlying the dispute with Defendant Kelly and are of substantial importance in determining the outcome of the litigation.  The general purposes of these rules and the interests of justice are best served by allowing the statements' admission.  The express survivability of each of these causes of action after Ms. Runge's death is better served by allowing the trier of fact to consider Ms. Runge's actual statements, not those of third-parties, even if only in part.

There is no prejudice to Defendant Kelly's defense to this matter, as Plaintiff advised him of the intent to use the materials months in advance of trial, affording Defendant Kelly the opportunity to develop his defenses to the statement and did in fact develop his defenses throughout discovery. While the exception under Rule 807 is to be used only in exceptional circumstances, the present case presents these circumstances.  Ms. Runge, the percipient witness, died during the pendency of the

proceedings. To disallow admission of these statements unnecessarily penalizes Plaintiff for Ms. Runge's death, despite the fact that her claims expressly survive.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny Defendant Walter J. Kelly's Motion *in Limine* in its entirety. Each of the statements concerns contains statements admissible under various exceptions to the hearsay rules provided in the Federal Rules of Evidence. Should this Court be inclined to allow Defendant's Motion, in part, at a minimum, Plaintiff should be permitted to introduce the May 12, 2003, Written Statement in its entirety, and the selected portions of the July 2003 Affidavit and Transcript/Video identified hereinabove.

        Respectfully submitted,

        LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: June 20, 2008        By   /s/ Glenn R. Davis
        Glenn R. Davis
        1700 Bent Creek Boulevard, Suite 140
        Mechanicsburg, PA 17050
        (717) 620-2424
        gdavis@ldylaw.com
        *Pro Hac Vice*

        Blake J. Godbout, BBO #196380
        BLAKE J. GODBOUT & ASSOCIATES
        33 Broad Street, 11th Floor
        Boston, MA 02109
        (617) 523-6677
        blake@bjalaw.com

        Attorneys for Plaintiff, Dorothy Stanley, Executrix of the Estate of Helen A. Runge

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by First Class Mail, postage pre-paid.

      Michele Carlucci
      George S. Rockas
      Wilson Elser Moskowitz Edelman & Dicker LLP
      155 Federal Street
      Boston, MA 02110
      michele.carlucci@wilsonelser.com
      george.rockas@wilsonelser.com

      Michael Williams
      Lawson & Weitzen, LLP
      88 Black Falcon Avenue, Suite 145
      Boston, MA 02210-1736
      mwilliams@lawson-weitzen.com

Dated: June 20, 2008                            By<u>/s/ Blake J. Godbout, Esq.</u>
                                                              Blake J. Godbout