UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DOROTHY STANLEY, EXECUTRIX OF THE ESTATE OF HELEN A. RUNGE,<br>  Plaintiff | :<br>:<br>:<br>: | |
| v. | : | No. 05-10849-RGS |
| WALTER J. KELLY, et al.<br>  Defendants | :<br>:<br>: | |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT WALTER J. KELLY'S RENEWED MOTION IN LIMINE
TO PREVENT THE TESTIMONY OF ARNOLD ROSENFELD, ESQ.

**NOW COMES**, Plaintiff Dorothy Stanley ("Plaintiff"), as Executrix of the Estate of Helen A. Runge (hereinafter "Runge"), and respectfully submits this Memorandum in Opposition to the Renewed Motion *in Limine* of Defendant Walter J. Kelly, Esq. (hereinafter "Defendant Kelly") to Preclude the Testimony of Arnold R. Rosenfeld, Esq. (hereinafter "Attorney Rosenfeld") and therefore Dismiss this action against Defendant Kelly for lack of expert testimony (hereinafter the "Motion").

As grounds therefore Plaintiff states as follows:

### INTRODUCTION

Plaintiff maintains this Eight (8) Count Action against Defendant Kelly seeking to recover for injuries allegedly sustained as a result of a pervasive pattern of conduct which led to Runge suffering injuries, both physical and emotional.

Plaintiff submitted the expert disclosure of Attorney Rosenfeld, contained at Defendant's Exhibit A. Defendant Kelly has moved to preclude the anticipated

testimony arguing that it fails to adequately set forth a claim for legal malpractice. Therefore, Defendant Kelly argues, this action should be dismissed against him *in toto*.

Notwithstanding the fact that Defendant never served expert Interrogatories nor did they depose Attorney Rosenfeld, Defendant Kelly seeks this relief. Instead, it appears that Defendant Kelly is offering a Motion for Directed Verdict prior to the beginning of the trial. In light of the fact that the supposed testimony to be stricken is merely an expert disclosure letter, and not testimony, this Motion is a procedural unusual.

Further, Defendant Kelly filed the original Motion seeking to Preclude Attorney Rosenfeld's testimony on January 18, 2008. On February 11, 2008, this Court *denied* the Motion, "subject to appropriate objections at trial." Apparently dissatisfied with this Court's ruling, Defendant Kelly inquired during the Final Pre-Trial Conference as to the Court's willingness to entertain a Renewed Motion regarding Attorney Rosenfeld's testimony. This Court's advised counsel that the Motion would be denied, and that in fact, Attorney Rosenfeld was highly qualified to testify as to the issues in this matter. Undaunted, Defendant Kelly filed this Renewed Motion, which contains the same arguments as the previously denied Motion.[1]

---

[1] Plaintiff does note one difference in Defendant Kelly's Argument. Defendant Kelly argues that "Attorney Rosenfeld has never practiced in the elder law field and had likely never dealt with a guardianship petition or health care proxy issues." Defendant Memorandum at 7. Plaintiff merely notes that Health Care Proxy issues are governed by statute and contract, see *infra*, pp. 5-6, and therefore expert testimony is not required. Furthermore, this argument is anticipatory, and would seemingly once again be better suited, as this Court's Order portends, to an objection at trial once Attorney Rosenfeld's qualifications are introduced.

**FACTUAL BACKGROUND**

Plaintiff incorporates by reference the factual and other allegations contained within the Second Amended Complaint.

**DEFENDANT KELLY'S DEPOSITION TESTIMONY**

Plaintiff conducted Defendant Kelly's deposition on December 1, 2006, and December 14, 2006. (See Exhibit A, attached to Plaintiff's Original Opposition)

Defendant Kelly testified that, his "ethical duties under the professional conduct rules could not be fulfilled further." (Exhibit A, Walter J. Kelly Deposition Day I, appended in pertinent part, at 275) He testified that he had a "duty to continue to represent [the client]" when "you have an elderly client that you are in fear that they're being abused." (Exhibit A at 276) He further testified that this obligation was contained in Mass.R.Prof.C. 1.14. (Exhibit A at 276-277)

When questioned on why he contacted Runge's banks to freeze her accounts, Defendant Kelly testified "[w]ell, again, Rules of Professional Conduct 1.4 says if you feel that you have a client who's being taken advantage of … you have a duty to continue to represent them, to protect them." (Exhibit B to Original Opposition, Walter J. Kelly Deposition Day II, appended in pertinent part, at p. 62) In justifying his payments to Attorney Schiavoni out of Runge's estate for representing him as guardian, Defendant Kelly testified "I'm saying that it's under Rule 1.14." (Exhibit B, Day II, p. 70)

## PLAINTIFF'S EXPERT DISCLOSURE

Plaintiff disclosed the identity of Attorney Rosenfeld, who is expected to provide expert testimony as to Defendant Kelly's actions in seeking to have himself appointed Runge's guardian and thereafter paying his own legal fees and those of the attorney Defendant Kelly engaged, Thomas Schiavoni, Esq., with Runge's assets.

Attorney Rosenfeld's opinion states, *inter alia*, "In my opinion seeking the appointment of oneself as the guardian, or guardian ad litem, without having sought the views of the client's daughter, who specifically had not only been in communication with her mother, but had also expressed an interest in the mother's welfare, <u>is not an appropriate option</u> particularly where the lawyer has been charging fees for services which have not yet been paid …"  Defendant Kelly's Exhibit A, at p. 2.  Attorney Rosenfeld then concludes that here "there is clearly a conflict of interest with the lawyer's own interests since the lawyer was seeking guardianship not just to assist the client in her health care decisions, but also for the purpose of paying his own fees and the fees of the lawyer he hired to assist him in seeking the guardianship."  <u>Id</u>.

Attorney Rosenfeld does opine on the Mass.R.Prof.C. in his opinion.  However, he does so only with regard to addressing Defendant Kelly's assertion that these very Rules justified the actions taken with regard to the guardianship.  Attorney Rosenfeld concludes that Attorney Kelly misunderstood or was negligent in relying on those rules to justify his actions.

**ARGUMENT**

A.  **PLAINTIFF'S CLAIMS ARE NOT LIMITED TO LEGAL MALPRACTICE AND THEREFORE NO EXPERT TESTIMONY IS NECESSARY.**

In an attempt to self-define Plaintiff's claims, Attorney Kelly argues that all of Plaintiff's claims are dependent upon and wholly concern Defendant Kelly's role as Runge's attorney and whether his actions were proper under the standard of care relative to this attorney-client relationship.  Therefore, Attorney Kelly concludes, if this court strikes Plaintiff's expert, this Court should Dismiss all of Plaintiff's claims.

Defendant Kelly misunderstands the nature of Plaintiff's claims.  Plaintiff's claims are not solely limited to Defendant Kelly's legal work performed on behalf of Plaintiff.  In such instances, it is "not sufficient merely to prove an attorney-client relationship existed with respect to some matters. It is necessary to establish that the relationship existed with respect to the act or omission upon which the malpractice claim is based." Page v. Frazier, 388 Mass. 55, 62, n. 10 (1983) (citations omitted). See also, Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 522 (1989) (citations omitted) ("[T]he fact that an attorney agreed to, or did, represent a client in a particular matter does not necessarily create an attorney-client relationship concerning other matters or affairs of that client").

In this instance it is true that Plaintiff claims that Attorney Kelly committed negligence and breach of contract, together with breaching his fiduciary duty towards Runge in his legal capacity.  However, Defendant Kelly also acted independently and outside the scope of his representation, including his role as Runge's Health Care Proxy

and Power of Attorney, actions in which the standard is governed by contract and statute (see M.G.L. c. 201D, §1, *et. seq.*)  Clearly to the extent Plaintiff's claims concern Defendant Kelly's actions in this regard, they fall outside the malpractice claims and Plaintiff does not need an expert on legal malpractice to explain the applicable standard, as they are governed by the documents and statutes.

Furthermore, Plaintiff claims that Defendant Kelly misrepresented his status as Attorney Kerr's legal partner, lying to Plaintiff about their relationship. (Complaint, ¶¶12-13)  As a result, Plaintiff alleges she was induced to enter into the attorney-client relationship under false pretenses.  Again, this is not an act of malpractice requiring expert testimony, as it does not concern the nature or value of Defendant Kelly's services, but rather a matter which concerned a general misrepresentation as to a fact.

Runge alleges that each time she changed residences, it was at her own initiative, not because of the advise given to her by Defendant Kelly.  She alleges that when she complained of living conditions at Bayview Assisted Living, Defendant Kelly made the decision to have Runge taken to Carney Hospital.   (Complaint, ¶¶20-23)  These allegations do not solely concern the standard of the legal advice or services Defendant Kelly provided Runge, but are independent actions, taken either in Defendant Kelly's role as Runge's Power of Attorney or Health Care Proxy.

Runge alleges Defendant Kelly had her admitted to Defendant Sunbridge's Randolph facility without her knowledge. (Complaint, ¶24) Runge alleges Defendant Kelly refused to discuss alternate living arrangement with her nor with her daughter.  These actions not solely limited to legal advice or services, but concern the Defendant's

care and handling of Runge's personal and financial life, roles undertaken as her Power of Attorney or Health Care Proxy.

Runge alleges that without authority to do so, Defendant Kelly activated her Health Care Proxy and consented to the administration of medication to keep Runge in a state of diminished mental capacity. (Complaint, ¶28) As with the prior paragraphs, these alleged actions are not limited to Defendant Kelly's legal services but rather encompass Defendant Kelly's actions as Health Care Proxy.

Runge alleges that Defendant Kelly advised the Sunbridge staff not to disclose medical records to Runge's family. (Complaint, ¶31, 32)  Clearly this was not legal advice rendered on behalf of Runge or in her interests and expert testimony would not be needed.

Runge alleges that Defendant Kelly, acting in concert with Defendants Sunbridge and Bloomingdale, arranged for an examination of Runge after Defendant Kelly's services had been discharged, including his services as her attorney, Power of Attorney and Health Care Proxy.

Defendant Kelly argues that "because plaintiff cannot establish that Defendant Kelly was negligent, she will not be able to satisfy her burden of proof on the negligent infliction of emotional distress claim."  Defendant Kelly's Memorandum at 10.  This again improperly assumes that Plaintiff's claims are limited solely to legal malpractice and do not encompass negligence committed outside the scope of the representation. Defendant Kelly's argument continues by stating "Likewise, the facts upon which these malpractice claims are based in this matter, are the same facts upon which plaintiff

bases the remaining claims of abuse of process, false imprisonment, negligent and intentional infliction of emotional distress and M.G.L. c. 93A." Defendant Kelly's Memorandum at 10. Again, as set forth hereinabove, all of the facts and circumstances in this case do not solely involve Defendant Kelly's role as counsel. As such, the argument that all of her claims necessarily depend on Defendant Kelly committing malpractice is improper as a matter of law and this Motion should be denied.

In all the foregoing examples of Runge's allegations, it is clear that her claims are not limited to legal malpractice. Admittedly, Defendant Kelly is a member of the bar and did perform some legal work for Runge in drafting the Power of Attorney and Health Care Proxy. It also clear that from Defendant Kelly's testimony that he felt he was required to continue his representation of her because of his obligations under the Massachusetts Rules of Professional Conduct. However, other than those limited facts and circumstances, and other than as discussed hereinbelow, the fact that Defendant Kelly is a member of the bar is a mere coincidence as applied to the various counts brought against him in this matter. Plaintiff's claims clearly do not solely depend upon Defendant Kelly's role as Runge's attorney, nor are they solely dependent upon a theory of legal malpractice. Therefore, even if this Court excludes the testimony of Attorney Rosenfeld, this Court should not Dismiss any of Runge's claims against Defendant Kelly. The simple fact that he was also a member of the bar does not create an automatic shield behind which Defendant Kelly may hide from liability for the allegedly intentional and tortious action taken against Runge.

**B.    THIS COURT SHOULD NOT EXCLUDE ATTORNEY ROSENFELD'S TESTIMONY.**

Runge's allegations also concern Defendant Kelly's actions in seeking to have himself appointed guardian and thereafter taking control of Runge's assets to pay himself, Attorney Schiavoni and others.  As to these allegations, Runge set forth an expert opinion of Attorney Rosenfeld.  Attorney Rosenfeld rendered an opinion as to Defendant Kelly's duty under the circumstances.  Attorney Rosenfeld concluded that Defendant Kelly should have acted differently, and was acting with an improper conflict of interest in seeking to have himself appointed Runge's guardian when he had been charging her legal fees which remained unpaid.  To reach this conclusion, he reviewed Attorney Kelly's deposition transcripts, various documentation, the allegations in the Complaint, and rendered his opinion and conclusion as to the propriety of Attorney Kelly's actions in light of his ongoing relationship with Runge, including his outstanding invoices.  As such, Attorney Rosenfeld's opinion is sufficient on this issue and he should be allowed to testify.

Defendant Kelly's insistence that the Rules of Professional Conduct do not give rise to independent liability is misplaced.  This is because evidence that a Rule of Professional Conduct was violated *is* some evidence of negligence.  Fishman v. Brooks, 396 Mass. 643, 649, 487 N.E.2d 1377, 1381 (1986).  This is especially true where, as here, the Defendant's justification for his actions is based on his interpretation of the rules of Professional Conduct.  In this regard, it would be patently unfair to allow Defendant Kelly to present evidence that his actions were justified by the Rules of Professional

Conduct, while at the same time preventing Plaintiff with the opportunity to present expert testimony to the contrary.

In Fishman, the Massachusetts Supreme Judicial Court ("SJC") discussed the propriety of allowing an expert to opine on the Rules of Professional Conduct. Id. at 647-650. The SJC held that if a plaintiff can demonstrate that a disciplinary rule was intended to protect one in his position, a violation of that rule may be some evidence of negligence." Id. at 649. The SJC then held that "[o]f course, an expert on the duty of care of an attorney properly could base his opinion on an attorney's failure to conform to a disciplinary rule." Id. at 650. This is the situation before the Court, as Attorney Rosenfeld bases his opinion in part upon what Defendant Kelly's duty to Runge was based, in part, on his understanding of the Professional Conduct Rules. After setting forth the proper duty, Attorney Rosenfeld concludes that Attorney Kelly violated this duty, acted under an improper conflict of interest, and negligently understood his duty and his obligations under the Rules of Professional Conduct.

Moreover, Defendant Kelly justifies his actions, in part, based upon his obligations under the requirements of Rules of Professional Conduct. None of the cases offered by Defendant Kelly present a situation whereby an attorney used the Rules of Professional Conduct as justification for his actions. While Defendant Kelly argues that to allow this testimony would create unnecessary confusion for the jury, it is also clear that allowing this Motion *in Limine* would unfairly prejudice Plaintiff before the jury and prevent her from providing rebuttal evidence as to Attorney Kelly's defenses.

Defendant Kelly's interpretation of Attorney Rosenfeld's opinion is simply unnecessarily restrictive. He argues that the opinion is limited to the conclusion that Defendant Kelly violated the Rules of Professional Conduct. However, Attorney Rosenfeld clearly opined on what an attorney faced with Defendant Kelly's situation should have done, thereby setting forth the proper standard of care. Attorney Rosenfeld stated Defendant Kelly breached this standard in taking the actions that he did and in operating under an improper conflict of interest. It is only in response to Defendant Kelly's justification that Attorney Rosenfeld opines as to the Rules of Professional Conduct. Attorney Rosenfeld concludes that, in addition to the improper actions taken and improper conflict of interest, that Defendant Kelly's reliance on the Conduct Rules to justify his conduct, was negligent. Contrary to Defendant Kelly's argument, Fishman clarifies that this *is* evidence of negligence and is sufficient to prove a *prima facie* case of professional malpractice against Defendant Kelly.

In these circumstances, it is in the interest of fairness and justice to allow Attorney Rosenfeld's testimony. Defendant Kelly did not conduct expert depositions in an effort to fully understand the import and scope of Attorney Rosenfeld's expected opinions and conclusions. It is clear that this expert opinion will not be entered into evidence, as Attorney Rosenfeld will be available to testify and because the expected testimony sufficiently details the applicable standard and Defendant Kelly's breach, it should be allowed at trial.

C. **TO THE EXTENT THE CLAIMS DO CONCERN LEGAL MALPRACTICE OUTSIDE THE SCOPE OF THE EXPERT OPINION, THE ALLEGED MALPRACTICE WAS SO GROSS AND EGREGIOUS THAT EXPERT TESTIMONY IS NOT REQUIRED.**

Defendant Kelly argues that "a plaintiff in a legal malpractice action must establish the standard of professional skill or care through expert testimony." (citing Brown v. Gerstein, 17 Mass.App.Ct. 558, 566 (1984)). However, expert testimony is not necessary where the malpractice is so "gross and obvious" that a layperson does not need expert testimony. Pongonis v. Saab, 396 Mass. 1005, 1005-06, 486 N.E.2d 28, 29 (1985). In this case, any alleged legal malpractice committed by Defendant Kelly outside the scope of Attorney Rosenfeld's opinion was so gross and obvious that an expert is not needed. Therefore, this Court should not dismiss any of the claims against the Defendant.

As stated in the section A, *supra*, Runge claims that Defendant Kelly lied to her about his relationship with his former partner and as a result induced her to enter an attorney-client relationship under false pretenses. It does not take an expert to opine on the fact that an attorney who fraudulently induces his client into forming the attorney-client relationship breaches the standard of care in such situations.

Runge further alleges that Defendant Kelly drafted the Power of Attorney and Health Care Proxy and had himself appointed without explaining the nature of the documents. Again, it does not take an expert to opine on the fact that a complete failure of advice constitutes a gross and obvious breach of the duty of care owed to a client.

12

Runge alleges that Defendant Kelly then took over Runge's finances and inserted himself into a position to cut Runge off from her family. Even assuming this constitutes legal malpractice, it is so gross and obvious that a lay person can adjudge Defendant Kelly liable.

Runge's allegations continue in that Defendant Kelly refused to respond to her concerns over her treatment at the various nursing and assisted living facilities, instead choosing to have her committed to the Carney Hospital and thereafter administering medications without her consent and against her will to keep her sedated. As with the prior allegations, to the extent that these allegations concern legal malpractice, the alleged malpractice is so gross and obvious that expert testimony is not necessary to proceed to prove Plaintiff's *prima facie* case.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff Dorothy Stanley, Executrix of the Estate of Helen A. Runge, respectfully requests that this honorable Court deny Defendant Walter J. Kelly's Renewed Motion *in Limine* in its entirety. Runge's allegations do not solely concern legal malpractice against Attorney Kelly. To the extent there are allegations of malpractice, the allegations are so gross and obvious that expert testimony is not required under the law in Massachusetts. To the extent that the allegations do require expert testimony, the opinion of Arnold Rosenfeld, a duly qualified expert, is sufficient to provide the necessary standard of care and further to rebut the Defendant's own justification for his actions.

                                                Respectfully submitted,

                                                LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: June 22, 2008        By:  /s/ Glenn R. Davis, Esq.
                                                Glenn R. Davis, *Pro Hac Vice*
                                                1700 Bent Creek Boulevard, Suite 140
                                                Mechanicsburg, PA 17050
                                                (717) 620-2424

                                                BLAKE J. GODBOUT & ASSOCIATES

                                                By:  /s/ Blake J. Godbout, Esq.
                                                Blake J. Godbout, Local Counsel
                                                33 Broad St., 11th Floor
                                                Boston, MA 02109

                                                Attorneys for Plaintiff,
                                                Dorothy Stanley, Executrix of the Estate of
                                                Helen A. Runge