IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DOROTHY STANLEY, AS EXECUTRIX OF THE ESTATE OF HELEN A. RUNGE, Plaintiff | : : : : | |
| v. | : : : | No. 05-10849-RGS (Judge Stearns) |
| WALTER J. KELLY, et al., Defendants | : : | CIVIL ACTION JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO DEFENDANT KELLY'S MOTION FOR RECONSIDERATION AND CLARIFICATION ON THE COURT'S ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXLCLUDE THE AFFIDAVIT OF HELEN RUNGE**

NOW COMES, Plaintiff Dorothy Stanley, Executrix of the Estate of Helen Runge ("Plaintiff") and files her Opposition to Defendant Walter J. Kelly's Motion for Reconsideration and Clarification of this Court's Order on the Motion *in Limine* to Exclude the Affidavit of Helen A. Runge.

As grounds therefore Plaintiff states as follows:

Defendant Kelly originally filed his Motion to Exclude the Affidavit of Helen Runge in accordance with this Court's Pre-Trial Order.

In his Memorandum in Support thereof, Defendant Kelly argued the "Affidavit was prepared for purposes of the dispute between the Stanleys and Walter Kelly over Kelly's appointment as guardian by the Probate Court for Norfolk County." Defendant's Memorandum in Support of his Motion to Exclude at 4, Section B. In

reliance on this representation, Plaintiff filed a Memorandum in Opposition setting forth Defendant Kelly's use of various pleadings from the Probate Proceedings.

After hearing this court denied the Motion *in Limine* to the extent Defendant Kelly introduces <u>any</u> of the Norfolk Probate pleadings, not just the Affidavit of Walter Kelly, as asserted in the instant Motion. Defendant Kelly either misrepresents or misunderstood the Order of this Court, arguing it was conditioned upon the introduction of Defendant Kelly's Affidavit, an exhibit they have allegedly withdrawn and do not intend to introduce. Plaintiff notes that the Kelly Affidavit *is already a part of the record*, as it is contained as a part of Agreed Exhibit 20.

Now, after the pleadings have been closed and trial has begun, Defendant Kelly, apparently dissatisfied with the clear and unambiguous Order of this Court, filed this Motion without seeking Leave.

To support the Motion, Defendant Kelly changes his position, now asserting in direct contradiction to his prior filing that the Affidavit was not a part of the Norfolk Probate proceedings, including an Offer of Proof whereby Defendant Kelly's counsel filed an Affidavit concerning their factual investigation of the Norfolk Probate documents after the conclusion of the first day of trial. This calls into question Defendant Kelly and his counsel's candor to the tribunal in their prior filings.

Defendant Kelly apparently seeks trial by ambush. As trial began his counsel produced an amended trial exhibit book to Plaintiff's counsel. After trial begins, he directly contradicts his own admissions contained in his prior Motion and Memorandum of Law and seeks to Renew a Motion on which this Court has already

ruled. Kelly's clear intent in filing this Motion is simply to distract Plaintiff's counsel from their ongoing trial preparation through false and misleading arguments.

Additionally, Plaintiff still queries the legal theory upon which Defendant Kelly seeks to introduce certain statements of Helen Runge, while seeking to exclude other statements, depending on their content, especially in light of Defendant Kelly's counsel usage of Ms. Runge's statements (including two letter exemplars) used during his Opening Statement.

## **CONCLUSION**

Plaintiff requests that this Court <u>deny</u> Defendant Kelly's procedurally inappropriate and factually inconsistent Motion.

                                        Respectfully submitted,

                                        LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: June 23, 2008        By   /s/ Glenn R. Davis
                                          Glenn R. Davis
                                          1700 Bent Creek Boulevard, Suite 140
                                          Mechanicsburg, PA 17050
                                          (717) 620-2424
                                          gdavis@ldylaw.com
                                          *Pro Hac Vice*

                                          Blake J. Godbout, BBO #196380
                                          BLAKE J. GODBOUT & ASSOCIATES
                                          33 Broad Street, 11th Floor
                                          Boston, MA 02109
                                          (617) 523-6677
                                          blake@bjalaw.com

                                          Attorneys for Plaintiff, Dorothy Stanley, Executrix of the Estate of Helen A. Runge

**CERTIFICATE OF SERVICE**

     I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by Hand Deliver on June 24, 2008.

     Michele Carlucci
     George S. Rockas
     Wilson Elser Moskowitz Edelman & Dicker LLP
     155 Federal Street
     Boston, MA 02110
     michele.carlucci@wilsonelser.com
     george.rockas@wilsonelser.com


Dated: June 23, 2008                By /s/ Blake J. Godbout, Esq.
                                      Blake J. Godbout