UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

No. 05-10849RGS

DOROTHY STANLEY, EXECUTRIX OF THE
ESTATE OF HELEN A. RUNGE,
                            Plaintiff

v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                            Defendants

**DEFENDANT WALTER J. KELLY'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON COUNT X (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) AND COUNT XI (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS) AT THE CLOSE OF PLAINTIFF'S EVIDENCE**

NOW COMES the Defendant, Walter J. Kelly, ("Kelly"), pursuant to Fed. R. Civ. P. 50(a) and moves this Court for judgment as a matter of law in favor of the Defendant on the counts of intentional infliction of emotional distress (Count X), negligent infliction of emotional distress (Count XI). As grounds in support of this motion, Defendant submits the following:

1.     In this case, Helen Runge is claiming that Kelly intentionally or recklessly caused infliction of emotional distress. In order to recover, the Estate must prove by a preponderance of the evidence that: 1) Kelly intended to inflict emotional distress or that the defendant, knew or should have known that emotional distress was likely to result from his conduct; 2) Kelly's conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community; 3) Kelly's conduct caused plaintiff's emotional distress; 4) the emotional distress suffered

1

was severe and of a nature that no reasonable person could be expected to endure it. Foley v. Polaroid Corp., 400 Mass. 82, 99–100, 508 N.E.2d 72, 82 (1987); Agis v. Howard Johnson Co., 371 Mass. 140, 144–45, 355 N.E.2d 315, 318–19 (1976); Conway v. Smerling, 37 Mass.App.Ct. 1, 8, 635 N.E.2d 268, 273 (1994).

2. "'Extreme and outrageous' conduct is more than just workaday insults, hurt feelings from bad manners, annoyances, or petty oppressions. 'Outrageousness' means a high order of recklessness, ruthlessness or deliberate malevolence." Foley v. Polaroid Corp., 400 Mass. 82, 99–100, 508 N.E.2d 72, 82 (1987); Boyle v. Wenk, 378 Mass. 592, 595, 392 N.E.2d 1053, 1055–56 (1979); Agis v. Howard Johnson Co., 371 Mass. 140, 144–45, 355 N.E.2d 315, 319 (1976); Conway v. Smerling, 37 Mass.App.Ct. 1, 8–9, 635 N.E.2d 268, 273 (1994). There has been absolutely no evidence that Defendant Kelly's conduct was even negligent or inappropriate in any way under the circumstances, let alone extreme and outrageous.

3. Moreover, in order to prove intentional infliction of emotional distress, the Estate must prove that Kelly acted either with the desire or knowledge that emotional distress would result from his conduct, or that he should have known that his conduct would cause Helen Runge to suffer emotional distress. Simon v. Solomon, 385 Mass. 91, 96–97, 431 N.E.2d 556, 562 (1988); Agis v. Howard Johnson Co., 371 Mass. 140, 144–45, 355 N.E.2d 315, 318 (1976); George v. Jordan Marsh Co., 359 Mass. 244, 255, 268 N.E.2d 915, 921 (1971). Again, evidence of any such intent or recklessness on the part of Defendant Kelly is completely absent from the record. To the contrary, the only factual evidence and expert tetsimony that has been put forth before this Court is that Kelly acted appropriately and in the best interest of Helen Runge at all times.

4.      In addition, there is no evidence to support a finding that Defendant Kelly negligently inflicted emotional distress on Helen Runge.  A plaintiff cannot recover for negligently inflicted emotional distress absent a showing of physical harm.  <u>Cavanaugh v. U.S.</u>, 640 F. Supp. 437 (D. Mass. 1986)(applying Mass. law in a federal tort claims act action); <u>Nancy P. v. D'Amato</u>, 401 Mass. 516, 517 N.E.2d 824 (1988).  The plaintiff's physical harm must be manifested by objective symptomatology and substantiated by expert medical testimony.  Its existence may not be demonstrated solely by the plaintiff's complaints.  <u>Payton v. Abott Labs</u>, 386 Mass. 540, 437 N.E.2d 171 (1982).  <u>Anderson v. W.R. Grace & Co.</u>, 628 F.Supp. 12119, aff'd after remand 900 F.2d 388 (1st Cir.).  There is no evidence that Helen Runge suffered any damages, let alone physical harm.  Moreover, there is no evidence of any complaints by Helen Runge or any manifestations of objective symptomatology, nor any expert medical testimony regarding same.

   WHEREFORE, the Defendant, Walter J. Kelly, requests that this Honorable Court grant his motion for judgment as a matter of law in favor of Defendant on Counts X (Intentional Infliction of Emotional Distress) and XI (Negligent Infliction of Emotional Distress) of Plaintiff's Second Amended Complaint.

                                        Respectfully submitted,

                                        The Defendant,
                                        Walter J. Kelly,
                                        By his attorneys,

                                        _____/s/ Michele Carlucci_____
                                        George C. Rockas, BBO #544009
                                        Michele Carlucci, BBO #655211
                                        WILSON ELSER MOSKOWITZ
                                        EDELMAN & DICKER  LLP
Dated:  June 26, 2008                   260 Franklin Street
                                        Boston, MA 02110
                                        (617) 422-5300

122909.1

## CERTIFICATE OF SERVICE

      I, Michele Carlucci, certify that on June 26, 2008, I have served a copy of the forgoing to all counsel of record by hand and by electronic filing:

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140            _/s/ Michele Carlucci_
Mechanicsburg, PA 17050                        Michele Carlucci

122909.1