UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

No. 05-10849RGS

| | |
|---|---|
| DOROTHY STANLEY, EXECUTRIX OF THE ESTATE OF HELEN A. RUNGE,<br>             Plaintiff<br><br>v.<br><br>WALTER J. KELLY,<br>KERRY L. BLOOMINGDALE, M.D., and<br>SUNBRIDGE NURSING AND<br>REHABILITATION CENTER,<br>             Defendants | |

**DEFENDANT WALTER KELLY'S SUPPLEMENTAL
REQUEST FOR JURY INSTRUCTIONS**

NOW COMES the defendant, Walter Kelly ("Kelly"), and hereby requests, pursuant to Fed. R. Civ. P. 51, that this Court give the following additional instructions to the jury. Defendant Kelly reserves the right to amend or supplement this request.

                                          Respectfully submitted,
                                          Defendant
                                          WALTER KELLY
                                          By his attorneys,

                                       */s/  Michele Carlucci*
                                        George C. Rockas, BBO# 544009
                                        Michele Carlucci, BBO# 655211
                                        Wilson, Elser, Moskowitz, Edelman & Dicker LLP
                                        260 Franklin Street
                                        Boston, MA 02110
                                        (617) 433-5300

**CERTIFICATE OF SERVICE**

I, Michele Carlucci, certify that on June 26, 2008 I have served a copy of the foregoing by electronic filing.

                                                                          */s/ Michele Carlucci*
                                                                             Michele Carlucci

123319.1

1. <u>Rules of Professional Conduct – Rule of Reason</u>

    The Rules of Professional Conduct are rules of reason. They should be interpreted with reference to the purposes of legal representation and of the law itself. Some of the Rules are imperatives, cast in the terms "shall" or "shall not."

    Others, generally cast in the term "may" are permissive and define areas under the Rules in which the lawyer has professional discretion.

    See Mass. R. Prof. C. Scope [1]

2.  <u>Rules of Professional Conduct</u> - <u>Conflict of Interest – General Rule</u>

Rule 1.7 of the Massachusetts Rules of Professional Conduct states that,

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents after consultation.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Mass. R. Prof. Conduct 1.7

123319.1

3.      <u>Rules of Professional Conduct - Client Under a Disability</u>

Rule 1.14 of the Massachusetts Rules of Professional Conduct states that,

(a) When a client's ability to make adequately considered decisions in connection with the representation is impaired, whether because of minority, mental disability, or for some other reason, the lawyer shall, as far as reasonably possible, maintain a normal client-lawyer relationship with the client.

(b) If a lawyer reasonably believes that a client has become incompetent or that a normal client-lawyer relationship cannot be maintained as provided in paragraph (a) because the client lacks sufficient capacity to communicate or to make adequately considered decisions in connection with the representation, and if the lawyer reasonably believes that the client is at risk of substantial harm, physical, mental, financial, or otherwise, the lawyer may take the following action. The lawyer may consult family members, adult protective agencies, or other individuals or entities that have authority to protect the client, and, if it reasonably appears necessary, the lawyer may seek the appointment of a guardian ad litem, conservator, or a guardian, as the case may be. The lawyer may consult only those individuals or entities reasonably necessary to protect the client's interests and may not consult any individual or entity that the lawyer believes, after reasonable inquiry, will act in a fashion adverse to the interests of the client. In taking any of these actions the lawyer may disclose confidential information of the client only to the extent necessary to protect the client's interests.

Mass. R. Prof. Conduct 1.14

4.   M.G.L. c. 93A - Conduct in Trade or Commerce

The plaintiff must prove, by a preponderance of the evidence, that the defendant, Walter Kelly, was engaged in "trade or commerce" in his dealings with Helen Runge, or in other words, that the defendant's conduct took place in a business context. The phrase "trade or commerce" includes the advertising; the offering for sale, rent, or lease; the sale, rent, lease, or distribution of any services or any property, tangible or intangible, real, personal, or mixed; and any security, contract of sale, or any other trade or commerce directly or indirectly affecting the people of this Commonwealth. This definition is open-ended. The specific activities I have enumerated are not intended to be an exhaustive list.

In determining whether the Helen Runge's dealings with the defendant took place in a business context, you should examine the following factors:

1.   the nature of the transaction,
2.   the character of the parties,
3.   the activities engaged in by the parties,
4.   whether there were past similar transactions,
5.   whether the defendant's motivation was personal or business-related, and
6.   whether the defendant actively participated in the transaction. A transaction need not be in the ordinary course of business so long as it takes place in a business context. However, a defendant is not acting within trade or commerce if the complained-of act or practice is strictly private in nature.

---

[1] For an example of a case in which an isolated sale of a business constituted "trade or commerce," see *Rex Lumber Co. v. Acton Block Co.,* 29 Mass.App.Ct. 510, 519, 562 N.E.2d 845, 850 (1990).

[2] *See also Begelfer v. Najarian,* 381 Mass. 177, 190–91, 409 N.E.2d 167, 175–76 (1980). *See, e.g., All Seasons Servs., Inc. v. Commissioner of Health & Hosps.,* 416 Mass. 269, 271, 620 N.E.2d 778, 779 (1993) (incidental transactions of a charitable hospital are not conducted within a business context); *Planned Parenthood Fed'n of Am., Inc. v. Problem Pregnancy of Worcester, Inc.,* 398 Mass. 480, 491–94, 498 N.E.2d 1044, 1050–53 (1986) (providing pregnancy-related services free of charge does not constitute trade or commerce for Chapter 93A purposes); *Cf. Miller v. Risk Management Found.,* 36 Mass.App.Ct. 411, 416, 632 N.E.2d 841, 845 (1994) (a nominally charitable organization acting in a business context is subject to the provisions of Chapter 93A).

5.  M.G.L. c 93A - Unfair or Deceptive Acts

If you determine that Walter Kelly was acting in a business context, you must then decide whether his actions toward Helen Runge amounted to an unfair or deceptive act or practice.[1] The phrase "unfair or deceptive" is broad and flexible, and it is intentionally so.[2] You, the jury, are the collective conscience of the community.[3] Use your common sense. Consider whether the defendant took unfair advantage of the plaintiff and whether the plaintiff was defenseless.[4] Consider Walter Kelly's conduct in light of all the circumstances.[5]

[1] G.L. c. 93A, § 2(a).

[2] *Commonwealth v. DeCotis,* 366 Mass. 234, 242, 316 N.E.2d 748, 754 (1974).

[3] *Commonwealth v. DeCotis,* 366 Mass. 234, 242, 316 N.E.2d 748, 754 (1974).

[4] *Mechanics Nat'l Bank of Worcester v. Killeen,* 377 Mass. 100, 110, 384 N.E.2d 1231, 1237 (1979).

[5] *Martin v. Factory Mut. Research Corp.,* 401 Mass. 621, 623, 518 N.E.2d 846, 847 (1988); *Mechanics Nat'l Bank of Worcester v. Killeen,* 377 Mass. at 109–10, 384 N.E.2d at 1237.

6.     M.G.L. c. 93A  - Deceptive Act

A "deceptive" act or practice is simply one that has the capacity to deceive. An act or practice is deceptive if it could reasonably cause a person to act differently from the way she would act if she knew the truth about the matter.[1] It includes any communication made with the intent to deceive another person.

---

[1] 940 C.M.R. § 3.16(2); *Sargent v. Koulisas,* 29 Mass.App.Ct. 956, 958, 560 N.E.2d 569, 571 (1990) (citing *Mongeau v. Boutelle,* 10 Mass.App.Ct. 246, 248, 407 N.E.2d 352, 355 (1980)).

123319.1

7.  <u>M.G.L. c. 93A - Unfair Act</u>

To help you determine whether an act or practice is "unfair," ask yourself these three questions:

First, does it fall within some established concept of unfairness? For something to be unfair, it does not need to violate some other law or government regulation; however, whether or not it does is something you may consider. Not every illegal act is unfair.[1]

Second, ask yourself whether Walter Kelly's act or practice was immoral, unethical, oppressive, unscrupulous, or otherwise unconscionable.[2] Remember that you must decide this question in the context of the commercial marketplace where, on the one hand, people do not expect to be cheated, but on the other hand, they should expect to deal with each other prudently and at arm's length.3

Third, consider whether the defendant's act or practice would cause substantial injury to Helen Runge.

[1]*Mechanics Nat'l Bank of Worcester v. Killeen,* 377 Mass. 100, 384 N.E.2d 1231 (1979).

[2]*Purity Supreme, Inc. v. Attorney Gen.,* 380 Mass. 762, 776–78, 407 N.E.2d 297, 306–08 (1980); *PMP Assocs., Inc. v. Globe Newspaper Co.,* 366 Mass. 593, 595–96, 321 N.E.2d 915, 917–18 (1975).

[3]*Wasserman v. Agnastopoulos,* 22 Mass.App.Ct. 672, 679, 497 N.E.2d 19, 24 (1986).

8.  M.G.L. c. 93A  -  Conclusion

In determining whether an act or practice is unfair or deceptive, keep in mind that a negligent act by itself does not constitute proof of an unfair or deceptive act or practice.[1] Something more than mere negligence is needed. In the context of an attorney malpractice case, the plaintiff must prove that the lawyer did more than simply breach the standard of care.

Instead, the plaintiff must prove, by a preponderance of the evidence, that the act at issue was motivated by a "pernicious purpose,"[3] was unfair, or could reasonably cause a person to act differently from the way she would act if she knew the truth about the matter.[4]

Stated another way, the Plaintiff must show "conduct that was unethical, immoral, oppressive, or unscrupulous" in order for the conduct to rise to a level of a violation of ch. 93 A as a matter of law.[5]

[1]*Squeri v. McCarrick,* 32 Mass.App.Ct. 203, 207, 588 N.E.2d 22, 25 (1992).

[3]*See Quaker State Oil Ref. v. Garrity Oil Co.,* 884 F.2d 1510, 1514 (1st Cir. 1989); *Pepsi-Cola Metro. Bottling Co. v. Checkers, Inc.,* 754 F.2d 10, 18 (1st Cir. 1985).

[4]*Squeri v. McCarrick,* 32 Mass.App.Ct. 203, 207, 588 N.E.2d 22, 25 (1992).

[5] *Duclersaint v. Fannie Mae*, 427 Mass. 809, 814, 696 N.E.2d 536, 540 (1998); *Vaughn v. AAA*, 326 F. Supp. 2d 195, 200 (D. Mass. 2004)