IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOROTHY STANLEY, AS EXECUTRIX OF : <br> THE ESTATE OF HELEN A. RUNGE, : <br>     Plaintiff : <br> : <br> v. : <br> : <br> WALTER J. KELLY, et al., : <br>     Defendants : | No. 05-10849-RGS <br> (Judge Stearns) <br><br> CIVIL ACTION <br> JURY TRIAL DEMANDED |

**PLAINTIFF'S REQUEST FOR SUPPLEMENTAL JURY INSTRUCTIONS**

**NOW COMES,** Plaintiff Dorothy Stanley and hereby respectfully requests, pursuant to Fed.R.Civ.P. 51, that this Court give the following additional instructions to the jury. Plaintiff reserves the right to amend or supplement this Request.

                                Respectfully submitted,

                                LATSHA DAVIS YOHE & MCKENNA, P.C.

Dated: June 27, 2008         By   /s/ Glenn R. Davis
                                        Glenn R. Davis
                                        1700 Bent Creek Boulevard, Suite 140
                                        Mechanicsburg, PA 17050
                                        (717) 620-2424
                                        gdavis@ldylaw.com
                                        *Pro Hac Vice*

                                        Blake J. Godbout, BBO #196380
                                        BLAKE J. GODBOUT & ASSOCIATES
                                        33 Broad Street, 11th Floor
                                        Boston, MA 02109
                                        (617) 523-6677
                                        blake@bjalaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by Hand Delivery on June 27, 2008.

>   Michele Carlucci
>   George S. Rockas
>   Wilson Elser Moskowitz Edelman & Dicker LLP
>   155 Federal Street
>   Boston, MA 02110
>   michele.carlucci@wilsonelser.com
>   george.rockas@wilsonelser.com

Dated:  June 27, 2008                     By/s/ Blake J. Godbout, Esq.
                                                    Blake J. Godbout

**SUPPLEMENTAL REQUEST NO. 1**

The authority of a health care agent shall begin after a determination is made, pursuant to the provisions of this section, that the principal lacks the capacity to make or to communicate health care decisions. Such determination shall be made by the attending physician according to accepted standards of medical judgment. The determination shall be in writing and shall contain the attending physician's opinion regarding the cause and nature of the principal's incapacity as well as its extent and probable duration. This written determination shall be entered into the principal's permanent medical record.

Notice of a determination that a principal lacks capacity to make health care decisions shall promptly be given orally and in writing: (i) to the principal, where there is any indication of the principal's ability to comprehend such notice; (ii) to the agent; and (iii) if the patient is in or is transferred from a mental health facility, to the facility director.

M.G.L. c. 201D, §6

**SUPPLEMENTAL REQUEST NO. 2**

      A principal may revoke a health care proxy by notifying the agent or a health care provider orally or in writing or by any other act evidencing a specific intent to revoke the proxy.

      For the purposes of this section, every principal shall be presumed to have the capacity to revoke a health care proxy unless determined otherwise pursuant to court order.

      A health care proxy shall also be revoked upon the execution by the principal of a subsequent health care proxy.

M.G.L. c. 201D, §6

**SUPPLEMENTAL REQUEST NO. 3**

  Chapter 93A applies to attorneys, and unlawful billing or other unethical conduct can constitute a Chapter 93A violation.

*Sears, Roebuck & Co. v. Goldstone & Sudalter* 128 F.3d 10, 19 (1st Cir. 1997) (citing *Guenard v. Burke,* 387 Mass. 802, 443 N.E.2d 892, 896 (1982); *Brown v. Gerstein,* 17 Mass.App.Ct. 558, 460 N.E.2d 1043, 1051-52 (1984).

**SUPPLEMENTAL REQUEST NO. 4**

Chapter 93A liability may exist if the defendant's conduct falls "within at least the penumbra of some common-law, statutory, or other established concept of unfairness" or is "immoral, unethical, oppressive or unscrupulous."

Thus, proof of a common law tort, while not necessary for liability, may be sufficient.

*Cambridge Plating Co., Inc. v. Napco, Inc.*, 85 F.3d 752 (1st Cir. 1996).