UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

No. 05-10849RGS

DOROTHY STANLEY, EXECUTRIX OF THE
ESTATE OF HELEN A. RUNGE,
                    Plaintiff

v.

WALTER J. KELLY,
KERRY L. BLOOMINGDALE, M.D., and
SUNBRIDGE NURSING AND
REHABILITATION CENTER,
                      Defendants

**DEFENDANT WALTER J. KELLY'S MOTION FOR JUDGMENT AS A
MATTER OF LAW ON COUNT IX (FALSE IMPRISONMENT)
AT THE CLOSE OF ALL EVIDENCE**

NOW COMES the Defendant, Walter J. Kelly, ("Kelly"), pursuant to Fed. R. Civ. P. 50(a) and moves this Court for judgment as a matter of law in favor of the Defendant on false imprisonment (Count IX), As grounds in support of this motion, Defendant submits the following:

1. False imprisonment is the intentional and unlawful confinement of a person, directly or indirectly, of which the person confined is conscious or by which the person is harmed. Noel v. Town of Plymouth, 895 F.Supp. 346, 354 (D.Mass. 1995).

2. The Plaintiff has alleged that Defendant Kelly falsely imprisoned Helen Runge. To prove false imprisonment, the Estate must prove the following elements by a fair preponderance of the evidence that: 1) Kelly unlawfully confined Helen Runge, directly or indirectly; 2) that Kelly intentionally confined Helen Runge; and 3) that Runge was either conscious of the confinement or harmed by the confinement. Restatement

1

(Second) Torts § 35. See Noll v. Town of Plymouth, 895 F.Supp. 346, 354 (D.Mass. 1995) ("The tort of false imprisonment consists in the (1) intentional and (2) unlawful (3) confinement of a person, (4) directly or indirectly (5) of which the person confined is conscious or is harmed by such confinement") (citing Santiago v. Fenton, 891 F.2d 373, 383 (1st Cir. 1989) and Wax v. McGrath, 255 Mass. 340, 342, 151 N.E. 317, 318 (1926)).

3. Plaintiff has failed to put forth any evidence that Walter Kelly, either directly or indirectly confined Helen Runge.

4. Dorothy Stanley testified that she took her mother, Helen Runge, out for lunch and to have the legal documents notarized on April 29, 2008. She also testified that they had decided to remove Ms. Runge from the facility that day, but Ms. Runge wanted to return to the facility to say goodbye to her friends. On the next day, April 30, 2008, Helen Runge left the facility and never returned. The fact is, Helen Runge came and went as she pleased. Therefore there has been no false imprisonment as a matter of law.

5. Assuming for arguments sake that Helen Runge was confined, Plaintiff's have put forth no evidence that she was harmed by any alleged confinement , that the confinement was unlawful or that Helen Runge was even conscious of the confinement.

6. In any event, Plaintiff would need an expert to establish that Defendant Kelly's actions under the circumstances were outside the standard of care, and thus lead to an *unlawful* confinement of the Plaintiff. No such expert testimony has been presented.

WHEREFORE, the Defendant, Walter J. Kelly, requests that this Honorable Court grant his motion for judgment as a matter of law in favor of Defendant on Count IX (False Imprisonment) of Plaintiff's Second Amended Complaint.

122922.1

        Respectfully submitted,

        The Defendant,
        Walter J. Kelly,
        By his attorneys,

        */s/ Michele Carlucci*
        George C. Rockas, BBO #544009
        Michele Carlucci, BBO #655211
        WILSON ELSER MOSKOWITZ
        EDELMAN & DICKER  LLP

Dated:  June 27, 2008        260 Franklin Street
        Boston, MA 02110
        (617) 422-5300

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on June 27, 2008,  I have served a copy of the forgoing to all counsel of record by hand:

Blake J. Godbout, Esq.
Blake J. Godbout & Associates
33 Broad Street, 11th Floor
Boston, MA 02109

Glen R. Davis, Esq.
Latsha Davis Yohe & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140        /s/ Michele Carlucci
Mechanicsburg, PA 17050        Michele Carlucci

122922.1